IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                                  Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

    Defendants.

MOTION FOR PROTECTIVE ORDER PENDING RESOLUTION OF PROSPECTIVE
FRANKS HEARING

Lindsey Kent Springer ("Springer"), by limited special appearance, and not a general appearance, moves this 28 U.S.C. § 116(a) United States District Court to direct the United States Attorney's Office for the Northern part of the United States' Oklahoma District to be temporarily prohibited from releasing certain discovery at issue in this Court's Order dated April 2, 2009, docket # 26, related to the illegal search of Springer's Home location, pending the outcome of any future Franks hearing pursuant to the Supreme Court's holding in Franks v. Deleware, 438 U.S. 154, 155 (1978).[1]  Springer is simultaneously herewith requesting the release of the

---

[1] In Franks v. Deleware, 438 U.S. 154, 155 (1978) the Supreme Court held that where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at

1

affidavits and other evidence presented on September 15, 2005, to obtain a search warrant levied against Springer's Home Location on September 16, 2005. Springer is also simultaneously seeking the unsealing and release of certain events recorded in 03-CR-55E. A Rule 41 Motion is currently pending before United States District of Oklahoma, Northern area Judge Gregory K. Frizzell in 05-M-1. Springer would likely ask for the Franks Hearing with 14 days from the date such evidence is tendered to Springer at the direction of this Court. Springer consulted with both Oscar Stilley and Kenneth Snoke and neither of them had any stated opposition to this Motion.[2]

BACKGROUND

Beginning in 1992, Springer announced his religious conviction from his God to rid the earth of the Internal Revenue Service. Indictment at 1. Since at least 1997, Springer has been under criminal investigation by the Internal Revenue Service for his relationship with Bondage Breaker's Ministries. See Exhibit 1, IMF Transcript, code 914 demonstrating Special Agent Kathy Beckner, id # 73166200, and her fellow investigators placing criminal hold on IRS records of Springer.

---

that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

[2]Mr. Snoke informed Springer that Stilley had informed his legal assistant that Stilley intended to pick up certain discovery on April 22, 2009, the date of the current hearing scheduled by this Court.

For many year, the United States Department of Justice has conducted one criminal investigation after another attempting to reach the name Lindsey K. Springer in connection with some purported prohibited behavior.  This investigation was not limited to the United States District of Oklahoma, Northern area, under 28 U.S.C. § 116(a), but also involved 28 U.S.C. § 116(c) known as the Western Division of the United States District of Oklahoma.   See Exhibit 2, Recusal in 05-466.

In or about 2002, Oscar Stilley was the recipient of prosecutorial misconduct involving the Assistant U.S. Attorneys Melody Noble Nelson ("Nelson"), Douglas Horn[3] ("Horn"), and an attorney from the Securities and Exchange Commission.  See Exhibit 3, Stilley Amended Affidavit in 03-55, docket # 204 (Horn made threats to Stilley as well as sandbagged Eddy Patterson in connection with Grand Jury testimony involving SEC questioning).   Stilley's representation was in regard to Eddy Patterson.  Id.

Sometime prior to 2003, Revenue Agent Donna Meadors ("Meadors") applied for the position of Special Agent with the IRS.[4]   She was turned down. Revenue Agent Meadors applied again and her application was pending during

---

[3] At all times relevant Douglas Horn was Chief over Criminal Cases in the United States District of Oklahoma's Northern area.

[4] Special Agent stands generally for Criminal Investigator.

her involvement with the criminal prosecution of Eddy and Judith Patterson.[5][6] Oscar Stilley represented Eddy Patterson in 03-CR-55E. An attorney named Jerold Barringer represented Judith Patterson.

Revenue Agent Meadors worked with Nelson and Horn in the prosecution of both Eddy and Judith Patterson and gave testimony against both Pattersons during their trial.[7] Pattersons' were found guilty by a jury on December 16, 2003 in 03-CR-55E.

On January 26, 2004, Revenue Agent Meadors informed Springer she was assigned to conduct a 6700 investigation of Springer.[8] See Exhibit 4 (letter to Springer). Based upon certain conditions Springer agreed to answer certain questions of Meadors related to her 6700 investigation. On September 3, 2004, Criminal Investigation ("CI") requested photos taken of something related to Springer. See Exhibit 5 (ICS History, pg. 9)   At some point Meadors made a criminal referral on Springer before December 2, 2004.

The 6700 investigation ended on December 2, 2004. See Exhibit 6 (letter to Springer).   During the 6700 investigation Meadors informed Springer that she

---

[5]Springer took Meadors Depostion on April 9, 2009, in case 08-278, and said transcript shall be ready within 10 days or by April 19, 2009.

[6]Maybe as some sort of pre approval training.

[7]She was at all times present in the Court Room during the trial and at almost every phase of that case.

[8]Meadors swore on April 9, 2009, that she has been employed with the IRS since 1991 in case 08-278.

violated the terms of the agreement with Springer in that a Revenue Officer Fred Rice ("Rice") was also being shared the information by Meadors that Springer agreed could only be shown to Meadors. See Exhibit 5 ("he was not happy")

Meadors also informed Springer her investigation of Springer would be her last as a Revenue Agent as she was approved to be criminal Special Agent during her investigation of Springer. Group Manager Gregory Michael was also involved in Meadors 6700 enquiry of Springer. Meadors has been CI every since ending her investigation under 6700 with Springer.

After Rice chose to violate 26 U.S.C. § 6330 and leave a business card on Springer's front door,[9] Springer filed action in the 28 U.S.C. § 116(c) Court in a case styled Springer v. IRS, 05-466F.[10] This action was commenced on April 25, 2005.

On April 26, 2005, the next day, someone[11] assigned Brian Shern, Special

---

[9]Not the type of Notice Congress had in mind under the Reform and Restructuring Act of 1998. Rice was also deposed on February 24, 2009, in 08-278, in which he was unaware of anything he had done. He did not even remember his employee ID numbers.

[10]The Honorable Stephen P. Friot was assigned after Judge LaGrange recused herself.

[11]Springer was informed by deposition in 08-278 that David Reed was the civil/criminal coordinator out of the Oklahoma City Area Counsel's office during this time period. Such an office would seem in and of itself to disqualify whatever is left of the Supreme Court's reasoning behind United States v. Sullivan, 274 U.S. 259 (1927)(although little remains if any). Such an office would also show why a day after Springer filed 05-466F that Shern was assigned to purportedly begin another criminal investigation of Springer as well as it would show how on September 15, 2005, just hours after Springer commenced 05-1075F, Nelson sought a search warrant.

Agent with the IRS since February 11, 2005, to investigate Springer for tax evasion and willful failure to file tax returns. See Exhibit 7, paragraph 5 (Declaration of Shern in 06-156).[12]

On August 16, 2005, Springer received two Notice of Determinations from the IRS civil/criminal coordinator stemming from a CDP Hearing conducted by Revenue Officer Penny and his supervisor. Springer was given two options to appeal one to Tax Court and the other to the United States District Court in Oklahoma City.

On September 9, 2005, Robert D. Metcalfe submitted a declaration of Fred Rice in 05-466F informing that Court that no person with the IRS was planning to attempt collecting Bureau of Labor Statistics Taxes while the period of suspension prescribed by law was in place. See Exhibit 8, paragraph 5 and 6.

On September 15, 2005, Springer commenced action in the 28 U.S.C. § 116(c) Court in Oklahoma City, case styled Springer v. IRS, 05-1075F.

Shortly after, and on the same day Springer commenced 05-1075, Melody Noble Nelson and Brian Shern presented a "declaration" for a search warrant to search a place outside of the United States external limits and clearly within the external limits of the State of Oklahoma to a U.S. Magistrate sitting in the United States Courthouse at Tulsa. At 4:01 P.M. on September 15, 2005, and just hours after

---

[12]This case has been pending since February, 2006, and is scheduled for trial preparation on May 15, 2009.

Springer commenced 05-1075F, Nelson and Shern obtained a purported authorization to search Springer's home location.  See Exhibit 9, Declaration of Nelson in 06-156, pg. 23.    This warrant was unlawful in many ways.

On September 16, 2005, Special Agent Brian Shern and 10 other Special Agents, along with Horn and Nelson by phone directly, and for over 7 hours, Springer's home location was searched announcing they were working for a Federal Grand Jury.  Many things were taken and a search for many things not listed on any warrant was also sought.  No affidavit was tendered to Springer.  Springer sought the affidavit and Nelson and Horn refused.  See Exhibit 9, pg. 10

Springer sought the return of certain things taken, including currency, to which Nelson and Horn resisted claiming the currency was evidence of a crime of "dealing in cash."  See Exhibit 9, pg. 39

In a declaration dated November 27, 2007, Nelson explained in case 06-156 that she refused to speak with Springer about the return of the currency because she said "I was uncomfortable with discussing matters with him over the telephone. Second, based on prior experience with Springer. I was concerned that anything I said to him might be taken out of context."  See Exhibit 9, pg. 5 Nelson also acknowledges in her declaration Springer asked her to recuse herself because of those past experiences which she "refused to do."  See Exhibit 9, pg. 4

On January 10, 2006, Springer was informed by Brian Shern that thousands of dollars was stolen from Springer on September 16, 2005.  See Exhibit 10, Order 06-

7

156. Turns out that Nelson, Horn and Shern, were aware on September 16, 2005, money had been stolen from Springer yet they continued to argue to prevent its return to hide and cover up the theft that said currency should be retained as evidence of a tax evasion crime knowing the currency was not contraband and could not ever be retained under anyone's construction of any federal laws applicable in the State of Oklahoma. See Exhibit 9, pg. 42, Court Order footnote. Nor was it evidence subject to forfeiture under either 18 U.S.C. § 981 and 982 or under Title 26, § 7203. See Exhibit 7, Declaration of Brian Shern, pg. 20.

REASON FOR REQUEST OF THIS MOTION AND GRANTING OF SAME

On April 1, 2009, the United States sought protection by this Court involving certain discovery. On April 2, 2009, without any time given to Springer to file any objection or opposition, this Court signed the proposed order presented to it by Kenneth Snoke.

On April 10, 2009, Springer received a phone call informing him that Springer needed to sign something and he could pick up 33,000 pages of electronic discovery. Springer was informed by Oscar Stilley that he was also contacted and asked to provide the same written agreement over discovery in order to obtain the 33,000 pages.

If the 33,000 pages of discovery contains information obtained illegally by the Untied States from Springer then Stilley should not be allowed to take possession of that discovery. That discovery will need to be suppressed.

There is no question that Meadors, Nelson, Horn, and Shern, with others possibly, obtained the search warrant on September 15, 2005, with false and misleading testimony and affidavit(s).

Springer has sought the affidavits for over 4 years and now its time those affidavits be turned over.

Springer is simultaneously requesting this Court to order the release of the sealed affidavits and other sealed information in 03-CR-55E so that Springer can properly move to suppress the evidence taken illegally by Meadors and the unlawful search warrant dated September 15, 2005.

Springer has a right to present proper request for a Franks Hearing.  Springer has a Fourth Amendment Right regarding the seized property taken by both Meadors unlawfully and under false pretenses, as well as that property taken by the unlawful search warrant on September 16, 2005.  See U.S. v. Edwards, 242 F.3d 928, 936 (10th Cir. 2001) quoting United States v. Martinez, 983 F.2d 968, 972 (10th Cir. 1992) (quoting United States v. Arango, 912 F.2d 441, 445 (10th Cir. 1990) (quoting Rakas v. Illinois, 439 U.S. 128, 139-40 (1978))).  Meadors never informed Springer she was conducting a criminal investigation of Springer in her 6700 letters.  See Exhibit 4 and 6.

If Stilley is tendered the information taken illegally from Springer in violation of the Fourth and Fifth Amendment, by both Meadors, Nelson, Shern and Horn, Springer's Fourth Amendment Right to be secure in his person, house, paper and

affects, will clearly have been violated. This evidence should never have been used by anyone let alone seized.

Springer has a Rule 41 Motion pending in the District Court before Judge Frizzell. Springer has a right to request a Franks Hearing before any potential discovery is turned over to Stilley or anyone else to be used or relied upon for any legitimate purpose.

Also, Springer has right to the information independent of whether Springer chooses to agree and accept the requirements of Fed.R.Cr.Pr. 16.

## CONCLUSION

Lindsey Kent Springer requests this Court to issue a protective order directing the United States to cease turning over any discovery to anyone including Oscar Stilley until such time as Springer has had enough time to review the affidavits and other sealed information in connection with the gathering from Springer of information pursuant to 26 U.S.C. § 6700, and as that information and other information was presented by Melody Noble Nelson to obtain an illegal search warrant which was unlawfully relied upon to enter and search Springer's Home location in violation of the Fourth Amendment, and to allow Springer minimal time to make proper request for a Frank's Hearing.

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

10

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Motion for Protective Order was served by way of ECF System on April 13, 2009, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature