IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

      Plaintiff,

v.                         Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

      Defendants.

## MOTION TO UNSEAL IN 03-CR-55E

Lindsey Kent Springer ("Springer"), by limited special appearance, and not a general appearance, moves this 28 U.S.C. § 116(a) United States District Court to ORDER the unsealing of certain matters docketed in case 03-CR-55E. Those docket entries are as follows:

Docket Number 169, 173, 180, 182, 183, 181, 186, 188, 196, 197, and the transcript of sentencing of Eddy Patterson which is sealed with no docket entry.[1]

## BACKGROUND

On December 16, 2003, Melody Noble Nelson, Douglas Horn and Donna Meadors, secured a guilty verdict in the criminal trial of Eddy Lynn Patterson and Judith Ray Patterson. This Case is 03-CR-55E.

On August 23, 2004, Jerold Barringer representing Judith Patterson, moved for

---

[1] Springer spoke with Mr. Snoke who stated that he would reserve opposition till after he read Springer's Motion.

1

a stay and release of sentence regarding Judith Patterson.  See Exhibit 1,  Docket #178 in 03-CR-55E.  Mrs. Patterson had an appeal pending before the 10th Circuit.

On September 1, 2004, Honorable Judge Claire V. Eagan granted a substantial assistance reduction for Judith Patterson under Fed.R.Cr.Pr. 35(b).  See Exhibit 2.

On September 22, 2004, Judge Eagan issued a rule to show cause order against Judith Patterson's Attorney Jerold Barringer.  See Exhibit 3.

On October 8, 2004, Jerold Barringer filed his show cause attaching his declaration and the affidavit of Oscar Stilley.  See Exhibit 4,5 and 6.

Mr. Stilley amended his affidavit on October 18, 2004.  See Exhibit 7.

Mr. Barringer declared that Judith Patterson had never been contacted in regard to providing any substantial assistance applicable to Rule 35(b). See Exhibit 5.

During the seize of Springer's Home location, on September 16, 2005, Brian Shern and others asked questions regarding Eddy Patterson and his relationship with Springer to Springer directly.   Springer simultaneously herewith is requesting the affidavits involved in obtaining the search warrant be made available to Springer. It is believed that Nelson and Shern relied heavily on the knowingly altered words of Eddy Patterson in obtaining their purported search warrant.

On December 15, 2005, Eddy and Judy Patterson, through the Richardson Law Firm, filed a Petition in Tulsa County against Springer, Stilley and Jerold

2

Barringer.  This case is styled Eddy L. Patterson, et al., v. Lindsey K. Springer, et al., CJ 2005-07343.  See Exhibit 8.

After dismissal for failure to prosecute, Dave Marrs of the Richardson Law Firm out of time, attempted to refile Exhibit 8 only with case No. CJ 2008 02961.  Springer has pending in the State Supreme Court an action against the Richardson Law Firm for libel because the claims that firm advanced against Springer on behalf of both Pattersons is ridiculous and absolutely false.  This case was  CJ 2008 03198 which is on appeal to the Supreme Court as DF 106227.[2]

Just for one example of the misconduct in this case is the allegation by the Pattersons that "prior to being indicted by a federal grand jury, Eddy and Judith Patterson were hard working United States Citizens, had achieved the American Dream of Financial success, and had never been in criminal trouble."  See Exhibit 8, pg. 2.

On October 22, 2003, Melody Noble Nelson filed a document entitled "United States' Second Notice of Intent to Introduce Rule 404(b) evidence and brief in support" in case 03-CR-55E  See Exhibit 9.  In that Motion, Nelson discloses that in 1979 Eddy Patterson was investigated and indicted based upon "false invoices sold to Richards Capital."  This fact was known to Eddy Patterson and Judith Patterson at the time they commenced their action against Springer in 2005.  In

---

[2]For purpose of this motion this Court can take Judicial Notice of these case numbers to minimize exhibits.

fact, it was known by Eddy Patterson and Judy Patterson since at least 1979.  This same fact was known to Nelson, Horn and Meadors, since at least 2003 obviously.

But wait, there is more.  Nelson, Horn and Meadors, were prosecuting Eddy Patterson for Tax Evasion and Failure to File Returns.  See Exhibit 10, the indictment.  These charges include "filing false amended returns in June of 1997 for 1993 and 1995," having an accountant "prepare federal tax returns" and then "failed to file the returns," claiming in 1996 the IRS did not have jurisdiction over both Pattersons, instructed no withholding from their wages from 1996 to 2000, filed false W-4s from 1995 through 2000.

Patterson did not even meet Springer until the year 2000.  See Exhibit 11.

Yet, Pattersons' allege in their 2005 Complaint "Patterson did not pay their income taxes for the years 1996, 1997, 1998, and 1999, relying upon the advice of Springer, Stilley and Barringer.."  See Exhibit 8, paragraph 10.  Mr. Richardson of the Richardson Law Firm is the Former U.S. Attorney where Douglas Horn currently resides as Chief Criminal Prosecutor.   Eddy Patterson had done many things including suing the IRS in 1999.  See Exhibit 12.  None of the things alleged against Eddy Patterson or Judith Patterson by Horn, Nelson and Meadors, were in any way as a result of Springer or Stilley or Barringer.  Yet, Nelson, Horn, Meadors, Shern, both Pattersons, and the Richardson Law Firm, each have attempted to proclaim publicly otherwise.

What has happened in this case is Nelson, Horn, Meadors and Shern, each

became so infatuated with stopping Springer and his mission to get rid of the IRS that they began to take evidence presented by them against Eddy and Judith Patterson used to obtain and sustain their convictions, while after those convictions were in jeopardy for various reasons stated in Barringer and Stilley's Declarations, Nelson, Horn, Meadors, and eventually Shern, began to falsely alter what happened to Eddy and Judith Patterson to obtain what purports to be an unlawfully issued search warrant to search Springer's Fourth Amendment protected home clearly located in the State of Oklahoma and not within the territorial limits of Congress' 28 U.S.C. § 116(a) United States District Oklahoma.   Rule 41 limits warrants to within the territorial limits of the District and 28 U.S.C. § 5 defines "United States" within the phrase United States District Court to mean "in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States."   Springer's home was not nor has ever been subject to the jurisdiction of the United States.   See Harvard Law Review, Vol. XII, # 6, (1.25.1899)("The status of our new territories.)  See Exhibit 13.

Furthermore, Nelson and Horn, along with the civil/criminal coordinator out of Oklahoma City, David Reed, orchestrated a 6700 investigation of Springer, falsely misleading Springer that Donna Meadors had found a tape on the internet for sale and was making sure Springer was not benefitting from that sale as to the reason given for the 6700 investigation.  This evidence will be part of Springer's request for a Franks Hearing.

Meadors also falsely told Springer if Springer shared a list of names of persons who supported him that she would not share that information with anyone and was only seeking to discover whether any money was given to Springer for the purchase of some tax shelter program allegedly identified on some tape for sale on the internet which Meadors said she could not share with Springer during the investigation. Meadors never informed Springer she was participating in a criminal investigation of Springer when at all times she was working with Nelson, Horn, and the civil/criminal coordinator in Oklahoma City named David Reed to do just that.

Horn has been shifted by DOJ to the Eastern District and Nelson left her Northern District job and returned to her former job with the State of Oklahoma. See Exhibit 9 attached to Motion for Protective Order filed simultaneously herewith.

With the disclosure of the sealed transactions made upon the docket in case 03-CR-55E, along with the affidavit of Brian Shern presented to obtain the search warrant relied upon to search Springer's Home location on September 16, 2005, and along with the facts of the case Horn and Nelson presented against Eddy and Judith Patterson at their trial and subsequent sentencing, such evidence will unanimously show that the search warrant dated September 15, 2005 was obtained in violation of the Fourth Amendment Rights of Lindsey Kent Springer and was without probable cause.

In Franks v. Deleware, 438 U.S. 154, 155 (1978) the Supreme Court held that where the defendant makes a substantial preliminary showing that a false

6

statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

Docket Number 169, 173, 180, 182, 183, 181, 186, 188, 196, 197, and the transcript of sentencing of Eddy Patterson which is sealed with no docket entry, in 03-CR-55E are relevant to Springer's prospective request for a Franks Hearing and must be unsealed or at least turned over to Springer so he can make a proper Franks Hearing request.

CONCLUSION

Lindsey Kent Springer requests this Court to enter an order unsealing Docket Number 169, 173, 180, 182, 183, 181, 186, 188, 196, 197, and the transcript of sentencing of Eddy Patterson which is sealed with no docket entry in case No. 03-CR-55E, or at least the turning over of each of these documents and transcripts so Springer can make a proper request for a Franks Hearing.

Respectfully Submitted

/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Motion

to Unseal in 03-CR-55E was served by way of ECF System on April 13, 2009, to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


/s/ Lindsey K. Springer
Signature