UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 03-CR-055-002-EA |
| ) | |
| Judith Patterson, ) | |
| ) | |
| Defendant, ) | |

FILED
AUG 2 3 2004
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## MOTION AND MEMORANDUM FOR STAY OF REMAINING SENTENCE PENDING APPEAL OR FOR BAIL

Comes Now Judith Patterson, by and through her attorney, Jerold W. Barringer, and for her Motion and Memorandum for Stay of the Remaining Sentence pending the outcome of her appeal, or for release on bail pending the outcome of her appeal pursuant to 18 U.S.C. Sec. 3143(b), stating as follows:

**I.   LEGAL REQUIREMENTS**

There are 4 requirements for release pending appeal, pursuant to 18 U.S.C. Sec. 3143, namely: 1) a showing, by clear and convincing evidence, that the person is not likely to flee; and, 2) a showing, by clear and convincing evidence, that the person is not likely to pose a danger to the safety of any other person or the community; and, 3) a showing that the appeal is not for the purpose of delay; and, 4) a showing that the appeal raises a substantial question of law or fact likely to result in (I) reversal, (ii) an order for new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

There is no suggestion that Judy Patterson is either a threat to any person or the community, or that she is likely to flee, or that her appeal is merely for the purpose of delay. With no evidence, and no suggestion that such evidence exists, the Court must find by clear and convincing evidence that she is not likely to flee, and that she poses no danger to any other person or the community. The sole question in the four part test is part 4.

Defendant must show, by a preponderance of evidence, that her appeal raises a "substantial question of law or fact" that would have the effect of eliminating her sentence of incarceration, or of reducing her incarceration below the time already served, plus the time of appeal.

"Section 3143(b)(2) as amended by the Bail Reform Act requires that bail pending appeal be denied unless the court finds that the appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial' .... First, the court must decide that the appeal raises a "substantial" question of law or fact. Second, 'if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.'" *U.S. v. Affleck*, 765 F.2d 944 (10th Cir. 1985).

Recently, the Supreme Court ruled in *Blakely v. Washington*, ___ US ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (U.S. Supreme Court decision June 24, 2004), that any fact that would be relied upon to set the base offense level or increase the amount of time the Judge imposes in sentencing any person to incarceration above the base offense level, that or those facts must be alleged in the indictment, presented to a Jury, and found beyond reasonable doubt by that Jury.

1.  **Finding of $188,291.00 "Tax Loss", not alleged in the Indictment and not found by the Jury beyond a reasonable doubt.**

The sentence this Court imposed upon Judy Patterson, as advanced by the Government and over the objection of Judy Patterson, relied upon "facts" which were not alleged in the indictment and were not found by the Jury beyond a reasonable doubt. Judy Patterson sits in prison today based upon an erroneous sentence of incarceration founded upon facts to which the Supreme Court holding in *Blakely* directly rejects. It is a near certainty that the Order of incarceration this Court entered against Judy Patterson will be reversed. For example:

The indictment never alleged how much Judy Patterson owed in "taxes". It simply alleged she willfully failed to file unspecified tax returns based upon a certain amount of income she personally earned. Yet, this Court imputed $188,291.00 of "tax loss" against Judy Patterson for income solely earned by her husband. The Government's own proposed exhibit, which Judy Patterson attempted to offer into evidence, demonstrated that Judy Patterson owed no more than $1,475.00 for her alleged failure to file tax returns. Judy and Eddy Patterson were not both charged with tax evasion involving "their" income. Each was prosecuted under the theory each had an independent duty to file returns and pay taxes.

    a.    **Finding base offense level of 15 clearly erroneous**

Since all of the charges against Judy Patterson are "grouped" under U.S.S.G. Sec. 3D1.2, the issue remains whether attributing a base offense level of 15 is likely to be reversed. Judy Patterson claims that it certainly will be reversed.

For the conspiracy charge, the base offense level would either be U.S.S.G. Sec. 2T1.9 or Sec. 2T1.1 and 2T1.4. This would mean that with a "tax loss" of no more than $1,475.00, the

"offense level" would be 6. Since no "tax loss" was alleged in the indictment, this Court cannot find this fact to increase any "base offense level". Sec. 2T1.9 says that the base offense level is 10 for the conspiracy under Sec. 2T1.9(a)(2). Though the Jury was not asked to specifically find any amount of tax loss for Mrs. Patterson, this Court chose to place the "tax loss" of Eddy Patterson at the feet of Judy Patterson, even though agent Meadors prepared and demonstrated in a proposed exhibit that Judy Patterson's "tax loss" was $1,475.00. The assessment of $188,291.00, which appeared in the probation report, presumably at the insistence of the Government, was never alleged, never presented to the jury, and never found by the jury against Judy Patterson in this case. This is exactly what *Blakely* has deemed wrong with the Court making findings, when the Jury did not "find" such facts.

The Court could not even use the $188,291.00 to sentence Mr. Patterson as this "fact" was not alleged and not found by the Jury beyond a reasonable doubt against Mr. Patterson. This fact certainly cannot be used against Mrs. Patterson. In fact, there are no applicable specific offense characteristics, no related victim adjustments, no adjustments for a role in the offense, no adjustments for obstruction of justice, no "not accepting responsbility". There is nothing, which leaves the total possible offense level at 10 points.

Pursuant to the sentencing table in Chapter Five, Part A, based upon a total offense level of 10 and a Criminal History Category of I, the guideline range for imprisonment is in Zone B, and would be 6 to 12 months as a maximum imprisonment. U.S.S.G. Sec. 5C1.1©) states that even probation is clearly within the norm under this conditions. When was the last time the Court sentenced a defendant to prison, rather than an alternative, with only 10 points. For this reason alone, the Court should direct the release of Mrs. Patterson from the custody of the Bureau

-4-

of Prisons as she is incarcerated under an illegal sentence made clear by the recent holding of the U.S. Supreme Court in *Blakely*.

**2.    Alternatively, the base offense level is 6 points because the object of the conspiracy was only a misdemeanor.**

Since Count 1 erroneously relied upon the defraud prong of 18 U.S.C. Sec. 371, and because the "object" of the alleged conspiracy was clearly to not pay taxes and to not submit information request forms to the Government that did not comply with the Paperwork Reduction Act, both "acts" are only misdemeanors. Even counts two and three, false statements, were a part of the alleged conspiracy not to file tax returns and not to pay taxes.

For this reason, 18 U.S.C. Sec. 371 says, "If however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor". The maximum punishment for Count 1 is then zero to six months in prison. Any fact used to increase this zero to six months would need to be clearly alleged in the indictment and found by the Jury beyond a reasonable doubt. Neither has occurred in this case, hence the maximum remains zero to six months, with probation clearly warranted.

## CONCLUSION

WHEREFORE, Judy Patterson respectfully requests this Court enter an Order staying the remainder of her sentence pending the outcome of her appeal, releasing her from custody of the Bureau of Prisons on the basis that if her conviction were upheld, nonetheless her sentence based upon a base offense level of 15 would be clearly erroneous, and that either 6 or 10 would then be the appropriate base offense level, resulting in either incarceration concluding before the appeal

was complete, but more justifiably, resulting in probation as the appropriate sentence in this matter.

Respectfully Submitted,
Judy Patterson, Defendant,

By: _____
Jerold W. Barringer
Attorney at Law
P.O. Box 213
Nokomis, IL 62075
(217) 563-2646

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the United States Attorney's Office, Melody Noble Nelson, Assistant U.S. Attorney 333 W. 4th St., Suite 3460 Tulsa, OK 74103, upon Oscar Stilley, Central Mall Plaza, Suite 520, 5111 Rogers Ave., Fort Smith AR 72903, and upon William Widell, 403 S. Cheyenne Penthouse Floor, Tulsa, OK 74103 on the 18th day of August, 2004.

_____
Jerold W. Barringer