UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| -vs- ) | No. 03 CR 55 EA |
| EDDY PATTERSON and JUDY PATTERSON ) | |
| Defendants, ) | |

FILED OCT 0 8 2004 Phil Lombardi, Clerk U.S. DISTRICT COURT

### DECLARATION OF JEROLD W. BARRINGER

I, Jerold W. Barringer, declare that I am a licensed attorney in the State of Illinois. I am licensed to practice in the United States District Court for the Central and Southern Divisions in Illinois, the Western District of Michigan, the 7th, 8th and 10th Circuit Courts of Appeal, and I have been authorized for a limited purpose to previously practice in the District Court of Nebraska, the District Court of North Dakota, the D.C. District Court, the Southern District of Iowa, the Northern District of Oklahoma, and the Western District of Arkansas.

I have been the attorney for Judy Patterson involving all criminal matters out of the Northern District of Oklahoma for 4 1/2 years. I was first hired to represent Judy Patterson on or about March 16, 2000. I have represented Judy Patterson from the moment she was indicted, and in fact before that indictment concerning filing tax returns, until whenever it is determined that I was fired.

I filed Judy Patterson's Notice of Appeal and I also filed her brief with the 10th Circuit on or about July 26, 2004. I was contacted by the U.S. Attorney's Office in Tulsa, OK by Kevin Danielson on or about August 14, 2004, regarding the government's request for a 30 day extension to file their brief in the appeal of Judy Patterson.

Though I agreed with the extension, I did not agree that Judy Patterson should remain in jail waiting on the government to address issues presented in light of the recent decision in *Blakely v. Washington*, 124 S.Ct. 2531 (June, 2004) regarding "judge found



-1-

facts". It appeared to me that there was a substantial likelihood the appeal would result in a reduction of sentence regarding this Court's imposition of a "tax loss" at a minimum. This is especially true in light of Agent Donna Meadors' exhibits showing that Judy Patterson owed no more than $1,400.00 for all four years of the conviction. By my saying that Donna Meadors prepared the exhibits, in no way suggests that I believe it would be appropriate for the District Court to find the fact of any amount of tax loss.

I did receive a letter dated August 15, 2004, on or about August 28, 2004, from a "Debra Lyons" which purported to direct me to not make any further representations for Judy Patterson. This letter directed that I send all the files to William Widell. The letter did not mention anything about the appeal already filed. I contacted William Widell thinking he was going to take over the appeal, and he informed me that he had not spoken to Judy Patterson since shortly after the date of sentencing, March 23, 2004.

I asked William Widell why Judy Patterson had directed me to send her file to him, and he said he did not know why because again he had not spoken with Judy Patterson. On or about September 2 or 3, 2004, I spoke with William Widell once I became aware that Judy Patterson was resentenced on September 1, 2004. Mr. Widell informed me that on August 30, 2004, he received a call from Steven Knorr, Mr. Patterson's new attorney, who directed Mr. Widell to contact Doug Horn, and that Doug Horn would tell Mr. Widell what was going on.

Mr. Widell informed me on this call that Mr. Horn faxed him a rule 35(b) motion which to this day I have not received. Mr. Widell said he would fax the motion to me, but the fax never came. Mr. Widell stated that he had gone to the hearing on September 1, 2004, and agreed to waive the motion for stay that I had filed. I asked Mr. Widell to ask Judy Patterson to give me a call so that we could talk about the issues in the case.

On or about September 8, 2004, I again spoke with William Widell, who was then with Judy Patterson while she met with the probation department. I again asked him to ask Judy Patterson to give me a call, since he was the only one who knew where she was

that I also knew. He said he would leave the message with Judy Patterson. I have received no call to this date.

I asked him if he knew anything about any assistance Judy Patterson gave the government warranting the 35(b) motion and the departure. He said it was some deal Mr. Patterson had worked out with the government. I was told that Doug Horn had threatened to re-indict Mr. Patterson on new charges if Mr. Patterson raised any *Blakely* or *Apprendi* issues for appeal, which of course is exactly what I had just filed three weeks before on behalf of Judy Patterson.

I filed the amended notice of appeal out of abundance of caution. I decided that it would be far easier to withdraw the new notice of appeal, than it would be to file any pleadings out of time, since the appellate brief had already been on file with the 10th Circuit for 40 days. With Judy Patterson's best interest in mind and heart, I filed it.

I still remain curious how this Court believes it had jurisdiction to amend its order once that order was appealed to the 10th Circuit, because Mr. Widell informed me that he did not believe that Judy Patterson did or even could provide substantial assistance to the prosecution. Further, I believe, based upon my attorney-client relationship with Judy Patterson, that she could not provide substantial assistance to the prosecution to warrant a Rule 35(b) motion. That motion, and Judy Patterson's desire to escape from the legal proceedings thereafter, while giving up substantial legal rights, are why this Rule to Show Cause has arisen.

I declare under the penalty of perjury, pursuant to 28 U.S.C. Sec. 1746(1) that the foregoing is true and correct to the best of my knowledge and belief.

*/s/ Jerold W. Barringer*

-3-