IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| EDDY L. PATTERSON and JUDITH R. PATTERSON, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>LINDSEY K. SPRINGER, individually, and LINDSEY K. SPRINGER, d/b/a BONDAGE BREAKERS MINISTRIES, OSCAR STILLEY, and JEROLD W. BARRINGER, individuals, <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 

Case No. CJ 2005 07343

JURY TRIAL DEMANDED

DEBORAH C. SHALLCROSS

DISTRICT COURT
F I L E D
DEC 1 5 2005
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## PETITION

COME NOW the Plaintiffs, by and through their attorneys, The Richardson Law Firm, by Richard D. Marrs and E. Diane Hinkle, and for their causes of action and claims against the Defendants, allege and state as follows:

### JURISDICTION AND VENUE

1. At all times pertinent hereto, Plaintiffs, Eddy L. Patterson ("Eddy Patterson") and Judith R. Patterson ("Judith Patterson"), husband and wife, were residents of Tulsa County, Oklahoma.

2. Upon information and belief, Defendant, Lindsey K. Springer ("Defendant Springer"), is a resident of Creek County, Oklahoma, and may be served with summons within Creek County, Oklahoma.

3. Upon information and belief, Defendant, Lindsey K. Springer, d/b/a Bondage Breakers Ministries, is located in Sapulpa, Oklahoma, and may be served with summons by serving Lindsey Springer, since he does business as Bondage Breakers Ministries.

4. Upon information and belief, Defendant, Oscar Stilley ("Defendant Stilley"), is a resident of

Ft. Smith, Arkansas, is licensed to practice law in Oklahoma and Arkansas, and may be served with summons at 5111 Rogers Ave., Suite 520, Ft. Smith, Arkansas 72903.

5. Upon information and belief, Defendant, Jerold W. Barringer ("Defendant Barringer"), is a resident of Illinois, is licensed to practice law in Illinois and may be served with summons at the Barringer Law Office, 102 South Pine Street, Nokomis, Illinois 62075.

6. The events alleged herein occurred primarily in Tulsa County, Oklahoma, and all Defendants are either residents of, have conducted and/or are conducting business in Tulsa County, Oklahoma.

7. The District Court in and for Tulsa County, State of Oklahoma, has personal and subject matter jurisdiction, and venue is proper in this Court.

## FACTS PERTAINING TO ALL CLAIMS

Plaintiffs incorporate by reference Paragraphs 1 through 7 as if fully set out herein, and further allege, as follows:

8. On December 16, 2003, a criminal jury sitting in the United States District Court for the Northern District of Oklahoma returned guilty verdicts against Eddy and Judith Patterson for felony counts of conspiracy to defraud the United States, fraud and false statements, filing false federal income tax returns, and willful failure to file federal income tax returns. The sentences handed down against Eddy and Judith Patterson included time in federal correctional facilities. Judith Patterson served five (5) months of an 18-month sentence before being released after a reduction in sentence. Eddy Patterson remains incarcerated.

9. Prior to being indicted by a federal grand jury, Eddy and Judith Patterson were hard-working United States citizens, had achieved the American dream of financial success, and had never been in criminal trouble. In 1996, after having read Richard E. Clark's book, *Never Fear the IRS Again*, which

proselytizes not paying federal individual income taxes, Eddy Patterson stopped paying individual federal income taxes and became a tax protester. Judith Patterson allowed Eddy to handle all tax matters and followed Eddy Patterson's advice. Once the United States Internal Revenue Service ("IRS") began collection proceedings, Eddy Patterson consulted Richard E. Clark and requested help. Richard E. Clark told Eddy Patterson to contact Defendant Springer in Sapulpa, Oklahoma, who Richard E. Clark advised was experienced in these types of matters. Eddy Patterson contacted Defendant Springer who introduced Eddy and Judith Patterson to Defendants Stilley and Barringer, both attorneys at law. Eddy Patterson was advised by all Defendants that he should "un-volunteer" from paying taxes to the IRS and allow Defendants Springer, Stilley and Barringer to represent and advise them as how to avoid paying taxes with no civil or criminal exposure. In keeping with their advice, Eddy and Judith Patterson retained the Defendants to represent their legal and financial interests and paid them large sums of money to represent them.

10. The Pattersons did not pay their income taxes for the years 1996, 1997, 1998, and 1999 relying upon the advice of Springer, Stilley and Barringer that, if criminal charges were filed, they would never be convicted nor would they ever go to prison. As a result of the Pattersons un-volunteering from compliance with the Internal Revenue Code, and accepting the advice and guidance of all Defendants, the Pattersons were indicted by a federal grand jury in 2002, and convicted of tax evasion and related offenses in December 2003. Following indictment, Defendant Stilley represented Eddy Patterson as legal counsel, and Defendant Barringer represented Judith Patterson. Defendant Springer, although not an attorney, continued to provide legal and other advice to the Pattersons and worked in coordination with Defendants Stilley and Barringer. Defendant Springer received payments for legal fees from Eddy Patterson which

were marked as contributions to his ministry. Defendants Stilley and Barringer also received large sums of money as payment for legal fees.

11. In addition to billing the Pattersons for substantial legal fees, Defendants made unconditional promises to the Plaintiffs that they would never be convicted and nor would they ever go to prison. Defendant Springer advised the Pattersons that "God sent us" to do God's will and that paying federal income tax was unconstitutional and wrong. The Pattersons sincerely believed that they had done nothing wrong or illegal based on the representations made by Defendants Springer, Stilley and Barringer. Stilley and Barringer <u>guaranteed</u> the Plaintiffs that if indicted, they would be acquitted and never serve any time in prison. After the convictions, the Pattersons learned the truth that they had been deceived and defrauded. The Pattersons lost their freedom, their wealth, their success, and their lifestyle.

## COUNT I

## LEGAL MALPRACTICE

Plaintiffs incorporate by reference Paragraphs 1 through 11 as if fully set out herein, and further allege, as follows:

12. During legal proceedings against the Pattersons in federal court pursuant to felony indictments, Defendant Stilley and Defendant Barringer were licensed attorneys, and admitted to practice in the United States District Court for the Northern District of Oklahoma. Defendant Stilley acted as legal counsel for Eddy Patterson, and Defendant Barringer acted as legal counsel for Judith Patterson at all times up to, and including, the criminal convictions. The legal representation of each attorney was later terminated by Eddy Patterson and Judith Patterson. Both Defendant Stilley and Defendant Barringer committed legal malpractice, and but for the malpractice of Defendants Stilley and Barringer, the Pattersons would not have

been convicted and/or been incarcerated. Plea offers were made by the prosecution to Defendants Stilley and Barringer, who each had a duty to convey the offers to their respective clients; however, those offers were never conveyed to their clients, Eddy Patterson and Judith Patterson and had they been conveyed, the Pattersons would not have been convicted and/or been incarcerated.

13. After Judith Patterson terminated Defendant Barringer's services as her attorney, Defendant Barringer continued to represent to the court that he was Judith Patterson's attorney, and filed a notice of appeal purportedly on Judith Patterson's behalf. As a result, the judge ordered Defendant Barringer to show cause as to why he should not be held in contempt of court. The ruling on the contempt is pending.

14. Both Defendants Stilley and Barringer assisted Defendant Springer in the unauthorized practice of law. Springer was permitted to participate in the proceedings to such an extent that Springer was making the ultimate decisions that should have been made by the Pattersons as clients; however, the Pattersons were denied the opportunity. Furthermore, Defendant Springer made strategic decisions, and conducted the litigation as "lead counsel." Defendants Stilley and Barringer committed malpractice by taking orders from Defendant Springer, who was not their client, not a lawyer, and who was not acting in the best interests of the Pattersons.

15. Throughout the time in which Stilley and Barringer were representing Eddy and Judith Patterson's legal interest, Defendant Springer was acting as an agent, servant and/or employee of Defendants Stilley and Barringer.

16. Because of the malpractice of Defendants Stilley and Barringer, Plaintiffs are entitled to damages in excess of $10,000.00.

## COUNT II

## FRAUD AND DECEIT

Plaintiffs incorporate by reference Paragraphs 1 through 15 as if fully set out herein, and further allege, as follows:

16. Defendants, and each of them, made false representations of material fact to the Pattersons. Defendants knew that these positive assertions were false. Defendants intended for the Pattersons to act upon these false assertions, which they did, to their detriment. Defendants conspired to defraud the Pattersons of their money by reassuring them with false promises, including promises that they would never be convicted and or go to prison and such promises were made with the intent to deprive the Plaintiffs of their money and to obtain the Plaintiffs' money by charging excessive attorney fees. Defendants Stilley and Barringer failed to communicate plea offers to the Pattersons, which was deceitful and the plea offers were not conveyed because the Defendants wanted to obtain the Plaintiffs' money by charging excessive attorney fees.

17. Defendants' acts and omissions were done with the intent of inducing the Plaintiffs to alter their position to one of substantial risk and injury, for which they have suffered compensable damages in excess of $10,000.00.

## COUNT III

## CIVIL RICO

Plaintiffs incorporate by reference Paragraphs 1 through 17 as if fully set out herein, and further allege, as follows:

18. Defendants engaged in a pattern of racketeering activity designed to exert undue influence over the Plaintiffs and extort money from them. The pattern of activity included a plan to challenge the

Internal Revenue Code of the United States, and establish legal precedent, at Plaintiffs' expense. Defendants used the United States mail and the telephone to carry on their pattern of racketeering activities. Defendants sent billing invoices to the Plaintiffs through the United States mail. These billing invoices were part of Defendants' racketeering activities and plan to bilk Plaintiffs out of their money. Furthermore, Defendants used the telephone to communicate with each other to expedite their fraudulent scheme. Defendants, Stilley and Barringer, billed Eddy and Judith Patterson for numerous telephone calls to Defendant, Lindsey Springer, who was being paid for "running the show." The conduct of Defendants, and each of them, was in violation of the United States Code governing Racketeer Influenced and Corrupt Organizations.

19. Plaintiffs' business and property were harmed as a result of Defendants' activities, for which Plaintiffs are entitled to damages in excess of $10,000.00.

## PUNITIVE DAMAGES

Plaintiffs incorporate by reference Paragraphs 1 through 19 as if fully set out herein, and further allege, as follows:

20. Defendants acted with reckless disregard for the rights of the Plaintiffs. Plaintiffs suffered actual damages as a result for which Defendants should be punished. For the reasons above-stated, Plaintiffs seek punitive damages in excess of $10,000.00.

## PRAYER

**WHEREFORE**, premises considered, Plaintiffs pray for judgment against the Defendants, jointly and severally, for actual damages and punitive damages, costs of court, attorney's fees, and such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

*[signature]*

Richard D. Marrs, OBA# 5705
E. Diane Hinkle, OBA# 14744
The Richardson Law Firm
6555 S. Lewis, Suite 200
Tulsa, OK 74136-3414
(918) 492-7674
(918) 493-1925 Facsimile
***Attorneys for Plaintiffs***

8

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

JUL 0 8 2008

By *[signature]* Chelsea Johnson
      Deputy