

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-CR-55-EA |
| ) | |
| EDDY PATTERSON and ) | |
| JUDITH PATTERSON, ) | |
| ) | |
| Defendants. ) | |

FILED
OCT 22 2003
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## UNITED STATES' SECOND NOTICE OF INTENT
## TO INTRODUCE RULE 404(b) EVIDENCE
## AND BRIEF IN SUPPORT

The United States, by United States Attorney, David E. O'Meilia, and Assistant United States Attorney, Melody Noble Nelson, for its Second Notice of Intent to Introduce Federal Rules of Evidence Rule 404(b) evidence and Brief in Support states:

### Notice of Evidence

The United States hereby files Notice with the Court that it intends to introduce Rule 404(b) evidence at trial. The United States will introduce testimony by two witnesses, Dale Watts and Richards Washburne. The testimony will consist generally of the witnesses' knowledge about the 1979 investigation and subsequent Indictment in Dallas County, Texas charging Defendant Eddy Patterson and Dale Watts with theft over $10,000.00 for false invoices sold to Richards Capital, a company owned by Richards Washburne. False invoices were created by Mr. Watts and Defendant Eddy Patterson and sold to Richards Capital. In some instances, the same false invoices were sold several times to Richards Capital. In other



instances, invoices were created without any work being done. The indictment was subsequently dismissed. The United States offers this evidence to prove intent, knowledge and lack of mistake.

### Argument

Federal Rules of Evidence 404 prohibits the admission of evidence of other crimes, wrongs or acts to demonstrate the bad character. However, Fed. R. Evid. 404(b) allows such evidence for other approved purposes including, identity, plan, opportunity, motive, intent, lack of mistake or knowledge. In determining if the evidence is admissible under Fed. R. Evid. 404(b), courts apply the four considerations set out in *Huddleston v. United States*, 485 U.S. 681 919 (1988). Those considerations are:

(1) the evidence must be offered for a proper purpose;
(2) the evidence must be relevant;
(3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and
(4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury the evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*Huddleston*, 485 U.S. at 691.

### I. The 404(b) evidence is offered for proper purpose

Defendant Eddy Patterson is charged in Counts 20-27 of the Indictment with various securities violations in connection with the inclusion of false invoices into the financial statements of NESCO, a Tulsa based publicly traded corporation, in 2000 and 2001. These false invoices caused the financial condition of NESCO to be overinflated and led to the bankruptcy of the corporation in 2001. It is anticipated the evidence at trial will show

Defendant Eddy Patterson, then Chief Executive Officer of NESCO, and the NESCO Comptroller had false invoices created and entered into NESCO's 2000 and 2001 financial documents, causing substantial overstatement of the corporation's accounts receivables. At the time of the false invoices, a private company was in negotiations to purchase NESCO.

The 404(b) evidence of the previous false invoices is offered to prove Defendant Eddy Patterson had the intent and knowledge of the falsifying of invoices. In addition, should Defendant Eddy Patterson's defense be mistake, the evidence will be used to show lack of mistake.

## II. The evidence is relevant

Federal Rules of Evidence 404 states: "'Relevant Evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Evidence of previous false invoices is relevant to show Defendant Eddy Patterson knew how to prepare false invoices and how to do it in such a way that it would not be detected by accounting records. In addition, the creation of the 1979 false invoices are relevant to show Defendant Eddy Patterson had knowledge of false invoicing and therefore, was in a better position to recognize such practices when they were a part of NESCO's accounting practice.

Although there is a time lapse between the Richards Capital false invoicing and the charged acts, the Tenth Circuit has held, "[t]here is no absolute rule regarding the number of years that can separate offenses. Rather, the court applies a reasonableness standard and examines the fact and circumstances of each case." *United States v. Franklin*, 704 F.2d

1183, 1189 (10th Cir. 1983). *See, United States v. Massey*, 48 F.3d 1560, 1571-1572 (10th Cir. 1995).

The similarity between the Richards Capital incident and the acts charged in the indictment are striking. Both incidents involved Defendant Eddy Patterson using another individual as a "front person". Both incidents involve falsifying invoices for the financial gain of the two companies Defendant Eddy Patterson had an interest in. In addition, in the realm of white collar criminal prosecutions, it is not unusual for periods of time to pass between criminal acts. The near prosecution of the 1979 invoicing scheme seems to have deterred Defendant Eddy Patterson until NESCO's financial problems and negotiations to sell put Defendant Eddy Patterson and the Comptroller in a position to inflate the financial records.

### III. The probative value of the act substantial outweighs any potential for unfair prejudice

In determining if the probative value of the evidence substantially outweighs any potential for unfair prejudice, the Tenth Circuit has stated:

> Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.

*United States v. Rodriguez*, 192 F.2d 946, 951 (10th Cir. 1999).

While 1979 false invoicing scheme is prejudicial to Defendant Eddy Patterson, it is not substantially prejudicial to the level that it outweighs its probative value. The Government must prove at trial that Defendant Eddy Patterson was aware of and participated

in the actions of his co-conspirator in NESCO. The 1979 false invoicing is important because is evidence that Defendant Eddy Patterson had previously employed a false invoicing scheme.

### IV. Upon request, the Court can instruct the jury the evidence is to be considered only for the proper purpose

Should Defendant Eddy Patterson request, the court will give a limiting instruction directing the jury that the 404(b) evidence may only be considered for the limited purpose of establishing Defendant Eddy Patterson's intent, knowledge and lack of mistake of the charged securities violations.

### Conclusion

Therefore, based upon the four considerations identified in *Huddleston*, this proffered evidence is properly admissible in the trial.

Respectfully submitted,

DAVID E. O'MEILIA
United States Attorney

*/s/ Melody Noble Nelson*

Melody Noble Nelson, OBA #16467
Assistant United States Attorney
333 West 4th Street, Ste 3460
Tulsa, OK 74103
918/581-7463

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2003, I caused to be mailed a true and correct copy of the above and foregoing document to the following with proper postage prepaid:

Jerold Barringer
Post Office Box 213
Nokomis, Illinois 62075

William Widell, Jr.
403 South Cheyenne Avenue
Penthouse
Tulsa, Oklahoma 74103

Oscar Stilley
5111 Rogers Avenue
Suite 520
Fort Smith, Arkansas 72903

_____
Assistant United States Attorney