**FILED**

APR 16 2003

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**SEALED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 03 CR 55 C |
| | ) | |
| Plaintiff, | ) | UNDER SEAL |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| EDDY PATTERSON and | ) | [18 U.S.C. §371: Conspiracy; |
| JUDITH PATTERSON, | ) | 26 U.S.C. §7206(1): False Return; |
| | ) | 26 U.S.C. §7203: Failure to File Return; |
| Defendant. | ) | 26 U.S.C. § 7201: Evade or defeat Tax; |
| | ) | 18 U.S.C. §1014: False Statement on Loan |
| | ) | Documents; |
| | ) | 18 U.S.C. §2: Aiding and Abetting and |
| | ) | Causing a Criminal Act; |
| | ) | 18 U.S.C. § 982: Criminal Forfeiture; |
| | ) | 15 U.S.C. §78j(b): Securities Fraud;and |
| | ) | 18 U.S.C. §1001: False Statement] |

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

At all times relevant to the Indictment:

1.     Defendant EDDY L. PATTERSON (hereafter "EDDY PATTERSON") was the Chief Executive Officer and one of the founders of National Environmental Service Company (hereafter "NESCO").   As of December 31, 2000, Defendant EDDY PATTERSON owned 3,019,658 shares of NESCO stock, constituting over 30% of the company's outstanding shares at that time.

2.     Defendant JUDITH RAY PATTERSON (hereafter "JUDITH PATTERSON") was the wife of EDDY PATTERSON.  During various times from in or about 1996 to in or about December, 2001, Defendant JUDITH PATTERSON was employed in an administrative capacity at Moore Funeral Homes in Tulsa, Oklahoma.

3.     NESCO, based in Tulsa, Oklahoma, was a corporation publicly traded on the National Association of Securities Dealers Automated Quotations System (hereafter "NASDAQ") market with division facilities in many states.  NESCO installed fuel tanks for gas stations and convenience stores and conducted site clean-up and fuel management. NESCO employed approximately 225 individuals and had offices in more than ten states. NESCO had shareholders throughout the United States, including in the Northern District of Oklahoma and on November 25, 2001 filed for bankruptcy reorganization pursuant to Chapter 11 of the United States Bankruptcy Code, Case Number 01-5321-M filed in the United States Bankruptcy Court, Northern District of Oklahoma.

4.     As a public company, NESCO was required to file annual financial reports on Form 10-KSB with the United States Securities and Exchange Commission ("SEC"). NESCO's Forms 10-KSB contained its audited financial statements for each fiscal year, including statements of revenue and net income certified by NESCO's external auditor. NESCO's fiscal year was contemporaneous with the calendar year.  On March 5, 2001, Defendant EDDY PATTERSON, as NESCO's Chairman and CEO, signed its Form 10-KSB for the fiscal year ended December 31, 2000 and filed with the SEC on or about April 2, 2001.

5.     NESCO retained Tullis and Taylor as external auditors to audit its internal financial records.  The financial statements contained in NESCO's Form 10-KSB were reviewed and relied upon by NESCO's external auditor in preparing its audit of NESCO's

2000 fiscal year.  Before the auditor completed its audit of NESCO's fiscal year 2000 financial statements, Defendant EDDY PATTERSON signed and provided letters to the external auditor dated March 2, 2001, and March 26, 2001.  Each of these letters attested to the accuracy of the information contained in NESCO's internally prepared financial records and represented that no material information had been misstated or omitted.  Based in part on Defendant EDDY PATTERSON'S representations in those letters, the external auditor certified  NESCO's financial statements for the fiscal year 2000 conformed to generally accepted accounting principles.

6.     NESCO was also required to file with the SEC quarterly financial reports on Form 10-QSB.  NESCO's Forms 10-QSB contained unaudited financial statements for the company, including statements of revenue and net income for the relevant quarterly period. On or about May 15, 2001, NESCO filed with the SEC its Form 10-QSB for the first quarter of 2001, which ended March 31, 2001.  Defendant EDDY PATTERSON was NESCO's chairman and CEO at the time the company filed its Form 10-QSB for the first quarter of 2001.

7.     Citizen Bank, now known as Gold Bank, Security Bank and Bank of Oklahoma are financial institutions within the meaning of Title 18, United States Code, Section 20.

## COUNT ONE

### [18 U.S.C. §371]

8.     From in or about March, 1996, and continuing through the year 2000, in the

Northern District of Oklahoma and elsewhere, defendants, EDDY PATTERSON and

JUDITH PATTERSON did unlawfully, willfully, and knowingly conspire, combine,

confederate, and agree with each other to defraud the United States Department of Treasury,

Internal Revenue Service, by impeding, impairing, obstructing, and defeating the lawful

functions of the Internal Revenue Service in the ascertainment, computation, assessment, and

collection of the taxes owing on income derived.

### Manner and Means

Defendants EDDY PATTERSON and JUDITH PATTERSON used the following

manner and means to achieve the object of their conspiracy:

9.     It was part of the conspiracy that in 1996 and continuing to 2000, Defendants

EDDY PATTERSON and JUDITH PATTERSON would fail to file personal income tax

returns, in order to avoid payment of their lawful tax liability.

10.     It was further a part of the conspiracy that in June 1997 Defendants EDDY

PATTERSON and JUDITH PATTERSON would file amended personal, jointly filed income

tax returns for the years 1993 and 1995.   In order to obtain a refund of the 1993 and 1995

taxes the Defendants, EDDY PATTERSON and JUDITH PATTERSON, had previously paid

to the United States, the Defendants amended their 1993 and 1995 personal, jointly filed

income tax return in June 1997 to fraudulently reflect they had no income during 1993 and 1995.

11.     Defendants EDDY PATTERSON and JUDITH PATTERSON  hired an accountant in the Northern District of Oklahoma to prepare federal income tax returns and knowing the returns were required by law to be filed, the Defendants, EDDY PATTERSON and JUDITH PATTERSON, failed to file the returns and pay the taxes due thereon.

12.     On or about June 27, 1996, Defendant EDDY PATTERSON submitted documents to the Internal Revenue Service Center in Austin, Texas, claiming the Internal Revenue Service did not have jurisdiction over him.

13.     On or about January 26, 1998, Defendant JUDITH PATTERSON submitted documents with the Internal Revenue Service Center in Austin, Texas claiming the Internal Revenue Service did not have jurisdiction over her.

14.     From on or about 1996 to 2000 Defendants EDDY PATTERSON and JUDITH PATTERSON instructed individuals at their respective places of employment to stop withholding Federal income taxes from their Form W-2 wages.

15.     During the years 1995, 1999 and 2000, Defendant JUDITH PATTERSON submitted false Forms W-4 to her employer, Moore Funeral Homes.  The 1995 W-4 submitted by Defendant JUDITH PATTERSON falsely and fraudulently claimed she had nine exemptions.  The 1999 and 2000 Forms W-4 claimed she was exempt from all federal income tax withholdings.

## **Overt Acts**

In furtherance of the conspiracy, Defendants EDDY PATTERSON and JUDITH PATTERSON committed the following fraudulent acts:

16.     On or about August 7, 1995, in the Northern District of Oklahoma Defendant JUDITH PATTERSON instructed a Moore Funeral Homes payroll employee to stop withholding federal income tax from Defendant JUDITH PATTERSON'S check.

17.     On or about August 9, 1995, in the Northern District of Oklahoma, Defendant JUDITH PATTERSON submitted to Moore Funeral Homes her Form W-4 falsely stating she had nine exemptions.

18.     Beginning on or about 1996 and continuing into 1998 in the Northern District of Oklahoma, on a yearly basis Defendant EDDY PATTERSON instructed a payroll employee at NESCO to stop withholding federal income taxes from his wages.

19.     From in or about 1999 to the end of 2000 in the Northern District of Oklahoma, Defendant EDDY PATTERSON instructed the payroll department at NESCO to omit to withhold federal income taxes from Defendant EDDY PATTERSON's wages.

20.     On or about June 11, 1997, Defendants EDDY PATTERSON and JUDITH PATTERSON prepared and filed a false Amended joint U.S. Individual Income Tax Return for the tax year 1993, seeking a refund in the amount of $23,633.00.

21.     On or about June 11, 1997, Defendants EDDY PATTERSON and JUDITH PATTERSON prepared and filed a false Amended Joint U.S. Individual Income Tax Return for the tax year 1995, seeking a refund in the amount of $24,683.00.

22.     On or about March 14, 1996 Defendant EDDY PATTERSON submitted a letter to the Internal Revenue Service, Austin, Texas, asserting he was not a citizen of the United States, that he was a non-taxpayer, and claiming the Internal Revenue Service did not have jurisdiction over him.          23.          On or about June 27, 1996 Defendant EDDY PATTERSON submitted a letter to the Internal Revenue Service, Austin, Texas, asserting he was not a citizen of the United States, that he was a non-taxpayer, and claiming the Internal Revenue Service did not have jurisdiction over him.

24.     On or about January 26, 1998, Defendant JUDITH PATTERSON submitted a letter to the Internal Revenue Service, Austin, Texas, asserting she was not a citizen of the United States, she was a non-taxpayer and the Internal Revenue Service did not have jurisdiction over her.

25.     On or about March 3, 1999 in the Northern District of Oklahoma, Defendant JUDITH PATTERSON completed a Form W-4, on which she falsely claimed she was exempt from federal income tax withholdings. Defendant JUDITH PATTERSON submitted the false Form W-4 to her employer, Moore Funeral Homes which caused  Moore Funeral Homes to reduce or eliminate the amount of federal income tax to withhold from Defendant JUDITH PATTERSON's wages.

26.    On or about February 7, 2000 in the Northern District of Oklahoma, Defendant JUDITH PATTERSON gave Moore Funeral Homes another false W-4 form stating she was exempt from federal income tax withholding.  Moore Funeral Homes used the false Form W-4 to determine the amount of federal income tax to withhold from Defendant JUDITH PATTERSON's wages.

All in violation of Title 18 United States Code Section 371.

## COUNT TWO

[26 U.S.C. §7206(1)
18 U.S.C. §2(a) and (b)]

27.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

28.     On or about June 11, 1997 in the Northern District of Oklahoma, Defendants, EDDY PATTERSON and JUDITH PATTERSON, aiding and abetting each other, willfully made, subscribed and caused to be made and subscribed, an Amended U.S. Individual Income Tax Return, Form 1040X, Married Filing Joint, for the year 1993, verified by a written declaration under the penalties of perjury which was filed with the Internal Revenue Service. The Defendants knew that said Amended Return was not true and correct as to every material matter contained therein. The false amended tax return stated the following:

a.     Adjusted gross income was $0.00. (Line 3, Form 1040X)

b.     Taxable income was $0.00. (Line 7, Form 1040X)

c.     Refund to be received was $23,633.00. (Line 23, Form 1040X)

whereas the Defendants EDDY PATTERSON and JUDITH PATTERSON then knew and well believed the true and correct entries should have been:

a.     Adjusted gross income was $147,296.00.

b.     Taxable income was $73,974.00.

c.     Total tax plus penalties owed $23,633.00.

Thus the Defendants, EDDY PATTERSON and JUDITH PATTERSON knew and believed the 1993 U.S. Individual Income Tax Return signed by the Defendants and filed on July 1, 1994, was true and correct and the above described Amended Form 1040X was false, all in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2 (a) and (b).

## COUNT THREE

[26 U.S.C. §7206(1)
18 U.S.C. §2(a) and (b)]

29.     The allegations of the Introduction of this Indictment are incorporated in this

Count by reference.

30.     On or about June 11, 1997, in the Northern District of Oklahoma, Defendants,

EDDY PATTERSON and JUDITH PATTERSON, aiding and abetting each other, willfully

made, subscribed and caused to be made and subscribed, an Amended U.S. Individual

Income Tax Return, Form 1040X, Married Filing Joint, for the year 1995, verified by a

written declaration made under the penalties of perjury which was filed with the Internal

Revenue Service. The Defendants knew that said amended return was not true and correct

as to every material matter contained therein. The false amended tax return stated the

following:

a.      Adjusted gross income was $0.00. (Line 1, Form 1040X)

b.      Taxable income was $0.00. (Line 5, Form 1040X)

c.      Refund to be received was $24,683.00 (Line 22, Form 1040X)

whereas the Defendants EDDY PATTERSON and JUDITH PATTERSON then knew and

well believed the true and correct entries were:

a.      Adjusted gross income was $331,969.00.

b.      Taxable income was $140,149.00.

-11-

c.      Total tax plus penalties owed $24,683.00.

Thus the Defendants, EDDY PATTERSON and JUDITH PATTERSON knew and believed the 1995 U.S. Individual Income Tax Return signed by them and filed on October 21, 1996 was true and correct and the above described Amended Form 1040X was false, all in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2(a) and (b).

## COUNT FOUR

[26 U.S.C. §7203]

31.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

32.     During the calendar year 1996, Defendant JUDITH PATTERSON resided in the Northern District of Oklahoma and earned gross income of approximately $17,000.00. By reason of such gross income she was required by law, following the close of the calendar year 1996 and on or before August 15, 1997, to make an income tax return to the District Director of the Internal Revenue Service or other proper officer of the United States stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all of the foregoing, Defendant JUDITH PATTERSON did willfully fail to make an income tax return to the Internal Revenue Service, or to any other proper officer of the United States, all in violation of Title 26, United States Code, Section 7203.

## COUNT FIVE

[26 U.S.C. §7203]

33.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

34.     During the calendar year 1998 Defendant JUDITH PATTERSON resided in the Northern District of Oklahoma and earned gross income of approximately $4,000.00. By reason of such gross income she was required by law, following the close of the calendar year 1998 and on or before April 15, 1999, to make an income tax return to the District Director of the Internal Revenue Service or other proper officer of the United States stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all of the foregoing, Defendant JUDITH PATTERSON did willfully fail to make an income tax return to the Internal Revenue Service, or to any other proper officer of the United States, all in violation of Title 26, United States Code, Section 7203.

## COUNT SIX

[26 U.S.C. §7203]

35.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

36.     During the calendar year 1999 Defendant JUDITH PATTERSON resided in the Northern District of Oklahoma and earned gross income of approximately $22,000.00. By reason of such gross income she was required by law, following the close of the calendar year 1999 and on or before August 15, 2000, to make an income tax return to the District Director of the Internal Revenue Service or other proper officer of the United States stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all of the foregoing, Defendant JUDITH PATTERSON did willfully fail to make an income tax return to the Internal Revenue Service, or to any other proper officer of the United States, all in violation of Title 26, United States Code, Section 7203.

## COUNT SEVEN

[26 U.S.C. §7203]

37.     The allegations of the Introduction of this indictment are incorporated in this Count by reference.

38.     During the calendar year 2000 Defendant JUDITH PATTERSON resided in the Northern District of Oklahoma and earned gross income of approximately $25,500.00. By reason of such gross income she was required by law, following the close of the calendar year 2000 and on or before October 15, 2001, to make an income tax return to the District Director of the Internal Revenue Service or other proper officer of the United States stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all of the foregoing, Defendant JUDITH PATTERSON did willfully fail to make an income tax return to said District Director or the Internal Revenue Service, or to any other proper officer of the United States, all in violation of Title 26, United States Code, Section 7203.

## COUNT EIGHT

[26 U.S.C. §7201]

39.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

40.     During the calendar year 1996 in the Northern District of Oklahoma, Defendant, EDDY PATTERSON, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year of 1996 when Defendant EDDY PATTERSON earned gross income of approximately $138,880.00. By reason of such gross income he was required by law, following the close of the calendar year of 1996 and on or before August 15, 1997, to make an income tax return to the Internal Revenue Service or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled.   Defendant, EDDY PATTERSON, well knowing and believing all of the foregoing, did willfully fail to file an income tax return with the Internal Revenue Service, or with any other proper officer. In addition, Defendant, EDDY PATTERSON, caused zero or minimal federal income tax to be withheld from his Form W-2 wages during calendar year 1996.  Defendant EDDY PATTERSON'S failure to file a 1996 income tax return and failure to have federal income tax withheld from his Form W-2 wages during 1996 resulted in Defendant EDDY PATTERSON willfully evading or defeating his tax liability of approximately $6,067.00, all in violation of Title 26, United States Code, Section 7201.

## COUNT NINE

[26 U.S.C. §7201]

41.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

42.     During the calendar year 1997 in the Northern District of Oklahoma, the Defendant, EDDY PATTERSON, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year of 1997 when Defendant EDDY PATTERSON earned gross income of approximately $385,100.00.  By reason of such gross income he was required by law, following the close of the calendar year of 1997 and on or before April 15, 1998 to make an income tax return to the Internal Revenue Service or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled.   Defendant, EDDY PATTERSON, well knowing and believing all of the foregoing, did willfully fail to file an income tax return with the Internal Revenue Service, or with any other proper officer. In addition, Defendant, EDDY PATTERSON, caused zero or minimal federal income tax to be withheld from his W-2 wages during calendar year 1997.   Defendant EDDY PATTERSON's failure to file a 1997 income tax return and failure to have federal income tax withheld from his W-2 wages during 1997 resulted in Defendant EDDY PATTERSON willfully evading or defeating his tax liability of approximately $37,555.00, all in violation of Title 26, United States Code, Section 7201.

-18-

## COUNT TEN

[26 U.S.C. §7201]

43.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

44.     During the calendar year 1998 in the Northern District of Oklahoma, the Defendant, EDDY PATTERSON, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year of 1998 when Defendant EDDY PATTERSON earned gross income of approximately $634,565.00.  By reason of such gross income he was required by law, following the close of the calendar year of 1998 and on or before April 15, 1999, to make an income tax return to the Internal Revenue Service or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled.   Defendant, EDDY PATTERSON, well knowing and believing all of the foregoing, did willfully fail to file an income tax return with the Internal Revenue Service, or with any other proper officer. In addition, Defendant EDDY PATTERSON, caused zero or minimal federal income tax to be withheld from his W-2 wages during calendar year 1998.   Defendant EDDY PATTERSON's failure to file a 1998 income tax return and failure to have federal income tax withheld from his W-2 wages during 1998 resulted in Defendant EDDY PATTERSON willfully evading or defeating his tax liability of approximately $74,901.00, all in violation of Title 26, United States Code, Section 7201.

-19-

## COUNT ELEVEN

[26 U.S.C. §7201]

45.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

46.     During the calendar year 1999 in the Northern District of Oklahoma, the Defendant, EDDY PATTERSON, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year of 1999 when Defendant EDDY PATTERSON earned gross income of approximately $329,431.00.  By reason of such gross income he was required by law, following the close of the calendar year of 1999 and on or before August 15, 2000 to make an income tax return to the Internal Revenue Service or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled.   Defendant, EDDY PATTERSON, well knowing and believing all of the foregoing, did willfully fail to file an income tax return with the Internal Revenue Service, or with any other proper officer. In addition, Defendant EDDY PATTERSON, caused zero or minimal federal income tax to be withheld from his W-2 wages during calendar year 1999.   Defendant EDDY PATTERSON's failure to file a 1999 income tax return and failure to have federal income tax withheld from his W-2 wages during 1999 resulted in Defendant EDDY PATTERSON willfully evading or defeating his tax liability of approximately $48,618.00, all in violation of Title 26, United States Code, Section 7201.

## COUNT TWELVE

[26 U.S.C. §7201]

47.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

48.     During the calendar year 2000 in the Northern District of Oklahoma, the Defendant, EDDY PATTERSON, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year of 2000 when Defendant EDDY PATTERSON earned gross income of approximately $295,131.00.  By reason of such gross income he was required by law, following the close of the calendar year of 2000 and on or before October 15, 2001, to make an income tax return to the Internal Revenue Service or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled.  Defendant EDDY PATTERSON, well knowing and believing all of the foregoing, did willfully fail to file an income tax return with the Internal Revenue Service, or with any other proper officer. In addition, Defendant EDDY PATTERSON, caused zero or minimal federal income tax to be withheld from his W-2 wages during calendar year 2000.   Defendant EDDY PATTERSON'S failure to file a 2000 income tax return and failure to have federal income tax withheld from his W-2 wages during 2000 resulted in Defendant EDDY PATTERSON willfully evading or defeating his tax liability of approximately $28,158.00, all in violation of Title 26, United States Code, Section 7201.

-21-

## COUNT THIRTEEN

[18 U.S.C. §1014]

49.     The allegations of the Introduction of this indictment are incorporated in this Count by reference.

50.     From on or about August 16, 1999 through on or about September 8, 1999, in the Northern District of Oklahoma, Defendant EDDY PATTERSON, knowingly made a material false statement for the purpose of influencing the action of what was then known as Citizen's Bank of Tulsa, now known as Gold Bank, a financial institution within the meaning of Title 18, United States Code, Section 20, in connection with an application for a three million and fifty-nine dollar and 46 cents ($3,000,059.46) loan from Citizen's Bank of Tulsa.   The material false statement was that Defendant EDDY PATTERSON purposefully failed to reveal on his personal financial statement given to Citizen's Bank of Tulsa, that he owed federal income tax when in truth and in fact, as the defendant well knew, he owed and had not paid any federal income taxes for the tax years 1996 and 1997 and according to income tax forms prepared by Defendant EDDY PATTERSON's accountant, Defendant EDDY PATTERSON owed $42,518.00 in federal taxes for these years, all in violation of Title 18, United States Code, Section 1014.

## COUNT FOURTEEN

[18 U.S.C. §1014]

51.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

52.     On or about April 24, 2000 in the Northern District of Oklahoma, Defendant, EDDY PATTERSON, knowingly made a material false statement for the purpose of influencing the action of Security Bank, a financial institution within the meaning of Title 18, United States Code, Section 20, in connection with an application for a three hundred thousand and fifty-nine dollar and 46 cents ($300,059.46) revolving line of credit from Security Bank. The material false statement was that Defendant EDDY PATTERSON fraudulently failed to reveal on his personal financial statement given to Security Bank, that he owed federal income tax, when in truth and in fact, as Defendant EDDY PATTERSON well knew, he owed and had not paid any federal income taxes for the years of 1996, 1997 or 1998 and according to income tax forms prepared by Defendant EDDY PATTERSON's accountant, Defendant EDDY PATTERSON owed $116,553.00 in federal taxes for these years, all in violation of Title 18, United States Code, Section 1014.

## COUNT FIFTEEN

[18 U.S.C. §1014]

53.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

54.     From on or about April 24, 2000 and continuing to on or about November 10, 2000 in the Northern District of Oklahoma, Defendant, EDDY PATTERSON, knowingly made a material false statement for the purpose of influencing the action of Security Bank, a financial institution within the meaning of Title 18, United States Code, Section 20, in connection with an application for a nine hundred sixty thousand dollar ($960,000.00) loan from Security Bank.  The material false statement was that Defendant EDDY PATTERSON fraudulently failed to reveal on his personal financial statement given to Security Bank, he owed federal income tax when in truth and in fact, as Defendant EDDY PATTERSON well knew, he owed and had not paid any federal income taxes for the years of 1996, 1997,1998 and 1999 and according to income tax forms prepared by Defendant EDDY PATTERSON's accountant, Defendant EDDY PATTERSON owed $169,374.00 in federal taxes for these years, all in violation of Title 18, United States Code, Section 1014.

## COUNT SIXTEEN

[18 U.S.C. §1014]

55.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

56.     Between on or about April 10, 2001 and June 4, 2001 in the Northern District of Oklahoma, Defendant EDDY PATTERSON, knowingly made a material false statement for the purpose of influencing the action of Bank of Oklahoma, a financial institution within the meaning of Title 18, United States Code, Section 20, in connection with an application for a four hundred thousand dollar ($400,000.00) loan from Bank of Oklahoma.  The material false statement was that Defendant EDDY PATTERSON falsely stated he owed $21,600.00 in taxes on his personal financial statement given to Bank of Oklahoma, when in truth and in fact, as Defendant EDDY PATTERSON well knew, he owed and had not paid any federal income taxes for the years of 1996, 1997, 1998 and 1999 and according to income tax forms prepared by Defendant EDDY PATTERSON's accountant, Defendant EDDY PATTERSON owed $165,562.00 in federal taxes for these years all in violation of Title 18 United States Code Section 1014.

## COUNT SEVENTEEN

[18 U.S.C. §1014]

57.     The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

58.     On or about April 10, 2001 and June 19, 2001 in the Northern District of Oklahoma, Defendant EDDY PATTERSON, knowingly made a material false statement for the purpose of influencing the action of Bank of Oklahoma, a financial institution within the meaning of Title 18, United States Code, Section 20, in connection with an application for a six hundred thousand dollar ($600,000.00) loan from Bank of Oklahoma.  The material false statement was that Defendant EDDY PATTERSON  stated he owed $21,600.00 in taxes on his personal financial statement given to Bank of Oklahoma, when in truth and in fact, as Defendant EDDY PATTERSON well knew, he owed and had not paid any federal income taxes for the years of 1996, 1997, 1998 and 1999 and according to income tax forms prepared by Defendant EDDY PATTERSON's accountant, Defendant EDDY PATTERSON owed $165,562.00 in federal taxes for those years all in violation of Title 18 United States Code Section 1014.

## COUNT EIGHTEEN

[18 U.S.C. §1014]

59.    The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

60.    Between on or about April 10, 2001 and on or about July 16, 2001 in the Northern District of Oklahoma, Defendant EDDY PATTERSON, knowingly made a material false statement for the purpose of influencing the action of Bank of Oklahoma, a financial institution within the meaning of Title 18, United States Code, Section 20, in connection with an application for a one hundred and fifty thousand dollar loan ($150,000.00) from Bank of Oklahoma. The material false statement was that Defendant EDDY PATTERSON falsely stated, he owed $21,600.00 in taxes, on his personal financial statement given to Bank of Oklahoma, when in truth and in fact, as Defendant EDDY PATTERSON well knew, he owed and had not paid any federal income taxes for the years of 1996, 1997, 1998 and 1999 and according to income tax forms prepared by Defendant EDDY PATTERSON's accountant, Defendant EDDY PATTERSON owed $165,562.00 in federal taxes for these years in violation of Title 18 United States Code Section 1014.

## COUNT NINETEEN

[18 U.S.C. § 982, 18 U.S.C. § 1014]

61.    The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

62.    As a result of committing one or more of the foregoing loan and credit application fraud offenses alleged in Counts Thirteen through Eighteen of this Indictment, Defendant EDDY PATTERSON shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the loan and credit application fraud offenses:

**MONEY JUDGMENT:**

> A sum of money equal to five million, two hundred and eighty thousand, two hundred and sixty-five dollars and no cents ($5,280,265.00) in United States Currency representing proceeds obtained as a result of the loan and credit application fraud offenses, for which the Defendant EDDY PATTERSON is liable.

If the above-described forfeitable property, as a result of any act or omission of the Defendant:

A.    cannot be located upon the exercise of due diligence;

B.    has been transferred or sold to, or deposited with, a third person;

C.    has been placed beyond the jurisdiction of the Court;

D.    has been substantially diminished in value; or

E.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as adopted by 18 U.S.C. § 982(b) to seek forfeiture, as a substitute asset of any other property, real or personal, including financial accounts and investments, of said Defendants up to the value of the above forfeitable property, all in accordance with Title 18, United States Code, Section 982, and Rule 32.2 of the Federal Rules of Criminal Procedure.

## COUNT TWENTY

[15 U.S.C. §§78j(b) and 78ff and 17 C.F.R. § 240.10b-5]

63.    The allegations of the Introduction of this Indictment are incorporated in this Count by reference.

64.    Beginning on or about January 19, 2001 and continuing to on or about August 16, 2001,  in the Northern District of Oklahoma and elsewhere, Defendant EDDY PATTERSON and others, knowingly and willfully, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, did use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities issued by NESCO, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by:  (a) employing devices, schemes, and artifices to defraud; (b) making and causing NESCO to make untrue statements of material fact and omitting to state facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon the purchasers of NESCO securities.

65.    The object and purpose of Defendant EDDY PATTERSON'S scheme to defraud was to falsely inflate NESCO's financial statements for fiscal year 2000 and the first quarter 2001, thereby maintaining and increasing the value of his NESCO stock and increasing the likelihood that private investors would invest large sums of money into NESCO.

66.     In furtherance of the scheme, beginning on or about January 19, 2001, Defendant EDDY PATTERSON grossly overstated NESCO's earnings by causing the entry into NESCO's company books and records of 28 false invoices totaling $2,153,986 in the fourth quarter of 2000 and one invoice totaling $183,385 in the first quarter of 2001. At EDDY PATTERSON's direction, these false invoices were included in NESCO's financial statements and resulted in overstatements to NESCO's pretax income for those periods of 400% and 175%, respectively. NESCO included these false figures in its Form 10-KSB for the year ended December 31, 2000 and in its Form 10-QSB for the first quarter of 2001. Defendant EDDY PATTERSON signed NESCO's fiscal year 2000 Form 10-KSB.

67.     The fraudulent invoices reflected false accounts receivable that were not due to NESCO or billable to its customers. At Defendant EDDY PATTERSON's direction, the resulting fictitious revenue and net income were included in NESCO's fiscal year 2000 financial statements.

68.     The false internal financial statements prepared at Defendant EDDY PATTERSON'S direction were subsequently provided to NESCO's external auditor for use in preparing its audit of NESCO's fiscal year 2000 financial results. Further, on or about March 2, 2001, Defendant EDDY PATTERSON signed NESCO's initial management representation letter to its external auditor, stating all financial information provided to the auditor in connection with the fiscal year 2000 audit was factually accurate. Defendant EDDY PATTERSON affirmed this representation in a second letter to the external auditor

signed on or about March 26, 2001.  Further, Defendant EDDY PATTERSON included, or caused to be included, the false audited financial statements in NESCO's Form 10-KSB, which he signed on or about March 5, 2001 and caused to be filed with the Commission on or about April 2, 2001.

69.     In furtherance of the scheme, in April 2001, Defendant EDDY PATTERSON ordered the creation of an additional false invoice in the amount of $183,385 for services that had not been performed by NESCO.  The invoice was dated March 31, 2001 and recorded in NESCO's accounts receivable for the first quarter of fiscal year 2001.  Although a notation on the invoice read "construction and repair," no work had been performed and it had not been sent to a customer.

70.     In or about July 2001 individuals within NESCO became aware of the creation and recording of false invoices.  On or about August 16, 2001, NESCO compelled Defendant EDDY PATTERSON to resign his positions and issued a Form 8-K and a press release disclosing the financial overstatements.  On or about August 21, 2001, NESCO filed with the SEC restatements of its Form 10-KSB for the fiscal year 2000 and Form 10-QSB for the first quarter of 2001.

As part of the scheme to defraud, Defendant EDDY PATTERSON engaged in the following acts:

      a.     caused NESCO to record false invoices as revenue and net income for the fiscal year 2000 in violation of generally accepted accounting principles;

b.  caused NESCO to record false invoices and previously inflated and retained receivables for fiscal year 2000 as revenue and net income for the first quarter of 2001 in violation of generally accepted accounting principles; and

c.  made and caused to be made materially false and misleading statements to NESCO's external auditors, officers and employees, the SEC, and the investing public regarding NESCO's revenue, net income and receivables for the fiscal year 2000 and the first quarter of 2001.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5 and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE

[15 U.S.C. § 78ff, 17 C.F.R. § 240.13b2-2(a)
and 18 U.S.C. §2(b)]

71.     The allegations of the Introduction of this Indictment and Count Twenty are incorporated in this Count by reference.

72.     On or about April 2, 2001, in the Northern District of Oklahoma and elsewhere, Defendant EDDY PATTERSON, willfully and knowingly, directly and indirectly, made and caused others to make materially false and misleading statements in a form 10-KSB filed by NESCO with the SEC. Specifically, NESCO's Form 10-KSB for the fiscal year 2000, signed by Defendant EDDY PATTERSON on or about March 5, 2001 and filed with the SEC on or about April 2, 2001, contained the false and misleading statements as alleged in Count Twenty of this Indictment.

All in violation of Title 15, United States Code, Section 78ff; Title 17, Code of the Federal Regulations, Section 240.13b2-2(a) and Title 18, United States Code, Section 2(b).

## COUNT TWENTY-TWO

[15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2(a)]

73.   The allegations of the Introduction and of Count Twenty of this Indictment are incorporated in this Count by reference.

74.      On or about May 15, 2001, in the Northern District of Oklahoma and elsewhere, Defendant EDDY PATTERSON, willfully and knowingly, directly and indirectly, made and caused others to make materially false and misleading statements in a form 10-QSB filed by NESCO with the SEC.  Specifically, NESCO's Form 10-QSB for the first quarter of 2001, filed with the SEC on or about May 15, 2001, contained the false and misleading statements as alleged in Count Twenty of this Indictment.

All in violation of Title 15, United States Code, Section 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-2(a) and Title 18, United States Code, Section 2.

## COUNT TWENTY-THREE

[15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2(b)]

75.     The allegations of the Introduction and Count Twenty of this Indictment are incorporated in this Count by reference.

76.     On or about March 2, 2001, Defendant EDDY PATTERSON, in a management representation letter provided to NESCO's external auditor and signed by Defendant EDDY PATTERSON, Defendant EDDY PATTERSON falsely attested to the accuracy of the information contained in internal financial records provided to the external auditor in connection with its fiscal year 2000 audit of NESCO and falsely stated that no material information contained therein had been misstated or omitted.

All in violation of Title 15, United States Code, Section 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-2(b); and Title 18, United States Code, Section 2.

## COUNT TWENTY-FOUR

[15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2(b)]

77.    The allegations of the Introduction and Count Twenty of this Indictment are incorporated in this Count by reference.

78.    On or about March 26, 2001, in the Northern District of Oklahoma and elsewhere, Defendant EDDY PATTERSON, willfully and knowingly, directly and indirectly, omitted to state, and caused others to omit to state, material facts necessary to make statements to an accountant not misleading in connection with the preparation or filing of a document and report required to be filed with the SEC.  Specifically, Defendant EDDY PATTERSON, in a second management representation letter provided to NESCO's external auditor on or about March 26, 2001 and signed by Defendant EDDY PATTERSON on that date, Defendant EDDY PATTERSON falsely attested to the accuracy of the information contained in the internal financial records provided to the auditor in connection with its fiscal year 2000 audit of NESCO and falsely stated that no material information contained therein had been misstated or omitted.

All in violation of Title 15, United States Code, Section 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-2(b); and Title 18, United States Code, Section 2.

## COUNT TWENTY-FIVE

[18 U.S.C. § 1001 and §2]

79.     The allegations of the Introduction and County Twenty of this Indictment are incorporated in this Count by reference.

80.     On or about April 2, 2001, in the Northern District of Oklahoma and elsewhere, Defendant EDDY PATTERSON, willfully and knowingly, directly and indirectly, made materially false and fraudulent statements and representations in a Form 10-KSB filed by NESCO with the SEC, a part of the executive branch of the government of the United States. Specifically, in the fourth quarter of 2000 Defendant EDDY PATTERSON made false, fictitious, and fraudulent statements and representations by causing the entry into NESCO's company books and records of 28 false invoices totaling $2,153,986, which were used in the preparation of the Form 10-KSB filed by NESCO with the SEC.

All in violation of Title 18, United States Code, Sections 1001 and 2.

## COUNT TWENTY-SIX

[18 U.S.C. § 1001 and § 2]

81.     The allegations of the Introduction and Count Twenty of this Indictment are incorporated in this Count by reference.

82.     On or about May 15, 2001, in the Northern District of Oklahoma and elsewhere, Defendant EDDY PATTERSON, willfully and knowingly, directly and indirectly, made materially false and fraudulent statements and representations in a Form 10-QSB filed by NESCO with the SEC, a part of the executive branch of the government of the United States.  Specifically, in the first quarter of 2001 Defendant EDDY PATTERSON made the false, fictitious, and fraudulent statements and representations by causing the entry into NESCO's company books and records of 28 false invoices totaling $2,153,986 in the fourth quarter of 2000 and one invoice totaling $183,385 in the first quarter of 2001, which were used in the preparation of the Form 10-QSB filed by NESCO with the SEC.

All in violation of Title 18, United States Code, Sections 1001 and 2.

## COUNT TWENTY-SEVEN

[15 U.S.C. §§ 78m(b)(2)(A), 78(m)(b)(5), and 78ff,
and 17 C.F.R. § 240.13b2-1]

83.  The allegations of the Introduction and Count Twenty of this Indictment are incorporated in this Count by reference.

84.  Between on or about January 19, 2001, and August 16, 2001, in the Northern District of Oklahoma and elsewhere, Defendant EDDY PATTERSON, willfully and knowingly, directly and indirectly, falsified and caused other NESCO employees to falsify books, records, and accounts that were required under Section 13(b)(2)(A) of the Securities Exchange Act of 1934 to accurately and fairly reflect the transactions of NESCO. Specifically, Defendant EDDY PATTERSON caused NESCO to recognize revenue and net income resulting from falsified invoices created at his direction and concealed material information from external auditors regarding those false invoices for the purpose of falsifying NESCO's books, records, and accounts relating to the fiscal year 2000 and the first quarter of 2001.

All in violation of Title 15, United States Code, Section 78(b)(2)(A), 78m(b)(5), and 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-2(a); and Title 18, United States Code, Section 2.

A TRUE BILL

DAVID E. O'MEILIA
United States Attorney

*Melode Noble Nelson*

Assistant United States Attorney

*[signature]*

Foreman

-40-