IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

      Plaintiff,

v.                            Case No. 09-CR-043 SPF

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

      Defendants.

MOTION TO UNSEAL AFFIDAVIT AND TRANSCRIPT OF MEETING ON
SEPTEMBER 15, 2005

Lindsey Kent Springer ("Springer"), by limited special appearance, and not a general appearance, moves this 28 U.S.C. § 116(a) United States District Court to ORDER the unsealing of the affidavit Melody Noble Nelson declared she tendered to Magistrate Frank H. McCarthy in order to obtain the purported search warrant that Brian Shern, 10 other Special Agents, and Nelson and Horn by phone, relied upon to enter into Springer's Fourth Amendment protected home location on September 16, 2005.  Without this affidavit no probable cause could have existed for the issuance of any such warrant even if it was issued by an authorized State Court.  Springer also seeks the transcript or whatever recording made of the ex parte meeting between Nelson and the Honorable Magistrate Judge Frank H. McCarthy.   This motion is filed simultaneously with a Motion for Protective Order and Motion to Unseal certain docket entries in 03-CR-55E.  Springer consulted with

1

Mr. Snoke and he determined the Court was going to give it to Springer anyway.

BACKGROUND

In 1993, Springer announced publicly that his God had asked him in 1992 to help rid the Earth of the Internal Revenue Service.  This mission would be named Bondage Breaker's Ministries.  Sometime thereafter, the revenuers learned of Springer's public admissions regarding his mission and not long after trouble for Springer ensued.

Springer has been under criminal investigation by the United States since at least 1997 and maybe even earlier than that date.

On September 15, 2005, at 4:01 P.M. Melody Noble Nelson presented an affidavit of Special Agent Brian Shern to U.S. Magistrate Judge Frank H. McCarthy ("Judge McCarthy"), to purportedly show probable cause why Judge McCarthy should sign his name on a "search warrant" which sought to search Springer's Home location located within the State of Oklahoma and not within any territorial limits Congress could confer on U.S. Magistrate's within its 28 U.S.C. § 116 territorial jurisdiction.  See Exhibit 1, Declaration of Melody Noble Nelson in 06-156.

Article III, Section 2, Clause 3 requires that "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." Art. III, § 2, cl. 3. Its command is reinforced by the Sixth Amendment's requirement that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been

committed."  United States v. Rodriquez-Moreno, 526 U.S. 275, 278 (1999) "Thus, the 6th Amendment provides that all criminal trials shall be by a jury of the 'State and district' in which the crime shall have been committed; and by 'district' is here meant either an entire State or a subdivision of a State."  See Harvard Law Review, Vol. XII, # 6, page 385 (1.25.1899)("The status of our new territories.)   Springer attached this review to his Motion to Unseal and does not reproduce it as an exhibit with this Motion to save resources.  See also U.S. v Dawson, 56 U.S. (15 Howard) 467, 487-488 (1856)

Although Rule 41 is in the Federal Rules of Criminal Procedure, Springer was denied the affidavit of Shern or any other declarant by Judge McCarthy saying "If the investigation results in a criminal prosecution, access to those materials may be sought in those proceedings."  See Exhibit 1, pg. 42 therein.

Springer needs the affidavit for the purpose of preparing a motion pursuant to Franks v. Deleware, 438 U.S. 154, 155 (1978).  As more fully demonstrated in both Springer's Motion for Protective Order and Motion to Unseal certain docket entries in 03-CR-55E, Nelson, Horn, Meadors and Shern, relied heavily upon their deal with Eddy Patterson.  Although the Rule 35(b) attached to Springer's Motion to Unseal reveals a finding Mrs. Patterson gave substantial assistance to the United States prior to September 1, 2004, the exact opposite is in fact true.  See declaration of Jerold Barringer attached to Springer's Motion to Unseal, Exhibit 5.

Furthermore, the information Meadors obtained from Springer by way of her

6700 assault was under a limited use basis and only for the purposes to determine whether any tapes for sale on the internet from Springer speaking in 1995 were resulting in any 6700 violations.  As Springer learned later, there was nothing to trigger a 6700 investigation of Springer. That was a front unlawfully orchestrated by Nelson, Horn, Meadors, David Reed and Michael Gregory.  No delegation of authority existed for anything Meadors was attempting to accomplish.

CONCLUSION

Lindsey Kent Springer requests this Court to enter an order unsealing any affidavit presented to Judge McCarthy relied to find probable cause in his issuance of his warrant dated September 15, 2005, and the transcript of any such ex parte meeting between Judge McCarthy and Melody Noble Nelson as declared by Nelson in case 06-156

Respectfully Submitted

/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Motion

to Unseal Affidavit and Transcript  was served by way of ECF System on April 13, 2009, to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


/s/ Lindsey K. Springer
Signature