**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' CONSOLIDATED RESPONSE TO
DEFENDANTS' PRETRIAL MOTIONS**

The United States of America, by and through its attorneys, David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Trial Attorney, United States Department of Justice, hereby responds in opposition to Defendant Lindsey Kent Springer's pretrial motions dated March 18, 2009: Motion for, and Memorandum in Support of Motion for, In Camera Review of Fifth Amendment Proffer (Docket #6 and #7); Motion for Bill of Particulars (Docket #8).  The Government also responds in opposition to Defendant Springer's Motion for Clarification with Respect to Specific Legal Authority for Appointment of Judge in Trial of Instant Case (Docket #30), Motion for Protective Order Pending Resolution of Prospective *Franks* Hearing (Docket #35), and to Defendant Oscar Amos Stilley's Motion for Bill of Particulars (Docket #33). Finally, the Government responds to Defendants' Motions for Electronic Access

(Docket #5 and #28), and Defendant Springer's Motion to Unseal in 03-CR-55E (Docket #36) and Motion to Unseal Affidavit and Transcript of Meeting on September 15, 2005 (Docket #37).

    A.    <u>Motions for Electronic Access - Docket #5 and #28</u>

By Order dated March 30, 2009, Magistrate Judge Cleary found that Defendant Springer and Stilley each waived legal representation and elected to proceed pro se. However, despite this order, each defendant in pleadings continues to assert that he is appearing before the Court "by limited special appearance, and not a general appearance." Defendant Stilley explains the rationale for his "limited special appearance" as being done because he is challenging jurisdiction, and questions who the plaintiff is in this matter. Docket #33, fn. 1.

The United States is uncertain what significance Defendants allege by their apparent limitations on appearance, but would ask the Court to ascertain whether or not each Defendant is appearing before the Court.

The Court has already granted Defendants' motions for electronic access. The Government has no opposition Defendants continued electronic access, so long as Defendants Springer and Stilley continue to represent themselves. However, the Government does request that the Court conduct a *Faretta* inquiry to satisfy itself with respect to Defendants' pro se representation.

     B.    <u>Motion for In Camera Review of Fifth Amendment Proffer
      (Docket #6 and #7)</u>

Defendant Springer's Motion for In Camera Review of Fifth Amendment Proffer, and Memorandum in support thereof, appears to be an assertion that the Fifth Amendment of the United States Constitution "protects [him] from having to answer the charges alleged against him in the charges dated March 10, 2009." Defendant's Memorandum in Support of Motion for In Camera Review of Fifth Amendment Proffer [Document #7], p.14. Defendant also appears to be asserting that these same Fifth Amendment protections sanction Defendant's failure to file federal income tax returns. To the extent Defendant makes these assertions, each is frivolous. The Government also opposes Defendant's request to be heard in camera.

Defendant Springer is certainly protected from being compelled to testify against himself. However, the Fifth Amendment does not protect an individual from answering criminal charges during the plea colloquy. Should a defendant wish to remain silent, the defendant may do so and the Court will enter a not guilty plea on the defendant's behalf.

With respect to having a Fifth Amendment right not to file, this position has been universally rejected by Courts. It is not criminal to earn income; therefore, the requirement to file a federal income tax return does not compel an individual to testify against oneself, in violation of the Fifth Amendment of the United States Constitution. Defendant Springer's citations notwithstanding, in *United States v. Sullivan*, the Supreme Court held that the privilege against compulsory self-incrimination is not a defense to

prosecution for the complete failure or refusal to file a tax return.  274 U.S. 259, 263 (1927).  The Court, stated, however, that the privilege could be claimed against specific disclosures sought on a return:

> If the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all.

The Court further stated, "It would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime." *Id*. at 263-64; see *Garner v. United States*, 424 U.S. 648, 650 (1976).

    C.    <u>Motion for Clarification with Respect to Specific Legal Authority for Appointment of Judge in Trial of Instant Case (Docket #30)</u>

By this motion, Defendant Springer appears to challenge the authority of District Court Judge Stephen P. Friot to conduct the trial of this matter.  Title 28, United States Code Section 292(b) provides that the Chief Judge of the Tenth Circuit "may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."

The Government directs Defendant Springer's attention to the Designation of District Judges for Service in Other Districts Within the Tenth Circuit order dated December 30, 2008, signed by the Honorable Robert H. Henry, Chief Judge, United States Court of Appeals for the Tenth Circuit.  This order designates and assigns the Honorable District Judge Stephen P. Friot to the Northern District of Oklahoma.

Attachment A. The Government opposes Defendant Springer's apparent assertion that the Honorable District Court Judge Friot cannot try this case.

    D.    <u>Motions For Bill of Particulars (Docket # 8 and #33)</u>

Plaintiff opposes Defendants' Motions For Bill of Particulars, especially where, as here, made prior to any attempt at discovery.[1] Defendant Springer's Motion for Bill of Particulars (which Defendant Stilley incorporates "as if set forth word for word . . ."), covers two broad areas of inquiry. The first requests information related to the grand jury that returned the Indictment. The second area of inquiry covers the indictment itself.

The function of a bill of particulars is very limited as to both scope and purpose. The motion for a bill of particulars is addressed to the sound discretion of the trial court, and the trial court's ruling thereon will not be disturbed in the absence of an abuse of that discretion. *Wong Tai v. United States*, 273 U.S. 77 (1927); *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996); *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995); *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980).

With respect to Defendants' challenge to the grand jury, the bill of particulars is not the appropriate vehicle for his challenge the grand jury panel.[2] Through his Motion

---

[1] Defendant Springer filed his Motion for Bill of Particulars, which Defendant Stilley joined, prior to arraignment. Defendant Stilley filed his Motion for Bill of Particulars prior to examining discovery, which was made available April 10, 2009. As of the date the Government filed this response, neither Defendant had obtained the discovery made available.

[2] Defendant Springer separately challenged the grand jury selection process in Case No. 09-MC-01, filed in District Court, and Tenth Circuit Case No. 09-5017, each of which presently are sealed.

for Bill of Particulars, Defendant Springer asks the Court to sanction a fishing expedition into the grand jury impanelment. Section 1867 of Title 28 of the United States Code provides that Section 1867 is:

> (e) . . . the exclusive means by which a person accused of a Federal crime, the Attorney General of the United States or a party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title. Nothing in this section shall preclude any person or the United States from pursuing any other remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination on account of race, color, religion, sex, national origin or economic status in the selection of persons for service on grand or petit juries.
>
> Section 1867 further provides, in relevant parts:
>
> (a)     In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.
>
> (d)     Upon motion filed under subsection (a), (b), or (c) of this section, containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title, the moving party shall be entitled to present in support of such motion the testimony of the jury commission or clerk, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending the selection of a grand jury in conformity with this title or dismiss the indictment, whichever is appropriate. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the petit jury, the court shall stay the proceedings pending the selection of a petit jury in conformity with this title.

With respect to Defendant Springer's request for a bill of particulars respecting the Indictment, it is well established that a bill of particulars is only appropriate in a limited number of cases where a defendant has not been adequately informed of the nature of the charges against him, thus barring him from making a reasonable defense and from protecting himself against a second prosecution for the same basic offense. In cases where the defendant has been apprised of the basic nature of the case against him prior to trial, however, a bill of particulars should not be granted. *United States v. Ivy*, *supra*, at 1281, *quoting United States v. Levine,* 983 F.2d 165, 166-67 (10th Cir. 1992); *United States v. Barbieri, supra*; *United States v. Addonizio*, 451 F.2d 49, 58-60 (3rd Cir.), *cert. denied*, 405 U.S. 936 (1972).

It is definitely not the function or purpose of a bill of particulars to compel the government to disclose, in advance of trial, the evidence by which it will attempt to prove the charges alleged in the indictment. *United States v. Ivy, supra; United States v. Levine, supra; United States v. Barbieri, supra*. The charges in the indictment are clear.

As succinctly stated by Judge Frank in *United States v. Lebron,* 222 F.2d 531, 535-36 (2d Cir.), *cert. denied*, 350 U.S. 876 (1955), in ruling against the granting of a bill of particulars:

> Surprise and prejudice are claimed in the judge's denial of motions for bills of particulars. The indictment, however, was sufficiently specific to apprise defendants of the nature of the charge against them and to permit them to prepare to adequately for trial. The defendants in the various questions were, in effect, making an effort to obtain from the government a statement

of its evidence . . . . [T]hat practice is not required by the Federal Rules of Criminal Procedure. Rule 7(f) . . . .

It is important to bear in mind that one of the basic reasons that a bill of particulars is not favored by the courts is because the government would be required to strictly adhere to the answers filed in response to a motion for a bill of particulars, should a response be ordered. This would work a substantial hardship on the government during the presentation of its case, and could well mean that the length of the trial would be extended. The Tenth Circuit has taken the position that a variance in proof from a bill of particulars, causing prejudice to a defendant, can cause a reversal. *United States v. Francisco*, 575 F.2d 815 (10th Cir. 1978); *United States v. Buzzard*, 540 F.2d 1383 (10th Cir. 1978)

The Defendants have been very adequately informed of the nature of the charges against them so that they can prepare an intelligent defense, and also guard against any subsequent prosecution for the same acts.

The Indictment in this case, coupled with the routine discovery, will provide the Defendants with a plethora of information detailing the precise nature of the charges against them. *See United States v. Ivy, supra; United States v. Sturmoski*, 971 F.2d 452 (10th Cir. 1992); *United States v. Barbieri, supra*.

The Defendants are charged in this case with conspiring to defraud the Internal Revenue Service and with tax evasion with respect to Defendant Springer's federal income taxes for the years 2000, 2003 and 2005. Defendant Springer is also charged with

willfully failing to file his 2002 and 2004 federal income tax returns. Since Defendant Stilley practiced as a criminal defense attorney for more than a decade, until being suspended from practice by the Supreme Court of Arkansas in 2007, and Defendant Springer has assisted in the defense of numerous criminal tax cases during the past decade, it is inconceivable that either would need a bill of particulars to understand what is requested in Defendant Springer's motion. For example, it is clear that Defendants understand the terms "income", "earned", "filed", "return", "lawful government functions", "others", etc.

Similarly, it is clear that Defendants understand what collectible coins are, what the term "required by law" means, and that the law requires individuals who earn above a specified amount of income to file a tax return each year. Most of what Defendants request is a "hodgepodge of tax protestor rhetoric, irrelevant platitudes, unsupported assertions and legalistic gibberish." *See Depew v. United States*, 50 F.Supp.2d 1009, 1014 (D. Colo. 1999). As the district court judge stated recently in *United States v. McCumber*, 2009WL700618 (D.Kan. March 17, 2009) (citations omitted):

> The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to allow him to prepare his defense. A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges' against him. A bill of particulars is not a discovery device to obtain the government's evidence; instead, it is a device used to obtain the theory of the government's case where the indictment is too vague. Furthermore, where the government has provided discovery in abundance, defendants cannot assert that a bill of particulars is necessary because review of the documents would be copious or burdensome to conduct.

E.  Motion for Protective Order Pending Resolution
of Prospective Franks Hearing (Docket #35)

Defendant Springer moves this Court[3] "to direct the United States Attorney's Office for the Northern part of the United States' Oklahoma District to be temporarily prohibited from releasing certain discovery at issue in this Court's Order dated April 2, 2008, docket # 26, relating to the illegal search of Springer's Home location, pending the outcome of any future Franks hearing pursuant to the Supreme Court's holding in Franks v. Deleware [sic], 438 U.S. 154, 155 (1978) [footnote omitted]." Docket #35.

The crux of this motion appears to be that defendant Springer does not want the Government to provide discovery to his co-defendant, Oscar Stilley, because defendant Springer envisions, filing a motion to suppress the fruits of a search of his residence that took place on September 16, 2005, pursuant to a federal search warrant.

Although defendant Springer admits, in his motion, that he has been offered discovery by the Government in the case (as of April 10, 2009), he has not taken advantage of that offer as of the date of this reply.  Nor has defendant Springer, apparently, seen the affidavit and application for the search warrant issued on September 15, 2005.  By separate motion (Docket #39) the Government has moved for the limited unsealing of that affidavit for purposes of providing it to the defendants in this case.

---

[3] Defendant Springer refers to the Court as "this 28 U.S.C. §116(a) United States District Court."

-10-

Despite having no knowledge of the affidavit's contents, defendant Springer says

> There is no question that Meadors, Nelson, Horn and Shern, with others possibly, obtained the search warrant on September 15, 2005, with false and misleading testimony and affidavit(s). [Motion (doc. 35) at p.9]

Defendant Springer admits that he has not seen the affidavit for the search warrant, yet he contends that there were falsities in it, and says that he anticipates filing a motion to suppress the evidence taken in that search (presumably under the authority of *Franks v. Delaware*, 438 U.S. 154 (1978). However, no such motion has been filed, and this motion pertains only to whether or not the Government should be restrained from providing discovery to defendant Springer's co-defendant, Oscar Amos Stilley.

Defendant Springer does not indicate, in his motion, whether co-defendant Stilley agrees with this motion. Both defendants, having requested discovery, were offered discovery (in CD/DVD form) as of April 10, 2009. Irrespective of whether defendant Springer files a motion to suppress that evidence some time in the future, the Government believes that co-defendant Oscar Stilley is entitled to the discovery items being provided. Defendants Springer and Stilley are jointly charged in this Indictment with conspiracy, and defendant Stilley is also charged with aiding and abetting defendant Springer's tax evasion. Therefore, it would appear that defendant Stilley is entitled to see the discovery–including items taken in the search of co-defendant Springer's residence pursuant to the search warrant on September 16, 2005–even if this Court should subsequently grant defendant Springer's yet to be filed motion to suppress the fruits of

that search. Defendant Springer has cited no authority abrogating the duty of the Government under Rule 16, Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963), and progeny, to provide discovery to co-defendant Stilley.  Further, even if defendant Springer's suppression motion is made, and is successful, those items could be utilized in evidence, against co-defendant Stilley because he would not have "standing" to suppress them.  *See:  Rakas v. Illinois*, 439 U.S. 128, 148 - 150 (1978); *United States v. Beckstead*, 500 F.3d 1154, 1162-63 (10th Cir. 2007), *citing United States v. Ladeaux*, 454 F.3d 1107, 1172 (10th Cir. 2006); *United States v. De Luca*, 269 F.3d 1128, 1131 (10th Cir 2001); *United States v. Hernandez*, 57 F.3d 895, 898 (10th cir. 1995); and *United States v. Jones*, 44 F.3d 860, 871 (10th Cir. 1995).  Accordingly, defendant Stilley has the right to see these items of discovery.

For the foregoing reasons, the Government believes that no order should now be issued directing the United States to cease turning over discovery to co-defendant Oscar Stilley (or to defendant Springer, for that matter) pending a prospective motion to suppress the fruits of the search, pursuant to a search warrant, of the residence of defendant Springer on September 16, 2005.  To grant such an order would only delay the trial in the case, and no doubt would provide a basis for defendants later claiming that the Government withheld exculpatory or other discoverable evidence from co-defendant Stilley, if not from defendant Springer.

F.  Motion to Unseal in 03-CR-55E (Docket #36)

Defendant Springer seeks to unseal the following docket entries in *United States v. Patterson*, 03-CR-55EA: 169, 173, 180, 181, 182, 183, 186, 188, 196 and 197. Defendant Springer also seeks to unseal the transcript of the Sentencing Hearing. After conferring with Assistant U.S. Attorney Douglas Horn, the United States sought the Court's authorization to provide the defendants with all sealed entries from *United States v. Patterson*, 03-CR-55EA, consistent with the Court's Protective Order (Docket #26) by Motion dated April 15, 2009. Docket #39 and #40.

G.  Motion to Unseal Affidavit and Transcript of Meeting
    on September 15, 2005 (Docket # 37)

Defendant Springer seeks to unseal the affidavit submitted with the search warrant subsequently authorized by the Honorable Magistrate Judge Frank H. McCarthy. As indicated by the Government's Motion for Limited Unsealing dated April 15, 2009 (Docket #39), the Government joins Defendant's motion to unseal the affidavit, subject to the restrictions imposed by Protective Order dated April 2, 2009 (Docket #26). Docket #39 and #40.

The Government opposes Defendant's motion in so far as it attempts to unseal "the transcript or whatever recording made of the ex parte meeting between [Assistant U.S. Attorney Melody Noble] Nelson and the Honorable Magistrate Judge Frank H. McCarthy." Defendant's Motion to Unseal Affidavit (Docket #37), p.1. Defendant

provides no basis for disclosing this material, and the request is outside the Government's discovery obligations.

    H.    <u>Conclusion</u>

For the foregoing reasons, the following motions should be denied: Defendant Springer's Motion for In Camera Review of Fifth Amendment Proffer (Docket #6 and #7); Defendants' Motions for Bill of Particulars (Docket #8 and #33); Defendant Springer's Motion for Clarification with Respect to Specific Legal Authority for Appointment of Judge in Trial of Instant Case (Docket #30); Defendant Springer's Motion for Protective Order Pending Resolution of Prospective Franks Hearing (Docket #35). With respect to Defendant Springer's Motion to Unseal in 03-CR-55E (Docket #36) and Motion to Unseal Affidavit and Transcript of Meeting on September 15, 2005 (Docket #37), should be denied as moot, in part, and otherwise denied.

    Respectfully submitted,

    DAVID E. O'MEILIA
    UNITED STATES ATTORNEY

    */s/ Charles A. O'Reilly*
    CHARLES A. O'REILLY, CBA NO. 160980
    Trial Attorney, Dept. of Justice
    KENNETH P. SNOKE, OBA NO. 8437
    Assistant United States Attorney
    110 West Seventh Street, Suite 300
    Tulsa, Oklahoma  74119
    (918) 382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

                                          */s/ Charles A. O'Reilly*
                                          Trial Attorney, Dept. of Justice