IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                            Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.

MEMORANDUM OF LAW IN SUPPORT OF SPRINGER'S SECOND
MOTION TO DISMISS RAISING PUBLIC PROTECTION

Lindsey Kent Springer ("Springer"), files this Memorandum of Law in support of his Second Motion to Dismiss the document labeled "INDICTMENT" dated March 10, 2009, based upon the "complete defense"[1] provided pursuant to Title 44, Section 3512 and their regulations.

A.     **SUMMARY OF CHARGES IN COUNTS ONE THROUGH SIX**

Each of the Six Counts in the Grand Jury Indictment rely heavily on the presumption that Springer was required to provide information regarding "income"[2]

---

[1] In an unpublished order dated May 1, 2007, a panel of judges concluded Springer could not raise the PRA as a Plaintiff and that it can only be raised as a complete defense. *See Springer v. Internal Revenue Serv., ex rel. United States*, 2007 WL 1252475, at * 13 (10th Cir. May 1, 2007)

[2] The term "income" is not defined by Congress and at the heart of the DOJ's push is whether income in the form of gifts under section 102 was "gross income" the receipt of which required some form of reporting by Springer.

to the Internal Revenue Service on either an "individual income tax return" or a "United States Individual Income Tax Return."  See Parag. 6, 41,43,45,47 and 49.

**B.      LEGAL ARGUMENT IN FAVOR OF DISMISSAL PURSUANT TO VIOLATIONS OF THE PAPERWORK REDUCTION ACT AND CERTAIN RELEVANT REGULATIONS.**

The Supreme Court has made clear that tax forms such as the 1040 are information collection requests within the meaning of the Paperwork Reduction Act of 1980. *Dole v. United Steelworkers of America*, 494 U.S. 26, 33 (1990) ("Typical information collection requests include tax forms, medicare forms, financial loan applications, job applications, questionnaires, compliance reports, and tax or business records. "The PRA has a public liability provision stating, "[n]otwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information . . . if the collection of information does not display a valid control number."44 U.S.C. § 3512(a). Lewis v. CIR, 523 F.35 1272, 1274

Section 3512 actually reads:

**Public protection:**

(1).  Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this chapter if--

(a) **the collection of information does not display a valid control number assigned by the Director in accordance with this chapter**; or

(b) the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.

(2)**. The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the**

2

**agency administrative process or judicial action applicable thereto**.

The PRA, 44 U.S.C. §§ 3501-20, precludes the imposition of any penalty against a person for "failing to comply with a collection of information" if either (1) it "does not display a valid control number" or (2) the agency fails to alert the person that he or she "is not required to respond to the collection of information unless it displays a valid control number." 44 U.S.C. § 3512(a). A § 3512(a) defense may be raised at any time. *See id.* § 3512(b). Tax forms are covered by the PRA. *See Dole v. United Steelworkers of Am.*, 494 U.S. 26, 33, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990). Mr. Chisum contends that "[s]ince there was no proof that Form 1040 was a lawful form under the [PRA], the trial court erred in failing to grant [his] request [at the sentencing hearing] to dismiss the indictment." Aplt. Br. at 29. **But the PRA only protects a person from failing to file information.** It does not protect one who files information which is false." *Collins*, 920 F.2d at 630 n. 13 (internal quotation marks omitted). The charges against Mr. Chisum were predicated on the filing of false information, **not the failure to file**. He is therefore not entitled to relief. U.S. v. Chisum, 502 F.3d 1237, 1244 (10th Cir. 2007)

Footnote 13 in U.S. v. Collins, 920 F.2d 619 (10th Cir. 1990) cited above by the Chisum Panel states:

> [fn13] In United States v. Weiss, 914 F.2d 1514, 1520-22 (2d Cir. 1990), the Second Circuit held that the Paperwork Reduction Act did not preclude prosecution for filing false medicare and Medicaid claims, despite the fact that the forms in question did not contain OMB control numbers. Distinguishing Smith, where defendants were prosecuted for

3

failure to file a Plan of Operations with the Forest Service, the Second Circuit reasoned that the Act "`**only protects a person from penalties for failing to files information It does not protect one who files information which is false.'''** Id. at 1522 (quoting Funk, The Paperwork Reduction Act: Paperwork Reduction Meets Administrative Law, 24 Harv.J. on Legis. 1, 77 n. 411 (1987)) (emphasis in original). We recognize that because defendant was charged with tax evasion and not failure to file tax returns, he technically was not being prosecuted for failure to provide information. Had defendant's tax evasion been effectuated through the filing of falsified tax returns, Weiss would dictate that no Paperwork Reduction Defense would be available to him. **But because the provision of information in 1040 forms is inexorably linked to the statutory requirement to pay taxes, and defendant failed to file such forms, the Paperwork Reduction Act was applicable to such conduct.**

There can be no doubt that whether the Form 1040 complied with the Paperwork Reduction Act of 1995 is a complete defense and can be raised at any time.  Equally, there can be no doubt that this complete defense applies whether the charges are willful failure to file, tax evasion, or conspiracy which includes and hinges upon a "failure to provide information" component.

**C.      THE FORM 1040 FOR EACH CALENDER YEAR 2000, 2002, 2003, 2004 and 2005 DO NOT COMPLY WITH THE CERTIFICATION MADE BY INTERNAL REVENUE SERVICE IN OBTAINING APPROVAL NUMBER OMB # 1545-0074.**

In order for any Agency to obtain approval to gather information from the public using any "form" they "must formulate a plan for tabulating the information in a useful manner. Agencies are also required to minimize the burden on the public to the extent practicable. See 44 U.S.C. § 3507(a) (1) (1982 ed. and Supp. V). In addition, the Act institutes a second layer of review by OMB for new paperwork requirements. **After an agency has satisfied itself that an instrument for collecting**

**information - termed an "information collection request" - is needed, the agency must submit the request to OMB for approval**. See 44 U.S.C. § 3507(a)(2) (1982 ed., Supp. V)

The Paperwork Reduction "Act prohibits any federal agency from adopting regulations which impose paperwork requirements on the public unless the information is not available to the agency from another source within the Federal Government. See *Dole v. United Steelworkers of Am.*, 494 U.S. 26, 32, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990)

In Center for Safety v. National HWY TRAF., 244 F.3d 144, 148 (D.C. Cir. 2001) a Panel of the D.C. Circuit held that a request by NHTSA "was not enforceable as a result of the Paperwork Reduction Act and, therefore, we find that the submissions cannot be considered mandatory."   The Regulations drafted by the Office of Management and Budget are promulgated at 5 C.F.R. 1320.   See Lewis at 1277 "OMB has promulgated regulations relating to the PRA. See generally 5 C.F.R. part 1320. These regulations may to some extent be inconsistent with 44 U.S.C. § 3512. See 5 C.F.R. § 1320.5."   U.S. v. Smith, 866 F.2d 1092, 1099 (9th Cir. 1989); See Collins, 631 ("prosecution for failure to file a Plan of Operations with the Forest Service barred under § 3512 of the Act because the filing requirement was imposed pursuant to an information collection request which lacked an OMB control number).

The Application by the Internal Revenue Service to obtain approval to seek

information on Form 1040 is referred to as Form 83-I.  The regulations encompassing the Paperwork Reduction Act submissions is found at 5 C.F.R. §§ 1300-1399. Relevant for this Motion is 5 C.F.R. 1320.9

**Section 1320.9 Agency certifications for proposed collections of information.**

As part of the agency submission to OMB of a proposed collection of information, the agency (through the head of the agency, the Senior Official, or their designee) **shall certify (and provide a record supporting such certification**) that the **proposed collection of information**—

(a) Is necessary for the proper performance of the functions of the agency, including that the information to be collected will have practical utility;

(b) Is not unnecessarily duplicative of information otherwise reasonably accessible to the agency;

(c) Reduces to the extent practicable and appropriate the burden on persons who shall provide information to or for the agency, including with respect to small entities, as defined in the Regulatory Flexibility Act (5 U.S.C. 601(6)),the use of such techniques as:

(1) Establishing differing compliance or reporting requirements or timetables that take into account the resources available to those who are to respond;

(2) The clarification, consolidation, or simplification of compliance and reporting requirements; or

(3) An exemption from coverage of the collection of information, or any part thereof;

(d) **Is written using plain, coherent, and unambiguous terminology and is understandable to those who are to respond**;

(e) Is to be implemented in ways consistent and compatible, to the

6

maximum extent practicable, with the existing reporting and recordkeeping practices of those who are to respond;

(f) **Indicates for each recordkeeping requirement the length of time persons are required to maintain the records specified**;

(g) **Informs potential respondents of the information called for under § 1320.8(b)(3);**

(h) Has been developed by an office that has planned and allocated resources for the efficient and effective management and use of the information to be collected, including the processing of the information in a manner which shall enhance, where appropriate, the utility of the information to agencies and the public;

(i) Uses effective and efficient statistical survey methodology appropriate to the purpose for which the information is to be collected; and

(j) To the maximum extent practicable, uses appropriate information technology to reduce burden and improve data quality, agency efficiency and responsiveness to the public

In short, the "certification" requires that the request Form be **"written using plain, coherent, and unambiguous terminology and is understandable to those who are to respond."**   Furthermore, it must "**Indicates for each recordkeeping requirement the length of time persons are required to maintain the records specified.**" And, it must **Inform "potential respondents of the information called for under § 1320.8(b)(3)."**  None of these requirements have bee met on Form 1040.

Attached to this Memorandum is each "U.S. Individual Income Tax" Form 1040 for year 2000 through 2005, with the exception of 2001.  See Exhibit 1,2,3,4 and 5.  Each of these forms display 1545-0074.

The Certification made by the Internal Revenue Service in obtaining OMB # 1545-0074, contained a promise that "it" would contain the following under 5 C.F.R. 1320.9(d), (f) and (g).

1320.8(b)(3) provides:

(3) Informs and provides reasonable notice to the potential persons to whom the collection of information is addressed of—

(i) The reasons the information is planned to be and/or has been collected;

(ii) The way such information is planned to be and/or has been used to further the proper performance of the functions of the agency;

(iii) An estimate, to the extent practicable, of the average burden of the collection (together with a request that the public direct to the agency any comments concerning the accuracy of this burden estimate and any suggestions for reducing this burden);

(iv) Whether responses to the collection of information are voluntary, required to obtain or retain a benefit (citing authority), or mandatory (citing authority);

(v) The nature and extent of confidentiality to be provided, if any (citing authority); and

(vi) The fact that an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

The Form 1040 and OMB # 1545-0074 affix to one another for years 2000, 2002, 2003, 2004 and 2005, by way of Internal Revenue Service certifying or promising to provide the information listed in 5 C.F.R. § 1320.8(b)(3), as listed in 5 C.F.R. § 1320.9,

including (d), (f) and (g) on Form 1040. The 83I application for 1998, 2001[3] and 2004, are attached as Exhibit 6,7 and 8, respectively.  The 83I refers to the word "it" to explain the certification.   For instance, the Internal Revenue Service certifies that the "collection of information encompassed by this request" contains the following: a) it is necessary; b) it avoids; c) it reduces; d) it uses; e) its implementation; f) it indicates; g) it informs; h) it was developed.  It it it!  See Exhibit 6, pg. 2, Exhibit 7, pg. 5 and Exhibit 8, pg. 2.

OMB does not approve Form 1040 by looking at the form and confirming "it" contains the requirements of 5 C.F.R. 1320.8(b)(3).  How could they?  Anyone who looks at "it" can tell "it" does not contain any of the information required by 5 C.F.R. 1320.8(b)(3) for years 2000, 2002, 2003, 2004 and 2005.  Compare Exhibit 1,2,3,4 and 5 attached hereto.  There would otherwise be no need for the certification if the form is approved by OMB by reviewing "it."

Furthermore, there is no reference to any "instruction booklet" that contains the requirements of 5 C.F.R. § 1320.8(b)(3) on Form 1040 for any of the years at issue in the Grand Jury indictment dated March 10, 2009.  In fact there is no mention of any specific place these requirements can be found anywhere on Form 1040.

---

[3]Applications are for 3 year periods with Form 83Cs required to amend during the 3 year period.  In 1995 there was no application whatsoever.  For the year 2005 Form, Internal Revenue Service decided to abort their 212 different request Forms displaying separate approval numbers and since January 2006, to present, display 1545-0074 on all 212 Forms, including the Form 1040 at issue in Counts One and Four.  The First 83I filed by the IRS was for 1998, 1999 and 2000.

As is plain to see, to get OMB to "assign" approval number 1545-0074 to the Internal Revenue Service, the service had to "certify" its Form displaying 1545-0074 would contain the requirements of 5 C.F.R. § 1320.8(b)(3).   Springer has diligently sought such compliant request form and after careful review at IRS.gov, no such Form displaying 1545-0074 containing the information "it" is required to display could be located at any public place.

The Government presented no valid Form 1040 to the Grand Jury to obtain the "indictment" in this case and the Government has no Form 1040 that complies with 5 C.F.R. §§ 1320.9 and 1320.8(b)(3) to present to any Jury or this Court to consider whether Springer was required to provide any information to the Internal Revenue Service on any non-compliant request Form.

Because the Form 1040 for 2000, 2002, 2003, 2004 and 2005, does not comply with 5 C.F.R. §§ 1320.9 and 1320.8(b)(3), the Form 1040 ("the collection of information") does not display a valid control number **assigned by the Director in accordance with this chapter** because it does not display what Internal Revenue Service certified to OMB that it would display when the Internal Revenue Service presented their 83I for "assignment" and to which OMB premised approval for 1545-0074 upon such certification.

Since the Form 1040 for the years in question does not comply with the certification Internal Revenue Service agreed to when it obtained purported approval of 1545-0074 from OMB, and because had no certification been

presented no approval would have been given for any number, whatsoever, 44

U.S.C. § 3512(b), and the relevant case law cited above, directs the "public

provision" is a "complete defense" to the charges that Springer failed to provide

information on any U.S. Individual Income Tax Form 1040 to the Agency assigned

1545-0074.

<div align="center">CONCLUSION</div>

Lindsey Kent Springer respectfully requests this Court dismiss each Count of

the Grand Jury indictment dated March 10, 2009, based upon the "complete

defense" under 44  U.S.C. § 3512(b), from being penalized, as mandated by 44

U.S.C. § 3512(a),  and as hold he cannot be subject to any penalty for failure to

provide information on Form 1040 for 2000, 2002, 2003, 2004 and 2005, due to the

fact such information collection requests did not display any compliance with 5

C.F.R. §§ 1320.9 and 1320.8(b)(3), at the time or times required by law, and that

the approval of OMB # 1545-0074 was contingent upon the information required

by such application to be displayed along with such approval number on "it"

per the certification contained in the Form 83I for 1998, 2001 and 2004, to be

valid,  and that no such compliance is displayed on any Form 1040 for the years

at issue in the Grand Jury indictment.

<div style="margin-left: 40%;">
Respectfully Submitted<br>
/s/ Lindsey K. Springer<br>
<u>Lindsey K. Springer</u><br>
5147 S. Harvard, # 116<br>
Tulsa, Oklahoma 74135<br>
918-748-5539/955-8225(cell)
</div>

<div align="center">11</div>

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

Memorandum of Law in Support of his Second  Motion To Dismiss  was ecf'd on

May  15, 2009, to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


/s/ Lindsey K. Springer
Signature

12