IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDSEY K. SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-466-F |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SECOND DECLARATION OF IRS SETTLEMENT OFFICER SCOTT PENNY**

I, SCOTT PENNY, also known as Gregory S. Penny, declare that:

1.  I am a duly commissioned Revenue Officer who is employed by the Internal Revenue Service ("IRS") as a Settlement Officer in the Office of Appeals in Dallas Area 7, Group 1, in Oklahoma City, Oklahoma.

2.  As a Settlement Officer, I am responsible for conducting Collection Due Process (CDP) hearings. My duties in this regard include, but are not limited to, obtaining verification that the IRS has followed the requirements of any applicable law or administrative procedure, considering any and all relevant issues raised by the taxpayer at the hearing that relate to the unpaid tax or the proposed IRS levy, and, subject to supervisory review and approval, making final administrative determinations and issuing the Notice of Determination. I have been employed as a Revenue Officer since 1987, and as a Settlement Officer since 2001.

3.  This Declaration is executed in support of the United States' Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order.

652112.1

4. Except where specifically noted to the contrary, I have personal knowledge of the facts set forth in this Declaration, and, if called upon to testify to said facts, could do so competently.

5. Attached to this Declaration as Exhibits 7 and 8 are true and correct copies of the final notices of determination issued to the taxpayer, Lindsey K. Springer, on August 16, 2005, with respect to his request for a collection due process hearing under IRC § 6330 concerning: (1) his federal income tax liabilities for the tax years ending December 31, 1990 through December 31, 1995, inclusive; and (2) his liability for the IRC § 6673 penalty imposed by the United States Tax Court.

6. I prepared the notices of determination described in paragraph 5, above, following the telephone hearing with the taxpayer, Lindsey K. Springer. These notices of determination were subsequently reviewed by my supervisor, Leland Neubauer, who approved and signed them as the IRS Appeals Team Manager. This was done in accordance with our internal operating procedures that provide for the review of notices of determination to ensure factual and legal accuracy.

7. Although the notices of determination described above were issued to the taxpayer on August 16, 2005, the IRS has not, and will not, attempt to levy upon any property and rights to property belonging to the taxpayer (or commence any proceeding to collect the federal taxes assessed against the taxpayer) prior to the expiration of the period provided for the suspension of collections in IRC § 6330.

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2005.

*[signature: Scott Penny]*
SCOTT PENNY
Settlement Officer
Internal Revenue Service

Internal Revenue Service                                    Department of the Treasury
Appeals Office
55 North Robinson Street                        **Person to Contact:**
STOP 8000 OKC                                     Scott Penny
Oklahoma City, OK  73102                          Employee ID Number: 73-0447
                                                  Tel:  (405) 297-4937
                                                  Fax: (405) 297-4938

Date: AUG 1 6 2005                              **Refer Reply to:**
                                                  AP:FW:OKL:GSP
                                                **SSN/EIN Number:**
LINDSEY K. SPRINGER                               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
5147 S. HARVARD, #116                           **Tax Type/Form Number:**
TULSA, OK  74135                                  Income Tax / Form 1040
                                                **In Re:**
                                                  Collection Due Process Hearing
                                                  (Tax Court)
                                                **Tax Period(s) Ended:**
                                                  December 31, 1990; December 31, 1991;
                                                  December 31, 1992; December 31, 1993;
                                                  December 31, 1994; December 31, 1995

**Certified Mail**

# NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Mr. Springer:

We have reviewed the taken or proposed collection action for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions about them.

If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter.

To get a petition form and the rules for filing a petition, write to: Clerk, United States Tax Court, 400 Second Street, NW, Washington, D.C. 20217, or access the Tax Court website at www.ustaxcourt.gov.

The Tax Court has a simplified procedure for an appeal under section 6330(d)(1)(A) of a determination in which the unpaid tax does not exceed $50,000. You also can get information about this procedure by writing to the Tax Court, or accessing the Tax Court website at www.ustaxcourt.gov.

The time limit for filing your petition is fixed by law. The courts cannot consider your case if you file late. If the court determines that you filed your petition with the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not petition the court within the time frame provided by law, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s).

GOVERNMENT
EXHIBIT
7

If you have any questions, please contact the person whose name and telephone number are shown above.

## Summary of Determination

It has been determined that all legal and administrative requirements were met in the issuance of Letter 1058, Final Notice and Notice of Intent to Levy. A collection alternative to the proposed levy action could not be determined due to the reasons outlined in the attachment to this letter. The decision to levy is sustained.

Sincerely,

Leland Neubauer
Appeals Team Manager

Attachment - Letter 3193, Notice of Determination

I. Applicable Law and Administrative Procedures

IRC § 6201 provides the authority for assessment of all taxes determined by the taxpayer or the Secretary as to which returns are made under this title. Valid assessments have been made for each tax period listed on Letter 1058, Final Notice and Notice of Intent to Levy (Letter 1058).

IRC § 6303 provides that the Secretary shall, as soon as practicable, and within 60 days, after the making of the assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax. According to internal transcripts, this notice was mailed to your last known address for each tax period listed on Letter 1058.

IRC § 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. According to internal computer transcripts, you were issued a notice and demand for payment and failed to satisfy the outstanding obligation, thus creating the statutory lien.

IRC § 6330 provides for Collection Due Process Hearing upon notification of the Services intent to levy. Letter 1058 informs the taxpayer of the proposed levy action and the collection due process rights. This letter was sent, after identifying a levy source, by certified mail to your last known address on March 2, 2005. Your request for Hearing was received on March 25, 2005 bearing a postmark of March 19, 2005, which was within the prescribed time frame for requesting such Hearing.

IRC § 6330(c)(2)(B), reads, in part, the person may also raise at the Hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. According to internal records, you were previously issued the Statutory Notice of Deficiency (SND) for the proposed tax for the income tax years in question. You requested an appeal upon receipt of the SND. The Office of Appeals conceded a portion of the tax. You then exercised your right to petition Tax Court. Tax Court eventually dismissed the case and ordered the sanction under IRC 6673. Therefore, you were not allowed to challenge to the existence or amount of the liability during the collection Due Process Hearing.

IRC § 6673(a)(1) provides for sanctions and costs awarded by the courts whenever it appears to the Tax Court that-
    A. proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
    B. the taxpayer's position in such proceeding is frivolous or groundless, or
    C. the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay the United States a penalty not in excess of $25,000.

The Settlement Officer has had no prior involvement with respect to these liabilities.

## II. Relevant Issues Presented by the Taxpayer

- **Appropriate Spousal Defenses**

The innocent spouse defense was not raised during the Hearing.

- **Challenges to the Existence or Amount of the Liability**

You did challenge the existence of the liability. However, your challenge to the outstanding income tax liabilities was precluded from being addressed during the Hearing due to your prior ability to appeal the proposed assessments. It has been determined that all proper administrative steps have been taken by the Service as demonstrated in fact by the previously provided transcripts of account. The Tax Court has found that the transcripts satisfy the requirement under IRC § 6330(c)(1) to verify, "that the requirements of any applicable law or administrative procedures have been met." Unfounded allegations would be indicative of a frivolous collection due process appeal subject to monetary sanctions by the Tax Court under IRC § 6673(a)(1). Pierson v. Commissioner, 115 T.C. No. 39 (December 14, 2000).

- **Challenges to the Appropriateness of the Collection Action**

No challenges were made with regard to the appropriateness of the proposed levy action except your claim that you do not owe the outstanding tax liabilities. The challenges you raised were considered frivolous and were not addressed.

- **Collection Alternatives Offered by the Taxpayer**

During the Hearing, several alternatives to the proposed levy action were discussed. However, any challenge to the outstanding income tax liabilities, including an Offer in Compromise under doubt as to liability, was precluded from the Hearing. Viable alternatives to the proposed levy action could not be considered as you have neglected to file income tax returns for the 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003 & 2004 tax years. Nor were you interested in discussing viable collection resolutions. Therefore, a determination was made based on the facts and circumstances as demonstrated in the case file. At this time, you do not qualify for an alternative to the proposed levy action. The decision to levy is sustained.

- **Other issues Raised by the Taxpayer**

No other non-frivolous issues were raised.

## III. Balancing Efficient Collection and Intrusiveness

All legal and administrative procedures were followed in the issuance of Letter 1058. Your neglect to comply with the Federal filing and payment requirements eliminate any consideration to alternatives to the proposed levy action. Therefore, the proposed levy action balances the Government's need to efficiently collect the tax liability with your legitimate concerns of intrusiveness.

| | |
|---|---|
| Internal Revenue Service<br>Appeals Office<br>55 North Robinson Street<br>STOP 8000 OKC<br>Oklahoma City, OK 73102 | Department of the Treasury<br><br>**Person to Contact:**<br>Scott Penny<br>Employee ID Number: 73-0447<br>Tel: (405) 297-4937<br>Fax: (405) 297-4938 |
| Date: **AUG 1 6 2005** | **Refer Reply to:**<br>AP:FW:OKL:GSP<br>**SSN/EIN Number:**<br>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 |
| LINDSEY K. SPRINGER<br>5147 S. HARVARD, #116<br>TULSA, OK 74135 | **Tax Type/Form Number:**<br>Civil Penalty / IRC 6673<br>**In Re:**<br>Collection Due Process Hearing<br>(District Court)<br>**Tax Period(s) Ended:**<br>December 31, 1996 |

**Certified Mail**

## NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Mr. Springer:

We have reviewed the taken or proposed collection action for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s).

GOVERNMENT EXHIBIT 8

If you have any questions, please contact the person whose name and telephone number are shown above.

## Summary of Determination

All legal and administrative requirements were met in the issuance of Letter 1058, Final Notice and Notice of Intent to Levy. A collection alternative to the proposed levy action could not be determined due to the reasons outlined in the attachment to this letter. The decision to levy is sustained.

Sincerely,

Leland Neubauer
Appeals Team Manager

## Attachment - Letter 3194, Notice of Determination

### I. Applicable Law and Administrative Procedures

IRC § 6201 provides the authority for assessment of all taxes determined by the taxpayer or the Secretary as to which returns are made under this title. A valid assessment has been made for the tax period listed on Letter 1058, Final Notice and Notice of Intent to Levy (Letter 1058).

IRC § 6303 provides that the Secretary shall, as soon as practicable, and within 60 days, after the making of the assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax. According to internal transcripts, this notice was mailed to your last known address for the tax period listed on Letter 1058.

IRC § 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. According to internal computer transcripts, you were issued a notice and demand for payment and failed to satisfy the outstanding obligation, thus creating the statutory lien.

IRC § 6330 provides for Collection Due Process Hearing upon notification of the Services intent to levy. Letter 1058 informs the taxpayer of the proposed levy action and the collection due process rights. This letter was sent, after identifying a levy source, by certified mail to your last known address on March 2, 2005. Your request for Hearing was received on March 25, 2005 bearing a postmark of March 19, 2005, which was within the prescribed time frame for requesting such Hearing.

IRC § 6330(c)(2)(B), reads, in part, the person may also raise at the Hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. According to internal records, you were previously issued the Statutory Notice of Deficiency (SND) for the proposed income tax liability for the income tax years in question. You requested an appeal upon receipt of the SND. The Office of Appeals conceded a portion of the tax. You then exercised your right to petition Tax Court. Tax Court eventually dismissed the case and ordered the sanction under IRC 6673. Therefore, you were not allowed to challenge to the existence or amount of the liability during the Collection Due Process Hearing.

IRC § 6673(a)(1) provides for sanctions and costs awarded by the courts whenever it appears to the Tax Court that-
    A. proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
    B. the taxpayer's position in such proceeding is frivolous or groundless, or
    C. the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay the United States a penalty not in excess of $25,000.

3

The Settlement Officer has had no prior involvement with respect to these liabilities.

## II. Relevant Issues Presented by the Taxpayer

- **Appropriate Spousal Defenses**

The innocent spouse defense was not raised during the Hearing.

- **Challenges to the Existence or Amount of the Liability**

You did challenge the existence of the liability. However, your challenge to the outstanding income tax liabilities was precluded from being addressed during the Hearing due to your prior ability to appeal the proposed assessments. It has been determined that all proper administrative steps have been taken by the Service as demonstrated in fact by the previously provided transcripts of account. The Tax Court has found that the transcripts satisfy the requirement under IRC § 6330(c)(1) to verify, "that the requirements of any applicable law or administrative procedures have been met." Unfounded allegations would be indicative of a frivolous collection due process appeal subject to monetary sanctions by the Tax Court under IRC § 6673(a)(1). Pierson v. Commissioner, 115 T.C. No. 39 (December 14, 2000).

Your challenge to the outstanding civil penalty was considered. However, this penalty arose as a sanction ordered by Tax Court. All legal and administrative requirements were met in the assessment of this penalty.

- **Challenges to the Appropriateness of the Collection Action**

No challenges were made with regard to the appropriateness of the proposed levy action except your claim that you do not owe the outstanding tax liabilities. The challenges you raised were considered frivolous and were not addressed.

- **Collection Alternatives Offered by the Taxpayer**

During the Hearing, several alternatives to the proposed levy action were discussed. However, any challenge to the outstanding income tax liabilities, including an Offer in Compromise under doubt as to liability, was precluded from the Hearing. Viable alternatives to the proposed levy action could not be considered as you have neglected to file income tax returns for the 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003 & 2004 tax years. Nor were you interested in discussing viable collection resolutions. Therefore, a determination was made based on the facts and circumstances as demonstrated in the case file. At this time, you do not qualify for an alternative to the proposed levy action. The decision to levy is sustained.

- **Other issues Raised by the Taxpayer**

No other non-frivolous issues were raised.

4

## III. Balancing Efficient Collection and Intrusiveness

All legal and administrative procedures were followed in the issuance of Letter 1058. Your neglect to comply with the Federal filing and payment requirements eliminate any consideration to alternatives to the proposed levy action. Therefore, the proposed levy action balances the Government's need to efficiently collect the tax liability with your legitimate concerns of intrusiveness.