# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OKLAHOMA

LINDSEY K. SPRINGER,          )
                                     )
          Plaintiff,         )
                                     )
vs.                           )   Case No. 06-CV-156-GKF-FHM
                                     )
DOUGLAS HORN, Individually;    )
MELODY NOBLE NELSON,        )
Individually; BRIAN SHERN,      )
Individually; and 10 Unknown Agents  )
of the Internal Revenue Service,      )
Individually; and Others Unknown,   )
Individually,                 )
                                     )
          Defendants.     )

## DECLARATION OF IRS SPECIAL AGENT BRIAN SHERN

I, BRIAN SHERN, declare that:

1.     I am a duly commissioned Special Agent with the Criminal Investigation Division of the Internal Revenue Service with post of duty in Tulsa, Oklahoma.  I have been a Special Agent since February 11, 2005.

2.     This Declaration is being executed in support of the individual federal defendants' motion for summary judgment in the above-captioned civil action.  I am one of the defendants in this civil action.

3.     Except where specifically noted to the contrary, I have personal knowledge of the facts set forth in this Declaration, and, if called upon to testify to said facts, could do so competently.

4.     As a Special Agent with the Internal Revenue Service – Criminal Investigation, I have the authority to perform all duties conferred upon such officers

2878673.1

under all laws and regulations administered by the Internal Revenue Service, including

the authority to investigate, execute and serve search warrants and arrest warrants, make

arrests without warrant, carry firearms, make seizures of property subject to forfeiture

and to require and receive information, as to all matters relating to such laws and

regulations.

5.      On or about April 26, 2005, I was assigned as the case agent to conduct an

investigation of Lindsey Springer for allegations of violations of Title 26, United States

Code, including tax evasion and failure to file income tax returns.  On September 15,

2005, I presented an application and affidavit for search warrant to search Springer's

residence in Kellyville, Oklahoma, to United States Magistrate Judge Frank H.

McCarthy.  On the same date, Magistrate Judge McCarthy signed a search warrant to

search Lindsey Springer's Kellyville, Oklahoma, residence.  A true and correct copy of

the Search Warrant (including Attachments A and B thereto) is attached to this

Declaration as Exhibit 4.

### The execution of the search warrant on September 16, 2005

6.      The authority of Special Agents of the Internal Revenue Service –

Criminal Investigation to execute search warrants is set forth in section 7608(b) of the

Internal Revenue Code (26 U.S.C.).  On September 16, 2005, I and ten other Special

Agents with the Internal Revenue Service – Criminal Investigation executed a search

warrant signed by U.S. Magistrate Judge Frank H. McCarthy on September 15, 2005,

with respect to the personal residence of Lindsey K. Springer in Kellyville, Oklahoma.

7.      I arrived at Lindsey Springer's residence in Kellyville, Oklahoma at

approximately 8:20 a.m. on the morning of September 16, 2005.  At the outset of the

2878673.1

execution of the search warrant, I explained to Mr. Springer that we were conducting a search of his residence in accordance with the search warrant signed by Magistrate Judge McCarthy on September 15, 2005. I showed Mr. Springer a copy of the search warrant. To ensure the safety of both Mr. Springer and the IRS Special Agents who were assigned to assist me in the execution of the search warrant, Mr. Springer was asked if any firearms or weapons were located in his home.

8.      In the presence of IRS Special Agent Donald G. Shoemake, I asked Mr. Springer if there was a more private place where we could speak to him. Mr. Springer led Agent Shoemake and myself to an upstairs bedroom where we interviewed Mr. Springer from approximately 8:27 a.m. to approximately 11:20 a.m.

9.      At the conclusion of the search on September 16, 2005, all of the evidence seized from Lindsey Springer's residence was placed in the back of Supervisory Special Agent William R. Taylor's vehicle to be transported back to the IRS-CI Office in Tulsa, Oklahoma.

### The seized currency is counted at Arvest Bank

10.      After contacting IRS Special Agent Mark Parsons, a forfeiture specialist, it was decided by Supervisory Special Agent Taylor and myself that the currency seized from Mr. Springer's residence would be taken to a bank and converted into a cashier's check.

11.      Upon leaving Springer's residence in Kellyville, Oklahoma, Supervisory Special Agent Taylor and myself traveled to the Arvest Bank located at 10615 E. 81st Street in Tulsa, Oklahoma. Once we arrived at the Bank, we informed the branch manager, Julie Powders, that we needed to obtain a cashier's check.

2878673.1

12.    We gave the sealed evidence bag containing the currency seized from Springer's residence to Ms. Powders, who gave the evidence bag to a teller on duty to count the cash using a currency counting machine. The teller opened the evidence bag in order to count the currency seized from Springer's residence, and counted it using a counting machine.

13.    The teller who counted the currency contained in the evidence bag informed Supervisory Special Agent Taylor and myself that there was $17,000 in the evidence bag. We requested the teller to count the currency a second time, which she did. The count of the currency again came to $17,000.

14.    We requested a check for $17,000, which we obtained from the teller who had counted the currency. The $17,000 cashier's check was subsequently given to Special Agent Parsons to deposit.

**Springer's motion for the return of currency and car titles**

15.    After the execution of the search warrant on September 16, 2005, I was informed that Mr. Springer had filed a motion from the Court for the return of the currency and car titles seized from him on September 16, 2005. I was also informed that AUSA Nelson had responded to Mr. Springer's motion for the return of the currency and car titles, and that the District Court had denied Mr. Springer's motion.

16.    After the Court denied Mr. Springer's motion for the return of the currency and car titles, I was instructed by Assistant United States Attorney Douglas Horn to return the seized currency and car titles to Mr. Springer. I then made a request to Robin Bryant, a forfeiture specialist, to obtain the $17,000 to give back to Springer.

2878673.1

17.     On January 10, 2006, after I obtained a $17,000 Treasury Department check from Robin Bryant, I went to Springer's house in Kellyville, Oklahoma, to give him the $17,000 Treasury check.  A true and correct copy of the $17,000 Treasury check is attached to this Declaration as Exhibit 5

18.     After tendering the $17,000 Treasury check to Springer, I asked him to sign an Internal Revenue Service Release of Claim (hereinafter, "Release of Claim").  I wrote the handwritten words and figures that appear on the Release of Claim.  A true and correct copy of the Release of Claim signed by Lindsey Springer in my presence (and myself as witness), is attached to this Declaration as Exhibit 6.

19.     I was not present for the search of Mr. and Mrs. Springer's first-floor master bedroom, or the seizure of the currency pursuant to the search warrant issued by U.S. Magistrate Judge Frank H. McCarthy on September 15, 2005.  My sole involvement with the currency seized from Springer's residence was to take it, in a sealed evidence bag, to the Arvest Bank for counting.

20.     I did not steal any money from Lindsey K. Springer, or enter into any agreement or conspiracy with former Assistant United States Attorney Melody Nelson, Assistant United States Attorney Douglas Horn or any IRS Special Agent, or anyone else, to steal any money from Lindsey Springer.

2878673.1

## CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on November **28**, 2007.

_____
BRIAN SHERN
Special Agent
Internal Revenue Service

2878673.1

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the forgoing **DECLARATION** was filed

with the Clerk of the court electronically today, July 14, 2008, such that a service copy was sent

by way of the electronic filing system to the plaintiff and all counsel who have arranged for

electronic service of filings

_/s/ Robert D. Metcalfe_____
ROBERT D. METCALFE DC #423163
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C.  20044

AO 93 (Rev. 5/85) Search Warrant

# United States District Court

<u>NORTHERN</u>   District of   <u>OKLAHOMA</u>

In the Matter of the Search of
Name, address or brief description of person, property or premises to be searched)

Premises known as:
**25758 South 201ˢᵗ West Avenue**
**Kellyville, Oklahoma**

**SEARCH WARRANT**

Case No. _____

To: Brian M. Shern and any Authorized Officer of the United States:

Affidavit(s) having been made before me by Brian M. Shern, who has reason to believe that on the premises known as

    SEE ATTACHMENT A – LOCATION TO BE SEARCHED, ATTACHED HERETO AND MADE A PART HEREOF
    BY REFERENCE

in the Northern District of Oklahoma, there is now concealed certain property, namely

    SEE ATTACHMENT B – ITEMS TO BE SEIZED, ATTACHED HERETO AND MADE A PART HEREOF BY
    REFERENCE

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before    *9-25-05*
                                                        Date
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime — 6:00 A.M. to 10:00 P.M.) and if the person or property to be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to Magistrate Judge Frank H. McCarthy as required by law.

*9-15-05*    *4:01 PM*       at                    Tulsa, Oklahoma
Date and Time Issued

Frank H. McCarthy, U.S. Magistrate Judge               *Frank H. McCarthy*

Name and Title of Judicial Officer                 Signature of Judicial Officer

**EXHIBIT**

4

## ATTACHMENT A

## LOCATION TO BE SEARCHED

Two-story residence and curtilage, surrounding outbuildings, appurtenances, buses, automobiles, and property (including locked containers) of LINDSEY SPRINGER located at 25758 SOUTH 201ST WEST AVENUE, KELLYVILLE, OKLAHOMA, 74039, more specifically described as follows:

A two-story residence located on the west side of South 201st West Avenue. The entrance of the residence faces northeast. The residence is made of reddish-brown colored brick with light colored grayish siding covering the majority of the front of the residence. The door and windows of the residence are white. There is an unattached two-car garage and two small outbuildings that are perpendicular to the residence and face southeast. South 201st West Avenue is not identified with a street sign. It is 1.2 miles west of the turnpike gate on State Highway 33, which can be accessed from exit number 211 off the Turner Turnpike, headed westbound from Sapulpa. Adjacent to the entrance of South 201st West Avenue from State Highway 33 is a gray mailbox on a wooden post with the numbers "12244". The residence located at 25758 South 201st West Avenue is approximately one quarter-mile on South 201st West Avenue from this mailbox.

Attached is a map showing the location of the residence, a satellite photograph of the residence and surrounding area, and some photographs of the residence and the mailbox adjacent to the road leading up to the residence.











# ATTACHMENT B

## ITEMS TO BE SEIZED

Based on the foregoing, I respectfully submit that there is probable cause to believe that the following items, which constitute evidence of violations of Title 26, United States Code Sections 7201 and 7203, will be found at the location described in Attachment A in individual and business names including, but not limited to LINDSEY SPRINGER, OSCAR STILLEY, and BONDAGE BREAKERS MINISTRIES. All of the items to be seized as referenced below are for the year beginning January 1, 2000 through the execution of the warrant including the following:

1. Client billing records, fee schedules, contracts for employment, estimates for services, filed court documents, and correspondence (opened and unopened) relating to the above referenced items;

2. Currency and monetary instruments including cashier's checks, receipts of cashier's checks, money orders, traveler's checks, and other monetary instruments;

3. Bank records including bank statements, deposit tickets, cancelled checks, debit and credit memos, records of wire transfers, and records of safe deposit box rental and entry, financial statements, and correspondence (open and unopened) with banks and financial institutions;

4. Financial records including tax returns, documents relating to the preparation of his tax returns, documents related to the purchase and sale of automobiles or

other vehicles or machinery, documentation of business expenses, documentation of other expenses, documentation of personal expenditures, and credit card records;

5. Financial statement records including books, ledgers, notations, memoranda, cash receipts and disbursements journals, general journals, accounts receivable and payable ledgers, general ledgers, balance sheets, profit and loss statements, and income distribution statements;

6. Loan records from any source whatsoever and payments relating thereto, as well as loan applications, financial statements, and documents related to the attainment of loans;

7. Address and/or telephone records reflecting names, addresses, and/or telephone numbers;

8. Property records including documents related to the purchase and sale of real estate;

9. Records of mailbox or drop box rentals;

10. Records of storage rentals;

11. Rental or lease agreements of real property, autos, electronics, equipment, and machinery;

12. As used above, the terms records, documents, or statements include records, documents, or statements created, modified, or stored in any form.

13. In searching for data capable of being read, stored or interpreted by a computer, law enforcement personnel executing this search warrant will employ the following procedure:

a. Upon securing the premises, law enforcement personnel trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment and storage devices to determine whether these items can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data.

b. If the computer equipment and storage devices cannot be searched on-site in a reasonable amount of time, then the computer personnel will determine whether it is practical to copy the data during the execution of the search in a reasonable amount of time without jeopardizing the ability to preserve the data.

c. If the computer personnel determine it is not practical to perform an on-site search or make an on-site copy of the data within a reasonable amount of time, then the computer equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

d. In searching the data, the computer personnel may examine all of the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein. In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to

determine whether the data falls within the list of items to be seized as set
forth herein.

e. If the computer personnel determine that the data does not fall within any
of the items to be seized pursuant to this warrant or is not otherwise
legally seized, the government will return these items within a reasonable
period of time not to exceed 60 days from the date of seizure unless
further authorization is obtained from the court.

14. In order to search for data that is capable of being read or interpreted by a
computer, law enforcement personnel will need to seize the following items,
subject to the procedures set forth above:

a. Any computer equipment and storage device capable of being used to
commit, further or store evidence of the offense listed above;

b. Any computer equipment used to facilitate the transmission, creation,
display, encoding or storage of data, including word processing
equipment, modems, docking stations, monitors, printers, plotters,
encryption devices, and optical scanners;

c. Any magnetic, electronic or optical storage device capable of storing data,
such as floppy disks, hard disks, tapes, CD-ROMs, CD-R, CD-RWs,
DVDs, optical disks, printer or memory buffers, smart cards, PC cards,
memory calculators, electronic dialers, electronic notebooks, and personal
digital assistants;

d. Any documentation, operating logs and reference manuals regarding the
operation of the computer equipment, storage devices or software;

e.  Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

f.  Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

g.  Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.



**EXHIBIT**

5

Seizure Case Number: _____
Evidence <$500 Number: _____
Aftrak Number: _____

# INTERNAL REVENUE SERVICE
## RELEASE OF CLAIM

This agreement is made between
_LINDSEY K. SPRINGER_          _5147 South Harvard, #116, Tulsa, OK_
     (Name)                                         (Address)

and the Internal Revenue Service of the United States Department of the Treasury.  This
agreement is made in consideration of the return of:

_$17,000.00   U.S._

_____

_____

(Description of Property)

registered to/owned by:
_LINDSEY K. SPRINGER_          _5147 South Harvard, #116, Tulsa, OK_
(Name and Address)

which was seized pursuant to Title 18 U.S.C. Section 981 or 982/Title 26 U.S.C. Section 7302 in
the course of a criminal or civil investigation, and for other consideration, the receipt of which is
hereby acknowledged.

Being the   **OWNER AND/OR AUTHORIZED AGENT**   of the property as evidence by a
                  (Type of Interest)
_previous possession_          (Title, Registration, Contract, Note, Etc.)
dated   _09/16/2005_   .

The registrant/owner hereby agrees to unconditionally release and hold harmless the Internal
Revenue Service, its officers, employees and agents, from any and all claims, demands, damages,
causes of action or suits, whether in official or individual capacity, of whatever kind and
description, and wheresoever situated, that might now exist or hereafter exist by reason of, or
growing out of, or affecting, directly or indirectly, the seizure, custody or return of the above-
described property.

Executed this   _10th_   day of _January_ , 20 _06_   .

**EXHIBIT**

6

_____
Signature of Recipient

_____
Signature of Witness

15