

U.S. Department of Justice
Tax Division

*Western Criminal Enforcement Section*
*P.O. Box 972, Ben Franklin Station*          (202) 514-5762
*Washington, D.C. 20044*          *Telefax:* (202) 514-9623

EJO'C:RACimino:jhm
DJ# 5-59N-7848
CMN# 2000201076

June 10, 2005

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

David E. O'Meila, Esquire
United States Attorney
Northern District of Oklahoma
3600 United States Courthouse
110 West 7th Street
Tulsa, OK 74119

Attn: AUSA Melody Noble Nelson

        Re:  Grand Jury Investigation
            Patterson Investigation
            Northern District of Oklahoma
            DJ# 5-59N-7848
            Concerning: Lindsey K. Springer

Dear Mr. O'Meila:

    Reference is made to a letter dated June 3, 2005, the Special Agent-in-Charge, Internal Revenue Service, Dallas, Texas, approving your request to expand an existing non-tax grand jury investigation to include an investigation of potential criminal tax violations in the above-entitled matter.  In accordance with Tax Division Directive 86-59, the Tax Division has no objection to this expansion.

    Pursuant to established procedures, no tax or tax-related charges, including charges to which a target has agreed to enter into a plea agreement, may be filed without prior approval of the Tax Division.  You are reminded that any expansion of this grand jury investigation, to include additional targets, requires Tax Division approval as well.  If you determine that use of the statutory compulsion process pursuant to 18 U.S.C. § 6003(b) or a non-prosecution agreement with a witness ("letter immunity") is warranted, refer to the procedures set forth in U.S.A.M. § 9-23.000, et seq., and U.S.A.M. § 9-27.600, et seq., respectively.

*DJ File Copy*

- 2 -

Upon conclusion of the investigation, please provide the testimony, documents, and other materials accumulated by the grand jury to the assisting Internal Revenue Service agent for the sole purpose of analyzing the potential criminal tax aspects of the case and preparing a report setting forth his or her recommendation regarding prosecution. This report will be reviewed by an Internal Revenue Service Counsel, who will make a written evaluation and recommendation to the Special Agent-in-Charge. The Special Agent-in-Charge will forward the reports and exhibits, along with his or her recommendation regarding prosecution to the Tax Division.

You must provide the Tax Division with a written report of your views regarding the prosecution potential of this case, the non-tax charges, if any, that you intend to bring, and the anticipated date of indictment. In addition, the case should be submitted to the Tax Division for review at least 60 days prior to the date on which you need a decision.

You have the authority to terminate this investigation, <u>provided</u> that prior written notification is given to both the Tax Division and the Internal Revenue Service. This notification should indicate that the matter is terminated pursuant to 26 U.S.C. § 7602(d). Please be reminded that your use of all tax returns and return information is governed by 26 U.S.C. § 6103(h). In the event that the tax aspects of the investigation are terminated, you must obtain a court order pursuant to Section 6103(I) in order to retain and use such returns and return information previously obtained under Section 6103(h).

In all future correspondence, please use the following caption:

      Re:  <u>Grand Jury Investigation</u>
           Patterson Investigation
           Northern District Oklahoma
           DJ# 5-59N-7848
           Concerning:

Please list each target (individuals and entities) who is the subject of the correspondence.

A copy of the Special Agent-in-Charge's letter and its attachments is enclosed. You are reminded that Fed. R. Crim. P. 6(e)(3)(B) requires that you furnish the court with the names of all persons with access to grand jury material. Enclosed with the Special Agent's letter are the IRS Counsel's memorandum and IRS Form 9131 (Request for Grand Jury Investigation) which lists all Internal Revenue Service personnel to whom such material has been disclosed.

- 3 -

Please advise all Internal Revenue Service personnel who assist you in this investigation, and who will have access to grand jury material, that such material is supplied to them on the following conditions:

1. All grand jury material will remain under the custody of the grand jury, the United States Attorney, and the Tax Division;

2. Disclosure of grand jury material may be made only to Internal Revenue Service personnel who are assisting in the investigation and formulating a recommendation by the Service regarding prosecution, and such Internal Revenue Service personnel may only use the grand jury material for this purpose;

3. The Internal Revenue Service will furnish the Tax Division with advice and a recommendation, whether favorable or unfavorable, regarding the prosecution potential of this case;

4. The Internal Revenue Service will return all grand jury material to you when it is no longer needed for use in advising and assisting the Department of Justice in the investigation of this matter.

If you have any questions about this case or your authority under Directive 86-59, you may contact Tax Division, Western Criminal Chief Ronald A. Cimino at (202) 514-5762. Please acknowledge receipt of this letter and its enclosures.

                              Sincerely yours,

                              EILEEN J. O'CONNOR
                              Assistant Attorney General
                              Tax Division

                              By:
                              RONALD A. CIMINO
                              Chief, Western Criminal
                              Enforcement Section

Enclosures
    (1 Volume)
cc: Special Agent in Charge
    Dallas, Texas