## RESPONSE TO SUBPOENA

1.      Any and all client billing records, contracts, description of services, fee schedules, and estimates for services referencing the name LINDSEY SPRINGER;

    See attached Exhibit "1." (2 pages)

2.      Any and all client billing records, contracts, description of services, fee schedules, and estimates for services related to any work performed for any client where LINDSEY SPRINGER helped, assisted, consulted, or provided advice;

    Lindsey Springer does not charge for his services. There are no client billing records, contracts, descriptions of services, fee schedules, or estimates for services with respect to any work or service performed by Lindsey Springer, in the possession of or available to Oscar Stilley. Therefore, there are no documents responsive to this request.

3.      Documentation of any money paid, given, transferred, or provided to LINDSEY SPRINGER for any purpose;

In addition to the amounts shown in Exhibit 1, relating to donations to Lindsey Springer or Bondage Breaker's Ministries, the following amounts are reflected on the records of the witness, showing the following transfers:

| Payment Date | Payment Amount |
|---|---|
| 09/22/03 | $ 1,900.00 |
| 10/01/03 | $ 2,510.00 |
| 10/14/03 | $ 8,300.00 |
| 10/29/03 | $ 3,300.00 |
| 12/18/03 | $ 5,900.00 |
| 09/19/05 | $20,000.00 |
| 11/09/05 | $10,000.00 |
| 11/29/05 | $ 9,000.00 |
| 12/12/05 | $40,000.00 |

These payments do not include wire transfer fees, postage, shipping costs, or other payments or expenditures made for the benefit of Lindsey Springer.

4.      Any and all correspondence with LINDSEY SPRINGER related to the above items;

    The witness has searched for any emails concerning the donations by Patterson, and could not find any. There would not have been any written letters or faxes, to the recollection of the witness. The witness does not recall any other correspondence related to donations to Lindsey Springer's ministry.

GJ00708

## CERTIFICATE OF AUTHENTICITY OF
## DOMESTIC BUSINESS RECORDS PURSUANT TO
## FEDERAL RULE OF EVIDENCE § 803(6) AND 902(11)

I, Oscar Stilley, attest under penalties of perjury (or criminal punishment for false statement or false attestation) that I am an attorney in Arkansas. I am a custodian of records for such business entity. I state that each of the records attached hereto is the original record of a true duplicate of the original record in the regularly conducted activity of my law practice, and that I am the custodian of the attached records reflected in Exhibits 1 through 3. The complaint by Lindsey Springer (two copies were provided separate from this booklet) was obtained from PACER.

I further certify that:

    A.    All records attached to this Certificate were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    B.    Such records were kept in the course of the regularly conducted business activity; and

    C.    Such records were made by the regularly conducted business activity as a regular practice.

I further state that this certification is intended to satisfy Rules 803(6) and 902(11), Federal Rules of Evidence.

There are additional matters which should be brought to the attention of the grand jury. Melody Nelson and Doug Horn either stole $2,000, or caused the theft of $2,000, from Lindsey Springer, during their current investigation of Lindsey Springer, as follows.

Nelson or Horn or both caused certain federal agents to go to Mr. Springer's house, search the house, and seize certain titles to vehicles, as well as any cash that they found. The agents counted the cash three times, in front of Mr. Springer and his wife, and came up with $19,000 each time. The money was wrapped up in $1,000 bundles. They gave Mr. Springer a receipt for the money.

After a court order requiring them to return the money, and as much delay as they could arrange, they brought back $17,000. Their story is that they miscounted the money three separate times, in exactly the same way.

Several other significant incidents lead undersigned counsel to believe that this is a deliberate theft concocted and orchestrated by Horn and Nelson, for their own strategic purposes. First, everyone involved tells the same story. It was a miscount, that's all. The agents who served the subpoena on me had the same story to tell.

Second, Mr. Horn was especially hostile to Lindsey Springer and Oscar Stilley. When the government was getting an indictment against Eddy Patterson, Mr. Horn took Eddy Patterson and Lindsey Springer and undersigned counsel in a room, and very rudely and angrily threatened Mr. Patterson with what would effectively amount to a life sentence unless Mr. Patterson fired Oscar Stilley and retained some other lawyer.

For months the government focused mostly on trying to deprive Mr. Patterson of his chosen counsel. Then they tried to force Eddy Patterson to get local counsel, who was supposed to be ready to try the case at a moment's notice. The clear implication was that Oscar Stilley would be thrown out of the case midstream if he vigorously represented Mr. Patterson, leaving him with less experienced and prepared counsel.

At the end of Patterson's criminal case, another attorney named Stephen Knorr became involved, apparently a result of the government's threats and chicanery against Eddy Patterson. This other attorney thereupon prevailed upon Eddy Patterson to waive his right to a jury trial on the issues related to sentencing. The government threatened to retry Eddy Patterson on other charges if he stood on his right to have a jury decide the facts relevant to his sentence.

Undersigned counsel prepared an appellate brief demonstrating that the government had deprived Judy Patterson, the wife of Eddy Patterson, of a fair and lawful trial and judgment. Jerry Barringer then reviewed, revised as necessary, and filed the brief on Judy Patterson's behalf. The government, after having obtained two extensions of time to file their brief, prevailed upon the Pattersons to dismiss the appeal in exchange for Judy Patterson's release from prison. There apparently never was any intention to file a responsive brief, only to coerce Ms. Patterson into waiving her appeal rights along with those of Eddy Patterson.

Third, Melody Nelson promised that she would provide a copy of the regulation that she claimed the Department of the Treasury had promulgated, setting forth the exempt amounts for the years charged, after it had become clear to all concerned that the exempt amounts were not written in the law, as charged in the indictment. A true and correct copy of the email in which this promise was made is attached hereto as Exhibit "2."

Ms. Nelson claimed that she would disclose those regulations in her brief. A true and correct copy of this brief is attached hereto as Exhibit "3." Those regulations were not so disclosed in the brief. One can be sure that she did not keep her word, as the brief contains no citation to any regulations whatsoever. However, Ms. Nelson falsely represented to the criminal trial jury that the amounts claimed to be in a "law or regulation" as required by 26 U.S.C. § 7203, really could be found in a law or regulation.

If Ms. Nelson claims that her representations were not false, she should now show that regulation to the grand jury, while undersigned counsel is present and able to provide assistance to the grand jury.

Furthermore, the government by the chicanery of Horn and Nelson were able to prevent

the 10th Circuit Court of Appeals from having to decide whether a person can be punished for the failure to submit a form that has not been approved by the Office of Management and Budget, as provided by the federal Paperwork Reduction Act, 44 U.S.C. § 3501 et. seq, (hereinafter sometimes "PRA."

Mr. Springer has filed a complaint in US District Court for a declaratory judgment on the issue of compliance with the PRA. Two copies of this complaint, with attachments, has been provided. Further copies will be provided, in hard copy or otherwise, to any or all jurors upon request. Counsel's phone number and email address are set out below.

Undersigned believes that those responsible for the theft of $2,000 from Lindsey Springer should be indicted and brought to justice. It appears that this theft was motivated by spite and anger at Mr. Springer's efforts to require the government to follow the law.

Certainly, the grand jury has discretion in who should not be indicted, and every petit juror has the right to "nullify" bad law, or other circumstances in which conviction would be unjustified, by refusing to convict. The juror cannot be questioned or punished in any way for a not guilty vote or verdict. Undersigned counsel would not in any way seek to infringe on any of those legitimate rights of grand or petit jurors.

However, it is hard to think of a good reason that government authorities, clearly angry with Lindsey Springer for having advocated compliance with the law on the part of the government, should be allowed to steal $2,000 and escape punishment. Any private citizen who stole government property (the money was at least arguably government property while in the hands of the government) would certainly face criminal sanctions. Why should government employees be immune simply because the heist was an inside job?

GJ00712

If someone other than Horn or Nelson is partly or wholly responsible, they should face criminal charges. The grand jury has every right to investigate the matter to determine who should be indicted for the theft. Presumably a good starting point would be to question the agents who counted the money and took it wherever it was taken for safekeeping. These individuals might be able to provide information concerning the theft.

We can be reasonably sure that Nelson and Horn won't draft an indictment against themselves. The procedure in such cases is to bring a "presentment." The grand jury does not have to consult an attorney or obtain attorney approval for such an accusation of crime. A presentment is in essence an indictment that is drafted without the help of the US Attorney who would ordinarily be charged with drafting an indictment. However, undersigned counsel remains ready and willing to assist the grand jury, if it wishes to have a presentment drafted.

By: _____
Oscar Stilley, Attorney at Law
7103 Race Track Loop
Fort Smith, AR 72916
479 996-4109
479 996-3409 Fax
oscar@oscarstilley.com email

March 9, 2006
Date