IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDSEY K. SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-156-GKF-FHM |
| | ) | |
| DOUGLAS HORN, Individually; MELODY NOBLE NELSON, Individually; BRIAN SHERN, Individually; 10 UNKNOWN AGENTS OF THE INTERNAL REVENUE SERVICE, Individually; and OTHERS UNKNOWN, Individually, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF DOUGLAS HORN

I, DOUGLAS HORN, declare that:

1. I am presently employed as the First Assistant United States Attorney and Chief of the Criminal Division in the Eastern District of Oklahoma, where I oversee the operations of the Civil and Criminal Divisions of the United States Attorney's Office. I previously served as an Assistant United States Attorney in the Northern District of Oklahoma from 1998 to 2007, where I held the position of Chief of the Criminal Division from 2001 to 2007. I am one of the defendants in the above-captioned civil action.

2. This Declaration is being executed in support of the individual federal defendants' motion for summary judgment in the above-captioned civil action.

3. Except where specifically noted to the contrary, I have personal knowledge of the facts set forth in this Declaration, and, if called upon to testify to said facts, could do so competently.

2873453.1

4. I have read, and am familiar with, the allegations of the Bivens Complaint in this case.

5. I hold a Bachelor of Science in Civil Engineering from the University of Virginia, a Master of Business Administration in finance and accounting from the University of Pittsburgh, and a Juris Doctor degree from the University of Tulsa School of Law.

6. I served as an Assistant District Attorney in Tulsa County from May of 1989 to May of 1995, and as First Assistant District Attorney from January of 1995 to May of 1995. I also served as an Assistant United States Attorney in the Eastern District of Oklahoma from May of 1995 to August of 1998.

7. As Chief of the Criminal Division of the United States Attorney's Office for the Northern District of Oklahoma, I assigned Assistant United States Attorney Melody Noble Nelson, to a case involving an investigation by the Internal Revenue Service into the activities of the plaintiff, Lindsey K. Springer, for potential violations of Title 26, United States Code.

### The search warrant for Lindsey Springer's residence

8. As the supervisor of Assistant United States Attorney Melody Noble Nelson, I was aware that she had applied for a search warrant for the personal residence of the plaintiff, Lindsey K. Springer, in connection with the IRS investigation into potential violations of Title 26, United States Code. I did not take part in preparing the application for the search warrant or the supporting affidavit, or in presenting it to the Magistrate Judge for approval and issuance.

9. On or about the date the search warrant for Springer's personal residence was executed, I became aware that the IRS Special Agents had located and seized some currency. At a subsequent point in time, I was informed that there was a discrepancy between the amount of currency that the Agents thought they had seized from Springer's residence and the amount of

currency counted by the bank.

10. I do not have any personal knowledge of any reasons for the alleged discrepancy between the amount of currency seized from Springer's residence and the amount of currency counted by the bank. I have never traveled to Springer's personal residence in Kellyville, Oklahoma, and was not present for the execution of the search warrant at Springer's residence on September 16, 2005.

### Springer's Rule 41 motion

11. As the supervisor of Assistant United States Attorney Melody Noble Nelson, I was aware through my conversations with her that Springer had filed a written motion that sought the disclosure of the supporting declaration of IRS Agent Brian Shern and the return of the currency and car titles that were seized pursuant to the search warrant.

12. I do not have a specific recollection of reviewing the United States of America's Response to Movant's Motion for Copy of Sworn Testimony, Application for Search Warrant and Return of Certain Seized Items (the "Response") that was written by Assistant United States Attorney Nelson and filed with the Court in response to Springer's Rule 41 motion. As Nelson's supervisor, however, I was aware that a response to Springer's motion had been prepared and filed.

13. I have read and reviewed the Order entered on October 28, 2005, in which U.S. Magistrate Judge Frank H. McCarthy denied Springer's request for copies of the materials and/or testimony considered in connection with the issuance of the search warrant and the application for the search warrant. The Court also denied without prejudice Springer's motion for the return of the seized currency and car titles.

14. After the denial of Springer's Rule 41 motion, Assistant United States Attorney Nelson and I made the decision to return the currency and the car titles to Springer. Although we believed that the currency and car titles had been properly seized by the IRS Special Agents pursuant to the warrant, we were of the opinion that we no longer needed to retain the currency or the original car titles as part of the investigation into Springer's activities.

15. I did not steal any money from Lindsey K. Springer or enter into any agreement or conspiracy with Assistant United States Attorney Melody Noble Nelson or any IRS Special Agent to steal any money from the plaintiff in this case. I do not believe that any money was stolen from Lindsey Springer by any officer, agent or employee of the Internal Revenue Service, including the IRS Special Agents who have been sued in their individual capacities in this civil action. Instead, I believe that the currency was miscounted by the IRS Special Agents at the time that it was seized pursuant to the search warrant.

16. I did not, individually or in conjunction with any other party or individual, "cover up" or attempt to "cover up" any alleged discrepancy between the amount of currency shown on the "Inventory Listing of All Items Seized at Search Warrant Site" ("Approximately $19,000.00 in U.S. Currency") and the $17,000.00 amount shown on the Treasury Check tendered to the plaintiff, Lindsey K. Springer, in January of 2006.

## **CERTIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2007.

_____
DOUGLAS HORN

2873453.1

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing **DECLARATION** was filed with the Clerk of Court electronically today, July 10, 2008, such that a service copy was sent by way of the electronic filing system to the plaintiff and all counsel who have arranged for electronic service of filings.

>*/s/ Robert D. Metcalfe*
>ROBERT D. METCALFE DC #423163
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 7238
>Ben Franklin Station
>Washington, D.C.  20044