Production of Documents Page
from Subpoena Issued to Melody Noble Nelson

B.    PRODUCTION OF DOCUMENTS

In Brian Shern's written statement dated September 15, 2005, he states

an interview took place with Eddy Patterson on May 6, 2004, between Agent Tim

Arsenault and Patterson.   Tim Arsenaults Memorandum states that Doug Horn met

with him and Eddy Patterson on May 6, 2004.   In a Rule 35(b) Motion (sealed) you

informed the Court that Judy Patterson provided

> In this interview, Judith Patterson provided timely, truthful and
> complete information concerning an on-going investigation
> concerning Oscar Stilley and Lindsey Springer. Judith Patterson
> provided specific and detailed information concerning meetings
> between herself, Eddy Patterson, Oscar Stilley and Lindsey Springer.
> Judith Patterson provided specific information that confirmed financial
> payments by the Pattcrsons' to Stilley and Springer.

1.  Please bring with you any documents which you generated, shared with

or made available to, Brian Shern, or anyone else working for the United States, prior

to September 16, 2005 regarding any "on-going investigation" concerning Oscar

Stilley and Lindsey Springer.

2.  Please bring with you any other document you may have written that

expresses any opinion you had regarding the character and receipt of money by

Lindsey K. Springer or Bondage Breaker's Ministry between the year 1994 till the

present, or as of July 2, 2009.

JUNE 17, 2009

3

AO 89 (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the

### Northern District of Oklahoma

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | | |
| | ) | Case No. | 09-CR-043-SPF |
| LINDSEY KENT SPRINGER | ) | | |
| *Defendant* | ) | | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   DOUGLAS HORN
      1200 West Okmulgee
      Muskogee, Oklahoma
      918-684-5100

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, Northern District Oklahoma, 333 West 4ᵗʰ Street, Tulsa Oklahoma 74103 | Courtroom No.: | #4 |
|---|---|---|---|
| | | Date and Time: | JULY 2, 2009 9:00 A.M. |

   You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

   See Exhibit A

Date:   JUNE 19 2009

Phil Lombardi, Clerk

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Lindsey K. Springer
_____ , who requests this subpoena, are:

Lindsey K.. Springer
5147 S. Harvard # 116 Tulsa, Oklahoma 74135
lindsey@mindspring.com
918-955-8225/748-5539

AO 89 (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$  $ 40.00 witness $ 27.50
   miles                        .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Sorry! When printing directly from the browser your directions or map may not print correctly. For best results, try clicking the Printer-Friendly button.

**1200 W Okmulgee St**
Muskogee, OK 74401-6846

**333 W 4th St**
Tulsa, OK 74103-3839

**Total Estimated Time:** 50 minutes
**Total Estimated Distance:** 48.88 miles
**Total Estimated Fuel Cost:**

▼ **Directions from A to B:**

| | | |
|---|---|---|
| 1/465 | 1: Start out going WEST on W OKMULGEE AVE/US-62 BR/US-64 BR/W OKMULGEE ST toward N 13TH ST. Continue to follow W OKMULGEE AVE. | 1.1 mi |
| North 69 | 2: Turn RIGHT onto US-62/US-69/N 32ND ST/OK-16. Continue to follow US-69 N. | 6.4 mi |
| ↱ | 3: Merge onto MUSKOGEE TURNPIKE W via the ramp on the LEFT toward TULSA (Portions toll). | 25.6 mi |
| 51 | 4: MUSKOGEE TURNPIKE W becomes OK-51 W. | 15.0 mi |
| ⬇ | 5: Take the 11TH ST exit toward HOUSTON AVE. | 0.1 mi |
| ↱ | 6: Turn LEFT onto S HOUSTON AVE. | 0.3 mi |
| ↱ | 7: Turn RIGHT onto W 3RD ST S. | 0.1 mi |
| ↱ | 8: Turn SLIGHT RIGHT onto S FRISCO AVE. | 0.1 mi |
| ↱ | 9: S FRISCO AVE becomes W 4TH ST S. | 0.1 mi |
| 1/462 | 10: End at 333 W 4th St Tulsa, OK 74103-3839 | |

Estimated Time: 50 minutes  Estimated Distance: 48.88 miles

**Total Estimated Time: 50 minutes**    **Total Estimated Distance: 48.88 miles**

All rights reserved. Use subject to License/Copyright Map Legend
Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for any loss or delay resulting from your use of MapQuest. Your use of MapQuest means you agree to our Terms of Use.

EXHIBIT "A"                    D. Horn

## A.    DEFINITIONS

1.    The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)"includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited

1

to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The words "you," "your" or "Plaintiffs" refer to Plaintiffs, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Plaintiffs.

3. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

4. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

5. The word "each" shall be construed to include "every" and vice versa.

6. The word "any" shall be construed to include "all" and vice versa.

7. The present tense shall be construed to include the past tense and vice versa.

8. The masculine shall be construed to include the feminine and vice versa.

9. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

10. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

## B.    PRODUCTION OF DOCUMENTS

You told Chief Judge Eagan in a Joint "Agreement and Stipulation" dated August 30, 2004, that on May 6, 2004, you and "agents of the FBI and IRS" interviewed Eddy Patterson "concerning the ongoing investigation of Oscar Stilley, Jerold Barringer and Lindsey Springer."

1.    Please bring with you any documents authored by you or someone working in your officer, or under your direct or indirect control, that shows prior to May 6, 2004, you and "agents of the FBI and IRS" were conducting an "ongoing investigation of Oscar Stilley, Jerold Barringer and Lindsey Springer."

2.    Please bring with you any documents in your control or that you are aware of that would show when the "ongoing investigation" began referenced by you to Chief Judge Claire V. Eagan in your "Joint Agreement" dated August 30, 2004, referenced above.

3.    Please bring with you any other documents explaining any reason given by you or to you as to why this "investigation" was instigated or began.

4. Please bring any documents which show Eddy Patterson officially waived his rights to attorney client privilege regarding Oscar Stilley or Jerold Barringer as of May 6, 2004.

5.    Please bring any documents which show Judith Patterson officially waived her rights to attorney client privilege regarding Oscar Stilley or Jerold Barringer as of May 3, 2004.

3

6. Please bring any documents you faxed or delivered to William Widel on or before September 1, 2004, regarding the substantial assistance and any deal struck between you, your office, the United States, and Eddy or Judy Patterson regarding reduction in sentencing, waiver of right to appeal, fines, restitution, and regarding any agreement you would not seek further prosecution of either Eddy Patterson or Judith Patterson involving any crimes you believe they had committed prior to September 1, 2004.

7. Please bring with you any documents either from you or to you, from Donna Meadors or to Donna Meadors, which contain the name Lindsey K. Springer, Lindsey Springer, Lindsey Kent Springer, Bondage Breaker's Ministries, Bondage Breaker's Ministry, Jerold Barringer or Oscar Stilley between the time of 1999 through July 2, 2009.

JUNE 17, 2009

4

AO 89  (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

Northern District of Oklahoma

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    09-CR-043-SPF |
| LINDSEY KENT SPRINGER | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:    DONNA MEADORS
       1645 S. 101st East Avenue,
       Tulsa, Oklahoma 74128

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, Northern District Oklahoma, 333 West 4th Street, Tulsa Oklahoma 74103 | Courtroom No.: | #4 |
|---|---|---|---|
| | | Date and Time: | JULY 2, 2009 9:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

See Attached Exhibit A

Date:    JUNE 19 2009

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Lindsey K. Springer
_____ , who requests this subpoena, are:

Lindsey K.. Springer
5147 S. Harvard # 116 Tulsa, Oklahoma 74135
lindsey@mindspring.com
918-955-8225/748-5539

AO 89 (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the subpoena on the individual at *(place)* _____

on *(date)* _____ ; or

❑ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because _____ ; or

❑ Other *(specify):* _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  $ 40.00 witness $ 6.10 miles

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                              _____
                                        *Printed name and title*

                              _____
                                        *Server's address*

Additional information regarding attempted service, etc:

Sorry! When printing directly from the browser your directions
or map may not print correctly. For best results, try clicking
the Printer-Friendly button.

1645 S 101st East Ave
Tulsa, OK 74128-4637

333 W 4th St
Tulsa, OK 74103-3839

Total Estimated Time: 13 minutes
Total Estimated Distance: 10.11 miles
Total Estimated Fuel Cost:

▼ Directions from A to B:

| | | |
|---|---|---|
| | 1: Start out going NORTH on S 101ST EAST AVE toward E 18TH ST S. | 0.1 mi |
| | 2: Turn RIGHT onto E 15TH ST S. | 0.2 mi |
| | 3: Merge onto I-44 W/OK-66 W. | 2.2 mi |
| | 4: Take the US-64/OK-51 exit, EXIT 231, toward SAND SPRINGS/BROKEN ARROW. | 0.3 mi |
| | 5: Merge onto US-64 W/OK-51 W toward TULSA. | 6.6 mi |
| | 6: Take the 11TH ST exit toward HOUSTON AVE. | 0.1 mi |
| | 7: Turn RIGHT onto S HOUSTON AVE. | 0.3 mi |
| | 8: Turn RIGHT onto W 3RD ST S. | 0.1 mi |
| | 9: Turn SLIGHT RIGHT onto S FRISCO AVE. | 0.1 mi |
| | 10: S FRISCO AVE becomes W 4TH ST S. | 0.1 mi |
| | 11: End at 333 W 4th St Tulsa, OK 74103-3839 | |

Estimated Time: 13 minutes Estimated Distance: 10.11 miles

Total Estimated Time: 13 minutes    Total Estimated Distance: 10.11 miles

All rights reserved. Use subject to License/Copyright Map Legend
Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or
route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for
any loss or delay resulting from your use of MapQuest. Your use of MapQuest means you agree to our Terms of Use

EXHIBIT "A"                     D. Meadors

A.    DEFINITIONS

1.    The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)"includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited

1

to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The words "you," "your" or "Plaintiffs" refer to Plaintiffs, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Plaintiffs.

3. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

4. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

5. The word "each" shall be construed to include "every" and vice versa.

6. The word "any" shall be construed to include "all" and vice versa.

7. The present tense shall be construed to include the past tense and vice versa.

8. The masculine shall be construed to include the feminine and vice versa.

9. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

10. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

2

B.    PRODUCTION OF DOCUMENTS

In Brian Shern's written statement dated September 15, 2005, he states an "investigation was initiated because it was alleged that Springer's conduct may have been subject to the penalty provision of Title 26, U.S.C. § 6700 (...) And Title 26, U.S.C. § 6701.." Mr. Shern also stated that "the civil investigation indicated that Springer's conduct did not appear to be subject to the penalty provision of Title 26, U.S.C. §§ 6700 or 6701 during 2000 through 2003, however, it did indicate that Springer received payments from individuals for whom he provided legal or tax advice."

1. Please bring with you any documents which you generated, shared with or made available to, Brian Shern, or anyone else working for the United States, prior to September 16, 2005 regarding any "on-going investigation" or "6700 investigation" concerning  Lindsey K. Springer, where you indicate that "Springer received payments from individuals for whom he provided legal or tax advice."

2.   Please bring with you any other document you may have written that expresses any opinion you had regarding the character and receipt of money by Lindsey K. Springer or Bondage Breaker's Ministry between the year 2000 through 2003.

3. Please bring with you any criminal referral you made in connection with your investigation under section 6700 of Lindsey K. Springer.

June 17, 2009

3

5444 S 108 East Avenue Tulsa OK 74146
Tel: 1-866-401-9181
1-918-770-7991

hud rental equipment

AO 89 (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Northern District of Oklahoma

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.    09-CR-043-SPF |
| LINDSEY KENT SPRINGER | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   BRIAN SHERN
      1645 S. 101st East Avenue,
      Tulsa, Oklahoma 74128

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, Northern District Oklahoma, 333 West 4th Street, Tulsa Oklahoma 74103 | Courtroom No.: | #4 |
|---|---|---|---|
| | | Date and Time: | JULY 2, 2009 9:00 A.M. |

    You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

    See Attached Exhibit A

Date:   JUNE 19 2009

                         *CLERK OF COURT* Phil Lombardi, Clerk

                                *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Lindsey K. Springer
, who requests this subpoena, are:

Lindsey K.. Springer
5147 S. Harvard # 116 Tulsa, Oklahoma 74135
lindsey@mindspring.com
918-955-8225/748-5539

AO 89 (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ Other *(specify):* _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$   $ 40.00 witness $ 6.10
     miles        .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Sorry! When printing directly from the browser your directions or map may not print correctly. For best results, try clicking the Printer-Friendly button.

**1645 S 101st East Ave**
Tulsa, OK 74128-4637

**333 W 4th St**
Tulsa, OK 74103-3839

Total Estimated Time: 13 minutes
Total Estimated Distance: 10.11 miles
Total Estimated Fuel Cost:

▼ Directions from A to B:

| | | |
|---|---|---|
| | 1: Start out going NORTH on S 101ST EAST AVE toward E 16TH ST S. | 0.1 mi |
| | 2: Turn RIGHT onto E 15TH ST S. | 0.2 mi |
| | 3: Merge onto I-44 W/OK-66 W. | 2.2 mi |
| | 4: Take the US-64/OK-51 exit, EXIT 231, toward SAND SPRINGS/BROKEN ARROW. | 0.3 mi |
| | 5: Merge onto US-64 W/OK-51 W toward TULSA. | 6.6 mi |
| | 6: Take the 11TH ST exit toward HOUSTON AVE. | 0.1 mi |
| | 7: Turn RIGHT onto S HOUSTON AVE. | 0.3 mi |
| | 8: Turn RIGHT onto W 3RD ST S. | 0.1 mi |
| | 9: Turn SLIGHT RIGHT onto S FRISCO AVE. | 0.1 mi |
| | 10: S FRISCO AVE becomes W 4TH ST S. | 0.1 mi |
| | 11: End at 333 W 4th St Tulsa, OK 74103-3839 | |

Estimated Time: 13 minutes Estimated Distance: 10.11 miles

Total Estimated Time: 13 minutes    Total Estimated Distance: 10.11 miles



**MapQuest**

All rights reserved. Use subject to License/Copyright Map Legend
Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for any loss or delay resulting from your use of MapQuest. Your use of MapQuest means you agree to our Terms of Use

EXHIBIT "A"         B. Shern

A.     DEFINITIONS

1.     The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)"includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited

1

to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The words "you," "your" or "Plaintiffs" refer to Plaintiffs, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Plaintiffs.

3. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

4. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

5. The word "each" shall be construed to include "every" and vice versa.

6. The word "any" shall be construed to include "all" and vice versa.

7. The present tense shall be construed to include the past tense and vice versa.

8. The masculine shall be construed to include the feminine and vice versa.

9. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

10. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

2

B.     PRODUCTION OF DOCUMENTS

You stated "[T]his investigation pertains to allegations that Lindsey Springer received income for providing legal and tax advice to numerous clients, and that he knowingly and willfully did not report this income in order to evade the taxes associated with it." You also state that "[T]his investigation was initiated because it was alleged that Springer's conduct may have been subject to the penalty provision of Title 26, § 6700...and Title 26, § 6701." You also stated that "however, it did indicate that Springer received payments from individuals for whom he provided legal or tax advice."

1. Please bring with you any documents you reviewed prior to September 16, 2005, authored by Donna Meadors, or anyone else, containing or involving the name Lindsey Kent Springer, Lindsey K. Springer, Lindsey Springer, Bondage Breaker's Ministries, which explains the allegation Springer's conduct "may have been subject to penalty provisions" of either "6700" or "6701."

2. Please bring with you any documents you reviewed prior to September 16, 2005, which you relied upon to assert your investigation was based upon the determination Lindsey Springer received "income" for providing "legal" or "tax advice" to "numerous clients."

3. Please bring with you any other documents you reviewed prior to September 16, 2005, which you relied upon in arriving at your stated determination "he knowingly and willfully did not report this income in order to evade the taxes

3

associated with it."

4. Please provide any documents you relied upon in making the determination "Springer received payments from individuals for whom he provided legal or tax advice."

5. Please bring with you any training manual you have relied upon, prior to September 16, 2005, in making your determinations in your statement dated September 15, 2005.

JUNE 17, 2009

4

AO 89  (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the

### Northern District of Oklahoma

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.   09-CR-043-SPF |
| LINDSEY KENT SPRINGER | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   DONALD SHOEMAKE
     1645 S. 101st East Avenue,
     Tulsa, Oklahoma 74128

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, Northern District Oklahoma, 333 West 4th Street, Tulsa Oklahoma 74103 | Courtroom No.:   #4 |
|---|---|---|
| | | Date and Time:   JULY 2, 2009 9:00 A.M. |

    You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

    See Attached Exhibit A

Date:   JUNE 19 2009

                                       Phil Lombardi, Clerk

                       *CLERK OF COURT*

                              *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Lindsey K. Springer
                     , who requests this subpoena, are:

Lindsey K.. Springer
5147 S. Harvard # 116 Tulsa, Oklahoma 74135
lindsey@mindspring.com
918-955-8225/748-5539

Sorry! When printing directly from the browser your directions or map may not print correctly. For best results, try clicking the Printer-Friendly button.

1645 S 101st East Ave
Tulsa, OK 74128-4637

333 W 4th St
Tulsa, OK 74103-3839

Total Estimated Time: 13 minutes
Total Estimated Distance: 10.11 miles
Total Estimated Fuel Cost:

▼ Directions from A to B:

| | | |
|---|---|---|
| | 1: Start out going NORTH on S 101ST EAST AVE toward E 16TH ST S. | 0.1 mi |
| | 2: Turn RIGHT onto E 15TH ST S. | 0.2 mi |
| | 3: Merge onto I-44 W/OK-66 W. | 2.2 mi |
| | 4: Take the US-64/OK-51 exit, EXIT 231, toward SAND SPRINGS/BROKEN ARROW. | 0.3 mi |
| | 5: Merge onto US-64 W/OK-51 W toward TULSA. | 6.6 mi |
| | 6: Take the 11TH ST exit toward HOUSTON AVE. | 0.1 mi |
| | 7: Turn RIGHT onto S HOUSTON AVE. | 0.3 mi |
| | 8: Turn RIGHT onto W 3RD ST S. | 0.1 mi |
| | 9: Turn SLIGHT RIGHT onto S FRISCO AVE. | 0.1 mi |
| | 10: S FRISCO AVE becomes W 4TH ST S. | 0.1 mi |
| | 11: End at 333 W 4th St Tulsa, OK 74103-3839 | |

Estimated Time: 13 minutes Estimated Distance: 10.11 miles

Total Estimated Time: 13 minutes      Total Estimated Distance: 10.11 miles



All rights reserved. Use subject to License/Copyright Map Legend
Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for any loss or delay resulting from your use of MapQuest. Your use of MapQuest means you agree to our Terms of Use

EXHIBIT "A"                    D. Shoemake

A.      DEFINITIONS

1.      The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)"includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited

1

to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The words "you," "your" or "Plaintiffs" refer to Plaintiffs, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Plaintiffs.

3. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

4. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

5. The word "each" shall be construed to include "every" and vice versa.

6. The word "any" shall be construed to include "all" and vice versa.

7. The present tense shall be construed to include the past tense and vice versa.

8. The masculine shall be construed to include the feminine and vice versa.

9. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

10. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

2

AO 89  (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏ I personally served the subpoena on the individual at *(place)* _____

on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

❏ I served the subpoena on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ Other *(specify):* _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$   $ 40.00 witness $ 6.10
    miles                        .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____       _____

                             *Server's signature*

                             _____

                             *Printed name and title*

                             _____

                             *Server's address*

Additional information regarding attempted service, etc:

B.     PRODUCTION OF DOCUMENTS

1.  Please bring with you any documents which you generated, shared with or made available to, Brian Shern, or anyone else working for the United States, prior to September 16, 2005 regarding any "on-going investigation" concerning Lindsey K. Springer for any years beginning in January, 1994 through September 15, 2005.

2.  Please bring with you any Memorandums of Interviews written by you or anyone working with you in the investigation of Lindsey K. Springer for the same above time of January, 1994 through September 15, 2005.

JUNE 17, 2009

3

AO 89  (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Oklahoma

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   09-CR-043-SPF |
| LINDSEY KENT SPRINGER | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:     WILLIAM TAYLOR
        1645 S. 101st East Avenue,
        Tulsa, Oklahoma 74128

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, Northern District Oklahoma, 333 West 4th Street, Tulsa Oklahoma 74103 | Courtroom No.: | #4 |
|---|---|---|---|
| | | Date and Time: | JULY 2, 2009 9:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

See Attached Exhibit A

Date:     JUNE 19 2009

CLERK OF COURT

Phil Lombardi, Clerk

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Lindsey K. Springer _____ , who requests this subpoena, are:

Lindsey K.. Springer
5147 S. Harvard # 116 Tulsa, Oklahoma 74135
lindsey@mindspring.com
918-955-8225/748-5539

Case 4:09-cr-00043-SPF   Document 94-1 Filed in USDC ND/OK on 06/30/09   Page 31 of 49

Sorry! When printing directly from the browser your directions or map may not print correctly. For best results, try clicking the Printer-Friendly button.

**1645 S 101st East Ave**
Tulsa, OK 74128-4637

**333 W 4th St**
Tulsa, OK 74103-3839

Total Estimated Time: 13 minutes
Total Estimated Distance: 10.11 miles
Total Estimated Fuel Cost:

▼ **Directions from A to B:**

| | | |
|---|---|---|
| | 1: Start out going NORTH on S 101ST EAST AVE toward E 15TH ST S. | 0.1 mi |
| | 2: Turn RIGHT onto E 15TH ST S. | 0.2 mi |
| | 3: Merge onto I-44 W/OK-66 W. | 2.2 mi |
| | 4: Take the US-64/OK-51 exit, EXIT 231, toward SAND SPRINGS/BROKEN ARROW. | 0.3 mi |
| | 5: Merge onto US-64 W/OK-51 W toward TULSA. | 6.6 mi |
| | 6: Take the 11TH ST exit toward HOUSTON AVE. | 0.1 mi |
| | 7: Turn RIGHT onto S HOUSTON AVE. | 0.3 mi |
| | 8: Turn RIGHT onto W 3RD ST S. | 0.1 mi |
| | 9: Turn SLIGHT RIGHT onto S FRISCO AVE. | 0.1 mi |
| | 10: S FRISCO AVE becomes W 4TH ST S. | 0.1 mi |
| | 11: End at 333 W 4th St Tulsa, OK 74103-3839 | |

Estimated Time: 13 minutes Estimated Distance: 10.11 miles

Total Estimated Time: 13 minutes    Total Estimated Distance: 10.11 miles



All rights reserved. Use subject to License/Copyright Map Legend
Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for any loss or delay resulting from your use of MapQuest. Your use of MapQuest means you agree to our Terms of Use

AO 89  (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):* _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$    $ 40.00 witness $ 6.10
     miles         .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                                 _____
                                        *Printed name and title*

                                 _____
                                        *Server's address*

Additional information regarding attempted service, etc:

EXHIBIT "A"                    W. Taylor

A.    DEFINITIONS

1.    The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)"includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited

1

to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The words "you," "your" or "Plaintiffs" refer to Plaintiffs, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Plaintiffs.

3. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

4. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

5. The word "each" shall be construed to include "every" and vice versa.

6. The word "any" shall be construed to include "all" and vice versa.

7. The present tense shall be construed to include the past tense and vice versa.

8. The masculine shall be construed to include the feminine and vice versa.

9. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

10. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

2

B.    PRODUCTION OF DOCUMENTS

1.  Please bring with you any documents which you generated, shared with or made available to, Brian Shern, or anyone else working for the United States, prior to September 16, 2005 regarding any "on-going investigation" concerning Lindsey K. Springer for any years beginning in January, 1994 through September 15, 2005.

2.  Please bring with you any Memorandums of Interviews written by you or anyone working with you in the investigation of Lindsey K. Springer for the same above time of January, 1994 through September 15, 2005.

JUNE 17, 2009

3

AO 89 (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Oklahoma

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.  09-CR-043-SPF |
| LINDSEY KENT SPRINGER | ) |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  EDDY PATTERSON

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, Northern District Oklahoma, 333 West 4th Street, Tulsa Oklahoma 74103 | Courtroom No.:  #4 |
|---|---|---|
| | | Date and Time:  JULY 2, 2009 9:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

See Exhibit A

Date:  JUNE 19 2009

CLERK OF COURT

*Phil Lombardi, Clerk*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Lindsey K. Springer
_____, who requests this subpoena, are:

Lindsey K.. Springer
5147 S. Harvard # 116 Tulsa, Oklahoma 74135
lindsey@mindspring.com
918-955-8225/748-5539

AO 89 (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$    $ 40.00 witness $ 7.20
     miles

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                   _____

                                                    *Server's signature*

                                           _____

                                                    *Printed name and title*

                                           _____

                                                    *Server's address*

Additional information regarding attempted service, etc:

Driving Directions from 4710 E 80th St, Tulsa, OK to 333 W 4th St, Tulsa, OK

Sorry! When printing directly from the browser your directions
or map may not print correctly. For best results, try clicking
the Printer-friendly button.

**4710 E 80th St**
Tulsa, OK 74136-8948

**333 W 4th St**
Tulsa, OK 74103-3839

**Total Estimated Time: 19 minutes**
**Total Estimated Distance: 12.59 miles**
**Total Estimated Fuel Cost:**

▼ **Directions from A to B:**

| | | |
|---|---|---|
| | 1: Start out going SOUTHEAST on E 80TH ST S toward S YALE AVE. | 0.2 mi |
| | 2: Turn LEFT onto S YALE AVE. | 0.9 mi |
| | 3: Turn LEFT onto E 71ST ST S. | 4.7 mi |
| | 4: Merge onto US-75 N. | 5.8 mi |
| | 5: Take I-244 E toward UB-64 W/OK-51 W/SAND SPRINGS/JOPLIN. | 0.2 mi |
| | 6: Take the 7TH ST exit, EXIT 4C, toward DOWNTOWN. | 0.3 mi |
| | 7: ramp becomes W 7TH ST S. | 0.1 mi |
| | 8: Turn LEFT onto S HOUSTON AVE. | 0.2 mi |
| | 9: Turn RIGHT onto W 3RD ST S. | 0.1 mi |
| | 10: Turn SLIGHT RIGHT onto S FRISCO AVE. | 0.1 mi |
| | 11: S FRISCO AVE becomes W 4TH ST S. | 0.1 mi |
| | 12: End at 333 W 4th St Tulsa, OK 74103-3839 | |

**Estimated Time: 19 minutes Estimated Distance: 12.59 miles**

**Total Estimated Time: 19 minutes**    **Total Estimated Distance: 12.59 miles**

All rights reserved. Use subject to License/Copyright Map Legend
Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or
route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for
any loss or delay resulting from your use of MapQuest. Your use of MapQuest means you agree to our Terms of Use

EXHIBIT "A"          E. Patterson

## A.   DEFINITIONS

1.    The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)"includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited

1

to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The words "you," "your" or "Plaintiffs" refer to Plaintiffs, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Plaintiffs.

3. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

4. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

5. The word "each" shall be construed to include "every" and vice versa.

6. The word "any" shall be construed to include "all" and vice versa.

7. The present tense shall be construed to include the past tense and vice versa.

8. The masculine shall be construed to include the feminine and vice versa.

9. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

10. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

2

B.    PRODUCTION OF DOCUMENTS

Brian Shern stated that you told Tim Arsenault you paid "Springer this $45,000 over the next several months" and the time period was beginning March 1, 2000.

1. Please bring with you any documents, including contracts and canceled checks, that establish when you hired Attorney Steven Knorr and William Widell.

2. Please bring with you all proof that you have waived your attorney client privilege regarding your representation by Oscar Stilley between March 1, 2000 and May 6, 2004.

3. Please bring with you any promises, in writing or otherwise, made to you by the United States, directly or indirectly, or through your attorneys, Steven Knorr or Mr. William Widell, between December 15, 2003 and July 2, 2009, which speak about the sentencing reduction you were to receive in exchange for your testimony, including any deal you made with the United States involving your wife, Judith Patterson, and her withdrawal of her appeal to the 10th Circuit Court of Appeals in August, 2004.

4. Please bring with you copies of any requests you made to Jerold Barringer between January 1, 2003 and June 1, 2003, wherein you requested Mr. Barringer return what remained of any retainer you gave him in or during the year 2000.

5. Please bring copies of all Tax Returns for years 1993 through 2009 filed by you with the Internal Revenue Service related to your earning of income, including Social Security income.

3

6. Please bring any document which could explain to the Court how much of any fine or restitution you have paid since your conviction date of December 15, 2003 or your Sentencing Date of September 1, 2004 to the United States or any of its divisions or branches as you were ordered to do by the Court.

JUNE 17, 2009

4

AO 89 (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Oklahoma

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | Case No. | 09-CR-043-SPF |
| LINDSEY KENT SPRINGER | ) | | |
| *Defendant* | ) | | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  JUDITH PATTERSON

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court, Northern District Oklahoma, 333 West 4th Street, Tulsa Oklahoma 74103 | Courtroom No.: | #4 |
|---|---|---|---|
| | | Date and Time: | JULY 2, 2009 9:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

See Exhibit A

Phil Lombardi, Clerk

Date:  JUNE 19 2009

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Lindsey K. Springer
_____, who requests this subpoena, are:

Lindsey K.. Springer
5147 S. Harvard # 116 Tulsa, Oklahoma 74135
lindsey@mindspring.com
918-955-8225/748-5539

AO 89  (Rev. 01/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

, a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):* _____ .

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$  $ 40.00 witness $ 7.20
   miles  _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Sorry! When printing directly from the browser your directions or map may not print correctly. For best results, try clicking the Printer-Friendly button.

**4710 E 80th St**
Tulsa, OK 74136-8946

**333 W 4th St**
Tulsa, OK 74103-3839

Total Estimated Time: 19 minutes
Total Estimated Distance: 12.59 miles
Total Estimated Fuel Cost:

▼ **Directions from A to B:**

| | | |
|---|---|---|
| 1: | Start out going SOUTHEAST on E 80TH ST S toward S YALE AVE. | 0.2 mi |
| 2: | Turn LEFT onto S YALE AVE. | 0.9 mi |
| 3: | Turn LEFT onto E 71ST ST S. | 4.7 mi |
| 4: | Merge onto US-75 N. | 5.8 mi |
| 5: | Take I-244 E toward US-64 W/OK-51 W/SAND SPRINGS/JOPLIN. | 0.2 mi |
| 6: | Take the 7TH ST exit, EXIT 4C, toward DOWNTOWN. | 0.3 mi |
| 7: | ramp becomes W 7TH ST S. | 0.1 mi |
| 8: | Turn LEFT onto S HOUSTON AVE. | 0.2 mi |
| 9: | Turn RIGHT onto W 3RD ST S. | 0.1 mi |
| 10: | Turn SLIGHT RIGHT onto S FRISCO AVE. | 0.1 mi |
| 11: | S FRISCO AVE becomes W 4TH ST S. | 0.1 mi |
| 12: | End at 333 W 4th St Tulsa, OK 74103-3839 | |

Estimated Time: 19 minutes Estimated Distance: 12.59 miles

Total Estimated Time: 19 minutes          Total Estimated Distance: 12.59 miles



All rights reserved. Use subject to License/Copyright Map Legend
Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or
route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for
any loss or delay resulting from your use of MapQuest. Your use of MapQuest means you agree to our Terms of Use.

EXHIBIT "A"          J. Patterson

A.    DEFINITIONS

1.    The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)"includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited

1

to "email," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The words "you," "your" or "Plaintiffs" refer to Plaintiffs, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Plaintiffs.

3. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

4. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

5. The word "each" shall be construed to include "every" and vice versa.

6. The word "any" shall be construed to include "all" and vice versa.

7. The present tense shall be construed to include the past tense and vice versa.

8. The masculine shall be construed to include the feminine and vice versa.

9. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

10. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

2

## B.   PRODUCTION OF DOCUMENTS

Melody Nelson told Chief Judge Eagan that you were interviewed by Tim Arsenault on May 3, 2004 and that you provided specific and detailed information concerning meetings between you and Oscar Stilley and Lindsey Springer along with specific information regarding financial by you to both Oscar Stilley and Lindsey Springer.

1. Please bring with you any documents, including contracts and canceled checks, that establish when you hired Attorney Steven Knorr and William Widell.

2. Please bring with you all proof that you have waived your attorney client privilege regarding your representation by Jerold Barringer between March 1, 2000 and May 3, 2004.

3. Please bring with you any promises, in writing or otherwise, made to you by the United States, directly or indirectly, or through your attorneys, Steven Knorr or Mr. William Widell, between December 15, 2003 and July 2, 2009, which speak about the sentencing reduction you were to receive in exchange for your testimony, including any deal you made with the United States involving your husband, Eddy Patterson, and his decision not to appeal the violations of Sixth Amendment Fact finding by the Chief Judge in its determination of a sentence involving you or Eddy Pattersion.

4. Please bring copies of all Tax Returns for years 1993 through 2009 filed by you with the Internal Revenue Service related to your earning of income, including

3

Social Security income.

5. Please bring any document which could explain to the Court how much
of any fine or restitution you have paid since your conviction date of December 15,