IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 09-CR-43-SPF |
| ) | |
| LINDSEY KENT SPRINGER and ) | |
| OSCAR STILLEY, ) | |
| ) | |
| Defendants. ) | |

<u>LINDSEY KENT SPRINGER'S RESPONSE IN OPPOSITION TO PROSECUTION'S
PROPOSED JURY INSTRUCTIONS AND PROPOSED ALTERNATIVES</u>

Lindsey Kent Springer ("Springer"), files his opposition and objections to the Prosecution's proposed jury instructions for the Court's consideration.[1]  Springer reserves the right to amend or modify any instructions in the appropriate circumstances

1. **U.S. PRELIMINARY INSTRUCTION OBJECTIONS**.

Springer objects and opposes referencing the charges as crimes when they are in fact "offenses" and not "crimes."  The term "crime" was removed from the law when Title 18, Section 3231 was enacted.  See U.S. v. Anglin, 438 F.3d 1229 (10th Cir. 2006)("offense against the United States")[2]; compare Bowen v. Johnston, 306

---

[1] Including in this opposition is consideration and argument concerning Exhibit A of the Government's third altered jury instruction on the elements the Grand Jury alleged in Count One they attached to their Opposition to Stilley's Proposed Instructions.

[2] By saying this Springer does not intend to suggest this Court under Title 28, Section 116 has Article III, Section 2, Clause 3 power as it clearly does not.

U.S. 19, 22 (1939)[3]

Springer objects and opposes the second paragraph of the proposed preliminary instruction which states "This criminal case has been brought..." It should read "The charges in this case are brought by way of Grand Jury Indictment." Springer objects and opposes the reference to Springer and Stilley "have decided to represent themselves and not use the services of a lawyer." This should not be ever mentioned in any instruction whatsoever. Furthermore, Springer objects and opposes the sentence "They have a perfect right to do this." The last sentence beginning with "Their decision" and ending with "the case" should also be rejected by this Court. Springer proposes this paragraph of the proposed instruction be deleted. See Exhibit 1 attached herein as Springer's alternative proposal.

Springer also objects and opposes the third paragraph of the Proposed Preliminary Instruction by the Prosecution as it is inaccurate. Springer requests the Court read the indictment at this point to the Jury.

The Prosecution also demonstrates in its preliminary instruction regarding a

---

Congress was not enumerated with power to give this Court any jurisdiction over any action occurring within "any State" as Springer maintains from the beginning.

[3]"Jurisdiction is conferred upon the District Courts "of all crimes and offenses cognizable under the authority of the United States." Jud. Code, § 24; 28 U.S.C. § 41 (2)." Bowen shows that the term "crime" was removed purposefully by Congress when enacting what is today Title 18, Section 3231. See Pennsylvania v. Nelson, 350 U.S. 497 (fn. 10) (1956)

reading of the elements of each charge.  It is hard to imagine who is more confused about the theory in Count other than the Prosecution.  On June 2, 2009, they propose 5 elements and list them out per pattern instruction of the 10th Circuit. Doc. 71, pg. 11

On August 3, 2009, they propose 3 elements. See Doc. 107, pg. 27. On August 12, 2009, they propose another theory of 5 elements different than the June 2, 2009 5 elements.  See Doc. 120-2(A).

Yet, in their preliminary instruction they wish to instruct the jury as to the elements by saying "The elements of the conspiracy charged in Count One of the Indictment are that the defendant agreed to defraud the United States, and that an overt act was committed in furtherance of the conspiracy."  See Proposed Instructions 4-5

Now we are down to two.  Springer argues the Prosecution is really heading towards their goal of one.  See the first proposed element.  Doc. 120-2(A) listing out the first element is defendants entered into conspiracy to defraud the United States.

Springer proposes the correct version of the preliminary instruction including a reading of the indictment and a summary of the elements in his Exhibit 1 attached.

2.     **Page 9,10,11,12,13,14,15.**

Springer takes no objection with Prosecution Proposal 1.03 (page 9), 1.04 (page 10), 1.05 (page 11), 1.06 (page 12), 1.07 (page 13), 108 (page 14-15), save the term "crime" on page 11 at the bottom where in the term should be "offense"

or "offenses" as the case may be.  This should be the theme in all instructions.

3. **Summaries and Charts page 16**

Springer totally objects to the suggestion that summaries or charts that did not exist prior to the indictment should be allowed to enter into evidence in this case. Springer agrees with the 10th Circuit pattern instruction 1.41 in that the summaries and charts that are not evidence should be treated like any other piece of evidence not admitted.   The Jury should only be allowed to see evidence that is admitted and that existed prior to the indictment.

4. **Stipulations page 17**

The Court need not give this instruction or consider it as Springer will not stipulate to anything regarding any element in this case.

5. **Consider only offense page 18**

Springer objects to Prosecution's proposed instruction regarding consider only offense 1.19.  There is no suggestion by the Prosecution that any of this instruction is relevant in the case against Springer and Stilley.  If the Court determines it is relevant for any reason then Springer objects to the language of the instruction as it uses the term "crime" or "criminal" 5 separate times incorrectly.  This Court only has jurisdiction over "offenses" and this instruction should only and consistently use the term "offense."   See Title 18, Section 3231   Springer proposes a corrected alternative attached as Exhibit 2 if this Court determines some evidence was presented making this proposed instruction helpful to the jury.

6. **Counts are separate "crimes" page 19**

Springer objects page 19 and the "Counts are separate crimes" terms as clearly each Count purports to represent an "offense." The Jury should only be instructed that each charge is a separate offense. Springer has proposed a separate instruction omitting "crime" and imputing "offense." See attached Exhibit 3. Otherwise, Springer has no objection to the instruction proposed on page 19.

7.  **Multiple Defendants page 20**

Springer objects to the term "crime" appearing in this instruction and instead the term "offense" should appear in its place. Otherwise, Springer has no objection to this proposed instruction by the Prosecution. Springer has proposed this modification attached as Exhibit 4.

8.  **Date of Offense page 21**

Springer objects to the term "crime" appearing in this instruction and instead the term "offense" should appear in its place. Otherwise, Springer has no objection to this proposed instruction by the Prosecution. Springer has proposed this modification attached as Exhibit 5.

9.  **Proof of intent page 22**

Springer objects to giving any specific intent instruction as "instructing in terms of `specific intent' has been disfavored by the courts because of the confusing and ambiguous nature of such an instruction." United States v. Laughlin, 26 F.3d 1523, 1527 (1994) (citing Liparota v. United States, 471 U.S. 419, 433 n. 16 (1985)

Springer also objects to the label of the instruction "Proof of Intent" and specifically objects to the incorporation of "knowledge" within this instruction. A

separate instruction of knowingly should be given and is addressed in section 10 below. Springer has proposed a separate instruction on "Intent" attached as Exhibit 6 in the event this Court overrules Springer and the 10th Circuit's position on not giving a specific intent instruction because "willfully" satisfies the "mens rea." Laughlin, 26 F.3d at 1577

**10.     Knowingly defined page 23**

Springer has no objection at this time to the Prosecution's definition of knowingly.

**11.     Willfully defined page 24**

Springer objects to the Prosecution proposal on the legal meaning of "willfully." The Supreme Court in the very case cited by the Prosecution, *Cheek v. U.S.*, 498 U.S. 192, 201-02, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), stated "Willfulness, as construed by our prior decisions in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." See also U.S. v. Chisum, 502 F.3d 1237, 1241 (10th Cir. 2007)["The intent requirement in criminal tax cases is particularly strict" as "the Supreme Court stated in *Cheek v. U.S.*, 498 U.S. 192, 201-02, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)"]

**12.     Count One defining "offense" page 25**

Springer objects to the Prosecution's proposal regarding defining the "offense" in Count One. Once again the Prosecution goes back to "commit any offense" instead of "defraud the United States" as they told this Court the Grand

Jury only charged the defraud part. This intentional mislead should show the Court the Prosecution is pursuing charges that are not contained within Count One or that at all times was intended to allege the object of the conspiracy was to "commit any offense" and simply refuse to inform Springer, Stilley and this Court what that offense is. Springer proposes Exhibit 8 attached herein to accurately reflect the theory the Government told this Court was the Grand Juries intentions in Count One.

Springer also proposes in the alternative to page 25 that included with Exhibit 8 attached herein, an instruction on the "object" alleged by the Grand Jury is beyond necessary. See Exhibit 9 attached. Springer also proposes a definition of materiality be given to the Jury. See Exhibit 10 attached.

What Springer finds amazing is that the Prosecution continues to leave in their proposed instructions the "any offense against the United States" or "law" when proposing how the jury should be instructed regarding the law even though they have over and over again said their was no substantive law or offense other than to "defraud" and even suggest Stilley "refuses" to understand this position.

13. **Nature of offense page 26**

Springer objects to the proposes instruction on page 26 labeled "Nature of the Offense" and the Prosecution has not cited to any authority for it. This Court should be alarmed about the consistency with which the Prosecution continues to leave in the "commit an offense against....the United States" language with which

they told this Court, Springer and Stilley, was **not** part of the Grand Jury indictment. Because the elements for Count One involve the reference to an "overt act" in "furtherance" of the "object" of the "conspiracy" an instruction on "object" is relevant. Springer has proposed such instruction attached as Exhibit 9.

**14.    Element of the Offense in Count One page 27**

Springer objects to the Prosecution's proposed instruction on the elements of Count One. Obviously page 27 has been rightfully aborted by the Prosecution but not without completely misleading the Court by saying:

> Through his proposed jury instruction, Defendant Stilley demonstrates his stubborn refusal to acknowledge **that he has been charged under the defraud prong** of Title 18, United States Code Section 371. ...The United States' proposed instruction on the elements of conspiracy correctly states the elements the government must prove. United States' Proposed Jury Instructions at 27 (doc. no. 107). However, the United States' **proposed jury instruction inadvertently omitted the interdependence element** that is unique to this Circuit. Therefore, the United States encloses with this filing an amended jury instruction with respect to the elements for conspiracy. Attachment A.

See Doc. 120-1, pg. 3-4

While chastising Mr. Stilly for refusing to "acknowledge" he has been charged with the "defraud prong" the Prosecution admitted they left out at least one element in their proposed instruction on the element of "interdependence." See page 27 and Exhibit A attached in Doc.120-2. Interestingly, the Prosecution proposed replacing their 3 element proposal on August 3, 2009, they slaved to produce timely with the interdependence element, which would logically raise the

proposed elements to 4.  But wait! Exhibit A proposes 5 Elements.  The Prosecution also omits the reference to "commit a violation of federal law" previously contained with the 1st element proposed.  They just left that off while chastising Stilley for refusing to acknowledge what the Prosecution refuses to acknowledge to Stilley in the first place.  The Prosecution not only omits the language in the 1st element they chastised Stilley for refusing to "acknowledge" as they also struck "willfully" and added knowledge of the objective and participation.

Springer proposes an alternative to page 27 (as amended) in accord with the 10th Circuit and the theory the Grand Jury alleges.  See Exhibit 11.

Springer also has proposed Exhibit 12 in order to avoid any confusion as to the juries duty to find the essential object of the conspiracy was to impede, impair, obstruct and defeat the "lawful functions" of the Internal Revenue Service in the "ascertainment, computation, assessment, and collection" of any income tax liabilities owed by Lindsey Kent Springer for calender years 2000 through 2005.

15.    **Unanimity of Theory page 28-31**

Springer objects to this instruction in relevant part.  It is hard for Springer to imagine a more contradictory proposal than the unanimity instruction proposed by the Prosecution.  The Prosecution wishes for the Jury to be unanimous on a theory the Prosecution itself is not unanimous in arguing or conveying.  Springer understands the difficultly the Prosecution has with complying with the 5th and 6th Amendments but Springer's sympathy is short lived.  Springer objects to the Unanimity instruction in that on page 31 the Prosecution erroneously proposes that

"the defendant committed at least one of the acts listed." Just having to prove the act alleged occurred is not the test. The test is whether the act was in furtherance of the object of the conspiracy. Springer proposes the following last paragraph to read:

> But in order to return a guilty verdict, all twelve of you must agree upon which of the acts listed above, if any, a defendant committed <u>in furtherance of the object to impede, impair, obstruct and defeat the lawful functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of any income tax liabilities owed by Lindsey Kent Springer for calender years 2000 through 2005</u>, and that <u>either Lindsey Kent Springer or Oscar Stilley committed at least one of the acts listed for that purpose.</u>

See attached Exhibit 13, pg. 24

**16.    Count Two Three and Four Elements of the offense page 34-38**

Springer objects to the Prosecution's Proposed instruction on the elements of attempted tax evasion as they are not consistent with the 10th Circuit Pattern Instruction 2.92. The Prosecution says in its proposal that the "indictment alleges a specific amount of tax due for the calender year 2000" [2003 and 2005 also] when the indictment clearly does not allege any amount. These instructions appear to be instructions where a person under reported information by including such language as "additional tax due."[4] The affirmative acts should be listed in the third element as the 10th Circuit explained in its pattern instruction. Also "conceal" should not be listed as an affirmative act and also listed as the legal definition of what defines an affirmative act. See page 34 and 37 of the Prosecution's

---

[4] The appear to have slaved over these proposals long and hard.

proposal on the elements of Count Two, Three and Four.  Springer also objects to the meaning of the element of willfully proposed by the Prosecution.  Furthermore, the listed affirmative acts in Count Three differ with those in Count Four based upon the "gold coin" theory alleged in Count Three.  Springer has proposed an alternative to the Prosecution's suggestions attached as Exhibit 14, 15 and 16.

**17.    Counts Five and Six: Nature of Offense page 40**

Springer objects and opposes the Prosecution's proposed instruction regarding the Nature of Offense under Counts Five and Six.  The term "crime" should be "offense" as used in this proposal.

Furthermore, the second and third paragraph are not correct statements of the law.  The Grand Jury alleged in Count One the "returns" were "individual income tax returns" while in Counts Two, Three and Four, the returns are referred to as "United States Individual Income Tax Returns."  Instructing the jury "make an income tax return" should actually be a " make a 1040 U.S. Individual Income Tax Return."

Furthermore, the second sentence of the second paragraph beginning "By reason" and ending "entitled" is incorrect is a statement of law disguised as a theory attempting to avoid the question as to where the amount of $ 7700 and $15,900 were derived from.  Springer has proposed an alternative to this instruction as Exhibit 17.

**18.    Counts Five and Six: Elements of the Offense page 41.**

Springer objects and opposes to the Prosecution's instruction proposal on the

"elements" of an offense under section 7203.  First, the theory of the Prosecution never alleges any "regulations" so that theory is in violation of the 5th Amendment Grand Jury requirement.  The Prosecution in its Bill of Particulars directed this Court that "required by law" means and includes section 6091 of Title 26.  Springer also opposes the instruction proposal on willfully.  Springer has proposed an alternative instruction on the elements of a section 7203 violation as alleged by the Grand Jury attached as Exhibit 18 and as reflected by the Prosecution's Bill of Particulars.  The use of "crime" instead of "offense" is also error.

**19.     Aid and Abet: Statute Defining Offense page 42, 43 and 44**

It is not entirely clear what the Prosecution intends to prove by the proposed instructions at page 42, 43 and 44.  But what is clear is that they have theorized that Springer is both charged with violating Title 26, Section 7201 in Counts Three and Four, and they have now suggested Springer has violated Title 18, Section 2.  The Nature of the Offense could not be more incorrect.  Oscar Stilley is charged with the Title 18, Section 2 violation as a "principal" and not Springer.   Springer is the accused regarding the attempted evasion of tax liability.  There is not the slightest suggestion in the Grand Jury Indictment that Springer was the aider and abetter in Counts Three and Four.  Springer proposes an alternative instruction attached as Exhibit 19.

Springer also objects to the Prosecution's proposed "elements" as they are not consistent with the theory of the Grand Jury indictment.  Although the Prosecution cites to the 10th Circuit Pattern Instruction 2.06 they obviously aborted

that pattern instruction. See page 44. Springer proposes an alternative attached as Exhibit 20.

**20.    Verdict Form page 47,48 and 49**

Springer files his objections to the Prosecution's proposed verdict form. Springer submits that if the Jury is requested to identify the unanimous overt act they found, in the event a guilty verdict is rendered, the jury should be asked to identify the act or acts which they unanimously found were in furtherance of the object of the conspiracy. By asking simply which acts they found unanimously existed renders "in furtherance of" meaningless. Springer has proposed an alternative verdict form attached as Exhibit 21.

Respectfully Submitted
/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I certify that on August 17, 2009, a true and correct copy of Springer's objections to the Prosecution's Proposed Instructions along with 21 proposed Exhibits was ecf'd to:

Charles O'Reilly
Kennth Snoke
Oscar Stilley


/s/ Lindsey Kent Springer