**EXHIBIT 1**

**SPRINGER'S PROPOSED ALTERNATIVE**
**PRELIMINARY INSTRUCTION _____**

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed and to give you some guidance as to the elements of the offenses charged. These preliminary instructions are given for guidance only, in order to provide you with a context within which to place the evidence as it is admitted at trial. Your deliberations will in all respects be governed by the final instructions given after all of the evidence has been presented. In the event of any discrepancy between the two sets of instructions, the final jury instructions supercede this preliminary instruction.

[the third paragraph of the Prosecution's Preliminary Instruction has been deleted as unfair and unnecessary].

The indictment charges the following - [read entire indictment]

The indictment is simply the description of the charges made by the government against the defendants; it is not evidence of guilt or anything else. Each defendant has pleaded not guilty and is presumed innocent. A defendant may not be found guilty by you unless all twelve of you unanimously find the government has proved the defendant's guilt beyond a reasonable doubt.

1

There are two defendants in this case and you will have to give separate consideration to the case against each defendant as each is entitled to individual consideration.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendant may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts about which the government and the defendants agree or as to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendants may present evidence, but they are not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, the government or the defendant may make an objection to a question asked or to an answer given by a witness. This simply means that the party objecting is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on objections. If I sustain an objection to a question, the

2

witness may not answer it. Do not attempt to guess what the answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to the statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the parties about the rules of law that should apply. Sometimes we will talk briefly at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject. After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

You will repeatedly here the term "elements" throughout this trial.   Each Court in the indictment I read to you earlier are broken down into parts.   The are the "elements" that make up each Count.  In Count One, the elements are:

*First*: the defendants entered into an agreement with each other for the sole purpose of

unlawfully impeding, impairing, obstructing and defeating the lawful functions of the IRS

in the computation, ascertainment, assessment and collection of certain specific tax

liabilities owed by Lindsey Kent Springer as the law mandated;

*Second*: one of the defendants engaged in at least one  overt act which you find

was to further the agreements objective;

*Third*: the that defendant committing one overt act knew the essential objective of

the agreement at the time the act found by you to be overt was committed;

*Fourth*: the defendant knowingly and voluntarily participated with each other;

*Fifth*: there was interdependence among the members of the agreement; that is, the

members, in some way or manner, intended to act together for their shared mutual

benefit within the scope of the conspiracy charged.

As to Count Two, Three and Four, the elements are:

*First,* Lindsey Kent Springer is liable for a tax deficiency stemming from money he

received during the calender years 2000, 2003 and 2005

*Second,* Lindsey Kent Springer committed an affirmative act that you find was for the

4

sole purpose of furthering an attempt to evade the payment of his tax liability for the years 2000, 2003 and 2005;  and

*Third,* Lindsey Kent Springer acted willfully.

As to Count Three and Four, Oscar Stilley is charged with willfully aiding Mr. Springer in the alleged charge that Lindsey Kent Springer willfully attempted to evade the payment of his tax liabilities he owed according to law for calender years 2003 and 2005.

The elements as to finding Oscar Stilley willfully aided Mr. Springer are:

*First*: Lindsey Kent Springer attempted to evade his tax liabilities for the years 2003 and 2005 in violation of Title 26, Section 7201, and

*Second:* the Oscar Stilley intentionally associated himself in some way with the attempted tax evasion alleged in Counts Three and Four and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

As to Count Five and Six, the elements are;

*First*, that Lindsey Kent Springer required by a specific law to file a U.S. Individual Income Tax Return, Form 1040 for calender year 2002 and 2004;

5

*Second*, that Lindsey Kent Springer failed to timely file a U.S. Individual Income Tax Return, Form 1040 for calender year 2002 and 2004; and

*Third,* willfulness.

Willfulness has three elements the Prosecution is required to prove as alleged in Counts Two, Three, Four, Five and Six.

*First*, the Government must prove that the law imposed a duty on Lindsey Kent Springer,

*Second,* that Lindsey Kent Springer knew of this law, and

*Third*, that he voluntarily and intentionally violated that this law.

During the course of the trial, you should not talk with any witness, or with a defendant, or any of the lawyers at all. In addition, during the course of the trial, you should not talk about the trial with anyone else. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own

6

that you think might be helpful. Do not engage in any outside reading on this case, do not

attempt to visit any places mentioned in the case, and do not in any other way try to learn about

the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is

basically to assist any appeals. However, a typewritten copy of the testimony will not be

available for you during deliberations. On the other hand, any exhibits that have been admitted

into evidence will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason

for this is that your decision in this case must be made solely on the evidence presented at the

trial.

With that introduction, Mr. , you may present the opening statement for the

government

**10th Cir. Pattern 1.01 (as directed to be modified)**

**EXHIBIT 2**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**CONSIDER ONLY THE OFFENSES CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the offenses charged in each Count of the Indictment. Each defendant is not on trial for any act, conduct, or offense not charged in the indictment. It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for any offense charged. The fact that another person also may be guilty is no defense to any offense charge. The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the offense charged.

**U.S. v. Anglin, 438 F.3d 1229 (10th Cir. 2006)("offense against the United States"); see also Title 18, Section 3231**

**EXHIBIT 3**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**COUNTS ALLEGED AS SEPARATE OFFENSES**

You are advised that a separate offense is charged by each count contained in the Indictment. Each offense charged, and any evidence pertaining to it, should be considered separately. The fact that you may find one defendant not guilty or guilty of one of the counts in the Indictment should not control your verdict as to any other offense charged against either defendant.

**See Prosecution Proposal page 19 (as modified by Springer); see also U.S. v. Anglin, 438 F.3d 1229 (10th Cir. 2006)("offense against the United States"); see also Title 18, Section 3231**

9

**EXHIBIT 4**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**MULTIPLE DEFENDANTS**

A separate offense is charged against one or more of the defendants in each count of the indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant. Your verdict as to any one defendant or count, whether it is not guilty or guilty, should not influence your verdict as to any other defendants or counts.

**10th Circuit Pattern Jury Instructions 1.22 (2005)(modified).**

**EXHIBIT 5**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**DATE OF OFFENSE**

The indictment charges that the offenses were committed "on or about" a certain date.

The government must prove beyond a reasonable doubt that the defendant committed the offense

reasonably near the date charged.

**10th Circuit Pattern Jury Instructions 1.18 (2005) (modified).**

**EXHIBIT 6**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**INTENT**

The intent of a person at any given time may not ordinarily be proved directly because there is no way of scrutinizing the operation of the human mind. In determining the issue of what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person. The prosecution is required to prove a defendant's intent beyond a reasonable doubt. The prosecution is not required to prove a defendant's state of mind with direct evidence. The prosecution may prove a defendant's intent with circumstantial evidence alone.

**10th Cir. Patterson 1.38 (modified and created per their suggestion)**

**EXHIBIT 7**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ____**

**WILLFULLY DEFINED**

One of the essential elements of a violation of Title 26, Section 7201, alleged in Counts Two, Three and Four of the Indictment, is that the Government must prove beyond a reasonable doubt Lindsey Springer acted "willfully."     In order for you to find Lindsey Springer acted willfully you must find the Government proved the following beyond a reasonable doubt:

First, you must find as fact that a Specific Law imposed an income tax liability upon Lindsey Kent Springer to pay a substantial income tax owed and file a specified tax return to the United States Internal Revenue Service for each of the years 2000, 2003 and 2005.

Second, you must find that Lindsey Kent Springer was specifically aware of the Specific Law imposing an income tax liability upon Lindsey Kent Springer to pay a substantial income tax owed and file a specified return to the United States Internal Revenue Service for each of the years 2000, 2003 and 2005.

Third, you must find that Lindsey Kent Springer voluntarily and intentionally violated the specific law imposing an income tax liability upon Lindsey Kent Springer to pay a substantial income tax owed and file a specified return to the United States Internal Revenue Service for each of the years 2000, 2003 and 2005.

10th Cir. Pattern Jury Instruction 1.38 modified ;  *Cheek v. U.S.*, 498 U.S. 192, 201-02, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991); *Cheek v. U.S.*, 498 U.S. 192, 201-02, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)"]

13

**EXHIBIT 8**

**SPRINGER PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**COUNT 1 : CONSPIRACY _____**

**STATUTE DEFINING THE OFFENSE**

**18 U.S.C. § 371**

Section 371 of Title 18 of the United States Code provides, in part that:

"If two or more persons...conspire...to defraud the United States, or any agency thereof...and one or more of such persons do any act to effect the object of the conspiracy,..." an offense against the United States has been committed.

**See Title 18, Section 371 (altered)**

**EXHIBIT 9**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. _____**

**OBJECT OF CONSPIRACY DEFINED**

To find the object of the conspiracy alleged in Count One was to "defraud" the United States you must find Defendants' plan was to interfere with or obstruct the Internal Revenue Service's attempt to ascertain, compute, assess or collect federal income tax liabilities of Lindsey Kent Springer, and this plan was to be accomplished by deceit, craft or trickery, or at least by means that are dishonest.

"To conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful government functions by deceit, craft or trickery, or at least by means that are dishonest." Hammerschmidt v. United States, 265 U.S. 182, 188, 44 S.Ct. at 512; See also McNally v. United States, 483 U.S. 350, 359-60 & n. 8, 107 S.Ct. 2875, 2881-82 & n. 8, 97 L.Ed.2d 292 (1987); quoted in U.S. v. Scott, 37 F.3d 1564, 1575 (10th Cir. 1994) ["We agree with Caldwell's requirement that the instructions clearly communicate that the means must be dishonest, deceitful or fraudulent in the sense of its usual meaning."][*United States v. Caldwell,* 989 F.2d 1056, 1059 (9th Cir. 1993)]

15

**EXHIBIT 10**

**SPRINGER PROPOSED ALTERNATIVE INSTRUCTION ____**

**MATERIALITY- DEFINED**

Count One alleges the object of the alleged conspiracy was to defraud the United States and one of its agencies by impeding, impairing, obstructing and defeating, the lawful functions of the Internal Revenue Service in the computation, ascertainment, assessment and collection of income taxes owed by Lindsey Kent Springer.

In order for you to find any act allegedly in paragraph 10 through 15 committed by Lindsey Kent Springer or Oscar Stilley, you must first find the allegations therein are true and then, to find any such act capable of defrauding or did "defraud" the United States Internal Revenue Service, you must find one of the following "material" to the exercise of the lawful function the Internal Revenue Service was pursuing:

1) Use of Oscar Stilley's IOLTA account by Lindsey Kent Springer to conceal Springer's income, assets, and personal expenses;

2) Lindsey Kent Springer's use of Oscar Stilley's Credit Card to pay for a few of Springer's numerous personal expenses;

3) Lindsey Kent Springer and Oscar Stilley's use of cashier's checks, money orders, cash and other means, to avoid creating the usual records of financial transactions and to conceal Springer's income;

4) Lindsey Kent Springer and Oscar Stilley misrepresented the source and nature of Springer's income to the Internal Revenue Service, Grand Jury and Department of Justice.

5) Lindsey Kent Springer and Oscar Stilley did refrain from filing Form 1040 and 1099

16

with the Internal Revenue Service.][**This alleged act is an act of omission and cannot by itself satisfy the materiality part of the object of the alleged conspiracy to defraud**][<u>This section is presented for appearance and objection only</u>.]

A fact is material if a reasonable person, in light of all the information available to him or her, would attach importance to the fact in making a decision.

**The question of materiality is constitutionally required to be submitted to the jury as an element; failure to do so is reversible error.** *United States v. Gaudin*, **515 U.S. 506, 511, 522–23 (1995). A material statement is one that has a natural tendency to influence or was capable of influencing the decision of the tribunal in making a required determination.** ***See, e.g.***, *United States v. Harrod*, **981 F.2d 1171, 1176 (10th Cir. 1992).  See also** *Neder v. United States*, **527 U.S. 1, 25 (1999).**

**EXHIBIT 11**

**SPRINGER PROPOSED ALTERNATIVE INSTRUCTION NO. _____**

**ELEMENTS OF COUNT ONE**

**18 U.S.C. § 371**

Lindsey Kent Springer and Oscar Stilley are charged in count with a violation of 18

U.S.C. section 371.

This law makes it a crime to conspire to commit the  offense of defrauding the United

States.

To find Lindsey Kent Springer and Oscar Stilley guilty as charged in Count One you must

be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: that both Lindsey Kent Springer and Oscar Stilley  agreed with each other to

impede, impair, obstruct and defeat the lawful functions of the Internal Revenue Service in the

ascertainment, computation, assessment, and collection of any income tax liabilities owed by

Lindsey Kent Springer for calender years 2000 through 2005.

*Second*: one of the Defendants knowingly engaged in at least one overt act furthering the

agreements objective to impede, impair, obstruct and defeat the lawful functions of the Internal

Revenue Service in the ascertainment, computation, assessment, and collection of any income tax

liabilities owed by Lindsey Kent Springer for calender years 2000 through 2005.

*Third*: each defendant knew the essential objective of the conspiracy was to impede,

impair, obstruct and defeat the lawful functions of the Internal Revenue Service in the

ascertainment, computation, assessment, and collection of any income tax liabilities owed by

Lindsey Kent Springer for calender years 2000 through 2005.

18

*Fourth*: the defendant knowingly and voluntarily participated together impede, impair, obstruct and defeat the lawful functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of any income tax liabilities owed by Lindsey Kent Springer for calender years 2000 through 2005.

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

**10th Circuit Patter 2.19 (modified).**

**EXHIBIT 12**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**LAWFUL FUNCTION DEFINED**

In Count One the phrase lawful function appears as the main object of the conspiracy to impede.   The Lawful Functions alleged by the Grand Jury intended to be impeded was the computation, ascertainment, assessment and collection of income tax liabilities owed by Lindsey Kent Springer.  It is up to you to determine whether any of these functions were being performed, and if so, which one or ones, at or during the times alleged in Count One by someone authorized by law to perform them.

**A federal officer is ''engaged in the performance of his official duties'' if he is acting within the scope of what he is employed to do, rather than engaging in a personal frolic of his own.** *United States v. Young*, **614 F.2d 243, 244 (10th Cir. 1980)**

**EXHIBIT 13**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**UNANIMITY OF THEORY**

Your verdict must be unanimous. Count One of the indictment accuses each defendant of conspiracy to defraud the United States and committing the following overt acts in furtherance of that conspiracy:

   • On or about September 16, 2005, Defendant Springer told Internal Revenue Service employees that all funds he receives are gifts and donations, that he does not have any income, and that he does not provide any services for payment.

   • On or about January 20, 2006, Defendant Stilley stated to Internal Revenue Service employees that people give money to Defendant Springer for his ministry, and expect no services in return.

   • On or about March 9, 2006, Defendant Stilley provided the Grand Jury with a document titled "RESPONSE TO SUBPOENA" stating that "Lindsey Springer does not charge for his services," and purporting to list "any money paid, given, transferred, or provided to Lindsey Springer for any purpose."

   • On or about June 24, 2003, Defendant Stilley caused to be deposited a Check for $112,500 into his IOLTA account.

   • On or about June 30, 2003, Defendant Stilley caused to written a check for $14,359 from his IOLTA account to Defendant Springer.

   • On or about July 21, 2003, Defendant Stilley caused to be written a

21

check for $35,000 from his IOLTA account to Defendant Springer.

• On or about July 31, 2003, Defendant Stilley, using funds from his IOLTA account, purchased a $37,000 cashier's check for Defendant Springer.

• On or about July 31, 2003, Defendant Springer used the $37,000 cashier's check to purchase a Chevrolet Corvette.

• On or about November 6, 2003, Defendant Stilley caused $375,059.90 to be transmitted to his IOLTA account.

• On or about November 7, 2003, Defendant Stilley caused three cashier's checks payable to Defendant Springer in the amount of $20,000 each to be issued from his IOLTA account.

• On or about November 7, 2003, Defendant Stilley purchased $18,000 in money orders for Defendant Springer using funds from his IOLTA account.

• On or about August 8, 2005, Defendant Springer sent an email to a third person containing the account number, routing number, and name of Defendant Stilley's IOLTA account.

• On or about August 11, 2005, Defendants Springer and Stilley caused $192,000 to be transmitted to Defendant Stilley's IOLTA account for Defendant Springer.

• On or about August 15, 2005, Defendant Stilley caused $166,000 to be transmitted from his IOLTA account for the purchase of a motor home titled in the name of Defendant Springer and his wife.

• On or about August 18, 2005, Defendants Springer and Stilley caused $58,000 to be transmitted to Defendant Stilley's IOLTA account for Defendant Springer.

22

• On or about August 26, 2005, Defendant Stilley caused $5,560 to be transmitted from his IOLTA account to Oklahoma Truck and Trailer Sales for the purchase of a trailer titled in the name of Defendant Springer.

• On or about September 1, 2005, Defendant Stilley caused $25,813 to be transmitted from his IOLTA account to Lexus of Tulsa for the purchase of a Lexus titled in the name of Defendant Springer and his wife.

• On or about September 19, 2005, Defendant Stilley purchased two $10,000 cashier's checks payable to Defendant Springer with funds from Defendant Stilley's IOLTA account.

• On or about November 29, 2005, Defendant Stilley purchased a $9,000 cashier's check payable to Defendant Springer with funds from Defendant Stilley's IOLTA account.

• On or about December 9, 2005, Defendant Springer caused $50,000 he earned from the sale of a motor home to be transmitted to Defendant Stilley's IOLTA account.

• On or about May 2, 2006, Defendant Stilley caused to be written a $1,993.56 check from his IOLTA account to Defendant Springer.

• On or about July 25, 2006, Defendant Stilley caused to be deposited a $175,000 check in his IOLTA account.

• On or about August 3, 2006, Defendant Stilley caused to be written a $25,000 check from his IOLTA account to Bondage Breakers Ministry.

• On or about January 15, 2009, Defendant Springer represented that he earned no

23

income and that the money he received was given "without any expectation for
anything from anybody."

The government does not have to prove all of these different acts for you to return a guilty
verdict on count.

But in order to return a guilty verdict, all twelve of you must agree upon which of the acts
listed above, if any, a defendant committed in furtherance of the object to impede, impair,
obstruct and defeat the lawful functions of the Internal Revenue Service in the ascertainment,
computation, assessment, and collection of any income tax liabilities owed by Lindsey Kent
Springer for calender years 2000 through 2005, and that either Lindsey Kent Springer or Oscar
Stilley committed at least one of the acts listed for that purpose.

**EXHIBIT 14**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**COUNT TWO: ELEMENTS OF THE OFFENSE**

To find Lindsey Kent Springer guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* Lindsey Kent Springer was required by law to make and file a 1040 U.S. Individual Income Tax Return for the calender year 2000, at the times, place, and manner required by law.

*Second*: Lindsey Kent Springer owed substantial income tax liability;

*Third*: Lindsey Kent Springer intended to evade and defeat payment of that tax liability;

*Fourth*: Lindsey Kent Springer committed an affirmative act in furtherance of this intent, that is he (1) received income in a fictitious name; (2) directed individuals to write "donation" or "gift" on checks that were payment for services; (3) directed individuals to pay for services by cashier's check; (4) used a check cashing business to cash checks; (5) used money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal his income; (6) making false statements to agents and employees of the Internal Revenue Service; and, [**(7) otherwise concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.**][*SPRINGER OBJECTS HERE AS THE DEFINITION OF AFFIRMATIVE ACT USES THE TERM CONCEAL AND MISLEAD AND SHOULD NOT BE REPEATED IN THE LIST OF ACTS DESCRIBING WHAT THE ACTS ARE ALLEGED TO PROVE.*]

*Fifth*: Lindsey Kent Springer acted willfully in the alleged attempt to evade his tax liabilities for the year 2000, that is, that the law imposed a duty on him making him liable for a

25

tax on the money he received, that he was made aware of this duty making him liable for a tax on the money he received prior to receiving such money, and that he voluntarily and intentionally violated such duty making him liable for such tax on the money he received during the year 2000.

To ''evade and defeat'' the payment of tax means to escape paying a tax due other than by lawful avoidance. The indictment does not alleges a specific amount of tax due for calendar year 2000. The proof, however, need not show the exact amount of the additional tax due. The government is required only to prove, beyond a reasonable doubt, that the tax due was substantial.

An "affirmative act" to attempt to evade a tax liability is a positive act of commission designed to mislead or conceal.

**10th Circuit Pattern Jury Instructions 2.92 (modified); _United States v. Meek_, 998 F.2d 776, 779 (10th Cir. 1993).**

**EXHIBIT 15**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**COUNT THREE: ELEMENTS OF THE OFFENSE**

To find Lindsey Kent Springer guilty of this crime you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

*First:* Lindsey Kent Springer was required by law to make and file a 1040 U.S. Individual

Income Tax Return for the calender year 2003, at the times, place, and manner required by law.

*Second*: Lindsey Kent Springer owed substantial income tax liability;

*Third*: Lindsey Kent Springer intended to evade and defeat payment of that tax liability;

*Fourth*: Lindsey Kent Springer committed an affirmative act in furtherance of this intent,

that is he (1) directed individuals to make checks payable to Bondage Breakers ministry; (2) used

a check cashing business to cash checks; (3) accepted collectible coins as payment for services;

(4) used Defendant Stilley's IOLTA account; (5) used Defendant Stilley's credit card to pay

Defendant Springer's personal expenses; (6)  used money orders, cash, and other means to avoid

creating the usual records of financial transactions; (7) making false statements to agents and

employees of the Internal Revenue Service; [**(8) otherwise concealing and attempting to**

**conceal from all proper officers of the United States of America his true and correct**

**income.**][*SPRINGER OBJECTS HERE AS THE DEFINITION OF AFFIRMATIVE ACT USES*

*THE TERM CONCEAL AND MISLEAD AND SHOULD NOT BE REPEATED IN THE LIST OF*

*ACTS DESCRIBING WHAT THE ACTS ARE ALLEGED TO PROVE.*]

*Fifth*: the Lindsey Kent Springer acted willfully in the alleged attempt to evade his tax

liabilities for the year 2003, that is, the law imposed a duty on him making him liable for a tax on

the money he received, that he was made aware of this duty making him liable for a tax on the money he received prior to receiving such money, and that he voluntarily and intentionally violated such duty making him liable for such tax on the money he received during the year 2003.

To ''evade and defeat'' the payment of tax means to escape paying a tax due other than by lawful avoidance. The indictment does not alleges a specific amount of tax due for the calendar year 2003. The proof, however, need not show the exact amount of the additional tax due. The government is required only to prove, beyond a reasonable doubt, that the tax due was substantial.

An "affirmative act" to attempt to evade a tax liability is a positive act of commission designed to mislead or conceal.

**10th Circuit Pattern Jury Instructions 2.92 (modified); _United States v. Meek_, 998 F.2d 776, 779 (10th Cir. 1993).**

28

**EXHIBIT 16**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**COUNT FOUR: ELEMENTS OF THE OFFENSE**

To find Lindsey Kent Springer guilty of this crime you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

*First:* Lindsey Kent Springer was required by law to make and file a 1040 U.S. Individual

Income Tax Return for the calender year 2005, at the times, place, and manner required by law.

*Second*: Lindsey Kent Springer owed substantial income tax liability;

*Third*: Lindsey Kent Springer intended to evade and defeat payment of that tax liability;

*Fourth*: Lindsey Kent Springer committed an affirmative act in furtherance of this intent,

that is he (1) directed individuals to make checks payable to Bondage Breakers ministry; (2) used

a check cashing business to cash checks; (3) used Defendant Stilley's IOLTA account; (4) used

Defendant Stilley's credit card to pay Defendant Springer's personal expenses; (5)  used money

orders, cash, and other means to avoid creating the usual records of financial transactions; (6)

making false statements to agents and employees of the Internal Revenue Service; [**(7) otherwise**

**concealing and attempting to conceal from all proper officers of the United States of**

**America his true and correct income.**][*SPRINGER OBJECTS HERE AS THE DEFINITION*

*OF AFFIRMATIVE ACT USES THE TERM CONCEAL AND MISLEAD AND SHOULD NOT*

*BE REPEATED IN THE LIST OF ACTS DESCRIBING WHAT THE ACTS ARE ALLEGED TO*

*PROVE.*]

*Fifth*: the Lindsey Kent Springer acted willfully in the alleged attempt to evade his tax

liabilities for the year 2005, that is, the law imposed a duty on him making him liable for a tax on

29

the money he received, that he was made aware of this duty making him liable for a tax on the money he received prior to receiving such money, and that he voluntarily and intentionally violated such duty making him liable for such tax on the money he received during the year 2003.

To ''evade and defeat'' the payment of tax means to escape paying a tax due other than by lawful avoidance. The indictment does not alleges a specific amount of tax due for the calendar year 2005. The proof, however, need not show the exact amount of the additional tax due. The government is required only to prove, beyond a reasonable doubt, that the tax due was substantial.

An "affirmative act" to attempt to evade a tax liability is a positive act of commission designed to mislead or conceal.

**10th Circuit Pattern Jury Instructions 2.92 (modified); _United States v. Meek_, 998 F.2d 776, 779 (10th Cir. 1993**).

**EXHIBIT 17**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. _____**

**COUNTS FIVE AND SIX: NATURE OF THE OFFENSE**

Defendant Springer is charged in Counts Five and Six with violations of Title 26, United States Code Section 7203. This law makes it an offense for anyone to willfully fail to make and file an income tax return required by Title 26.

In Count Five, the Indictment charges that during the calendar year 2002, Defendant Springer had and received gross income in excess of $7,700 and that he was required by law, following the close of the calendar year 2002 and on or before April 15, 2003 to make a 1040 U.S. Individual Income Tax Return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled. The Indictment further charges that well knowing and believing all of the foregoing, Defendant Springer did willfully fail, on or about April 15, 2003, in the Northern District of Oklahoma and elsewhere, to make and file such income tax return .

In Count Six, the Indictment charges that during the calendar year 2004, Defendant Springer had and received gross income in excess of $15,900 and that he was required by law, following the close of the calendar year 2004 and on or before April 15, 2005 to make a 1040 U.S. Individual Income Tax Return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.   The Indictment further charges that well knowing and believing all of the foregoing, Defendant Springer did willfully fail, on or about April 15, 2005, in the Northern District of Oklahoma and elsewhere, to make and file such income tax return.

31

**EXHIBIT 18**

**SPRINGER PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**COUNTS FIVE AND SIX: ELEMENTS OF THE OFFENSE**

To find Defendant Springer guilty of this offense you must be convinced that the government has proved each of the following beyond a reasonable doubt that:

*First*: Lindsey Kent Springer was required by law to make a 1040 U.S. Individual Income Tax Return concerning his receipt of adjusted gross income for the taxable years ending December 31, 2002 (Count Five) and December 31, 2004 (Count Six);

*Second*; Lindsey Kent Springer was required to by law to hand deliver the 1040 U.S. Individual Income Tax Return then made to the District Director assigned over the Arkansas-Oklahoma Internal Revenue District located in Oklahoma City, Oklahoma, or deliver to the Internal Revenue Service Center over the Internal Revenue District known as Arkansas-Oklahoma to which Springer resided during the years in question.

*Third*: the defendant failed to file such a return at the times and  places required by law; and

*Fourth*: in failing to file the tax return, the defendant acted willfully.

To find Defendant Springer acted willfully, for Counts Five and Six, you must first find, the law required him to make such return and file it at the place the law requires, that he was aware of these requirement of the law, and that he voluntarily and intentionally failed to make and file such return.

For the offense of willful failure to file a tax return, the government is not required to show that a tax is due and owing from the defendant. Nor is the government required to prove an

32

intent to evade or defeat any taxes.

**10th Cir. Pattern 1.38; U.S. v. Taylor, 828 F.2d 630, 634 (10th Cir. 1987)(venue); 10th Cir. Pattern Jury Instruction 1.38 modified ; *Cheek v. U.S.*, 498 U.S. 192, 201-02, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991); *Cheek v. U.S.*, 498 U.S. 192, 201-02, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)"] (willfulness); See also Title 26 sections 6011, 6012, 6071, 6091, 7203.**

**EXHIBIT 19**

**SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. ___**

**AID AND ABET: NATURE OF THE OFFENSE**

Counts Three and Four of the Indictment also charge Defendant Stilley with violations of

18 U.S.C. § 2. This law makes it a crime to intentionally help someone else

commit a offense.

The Indictment charges in Count Three that Stilley, as a principal committed with

Springer, the following affirmative acts of evasion:

    1) using Defendant Stilley's IOLTA account;

    2) using Defendant Stilley's credit card to pay Defendant Springer's personal expenses;

    3) using cashier's checks, money orders, cash and other means to avoid usual records and

to conceal income;

    4)  making false statements to agents and employees of the Internal Revenue Service;

    5) and otherwise concealing and attempting to conceal from all proper officers of the

United States of America Defendant Springer's true and correct income.

The Indictment charges in Count Four that Stilley, as a principal committed with

Springer, the following affirmative acts of evasion:

    1) using Defendant Stilley's IOLTA account;

    2) using Defendant Stilley's credit card to pay Defendant Springer's personal expenses;

    3) using cashier's checks, money orders, cash and other means to avoid usual records and

to conceal income;

    4) making false statements to agents and employees of the Internal Revenue Service;

5) and otherwise concealing and attempting to conceal from all proper officers of the

United States of America Defendant Springer's true and correct income.

**10th Cir. Pattern 2.06( modified); See also Title 18, Section 2.**

# EXHIBIT 20

## SPRINGER'S PROPOSED ALTERNATIVE INSTRUCTION NO. _____

## AID AND ABET 18 U.S.C. § 2(a) Elements

Counts Three and Four of the indictment also charges a violation of 18 U.S.C. section 2, which provides that: ''Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.''

This law makes it an offense to intentionally help someone else commit a offense. To find defendant Stilley guilty of this offense, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: Lindsey Kent Springer committed the charged offense of attempted Tax Evasion as alleged in Counts Three (2003) and Four (2005); and

*Second*: the defendant Stilley intentionally associated himself in some way with the offense and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant Stilley consciously shared the other person's knowledge of the attempted tax evasion and intended to help Springer attempt to evade his tax liabilities for the years 2003 and 2005.

10th Cir. Pattern 2.06( modified)

36

EXHIBIT 21

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                        **Case No.09-CR-043-SPF**

**LINDSEY KENT SPRINGER,**

**OSCAR AMOS STILLEY,**

**Defendants.**

## VERDICT

We, the jury, being duly sworn and upon our oaths, find the defendant Lindsey K.

Springer:

With respect to Count 1 -

Not Guilty _____    Guilty _____

If you find Defendant Springer guilty as charged in Count 1, please identify by

paragraph number as indicated in the Indictment which overt act or acts that you

unanimously agreed upon were committed in furtherance of the agreement alleged in Count One:

_____

_____

With respect to Count 2 -

Not Guilty_____          Guilty_____

With respect to Count 3 -

Not Guilty _____          Guilty _____

With respect to Count 4 -

Not Guilty _____          Guilty _____

With respect to Count 5 -

Not Guilty _____          Guilty _____

With respect to Count 6 -

Not Guilty _____          Guilty _____


We, the jury, being duly sworn and upon our oaths, find the defendant Oscar A. Stilley:

With respect to Count 1 -

Not Guilty_____          Guilty _____


If you find Defendant Stilley guilty as charged in Count 1, please identify by paragraph number as indicated in the Indictment which overt act or acts that you unanimously agreed upon:

_____

_____

38

With respect to Count 3 -

Not Guilty_____ Guilty_____

With respect to Count 4 -

Not Guilty_____ Guilty_____


DATE _____FOREPERSON_____