IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
v.                               )        09-CR-43-SPF
                                 )
LINDSEY KENT SPRINGER and        )
OSCAR STILLEY,                   )
                                 )
                Defendants.      )

LINDSEY KENT SPRINGER'S REPLY[1] TO PROSECUTION'S OPPOSITION TO EIGHTH
MOTION TO DISMISS COUNT ONE, TWO, THREE, FOUR, FIVE AND SIX


Lindsey Kent Springer ("Springer") files his reply to the Prosecution's opposition

to Springer's Eighth Motion to Dismiss seeking dismissal of Counts One, Two, Three,

Four, Five and Six, of the Grand Jury Indictment.  It is obvious the Prosecution wishes

Springer and Stilley be left in the Dark.  Motions to Dismiss can be raised at any time

---

[1]In the event this Court wishes Springer move for leave to file over length brief Springer requests this Court treat this Reply as a Motion to File a 30 page reply.  Springer does not agree that the Federal Rules of Civil Procedure and Local Rules thereunder are applicable to this type of Reply as indicated by the Prosecution in a previous Motion to Strike.   In their response opposing Springer's 8th Motion to Dismiss, the Prosecution shifted the burden to Springer to show why either dismissal or a response first was warranted by order of this Court.   The length of this reply is necessary to explain the complexity by which the Prosecution seeks advantage over their refusal to allege elements according to the 10th Circuit Court of Appeals, Supreme Court and previous order(s) of this Court regarding a Bill of Particulars on "required by law."

before trial.  See Fed.R.Cr.Pr. 12(b)(3)(A) and (B).  See [2] U.S. v. Sinks, 473 F.3d 1315, 1321 (10th Cir. 2007)

It should be clear to this Court that Count One does not allege all the elements of an offense under Title 18, Section 371 and is addressed below.  Counts Two, Three and Four, fail to allege a substantial tax liability as required by the 10th Circuit cases and Pattern Jury Instructions addressed below.  Counts Two, There, Four, Five and Six, fail to identify the provision making Springer liable for any section 1 tax imposed within its "required by law" Grand Jury meaning.

**I.      Springer's Motion to Dismiss**

Springer moved to dismiss (**1**) Count One for failure to allege the 1st, 2nd, and 5th elements of a violation of Title 18, Section 371; (**2**)  to dismiss Counts Two, Three, Four, Five and Six, based upon failure to allege a tax liability Springer owed according to some specific provision of law within Title 26, United States Code and to which would have triggered section 6011 as identified by the Prosecution in their Bill of Particulars; (**3**) to dismiss Counts Five and Six on the basis the theory of the

---

[2] Following *Prentiss*, Rule 12(b) was amended. Currently, Rule 12(b) provides that "at any time while the case is pending, the court may hear a claim that the indictment . . . fails . . . to state an offense." Fed.R.Cr.P. 12(b)(3). The Advisory Committee notes to the 2002 Amendments of Rule 12 state that the "changes are intended to be stylistic only, except as noted." The note specifically applicable to Rule 12(b) declares "[n]o change in practice is intended." Accordingly, the first rule of *Prentiss* survives: **A defendant may challenge an indictment for its failure to charge an offense for the first time on appeal.**   Springer thus under Rule 12(b)(3) can challenge the indictment at any time.

Prosecution regarding Springer exceeding an "exempt amount" is not established within any code provision cited by the Government's Bill of Particulars; (**4**) to dismiss Counts One through Six on the basis that the Grand Jury was misled by the Prosecution and its witness that Springer was liable for the payment of some unidentified amount of taxes for tax years 2000 through 2007; (**5**) to dismiss Counts One through Six based upon applying the rule of lenity to an ambiguous statute as to Title 18, Section 371, Title 26, Section 7201 and Title 26, Section 7203; and (**6**) to dismiss Counts One through Six based upon Title 18, Section 371, Title 26, Section 7201 and Title 26, Section 7203 being vague and ambiguous, impermissibly vague and arbitrary in enforcement. Springer filed a memorandum is support of each of these six claims for dismissal.

## II.     Prosecution's Opposition as untimely

Without addressing the merits of Springer's Motion, the Prosecution opposes Springer's Motion as untimely pointing out that this Court directed Motions to Dismiss for any reason to be filed by May 15, 2009, and  based upon discovery and certain bill of particulars that if the Motion could not be made by May 15, 2009, then the Motion should be made by August 3, 2009. This time schedule was made on August 22, 2009.  The Prosecution fails to explain how Fed.R.Cr.Pr. 12(b)(3) is affected by this Court's April 22, 2009 Order.   Springer asserts that because of all the recent events and discovery that this Motion remains timely and would even be timely if filed for the first time on appeal, save that review would be subject to plain error. See Sinks,

3

*supra*

## III.    History of events leading to Motion

On July 2, 2009, this Court ordered the Prosecution to particularly explain what the Grand Jury meant by the phrase "required by law."  This Court denied Springer's request for the particulars on the alleged "object of the conspiracy" on promise the Prosecution made the object was not to commit any particular offense against the laws of the United States and instead was to "defraud" only.

On July 14, 2009, the Prosecution presented several code sections explaining the Grand Jury theory as to "required by law" in Counts 2, 3, 5 and 6.  The Prosecution gave Sections 1, 61, 63, 6011, 6012, 6071, 6091, 6151, and 7203 as what the Grand Jury meant when they said "required by law."[3]

On July 31, 2009, the Prosecution opposed Oscar Stilley's Motion to Dismiss Count One stating to this Court:

> In fact, Defendant Stilley's motion appears largely to simply reassert the positions brought in Defendants' Sixth Motion to Dismiss Grand Jury Indictment for Failure to Plead Fraud Particularly and Seventh Motion to Dismiss **Count One for Failure to Allege the Persons and Law Intended to be Impeded, and Counts One Through Six for Failure to Allege the Duty Under the Law for Springer to Provide Information to the IRS** (doc. no. 61, 62, 63, 64 and 69). The Court denied these motions by order dated July 1, 2009 (doc. no. 100).

On August 3, 2009, the Prosecution proposed jury instructions in which included the object of the conspiracy theory alleged was to violate "the law" or

---

[3]This is at issue below on other reasons for dismissal of Counts Two, Three, and Four.

to "commit a violation of law" all of which were denounced by Prosecution on July 2, 2009 at the Hearing conducted by this Court resulting in this Court denying Springer's Bill of Particulars request regarding the "object" of the conspiracy. Since no doubt this Court has found the Prosecution "scrupulously complied" with this Court's time line for jury instruction proposals, including the suggestion the Prosecution had over "fifteen weeks" to have their theory properly lined out in their proposals, see Doc. 117, at pg. 1, this Court must conclude the scrupulous proposals contain no unintentional mistakes.

Had the Prosecution told this Court the Grand Jury alleged that the object of the agreement alleged in violation of Title 18, Section 371, involved some other code provision of law, which is an essential element of a violation under the defraud prong of Title 18, Section 371, this Court would certainly have directed the Prosecution to particularly inform Stilley and Springer, as it did "required by law," on exactly what that or those other "laws" specifically were the Grand Jury alleged was the object of the illegal agreement.

After all, if the Grand Jury was alleging a crime under Title 18, Section 371, occurred, by a finding of probable cause, then each element of that alleged violation is required to be alleged by the Grand Jury.  See Doc. 71 at 12

**1. Argument in favor of Motion to Dismiss after August 3, 2009 on Count One**

In opposing Springer's Motion to Dismiss, the Prosecution argued on June 2, 2009, the Grand Jury alleged all the elements required to give Springer proper

notice of that which he must defend and described these as "elements":

> 1. The defendant agreed with at least one other person to violate the law;
>
> 2. One of the conspirators engaged in at least one overt act furthering the conspiracy's objective;
>
> 3. The defendant knew the essential objective of the conspiracy;
>
> 4. The defendant knowingly and voluntarily participated;
>
> 5. There was interdependence among the members of the conspiracy, that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

See Doc. 71, page 11

As late as 2008, the 10th Circuit relying upon U.S. v. Weidner, 437 F.3d, 1023 (10th Cir. 2006) stated the "elements" of conspiracy to "defraud" under 18 U.S.C. § 371 are "that:

> (1) the defendant entered into an agreement;
>
> (2) the agreement involved a violation of the law;
>
> (3) one of the members of the conspiracy committed an overt act;
>
> (4) the overt act was in furtherance of the conspiracy's object; and
>
> (5) the defendant wilfully entered the conspiracy."

See  U.S. v. Thompson, 518 F.3d 832, 854 (10th Cir. 2008)(describing elements in Weidner). "Secrecy and concealment are often necessary to a successful conspiracy, and, as a result, direct evidence of the crime is frequently difficult to obtain." Id.

The 10th Circuit in Weidner held that "in order to convict a defendant of that offense [defraud under section 371], the government must prove beyond a reasonable doubt that:

(1) the defendant entered into an agreement;

(2) the agreement involved a violation of the law;

(3) one of the members of the conspiracy committed an overt act;

(4) the overt act was in furtherance of the conspiracy's object; and

(5) the defendant wilfully entered the conspiracy.

Citing to United States v. Dazey, 403 F.3d 1147, 1159 (10th Cir. 2005). "**The core of a conspiracy is an agreement to commit an unlawful act**." United States v. Morehead, 959 F.2d 1489, 1500 (10th Cir. 1992) (quoting *United States v. Esparsen,* 930 F.2d 1461, 1471 (10th Cir. 1991)). "[T]he critical inquiry is whether the circumstances, acts, and conduct of the parties are of such a character that the minds of reasonable men may conclude therefrom that an **unlawful agreement exists**." *Id.* (quoting *United States v. Kendall,* 766 F.2d 1426, 1431 (10th Cir. 1985)). The existence of the agreement **to violate the law** may be inferred from a "unity of purpose or common design and understanding" among conspirators to accomplish the **objects** of the conspiracy. *Kendall,* 766 F.2d at 1431.  U.S. v. *Weidner*, 437 F.3d 1023, 1033 (10th Cir. 2006).

On August 3, 2009, the Prosecution informed this Court that after it had over 14 years of investigating Springer, and after several Grand Juries empaneled for

"umpteen" years, including the Grand Jury Indictment apparently returned since March 18, 2009, including both the June 2, 2009 objections to Springer's Motions to Dismiss, and the statements made in open Court in effort to evade once again the due process rights of Springer in having at least the same knowledge of theory the prosecution intends to present at trial, the Prosecution aborts the 5 elements listed in pattern instruction 2.19, as they cite to on June 2, 2009 ("Tenth Circuit Pattern Criminal Jury Instructions (No. 2.19) (2005 ed.)") [see Doc. 71, pg. 11], and directs this Court to "O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 31.04, 31.07 (5th Edition 2000) (modified).   See Doc. 107, pg. 27

This new proposal cites to no 10th Circuit case or the 10th Circuit Pattern instructions therein, with or without modifications, and now goes to "O'Malley Grenig & Lee."  Whoever they are, the Prosecution reliance upon them lasted 9 days until the Prosecution, without leave, amended their page 27 on August 12, 2009, of their scrupulously thought out proposed instructions, with now 5 elements. However, instead of the 10th Circuit Pattern Instruction 2.19, or instead of "O'Malley Grenig & Lee," now the Prosecution proposes the theory is a cross between both the 3 elements in O'Malley Grenig & Lee and the 5 elements in Pattern instruction 2.19 and leaving off the term "willfully" as the 5th Element  See Doc. 120-2

Count One does not contain the allegation of "willfully."  Nor does it allege interdependence whatsoever.  Likewise, it alleges no object to violate any specific law whatsoever and there is not a single code section that makes "defrauding the

Untied States" an offense against the laws of the United States under Title 18, Section 3231.

The Prosecution stated "An indictment may track the statutory language, or adopt other language, as long as the indictment sets forth the essential elements of the charged offense. Hamling, 418 U.S. at 117-19 (1974)." See Doc. 71, page 13

The question need answering by the Prosecution is what are the elements for a conspiracy to defraud that need be alleged in the Grand Jury Indictment and proven at trial beyond a reasonable doubt and where are they alleged in Count One?  Springer is not looking for facts alleged, or the secret plan at trial, but rather the citation of each element to which the Grand Jury intended and found probable cause to believe existed.

"An indictment may track the statutory language, or adopt other language, as long as the indictment sets forth the essential elements of the charged offense. Hamling, 418 U.S. at 117-19 (1974)."  Doc. 71, page 13

As obviously from the lips of the prosecution on June 2, 2009:

> As Defendants are well aware, an indictment is sufficient **if it sets forth the elements of the offense charged**, *puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double-jeopardy defense.* United States v. Redcorn, 528 F.3d 727, 733 (10th Cir. 2008); see also, United States v. Resendiz-Ponce, 549 U.S. 102, 107-08 (2007); Hamling v. United States, 418 U.S. 87, 117 (1974).

See Doc. 71 at 12.

Was Springer given notice of the theory of 5 elements the Prosecution

identified on June 2, 2009 in its opposition to Springer's Motion to Dismiss?  Is the theory of 3 elements offered by the Prosecution on August 3, 2009 the notice required to be given to Springer to prepare a defense?  Are the new 5 elements offered on August 12, 2009, by the Prosecution the correct noticed elements Springer must defend?  Or, are the elements Springer is to defend those elements identified by the 10th Circuit in  United States v. Dazey, 403 F.3d 1147, 1159 (10th Cir. 2005),  U.S. v. Weidner, 437 F.3d, 1023 (10th Cir. 2006) and U.S. v. Thompson, 518 F.3d 832, 854 (10th Cir. 2008)?

One thing is certain.  If the Grand Jury did not know, and if the Prosecution cannot say with any certainty, there is no way this Court can leap to the conclusion that Springer has been given "notice" of what he needs to know to adequately defend at trial the essential elements to which the Prosecution has the burden to prove.

On the first element of the alleged offense in Count One, is it that the Prosecution must prove "the defendant agreed with at least one other person to violate the law" or is it as the 10th Circuit said in Dazey, Weidner and Thompson, that the government must prove "Springer entered into an agreement?"

On the second element of the alleged offense in Count One, is it that the Prosecution must prove "one of the conspirators engaged in at least one overt act furthering the conspiracy's objective" or is it that "the agreement involved a violation of law"?

10

On the third element of the alleged offense in Count One, is it that the Prosecution must prove "defendant knew the essential objective of the conspiracy" or is it that "one of the members of the conspiracy committed an overt act"?

On the fourth element of the alleged offense in Count One, is it that the Prosecution must prove "defendant knowingly and voluntarily participated" or is it an "overt act was in furtherance of the conspiracy's object"?

On the fifth element of the alleged offense in Count One is it that the Prosecution must prove there "was interdependence among the members of the conspiracy, that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged" or is it that "defendant wilfully entered the conspiracy"?

Is there a sixth element providing interdependence is the fifth and willfully is the sixth?

To make matters even more supportive of dismissal, this Court should take a look at the exchange between Oscar Stilley, Chuck (Charles) O'Reilly, Brian Shern and Ken Snoke on August 19, 2009:

Chuck:

I would not respond. To do so is, in essence, answering previously protestations and motions for bills of particulars which we are beyond at this point. We are playing their game when we get into minutia **and limit ourselves in any way not required by the statute or the court. Impairing the determination and collection of taxes is one method of evading the assessment and/or payment of taxes**. The latter wording is in section 7201, **but we should not be saying that evading the assessment and/or payment of taxes is in any way excluded from our**

**theory on the conspiracy's objects** because the two concepts are not severable. In any case, rather than getting dragged into a another debate with Stilley or Springer, based on their ***bogus*** professed inability to understand the charges against them.

Ken

See Exhibit 1 attached

Springer asserts that the presumption here is the Prosecution argues it was bogus for this Court to grant the Bill of Particulars on the phrase "required by law."

Springer also argues the Prosecution probably thought when the 10th Circuit overturned Farr that it was acting bogus also.

In the exchange regarding Stilley, it appears Stilley was merely trying to understand the theory of the object in Count One to which he simply memorialized his conversation with Mr. Shern and Mr. O'Reilly by email.  Obviously, Mr. O'Reilly could not confirm Mr. Stilley's email confirmation of events without speaking first with Mr. Snoke.

> "Simply put, as the district court aptly observed at sentencing, Ms. Farr was 'charged with evading a tax that [she] never owed and for which [she] w[as] never assessed' (quarterly employment taxes), and when the government detected the problem at trial, 'it turned out that I had to fix the indictment in the jury instructions.' Aplt.App. # 16."

See U.S. v. Farr, 536 F.3d 1174, 1183 (10th Cir. 2008)

It is clear to Springer that the U.S. Department of Justice flagrantly defies the Constitution, as addressed in Farr, and the rights of litigants to know what specifically the elements of any charge a Grand Jury alleges they have committed.   There must be consequences in the law for Prosecutors to condone

12

such conduct.  Merely losing on appeal and forcing people like Springer or Ms. Farr to go through another trial, because the Prosecution switched theories in the middle of trial when there own expert witness exonerated Ms. Farr in owing the liability claimed by the Grand Jury, is not enough.

Springer simply does not see how this Court can allow the charges in Count One to go forward after all the time the Prosecution had to prepare for this case, prior to indictment, post indictment, and that the two Prosecutors cannot even decide on what the theory of Prosecution the Grand Jury intended when it purportedly voted to indict Springer and Stilley on Count One.

To suggest while the Prosecution is still turning over its evidence as late as August 17, 2009 [**See Exhibit 2**], and that a Motion to Dismiss based upon events that were not foreseeable as of June 2, 2009, or even July 2, 2009, based upon the July 31, 2009, August 3, 2009, August 7, 2009 and August 12, 2009 statements contained in pleadings therein, and now with the email from Mr. Snokes to Mr. O'Reilly showing they cannot agree together as to what the Grand Jury theory in Count One is, this Court should either direct them to respond to the Motion to Dismiss or Grant dismissal as to Count One.

**2.     Argument in favor of Motion to Dismiss after August 3, 2009 on Count Two, Three, Four, Five and Six.**

Counts Two, Three, Four, Five and Six, should be dismissed based upon failure to allege a tax liability Springer owed according to some specific provision of law within Title 26, United States Code and to which would have triggered section 6011

13

as identified by the Prosecution in their Bill of Particulars.

"In order to prove a defendant guilty of tax evasion, the government must show (1) a substantial **tax liability**, (2) willfulness, and (3) an affirmative act constituting evasion or attempted evasion." *United States v. Anderson*, 319 F.3d 1218, 1219 (10th Cir. 2003); see also 26 U.S.C. § 7201 ("Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony. . . ."). U.S. v. Thompson, 518 F.3d 832, 851 (10th Cir. 2008) The Prosecution dare not dispute this settled law.

"Under 26 U.S.C. § 7201, it is a felony for any person to "willfully attempt in any manner to evade or defeat any tax" imposed **under the Internal Revenue Code**. In order to prove a defendant guilty of tax evasion, the government ***must show*** (1) a substantial **tax liability**, (2) willfulness, and (3) an affirmative act constituting evasion or attempted evasion. *United States v. Mounkes,* 204 F.3d 1024, 1028 (10th Cir. 2000)."

"Several circuits have held that a prosecution under § 7201 is timely if commenced within six years of the last affirmative act of evasion. Courts have relied on this reasoning to extend the statute of limitations beyond six years after the defendant has incurred a tax deficiency when the defendant has taken **a subsequent affirmative act to conceal his crime**." *United States v. Payne,* 978 F.2d 1177, 1179, n.2   "Rather, the specific items method merely states the obvious with regard to the government's burden to show a "substantial tax liability" under 26

U.S.C. § 7201: Anderson at 853

The Prosecution argues in its opposition to Stilley's Proposed instructions that "It is not the prosecution's burden to prove that Defendant Springer "was made liable by express words in Title 26, US Code Sections 1, 61, 63, 6011(a), 6012(a)(1)(A), 6072(a), 6091, 6151 or 7203 . . .."   See Doc. 120 at page 4   Prosecution is wrong if this Court decides to go by 10th Circuit precedent, Supreme Court supporting same, and the most recent decision in the Farr case.

### A.  Count Two

Count Two alleges Springer was liable for taxes based upon money he received during the year 2000.  There is no specific claim that Springer attempted to "conceal" any of the money he received in 2000 within 6 years from April 15, 2001.  The only possible claim is that Springer made "false statements to agents and employees of the Internal Revenue Service."  See Doc. 1, page 8.

The Indictment does not place any dates on these "false statements" or how they were false to a material matter.  Springer sought dismissal on May 15, 2009, on this issue which was denied on July 2, 2009 at the same time the Court granted Springer a Bill of Particulars on the meaning of "required by law" which to this date the Prosecution has not addressed the theory regarding which provision, like 3403 and 6672 at issue in Farr, did the Grand Jury find made Springer "liable." The Prosecution states in its Bill of Particulars section 6011 which specifically states "made liable."

There is no doubt that March 18, 2009 is well beyond 6 years from April 15, 2001.  There is also no doubt that the Prosecution was fully aware they were time barred and yet Count One alleges no act to "conceal" Springer's alleged "gross income" he allegedly received during the calender year 2000.  The Prosecution's answer to this Court has always been "discovery" will answer this question. Discovery did not answer this question for the year 2000 in the Grand Jury's favor.

After all the evidence the Prosecution continues to turn over to Springer, as late as August 17, 2009, Springer cannot find any evidence the Prosecution tendered which could be used to show Springer took steps to "conceal" his "gross income" for the year 2000 from the "agents and employees."  Springer has a right to know what this evidence is and the Prosecution refuses to identify it in relevant part so Springer can prepare a defense to it.

## B.  Counts Two, Three and Four

Somehow Prosecution decided that it did not have any burden to prove that Springer "was made liable by express words in Title 26, US Code Sections 1, 61, 63, 6011(a), 6012(a)(1)(A), 6072(a), 6091, 6151 or 7203 . . .."  Yet, ever Court addressing this issue says the accused holds no burden.  The Prosecution even proposes a jury instruction that informs the Jury the Prosecution has the burden of proof beyond a reasonable doubt.  See Doc. 107, page 11

Again, the 10th Circuit recently stated in order to prove a defendant guilty of tax evasion, **the government must show** (1) a substantial **tax liability**, (2) willfulness,

16

and (3) an affirmative act constituting evasion or attempted evasion." *United States v. Anderson*, 319 F.3d 1218, 1219 (10th Cir. 2003); see also 26 U.S.C. § 7201 ("Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony. . . ."). U.S. v. Thompson, 518 F.3d 832, 851 (10th Cir. 2008)

The Prosecution's admission that sections "1, 61, 63, 6011(a), 6012(a)(1)(A), 6072(a), 6091, 6151 or 7203" do not establish in Title 26 where Springer was "made liable" demonstrates the core flaw in the Grand Jury charges.   The phrase "this title" in section 7201 has been previously defined as the Internal Revenue Code. See *United States v. Mounkes,* 204 F.3d 1024, 1028 (10th Cir. 2000).

How can the Prosecution show a tax liability imposed upon Springer by "this title" if what makes Springer liable does not derive from any code section in Title 26?  The decision by the 10th Circuit in Farr shows the indictment in this case as to Counts Two, Three and Four, is in a ditch like that of Farr, but worse.  At least Farr received notice of either 3403 or 6672 to which she could prepare a defense and this Court could instruct.   Furthermore, as the District Court noted, she was "assessed" the penalty civilly first.

After "required by law" being ordered defined, and the partial answers thereto given by the Prosecution, along with their response to Springer's Second Bill of Particulars request on July 30, 2009,  made on August 4, 2009, it is clear to Springer the Grand Jury was not made aware of any specific "law" which made

17

Springer liable for the tax liability Mr. Shern testified he believed Springer was liable for.  See Exhibit 3 (listing out amounts and for which years Shern testified regarding).

This Court need only ask itself what it would have done if the Prosecution in Farr had told this Court and Counsel for Ms. Farr that the Prosecution did not have to tell Ms. Farr what statute made her liable for the tax liability the Grand Jury was claiming she attempted to evade?  This Court certainly would not have been able to write the curing offending instruction it offered:

> You are instructed that, as a matter of law, for all purposes relevant to this case, the Trust Fund Recovery Penalty assessed against the defendant is to be treated as the equivalent of the quarterly employment tax referred to in Count 1 and Count 2 of the indictment.

See Farr at 1179

Simply take either "quarterly employment tax" or "Trust Fund Recovery Penalty" out of the instruction and it would be meaningless.  Both of the provisions at issue Farr clearly provide who is "liable" for the tax on "wages."   Whether it be section 3403 or 6672 the term liable appears in both.   In the case against Springer the term "liable" appears only in section 6011 of the numerous code sections the Prosecution provided to Springer in its Bill of Particulars.

Section 6011 states:

> "When required by regulations prescribed by the Secretary... any person **made liable for any tax imposed by this title**, or for the collection thereof, shall make a return or statement according Page 694 to the forms and regulations prescribed by the Secretary or his delegate. . ."

See Nicholas v. U.S., 384 U.S. 678 (fn. 28)(1966)

To be "made liable" clearly must have roots in some other code section like 3403 and 6672 at issue in the Farr attempted evasion case.   Nor do Counts Two, Three and Four, identify any "regulations prescribed by the Secretary" and Springer knows of none cited by the Prosecution in any pleading other than on the issue of venue.

Surely "required by law," which the Prosecution includes section 6011 within that meaning the Grand Jury intended, also must include some law which makes Springer liable for the taxes Shern claimed to the Grand Jury Springer was liable to owe.  Where did Congress give Springer notice that he was liable for a tax on the money received by Springer during any calender year and for any purpose?  "Any person made liable" does not say "who" "made" "Springer" "liable."

At this point Springer has only that O'Reilly, Snoke and Shern, made Springer liable before the Grand Jury.

To further exacerbate the issue, the Prosecution offers it will produce an expert named Brian Miller to help the Jury "understand the evidence or to determine a fact in issue."  See Doc. 126, page 2.  It is also suggesting Mr. Miller will testify about the tax consequence or liability of Springer and Stilley even though the Prosecution has stated on more than one occasion the Grand Jury theory was that Stilley was assisting Springer in "attempting" to evade Springer's tax liabilities.[4]

---

[4]The Prosecution stated to this Court and both Springer and Stilley that "it is important to note that the tax deficiency need not be for taxes due and owing by the defendant; the deficiency may be for taxes due and owing by another

What is missing in Counts Two, Three and Four, is the identification of any specific law to which the Grand Jury theory of liability can be made upon the liberty of Springer.  This Court gave the Prosecution an unbelievable opportunity to identify that "law" in its "required by law" Bill of Particulars and the Prosecution not only flippantly declined, as it argued in opposition on July 2, 2009, but even has furthered their ditch digging efforts by telling this Court they have no such "burden" to identify what specific code section in Title 26 Brian Shern relied upon in telling the Grand Jury Springer was made liable for any section 1 tax for years 2000 through 2005.

The Grand Jury charges contained in Count Two, Three and Four, as modified by the Bill of Particulars dated July 14, 2009, violate the Fifth and will violate Sixth Amendment Rights of Springer by failing to allege the elements required by the 10th Circuit.  The Prosecution cannot identify the code section Brian Shern relied upon in testifying before the Grand Jury Springer was made liable for any tax he claimed Springer owed.

This Court should dismiss Counts Two, Three and Four or direct the Prosecution to address the issue herein specifically identifying the law that "made Springer

---

taxpayer. One may attempt to evade the assessment or payment of taxes of another. See United States v. Wilson, 118 F.3d 228, 231, 236 (4th Cir. 1997) (attorney convicted of attempting to evade a client's taxes). Thus, Defendant Stilley cannot assert that the indictment is insufficient as to him because the indictment does not allege he attempted to evade his own taxes. The indictment clearly alleges that Defendant Stilley attempted to evade Defendant Springer's federal income taxes."  See Doc. 71, page 8

liable" as those words appear in Title 26, Section 6011.

### C. Counts Five and Six

Counts Five and Six suffer for the same defect Counts Two, Three and Four suffer.  There is no question that the 10th Circuit includes section 6011 as the place to start on the filing requirements.   "The provisions of the Internal Revenue Code which require the filing of a tax return, 26 U.S.C. § 6011-12 U.S. v. Dawes, 951 F.2d 1189, 1193 (10th Cir. 1991).  Counts Five and Six do not allege Springer was "made liable" as required by Title 26, Section 6011 particularly identified by the Prosecution the Grand Jury meant when it said "required by law."

Dismissal is appropriate on this issue alone for Counts Five and Six.

**3.    The theory of the Prosecution regarding Springer exceeding an "exempt amount" is not established within any code provision cited by the Government's Bill of Particulars explaining "required by law" meant by the Grand Jury in Counts Five and Six.**

Counts Five and Six include the phrase "required by law" and the Prosecution agrees that the Grand Jury means some provision in Title 26.  See Bill of Particulars Doc. 104, page 2 citing to section 1, 61,63,6011,6012,6071,6091,6151 and 7203.

In addition to the list of code sections identifying any section which Congress announced a person like Springer was "made liable" for "any tax imposed by this title," the Grand Jury alleges section 6012 also applies in addition to section 6011. Under section 6012, this provision conditions it's reach to persons "having for the taxable year gross income which equals or exceeds the exemption amount."   A "standard deduction" is also included in addition to this amount. The Grand Jury

identifies $ 7,700 in Count Five and $ 15,900 in Count Six as being the amount Springer exceeded.

However, the Grand Jury does not cite to any provision which these amounts are written in any Statutes at Large.   In fact, section 6012 refers to section 151(d) and also mentions the "standard deduction" amount from section 63(a) but neither section 6012, 151 or 63, contain these amounts or any numbers reasonably close for the "calender year" 2002 and 2004.  Interestingly, the Prosecution did not cite to section 151(d).

The Prosecution's proposed instruction omits this amount in its proposed "elements" as to Counts Five and Six.

The Court should dismiss Counts Five and Six or direct the Prosecution to show what provision, noticed to the public in the Statutes at Large and published in the Federal Register, the exceeded amount of "$ 7,700 and $ 15,900" are therein published, bringing these amounts  within the phrase "required by law." These amounts were not published in any federal register or otherwise given the public within any statute at large.

"Just as everyone is charged with knowledge of the United States Statutes at Large, Congress has provided that the appearance of rules and regulations in the Federal Register gives legal notice of their contents." *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380 383-85, 68 S.Ct. 1, 2-3, 92 L.Ed. 10 (1947).  Quoting Martin v. Bergland, 639 F.2d 647, 652 (10th Cir. 1981)

Because Congress gave no notice of these "exemption amounts" flowing from section 6011 and triggering possible application of section 6012, in the Federal Register or in any Statute at Large, the rule of lenity should apply. If not, then dismissal for violating the Grand Jury and due process clause of the Fifth Amendment would certainly be the alternative.

"Our obligation to maintain the consistent meaning of words in statutory text does not disappear when the rule of lenity is involved. To the contrary, we have resolved an ambiguity in a tax statute **in favor of the taxpayer in a civil case because the statute had criminal applications** that triggered the rule of lenity. See *United States* v. *Thompson/Center Arms Co.*, 504 U. S. 505, 517-518, and n. 10 (1992) (plurality opinion). If anything, the rule of lenity is an additional reason to remain consistent, **lest those subject to the criminal law be misled**. And even if, as JUSTICE STEVENS contends, *post*, at 1, statutory ambiguity "effectively" licenses us to write a brand-new law, **we cannot accept that power in a criminal case, where the law must be written by Congress**. See *United States* v. *Hudson*, 7 Cranch 32, 34 (1812). Quoting U.S. v. Santos, 128 S.Ct 2020 (2008)

"The canon is thus a means of giving effect to congressional intent, not of subverting it. And when a litigant invokes the canon of avoidance, he is not attempting to vindicate the constitutional rights of others, as the dissent believes; he seeks to vindicate his own *statutory* rights." Clark v. Martinez, 543 U.S. 371, 382 (2005)

Because Counts Five and Six rely upon a "made liable" essential element and because no law announces what the exempt amount to be for 2002 and 2004, as alleged by the Grand Jury in Counts Five and Six, and because the Grand Jury Bill of Particulars does not identify any code provision which contains the years 2002 and 2004 or any "exemption amount" or "standard deduction" amount, this Court should dismiss Counts Five and Six construing section 6011 and 6012 in the criminal context, for violating the due process, public notice, and Grand Jury rights of Springer.  This is so because the exemption amounts and standard deductions are not announced in any Statute at Large or published in the Federal Register for 2002 and 2004 (or for any year for that matter) that the Prosecution can identify.

4. **Counts One through Six should be dismissed on the basis that the Grand Jury was misled by the Prosecution and its witness that Springer was liable for the payment of some unidentified amount of taxes for tax years 2000 through 2007;**

At this point it is clear to Springer neither Mr. Snoke, Mr. O'Reilly, Mr. Shern, or anyone else associated with this case, has read or knows of any provision in Title 26 that makes Springer liable for any tax imposed by Title 26, section 1.

Mr. Shern was the key person testifying before the Grand Jury.  He convinced the Grand Jury Springer was liable for taxes imposed by Title 26, Section 1, for calender years 2000, 2002, 2003, 2004 and 2005.  Yet, he refused to identify what his liability theory was based upon.  Without a theory of liability supported by "the law," as the Grand Jury alleged existed when they uttered the phrase "required by law,"

the Prosecution can provide no law which supports the theory Springer was liable for any tax imposed by title 26 and based upon the numbers Shern testified about. See Exhibit 3.

Needing Mr. Miller to help the jury understand the "facts" and "evidence" does nothing to satisfy the "law" requirement which Congress allegedly "made" Springer liable for a tax imposed on the money he allegedly received.

Because the Grand Jury was misled by Brian Shern as to the tax liability of Springer, this Court should dismiss Counts One through Six, or give the Prosecution an alternative to identify the specific "law" Brian Shern informed the Grand Jury supported his tax liability theory making Springer liable and allegedly owe.[5]

**5.      Counts One through Six should be dismissed based upon applying the rule of lenity to an ambiguous statute as to Title 18, Section 371, Title 26, Section 7201 and Title 26, Section 7203;**

"Our obligation to maintain the consistent meaning of words in statutory text does not disappear when the rule of lenity is involved. To the contrary, we have resolved an ambiguity in a tax statute **in favor of the taxpayer in a civil case because the statute had criminal applications** that triggered the rule of lenity. See *United States* v. *Thompson/Center Arms Co.*, 504 U. S. 505, 517-518, and n. 10 (1992)

_____

[5]Just give them a choice. One or the other.  If the Prosecution told the Grand Jury Springer was liable under section 3403 or section 6672 then Springer can defend those charges by demonstrating he was not a responsible person for such liability or he was not a corporate office to which the veil need be pierced and held liable.  Having to defend against no law making Springer liable is simply ridiculous

(plurality opinion). If anything, the rule of lenity is an additional reason to remain consistent, **lest those subject to the criminal law be misled**. And even if, as JUSTICE STEVENS contends, *post*, at 1, statutory ambiguity "effectively" licenses us to write a brand-new law, **we cannot accept that power in a criminal case, where the law must be written by Congress**. See *United States* v. *Hudson*, 7 Cranch 32, 34 (1812). Quoting U.S. v. Santos, 128 S.Ct 2020 (2008)

"The canon is thus a means of giving effect to congressional intent, not of subverting it. And when a litigant invokes the canon of avoidance, he is not attempting to vindicate the constitutional rights of others, as the dissent believes; he seeks to vindicate his own *statutory* rights." Clark v. Martinez, 543 U.S. 371, 382 (2005)

Count One alleges a violation of Title 18, Section 371 and depending on what day of the week it is the Prosecution may argue the "defraud" prong is what the Grand Jury intended.  Defraud has no legal meaning and the Prosecution argues the Grand Jury meant 5 elements one day, 3 elements another, and after certain pleadings, argues a different 5 elements without explaining how the Grand Jury words in Count One could cause so much confusion.

Section 1 labels itself "tax imposed" but never says who is liable for the tax.[6] Section 61 defines "gross income" but never says who is liable for the tax "having such gross income" [see language of 6012].  Section 63 defines "taxable income"

---

[6] What was the tax imposed on Ms. Farr?

but never defines who is liable for such tax.  Section 6011 directs the person "made liable" "for any tax imposed by this title" but never says who is made liable.  Section 6012 relies upon the phrase "exemption amount" and "standard deduction" but directs a return be made but never defines "exemption amount" or "standard deduction" or the term "return."  Section 6071 identifies a date but does not say who is liable for any tax imposed by "this title."  Section 6091 directs "internal revenue districts" to be the place the law requires "returns" be made or filed and as this Court has already recognized no such internal revenue districts exist according to Title 26, Section 7621.  Also, the term "return" is not defined.  Section 6151 states "when a return of tax is required under this title or regulations" and never says who is liable or defines the meaning of "return" or "return of tax."  Section 7203 certainly does not identify who is liable for anything and only directs if something is required by "this title."

All of these provisions, as ambiguous as they clearly are, never identify where Congress said based upon the theory of Brian Shern, Springer, people in your situation are liable for a "return of tax" and are "made liable" for the section 1 tax imposed.

This Court should Dismiss Counts Two, Three and Four, based upon the rule of lenity or that these sections violate the Springer's Due Process Rights and Congress' obligation to give the public notice and are unconstitutionally vague and ambiguous.  Most certainly they are selective.

27

**6**     **Counts One through Six should be dismissed based upon Title 18, Section 371, Title 26, Section 7201 and Title 26, Section 7203 being vague and ambiguous, impermissibly vague and arbitrary in enforcement.**

Without over arguing anything, Brian Shern obtaining an indictment from a Grand Jury without having to identify what Law in the phrase "required by law" "made" Springer "liable for any tax imposed by this Title" demonstrates the "arbitrary enforcement and impermissibly vague aspect of Title 18, Section 371 "defraud" and Title 26, Section 7201 and 7203.

The 10th Circuit in Farr stated that section 7201 was a "generic tax evasion provision" and without an alleged "liability" "required by law" the first element "a substantial tax liability" could not be proven.  Section 7203 is, if not, more generic than section 7201.  For that matter, Title 18, Section 371 is generic.

What makes these provisions vague, ambiguous, impermissibly so, and arbitrary in enforcement, is that "defraud" means "no specific unlawful object" be involved or no specific provision making Springer liable for a tax imposed by Title 26, or a "return" required by "this title" without the term "return" being defined and where in other provisions cited by the Prosecution the term "return" is used in different contexts.

For instance, in section 6151 the phrase is a "return of tax."   In section 6012 it is "return shall be made" while section 6011 says "shall make a return" and "every person required to make a return or statement."  In section 6071 the term "return"

appears "in the case of returns under section 6012..." and "returns made on the basis of the calender year" "shall be filed."  Section 6091 says "filing or any return" and "return shall be made to the Secretary in the internal revenue district..." Section 7203 makes it an offense to "willful failure to file return" and goes on "required by this title or by regulations made under authority of thereof to make a return..."

Section 6011 places the section 1 tax imposed theory on the person "made liable" and no such provision exists making a person in Springer's position liable for the section 1 tax imposed based upon money Springer received.

CONCLUSION

Springer requests this Court to either Dismiss each Count of the Grand Jury defective indictment or direct the Prosecution address each issue raised herein so that a record can be made for the purpose of any possible appeal on the issues raised in Springer's Motion to Dismiss.

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

Reply to Prosecution's Opposition to Springer's Eighth Motion to Dismiss was ecf'd

on August 19, 2009, to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


<u>/s/ Lindsey K. Springer</u>
Signature