IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.   09-CR-043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' NOTICE PURSUANT TO**
**FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, provides notice to the defendants of the government's intention to introduce evidence pursuant to Federal Rule of Evidence 404(b) at the trial of this matter. The United States provides notice of its intention to use such evidence so that the defendants will be on notice if there are contentions that the evidence is admissible only under Rule 404(b).

NOTICE OF EVIDENCE

Among the government's proof at trial will be evidence of the following:

– defendant Springer's tax filing history from 1981 up to and through 2008 for his personal income taxes and business entities;

– defendant Springer's litigation history;

- defendant Springer's involvement with various criminal tax trials and investigations;

- defendant Springer's involvement with abusive trusts;

- defendant Springer's involvement with <u>Securities Exchange Commission v. The Infinity Group, et al.</u>;

- defendant Stilley's income for the years 2000 through the present;

- defendant Stilley's tax filing history from 1981 up to and through 2008 for his personal income taxes and business entities;

- defendant Stilley's litigation history;

- defendant Stilley's involvement with various criminal tax trials and investigations;

- defendant Stilley's practice of law, including suspensions, sanctions and disbarment proceedings.

The evidence offered by the United States pursuant to Federal Rule of Evidence 404(b) will be offered in its case-in-chief as proof of the defendants' intent, knowledge and willfulness. The United States specifically reserves the right to supplement and amend this notice prior to the introduction of the evidence, and does not waive any argument that the above-identified matters are intrinsic to the charged offense.

ARGUMENT AND AUTHORITIES

1.  <u>Evidence Admissible as Intrinsic to Crime</u>

As an initial matter, the United States asserts that the evidence regarding the defendants' business, litigation, financial and tax history, including their legal knowledge, is direct evidence bearing on the burden of the United States to prove each defendant willfully violated the law. Thus, this evidence does not constitute "other acts" evidence as contemplated under Federal Rule

of Evidence 404(b).

Throughout the conspiracy, the defendants promoted each other's expertise and knowledge of criminal law generally, and criminal tax law specifically. The defendants also touted their knowledge of federal tax law to clients and prospective clients.

Willfulness is an element of both tax evasion and failure to file. In these contexts, "'[w]illfulness' requires proof of a 'voluntary, intentional violation of a known legal duty.'" Tenth Circuit Criminal Pattern Jury Instructions, 1.38, quoting *Cheek v. United States*, 498 U.S. 192, 201 (1991). The pattern jury instructions for tax evasion specify that government must prove that "the defendant acted willfully, that is, with the voluntary intent to violate a known legal duty." Tenth Circuit Criminal Pattern Jury Instructions, 2.92.

To prove that each defendant voluntary violated a known legal duty, the government will need to establish that each defendant knew of the legal duty. Evidence relating to each defendant's involvement in numerous criminal tax trials and investigations, including what each defendant was told by judges and Internal Revenue Service officials is relevant to this knowledge.

With respect to each defendant's tax filing history, which indicates a failure to file tax returns dating from the mid-1980's to the present, the Tenth Circuit has stated that even with respect to criminal activity, "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae - 'as part and parcel of the proof of the offense [ ] charged in the indictment.'" *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995), quoting *United States v. Garo*, 560 F.2d 990, 993 (10th Cir. 1977). Evidence is admissible when it provides a context for the crime, is needed for a full presentation of the case, or is appropriate to complete the story

of the crime on trial by proving its context or the "res gestae." *Kimball*, 73 F.3d at 272, citing *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980).

> Rule 404(b) only applies to evidence of acts extrinsic to the charged crime. An uncharged act may not be extrinsic if it was part of the scheme for which a defendant is being prosecuted, or if it was 'inextricably intertwined' with the charged crime such that a witness' testimony 'would have been confusing and incomplete without mention of the prior act.'

*United States v. Record*, 873 F.2d 1363, 1372 n. 5 (10th Cir. 1989) (citations omitted), quoting *United States v. Richardson*, 764 F.2d 1514, 1521-22 (11th Cir. 1985). See also *United States v. DeLuna*, 10 F.3d 1529, 1532 (10th Cir. 1993); *United States v. Treff*, 924 F.2d 975, 981-82 (10th Cir. 1991); *United States v. Orr*, 864 F.2d 1505, 1510 (10th Cir. 1988).

    2.    <u>Admissible Under Federal Rule of Evidence 404(b)</u>

If the Court finds any of the evidence identified above is not intrinsic to the crimes charged, the evidence, along with the evidence relating to Defendant Stilley's suspensions, sanctions and disbarment proceedings, should nevertheless be admitted pursuant to Federal Rule of Evidence 404(b).

Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ..

As with many of the rules in Article IV of the Federal Rules of Evidence, Rule 404(b) does not prohibit the introduction of "bad acts" evidence, but instead limits the purpose for which it may be introduced. *See Huddleston v. United States*, 485 U.S. 681, 687 (1988).

> The rule was intended not to define the set of permissible purposes for which bad-acts evidence may be admitted but rather to define the <u>one impermissible</u>

> purpose for such evidence. "Only one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect of character; a man with such a defect of character is more likely than men generally to have committed the act in question." [citations omitted]. In other words, under Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character. The Government's right to introduce bad-acts evidence for purposes other than showing a defendant's criminal propensity is by no means unlimited. But the limits derive from the "general strictures limiting admissibility such as Rules 402 and 403," not from Rule 404(b).

*United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990).

Although the admission of bad acts evidence has the potential of unduly prejudicing a defendant, the Supreme Court explained how the framework of the Federal Rules of Evidence protects against such prejudice and how the first three elements of this framework outline the proper analysis for determining whether bad acts evidence is admissible under Rule 404(b). *See generally*, *Huddleston*, 485 U.S. 681 (1988).

First, Rule 404(b) requires that the evidence be offered for a proper purpose, *i.e.*, "whether that evidence is probative of a material issue other than character." *Id*. at 686. Second, Rules 401 and 402, as enforced through Rule 104(b), require that the evidence be relevant. *Id*. at 687, 691. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Third, under the dictates of Rule 403, the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice. *Id*. at 619. Finally, the trial court can limit the prejudicial effect of bad acts evidence by giving limiting instructions to the jury, in accordance with Rule 105. *Id*.; *United States v. Easter*, 981 F2d 1549, 1554 (10th Cir. 1993).

a.  Proper Purpose

The evidence the United States proposes to offer in this case is not offered to prove that either defendant is of bad character. Instead, in addition to the evidence's tendency to directly prove the element of willfulness, the evidence is offered for the proper purposes identified in Rule 404(b): proof of intent; knowledge, and absence of mistake or accident. Evidence regarding each defendant's involvement with other criminal tax litigation, their financial and tax filing histories, and the defendants' contempt for rules, is proper to prove: (1) that each defendant intended to commit the crimes charged; (2) that the acts charged were part of a plan by each defendant to be involved with the conspiracy and tax evasion, and not mere happenstance; (3) the role of each defendant in the charged activity; and (4) each defendant's knowledge of guilt. All of the evidence is probative of the lack of good faith by each defendant with respect to the crimes charged in the indictment. The defendants will likely attempt to implicate the Government witnesses as fabricating evidence; thus the evidence identified above is probative as *res gestae* and impeachment evidence.

Under the dictates of *Huddleston*, the "threshold inquiry" regarding bad acts evidence is whether the evidence is "probative of a material issue other than character" and is thus offered for a proper purpose. *Huddleston*, 485 U.S. at 686. Because willfulness is an element of the crimes of tax evasion and failure to file tax returns, the United States must prove that each defendant intentionally violated a known legal duty.

b.  Relevance

The question of whether evidence is relevant for a permissible purpose under Rule 404(b) is left to the discretion of the trial court. The tests for admission under both Federal Rules of

Evidence 401 and 403 are also given deference upon review. *United States v. Robinson*, 978 F.2d 1554, 1561-62 (10th Cir. 1993).

While the government is required to articulate the relevance of the proposed Rule 404(b) evidence, the burden is not onerous. "All that is needed is some showing of a proper relevance." *United States v. Sampson*, 980 F.2d 883, 888 (3rd Cir. 1992). Although the United States will present other evidence aside from other acts to prove that the defendants committed the crimes charged, the defendants' other acts are "dependable proof" of their intent and knowledge, and are reasonably necessary to the Government's case. Consequently, the defendants' other acts are relevant in that they tend to make it more probable that the defendants committed the acts stated in the Indictment and the defendants acted knowingly and intentionally when committing these violations.

        c.        Probative Versus Prejudicial

When the admission of evidence will cause unfair prejudice that substantially outweighs the proffered evidence's probative value, the court must exclude the evidence. Fed. R. Evid. 403. Although evidence of the defendants' other acts may be prejudicial, it is not unfairly prejudicial. Furthermore, the prejudice can be limited in two respects. First, the evidence of the defendants' other acts are a small part of the evidence the United States will offer in this case. *See, e.g.*, *Record*, 873 F.2d at 1375. Second, the Court can further limit any potential unfair prejudicial effect by following the introduction of this evidence with a limiting instruction. *Id*. at 1376.

Moreover, whatever prejudice may result from admitting the defendants' other acts, this prejudice is not of a nature to "substantially outweigh" the evidence's probative value, especially considering the evidence's relevance to an essential element of the crimes charged: the

defendants' knowledge and intent. Accordingly, Rule 403 is no obstacle to the admission of the proposed evidence.

## CONCLUSION

In enacting Federal Rule of Evidence 404(b), "Congress was not nearly so concerned with the potential prejudicial effect of [such] evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence." *Huddleston*, 485 U.S. at 688-89. The United States is not offering the defendants' other acts as evidence of character, the only impermissible purpose of such evidence under Rule 404(b). Therefore, the Court should allow the United States to offer in its case-in-chief the evidence involving the matters set forth in this notice.

Respectfully submitted,

THOMAS SCOTT WOODWARD
ACTING UNITED STATES ATTORNEY


 */s/ Charles A. O'Reilly*
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant U.S. Attorney
KENNETH P. SNOKE, OBA NO. 8437
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of September 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

                                           */s/ Charles A. O'Reilly*
                                           Special Assistant U.S. Attorney