IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

FILED
SEP 18 2009
Phil Lombardi, Clerk
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. ) Case No. 09-CR-0043-F
)
LINDSEY KENT SPRINGER and )
OSCAR AMOS STILLEY, )
)
    Defendants. )

## ORDER

Several motions filed by the defendants are before the court. Doc. nos. 105, 109, and 123. The court has read and considered each of the motions. Each of the motions was filed after the applicable deadline. None contains any semblance of a showing of good cause or excusable neglect for a belated filing. *See*, Rule 45(b)(1), Fed. R. Cr. P. As the court has previously stated when it has disallowed late filings, if this complex case is to be prepared for trial and tried on the basis of the schedule upon which all parties and the court have relied, it is essential that all parties and the court comply with the established deadlines absent a highly persuasive showing that relief from the schedule is warranted. No such showing has been made here. Accordingly, the motions are untimely and they are denied on that basis, although, given the nature of the motions, the court has also considered their merits – which leads to the same conclusions.

### Springer's Motion for a Bill of Particulars

Mr. Springer moves, for the third time, for a bill of particulars. Doc. no. 105. (The motion is styled as a second motion but it is actually a third motion.) Any motion for a bill of particulars was due June 15, 2009. Doc. no. 43. The instant

motion was not filed until July 30, 2009. Although the motion states that it is brought based upon the government's response to the court's order requiring the first bill of particulars, the motion raises nothing that has not been raised before or which could not have been raised before. The motion is **DENIED** as untimely.

Alternatively, the motion is denied on its merits. The government has previously filed a bill of particulars addressing the phrase "required by law" for purposes of counts 2, 3, 5 and 6 of the indictment. Doc. no. 104. Moreover, the indictment adequately informs the defendants of the nature of the charges against them. Another bill of particulars is not warranted.

### Stilley's Motion to Dismiss Conspiracy Count

Mr. Stilley moves to dismiss count one, the conspiracy count, on the ground that it fails to adequately identify what specific statute Mr. Stilley conspired to violate. Doc. no. 109, filed August 3, 2009. The government responds by observing that the motion is not timely and that Mr. Stilley has not identified any basis for his motion to dismiss that could not have been reasonably anticipated or factually supported as of May 15, 2009. The court agrees. Accordingly, the motion is **DENIED** as untimely.

Alternatively, the motion is denied on its merits. The motion appears to largely reassert positions previously argued by defendants and rejected by the court. See doc. no. 100. As the court has previously held, count one of the indictment adequately charges a conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. *See*, United States v. Bedford, 536 F.3d 1148, 1151, 1155-57 (10th Cir. 2008) (indictment upheld that charged a conspiracy to commit two underlying crimes, one of which was to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of revenue, to wit, income taxes; the other conspiracy charged in count one against the defendant-

appellant was a conspiracy to assist individual taxpayers in filing fraudulent tax returns in violation of 26 U.S.C. § 7206(6)).

### Springer's Eighth Motion to Dismiss
### Counts 1, 2, 3, 4, 5 and 6

Defendant Springer's eighth motion to dismiss, filed August 12, 2009, is also untimely. Doc. no. 123. Motions to dismiss were due by May 15, 2009, with an exception for motions that could not have reasonably been anticipated or factually supported as of that date. Although the brief filed in support of the motion refers to events occurring after May 15, the basic arguments made in the motion could have been made by May 15. Accordingly, the exception does not apply here. Additionally, although the only issue the government addressed in its approximately one-page response brief was the timeliness of the motion, defendant Springer filed, without permission, a thirty-page reply brief. Except to the very limited extent that this reply brief pertains to the timeliness issue, this reply brief is either redundant of matters addressed in the belated moving brief or it raises new issues, strategically, at a stage when the government would not necessarily have an opportunity to respond to them. The motion is **DENIED** as untimely.

Alternatively, the motion is **DENIED** on its merits. The indictment is sufficient with respect to each of the crimes charged; there is nothing indicating the grand jury was misled; defendants are not entitled to dismissal of any counts based on the Rule of Lenity; and the statutes involved in this prosecution are not impermissibly vague.

Dated this 18th day of September, 2009.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p022.wpd