IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION IN LIMINE REGARDING
DEFENDANTS' "EVIDENCE," ARGUMENT AND "GOOD FAITH" DEFENSE**

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby files this Motion in Limine regarding defendants' "evidence," argument and "good faith" defense, and requests that the Court preclude defendants Lindsey Kent Springer and Oscar Amos Stilley from presenting at trial certain "evidence" or legal arguments (both documentary and testimonial) that are irrelevant, would confuse the jury, and would invade the Court's province in instructing the jury on the law.

**I.   INTRODUCTION**

Based on documents and pleadings submitted by the defendants, both in this case and in previous litigation in which the defendants participated, the government anticipates that the defendants may attempt to present evidence regarding the following "beliefs" currently or

previously held by the defendants, all of which are incorrect statements of law. Such "evidence," "beliefs," and legal arguments include, *inter alia*:

(1) that the Internal Revenue laws and/or the Sixteenth Amendment to the United States Constitution are unconstitutional and invalid (and thus the Internal Revenue Service ("IRS") lacks jurisdiction);[1/]

(2) that business receipts, salaries, wages, or commissions are not income or that the Internal Revenue laws and/or Sixteenth Amendment do not allow for the direct taxation of these items;[2/]

(3) that the filing of income tax returns is voluntary and not mandatory;[3/]

(4) that defendants are not "persons," "individuals," or "citizens" within the meaning of the statute that imposes an obligation to file

---

[1/] Courts have held that any argument that the Sixteenth Amendment is invalid is absurd and frivolous. *See, e.g., In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989) (imposing sanctions on defense attorney for assertion of frivolous 16th Amendment argument); *United States v. Porth*, 426 F.2d 519, 523 (10th Cir. 1970)(federal income tax may be levied under Sixteenth Amendment, and allegations to contrary are farfetched and frivolous); *Sochia v. Commissioner*, 23 F.3d 941, 944 (5th Cir. 1994); *United States v. Benson*, 941 F.2d 598, 607 (7th Cir. 1991); *United States v. Sitka*, 845 F.2d 43, 47 (2d Cir. 1988); *United States v. Buckner*, 830 F.2d 102 (7th Cir. 1987); *Wells v. Clinton*, 1996 WL 807430 (W.D.N.C., Nov. 15, 1996), *aff'd*, *Wells v. Clinton*, 116 F.3d 1474 (4th Cir.1996).

[2/] To the contrary, Section 61 of the Internal Revenue Code states that "gross income means all income from whatever source derived," including business receipts. 26 U.S.C. § 61. Section 61(a) of the Internal Revenue Code provides a broad definition of "gross income." The Supreme Court has "repeatedly emphasized the 'sweeping scope' of [section 61(a)] and its predecessors. *Schleier v. C.I.R.*, 515 U.S. 323 (1995) (internal citations omitted). The Supreme Court has rejected the argument that the Code's definition of income is limited to gain. *See, e.g., Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426 (1955).

[3/] The filing of income tax returns is not voluntary. *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir. 1988); *United States v. Gerard*, 999 F.2d 1255, 1256 (8th Cir. 1993) (claim that payment of federal income tax is voluntary lacks substance); *Lonsdale v. United States*, 919 F2d 1440, 1448 (10th Cir. 1990); *Newman v. Schiff*, 778 F.2d 460, 466 (8th Cir. 1985). Courts have excluded evidence that the tax system is based upon voluntary compliance. *United States v. Hurd*, 549 F.2d 118, 120 (9th Cir. 1977).

        a return and pay tax on "any person" meeting the necessary requirements;[4]

(5)    that defendants are not subject to federal income taxes because they are "sovereign" citizens of a particular state.[5]

(6)    that Title 26 of the U.S. Code is not "law."[6]

The government also anticipates that the defendants may seek to present irrelevant evidence regarding moneys received from individuals for whom defendants did not provide services, and to make arguments to the jury unrelated to their beliefs that are contrary to law. As

---

[4] Courts have called this argument "frivolous," "patently frivolous," "fatuous," and "obviously incorrect". *See United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981); *Lonsdale v. United States*, 919 F.2d at 1448; *United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986); *Biermann v. Commissioner of Internal Revenue*, 769 F.2d 707 (11th Cir. 1985). Similar arguments that the defendant was an "individual" and therefore not a "taxpayer" have also been rejected. *See United States v. Hanson*, 2 F.3d 942, 945 (9th Cir. 1993); *United States v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986); *United States v. Ward*, 833 F.2d 1538 (11th Cir. 1987) (rejecting argument that only foreign corporations are expressly and statutorily liable for tax). "All individuals, natural or unnatural, must pay federal income tax ...." *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984).

[5] The argument that one is not subject to federal law because he or she is not a citizen of the United States, but a citizen of a particular "sovereign" state has been rejected time and again by the courts. *See United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejected "imaginative" argument that defendant cannot be punished under the tax laws of the United States because he is a citizen of the "Republic" of Idaho currently claiming "asylum" in the "Republic" of Colorado); *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) (imposed sanctions on tax protester defendant making "frivolous squared" argument that only residents of Washington, D.C. and other federal enclaves are citizens of United States and subject to federal tax laws); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejected "patently frivolous" argument that defendant was not a resident of any "federal zone" and therefore not subject to federal income tax laws); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejected "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore an alien beyond the jurisdictional reach of the federal courts); *United States v. Silevan*, 985 F.2d 962, 970 (8th Cir. 1993) (rejected as "plainly frivolous" defendant's argument that he is not a "federal citizen").

[6] The courts have consistently rejected this contention, terming the position to be "frivolous," "baseless," "specious," and "preposterous." *See United States v. Maczka*, 957 F.Supp. 988, 991 (W.D.Mich.1996)(collecting cases).

indicated below, the evidence of moneys received that are not charged as income to Defendant Springer is irrelevant and therefore inadmissible. Arguments that are contrary to law invade the province of the judge to provide the jury with the appropriate law and should not be sanctioned. The arguments the government anticipates defendants seeking to present that are contrary to law, in addition to those identified above as potential good faith defenses, are as follows:

(1) arguments for jury nullification.[7]

(2) that venue for willful failure to file cannot lie within the Northern District of Oklahoma.[8]

(3) that the Internal Revenue Service notices and forms violate the Paperwork Reduction Act.[9]

(4) that the United States District Court for the Northern District of Oklahoma does not have jurisdiction over criminal offenses enumerated in the Internal Revenue Code.[10]

---

[7] "While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath." *United States Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983).

[8] Venue is appropriate for the crime of willfully failing to file an individual income tax return in the judicial district in which a defendant resides. "Ordinarily criminal prosecutions must be brought in the district in which the offense was committed, and federal income tax returns must, by statute, be filed in the place of legal residence of the taxpayer or at a service center serving that district, 26 U.S.C. § 6091(b)(1)(A)(I) and (ii), or the principal place of business of the taxpayer." *United States v. Brewer*, 486 F.2d 507, 509 (10th Cir. 1973) (*overruled on other grounds by United States v. Taylor*, 838 F.2d 630, 633 (10th Cir. 1987).

[9] As stated by the Tenth Circuit, "arguments [that the IRS Forms 1040 and related materials violate the Paperwork Reduction Act] have no merit and cannot be supported by case law. We hold that Form 1040 satisfies the PRA requirements, OMB # 1545-0074 is currently valid, as it has been since 1981, the PRA does not require an expiration date to be printed on any tax information collection forms, and the PRA does not require disclosure information to be printed on Form 1040." *Lewis v. C.I.R.*, 423 F.3d 1272, 1277 (10th Cir. 2008).

[10] United States District Courts have original jurisdiction over "all offenses against the laws of the United States," including those defined by the Internal Revenue Code. 18 U.S.C. § 3221; *United States v. Studley*, 783 F.2d at 937 n. 3; *United States v. Przybyla*, 737 F.2d 828,

## II.     THE CHARGES

The Indictment charges that Defendants Springer and Stilley conspired to defraud the United States by working together to impede and impair the ability of the Internal Revenue Service to ascertain, compute and collect the federal income taxes owed by Defendant Springer. The indictment further alleges violations of Title 26, United States Code Sections 7201 (tax evasion) and 7203 (failure to file tax returns). Neither defendant filed tax returns despite earning income providing legal services to individuals facing criminal tax violations.

The Internal Revenue Service has been attempting to ascertain, compute, assess and collect income taxes from Defendant Springer for more than a decade. In an attempt to evade his federal income tax obligations, Defendant Springer conspired with Defendant Stilley and others to hide the fact that he received income. Defendant Springer utilized the nominee name Bondage Breakers Ministry, through which he received money from individuals he assisted. Defendant Stilley used his attorney-client trust account to transmit funds to his codefendant. Defendant Stilley also allowed his codefendant to use Defendant Stilley's credit card, for which Defendant Springer reimbursed Defendant Stilley. Defendants took these and other steps to frustrate the efforts of the Internal Revenue Service to ascertain, compute, assess and collect federal income taxes owed by Defendant Springer.

The elements of conspiracy to defraud are: (1) the defendant agreed to defraud the United States; (2) one of the conspirators engaged in at least one overt act furthering the conspiracy's objective; (3) the defendant knew the essential objective of the conspiracy; (4) the defendant knowingly and voluntarily participated; and (5) there was interdependence among the members

---

829 (9th Cir. 1984); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (citing cases).

of the conspiracy; that is the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged. 18 U.S.C. § 371; Tenth Circuit Criminal Pattern Jury Instructions 2.19 (2005) (modified).

Defendants are also charged with attempting to evade income taxes, in violation of Title 26, United States Code Section 7201, and Title 18, United States Code Section 2. The elements of tax evasion are: (1) a substantial income tax was due; (2) an affirmative act of tax evasion; and (3) willfulness. Defendant Springer is also charged individually with willfully failing to file his federal income tax returns for the years 2002 and 2004, in violation of Title 26, United States Code Section 7203. The elements of willful failure to file are: (1) the defendant was required by law or regulation to file a tax return concerning his taxable income for the taxable year; (2) the defendant failed to file such a return at the time required by law; and (3) in failing to file a tax return the defendant acted willfully. O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 67.11 and 67.12 (5th edition 2000).

The government anticipates that the central issue to be addressed by the defendants' "evidence" and argument will pertain to willfulness. Willfulness is defined as the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200 (1991).

### III.   ARGUMENT

**A.   The Defendants Should Be Precluded from Offering "Evidence" or Argument That Is Irrelevant and That Would Invade the Court's Province of Instructing the Jury Regarding the Law**

Under the Federal Rules of Evidence, the jury shall not be exposed to inadmissible evidence. Fed. R. Evid. 103(c); *see also United States v. Solomon*, 399 F.3d 1231, 1239 (10th Cir. 2005) ("Simply stated, a criminal defendant does not have a constitutional right to present evidence that is not relevant and not material to his defense"). It is fundamental that "evidence

which is not relevant is not admissible." Fed. R. Evid. 402.  "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Even if evidence is arguably "relevant," the Court should exclude the evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403; *see also, United States v. Willie*, 941 F.2d 1384, 1395-96 (10th Cir. 1991) (tax protester's exhibits excluded "because they were confusing, because the danger of the jury's misuse was great, and because the relevant point was provable by other evidence"); *United States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992); *United States v. Mann*, 884 F.2d 532, 537 (10th Cir. 1989).  *But see, United States v. Gaumer*, 972 F.2d 723, 724 (6th Cir. 1992) (finding the *Willie* dissent persuasive that material the defendant knew of supporting his professed view would be admissible as long as there is a "nexus" between the material and the defendant's stated views).

It is well established that "it is the district court's peculiar province to instruct the jury on the law . . .." *Mann*, 884 F.2d at 538.  As one court explained:

> "The law is given to the jury by the court and not introduced as evidence. . . . Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be."  The law is the singular province of the judge.  Juries only decide facts, to which they apply the law given to them by the judge.  They may not decide what the law is and should not be given the opportunity to do so.

*Willie*, 941 F.2d at 1396 (*quoting Cooley v. United States*, 501 F.2d 1249, 1253-54 (9th Cir. 1974)) (internal citations omitted).

### B. The Defense Should Be Precluded From Presenting "Evidence" or Argument Relating to What the Law Should Be

Federal trial courts have struggled over precisely how to allow a criminal tax defendant to present a good faith defense to the element of willfulness. Perhaps the best discussion of the line between permissible and impermissible evidence of good faith was offered by the court in *United States v. Willie*, 941 F.2d 1384 (10th Cir. 1991), a case involving tax protester defenses. In *Willie*, the court noted:

> "Willfulness" is defined as the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 111 S. Ct. at 610. To be a relevant defense to willfulness then, [a defendant], because of his belief or misunderstanding, must not have known he had a legal duty. *Id.* at 611 (defendant must be "ignorant of his duty"). * * * In *Cheek*, the Supreme Court stated that "a defendant's views about the validity [or constitutionality] of the tax statutes are irrelevant to the issue of willfulness [and] need not be heard by the jury. . . . [I]t makes no difference whether the claims of invalidity are frivolous or have substance." *Id.* at 613. * * * . . . [P]roof of the reasonableness of a belief that he should not have a duty only proves the reasonableness of the defendant's disagreement with the existing law and is, therefore, properly excluded as irrelevant.

*Id.* at 1392.

*Cheek*, as elucidated in *Willie*, defines the good faith defense to willfulness in tax cases: a mistaken belief by the defendants that the law did not require them to file a tax return or pay a tax. *See United States v. Dack*, 987 F.2d 1282, 1285 (7th Cir. 1993); *United States v. Thompson*, 518 F.3d 832, 865 (10th Cir. 2008). Therefore, any testimony by the defendants as to what they think or previously thought the law <u>should be</u>, as well as their current or prior views on the constitutionality and validity of the law, is irrelevant and must be excluded.

### C. "Evidence" or Argument Relating to the Constitutionality and Validity of the Tax Laws Is Irrelevant

In criminal tax cases, defendants should be precluded from presenting evidence or argument regarding the constitutionality or validity of the tax laws. *United States v. Dack*, 987

F.2d at 1285. A defendant's view regarding the constitutionality and validity of the tax laws is irrelevant because a mere disagreement with the tax laws is no defense to any of the charges contained in the indictment. *Cheek*, 498 U.S. at 202-03; *Dack*, 987 F.2d at 1285 (precluding "[a]rguments which challenge the constitutionality or validity of the tax laws"); *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987) ("good faith belief that [the laws] are unconstitutional provides no defense"). In *Cheek*, the Supreme Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206.

The defendants should be precluded from presenting "evidence" or argument regarding one or more frivolous defenses such as the validity of the Sixteenth Amendment or the tax laws. By granting this motion, the Court will prevent defendants from "transform[ing] legal argument from an intellectual process aimed at the derivation of the correct legal principle to a carnival of frivolity aimed at disseminating defendant's political views." *United States v. Collins*, 920 F.2d at 633. The Tenth Circuit noted "[a]rgument reflecting such contemptuous disregard for established legal authority has no place within this circuit." *Id*. at 629; *see also United States v. Bowers*, 920 F.2d 220, 222 (4th Cir. 1990) (the duty to pay federal tax is "manifest on the face of the statutes, without any resort to IRS rules, forms or regulations").

### D. Testimony or Documents Relating to Inaccurate Interpretations of the Tax Laws That Were Not in Fact Relied upon by the Defendants Is Irrelevant and Would Confuse the Jury

The Court should carefully analyze testimony or documents relating to inaccurate interpretations of the tax laws to determine the purpose for which the defendants offer them. Although a trial court in a tax case may exclude evidence of what the law <u>is</u> or <u>should</u> be, as

discussed above, it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant thought the law was. *Willie*, 941 F.2d at 1392-94; *United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1992). The government anticipates the defendants will attempt to offer evidence of willfulness comprised of case law, statutes, regulations, treatises, pamphlets, brochures and other documents. Such material is potentially problematic because it can have either a proper purpose (<u>i.e.</u>, "to prove his understanding of the law . . . as he actually perceives it to be") or an improper purpose (<u>i.e.</u>, "to prove his understanding of the law as it should be"). *Willie*, 941 F.2d at 1394. Therefore, before putting on evidence of legal "beliefs," the defendants should be required to make a precise and persuasive showing that the type of belief they seek to introduce is relevant -- namely their belief as to what the law <u>was</u>. This was the conclusion the court reached in *Willie*:

> The defendant must, therefore, persuasively show the trial judge that the evidence is being offered for a permissible purpose by making a proffer of <u>great specificity</u> regarding the type of belief he seeks to prove. A mere statement that the evidence is being offered to show sincerity of belief is not enough. Without a particularized explanation the trial judge will likely focus on the impermissible aspects of the proffered material, and will be unaware of the possible limited purpose available to the offering party.

941 F.2d at 1393 (emphasis added). A specific showing should be required in all aspects of presentation of a good faith defense, including testimony of the defendants, admission of documentary evidence, case law, testimony of "experts," and cross-examination of government witnesses.

### E. The Defense Must Show Actual Reliance on Corroborative Evidence Offered

Claimants of the good faith defense to willfulness in criminal tax trials often seek to bolster their testimony regarding their beliefs in the law with corroborative evidence, including documents, such as tax protester declarations or newsletters, court opinions, statutes, or

testimony of "expert" witnesses regarding inaccurate interpretation of the tax laws or "counsel" who advised the defendants as to the state of the law. Such evidence contains inaccurate statements of the law, but nonetheless arguably is relevant because it allows a defendant to show the jury how they came to hold his or her mistaken belief. Nonetheless, the probative value of such corroborative evidence depends on the extent to which the defendants <u>actually relied</u> on the evidence in arriving at their incorrect view of the law.

If the defendant fails to lay a proper foundation to establish such reliance, however, the evidence can be excluded as irrelevant and unnecessarily confusing. *Powell*, 955 F.2d at 1214. Likewise, it is improper for the defendants to raise such issues through their cross-examination of government witnesses regarding their interpretation of the tax laws. *See United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir. 1987). "The defendant's presentation of evidence is constrained by the twin prongs of relevancy and materiality. Simply stated, a criminal defendant does not have a constitutional right to present evidence that is not relevant and not material to his defense." *United States v. Solomon*, 399 F.3d at 1239.

### F. Court Must Balance Probity Versus Prejudice or Confusion

Even if the defendants somehow establish that they in fact actually relied upon the "evidence" discussed above, the Court still must weigh whatever minimal probative value there may be against the substantial likelihood that such materials will confuse the jury as to the law or mislead the jury. Fed. R. Evid. 403; *United States v. Barnett*, 945 F.2d 1296, 1301 (5th Cir. 1991); *Willie*, 941 F.2d at 1395; *United States v. Burton*, 737 F.2d 439, 443 (5th Cir. 1984). The majority of courts that have addressed this issue have limited the presentation of the good faith defense to the testimony of the defendant, and the defendant's limited quotation of materials upon which the defendant allegedly relied. *See United States v. Stafford*, 983 F.2d 25, 27-28 (5th

Cir. 1993); *Payne*, 978 F.2d at 1182; *Barnett*, 945 F.2d at 1301; *Willie*, 941 F.2d at 1398; *Hairston*, 819 F.2d at 973; *United States v. Latham*, 754 F.2d 747, 751 (7th Cir. 1985); *United States v. Kraeger*, 711 F.2d 6, 7-8 (2d Cir. 1983).

The Court, in its discretion, must weigh the various competing interests and determine whether, to what extent, and in what form, legal material upon which a defendant claims to have relied should be admitted.  See *Willie*, 941 F.2d at 1398; Fed. R. Evid. 403.  Factors to consider include:  (1) the centrality of these materials to the defendant's claimed misunderstanding of the tax laws; (2) the materials' length and potential to confuse the jury; (3) the degree to which such materials are merely cumulative to defendant's testimony or to other evidence; (4) the extent to which the defendant may be attempting to use the materials to instruct the jury on the law or to propagate tax protester beliefs; and (5) the potential utility of limiting instructions.  See *Powell*, 955 F.2d at 1214; *Barnett*, 945 F.2d at 1301 n.3; *Willie*, 941 F.2d at 1395.

### G. The Defendants Should Be Precluded from Introducing Irrelevant Evidence of Payments Made to Defendant Springer That Are Not Alleged to be Taxable Income

Defendant Springer has indicated he may seek to introduce evidence of money he received that is not alleged in the indictment to be taxable income as evidence that people gave Defendant Springer money.  This evidence would be irrelevant; the Government will prove Defendant Springer earned income through the specific item method of proof.  Through documentary evidence and witness testimony, the Government will establish that Defendant Springer received payments from income from individuals for whom he provided legal assistance.  If this were an indirect method of proof case (i.e., bank deposits, net worth, cash expenditures, etc.), Defendant Springer's possible non-taxable sources of income would be admissible and relevant to rebut the inference that funds attributed to Defendant Springer came

from taxable sources.  However, in a specific items case, the Government needn't negate non-taxable sources of income.  *See Conford v. United States*, 336 F.2d 285, 287 (10th Cir. 1965). As indicated previously, irrelevant evidence is inadmissible and therefore should be excluded from trial.  Fed. R. Evid. 103(c) and 402.

### H. If the Defendants Interject Any of These Issues into the Trial in the Jury's Presence, the Court Should Immediately Give a Limiting Instruction

If any of the above "evidence" or argument is interjected into the proceedings, the Court should immediately give the jury a limiting instruction.  The effect of the instruction should be to: 1) inform the jury that they have heard testimony regarding the defendant's understanding of what the law was; 2) instruct the jury as to the correct state of the law and remind them that the Court is the sole judge of the law; 3) inform the jury that the evidence is being offered solely for the purpose of showing the defendant's state of mind and not to prove the actual requirements of the law.  *See Powell*, 955 F.2d at 1214; *Barnett*, 945 F.2d at 1300; *Hairston*, 819 F.2d at 973 n.4.

## IV. SPECIFIC MATTERS SUBJECT TO THE MOTION IN LIMINE

The government has received no discovery from defendants, and therefore does not know the specific materials that may be irrelevant to the proceedings, would confuse the jury, or would interfere in the Court's duty to instruct the jury about the law.  Based on the cases and argument cited herein, the government asks that the Court grant its motion in limine, and limit the defense presentation of legal "evidence" and argument according to the following:

1) <u>Evidence of what the defendants thought the law should be</u>:

No mention whatsoever should be made of these beliefs.  This prohibition includes all aspects of the defense case -- including, without limitation, testimony of the defendants, cross-examination of government witnesses, admission or mention of materials or documents or other

tangible evidence, testimony of defense "expert" witnesses and statements made in opening and closing.

    2)    The following arguments:  the tax laws are unconstitutional; the Internal Revenue Service forms and notices violate the Paperwork Reduction Act; business receipts, salaries, wages or commissions are not income; the filing of income tax returns is voluntary; the United States District Court for the Northern District of Oklahoma does not have jurisdiction over the crimes alleged in the indictment; <u>venue for willful failure to file cannot lie within the Northern District of Oklahoma</u>:

No mention whatsoever should be made of these beliefs.

    3)    <u>Evidence of what the defendants thought the law was</u>:

Prior to the time any such evidence is offered or mentioned before the jury, the defense should be required to approach the court outside the presence of the jury.  The defense must make a showing of "great specificity" regarding the type of evidence sought to be admitted.

    • <u>Materials and tangible documents</u>:  Before mentioning or quoting from such materials, the defense must place the defendant on *voir dire*, outside the presence of the jury, to make a showing of actual reliance upon the proffered material, in forming a misunderstanding of the requirements of the tax laws.

    • <u>Expert testimony</u>:  No defense expert testimony should be allowed regarding the meaning, requirements, or reasonableness of the tax laws.  Only upon a showing of actual reliance may the defendants testify to, mention, or address in opening or closing any "expert" advice that they received and upon which they relied.

    • <u>Cross-examination</u>:  The defense may not cross-examine any government witness as to the legal meaning or interpretation of any provision of law.

    4)    <u>Evidence of uncharged payments made to Defendant Springer</u>.

     5)    <u>Arguments for jury nullification</u>.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court preclude the defendants from presenting the "evidence," or arguments indicated above.

                                Respectfully submitted,

                                THOMAS SCOTT WOODWARD
                              ACTING UNITED STATES ATTORNEY

                              */s/ Charles A. O'Reilly*
                              CHARLES A. O'REILLY, CBA NO. 160980
                              Special Assistant U.S. Attorney
                              KENNETH P. SNOKE, OBA NO. 8437
                              Assistant United States Attorney
                              110 West Seventh Street, Suite 300
                              Tulsa, Oklahoma  74119
                              (918) 382-2700

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of September 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.

                                            */s/ Charles A. O'Reilly*
                                            Special Assistant U.S. Attorney