**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

LINDSEY K. SPRINGER,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent-Appellee.

No. 08-9004

---

### APPEAL FROM THE UNITED STATES TAX COURT
**(Tax Court No. 17707-06L)**

---

Submitted on the briefs:[*]

Jerold Barringer, Nokomis, Illinois for Petitioner-Appellant.

Nathan J. Hochman, Assistant Attorney General, Michael J. Haungs, Laurie Snyder, Attorneys, Tax Division, Department of Justice, Washington, D.C., for Respondent-Appellee.

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this tax case arising under the Internal Revenue Code, Lindsey K. Springer appeals the Order and Decision entered by the United States Tax Court granting summary judgment in favor of the Commissioner of Internal Revenue on Mr. Springer's challenges to collection due process determinations issued by the Internal Revenue Service's Office of Appeals.  The determinations permit the IRS to proceed to collect by levy Mr. Springer's delinquent federal income tax liabilities for 1990 through 1995 and a penalty imposed by the Tax Court in 1996 under 26 U.S.C. § 6673(a)(1) in a prior proceeding.  Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), and having reviewed the Tax Court's grant of summary judgment de novo, *see Scanlon White, Inc. v. Comm'r*, 472 F.3d 1173, 1174 (10th Cir. 2006), we affirm.

**I.**

The extensive background of this case, as well as three prior related cases that Mr. Springer filed in federal district court and also appealed to this court, *see Springer v. Internal Revenue Serv.*, 231 F. App'x 793 (10th Cir. 2007), is thoroughly set forth in the Commissioner's response brief, *see* Aplee. Br. at v-vi, 4-16, and we will not repeat it here.

## II.

As correctly noted by the Commissioner, the overarching issue in this case is "[w]hether the Tax Court correctly sustained the determinations of the IRS Office of Appeals upholding the proposed collection by levy of [Mr. Springer's] federal income tax liabilities for [1990] through 1995 and an I.R.C. § 6673 penalty." Aplee. Br. at 4. Mr. Springer is challenging the Tax Court's determinations, claiming that he is not liable for the penalties and interest that the IRS has imposed in connection with the assessed income tax deficiencies because the IRS Form 1040 for each of the subject tax years did not comply with the requirements of the Paperwork Reduction Act (PRA), 44 U.S.C. §§ 3501-3549.[1] More specifically, Mr. Springer claims that § 3512 of the PRA provides him with a complete defense to at least part of his tax liabilities.[2] Section 3512 is entitled "Public protection" and it provides as follows:

> (a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information [from a federal agency] that is subject to this subchapter

---

[1] Although Mr. Springer appears to raise additional challenges in the reply brief that he submitted to this court, we will consider only the challenges raised in his opening brief, and those challenges are based solely on his arguments under the PRA. *See Coleman v. B-G Maint. Mgmt. of Colorado, Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived.").

[2] Although Mr. Springer argues in this appeal that his PRA claims for tax years 1990-1994 are governed by the version of 44 U.S.C. § 3512 that was in effect before the PRA was amended in 1995, any differences between the pre- and post-1995 versions of the statute are not relevant to this appeal.

-3-

>   if--
>
>   >   (1) the collection of information does not display a valid
>   >   control number assigned by the Director [of the Office
>   >   of Management and Budget] in accordance with this
>   >   subchapter; or
>   >
>   >   (2) the agency fails to inform the person who is to
>   >   respond to the collection of information that such person
>   >   is not required to respond to the collection of
>   >   information unless it displays a valid control number.
>
>   (b) The protection provided by this section may be raised in the form
>   of a complete defense, bar, or otherwise at any time during the
>   agency administrative process or judicial action applicable thereto.

44 U.S.C. § 3512.

Because the arguments set forth in Mr. Springer's opening brief are ambiguous in terms of the scope of his challenges under the PRA, and in order to fully resolve all possible issues under the PRA, we will assume that Mr. Springer is challenging all of the amounts that are set forth in the final notice of intent to levy that the IRS sent to him in March 2005.[3]  As set forth in the Commissioner's response brief, *see* Aplee. Br. at 7, those amounts include: (1) the unpaid amounts owed from prior notices, which include: (a) the deficiency amounts that were

---

[3] Mr. Springer's arguments under the PRA appear to be limited to the new claims for additional penalties and interest that the IRS imposed in March 2005 under 26 U.S.C. §§ 6651(a)(3) and 6601(a) in connection with the proposed levy. However, given the amount of money that Mr. Springer claims is at issue in this appeal, *see* Opening Br. at 4 (challenging "over $200,000 in penalty additions"), it also appears that he may be challenging certain aspects of the initial penalties and interest that were assessed in May 1997.  Out of an abundance of caution, we will assume the latter is the case.

-4-

assessed in May 1997 for each of the tax years in question; (b) the initial penalties for failing to file income tax returns and underpayment of estimated tax that were assessed in May 1997 under 26 U.S.C. §§ 6651(a)(1) and 6654(a) for each of the tax years in question; and (c) the initial interest that was assessed in May 1997 under 26 U.S.C. § 6601(a) for each of the tax years in question; (2) the additional failure-to-pay penalties that were imposed in March 2005 under 26 U.S.C. § 6651(a)(3) for each of the tax years in question; and (3) the additional interest that was imposed under 26 U.S.C. § 6601(a) in March 2005 for each of the tax years in question.

    We conclude that Mr. Springer does not have a valid challenge under the PRA to any of these amounts. First, because it is undisputed that Mr. Springer received notices of deficiency for each of the tax years in question, *see* R., Doc. 4, Ex. 2E at 1, which he unsuccessfully challenged in the Tax Court and this court, *id.,* Ex. 2E at 2 and 2F, he was statutorily barred from challenging his underlying tax liabilities during his collection due process hearing, and those liabilities included the penalties and interest that were assessed in May 1997. *See* 26 U.S.C. § 6330(c)(2)(B) (providing that a taxpayer may challenge "the existence or amount of [his] underlying tax liability" during a collection due process hearing only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such liability"); *Montgomery v. Comm'r*, 122 T.C. 1, 7-8 (2004) (concluding that term

-5-

"underlying tax liability" in § 6330(c)(2)(B) refers to amounts assessed following issuance of notice of deficiency and includes statutory interest and penalties).[4]

Second, while § 6330(c)(2)(B) does not bar Mr. Springer from challenging the additional failure-to-pay penalties that were asserted in the March 2005 final notice of levy since those penalties did not exist and thus were not at issue at the time of the prior Tax Court deficiency proceedings, Mr. Springer has not alleged any cognizable PRA violations with respect to those penalties. Instead, the only PRA violations he asserts concern the IRS Form 1040. The failure-to-pay penalties have an independent and separate statutory basis under the Internal Revenue Code, however, that is not based on Mr. Springer's failure to file Form 1040s for the tax years in question. As their name plainly indicates, they are based on Mr. Springer's subsequent failure to pay assessed amounts. *See* 26 U.S.C. § 6651(a)(3). Consequently, because Mr. Springer has failed to articulate any cognizable violation of the PRA in connection with the imposition of the failure-to-pay penalties, § 3512(a) of the PRA provides him with no protection from those penalties.

---

[4] Subsection (b) of the public protection provision in the PRA does not alter this result. *See* 44 U.S.C. § 3512(b) (quoted above). While that provision obligates federal "agencies and courts [to] entertain [PRA] arguments that would otherwise have been barred either by a statute of limitations or by the proponent's failure to have made the argument at an earlier stage in the administrative or judicial process," *Saco River Cellular, Inc. v. FCC*, 133 F.3d 25, 30-31 (D.C. Cir. 1998), it does not limit the force and effect of a more specific and different type of statutory bar such as the one in 26 U.S.C. § 6330(c)(2)(B).

Finally, with regard to the additional interest that was imposed in March 2005 under 26 U.S.C. § 6601(a) for each of the tax years in question, we agree with the Commissioner that the additional interest is not a "penalty" as that term is used in § 3512(a) of the PRA.  *See* Aplee. Br. at 24 n.9.  Although we have not found any case law addressing this issue, we conclude that the imposition of interest under the Internal Revenue Code does not fall within the PRA's statutory definition of the term "penalty."  *See* 44 U.S.C. § 3502(14) ("the term 'penalty' includes the imposition by an agency or court of a fine or other punishment; a judgment for monetary damages or equitable relief; or the revocation, suspension, reduction, or denial of a license, privilege, right, grant, or benefit.").  This is consistent with the "clearly established principle that interest [imposed under the Internal Revenue Code] is not a penalty but is intended only to compensate the Government for delay in payment of a tax."  *Avon Prods., Inc. v. United States*, 588 F.2d 342, 343 (2nd Cir. 1978).

### III.

One final matter remains to be disposed of and that is the Commissioner's motion to impose sanctions against Mr. Springer and his counsel for maintaining a frivolous appeal.  We deny the motion.  Although Mr. Springer's appellate briefs are far from a model of clarity, he has managed to advance several arguments in this appeal that raise difficult issues under both the tax code and the PRA.  As a result, we cannot say that this appeal is sufficiently frivolous to

-7-

justify the imposition of sanctions.

While we commend the Commissioner for the extremely helpful statement of the case and statement of facts in his response brief, we also note that the Commissioner himself has made a frivolous argument in his response brief and motion for sanctions that mischaracterizes what happened in Mr. Springer's prior appeal to this court. The Commissioner's argument is as follows:

> [Mr. Springer] contends that he is protected from income tax penalties because the "disclosures required by [the PRA] are not on any Form 1040 nor on any non-accompanying, disclaiming, non-binding opinion, instruction or treatise." (Br. 9.) Taxpayer made virtually the identical argument in challenging his liability for the penalties that are due from him under I.R.C. § 6651(a)(1) for failure to file returns for 1990-1995, and this Court rejected it as frivolous. *Springer*, 231 F. App'x at 801, 801 n.6. It is no less frivolous when asserted in connection with failure-to-pay penalties.

Aplee. Br. at 24 (footnote omitted); *see also* Motion for Sanctions at 6 (making same argument).

The Commissioner is wrong about what happened in the prior appeal. In that appeal, we referred to the three underlying cases that had been consolidated for appeal as *Springer I*, *Springer II*, and *Springer III*, and we did not address the merits of Mr. Springer's claims under the PRA in any of the three cases. Instead, we affirmed the district court's dismissal of *Springer I* for lack of subject matter jurisdiction, *Springer*, 231 F. App'x at 797; we affirmed the district court's dismissal of *Springer II* on the ground that the Tax Court had exclusive jurisdiction over the case, *id.*; and we affirmed the district court's dismissal of

-8-

*Springer III* on the ground that the PRA does not create a private right of action, *id.* at 799. Further, in footnote five in the order and judgment, we specifically stated that, "[i]n view of our jurisdictional disposition, we do not reach the merits of *Springer I* and *Springer II*." *Id.* at 799 n.5. And, in footnote 6, the footnote cited by the Commissioner in the above-quoted language, we did not state that the PRA claims in *Springer II* were frivolous. Rather, we stated that the appeal in *Springer II* was frivolous due to the obvious jurisdictional defect arising from the fact that Mr. Springer had filed *Springer II* in federal district court when exclusive jurisdiction resided in the Tax Court. *Id.* at 801 n.6. The Commissioner is therefore mistaken when he argues that this court addressed the merits of Mr. Springer's PRA claims in the prior appeal, and his argument is frivolous given the obvious nature of the three dispositions in that appeal.

In addition, in his motion for sanctions, the Commissioner states that this court sanctioned the taxpayer-plaintiff in *Lewis v. Comm'r*, 523 F.3d 1272 (10th Cir. 2008) for making frivolous PRA arguments on appeal. *See* Motion for Sanctions at 6. But the Commissioner is wrong on this point as well. *See Lewis*, 523 F.3d at 1278 ("In light of [the] uncertainty in our case law, we decline to impose sanctions against Lewis on appeal for raising these specific PRA challenges against Form 1040.").

-9-

The Order and Decision of the Tax Court is AFFIRMED. The Commissioner's Motion for Sanctions is DENIED. The Commissioner's Motion to Dismiss for Failure to Pay Sanctions is DENIED as moot since Mr. Springer has paid the monetary sanction that was imposed against him by this court in his prior appeal.