UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDSEY K. SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0110-CVE-PJC |
| | ) | |
| UNITED STATES, THE INTERNAL REVENUE SERVICE, and THE COMMISSIONER OF INTERNAL REVENUE SERVICE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes on for consideration of plaintiff's Motion to Vacate Order Dated June 13, 2008 (Dkt. # 38). On June 13, 2008, the Court entered an order (Dkt. # 37) finding that the Tenth Circuit Court of Appeals' Order and Judgment awarding $4,000 in sanctions to defendants was enforceable in this Court in the same manner as a district court judgment, but the Court denied defendants' request to enter a separate judgment awarding sanctions to the United States. Plaintiff asserts that the Court should vacate its June 13, 2008 Order for the following reasons: (1) the Court and defendants violated plaintiff's right to procedural due process; (2) monetary sanctions awarded by the Tenth Circuit do not fall within 26 U.S.C. §§ 6672(b)(2) and (b)(3) and cannot be enforced in this Court; (3) plaintiff's case is closed and the Court lacks jurisdiction over this case; (4) plaintiff has a right to a jury trial under the Seventh Amendment of the United States Constitution before this Court may enter a monetary judgment against him; and (5) the Court's order violates the Paperwork Reduction Act of 1995. Dkt. ## 38, 40.

The Court's order registering the Tenth Circuit's Order and Judgment was simply a ministerial act. Even though defendants asked the Court to enter a separate judgment, the Court

denied defendants' request and limited the relief granted to recognition of the Tenth Circuit's award of sanctions. Although plaintiff characterizes the Court's order as a monetary judgment for $4,000, the Court clearly stated that it was not entering a judgment against him. Dkt. # 37, at 2 ("Since the Tenth Circuit has already entered a judgment for the United States, this Court need not enter an additional judgment."). Plaintiff's arguments are premised on the theory that this Court entered a judgment against him but, as this Court declined to enter a separate judgment, his arguments are meritless. Plaintiff's motion to vacate could also be construed as a challenge to this Court's order dismissing his case for lack of subject matter jurisdiction (Dkt. # 25) and the Tenth Circuit's Order and Judgment (Dkt. # 32). The underlying jurisdictional issues have been fully resolved, and the Tenth Circuit determined that plaintiff's arguments were frivolous. The Court will not consider these issues and, if plaintiff intends to challenge the Tenth Circuit's Order and Judgment, he must raise those arguments to the Tenth Circuit if such review is permissible.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Vacate Order Dated June 13, 2008 (Dkt. # 38) is **denied**.

**DATED** this 30th day of June, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT