**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| **LINDSEY KENT SPRINGER,** | ) | |
| **OSCAR AMOS STILLEY,** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' CONSOLIDATED RESPONSE IN OPPOSITION TO
DEFENDANT SPRINGER'S MOTION TO DISQUALIFY, RECUSE, REMOVAL
AND RANDOM ASSIGNMENT, AND TITLE 28, SECTION 144 AFFIDAVIT
OF LINDSEY KENT SPRINGER REGARDING BIAS AND PREJUDICE
(DOCUMENT NUMBERS  270, 271 AND 272)**

The United States of America, by and through its attorneys, Thomas Scott Woodward, Acting United States Attorney for the Northern District of Oklahoma, and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Lindsey Kent Springer's Motion, and Brief/Memorandum in Support of Motion, to Disqualify, Recuse, Removal and Random Assignment (doc. nos. 271 and 272).  The United States also responds in opposition to Defendant Springer's Title 28, Section 144 Affidavit of Lindsey Kent Springer Regarding Bias and Prejudice (doc. no. 270).  Defendant continues to assert frivolous arguments, many which this Court previously rejected.

Defendant appears to be arguing that not only the Honorable Stephen P. Friot, District Court Judge, must be recused, but also the Honorable Claire V. Eagan, Chief Judge.[1] However, Defendant provides no basis for abrogating the appointment of the Honorable Judge Friot to handle this matter. Furthermore, nowhere in Defendant's twenty-five page affidavit or thirty-two pages of motion and supporting brief does Defendant identify any facts supporting a finding of personal bias or prejudice by either judicial officer against Defendant or in favor of any adverse party.

I. **Defendant Provides No Legal Basis for Abrogating the Honorable District Judge Stephen P. Friot' Assignment to Handle This Matter**

In a repeat of Defendant's "Motion for Clarification with Respect to Specific Legal Authority for Appointment of Judge in Trial in Instant Case" (doc. no. 30), which this Court previously and appropriately handled, and in Defendant's Motion for New Trial (doc. no. 262), Defendant again challenges the statutes, rules and procedures under which the Honorable Judge Friot was appointed to preside over the trial of this case. See Minute Order dated March 31, 2009, doc. no. 24. The Government's response to Defendant's earlier motion for clarification, doc. no. 42, included an attached copy of the Tenth Circuit's "Designation of District Judges for Service in Other District's within the

---

[1] Defendant's motion is confusing in that the title of Defendant's supporting brief identifies only the Honorable Judge Friot. Also, nowhere in Defendant's motion (doc. no. 271) does Defendant assert that the Chief Judge should have been recused. However, Defendant argues that the Honorable Chief Judge Eagan "should have recused herself from any involvement with this case including who would be the judge" (doc. no. 272 at 15). In Defendant's affidavit he further asserts that "[t]here is no question Chief Judge Eagan's 'impartiality' is reasonably questioned." Doc. no. 270 at 11.

Tenth Circuit," Tenth Circuit Misc. No. 23, covering the assignment, for the 2009 calendar year, of, *inter alia*, the Honorable Judge Friot to the Eastern and Northern Judicial Districts of Oklahoma. This order, made pursuant to the provisions of Title 28, United States Code Section 292(b), and signed by Chief Judge Robert H. Henry on December 30, 2008, is also attached to Defendant's brief (doc. no. 272) in support of his current motion, and is referred to therein as "Misc. # 23."

After the Court granted the motion for clarification, and clarified that he was a duly appointed district court judge available to try cases in the Northern District of Oklahoma during the year 2009 by virtue of the December 30, 2008 order, Defendant proceeded to trial in the case without objection to the Honorable Judge Friot. Trial commenced in the United States Court for the Northern District of Oklahoma on October 26, 2009, and concluded with the return of the jury verdicts on November 16, 2009.

Defendant identifies six "issues presented," which include questions concerning the appointment of Judge Friot in this case. Doc. no. 271. Defendant asks for "recusal based upon Stephen P. Friot's lack of jurisdiction outside the geographical boundaries set to his commission at Title 28 Sections 116(c), 132, 133, 134 and 451," for "removal from holding district court in the Northern Oklahoma Judicial District Court in 09-CR-43," and for " random reassignment by a District Court Judge competent, de jure, and commissioned in the United States' Northern Oklahoma Judicial District." Doc. no. 271.

First, there is a question of whether, at this point in the litigation, Defendant has standing to object to the Honorable Judge Friot's assignment to handle this case. *See United States v. Royals,* 777 F.2d 1089, 1091 (5th Cir. 1985), *citing McDowell v. United States*, 159 U.S. 596, 601 (1895); *Reynolds v. Lentz,* 243 F.2d 589, 590 (9th Cir.), *cert denied*, 354 U.S. 939 (1957).  *See also Ball v. United States*, 140 U.S. 118 (1891), and *Ex Parte Ward*, 173 U.S. 452 (1899).[2]

Second, the Chief Judge of a Circuit is empowered to designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit.  28 U.S.C. § 292(b).  Title 28, United States Code Section 296 provides further that a judge sitting by designation shall have all the powers of a judge of the district to which he is designated and assigned.  Furthermore, Section 137 of Title 28 provides, in pertinent part:

> The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.
>
> The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

---

[2] In *Nguyen v. United States*, 539 U.S. 69 (2003), the Supreme Court allowed a defendant standing to challenge the composition of a three judge appeals court which, contrary to statute, included an Article IV judge.  Defendant's case is factually and legally more similar to *McDowell* and *Royals* than to *Nguyen.  See Nguyen,* 539 U.S. at 77.

Additionally, district judges have the inherent power to transfer cases from one to another for the expeditious administration of justice. *United States v. Martinez*, 686 F.2d 334 (5th Cir. 1982); *United States v. Stone*, 411 F.2d 597 (5th Cir. 1969); *United States v. Keane*, 375 F.Supp. 1201 (N.D. Ill. 1974).

This case was initially assigned court procedures to the Honorable James H. Payne, District Court Judge. On March 18, 2009, the Honorable Judge Payne issued a minute order stating "due to Court conflict, recusing Judge James H. Payne, this case is hereby returned to the Court Clerk for further reassignment, Court Clerk reassigned case as to Lindsey Kent Springer, Oscar Amos Stilley." Doc. no. 9. The only reason for the recusal set forth in the order is "Court conflict." However, given that the Honorable Judge Payne was the only sitting judge in the Northern District of Oklahoma not assigned to one of Defendant's civil lawsuits, the recusal appears to have been independent of Defendant.[3]

---

[3] The United States notes that Judge Payne served on a review panel that considered the qualifications of Defendant Oscar Stilley to continue as a member of the Bar of the Northern District of Oklahoma. That panel ultimately ruled against Defendant Stilley. This is the only basis for a conflict of interest with respect to Judge Payne of which the United States is aware with respect to *United States v. Springer et al.*, 09-CR-043. Each of the other three sitting judges in the Northern District of Oklahoma also participated in hearings on, and with, Defendant Stilley concerning his continued right to practice as a member of the Northern District of Oklahoma Bar. Thus, had the Court Clerk attempted to reassign the case to another Northern District of Oklahoma judge, such an attempt would have been unavailing. It appears that the Chief Judge and the Court Clerk of the Northern District of Oklahoma had to find a judge who clearly had no conflict of interest with respect to Defendant Stilley, necessitating going outside the Northern District of Oklahoma judiciary for an Article III judge who would accept assignment of the case, "for the expeditious administration of justice." Even if Judge Payne recused himself for another reason, the three remaining sitting judges in the Northern District of Oklahoma had a reason to recuse themselves based upon their previous hearings and rulings in connection with Defendant Stilley.

Irrespective of the reasons for the Honorable Judge Payne's recusal, the Honorable Chief Judge Eagan correctly and appropriately reassigned the case to the Honorable Judge Friot, based on her authority pursuant to 28 U.S.C. §§ 292(b) and 137, plus her inherent authority as an Article III judge.  In his motion, Defendant neither demonstrates, nor even alleges, any prejudice from the assignment of Judge Friot.  Even assuming that one of the remaining sitting judges was available for the case, "rules of court are not that arbitrary and inflexible.  If there is a conflict between the rules and the statutes, the statutes must prevail."  *United States v. Amsler*, 381 F.2d 37, 42-43 (9th Cir. 1967).

> The purposes of § 292 and 296 are to aid litigants to avoid that of which defendants in criminal cases complain most loudly – delays in trial.  To accomplish this, and to make the work load more even throughout the country, was the purpose behind the legislation.  To aid in the accomplishment of that purpose, we should, where construction is necessary, liberally construe the statutes.

*Leary v. United States*, 268 F.2d 623, 626 (9th Cir. 1959) (footnote and citations omitted).

Further, Defendant neither cites, nor is there any authority for, the proposition that the Constitution requires the "randomness" that utilizing Local Civil Rule 40.1, would provide.  *See United States v. Claiborne*, 870 F.2d 1463, 1467 (9th Cir. 1989).

Defendant contends that Tenth Circuit Miscellaneous Order # 23 is not lawful under 28 U.S.C. § 292(b), but again Defendant's contention is without support.  Clearly, Miscellaneous Order # 23 comports with 28 U.S.C. § 292(b).  Section 292 of Title 28 provides:

> The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit.

Miscellaneous Order # 23 states, in pertinent part:

> Pursuant to provisions of Title 28, United States Code § 292(b), I designate and assign the following United States District Judges in the Tenth Circuit to hold court in the Districts listed opposite their names, from January 1, 2009, through December 31, 2009, and for any time in advance to prepare for the trial of cases, or as may be required to complete unfinished business:
> . . .
> Stephen P. Friot – Eastern and Northern Districts of Oklahoma.

Nothing in Section 292(b) of Title 28 requires, or even implies, that a separate designation or assignment must be made for each specific case during the temporary time period set forth.

Defendant was not deprived of due process or any of his Constitutional rights, by being tried by the Honorable Judge Friot. Defendant was tried in the district (and state) where the alleged crime was committed, as required by Article III, Section 2 of the Constitution of the United States. Pursuant to Section 292(b), the case was tried before an Article III District Court Judge from the Western District of Oklahoma, on assignment by the Chief Judge of the Tenth Circuit. Defendant claims that because the trial judge was from the Western District of Oklahoma, Defendant did not receive a trial pursuant to Article III, Section 2. This claim is absurd; the personnel of the court is distinguishable from the court's territorial limits. As stated in *Amsler v. United States,* 381 F.2d at 42:

> We find nothing inconsistent between the provision that a district judge, resident and appointee of one district, may be assigned under statutory authority to a different district in the same circuit, and the constitutional requirement that a criminal case be tried within the territorial limits of the state where the crime was committed. (citations omitted).

If, by his argument, Defendant is challenging jurisdiction based on the fact that his trial was presided over by the Honorable Judge Friot, then such a challenge must again fail. "[J]urisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court." *United States v. Teresi,* 484 F.2d 894, 898 (7th Cir. 1973), quoting *In re Brown*, 346 F.2d 903, 910 (5th Cir. 1965).

To the extent that Defendant is arguing that his trial was retroactively rendered unconstitutional by the Honorable Judge Friot presiding over it, such an argument also fails. Furthermore, even if Defendant's argument that the Honorable Judge Friot was improperly appointed had any merit, the *de facto* officer doctrine would apply to the designation of the Honorable Judge Friot to preside over Springer's trial in this district.[4] *See Ryder v. United States*, 515 U.S. 177, 180 (1995). *Glidden Co. v. Zdanok*, 370 U.S. 530, 535 (1962) (plurality opinion). *McDowell v. United States*, 159 U.S. at 601-02

---

[4]The *de facto* doctrine "prevent[s] litigants from abiding in the outcome of a lawsuit and then overturning it if adverse upon a technicality of which they were previously aware." *Glidden Co. v. Zdanok*, 370 U.S. at 535 (plurality opinion). As the Supreme Court said in *Roell v. Withrow*:

> examples of such "technicalities" are defects in the judge's appointment or designation. See *e.g.*, *Ex parte Ward*, 173 U.S. 452, 456 (1899) (judge improperly appointed during a Senate recess) . . .. 538 U.S. 580, 598 (2003).

(1895), *Ball v. United States*, 140 U.S. at 128-29 (assigned judge had *de facto* authority to replace a deceased judge even though he had been designated to replaced a disabled judge). This is especially true, as noted in *McDowell*, where the judge whose assignment is being questioned was otherwise qualified to serve because he was a judge of the United States District Court, having all the powers attached to such office, and because the circuit judge was otherwise empowered to designate him. 159 U.S. at 601. Thus, even if there was a defect in the appointment of the Honorable Judge Friot pursuant to Title 28, U.S.C. § 292(b), he was, while presiding over the trial in this case, at least a judge *de facto*. As the Court said in *McDowell*:

> Whatever doubt there may be as to the power of designation attaching in this particular emergency, the fact is that Judge Seymour was acting by virtue of an appointment regular on its face, and the rule is well settled that where there is an office to be filled, and one, acting under color of authority, fills the office and discharges his duty, his actions are those of an officer de facto, and binding on the public. 159 U.S. at 601-02.

*See also Leary v. United States*, 268 F.2d at 627-28.

Because the Honorable Judge Friot was properly appointed pursuant to 28 U.S.C. §§ 292(b) and 296, and under Tenth Circuit Miscellaneous Order # 23, his conducting of the trial of defendant Springer in this case in the Northern District of Oklahoma, was Constitutionally and statutorily sound, and by statute the Honorable Judge Friot may:

> [n]otwithstanding his absence from such district or circuit or the expiration of the period of his designation and assignment, decide or join in the decision and final disposition of all

matters submitted to him during such period and in the consideration and disposition of applications for rehearing or further proceedings in such matters.  28 U.S.C. § 296.

## II.     Defendant's Factual Allegations Do Not Warrant Recusal for Bias or Prejudice

In the first ten pages of Defendant's affidavit, he recites forty-seven paragraphs of "Facts Relevant to Bias and Prejudice" listing a variety of alleged facts dating from May 29, 1985, up to and through December 15, 2009.  None of the alleged facts demonstrate personal bias or prejudice against Defendant, or in favor of any adverse party, as required by 28 U.S.C. § 144.  However, the United States notes that among the misrepresentations made by Defendant is the assertion that "[o]n December 4, 2009, Mr. Snoke entered his appearance in 09-5165 on behalf of Stephen P. Friot in 09-5165."  Doc. no. 270 at 9.  Contrary to Defendant's assertion, Assistant U.S. Attorney Snoke entered his appearance on behalf of the United States.  Attachment A.

Pursuant to 28 U.S.C. § 455, "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances:  (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . 28 U.S.C. § 455(a), (b)(1)."  Similarly, 28 U.S.C. § 144 provides "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against

him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. §144.  The standard for recusal under both statutes is the same: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. District Court for Central District of California*, 428 F.3d 1175, 1178 (9th Cir. 2005); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

Section 144 further provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."

In *Liteky v. United States*, the Supreme Court addressed impartiality, personal bias, and prejudice:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ... they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

510 U.S. 540, 555 (1994).

"The simple filing of an affidavit does not automatically disqualify a judge. A trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true. An affidavit must comply with § 144 before it can effectively disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976) (citations omitted). Furthermore, "[d]isqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004), citing *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). Defendant's affidavit is both untimely and fails to allege facts demonstrating personal bias or prejudice either against Defendant or in favor of the United States. Where "the affidavit is insufficient and does not meet the requirements of the statute, it is the judge's duty not to disqualify himself." *Antonello v. Wunsch*, 500 F.2d 1260, 1262 (10th Cir. 1974).

### A.   Defendant's Filing is Untimely

"[A] party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Polizzi v. United States*, 926 F.2d 1311, 1321 (2d Cir. 1991), *quoting Apple v. Jewish Hosp. and Medical Center*, 829 F.2d 326, 333 (2d Cir.1987). Defendant asserts

> that Stephen P. Friot and Chief Judge Claire V. Eagan, were biased and prejudicial against Affiant way before the indictment was emailed to Affiant on March 10, 2009 and that Stephen P. Friot should never have exercised any jurisdiction

> in the Northern Oklahoma Judicial District Court. Chief Judge
> Claire V. Eagan and Stephen P. Friot should have never been
> involved in any procedure, judicially or otherwise, in
> 09-cr-043 or any other case to which affiant is involved where
> the United States is a party.

Doc. no. 270 at 25. Section 144 specifically provides that affidavit filed under this section "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." Contrary to the time dictates of this statute, Defendant filed the affidavit on December 28, 2009, almost nine months after the Honorable Judge Friot was assigned to this matter on March 31, 2009. Defendant appears to assert that the United States' turning over of a grand jury transcript on October 16, 2009 (more than two weeks prior to trial and four weeks prior to that witness' testimony) constitutes good cause for Defendant's delinquent filing of the affidavit. However, Defendant fails to explain how this, or anything else, establishes good cause. Defendant's delinquent filing, made only after he lost at trial, is untimely under Title 28, United States Code Section 144.

    **B.    Defendant's Issues Are Already Presented
            in Defendant's Motion for New Trial**

Defendant's attempt to relitigate issues he has already presented is prohibited by the doctrine of the law of the case.

> The law of the case doctrine posits that when a court decides
> upon a rule of law, that decision should continue to govern
> the same issues in subsequent stages in the same case.
> Furthermore, when a rule of law has been decided adversely
> to one or more codefendants, the law of the case doctrine

> precludes all other codefendants from relitigating the legal issue.

*United States v. Parada*, 577 F.3d 1275, 1279-80 (10th Cir. 2009), quoting *United States v. LaHue*, 261 F.3d 993, 1010 (10th Cir. 2001).  Specifically, the Court has already ruled, either directly or implicitly, on the following: the Honorable Judge Friot is authorized to hear this case; the Honorable Chief Judge Eagan was authorized to assign the Honorable Judge Friot to this matter; the Order of the Tenth Circuit dated December 30, 2008, assigning enumerated United States District Judges in the Tenth Circuit to hold court in specified districts "from January 1, 2009, through December 31, 2009, and for any time in advance to prepare for the trial of cases, or as may be required to complete unfinished business . . .", Misc. 23, was lawful.

Defendant's remedies, if any, to the Court's rulings on these matters are through the appeals process, not through duplicative filings in this court, or preemptive filings for mandamus with the Tenth Circuit Court of Appeals.  Defendant previously requested

> a writ of mandamus ordering Chief District Judge Claire V. Eagan and Judge Friot "to cease exercising Article III Judicial Power of the United States, including Jurisdiction and Venue, over Springer's person and vicinage, in case number 09-cr-043, in the Grand Jury Indictment dated March 10, 2009, United States of America v. Lindsey Kent Springer," because (1) Judge Friot is not a judge of the Northern District of Oklahoma; (2) since 2000, there has been no "Internal Revenue District" for Oklahoma, so that the Northern District of Oklahoma has no jurisdiction or venue to enforce the internal revenue code; and (3) the Internal Revenue Service Form 1040 for the years 2000-2007 violates the Paperwork Reduction Act.

Tenth Circuit Order denying Defendant's petition for writ of mandamus, doc. no. 256.  As the Tenth Circuit stated in denying Defendant's petition, "at the proper time, he may appeal his conviction and sentence."  *Id*.  The proper time is not yet at hand.

### III. <u>Conclusion</u>

For the foregoing reasons, including those previously articulated in the previous pleadings filed in this case, Defendant Springer's Motion to Disqualify, Recuse, Removal and Random Assignment should be denied.

                                                Respectfully submitted,

                                                THOMAS SCOTT WOODWARD
                                                ACTING UNITED STATES ATTORNEY

                                               */s/ Charles A. O'Reilly*
                                               CHARLES A. O'REILLY, CBA NO. 160980
                                               Special Assistant U.S. Attorney
                                               KENNETH P. SNOKE, OBA NO. 8437
                                               Assistant United States Attorney
                                               110 West Seventh Street, Suite 300
                                               Tulsa, Oklahoma  74119
                                               (918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lindsey Kent Springer
Defendant

Oscar Amos Stilley
Defendant

Robert Williams
Standby Counsel assigned to Lindsey Kent Springer

Charles Robert Burton, IV
Standby Counsel assigned to Oscar Amos Stilley.


          */s/ Charles A. O'Reilly*
          Special Assistant U.S. Attorney