IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

        Plaintiff,

                              Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

        Defendants.

### MOTION TO DISMISS FOR LACK OF SUBSTANTIVE REGULATIONS HAVING FORCE AND EFFECT OF LAW AND BRIEF IN SUPPORT

Lindsey Kent Springer, ("Springer") files his Motion to Dismiss pursuant to Federal Rules of Criminal Procedure 12(b)(3)(B) for failure to allege an offense invoking this Court's jurisdiction because the regulations applicable to the requirement to "file a return" for years 2000 through 2005 were not promulgated in accord with the Administrative Procedure's Act, Title 5, United States Code, Section 553, et seq, and being substantive rather than interpretive, do not have the force and effect of law.

I.      BRIEF IN SUPPORT OF MOTION.

#### SUMMARY OF EACH ALLEGED COUNT

Count One alleges a conspiracy to impede the lawful functions of the IRS in the computation, ascertainment, assessment and collection of income taxes due and owed by Springer from 2000 to 2009.

Count Two, Three and Four, allege attempted tax evasion of a tax imposed by Title 26, United States Code, for calender year 2000, 2003 and 2005.

1

Count Five and Six allege willful failure to file U.S. Individual Income Tax Returns for the calender year 2002 and 2004 based upon Springer's receipt of gross income under Title 26.

Each of the Six Counts are inexorably linked to the obligation to file a U.S. Individual Income Tax Form 1040 and the payment of tax is inexorably linked to where the law fixes the place for the performance of filing such return form.  See Title 26, United States Code, Section 6151.

## FACTUAL BACKGROUND

The premise to each of the Six Counts is that a specific statute required, with criminal penalty, Springer report money he received from specific persons be reported on a "U.S. Individual Income Tax Return", sometimes referred therein as Form 1040 or return, to the Secretary of the Treasury. Doc. 2

On May 29, 2009, when acknowledging internal revenue districts were abolished, O'Reilly and Snoke argued that since Springer did not live in any "internal revenue district" that the "the Secretary may by regulations designate" an alternative place for "returns" to be "filed." Doc. 71, pg. 5 They both went on pointing out that "[T]he Secretary of the Treasury...designated" under "Title 26, Code of Federal Regulations, Section 1.6091-2" and that this "regulation" "clearly provides that "income tax returns of individuals, estates, and trusts shall be filed with any person assigned the responsibility to receive returns at the local Internal Revenue Service office that serves the legal residence or principal place of business of the person required to make the return." Doc. 71, pg. 5

In its first Bill of Particulars O'Reilly and Snoke identify specific code provisions from Title 26, United States Code, explains what the Grand Jury means when it said "required by law." Doc. 104.  They specifically cite to Title 26, United States Code, Sections 1, 61, 63, 6011, 6012, 6071, 6091, 6151 and 7203.

In an order dated October 13, 2009, O'Reilly and Snoke were ordered to provide citation to each and every "regulation" they relied upon contained within their "trial brief" that were involved in their theory of each Count. The reasoning was:

> The court granted Springer's Fourth Motion for Bill of Particulars because the government, in its trial brief, wrote (under the heading "Required to File by Law") that "Various provisions of the Internal Revenue Code (and regulations thereunder) specify the events that trigger an obligation to file a return." Doc. no. 138, at 12. The court was of the opinion when it entered its order on October 8, and is still of the opinion, that if regulations are important enough to the government's case to be referred to at all, then they should be cited specifically. It seems passing strange that, in this criminal tax case, the government would see fit to refer generally to operative regulations, but resist informing the defendant (and, by the way, the court) as to what it refers to when it writes about "the regulations thereunder." For this reason, the court is unmoved by the government's arguments as to the niceties of bills of particulars. If the device of a supplemental bill of particulars were not available to provide the specificity called for by fundamental fairness, the court would, in the blink of an eye, require the government to provide the needed specificity in a supplement to the trial brief that made reference to "the regulations thereunder" but gave no indication of *which* regulations.

See Doc. 192, pg. 2

In their "Second Bill of Particulars" they provided citation to a modification of the list of code sections from its first Bill of Particulars made with the addition of section 102. They also cited "The regulations promulgated under the Internal Revenue Code **that provide clarification** of the filing requirements for individuals include the following: Title 26, Code of Federal Regulations Sections 1.1-1, 1.61-1 et seq., 1.63, 1.102-1, 1.151-1, 1.6011-1 and 1.6012-1. Doc. 201, pg. 3

The Second Bill of Particulars concluded with "[H]owever, as stated above, the United States did not rely upon any regulations **specifying events triggering an obligation** for the Defendants to file tax returns." Doc. 201, pg. 3.

In their First and Second Bill of Particulars and their opposition to Springer's Motion for a

New Trial, quoted in the January 28, 2010 Order, Doc. 293, they stated "[A]s held in *United States v. Dawes*, 951 F.2d 1189, 1191-92 (10th Cir. 1991), quoted in *Springer v. United States*, 447 F.Supp.2d 1235, 1238 (N.D. Okla. 2006), 'the requirement to file a tax return is mandated by statute, **not by regulation**' and '"such explicit statutory requirements are not subject to the PRA."'"

This is the first time an order has contained these words in this case. Doc. 293, pg. 6. Although in Doc. 71, pg. 5 O'Reilly and Snoke cite to Title 26, Code of Federal Regulations, 1.6091-2 (2005) fixing the place a return is required to be "filed" they did not cite to 1.6091-2 when they filed their Second Bill of Particulars. See Doc. 201.

    A.    None of the regulations cited in the Second Bill of Particulars have been promulgated by the Secretary according to Administrative Procedures Act.

The Supreme Court has long held that "a regulation promulgated by an administrative agency charged with the administration of an Act has the force and effect of law if it is reasonably related to administrative enforcement and does not contravene statutory provisions." *Joudeh v. United States*, 783 F.2d 176, 180-81 (10th Cir. 1986); see also In re *LMS Holding Co.*, 50 F.3d 1526, 1528 (10th Cir. 1995) (holding certain treasury regulations to have "the force and effect of law"). With regard to treasury regulations promulgated by the Secretary of the Treasury, the Supreme Court has specifically held that "[b]ecause Congress has delegated . . . the power to promulgate `all needful rules and regulations for the enforcement of [the Internal Revenue Code],' we must defer to [the Secretary's] regulatory interpretations of the Code so long as they are reasonable." *Cottage Sav. Ass'n v. Commissioner*, 499 U.S. 554, 560-61 (1991).

The Supreme Court has long held that "`[t]reasury regulations and interpretations long continued without **substantial change**, applying to unamended or substantially reenacted statutes,

4

are deemed to have received congressional approval and have the effect of law.'" *Cottage Sav. Ass'n*, 499 U.S. at 561 (quoting *United States v. Correll*, 389 U.S. 299, 305-06(1967)). See also *Jeppsen v. CIR*, 128 F.3d 1410, 1417 (10th Cir. 1997)

"In order for a regulation to have the 'force and effect of law,' it must have certain substantive characteristics and be the product of **certain procedural requisites.**" *Chrysler Corp. v. Brown*, 441 U.S. 281, 301 (1979) "The central distinction among agency regulations found in the APA is that between 'substantive rules' on the one hand and 'interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice' on the other. Id.

A "substantive rule" is not defined in the APA, and other authoritative sources essentially offer definitions by negative inference. *Chrysler*, at 302 "But in *Morton v. Ruiz*, 415 U.S. 199 (1974), we noted a characteristic inherent in the concept of a 'substantive rule. We described a substantive rule - or a 'legislative-type rule,' id., at 236 - as one '**affecting individual rights and obligations**. Id., at 232. This characteristic is an important touchstone for distinguishing those rules that may be "binding" or have the "force of law." Id., at 235, 236.

> (i).    The Regulations 1.1-1, 1.61-1 et seq., 1.63, 1.102-1, 1.151-1, 1.6011-1 and 1.6012-1, cited by in the Second Bill of Particulars affect substantial rights and obligations and are not in compliance with the Administrative Procedures Act lacking force and effect of law.

First, no year is cited as to each of these regulations but none of them have the force and affect of law anyway. None of them comply with Title 5, United States Code, Section 553.

The Second Bill of Particulars concluded with "[H]owever, as stated above, the United States did not rely upon any regulations **specifying events triggering an obligation**[1] for the Defendants

---

[1] This is "affecting rights and obligations."

to file tax returns." Doc. 201, pg. 3.

1.0-1 (1999)[2] states in relevant part:

In general, the applicability of such regulations is commensurate with the **applicability of the respective provisions of the Internal Revenue Code of 1954** except that with respect to the provisions of the Internal Revenue Code of 1954 which are deemed to be included in the Internal Revenue Code of 1939, the regulations relating to such provisions are applicable to certain fiscal years and short taxable years which are subject to the Internal Revenue Code of 1939.

1.6011 (1999-2005), 1.6012(1999-2005) and 1.6091(1999-2004) and 1.6151(1999-2005)[3] each have not been properly enacted by the Secretary of the Treasury under the Administrative Procedures Act, Title 5, United States Code, Section 553.

Each of these regulations consist of substantive rule making and neither of them have been enacted in accordance with Section 553(b) and 553(c). Each of the regulations listed above hinge upon 1.6091-2. 26 C.F.R. § 1.6091-2 as a Final regulations is a significant regulatory action as defined in Executive Order 12866 where there is a significant change in the place taxpayers are directed to file certain information collection requests and to pay any taxes due.

When a significant change is made a "regulatory assessment" is required. It was erroneously determined that section 553(b) of the administrative Procedure Act (5 U.S.C. chapter 5) did not apply to these final regulations.

Springer's Motion herein addresses the notion that because Springer is alleged not to have lived in any "internal revenue district", See Doc. 71, pg. 5, because they were abolished, and because

---

[2] Springer refers to 1999 since these would be the regulations in affect as of January 1, 2000.

[3] The years at issue are from 2000 forward but O'Reilly and Snoke gave no answer regarding the regulation under 1.6091-2 prior to 2005. For the purpose of this Motion Springer contends all regulations did not comply with the Administrative Procedures Act.

one minute O'Reilly and Snoke argue regulations apply citing 1.6091-2(2005) and the next they argue they do not, see Doc. 192, pg. 2, Springer lodges is claim that to the extent 1.6091-2 encompasses the theory of Springer's "requirement to file" a return by delivering it according to the rule set forth in 1.6091-2 (2005), these regulations are not in accord with the Administrative Procedures Act.

First, the final regulations under 1.6091-2 reflect changes to the specific place individuals are required by law to file their returns and are not limited to "the organizational structure of the IRS" or simply "rules concerning agency organization, procedure, or practice that are exempted from the notice and comment requirement of 5 U.S.C. 553.

Springer doubts the Secretary has any authority to change the place where information is required to be delivered when the place is provided by "this title." This title being Title 26.

Second, these regulations make substantive changes to the specific place taxpayers are required to file their returns and the "good cause" exception does not therefore apply. "Treasury and the IRS determined incorrectly that notice and public procedure were impracticable, unnecessary, and contrary to the public interest because these final regulations, they said, do not make substantive changes to taxpayers' current ability to hand carry returns to a local IRS office."

The location where returns were previously required to be delivered was in the office of district director. That office was in Oklahoma City. Changing from district director office in Oklahoma City to local IRS office with no specific identification is a substantive change and in most instances a drastic departure.

Springer has still not located where "local office" is defined by the Secretary for purposes of filing Forms at issue in this case. Nor district director.

Treasury erroneously found that "In addition, these final regulations reflect existing instructions given to taxpayers with respect to the hand-carrying of returns." This conclusion is simply not true and in error. Local office could only then mean district director office under such theory and that was clearly in Oklahoma City not Tulsa, Austin or D.C.

Treasury also erroneously concluded that "no notice of proposed rulemaking is required" and that "the provisions of the Regulatory Flexibility Act (5 U.S.C. chapter 6) do not apply." They are wrong again.

1.6091-2 as cited by O'Reilly and Snoke are substantive regulations as they directly affect where tax returns required to be file are to be delivered and that the impact of this place to deliver for determination a return is filed renders Treasury's decision "T.D. 9156, 69 FR 55744, Sept. 16, 2004" in direct violation of the Administrative Procedures Act and does not carry the force and affect of law. See Exhibit 1

Title 5, United States Code, Section 553 requires 1.6091-2 to be given as a general notice to the public and published in the Federal Register. See Title 5, United States Code, Section 553(b) The notice shall include—

(1) a statement of the time, place, and nature of public rule making proceedings;

(2) reference to the legal authority under which the rule is proposed; and

(3) either the terms or substance of the proposed rule or a description of the subjects and issues involved.

Springer attaches T.D. 9156, 69 FR 55744, Sept. 16, 2004 and clearly shows 1.6091-2 does not comply in any respect with the Administrative Procedures Act, Section 553, et seq.

There can be no doubt that changing the place where the public is "required" to deliver their individual income tax returns is a substantial change. O'Reilly and Snoke argue the City changed,

address changed, and even the judicial district changed. Springer finds that changing from the district director in Oklahoma City specifically to directing a "local office" would clearly be in the best interest of the public to be made aware of these changes.

There was no notice given by the Secretary required by section 553, no interested persons were given any opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation.

Treasury did not give the "required publication or service of the substantive rule" change under 1.6091-2 less than 30 days before its effective date, or at any other time. Treasury did not give any interested person the right to petition for the issuance, amendment, or repeal of 1.6091-2(2005).

Title 26, United States Code, Section 6151 "ties the duty to pay federal income taxes to the [place] duty to make an income tax return. See 26 U.S.C. § 6151(a) ("when a return of a tax is required . . . the person required to make such return shall . . . pay such tax"). *Holywell Corp. v. Smith*, 503 U.S. 47, 52 (1992)

## CONCLUSION

Springer request dismissal of each Counts One through Six as none of the regulations cited by O'Reilly and Snoke were in compliance with the Administrative Procedures Act and since they are substantive rather than interpretive, they lack the force and effect of law. Accordingly, each Count fails to allege an offense and this Court lacks jurisdiction over the subject matter.

Respectfully Submitted
/s/ Lindsey K. Springer
<u>Lindsey K. Springer</u>
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Motion to Dismiss, brief contained therein, with exhibit was ecf'd on February 1, 2010, to:

Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


/s/ Lindsey K. Springer
Signature