IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

   Plaintiff,

        Case No. 09-CR-043-SPF

v.

LINDSEY KENT SPRINGER,
OSCAR AMOS STILLEY

   Defendants

MOTION FOR CONTINUANCE OR EXTENSION OF SENTENCING HEARING
AND OTHER RELIEF

   Lindsey Kent Springer ("Springer") moves for an order continuing or extending the sentencing hearing set currently for April 21, 2010[1] as well as to extend the Court's due dates remaining in regard its order of January 22, 2010 for good cause.

BACKGROUND

   On November 17, 2009, Springer was ordered to provide all relevant information to the United States Probation Office ("USPO") related to certain specific issues. Springer provided that information.

   On January 22, 2010, an order was entered [Doc. 290] setting in motion a schedule for the sentencing hearing of Springer with certain due dates on certain procedures.

   On January 25, 2010, the Supreme Court docketed Springer's Petition for Writ

_____

[1]The actual date was originally set for April 19, 2010 but this Court changed that to April 21, 2010.

1

of Mandamus regarding orders entered in this case.   The case number assigned remains 09-8701.[2]

The order entered on January 22, 2010 [Doc. 290] requires Springer by March 16, 2010 file any motion for  variance, and by March 30, 2010 for sentencing memorandum, and by April 6, 2010 for exhibit lists and loss amounts.   Springer has religiously complied with this Court's order thus far.

On February 16, 2010, the United States Tax Court entered an order in 3781-09L requiring Springer appeal within 90 days a decision that is contrary to existing tax law.[3]

In an envelope dated February 26, 2010, Todd B. Gollihare mailed by certified mail to Springer a copy of his presentence investigation report (the Gollihare Report") dated February 25, 2010.

On March 3, 2010, Judge Kern issued an opinion and order in 08-278 (N.D. Okla.) deciding issues against Springer and in favor of the United States.

On March 8, 2010, the Supreme Court of the United States entered an order requesting Springer provide certain information and comply with certain rules by March 29, 2010 in 09-8701.   Springer has so complied as the docket therein reflects as of Friday, April 2, 2010.

On March 12, 2010, Springer submitted his objections to the Gollihare Report

---

[2]This case survived the March 5, 2010 conference of the Supreme Court where as countless others did not.

[3]Springer has 90 days to appeal the tax court decision.

2

to Todd Gollihare and Scott Kallenberger.[4]

On March 16, 2010, Judge Kern issued a judgment in favor of the United States in 08-278 without any trial or any answer and which is both contrary to existing laws and the most recent opinions of the Tenth Circuit and Supreme Court.  An order of sale followed.  Exhibit 1.

On March 16, 2010, Springer filed his notice of appeal of Judge Kern's order and judgement and was assigned case number 10-5037.

On March 17, 2010, Springer was ordered to show cause within 10 days, as is customary with the 10th Circuit since its order of May 1, 2007, or hire an attorney to represent him in 10-5037.

On March 19, 2010, Springer moved for a stay of Judge Kern's order with Judge Kern which required Springer to vacate property Springer and his family have lived on for 14 years.  Judge Kern gave Springer till April 15, 2010 to vacate said property absent a stay.  Without a stay being granted Springer would have no other choice but to move his family out of 20 acres and a home.[5]

On March 24, 2010, Todd Gollihare telephoned Springer and requested Springer meet with him to go over Springer's objections to the Gollihare Report.  March 29, 2010

_____

[4]On Friday, February 26, 2010, Todd Gollihare informed Springer that he would not be able to communicate directly with Springer regarding the Gollihare Report after Monday or Tuesday, March 1, 2010 or March 2, 2010, because he was on active national guard duty for two weeks.  He did inform Springer that either Mr. Larry Morris or Mr. Scott Kallenberger were available to Springer during his absence but that he was the most familiar with the report.

[5]Imagine giving the United States Department of Justice an order to  move out of its home with all its records in all the pending cases it has with Springer and relocate to another place within 30 days with only two people while maintaining all procedures in all cases!

was agreed as the day to meet at 10:00 am.

On March 26, 2010, an attorney entered his appearance for Springer in 10-5037.

On March 29, 2010, Springer met with Todd Gollihare from 10:00 till 12:00 and was abruptly directed to leave the building because of some alarm system that went off.

On March 29, 2010, Springer complied with the Supreme Court's order of March 8, 2010 in 09-8701.[6]

On March 30, 2010, the 10th Circuit discharged its show cause on Springer in 10-5037 and directed the appeal to proceed.

Springer has been preparing to move his family for the last two weeks and within the next two weeks per Judge Kern's Order and absent a stay from the Tenth Circuit which should be docketed Tuesday with that Court.[7]

The United States had 14 days to file its opposition to Springer's Stay request and the 14th day was Friday, April 2, 2010.  They filed no such opposition.

1.    Springer is required and cannot provide witness and exhibit list and loss calculations by April 6, 2010 and to be prepared for sentencing on April 21, 2010.

A.    Springer cannot provide an accurate list of those witnesses that are

---

[6]The Supreme Court's order of March 8, 2010, required 9500 pages to satisfy.

[7]One of the main issues in 08-278 is a certified lien release the Secretary presented to Springer releasing on August 23, 2007, any tax liability, including penalties and interest, the Secretary claimed Springer owed from 1990 through 1995.  Springer filed a administrative claim with the Secretary in early 2007.   On August 1, 2008, two attorneys for the Department of Justice convinced a person last named Norman to revoke Springer's over a year old certificate of release without any direction or delegation of authority from the Secretary to do so.  The Secretary also withdrew several other duplicate notice of liens on the same date.

4

available to testify on April 21, 2010 along with an exhibit list and tax
loss calculations by April 6, 2010 nor be prepared for sentencing by April
21, 2010.

Springer cannot find a single case where his objections to the copy of the
proposed preliminary Probation Report and his sentencing memorandum regarding a
final report were due to be filed before the final report was to be submitted to Springer
in order to prepare for sentencing.  The Order of January 22, 2010 is silent on when the
Gollihare Report is to be tendered to Springer otherwise.  Rule 32 simply says 7 days
before the sentencing hearing.  Local rules mirror the Federal Rules and provide for
extensions for good cause.  See Local Criminal Rule 32.1(D)(5) In this very complicated
case 7 days is an unreasonable procedure to follow in light of the objections the
Government has with the report along with the objections Springer has or Stilley has.

In Springer's meeting with Gollihare on March 29, 2010, Springer was informed
he was facing objections by the Government and by both Springer and Stilley.
Springer is unaware of any issue related to Gollihare's report with Stilley.   Springer
was never served with any report on Stilley that Gollihare has made.

Furthermore, Gollihare continually responded to Springer on March 29, 2010
that he would address Springer's issues in his final report as well as those of the
Government and Stilley.

One of the main issues in this case is tax loss.  Another main issue is whether
during the offense time period did Springer counsel others to violate the internal
revenue laws. Although the Gollihare Report tendered to Springer on Tuesday, March

5

2, 2010, proclaimed several issues customarily referred to as "relevant conduct" the phrase "relevant conduct" did not appear a single time in the preliminary report.

Another of the issues is CPAs and other preparers who Springer needs to bring in to testify about how Springer directed tax challenged individuals to them individually to clean up their tax problems if they were unable to find a CPA who would help them. This issue directly relates to tax loss calculations caused by Springer which is in the amount of several million dollars in Springer's favor. Also, if Gollihare chooses to oppose Springer's submission of those fact that Springer will need to subpoena those witnesses to testify at the sentencing hearing as to how much they paid in taxes and the returns they filed as a result of Springer and why they filed them.[8]

This is tax season for most CPAs and they simply would be unable to prepare for Springer's sentencing hearing while making the deadlines for their clients. Most individuals are equally under the tax gun. Many extensions will also be triggered with Springer subpoenaing them and having to prepare them in advance of the hearing. Springer intends to call Nina Williams of Arkansas, Steven Ankeny of Indiana, Tom Shannon of Arizona, Cynthia Hess of Tulsa, and possibly others, depending on what the final report directs to this Court the tax loss to be. 7 days

---

[8]At trial Ms. Hosden and Dr. Pizzino testified they paid taxes and filed their returns after Springer convinced them to file their returns and pay those taxes in the amounts of hundreds of thousands of dollars. This is but one example and both the United States and the Gollihare Report have refused to address these issues while suggesting Springer counseled others to violate the internal revenue laws. Also, there is Mr. Logsden who paid hundreds of thousands of dollars because of Springer. Mr. Simmons same. Mr. Mitchell from Colorado paid over 1 million dollars because of Springer. There is countless others during the relevant period who if not for Springer's direction no taxes would have been paid or returns filed.

simply is not enough time to make that determination in this complex case.

It is unreasonable for Springer to have to subpoena people if those amounts are conceded by the final Gollihare report.[9]

Everyone of the people Springer seeks makes their living preparing taxes in one form or another or is under the tax crunch of April 15, 2010.  Even if Mr. Gollihare's final report is revealed Monday, April 5, 2010, this gives Springer one day to prepare his witness list and tax loss calculations along with exhibits.  Such a requirement violates the most basic right to due process and fundamental fairness in this labeled complex case.  Springer anticipates Mr. Gollihare will exercise the 7 day  before Sentencing under Rule 32.

This is a case that centers around taxes.    The United States is seeking what would amount to a life sentence upon Springer of 238 months in prison.

Springer is trying to maintain his rights under each situation or each case and issue and it is the coordination between tax court and Judge Kern on their orders has caused what little time Springer has after working to be spent either preventing execution of Judge Kern's order and preparing to move at the same time.[10]

The United States has also suggested Springer misled thousands of people about the Paperwork Reduction Act and Form 1040 to which the 10th Circuit labeled a difficult issue between the tax code and PRA in its published decision of August 31,

---

[9]Springer will also need to have assistance from this Court on bringing those in whose tax liability becomes an issue in the final report.

[10]Springer points this out only to demonstrate that the timing of these orders were not something delayed by Springer.

2010.  See  Springer v. C.I.R., 580 F.3d 1142, 1146 (10th Cir. 2009)

Springer is having to also move his entire office which houses literally thousands of documents and exhibits by April 15, 2010, along with the rest of his family and to preserve all the records in all his cases, while also preparing for sentencing on April 21, 2010.  Springer is also having to prepare along with his counsel an appeal to the 10th Circuit in 10-5037.

To organize and box and move and then unload and unbox simply makes it impossible for Springer to either prepare for sentencing by April 21, 2010 or even provide the witness list and exhibits Springer intends to prove by that time.  If Springer was represented by counsel and counsel was being forced to move at the crucial time of preparing for sentencing Springer has little doubt more time would be given to counsel not withstanding the other cases and load presently maintained by Springer.  Springer represents himself but the problem is no different than the example Springer gives above.

This is an extraordinary case where there is three or even possibly four different views converging at a sentencing hearing.  Springer is uncertain at this time as to the position Mr. Gollihare intends to take regarding several issues.

Springer has had to comply with Supreme Court orders by March 29, 2010 (09-8701), Tenth Circuit Orders (10-5037) by March 27, 2010, the orders in this case, an order from Judge Kern (08-278) by April 15, 2010, and in a short amount of time the 10th Circuit will be ruling presumably in Springer's favor in 09-5088 which resides within Judge Frizzell's Court.  Having to move by April 15, 2010 renders it impossible

8

for Springer to be effectively prepared for sentencing in this case on or before April 21, 2010.[11]

CONCLUSION

Therefore, Springer requests this Court enter an order finding good cause to continue the sentencing in this case for at least 60 to no more than 90 days to allow Springer adequately to prepare for the complex issues in this case related to tax loss and relevant conduct, as well as to comply with Judge Kern's Order directing Springer and his family move out of their home by April 15, 2010, and with equal force, both the 10th Circuit's orders in 10-5037 and possibly 09-5088, and the Supreme Court's prospective orders in 09-8701.  Springer also request the April 6, 2010 requirement to provide exhibits lists, witness lists and tax loss calculations be extended at least 21 days after the final report by Mr. Gollihare or until April 26, 2010 in order for Springer to have a good clear understanding of the issues he needs to present to the Court at sentencing in opposition to that report as well as to the Government's theory of life in prison.

Respectfully Submitted

/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

---

[11]Along with each of these Springer has maintained employment per this Court's order of at least 30 hours per week.

9

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's Motion

for Continuance or Extension of Sentencing Hearing for good cause was ecf'd on April

4, 2010 to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley


/s/ Lindsey K. Springer
Signature

10