IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 09-CR-0043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, and | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
|    Defendants. | ) |

## ORDER

Before the court is defendant Springer's Motion for Continuance or Extension of Sentencing Hearing and Other Relief, doc. 322, filed on April 4, 2010. The government has filed a response, doc. no. 323.

By this motion, defendant Springer seeks a continuance of the sentencing in this case for at least 60 days. He also seeks scheduling relief with respect to the court's requirements relating to exhibit lists, witness lists and other matters. Motion, at 9.

The jury returned verdicts of conviction with respect to Mr. Springer on November 16, 2009, more than five months before the date presently set for sentencing in this case. On January 22, 2010, the court entered a scheduling order with respect to sentencing. That order established a detailed scheduling sequence, and was entered with a view to providing, for all concerned, a fair and orderly process leading to fair and orderly sentencing proceedings, now scheduled for April 21, 2010. On March 25, 2010, the court, *sua sponte*, entered an order relieving the defendants from their work or community service requirements, effective as of April 5, 2010, for the purpose of facilitating their preparation for sentencing. *See* doc. no. 316.

According to Mr. Springer's motion, the Presentence Investigation Report with respect to Mr. Springer was mailed on February 26, 2010. Mr. Springer submitted his

objections on March 12, 2010. The government filed its Sentencing Memorandum with respect to Mr. Springer on March 16, 2010. Thus, Mr. Springer has been aware of his "worst case" sentencing exposure, and of the actual and potential sentencing-related issues, at least since March 16, 2010, more than one month prior to the date scheduled for sentencing.

In his motion, Mr. Springer provides information with respect to a number of legal proceedings in which he is involved. It would appear that most, if not all, of these proceedings relate in some way to Mr. Springer's long history as a tax protester. It does appear that events in several of those proceedings are converging in such a way that Mr. Springer will be required to make some choices as to which matters shall have a priority claim on his time and attention in the immediate future. Given the history of this case, viewed in light of the care with which the court has addressed scheduling matters, the court is unimpressed with Mr. Springer's suggestion, in substance, that the sentencing in this case should give way to Mr. Springer's perceived needs with respect to his various civil tax litigation matters.

Another of the principal reasons for which Mr. Springer asserts that the sentencing should be postponed is that he desires to subpoena "CPAs and other preparers who Springer needs to bring in to testify about how Springer directed tax challenged individuals to them individually to clean up their tax problems if they were unable to find a CPA who would help them." Motion, at 6. Mr. Springer asserts that "[t]his issue relates directly to tax loss calculations caused by Springer which is in the amount of several million dollars in Springer's favor." *Id.* It is clear that, in essence, Mr. Springer seeks to reduce the tax loss attributable to him for guidelines purposes by the amount of taxes that other, perhaps more compliant, persons paid to the Internal Revenue Service at his behest. The court rejects this contention (and, consequently, the asserted need to subpoena the relevant witnesses) as a matter of law. The court's determination of the tax loss, for guidelines purposes, resulting from Mr. Springer's

failure to comply with his personal obligations under federal tax law will not be affected by any considerations relating to any taxes purportedly paid by other individuals at Mr. Springer's instance.

It appears from the sentencing memoranda filed by the government and by Mr. Springer that there will be several issues directly relevant to the court's determinations under the advisory sentencing guidelines which will be genuinely in issue in this case. However, it also appears from Mr. Springer's sentencing memorandum and from the motion addressed by this order that Mr. Springer intends to assert, with respect to sentencing, matters which are either precluded by the verdicts in this case or are contrary to law or are irrelevant to the court's determinations under the advisory sentencing guidelines. The court is also reliably informed by the probation officer that some issues initially raised by the Presentence Investigation Report as originally disclosed have been resolved or eliminated. For these reasons, it does not appear to the court that the issues to be resolved at sentencing will be nearly as numerous or complex as may presently be contemplated by Mr. Springer.

Accordingly, having carefully considered Mr. Springer's motion, the court concludes that Mr. Springer's motion for continuance should be, and hereby is, in all respects **DENIED**.

Dated April 5, 2010.

_/s/ SP Friot_
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p064.wpd