IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**FILED**

APR 2 3 2010

Phil Lombardi, Clerk
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
                                                  )
                          Plaintiff,         )
                                                  )
v.                                             )          09-CR-43-SPF
                                                  )
LINDSEY KENT SPRINGER and )
OSCAR STILLEY,                         )
                                                  )
                          Defendants.      )

SPRINGER'S MOTION FOR STAY OF EXECUTION OF SENTENCE AND
RELEASE PENDING APPEAL

Lindsey Kent Springer ("Springer") files his motion for stay of execution of sentence and release pending appeal pursuant to Title 18, Section 3143(b), 3145(c)(exceptional circumstances) Federal Rules of Appellate Procedure Rule 8(1))(A), and Federal Rules of Criminal Procedure 38(b).

BACKGROUND

On May 15, 2009, Springer moved to dismiss each count of the indictment on grounds the "U.S. Individual Income Tax Return" Form 1040 for years 2000 through 2007 violated the Paperwork Reduction Act of 1995 in regard to each request for information form failing to display the information mandated by Congress at Title 44, Section 3506(c)(1)(B)(i-v)(1995) as well as each purported from failed to comply with the certification made pursuant to 5 CFR 1320.8 and 1320.9.    See doc. 53 and 54.

On May 29, 2009, the United States opposed Springer's motion claiming simply the claims by Springer are "frivolous."   See doc. 71, pg. Unnumbered page 6.

In Two Bill of Particulars the United States maintained the Form 1040 is not required to comply with the Paperwork Reduction Act because the filing of the "U.S. Individual Income Tax Returns" alleged as Form 1040s by the Grand Jury is an

1

obligation of Springer mandated by section 6012 and not regulation. See doc. 104, pg. 2[1]

The Court in a minute order denied Springer's Motion without any finding of facts or conclusion of law. See Doc. 100.

Prior to Trial the Court determined Springer could present his good faith claims regarding Form 1040 under the element of willfulness.

During Trial the Court directed the Jury that the Form 1040 did not violate the Paperwork Reduction Act.

Springer moved for a new trial and judgment of acquittal. This Court denied both Motions.

---

[1]The United States writes:

"Counts 2, 3, 5 and 6 of the Indictment each include the phrase "required by law" in reference to Defendant Springer's failure to file a federal income tax return. The filing of income tax returns is mandated by statute. *United States v. Collins*, 920 F.2d 619, 630-31 (10th Cir. 1990); *United States v. Dawes*, 951 F.2d 1189, 1193 (10th Cir. 1991); *United States v. Neff*, 954 F.2d 698, 699-700 (11th Cir. 1992); *United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir. 1991); *United States v. Kerwin*, 945 F.2d 92 (5th Cir. 1991); *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir.1990). The statutes that required Defendant Springer file individual federal income tax returns are as follows:

Title 26, United States Code Section 1 - Tax Imposed;
Title 26, United States Code Section 61 - Gross Income Defined;
Title 26, United States Code Section 63 - Taxable Income Defined;
Title 26, United States Code Section 6011(a) - General Requirement of Return, Statement or List;
Title 26, United States Code Section 6012(a)(1)(A) - Persons Required to Make Returns of Income;
Title 26, United States Code Section 6072(a) - Time for Filing Income Tax Returns;
Title 26, United States Code Section 6091 - Place for Filing Returns or Other Documents; Title 26, United States Code Section 6151 - Time and Place for Paying Tax Shown on Returns; Title 26, United States Code Section 7203 - Willful Failure to File Return, Supply Information or Pay Tax.

In regard to Springer's claims under the Paperwork Reduction Act violations where Springer claims the Court improperly told the fact finder the Form 1040 did not violate the Paperwork Reduction Act, the Court stated:

> Mr. Springer argues that on numerous occasions the court incorrectly advised the jury that IRS Form 1040 did not violate the Paperwork Reduction Act. In this motion, Mr. Springer argues that the PRA was his "complete defense" and that the court improperly advised the jury that Form 1040 complied with the PRA. Assuming that the PRA has any application at all to the offenses charged in this case, the court rejects, as it has done before, Mr. Springer's contention that the Paperwork Reduction Act provides him with a defense in this action. As held in United States v. Dawes, 951 F.2d 1189, 1191-92 (10th Cir. 1991), quoted in Springer v. United States, 447 F.Supp.2d 1235, 1238 (N.D. Okla. 2006), "the requirement to file a tax return is mandated by statute, not by regulation" and "such explicit statutory requirements are not subject to the PRA." The court's statements to the jury regarding the PRA do not require a new trial.

See doc. 293, pg. 6

1.    Request for Release and Stay Execution of Sentence Pending Appeal.

Under title 18, Section 3143(1)(A) requires the Court to make a finding Springer is not likely to flee or pose a danger to the safety of any other person or the community if released.

Springer is not likely to flee. The evidence to this Court is Springer has traveled all over this Country during the past year in relation to several cases pending in the Northern District.  The evidence is clear and convincing Springer poses no risk of fleeing.

Springer has been on release since the indictment was returned and clearly and unmistakably is not likely to pose a danger to the safety of any other person or the community in which he lives.  As reported by the Probation department in their final

report to this Court, Mr. Gollihare states Mr. Kehoe reported Springer was in compliance with all bond conditions.

Turning to Title 18, Section 3143(1)(B), Springer is required to show his appeal which is automatic is not for the purpose of delay and raises substantial questions of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment or a reduced sentence that is less than the time the appellate process will take.

2.      Springer raises issues with the defense provided by Congress under the PRA.

A.      Does the Form 1040 comply with title 44, Section 3506(c)(1)(B) and 3512(1995) for years 2000 through 2007?

B.      Does the PRA apply to criminal charges seeking penalties from Springer inexorably linked to the payment of taxes and the filing of a return under Title 26, Section 6012?

C.      Did the Court erroneously instruct the jury Form 1040 did not violate the PRA during trial?

There is no question but Springer's appeal is not for the purpose of delay. Springer has sought a ruling on the merits of his specific Paperwork Reduction Act violations 5 different times from the district court and Tenth Circuit.

In the Tenth Circuit's Order in 06-5123, that panel held Springer could not raise the public protection on the offense but rather on the defense (complete). This Court cited in its order of January 28, 2010, to Springer v. United States, 447 F.Supp.2d 1235, 1238 (N.D. Okla. 2006) which the Panel in 06-5123 specifically declined the mandate by statute theory cited therein.

4

The Tenth Circuit held in U.S. v. Chisum 502 F.3d 1237,1244 "the PRA precludes the imposition of any penalty against a person for 'failing to comply with a collection of information' if it does not display a valid OMB control number or fails to alert the person he is not required to respond to the collection of information unless it displays a valid control number."   Quoting Section 3512 of Title 44.

The Panel in Chisum held Tax Forms are covered by the PRA.   The defense can be raised at any time.   "But the PRA protects a person only for failing to file information."     Id.

There is no question the Form 1040 is inexorably linked to the payment of taxes.  See U.S. v. Collins, 920 F. 2d, 619, 630 (fn. 13).   There is equally no question the Form 1040 must specifically comply with Title 44, Section 3506 and 5 CFR 1320.8 and 1320.9 which are the regulations promulgated by the Office of Management and Budget.

The Tenth Circuit on August 31, 2009, while this case was pending, published its decision regarding Springer's PRA claims of defense in 08-9004 vs. Commissioner, for 1990 through 1995, by saying Springer "has managed to advance several arguments in this appeal that raise difficult issues under bot the tax code and the PRA."    The Commissioner in that case attempted to argue the same the United States argued in this case when opposing Springer's defense claims under the PRA by saying the claims Springer raised were "frivolous."   The Tenth Circuit published their decision Springer v. CIR, 580 F. 3d 1142, 1144, by finding the Commissioner's claims in this regard were the claims that were frivolous.   The Tenth Circuit stated that they had not ever held

5

Springer's specific PRA claims were frivolous.

As in that case, 580 F. 3d 1142, (2009), Springer raised his defense to the claim he was required to file Form 1040 U.S. Individual Income Tax Returns for 2000 through 2007, in this case, by asserting and showing that the Forms 1040 did not display the mandated information required by Congress under Title 44, Section 3506(c)(1)(b)(i-v) and nor did any of the forms display compliance with 5 CFR 1320.8 and 1320.9. Springer's claims are also supported by the Government Accountability  Office Report in May 2005 finding forms of the IRS do not comply with the PRA.

The United States has never opposed this position.   They only argued the Form 1040 did not have to comply because the obligation to file was mandated by statute. The Tenth Circuit in U.S. v. Dawes, 951 F.2d 1189, 1193 (1991) specifically rejected the statutory origin theory and specifically held the requirement to file a U.S. Individual Income Tax Return Form 1040 was subject to the public protection of the PRA.

That protection provides:

a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information from a federal agency that is subject to this subchapter if — (

1) the collection of information does not display a valid control number assigned by the Director  of the Office of Management and Budget  in accordance with this subchapter; or

(2) the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.

(b) The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto.

See Springer, 580 F.3d at 1143.

Springer is likely to prevail on his PRA claims as clearly the Form 1040 does not

6

comply, and the United States does not argue otherwise, with the requirements of Title 44, Section 3512 and 5 CFR 1320.8 and 1320.9.

Springer is also likely to prevail on the fact no district director exists or internal revenue district regarding venue to file a return in the Northern Judicial District.

Springer is also likely to prevail on whether the definition of gift given by the Court to the Jury violated the expost facto clause of the Constitution as it related to Springer's conduct alleged from 2000 through 2005.

## CONCLUSION

Lindsey Kent Springer respectfully requests this Court stay execution of its sentence on April 23, 2010, and allow Springer to remain released on bond pending appeal based upon having met each of the factors set forth in Title 18, Section 3143(b).

Respectfully Submitted
/s/ Lindsey K. Springer
Lindsey K. Springer
5147 S. Harvard, # 116
Tulsa, Oklahoma 74135
918-748-5539/955-8225(cell)

7

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Lindsey Kent Springer's

Motion for Stay and Release Pending Appeal was ecf'd on April 23, 2010, to:


Kenneth P. Snoke,
Charles O'Reilly,
Oscar Stilley

/s/ Lindsey K. Springer
Signature