IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   09-CR-043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| OSCAR AMOS STILLEY, | ) |
| | ) |
| Defendants. | ) |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT SPRINGER'S AMENDED MOTION FOR RELEASE AND STAY OF EXECUTION OF JUDGEMENT AND FOR BOND PENDING APPEAL (DOC. NO. 359)

The United States of America, by and through its attorneys, Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma and Kenneth P. Snoke, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Defendant Springer's Amended Motion for Stay for Release and Stay of Execution of Judgement and for Bond Pending Appeal[1] (doc. no. 359) (hereinafter doc. no. 359), pursuant to Title 18, United States Code

---

[1] The United States notes that on May 4, 2010, while the instant motion was pending, Defendant filed a 54-page motion for release and stay of execution of judgment and for bond pending appeal with the Tenth Circuit Court of Appeals. *United States v. Springer*, 10-5055 (09-CR-043-SPF), doc. no. 01018415299.

Sections 3143(b) and 3145(c) (exceptional circumstances), Federal Rule of Appellate Procedure 8(1)(A), and Federal Rule of Criminal Procedure 38(b).  At the sentencing hearing, the Court appropriately considered Defendant's assertions, and the statutory requirement of 18 U.S.C. 3143(b) that "[t]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds – (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial." *United States v. Affleck*, 765 F.2d 944, 946 (10th Cir. 1985).  "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous.  It is a 'close' question or one that very well could be decided the other way." *Id.* at 952.  This Court correctly determined that Defendant should be detained.

I.   DEFENDANT IS A FLIGHT RISK AND
     PRESENTS A DANGER TO THE COMMUNITY

On April 23, 2010, the Court sentenced Defendant to fifteen years imprisonment and ordered Defendant detained.  Defendant asserts that his history "clearly and convincingly show Springer is not a flight risk." Doc. no. 359 at 2.  Defendant's self-serving statement not withstanding, the Court already determined otherwise.  In deciding to detain Defendant, the Court found that given the changed circumstances, specifically

the fifteen-year sentence of imprisonment, Defendant could not establish by clear and convincing evidence that he was not a flight risk.  As another district court stated in detaining a defendant convicted of willful failure to file tax returns, "Defendant's situation has changed since sentence was imposed . . ..  Malquist now faces a substantial prison term.  He also refuses to accept the fact that he has violated the law.  Malquist continues to adhere to his belief that he is not, and was not, obligated to file federal income tax returns reporting his financial and tax status to the government." *United States v. Malquist*, 619 F.Supp. 875, 878 (D.Mont. 1985).  Of note is the fact that the defendant in Malquist only faced a term of incarceration of four years.  Defendant faces fifteen years imprisonment.

Defendant also presents a danger to the community.  Defendant's assertions that "[t]he government did not claim springer [sic] is a danger to any person or the community [and] [t]he district Court made no finding Springer was a danger to anyone" (doc. no. 359 at 2) are simply wrong.  The United States' established at trial that Defendant is a danger to the community.  Furthermore, as the Court clearly articulated in sentencing Defendant, and previously explained in fashioning the terms and conditions of Defendant's release pending sentencing, Defendant poses a significant financial threat to the community.  Therefore, Defendant has not, and cannot, establish by clear and convincing evidence that "he is not likely to flee or pose a danger to the safety of any person or the community" if released.

II.  THERE IS NO SUBSTANTIAL QUESTION OF LAW OR FACT LIKELY TO RESULT IN REVERSAL OR AN ORDER FOR A NEW TRIAL

Prior to the Bail Reform Act of 1984 (18 U.S.C.A. § 3143(b)(2)), there was a presumption in favor of releasing persons, convicted of federal crimes, on bail pending appeal and that, if detention were to be ordered, the burden was on the government to show that the appeal was frivolous or taken for delay. *United States v Powell* 761 F.2d 1227 (8th Cir. 1985); *United States v Miller*, 753 F.2d 19 (3$^{d}$ Cir. 1985). Under the present law, however, a court must detain a defendant pending appeal of his conviction unless the defendant shows that the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial. The presumption that the conviction is correct, implicit in the Bail Reform Act of 1984 and particularly in 18 U.S.C.A. § 3143(b)(2), places the burden on the defendant to overcome that presumption. A 'substantial question' "is a 'close' question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d at 952. Defendant's preposterous legal positions to not raise substantial questions of law or fact.

   A.  Defendant's Paperwork Reduction Act Defense Lacks Merit

Defendant continues to obfuscate his good faith defense that he believed his conduct was lawful, which was considered and rejected by the trial jury, with his frivolous legal contention that the Paperwork Reduction Act provides a complete defense

to his fraudulent conduct.[2]  Contrary to Defendant's assertion that he "raises issues that likely decided in his favor will result in dismissal of the charges" (doc. no. 359 at 2), Defendant again will be told in no uncertain terms that the Paperwork Reduction Act does not provide a defense to the crimes with which he was charged: conspiracy to defraud the United States, attempted tax evasion and willful failure to file.  However, it is almost equally certain that Defendant will ignore what the appellate court tells him and find yet another reason why he is justified in his criminal tax fraud.

As stated by the Court, the Form 1040 complies with the Paperwork Reduction Act.  However, whether or not the Form 1040 complies is irrelevant because Defendant's convictions were for conspiracy to defraud the United States, attempted tax evasion and

---

[2]   Defendant asserts that he "made 5 attempts to have the 10th circuit [sic] rule on the merits of Springer's non-frivolous Paperwork Reduction Act claims."  Doc. no. 359 at 3.  However, Defendant has been told that the Paperwork Reduction Act is no defense to his willful failure to file tax returns.  "[I]t is settled law that 'the requirement to file a tax return is mandated by statute, not by regulation' and 'such explicit statutory requirements are not subject to the PRA.'" *Springer v. United States*, 447 F.Supp.2d 1235, 1238 (N.D.OK 2006), quoting *United States v. Dawes*, 951 F.2d 1189, 1191-92 (10th Cir.1991).  Defendant's meritless argument has been rejected repeatedly by the Tax Courts, Federal District Courts and Federal Courts of Appeals.  *See Salberg v. United States*, 969 F.2d 379, 384 (7th Cir.1992) ("Statutes are not subject to the PRA and, as the government points out in its brief, every court that has considered the argument that the regulations and the instruction books promulgated by the IRS are within the scope of the PRA has rejected it."); *United States v. Patridge*, 507 F.3d 1092, 1094 (7th Cir. 2007) ("the obligation to file a tax return stems from 26 U.S.C. §7203, not from any agency's demand.  The Paperwork Reduction Act does not repeal §7203"); *United States v. Dawes*, 951 at 1193 ("Congress enacted the PRA to keep agencies, including the IRS, from deluging the public with needless paperwork. It did not do so to create a loophole in the tax code").

willful failure to file a tax return (not necessarily a Form 1040).  Defendant knew he was required to file tax returns.  Indeed, at sentencing Defendant claimed to have advised numerous individuals that they needed to file tax returns.  Nevertheless, Defendant willfully failed to file a tax return for any year from 2000 through 2007.[3]

B.     Defendant Appropriately Tried and Convicted

Defendant reasserts numerous meritless positions, including his claim that the Honorable District Court Judge Friot did not have authority to preside over the trial.  The Court repeatedly considered and rejected Defendant's arguments, both as untimely and incorrect as a matter of law.  See Order doc. no. 293 at 8-11.

Defendant's other contentions of legal error with respect to the following (among others) have previously been raised by Defendant, and appropriately considered and rejected by the Court:  venue was improper (doc. no. 359 at 16, 17-19); the legal significance of the abolishment of Internal Revenue Districts (doc. no. 359); "none of the claimed offenses of violating the 'internal revenue laws' can be alleged or proven (doc. no. 359 at 15); neither the Internal Revenue Service generally, nor the Special Agent specifically, can perform lawful functions in the Northern District of Oklahoma (doc. no. 359 at 17-18 and 30-32); the indictment fails to state an offense (doc. no. 359 at 19); there

---

[3] The evidence at trial demonstrated Defendant had not filed a federal income tax return from the late 1980's through the date of Defendant's trial.

is no willfulness evidence without a District Director or Internal Revenue District (doc. no. 359 at 20).

These meritless positions have been rejected by the District Court in prior rulings. To the extent Defendant seeks to have these matters relitigated, they may be raised before the appellate court, where they will be similarly rejected.

III.  DEFENDANT'S DETENTION IS APPROPRIATE

As indicated above, Defendant is appropriately detained under Section 3143 of the United States Code.  Title 18, United States Code Section 3145(c) provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.  Defendant has not, and cannot, show exceptional reasons why his detention is inappropriate.

IV.  CONCLUSION

Contrary to Defendant's assertion, he does not meet the factors necessary to be released on bond pending appeal that are set forth in Title 18, United States Code Section 3143(b).  Neither has Defendant clearly shown that there are exceptional reasons why his detention is inappropriate under Title 18 United States Code Section 3145(c).

For the foregoing reasons, the United States requests that the Court deny Defendant's Amended Motion for Release and Stay of Execution of Judgement and for Bond Pending Appeal.

        Respectfully submitted,

        THOMAS SCOTT WOODWARD
        UNITED STATES ATTORNEY

        */s/ Charles A. O'Reilly*
        CHARLES A. O'REILLY, CBA NO. 160980
        Special Assistant United States Attorney
        KENNETH P. SNOKE, OBA NO. 8437
        Assistant United States Attorney
        110 West Seventh Street, Suite 300
        Tulsa, Oklahoma  74119
        (918) 382-2700

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of May 2010, I served the foregoing document by United States Postal Mail, and electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, to the following ECF registrants:

Lindsey Kent Springer
Defendant
c/o David L. Moss Criminal Justice Center
300 N. Denver Ave Tulsa, OK 74103
Inmate Number:  1189797


Oscar Amos Stilley
Defendant
c/o David L. Moss Criminal Justice Center
300 N. Denver Ave Tulsa, OK 74103
Inmate Number:  1189798.


                                              */s Charles A. O'Reilly*
                                              Charles A. O'Reilly
                                              Special Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Springer's Amended Motion for Stay for Release and Stay of Execution of Judgement and for Bond Pending Appeal (doc. no. 339), is denied.

DATED _____

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE