IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER and | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is defendant Springer's Amended Motion for Release and Stay of Execution of Judgment and for Bond Pending Appeal, filed on May 3, 2010 (doc. no. 359). The government has responded to the motion by response filed on May 6, 2010, doc. no. 361.

The defendant has been convicted on all counts in the indictment and has been sentenced to serve a term of 180 months of incarceration. He has timely filed an appeal, and seeks to be released pending appeal. Under these circumstances, as a prerequisite to obtaining the relief sought in the motion, the defendant must establish: (i) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, and (ii) that the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a sentence that would be shorter than time served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b).

Mr. Springer's motion fails on both of the principal prongs of the § 3143 test.

As for flight risk or danger to the community, it is true that the court did permit Mr. Springer to continue on bond pending sentencing. The reasoning underlying that decision was explained at length (with citation of relevant authorities with respect to danger to the

community) at the conclusion of the proceedings on November 16, 2009. The supplemental conditions of release were set forth in the order which was entered on November 17, 2009 (doc. no. 247). At that juncture, post-verdict and pending sentencing, the court concluded that it would be possible to fashion conditions of release which would reasonably assure Mr. Springer's appearance when required and would reasonably minimize the danger to any person or to the community. (The authorities cited by the court at the conclusion of the proceedings on November 16 clearly establish that the concept of danger to the community, for this purpose, includes the risk of financial harm to others.) Accordingly, the court fashioned additional conditions of release to govern Mr. Springer pending sentencing. These additional conditions gave the court a reasonable comfort level, even if just barely, that Mr. Springer would appear as required and would not pose a danger to any person or to the community.

The situation is radically different now. At this point, Mr. Springer is well aware that he faces a substantial period of incarceration, punishment much more severe than the probation for which he apparently believed he could plausibly argue, as he did in his sentencing memorandum. *See* doc. no. 321, filed March 30, 2010, at p. 15.

In permitting Mr. Springer to remain on bond pending sentencing, the court was under no illusions that Mr. Springer is naturally inclined to obey the law. To the contrary, the court's decision to permit Mr. Springer to remain on bond was based entirely on the court's perception of how Mr. Springer would likely calculate the risks and benefits of compliance or noncompliance with his conditions of release (including his obligation to appear before the court as required). The court determined that, under the circumstances existing post-verdict but pre-sentencing, Mr. Springer's calculation of the potential risks versus the potential benefits of flight would cause him to conclude that the alternative of compliance with his conditions, and appearance as required, was more attractive than the alternative of flight (or other noncompliance).

Under the circumstances that now exist, however, the court is far from certain that Mr. Springer's reckoning of the situation would be the same. Bearing in mind that Mr. Springer's calculation would clearly be premised on his uniquely personal assessment of his situation, there is no basis, at this point, for any conclusion, much less a conclusion on the basis of a clear and convincing showing, that Mr. Springer is not a flight risk. The short of the matter is that Mr. Springer is a thoroughly lawless individual who may well now perceive flight to be the more attractive alternative. The court is also convinced that Mr. Springer is unusually resourceful and thus unusually capable of avoiding apprehension.

As for the conjunctive requirement that the court find that Mr. Springer has raised serious legal issues which might result in reversal or other relief of similar import, the court concludes, for the reasons that have been stated by the court on several occasions in addressing Mr. Springer's defenses, that appellate resolution of the legal issues on which Mr. Springer relies is unlikely to result in a grant of relief of the sort contemplated by § 3143(b).

Accordingly, defendant Lindsey Springer's Amended Motion for Release and Stay of Execution of Judgment and for Bond Pending Appeal is, in all things, **DENIED**.

Dated May 7, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p080.wpd