UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

United States of America

v.                                                  09-CR-043

Lindsey Kent Springer

**FILED**
AUG 11 2010
Phil Lombardi, Clerk
U.S. DISTRICT COURT

Motion for Release and Stay of Judgment pending Ruling on Motion for Writ of Coram Nobis and appeal

Lindsey Kent Springer ("Springer") moves this Court for an order staying any further enforcement of the Judgment and commitment order dated April 23, 2010, as docketed April 30, 2010, pending ruling by this Court on Springer's Motion for Writ of Error Coram Nobis and appeal.

### Background

Springer was indicted by a Grand Jury on March 10, 2009 out of the Northern District of Oklahoma. Doc. 2
Springer was arraigned on March 18, 2009. Doc. 14
On March 30, 2009, Springer met again with the Magistrate regarding waiver of Counsel. Doc. 23
On March 31, 2009 the Trial Judge Honorable Stephen P. Friot was assigned to 09-CR-043. Doc. 24
On April 22, 2009 at a Motions hearing Springer was asked a few questions about his choice to proceed pro-se. Doc. 43
On July 2, 2009 Several (10) motions filed by Springer were "denied" without making any

-1-

factual findings essential to the Courts decision. See Fed. R. Cr. Pr. 12(d).

The Trial Court ordered Two Bill of Particulars. The first was docketed on July 14, 2009 while the second was docketed October 19, 2009. Doc. 104, 201

The Pre Trial hearing began on October 21, 2009, with the Trial to begin on October 26, 2009. Doc. 207

Springer attempted to represent himself at Trial.

The Three central issues at Trial were The Paperwork Reduction Act defense (good faith only), the meaning of Gift, and Jurisdiction and venue related to the now abolished Internal Revenue Districts. Willful was at issue.

Also at issue was whether Springer to acts to conceal his income from the authorized agents of the IRS regarding their lawful functions.

Many Trial errors occurred such as failure to comply with Tough Regulations, Springers ability to cross examine witnesses adverse to Springer, Testifying in the narrative, Jury instructions by the Court, Springer calling witnesses to his defense, and generally Springer not being aware of the dangers and disadvantages of a defendant who represents himself who also presents a "good faith defense."

Although the Jury was hung after Two days, after an Allen instruction the Jury found Springer and his co defendant guilty on all charges

On January 28, 2010, Springer learned the Courts position on many issues raised by Springer such as Gift, PRA and Venue.

-2-

On April 23, 2010, Springer was sentenced to 15 years in prison after a three day sentencing hearing.

On April 23, 2010 Springer filed his notice of Appeal and request for release on Bond. This Court denied Springer release based upon the length of sentence.

Between March 10, 2009 till April 23, 2010, Springer was released with conditions such as monitoring, required to be employed in the local community and a curfew. The release prior to November 17, 2009 was much less restrictive. Springer complied with all of this Courts orders and bond conditions.

The Tax Division opposes Springer's appeal and his appellate counsel. While preparing a response to Springer's counsel's conflict issue raised by the Tax Division, Springer learned why the Trial outcome went the way it did.

In July, 2010, Springer filed a Writ of error coram nobis with the Court of Judgment asserting the Judgment and sentence was entered in violation of the Sixth Amendment. Springer filed two briefs with the second primarily in consideration of U.S.A. v. Taylor, 113 F.3d 1136 (10th Cir. 1997) and further clarifying the many dangers and disadvantages Springer encountered before, at trial, and at sentencing, that made the outcome what it was.

On July 16, 2010 the Tax Division in summary fashion opposed Springer's motion asserting the court of Judgment lacked jurisdiction because Springer

-3-

was on direct appeal.

Springer filed his reply and this Motion for Writ of Error Coram Nobis is ripe for consideration.

1. The Tax Division Opposition does not reference where Waiver of Counsel was made voluntarily, knowingly and intelligently by Springer.

The Tax Division requested this Court strike Springer's First and Second brief because they are in total 52 pages handwritten in pencil. Springer did ask for leave to file and the Second brief Springer provided the requisite table of contents and authorities. Springer asserts that both briefs would not exceed 25 pages typed. Springer has not been allowed access to type writing tools.

The Sixth Amendment should not be overruled by a local civil rule. The questions raised by Springer's Motion are "fundamental to insuring the very integrity of the fact finding process." United States v. Dawes, 895 F.2d 1581, 1582 (10th Circuit 1990). The Dawes Court reconsidered its previous ruling in United States v. Dawes 874 F.2d 746, 749 (10th Cir. 1989) and found due to the Supreme Courts decision in Penson v. OHIO, 488 U.S 75, 109 S.CT 346, 102 L.Ed 2d 300 (1988) and its holding in U.S. v. Allen, 895 F.2d 1577 (10th Cir. 1990) that counsel issues were no longer subject to mere harmless error analysis.

-4-

The Supreme Court held the writ of Error Coram Nobis is available to correct errors of the most fundamental character. U.S. v. Morgan, 346 U.S. 502, 512, 74 S.CT 247, 253, 98 L.Ed 248 (1954) (quoting U.S. v. Mayer, 235 U.S. 55, 69, 35 S.CT 16, 19-20, 59 L.Ed 129 (1912). Morgan held the District Court had power under The all writs Act, 28 U.S.C § 1651(a) to issue a writ of error coram nobis. Dawes, 895 F.2d at 1582. The Tenth Circuit also found Title 28, § 2255 is not a bar to Dawes' Motion which was styled as a request for new trial. Id.

The Tenth Circuit held in U.S. v. Padilla, 819 F.2d 952 (10th Cir. 1987) there are two factors to be considered (albeit under the harmless error standard, overruled by Allen and Dawes). First was the choice to proceed without Sixth Amendment Counsel voluntary? Incompetence or unprepared counsel is a dilemma of constitutional magnitude. at 955.

As Springer pointed out, Standby counsel was not Sixth Amendment counsel. Standby was there to serve the pleasure of the Court.

Springer's proceeding was not voluntary. Apparently, voluntary has many meanings. Springer was not made aware of his choices regarding counsel other than a 3 minute conversation prior to arraignment on March 18, 2009.

Mr. Williams withdrew on March 26, 2009, and appointed standby again on March 30, 2009, and apparently on April

-5-

by the Court of Judgment.

The second test was whether Springer knowingly and intelligently waived his right to counsel. Padilla, at 955. The Trial Judge should conduct an inquiry sufficient to establish a defendant's knowledge and understanding of the factors "relevant to his decision to waive counsel." See Sanchez v. Mondragon 852 F.2d 1462, 1465 (10th Cir. 1988)

Springer established "voluntary" means with "eyes wide open." Faretta v. California, 422 U.S. 806, 835, 45 L.Ed 2d 562, 95 S.CT 2525 (Quoting Adams v. U.S. ex rel. McCann, 317 U.S. 269, 279, 87 L.Ed 268, 63 S.CT 236 (1942)

The Trial Court was required to show on the record Springer had a sense of the magnitude of the undertaking and the hazards inherent in self representation for trial. This task was upon the Trial Judge who must bare in mind the strong presumption against waiver. Von Moltke v. Gillies, 332 U.S. 708, 723, 68 S.CT 316, 323, 92 L.Ed 309 (1948)

To be valid the waiver must be made with an apprehension of the nature of the charge, the statutory offenses, including the range of punishments, possible defenses to the charges, and circumstances in mitigation. Von Moltke, 332 U.S. at 723-24, 68 S.CT at 323.

A Judge is to make certain the waiver is "understanding and wisely made only from penetrating and comprehensive examination of all the circumstances

-6-

under which such plea is tendered." Id. See also Allen, at 1578. The Tenth Circuit has reiterated that the factors articulated must be conveyed to the defendant by the Trial Judge and must appear on the record. Padilla, at 956-57, Allen, 1578

"The inquiry mandated by Padilla must occur at a pretrial hearing, so that if the defendant decides not to waive his right to counsel, he will have a meaningful opportunity to exercise it." Allen, at 1578

The Tax Division made no claim Springer made his decision to proceed voluntarily. All they ask is this Court deny the Motion.

There is no record to point to because none of the factors were discussed. Although Springer has not seen the transcripts yet, as he has no way to proof PDFs, Springer is certain he never discussed the danger of cross examining witness adverse to Springer with the Trial Court.

Springer never discussed dangers or disadvantages whatsoever with the Trial Court. There was no comprehensive and penetrating exchange between Springer and the Trial Court. In fact, other than Rule 17 hearing before trial regarding Subpoenas, Springer never met with the Trial Court outside the presence of the Tax Division and the case agents regarding any such required discussions. Surely, if such a penetrating discussion

-7-

was to take place it would take place outside the presence of the Tax Division and their case agents. The Tax Division cannot point to a single such hearing and that is why they make no substantive argument in opposition.

Springer's proceeding without Sixth Amendment Counsel was not knowingly and intelligently made. The benefits must be "relinquished." Faretta, 422 U.S. at 835. It is not neccessary to have the skill and experience of a lawyer in order to competently and intelligently choose self representation he should be made aware of the dangers and disadvantages of self representation. This is so the record is clear he knows what he is doing. Faretta, at 835

Athough the Trial Judge in Sanchez did more than the Trial Judge in Padilla, the inquiry was none the less insufficient. Sanchez, 1469. Padilla was experienced with criminal justice system and was aware of most, if not all of the information, that the Court was required to provide. The Trial Court did not fulfill its obligation to ensure the defendant was fully aware of all the requisite information. Padilla, 819 F.2d at 958-59. The evidence of defendants knowledge of relevant considerations must be in the record. Sanchez, at 1467 Quoting U.S. v. Gipson, 693 F.2d 109, 112 (10th 1982).

The Tax Division does not identify

-8-

any place in the record where any requisite information was provided.

2. Trial Court did not comply with Sixth Amendment and Judgment must be vacated with sentence.

The Dawes Court explained the only remedy when a Judgment is entered in violation of the Sixth Amendment is vacate the Judgment and sentence. United States v. Dawes 895 F.2d 1581, 1582 (10th Cir. 1990); See United States v. Allen, 895 F.2d 1577 (10th Cir. 1990)

In United States v. Taylor, 113 F.3d 1136, 1142, (10th Cir. 1997) Taylor was not stubborn as Mr Willie was. See United State v. Willie, 941 F.2d 1384, 1390 (10th Cir. 1991) In light of the strong presumption against waiver, See Padilla, 819 F.2d at 956, and the difference in the facts presented by Springer to those of both Willie and United States v. Turner, 287 F.3d at 984, a violation occurred.

Both Willie and Turner were repeatedly urged with pleas by the District Court to retain Counsel. Turner at 984 Springer's motions filed resulting in one word denied's.

Springer had no clue how the trial Court was going to define "gift," even though Springer moved to dismiss based upon the meaning or lack thereof. See Doc 55, 56. The Courts order told Springer nothing. Doc 100.

Springer moved to dismiss on Jurisdiction and venue, Doc 51, 52, 57, 58, 61, 62, 63, 64 to which the Trial Judge gave not a hint as to its findings or conclusions for denial. Doc. 100.

Springer moved to dismiss on ground PRA rendered charges subject to dismissal to which the Trial Court gave no reasons for denying Springers Motions See Doc. 100

Springer was never told by the Trial Court witness called by Springer in this tax case required compliance with Touhy until just prior to trial. See Doc 191. It was too late. The Tax Division used Touhy in a civil case, 08-cv-278 to which the Court in that case required compliance without Touhy protection. Why Springer would have thought the Sixth Amendment required compliance with Touhy simply boggles logic.

Springer was never told about dangers and disadvantages of self representing. For instance, Springer was not aware of a pro-se defendant cross examining an adverse government witness or the problem inherent with testifying in a narrative. Springer was not told until pretrial on October 21, 2009, what form of defense Springer was being allowed to present to the Jury. This was 3 working days before trial.

Springer was not aware of the disadvantages of having standby counsel and its appearance before the Jury and to the Jury.

Springer was not aware of how to

testify in a narrative or how to enter exhibits. And then the trial court limited Springer to about an hour on his good faith defense on the PRA.

Springer was not aware of the dangers of applying local civil rules to pleadings or how to present his challenges to the evidence. Springer was not aware of how to present to the Jury the testimony by some witnesses accompanied heavy reductions in sentencing or taxes, fines, and restitution.

Sentencing was so confusing Springer was never explained the dangers or disadvantages of proceeding pro se.

The Tax Division fails to rebut any of these and other claims Springer describes in his Two Brief.

The most compelling is where is the record of any exchange between the trial Judge and Springer. It would need to be ex parte or in camera and outside the presence of the government. Why would the trial court have a discussion with Springer about dangers, disadvantages, statutory exchanges, and discussions about defenses, in the presence of the Tax Division and its Case Agent? If that had happened such conduct itself would transgress the Sixth Amendment.

Springer is not suggesting this ever happened because it did not. The reason is to show why the Tax Division points to no record in support of its denial and strike claims

-11-

3. Springer should be released pending ruling on his Motion for Writ of Error Coram Nobis.

In Dawes, the Tenth Circuit, after affirming their convictions on direct appeal, construed there motion for a new trial as a Motion for Writ of Error Coram Nobis. Dawes, 895 F.2d at 1581. After changing the standard of review, the Tenth Circuit reversed, remanded and ordered the imediate release of both Daweses, at 1582. This was because a waiver of a Constitutional Right must be voluntarily, knowingly and intelligently waived. Springer acknowledges the Tenth Circuit held their remand did not prevent retrial.

Conclusion

Lindsey Kent Springer respectfully request an order directing his imediate release from custody of the Bureau of Prisons pending resolution of his Motion for Writ of Error Coram Nobis. Alternatively, Springer request he be placed on Bond Conditions suitable to the Trial Court and Probation Office. In the event this request crosses paths with an order in this case, Springer request a release on bond conditions pending appeal of such order to the Tenth Circuit. Otherwise Springer request an imediate hearing under Title 18, § 3142 and 3143 with counsel.

Respectfully Submitted

*Lindsey Springer* (signature)
Lindsey Kent Springer
02580-063
B16-FCI
1900 Simler Ave
Big Springs TX 79720

Certificate of Service

I hereby certify that Springer's Motion for Release Pending Resolution of his Motion for Writ of Error Coram Nobis was placed in U.S. Mail at Big Springs FCI and mailed to Court Clerk 333 W. 4th St, Tulsa, Oklahoma 74103. Furthermore, I certify all parties to this case will receive this pleading electronically through the court's ecf system.

Charles O'Reilly
Oscar Stilley

8.5.10
date

*Lindsey Springer* (signature)
Server

-13-