In the United States District Court
For The Northern District of Oklahoma
United States of America

v.

Lindsey Kent Springer

09-CR-043

FILED
NOV 1 2010
Phil Lombardi, Clerk
U.S. DISTRICT COURT

Memorandum In Support of Motion For Release Pending Appeal or For Consideration

I Springer is Likely to prevail on Appeal on the issue that his waiver of counsel was not voluntarily, knowingly, and intelligently made ..... 1

  (1) Conviction and Sentence without waiver of Sixth Amendment Counsel ..... 5

    A. Government Claim of Waiver ..... 5

    B. Waiver Analysis ..... 6

    C. Voluntary ..... 6

    D Knowingly and Intelligently ..... 10

      I Knowingly ..... 10

      II Dangers ..... 10

      III Disadvantages ..... 11

      IV Hazards ..... 11

      V Apprehension of nature of charges ..... 12

      VI Statutory Offense ..... 13

Springer was not represented at Trial by Sixth Amendment Counsel. Springer is sorry for this issue but it is apparent Springer's Right has been violated. It is also apparent from the Transcripts that this Court's decision on Suppression likely will be reversed on Appeal.

1. Springer is likely to prevail on Appeal on the issue that his waiver of Counsel was not voluntary, knowingly, and intelligently made.

Springer will briefly cover the relevant history of the case. Indictment was returned on March 10, 2009. Doc 2. Springer appeared by electronic Summons March 18, 2009. Doc 14. Springer filed pre arraignment Bill of Particulars and Motion to make Fifth Amendment proffer. Honorable Judge James H. Payne was assigned and recused prior to arraignment. Doc 9. Petitioner met with Mr. Drew before arraignment. Doc 403. Bond conditions were set. Mr. Williams was appointed for arraignment only. Doc 11. On March 24, 2009, Mr. Williams moved to withdraw. Doc 24. Springer was arraigned. On March 30, 2009, Honorable Magistrate Cleary held a hearing to determine Petitioners intentions regarding representation. On March 30, 2009, Mr. Williams was appointed Stand by Counsel. On April 22, 2009, this Court held a hearing with Springer. After a short exchange Springer was found by the Court to have waived his Sixth Amendment right to Counsel. Doc 382, pg 4-26.

1

nine (9) code sections. After this court denied Springer's request for a Bill of Particulars on "regulations" the Prosecution team filed its trial brief repeatedly using the term regulations. Springer moved for reconsideration, doc. 138, to which this court granted. Doc. 184, 192. Seven days before trial, the Prosecution tendered eight regulations and the Grand Jury Transcript of Judith R. Patterson. Doc. 201, 224, 252, 293

A pretrial conference was held on October 21, 2009, just two days after Springer returned from the Wiggins deposition. This is the first time defenses were discussed and the only discussion was whether Springer could defeat a Motion in Limine. Doc. 384, 58-62. (They're just not taking the hint are they)(Ln 9-10) and 62-64.

It wasn't till November 4, 2009, the Trial Court inquired of Springer's allowed good faith defense on the P.R.A. Doc. 392, 1886-1914.

Trial began on October 26, 2009. Springer represented himself and relied heavily on Stand by counsel. Doc 418. The Jury found Springer guilty on November 16, 2009 This court informed Springer for the first time that it would instruct the Jury Form 1040 did not violate the PRA on November 4, 2009, as Springer geared up to present a good faith defense. Doc. 392, 1949, 16-18

The trial court denied all post trial motions. Springer was sentenced on April 23, 2010 to 180 months in Prison and ordered to pay restitution of

3

### (1) Conviction and Sentence is without Waiver of Sixth Amendment Counsel

Springer did not voluntarily, knowingly, and intentionally, waive his right to Sixth Amendment Counsel. Springer is not an attorney and his education level is 12th grade. Doc 382, pg 21, line 20. The right to counsel is required to be honored by the Sixth Amendment. See U.S. v. Dawes, 895 F.2d 1581, 1582 (10th Cir. 1990); citing U.S. v. Allen, 895 F.2d 1577 (10th Cir. 1990); Penson v. Ohio, 488 U.S. 75, 109 S.Ct 346, 102 L.Ed 300 (1988) There are two factors the trial court must consider in overcoming the presumption against waiver. See U.S. v. Padilla 819 F.2d 952 (10th Cir. 1987)

First, was the choice to proceed without Sixth Amendment Counsel voluntary. Second, was the waiver knowingly and intentionally made. Sanchez v. Mondragon, 858 F.2d 1462, 1465 (10th Cir. 1988); Padila, 819 F.2d at 959. A defendant left without counsel is not subject to harmless error analysis. Allen, 895 F.2d at 1580

"The right to counsel is fundamental to insuring the very integrity of the fact finding process." Dawes, 895 F.2d at 1581 The trial Court stated its power to accept or reject a waiver of counsel was its "inherent power." Doc 114, p. 25, Ln 25

### A. Government Claim of Waiver

Springer does not need remind the Court of the strong presumption against waiver from the beginning. Von Moltke v. Gillies 332 U.S. 708, 723, 68 S.Ct 316, 323, 92 L.Ed 309 (1948) The Government has not overcome

5

30, 2009, Mr. Williams was assigned to be Stand by counsel for the pleasure of the Court. Doc 26. Springer was never even approved for the appointment of counsel. Springer had issues with disclosing information on a affidavit that could be possibly used against him. Springer described this as the "Sticking point" to the Trial Judge. Doc. 382, pg 6, line 6-16.

Springer contends the trial court was required to ask, and did not, why Springer was choosing to proceed without Sixth Amendment counsel. The test must be satisfied by the April 22, 2009 record when Mr. Williams had been Stand by counsel for 19 days. No proper questions, examination, and inquiry occurred.

There is no discussion about Springer's choice to proceed pro-se, or his objections to the prospective appointment of counsel. Speculation is not an option. No attempt was made to give Springer Counsel. Padilla, 819 F.2d at 956-57; Von Moltke 322 US at 723.24. The Trial Court had affirmed Stand by Counsel before the supplemental colloquy." Doc 114, pg 6, LN 8-10.

Springer asserted that he watched as probation officer Randall Drew sought Someone to standby Springer at arraignment an no attorney volunteered. Doc 403, pg 13, para. 37 Springer met with Williams for 3 minutes prior to arraignment. Doc 403, pg 2, para. 9. Springer contends there is no record, in the Sixth Amendment sense, showing Springer voluntarily waived his right to trial counsel or appointed counsel.

9

dangers and disadvantages. Doc 382, pg. 4-26. Springer contends #3 is a possible danger. Doc 382, pg 8, line 21-23

Certainly, this is not the dangers associated with risks of self-representation in a criminal trial contemplated in Von Moltke. Springer's risk was believing he could not complete the affidavit prior to counsel being appointed. Doc 382, pg 14, line 6-7. Although the financial status of Springer was brought up repeatedly, the Trial Court never addressed it either on or off the record. Springer was offered no other choice.

### III Disadvantages.

Springer contends the Trial Judge did not ever inform Springer of any disadvantages to self representation. Although the Trial Judge articulated a few "advantages" to having a lawyer, Springer contends advantages of having an attorney does nothing to convey on the record any disadvantages to proceeding pro se or electing to self represent that may occur at any stage of the criminal proceeding.

Although the Trial Court asked Springer if he understood the "dangers and disadvantages" or "advantages and disadvantages," Doc 382, pg 24, line 2, 3-19, 20, it is obvious Petitioner did not because no disadvantage was communicated to Springer by the Trial Court. This shows lack of understanding of Springer.

### Hazards

There is no record where the hazards of self-representation were conveyed to Springer. It

### III   Statutory Offense

Springer can read and write. However, just reading Title 18, USC § 371, Title 26 § 7201 and § 7203 does not satisfy apprehension of the offenses. Among others, Springer sought the meaning of "defraud," "lawful function" and "required by law." Doc 8, 81 Both on March 18, 2009 and June 15, 2009.

The Prosecution Team had provided the elements to Count one on May 29, 2009 stating the first to Count One was that Springer and Stilley agreed to "violate the law." Doc 71, pg 11; Doc 383, 104, 16-25; Doc 383, 105, 1-17 The Prosecution opposed a Bill of Particulars, Doc 97, pg 4. The Trial Court ordered Two Bill of Particulars on July 2, 2009, and October 13, 2009. Doc. 100, 184, 192. The Trial Court never examined Springer as to his apprehension or comprehension of the Statutory offenses. None of the Statutory offenses track the language of any Statute. The Trial Court never discussed with Springer the elements of each of the Six Counts to see what Springer's knowledge or understanding was as to those elements. Even as of July 2, 2009, the Trial Court was asking the "Prosecution Team";

"What provisions should I be looking at here." Doc 383, pg 125, ln 11-21

### VII   Range of Punishment.

Springer was told he was looking at 22 years in prison. Doc 382, pg 24, ln. 9-13

13

on subpoenas, civil rules application, the meaning of gift, venue, jurisdiction, or how to testify in a narrative as to a good faith defense. Springer was unaware that Touhy regulations applied to Government witnesses in a Sixth Amendment Trial.

Simply telling Springer denied and burying limited findings in a transcript certainly was not proper due to Springer's financial condition.

Telling Petitioner for the first time in the middle of Trial that the Court found Form 1040 did not violate the PRA was certainly something the Trial Court should have ensured Springer was aware of before Springer presented or shaped his defenses. A discussion on this issue should have been made before the plea waiver was accepted.

Springer had no Sixth Amendment "Magnitude of the undertaking."

## XI   Examination of Petitioner

No penetrating examination took place between Petitioner and the Court. Springer sought to make a fifth amendment proffer in camera to which the Court denied. Doc 43 The Trial Judge never sought Springer's knowledge of the Trial process. Von Moltk, 332 US at 723. No comprehensive examination of all the circumstances under which the waiver was premised appears in the record. See Allen, 895 F.2d at 1578; Padilla, 819 F.2d 956-57 Evidence of Springer's knowledge must be in the record.

15

To the contrary, Springer used the services of Standby counsel repeatedly and often. Doc. 418. Springer at times was getting conflicting views from Standby Counsel. Doc. 396

This Court directed on April 22, 2009

"IF I conclude that your understanding of these Charges is fatally deficient, then I'm not going to let you represent yourself." Doc. 382, pg 18, ln. 14-17.

The Court also stated that

"If I appoint counsel for you, if you otherwise qualify, that counsel would represent you at the expense of th Government." Doc 382, pg 23, ln. 11-15

This Court also stated that the advice needed by Springer enabled Springer to reduce the likelihood that "their" self representation would make a difficult legal and factual situation much worse. Doc 418

It was more than difficult to decide whether to listen to Mr Burton's advice or Mr. Williams advice. Doc. 396, 2673, 12-13 (over instructions booklets); pg 2738, 11-15 ("Standby counsel has tried to confer with these parties") Mr. Burton was Standby Counsel for Stilley yet spoke to the Court about both Springer and Stilley. Doc. 420, pg 15; Doc. 382, pg 4, ln 3

Springer was 44 years old and twelfth grade educated at the time of trial.

17

## (A) Flight Risk

This Court previously said that because of the 180 month sentence imposed it was no longer clearly convinced Springer would not flee. Doc. 363, 377

The Sixth Amendment is fundamental to the Fact Finding Process. Dawes 895, F.2d at 1581. The Sentence is based upon Springer not voluntarily, knowingly, and intentionally waiving his right to Counsel. Prior to Sentencing this Court allowed Springer to remain at liberty, being convinced Springer was not a risk of flight, nor a danger to the community.

Springer's entire family lives in the Tulsa area, save his brother in Oklahoma City and Dad within 80 miles outside of Tulsa. Springer's Mother (73), Sister (51), Brother (52) a. one child live in Tulsa. Springer has two Children in Sapulpa (15, 17) and a Son in Bixby (21).

Springer has never had a passport. Springer is capable of obtaining employment if released. Springer has all but lost his marriage of 7 years do to incarceration but can live with is son.

Springer obeyed every order of this Court since this case began. Springer also is and was maintaining several cases in The Northern District. Springer's sister owns a business for 30 years in Tulsa and employs 25 people full time.

Prior to incarceration Springer maintained a job making $2600 per month. This would allow Springer to get caught up on child support and complete his divorce that was

19

Respectfully Submitted

*/s/ Lindsey K Springer*
# 02580-063
BIG FCI
1900 Simler Ave
Big Springs TX 79720

## Conclusion

I hereby certify that I mailed Springers Motion for Release and Brief in Support to the Office of the Clerk, 333 W 4th St, Tulsa, Oklahoma 74103.

I further certify that all parties receive service of process through this Courts ECF System.

Charles A. O'Reilly
Oscar Stilley

October 26, 2010              

21