initial seizure nor began another," *id.*, and it did not "equate to a 'seizure' within the meaning of the Fourth Amendment," *id.* at 471.

Likewise, in *Wagner v. Higgins*, 754 F.2d 186, 187 (6th Cir. 1985), the plaintiff filed a § 1983 action asserting that after he was arrested and his automobile was impounded, police officials stole personal property from the automobile in violation of his Fourth and Fourteenth Amendment rights. Noting that the plaintiff did not challenge his arrest or the impoundment of his vehicle as violating the Fourth Amendment, the Sixth Circuit determined that there was no Fourth Amendment violation for the inventory search. *Id.* at 189-90. Further, the court held that after *Parratt v. Taylor*, 451 U.S. 527 (1981), the plaintiff did not state a claim for relief under the Fourteenth Amendment and could seek return of the property under state conversion law. *Wagner*, 754 F.3d at 187, 191-92.[6]

---

[6] Case law decided after September 2005 also does not clearly establish a Fourth Amendment violation. In *Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009), the Eleventh Circuit declined to hold that the retention of legally seized property violated the Fourth Amendment. Instead, the court decided that failure to return items presented a Fourteenth Amendment due process claim. *Id.*

In *Ali v. Ramsdell*, 423 F.3d 810, 811-12 (8th Cir. 2005), the plaintiff, proceeding under § 1983, alleged that her Fourth Amendment rights were violated when a police officer executing a search warrant seized money during the search and converted it to his own use. The Eighth Circuit expressed "considerable doubt whether an allegation that property appropriately seized in executing a valid search warrant but not inventoried and stored in the manner required by state law even states a claim under the Fourth Amendment." *Id.* at 814. Rather, the court determined that the plaintiff's Fourth Amendment claim was properly dismissed because it was "barred by the availability of an adequate remedy under
(continued...)

App. 20

In comparison, the Fourth Circuit, in an unpublished case, determined that a theft of property constitutes a Fourth Amendment violation. In *Mom's Inc. v. Willman*, 109 F. App'x 629, 636-37 (4th Cir. 2004) (per curiam), the court held that the Fourth Amendment protected against the theft of a watch because the theft by the federal agents extended the seizure beyond its lawful duration. The court, however, also held that "those rights were not clearly established when the theft allegedly occurred." *Id.* at 636. Thus, the court determined that the federal agents were entitled to qualified immunity. *Id.* at 637.

Given the disparity in the law, we conclude that it was not clearly established at the time of the search that the agents' alleged conduct of stealing money after it was lawfully seized pursuant to a valid search warrant violated the Fourth Amendment. Accordingly, we must also conclude that the agents were entitled to qualified immunity. We reverse the district court's denial of qualified immunity, and remand for the court to enter judgment in favor of the agents.

## FIFTH AMENDMENT VIOLATION

The agents argue that Mr. Springer's arguments are more appropriately characterized as a Fifth Amendment claim for deprivation of property without due process. As they recognize, however, and as Mr. Springer emphasizes, he did not assert a Fifth Amendment claim. We therefore will not address one.

---

<sup>6</sup>(...continued)
state law." *Id.* at 814-15 (relying on *Hudson v. Palmer*, 468 U.S. 517 (1984)).

## CONCLUSION

The judgment of the district court is REVERSED, and the case is REMANDED to the district court for further proceedings consistent with this decision. Mr. Springer's motions to dismiss and for sanctions are DENIED.

Entered for the Court

David M. Ebel
Circuit Judge

**FILED**
United States Court of Appeals
Tenth Circuit

October 15, 2010

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

LINDSEY K. SPRINGER,

　　Plaintiff-Appellee,

v.

CHRISTOPHER D. ALBIN; JASON C. WHITE; DONALD A. ANDERSON; MARC K. COLLINS; KATHY L. BECKNER; DONALD G. SHOEMAKE; BRIAN SHERN; WILLIAM R. TAYLOR; SCOTT A. WELLS; DIANA S. MEGLI; LOY DEAN SMITH,

　　Defendants-Appellants.

No. 09-5088
(D.C. No. 4:06-CV-00156-GKF-FHM)
(N.D. Okla.)

---

## ORDER

---

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

This matter is before the court on Appellee's petition for rehearing with suggestion for rehearing en banc. The petition for panel rehearing is granted solely to clarify on pages 13, 15, and 18 that the agents were executing a valid search warrant at the time the lawfully seized money allegedly was stolen. In all other respects, panel rehearing is denied. The panel's original order and judgment is withdrawn, and a revised order and judgment is attached to this order.

App. 23 

The suggestion for rehearing en banc was transmitted to all of the judges of the court who are in regular active service as required by Fed. R. App. P. 35. As no member of the panel and no judge in regular active service on the court requested that the court be polled, the suggestion is denied.

                              Entered for the Court,

                              ELISABETH A. SHUMAKER, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDSEY K. SPRINGER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 4:06-cv-00156-GKF-FHM |
| ) | |
| DOUGLAS HORN, *et. al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO SPRINGER'S MOTION TO RECONSIDER
DISMISSAL ON SUMMARY JUDGMENT GROUNDS DUE TO MATERIAL FALSE
STATEMENTS**

Plaintiff, Lindsey K. Springer, moves this Court to reconsider its orders finding that two Assistant United States Attorneys ("AUSAs") and 11 IRS Special Agents are immune from suit in this purported *Bivens* action. (Doc. # 205). This Court directed the defendants to respond to Springer's motion by February 8, 2011. (Doc. # 207). Springer argues that the defendants could not investigate and prosecute him for tax offenses because the Secretary of the Treasury did not authorize them to do so. Springer's arguments are frivolous and his motion should be denied.

**I. Statement of Facts**

Springer's lawsuit stems from the 2005 execution of a search warrant at his residence as part of an investigation into his tax activities. *See Springer v. Albin*, 2010 WL 4027821 (10th Cir., Oct. 15, 2010) (reciting the facts of this action). In November 2009, a jury found Springer guilty of six tax-related counts of tax evasion, conspiracy to defraud the United States, and failure to file a tax return. *See United States v. Springer*, Case No. 4:09-cr-00043-SPF (N.D. Okla.), Jury Verdict (Doc. # 245, Nov. 16, 2009), Judgment (Doc. # 337, Apr. 28, 2010). As he argues here, Springer argued in his criminal case that the AUSA and Justice Department attorney

6414149.1

App. 25

prosecuting him (as well as an IRS agent) had no authority to take any action outside the District of Columbia. *See Id.*, Motion for New Trial (Doc. # 262, Dec. 8, 2009). In his criminal case, Judge Friot rejected Springer's argument on the merits in addition to the fact that he untimely raised the issue. *See Id.*, Order (Doc. # 293, Jan. 28, 2010).

Springer brought this action on March 14, 2006, against two AUSAs and 11 IRS Special Agents. (Doc. # 2). On November 25, 2008, the Court granted the defendant AUSAs' motion for summary judgment, finding that the AUSAs were immune from suit on the basis of prosecutorial immunity (for AUSAs Horn and Nelson) and qualified immunity (for AUSA Nelson).[1] (Doc. # 150). The Court denied the defendant IRS agents' motion for summary judgment and subsequent motion to amend judgment under Fed. R. Civ. P. 59(e). (Docs. # 172, 185). The defendant IRS agents timely appealed. *Albin*, 2010 WL 4027821 at *3-5.

The Court of Appeals held "that there was no clearly established law holding that a theft of money during the execution of a valid search warrant violates the Fourth Amendment." *Albin*, 2010 WL 4027821 at *6. Accordingly, the Court of Appeals held that the defendant agents were entitled to qualified immunity from suit and remanded the case back to this Court to enter judgment in favor of the defendant agents. *Id.* at *8. Following the Court of Appeals' mandate, this Court entered a final judgment in favor of all of the defendants on December 20, 2010. (Doc. # 206).

---

[1] Springer filed a motion to reconsider the Court's order granting summary judgment to the AUSAs on December 5, 2008, which the Court denied three days later. (Doc. # 152, 153).

App. 26

## II. Argument

As an initial matter, Springer fails to address how this Court could reconsider its judgment in favor of the defendant IRS agents. The Court of Appeals "remand[ed] for the court to enter judgment in favor of the agents." *Albin*, 2010 WL 4027821 at *8. The "mandate rule" requires a lower court to "comply strictly with the mandate rendered by the reviewing court." *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America*, 962 F.2d 1528, 1534 (10th Cir. 1992); *see also Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001). The Court of Appeals' mandate required judgment in favor of the defendant IRS agents, and this Court is not free, absent an "extraordinary situation," to alter the judgment mandated by the Court of Appeals. *Colorado Interstate Gas*, 962 F.2d at 1534. Given that his arguments have already been rejected by the judge in his criminal case, Springer has failed to demonstrate any circumstance, much less an extraordinary situation, to disturb the Court of Appeals' mandate.

Springer's argument also fails on the merits. Springer contends that the AUSAs and IRS agents are not delegates of the Secretary of Treasury and that they cannot exercise any authority outside the District of Columbia. Springer's argument is frivolous and should be summarily denied. *See United States v. Dawes*, 161 Fed. Appx. 742, 746 (10th Cir. 2005) (unpublished) (holding that similar argument was frivolous and not meriting further comment, citing *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990)). The Justice Department is the agency responsible for conducting criminal trials on behalf of the United States. 28 U.S.C. §§ 515, 516. Moreover, the United States Attorneys for each district are responsible for prosecuting "all offenses against the United States", which includes federal tax offenses. 28 U.S.C. § 547(1). Last, IRS Special Agents are authorized to execute search warrants. 26 U.S.C. § 7608(b).

Springer's contention that these government officials cannot operate outside the District of Columbia is plainly false.

### III. Conclusion

Springer is attempting to use this motion to litigate issues he knows to be without merit. The Court should not condone Springer's attempt and consequently, his motion for reconsideration should be denied.

Dated: January 25, 2011.

Respectfully submitted,

THOMAS SCOTT WOODWARD
United States Attorney

/s/ *James C. Strong*
ROBERT D. METCALFE   DC# 423163
JAMES C. STRONG    ID # 7428
U.S. Department of Justice, Tax Division
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6525
          (202) 514-9953
Email: robert.d.metcalfe@usdoj.gov
       james.c.strong@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing **DEFENDANTS' RESPONSE TO SPRINGER'S MOTION TO RECONSIDER DISMISSAL ON SUMMARY JUDGMENT GROUNDS DUE TO MATERIAL FALSE STATEMENTS** was filed with the Clerk of the Court electronically today, January 25, 2011, such that a service copy was sent by way of the electronic filing system to all parties who have arranged for electronic service of filings. The foregoing has also been served on the non-CM/ECF participants in this civil action by mailing a true and correct copy thereof by first-class mail, postage prepaid, to the following:

Lindsey K. Springer, individually and as Co-Trustee of the S.L.C.A. Family Trust
Inmate # 02580-063
FCI-Big Springs
1900 Simler Avenue
Big Springs, TX 79720

s/ James C. Strong
JAMES C. STRONG
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9953

5

6414149.1

APP 29

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OKLAHOMA

LINDSEY K. SPRINGER, )
)
Plaintiff, )
)
vs. ) Case No. 06-CV-156-GKF-FHM
)
DOUGLAS HORN, Individually; )
MELODY NOBLE NELSON, )
Individually; BRIAN SHERN, )
Individually; and 10 Unknown Agents )
of the Internal Revenue Service, )
Individually; and Others Unknown, )
Individually, )
)
Defendants. )

## DECLARATION OF IRS SPECIAL AGENT BRIAN SHERN

I, BRIAN SHERN, declare that:

1. I am a duly commissioned Special Agent with the Criminal Investigation Division of the Internal Revenue Service with post of duty in Tulsa, Oklahoma. I have been a Special Agent since February 11, 2005.

2. This Declaration is being executed in support of the individual federal defendants' motion for summary judgment in the above-captioned civil action. I am one of the defendants in this civil action.

3. Except where specifically noted to the contrary, I have personal knowledge of the facts set forth in this Declaration, and, if called upon to testify to said facts, could do so competently.

4. As a Special Agent with the Internal Revenue Service – Criminal Investigation, I have the authority to perform all duties conferred upon such officers

APP. 30

2878673.1

under all laws and regulations administered by the Internal Revenue Service, including the authority to investigate, execute and serve search warrants and arrest warrants, make arrests without warrant, carry firearms, make seizures of property subject to forfeiture and to require and receive information, as to all matters relating to such laws and regulations.

5. On or about April 26, 2005, I was assigned as the case agent to conduct an investigation of Lindsey Springer for allegations of violations of Title 26, United States Code, including tax evasion and failure to file income tax returns. On September 15, 2005, I presented an application and affidavit for search warrant to search Springer's residence in Kellyville, Oklahoma, to United States Magistrate Judge Frank H. McCarthy. On the same date, Magistrate Judge McCarthy signed a search warrant to search Lindsey Springer's Kellyville, Oklahoma, residence. A true and correct copy of the Search Warrant (including Attachments A and B thereto) is attached to this Declaration as Exhibit 4.

**The execution of the search warrant on September 16, 2005**

6. The authority of Special Agents of the Internal Revenue Service – Criminal Investigation to execute search warrants is set forth in section 7608(b) of the Internal Revenue Code (26 U.S.C.). On September 16, 2005, I and ten other Special Agents with the Internal Revenue Service – Criminal Investigation executed a search warrant signed by U.S. Magistrate Judge Frank H. McCarthy on September 15, 2005, with respect to the personal residence of Lindsey K. Springer in Kellyville, Oklahoma.

7. I arrived at Lindsey Springer's residence in Kellyville, Oklahoma at approximately 8:20 a.m. on the morning of September 16, 2005. At the outset of the


App. 31

- 2 -

2878673.1

execution of the search warrant, I explained to Mr. Springer that we were conducting a search of his residence in accordance with the search warrant signed by Magistrate Judge McCarthy on September 15, 2005. I showed Mr. Springer a copy of the search warrant. To ensure the safety of both Mr. Springer and the IRS Special Agents who were assigned to assist me in the execution of the search warrant, Mr. Springer was asked if any firearms or weapons were located in his home.

8. In the presence of IRS Special Agent Donald G. Shoemake, I asked Mr. Springer if there was a more private place where we could speak to him. Mr. Springer led Agent Shoemake and myself to an upstairs bedroom where we interviewed Mr. Springer from approximately 8:27 a.m. to approximately 11:20 a.m.

9. At the conclusion of the search on September 16, 2005, all of the evidence seized from Lindsey Springer's residence was placed in the back of Supervisory Special Agent William R. Taylor's vehicle to be transported back to the IRS-CI Office in Tulsa, Oklahoma.

**The seized currency is counted at Arvest Bank**

10. After contacting IRS Special Agent Mark Parsons, a forfeiture specialist, it was decided by Supervisory Special Agent Taylor and myself that the currency seized from Mr. Springer's residence would be taken to a bank and converted into a cashier's check.

11. Upon leaving Springer's residence in Kellyville, Oklahoma, Supervisory Special Agent Taylor and myself traveled to the Arvest Bank located at 10615 E. 81st Street in Tulsa, Oklahoma. Once we arrived at the Bank, we informed the branch manager, Julie Powders, that we needed to obtain a cashier's check.

App. 32

12. We gave the sealed evidence bag containing the currency seized from Springer's residence to Ms. Powders, who gave the evidence bag to a teller on duty to count the cash using a currency counting machine. The teller opened the evidence bag in order to count the currency seized from Springer's residence, and counted it using a counting machine.

13. The teller who counted the currency contained in the evidence bag informed Supervisory Special Agent Taylor and myself that there was $17,000 in the evidence bag. We requested the teller to count the currency a second time, which she did. The count of the currency again came to $17,000.

14. We requested a check for $17,000, which we obtained from the teller who had counted the currency. The $17,000 cashier's check was subsequently given to Special Agent Parsons to deposit.

**Springer's motion for the return of currency and car titles**

15. After the execution of the search warrant on September 16, 2005, I was informed that Mr. Springer had filed a motion from the Court for the return of the currency and car titles seized from him on September 16, 2005. I was also informed that AUSA Nelson had responded to Mr. Springer's motion for the return of the currency and car titles, and that the District Court had denied Mr. Springer's motion.

16. After the Court denied Mr. Springer's motion for the return of the currency and car titles, I was instructed by Assistant United States Attorney Douglas Horn to return the seized currency and car titles to Mr. Springer. I then made a request to Robin Bryant, a forfeiture specialist, to obtain the $17,000 to give back to Springer.


App. 33

- 4 -

2878673.1

17. On January 10, 2006, after I obtained a $17,000 Treasury Department check from Robin Bryant, I went to Springer's house in Kellyville, Oklahoma, to give him the $17,000 Treasury check. A true and correct copy of the $17,000 Treasury check is attached to this Declaration as Exhibit 5

18. After tendering the $17,000 Treasury check to Springer, I asked him to sign an Internal Revenue Service Release of Claim (hereinafter, "Release of Claim"). I wrote the handwritten words and figures that appear on the Release of Claim. A true and correct copy of the Release of Claim signed by Lindsey Springer in my presence (and myself as witness), is attached to this Declaration as Exhibit 6.

19. I was not present for the search of Mr. and Mrs. Springer's first-floor master bedroom, or the seizure of the currency pursuant to the search warrant issued by U.S. Magistrate Judge Frank H. McCarthy on September 15, 2005. My sole involvement with the currency seized from Springer's residence was to take it, in a sealed evidence bag, to the Arvest Bank for counting.

20. I did not steal any money from Lindsey K. Springer, or enter into any agreement or conspiracy with former Assistant United States Attorney Melody Nelson, Assistant United States Attorney Douglas Horn or any IRS Special Agent, or anyone else, to steal any money from Lindsey Springer.



App. 34

## CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 28, 2007.

*[signature]*

BRIAN SHERN
Special Agent
Internal Revenue Service

App. 35

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the forgoing **DECLARATION** was filed with the Clerk of the court electronically today, July 14, 2008, such that a service copy was sent by way of the electronic filing system to the plaintiff and all counsel who have arranged for electronic service of filings

/s/ *Robert D. Metcalfe*
ROBERT D. METCALFE DC #423163
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044

App. 36

U.S. Department of Justice

Tax Division

Western Criminal Enforcement Section
P.O. Box 972, Ben Franklin Station           (202) 514-5762
Washington, D.C. 20044           Telefax (202) 514-9623

EJO'C:RACimino:jhm
DJ# 5-59N-7848
CMN# 2000201076

June 10, 2005

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

David E. O'Meila, Esquire
United States Attorney
Northern District of Oklahoma
3600 United States Courthouse
110 West 7th Street
Tulsa, OK 74119

Attn: AUSA Melody Noble Nelson

Re: <u>Grand Jury Investigation</u>
Patterson Investigation
Northern District of Oklahoma
DJ# 5-59N-7848
Concerning: Lindsey K. Springer

Dear Mr. O'Meila:

Reference is made to a letter dated June 3, 2005, the Special Agent-in-Charge, Internal Revenue Service, Dallas, Texas, approving your request to expand an existing non-tax grand jury investigation to include an investigation of potential criminal tax violations in the above-entitled matter. In accordance with Tax Division Directive 86-59, the Tax Division has no objection to this expansion.

Pursuant to established procedures, no tax or tax-related charges, including charges to which a target has agreed to enter into a plea agreement, may be filed without prior approval of the Tax Division. You are reminded that any expansion of this grand jury investigation, to include additional targets, requires Tax Division approval as well. If you determine that use of the statutory compulsion process pursuant to 18 U.S.C. § 6003(b) or a non-prosecution agreement with a witness ("letter immunity") is warranted, refer to the procedures set forth in U.S.A.M. § 9-23.000, <u>et seq.</u>, and U.S.A.M. § 9-27.600, <u>et seq.</u>, respectively.

App. 37

- 2 -

Upon conclusion of the investigation, please provide the testimony, documents, and other materials accumulated by the grand jury to the assisting Internal Revenue Service agent for the sole purpose of analyzing the potential criminal tax aspects of the case and preparing a report setting forth his or her recommendation regarding prosecution. This report will be reviewed by an Internal Revenue Service Counsel, who will make a written evaluation and recommendation to the Special Agent-in-Charge. The Special Agent-in-Charge will forward the reports and exhibits, along with his or her recommendation regarding prosecution to the Tax Division.

You must provide the Tax Division with a written report of your views regarding the prosecution potential of this case, the non-tax charges, if any, that you intend to bring, and the anticipated date of indictment. In addition, the case should be submitted to the Tax Division for review at least 60 days prior to the date on which you need a decision.

You have the authority to terminate this investigation, provided that prior written notification is given to both the Tax Division and the Internal Revenue Service. This notification should indicate that the matter is terminated pursuant to 26 U.S.C. § 7602(d). Please be reminded that your use of all tax returns and return information is governed by 26 U.S.C. § 6103(h). In the event that the tax aspects of the investigation are terminated, you must obtain a court order pursuant to Section 6103(I) in order to retain and use such returns and return information previously obtained under Section 6103(h).

In all future correspondence, please use the following caption:

Re: Grand Jury Investigation
Patterson Investigation
Northern District Oklahoma
DJ# 5-59N-7848
Concerning:

Please list each target (individuals and entities) who is the subject of the correspondence.

A copy of the Special Agent-in-Charge's letter and its attachments is enclosed. You are reminded that Fed. R. Crim. P. 6(e)(3)(B) requires that you furnish the court with the names of all persons with access to grand jury material. Enclosed with the Special Agent's letter are the IRS Counsel's memorandum and IRS Form 9131 (Request for Grand Jury Investigation) which lists all Internal Revenue Service personnel to whom such material has been disclosed.



APP. 38

- 3 -

Please advise all Internal Revenue Service personnel who assist you in this investigation, and who will have access to grand jury material, that such material is supplied to them on the following conditions:

1. All grand jury material will remain under the custody of the grand jury, the United States Attorney, and the Tax Division;

2. Disclosure of grand jury material may be made only to Internal Revenue Service personnel who are assisting in the investigation and formulating a recommendation by the Service regarding prosecution, and such Internal Revenue Service personnel may only use the grand jury material for this purpose;

3. The Internal Revenue Service will furnish the Tax Division with advice and a recommendation, whether favorable or unfavorable, regarding the prosecution potential of this case;

4. The Internal Revenue Service will return all grand jury material to you when it is no longer needed for use in advising and assisting the Department of Justice in the investigation of this matter.

If you have any questions about this case or your authority under Directive 86-59, you may contact Tax Division, Western Criminal Chief Ronald A. Cimino at (202) 514-5762. Please acknowledge receipt of this letter and its enclosures.

Sincerely yours,

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By:
RONALD A. CIMINO
Chief, Western Criminal
Enforcement Section

Enclosures
(1 Volume)
cc: Special Agent in Charge
    Dallas, Texas



App. 39