Brian Shern.

Pl. Exh.

## Inventory Listing of All Items Seized at Search Warrant Site

**Site Name:**
LINDSEY SPRINGER
Residence
25758 South 201st West Avenue
Kellyville, OK

**Investigation Number:**
750530384

**Starting Date and Time:**
09/16/2005 08:20 AM

**Ending Date and Time:**
09/16/2005 02:40 PM

**Report Date:**
Friday, September 16, 2005

---

**Control #:** 1
**Location:** Master Bedroom (1st)
**Found:** Chest of Drawers
**Description:** Seized Per Warrant    Approximately $19,000.00 in U.S. Currency
**Evidence Box:** 1
**Locator Code:**

---

**Control #:** 2
**Location:** Kitchen / Dining
**Found:** Cabinet
**Description:** Seized Per Warrant    Paper Bag containing various cash receipts, copies of money orders, and copies of cashiers checks.
**Evidence Box:** 1
**Locator Code:**

---

**Control #:** 3
**Location:** Kitchen / Dining
**Found:** Pantry
**Description:** Seized Per Warrant    Copies of Bills,m Money Orders, and Cash Receipts
**Evidence Box:** 1
**Locator Code:**

---

**Control #:** 4
**Location:** Kitchen / Dining
**Found:** 1
**Description:**    Not Used
**Evidence Box:** 1
**Locator Code:**

---

**Control #:** 5
**Location:** Kitchen / Dining
**Found:** Cabinet
**Description:** Seized Per Warrant    Receipts and Misc. Records
**Evidence Box:** 2
**Locator Code:**

---

**Control #:** 6
**Location:** Kitchen / Dining
**Found:** Counter
**Description:** Seized Per Warrant    Misc. Expenditures Records and and Money Orders
**Evidence Box:** 2
**Locator Code:**

---

**Control #:** 7
**Location:** Kitchen / Dining
**Found:** 1
**Description:**    Not Used
**Evidence Box:** 2
**Locator Code:**

---

Page 1 of 3

App. III
40



## ATTACHMENT B

## ITEMS TO BE SEIZED

Based on the foregoing, I respectfully submit that there is probable cause to believe that the following items, which constitute evidence of violations of Title 26, United States Code Sections 7201 and 7203, will be found at the location described in Attachment A in individual and business names including, but not limited to LINDSEY SPRINGER, OSCAR STILLEY, and BONDAGE BREAKERS MINISTRIES. All of the items to be seized as referenced below are for the year beginning January 1, 2000 through the execution of the warrant including the following:

1. Client billing records, fee schedules, contracts for employment, estimates for services, filed court documents, and correspondence (opened and unopened) relating to the above referenced items;

2. Currency and monetary instruments including cashier's checks, receipts of cashier's checks, money orders, traveler's checks, and other monetary instruments;

3. Bank records including bank statements, deposit tickets, cancelled checks, debit and credit memos, records of wire transfers, and records of safe deposit box rental and entry, financial statements, and correspondence (open and unopened) with banks and financial institutions;

4. Financial records including tax returns, documents relating to the preparation of his tax returns, documents related to the purchase and sale of automobiles or


APP 42

Page 1 of 5

In The United States District
Court Northern District of Oklahoma.

Lindsey K. Springer

    v

Douglas Horn, et al

06-CU-156

## Motion To Reconsider Dismissal on Summary Judgment grounds due to Material false Statements

Lindsey K. Springer, Plaintiff, moves this Court to reconsider it's order granting Summary Judgment on qualified Immunity and Prosecutorial/Qualified immunity due to the decisions being premised upon Doug Horn and Melody Nelson, at all times acting within their official capacity, and that Christopher D. Albin, Jason C. White, Donald A. Anderson, Marc F. Collins, Kathy L. Beckner, Donald G. Shoemake, Brian Shern, William R. Taylor, Scott A. Wells, Diane S. Mogli, and Loy Dean Smith, were each at all times acting under authority of Title 26, § 7608(b), when both premises are untrue and were known to be untrue at the time each Defendant made their declarations.

## Background

Beginning prior to October 6, 2004, Douglas Horn and Melody Nelson were presenting evidence to a United States Grand jury. See USA v. Springer 09-CR-043, Doc 224, 226, 252, 293, (discussing revelation

①             App. 43

of Grand Jury Transcript listing Springer and Horn and Nelson.)

Prior to October, 2000, the President abolished the Secretary's authority to act lawfully outside the District of Columbia by abolishing all Internal Revenue Districts and District Director Offices previously establish pursuant to Title 26 § 7621 and 26 CFR § 301.7621.

On April 26, 2005, Brian Shern declared he, as an authorized "Special Agent" "was assigned as the case agent to conduct an investigation of Lindsey Springer for allegations of violations of Title 26, United States Code, including tax evasion and failure to file income tax returns." See Shern Declaration signed November 27, 2007.

The United States asserted in 09-CR-043, Doc 81-2, that a criminal referral to the US Attorney was made on June 3, 2005.

On September 15, 2005 Shern declared in this case he presented an application to United States Magistrate Judge Frank H. McCarthy for a search warrant to search Springers' home.

On September 15, 2005, Magistrate Frank H. McCarthy, based upon Shern's purported statements, issued a search warrant. See Exhibit 4 attached to Shern's Declaration. The "affidavit" was not attached and will be addressed below.

To shield himself against liability in this case, Shern declared he at all times and during the levy of

② App. 44

his unlawfully obtained search warrant, declared:

"The authority of Special Agents of the Internal Revenue Service Criminal Investigation to execute search warrants is set forth in Section 7608(b) of the Internal Revenue Code."

Each of the Eleven claiming "Special Agent" status in similar Declarations filed at or about the same time as Mr. Shern. Mr. Taylor is the only individual defendant who made a declaration at a later time.

Both Mr. Horn and Ms. Nelson declared at all times they were shielded by prosecutorial immunity based upon their actions taken in relation to the search warrant involved a Grand Jury investigation they were authorized to perform (purportedly)

This Court ordered the dismissal of Springer's claims against Horn and Nelson granting them prosecutorial immunity. That order was not appealable because other claims were not dismissed against the remaining defendants.

Although this Court denied multiple attempts to dismiss the remaining defendants, on August 5, 2010, on interlocutory appeal, the Tenth Circuit reversed this Court directing Summary Judgment in the remaining defendants favor, granting qualified immunity, finding the remaining Eleven did not know they could be held liable for stealing money while in Springer's home per a search warrant

(3)   App. 45

Springer Petitioned for Rehearing and Rehearing En Banc and on October 15, 2010, the Panel granted rehearing and changed 3 words on page 18 clarifying it's meaning on page 13 and 15 of it's order.

On April 21, 2010, during Springer's Sentencing Hearing, Springer asked Mr. Shern what his delegation of authority was in relation to the investigation against Springer to which he replied:

"I assume I became a delegate when I became a Special Agent."

09-CR-043, Doc 399, pg 39 through 40 Exhibit 1.

Springer was incarcerated as a flight risk as of April 23, 2010, and was moved to three different places landing in Big Springs Texas on July 23, 2010.

Springer did not receive the transcripts until late August, 2010 and is only allowed limited time to review all records.

The merits of this Motion follow.

1. Horn and Nelson did not have lawful authority to prosecute Lindsey K. Springer or Oscar A. Stilley.

There is no dispute that prior to October 6, 2004, Doug Horn and Melody Nelson were pursuing prosecution against Springer and Stilley. This Court can take Judicial Notice of pleadings filed in another case in the same Clerk's office. See 09-CR-043, Doc. 224, 226, 252, 293.

There equally is no doubt the Search Warrant issued on September 15, 2005, was in pursuit of Ms. Nelson and Mr. Horn's ongoing Grand Jury Investigation related to Internal Revenue laws. See both Horn and Nelson's Declaration referencing attachments to the Search Warrant and Title 26, § 7201 and 7203. Shern's purported affidavit not sworn on file in the Clerks office also cites to both provisions.

In U.S. v. LaSalle, 437 U.S. 298, 312 1978, the Supreme Court stated that the IRS cannot try its own prosecutions and a "referral" to "the U.S. Attorneys" allows prosecution under Title 28, § 547(1) to "proceed." The U.S. Attorney is established by nomination by the President to a specific Judicial District. See Title 28 § 541. U.S. v. Crobarger 158 Fed Appx 100 (10th Cir. 2005).

The Secretary of the Treasury has no delegation to give to a Special Agent "as long as... referral has been made to Justice for criminal prosecution." App. 47

⑤

Stoffels v. Hegarty, Fed Appx 814 See also Anaya v. U.S. 815 F.2d 1373, 1377 (10th Cir. 1990)

The Secretary of the Treasury created the Internal Revenue Service at 26 CFR § 601.101. See Snyder v. IRS 596 F.Supp. 240, 247 (N.D. Ind 1984) the Tenth Circuit found the Secretary of the Treasury's structure is found at 26 U.S.C. § 7801-10, 26 CFR Part 600. See Lonsdale v. U.S. 919 F.2d 1440, 1448 (10th Cir. 1990)

Title 4, §72 prohibits the office of President and Secretary of the Treasury from being exercised outside the District of Columbia, unless expressly provided by law. Hughes v. US 953 F.2d 531, 542 (9th Cir. 1992).

These offices can only be exercised related to title 26, through Internal Revenue Districts. See Title 26, §7621; See also Hughes, supra.

All criminal referrals are through each District Director. See 26 CFR 601.107 which shows the interrelated nature of civil and criminal functions before referral. LaSalle at N.12

Delegation Order 9-6 at IRM 1.2.48.7 directs special agents to refer all criminal matters within their respective jurisdictions. See also Treasury Decision 150-35.

The referral must come from a delegate of the District Director.

"Within an Internal Revenue District

(6)

App. 48

The internal revenue laws are administered by a district director of Internal Revenue."

This Court is directed to take judicial notice of official seals of Each District Director, March v. IRS, 335 F.3d 1186, 1189 (10th Cir. 2003). The Secretary is to administer and enforce the Internal Revenue laws. See Title 26, §7801 and 7803. Aluminum Co. of America v. U.S. 524 F.3d 1119, 1124 (10th Cir. 2008) See also Springer v. U.S. 447 F. Supp 2d. 1235, 1238 (N.D. Ok 2006) "Federal Statutes and Regulations lay down, the rule as a matter of Federal law." U.S. v. Taylor, 828 F.2d 630, 634 (10th Cir. 1987) These Statutes and Regulations are "essential to establishing Jurisdiction and venue." U.S. v. Brewer, 486 F.2d 507, 509 (10th Cir. 1973).

The "procedures set forth in the Internal Revenue Code were prescribed for the Protection of both Government and Taxpayer." U.S. v. Brafman 384 F.2d 863, 865 (5th Cir. 1967) There is no question Congress directs it's power to the Secretary to canvas the "revenue districts." LaSalle at 309. Congress did not give U.S. Attorneys power to prosecute purported Tax Offenses That authority must come from the Secretary of the Treasury according to the rules and regulations prescribed by the Secretary. Neither Doug Horn or melody Nelson

(7)

App. 49

were authorized by the Secretary of the Treasury, or any authorized delegate, to pursue enforcement of the tax laws against Springer or Stilley, as of October 6, 2004 or September 15 and 16, 2005.

If they rely upon any delegation to the United States Attorney David O'Mielia, they should produce such purported referral.

The referral must be in accordance with the Statutes and Treasury Regulations. Without Internal Revenue Districts and District Directors offices no such referral under 26 CFR 601.107, and Delegation Orders in affect as of the two dates above, are even possible to exist.

Because Both Horn and Nelson were not authorized by any proper office of the Secretary of the Treasury to pursue enforcement of certain tax laws, and both knew this at the time they signed their respective declarations, this Court should set its granting of Summary Judgment asside, and finding such was obtained by materially false statements.

This Court has the authority to set its order aside based upon said order being obtained by false material statements.

Neither the qualified immunity or prosecutorial immunity were based upon the facts that have since came to light in the criminal prosecution of Springer.

(8)                                   App. 50

2. None of the 13 persons in Springer's home were authorized by the Secretary under Title 26 § 7608(b).

Incorporating the argument in Section 1, each remaining Bivens Defendant declared they were authorized under Title 26 § 7608(b) to serve a search warrant.

This claim arises due to Sherns testimony that he did not know his delegation of authority on April 21, 2010.

There is no question no District Director Office under 26 CFR § 601.107 exist, I'll simply no longer exist. See T.F. 9156, F.R. Vol. 69 No. 179 (9.16.04); T.D. 9355, F.R. Vol. 72 No. 165 (8.27.2007). See also Revenue Ruling 2007-9.

Because there is no delegation of authority to allow the remaining declaring Bivens Defendants to act under Title 26 § 7608(b), this Court should find the Declarations as to each Defendant were false to a material way.

This Court should set aside the Summary Judgment on the grounds no defendant was authorized under Title 26 § 7608(b) to serve any search warrant at Springer's home.

This evidence just recently came to Springers knowledge but has always been known by the Defendants.

App 51

3. None of the Eleven were authorized to act under Title 26 § 7608(b) due to a purported referral

Although this argument is opposite to issue #1, the Defendants cannot have it both ways. Either there was or wasn't a referral.

If there was, the Secretary's authority ceased and no 7608(b) authority was available to be delegated to anyone. The Secretary's authority stops upon referral.

The Eleven, including Mr. Shern, cannot keep Secretary's authority, even if he had any, after a referral is made.

This Court should find the declarations relied upon to claim qualified immunity were false as to each of the Eleven Defendants and set Summary Judgment as to qualified immunity aside as the 10th Circuit's decision in 09-5088 is premised upon false material statements.

4. The Search Warrant was unlawful and served unlawfully

The affidavit in the Clerk's office was not sworn. This invalidates the warrant.

Since Mr. Shern nor anyone else was authorized to serve a Search Warrant under Title 26, § 7608(b).

(10)

App. 52

The search warrant was unlawful and served with no statutory or regulatory authority.

## Conclusion

Springer request this Court find the Prosecutorial and Qualified Immunity granted to Mr. Horn and Ms. Nelson should be set aside and overruled as they had no prosecutorial referral from the Secretary of the Treasury to authorize prosecution of Springer, that both were entered based upon false statements; and that this Court should set aside its order granting qualified immunity to each of the remaining Defendants because neither could have possessed authority of the Secretary of the Treasury outside the District of Columbia due to abolishing by the President District Director Offices and all revenue Districts as of 1999, and that if a referral had been lawfully made no Defendant would have any title 26, §7608(b) authority because after criminal referral the Secretary's authority ceases.

Respectfully Submitted

[signature] Lindsey Springer
#02580-063
Big FCI
1900 Simler Ave
Big Spring, TX 79720

App. 53

Certificate of Service

I hereby Certify that I mailed Springer's motion to Reconsider Dismissal on Summary Judgment grounds due to material false statements, was mailed to the Clerks office at 333 W. 4th St, Tulsa Oklahoma 74103.

I further Certify that all parties receive service through this courts ECF system.

Robert Metcalf
James Strong

12/16/10                    Lincy Koppm

App. 54