# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| OSCAR AMOS STILLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL AND MOTION FOR EVIDENTIARY HEARING (DOC. NOS. 437, 438, 439 and 440)

The United States of America, by and through its attorneys, Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma, Charles A. O'Reilly, Special Assistant United States Attorney, and Jeffrey A. Gallant, Assistant United States Attorney, hereby responds in opposition to Defendant's pro se[1] Motion for New Trial and Motion for Evidentiary Hearing, and requests that Defendant's motions be denied.  Defendant's motions are presented for the improper purpose of harassment, and seek to cause unnecessary delay and needlessly increase the costs of litigation.

---

[1]    By Minute Order dated June 10, 2010, this Court directed that Jerold W. Barringer, Esq. file by July 1, 2010 a Motion for Admission Pro Hac Vice per Local Civil Rule 83.2.  Doc. 379.  To date, no such filing has been made.

Defendant timely appealed his judgment and sentence to the Tenth Circuit Court of Appeals, and is represented on appeal by Mr. Barringer.  See doc. no. 340.  By order dated February 17, 2011, the appellate court ordered the United States to file its appellate brief no later than March 21, 2011.  While Federal Rule of Criminal Procedure 33 "deprives the district court of jurisdiction to grant a motion for a new trial during the pendency of an appeal [   ] the district court is empowered, during the pendency of an appeal, either to deny the motion or to certify to the court of appeals that it would grant the motion on remand."  *United States v. Palmer*, 766 F.2d 1441, 1445 (10th Cir. 1985).  Thus the Court can and should deny Defendant's motions.

I.      DEFENDANT'S ASSERTED BASES FOR RELIEF LACK MERIT

In Defendant's Motion for Evidentiary Hearing, he identifies "3 significant events occurring after Trial that dramatically change how this Court would have ruled on the Franks and Suppression request filed on June 1, 2009."  Doc. 439 at 1.  Defendant's descriptions of these three events are repeated here verbatim:

> First, Mr. Shern testified he did not know what his delegation of authority was as of April 21, 2010, while this purported criminal prosecution by purported institutional referral dated June 3, 2005, continued [sic]

> Second, on October 15, 2010, the Tenth Circuit, relying on the "declarations" of Mr. Shern and the other 10 Bivens Defendants, which declared they were each in Springer's home under the authority of the Secretary at Title 26, §7608(b), when this Court found the demarcation for the Secretary to the U.S. Attorney was three months earlier.

> The date in Springer's home was September 16, 2005, and the institutional referral this Court found was on June 3, 2005, See Doc. 383, 71, ln 1-5.

-2-

Prior to the Tenth Circuit's ruling the District Court had never relied upon the §7208(b) statements.  Springer did not have the referral letter until after Bivens Defendants interlocutory appealed to the Tenth Circuit.[2]

Third, on January 18, 2011, after being in default for not responding to Springer's Motion to Reconsider, Judge Frizzell ordered the Bivens Defendants to address their alleged false statements regarding when the bright line referral was institutionally made for Title 26 prosecution, supporting "prosecutorial immunity" and qualified immunity.

The prosecutors Horn and Nelson, as of June 3, 2005, did not assert the June 3, 2005 letter as their prosecutorial authority under Title 26 or "any other criminal provision of law relating to internal revenue" (§7608(b)) in support of their previous prosecutorial immunity claims.

Mr. Shern and the other 10 Bivens Defendants continue to argue they were authorized by the Secretary of the Treasury under Title 26, §7608(b) to "enforce any of the criminal provisions of the Internal Revenue Laws . . ." Their actual statement is: "Last, IRS Special Agents are authorized to execute search warrants.  26 U.S.C. §7608(b).

Doc. 439 at 1-3.

Through his filings, Defendant wastes the time and resources of the District Court, as well as the United States Department of Justice.  The "3 significant events" Defendant identifies are not new evidence.  It appears that Defendant asserts that his motion "is based upon newly discovered evidence," knowing that the Federal Rules of Criminal Procedure require that "[a]ny motion for a new trial grounded on any reason other than

---

[2]     Contrary to Defendant's assertion that he "did not have the referral letter" until after the appeal was filed, Defendant received the referral letter on June 15, 2009 (see doc. no. 80-10), the day before the *Bivens* defendants filed their notice of interlocutory appeal.  *Springer v. Horn, et al*, 09-5088 (10th Cir. 2009) (notice of appeal filed June 16, 2009; amended notice of appeal filed June 17, 2009).

newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. Pr. 33(b)(1).

"A five-part test must be applied in determining whether this 'newly discovered evidence' warrants a new trial. Defendant must show (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by her own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal." *United States v. Quintanilla*, 193 F.3d 1139, 1147 (10th Cir. 1999). Not only does Defendant not identify "newly discovered evidence," Defendant fails to address, let alone meet, the other requirements.

There is no relevance, other than possible impeachment, to Special Agent Shern's inability to understand Defendant's question. Doc. 440 at 3. Similarly, Defendant's *Bivens* lawsuit provides no newly discovered evidence. The declarations referenced in Defendant's pleadings were filed in 2008 (see *Springer v. Horn, et al*, 06-cv-0156 (NDOK 2006) (doc. nos. 126 through 137, 142 and 145)), well before Defendant's criminal trial. They cannot constitute newly discovered evidence.

As best the United States can discern, Defendant appears to be continuing to attempt to litigate his specious position that the IRS Restructuring Act of 1998 prevented

IRS Special Agents from exercising authority outside the District of Columbia.[3]  This legal position lacks merit and does not constitute newly discovered evidence.

Contrary to Defendant's rambling pleadings, and as previously addressed in this Court, the IRS Special Agents were authorized to conduct the criminal investigation.  See 26 U.S.C. §7608 (a criminal investigator may "execute and serve search warrants . . . issued under authority of the United States").  The June 3, 2005 IRS referral of the investigation to the United States Department of Justice, Tax Division, and that office's subsequent June 10, 2005 authorization of the expansion of the Patterson grand jury investigation to include Defendant, did not deprive the ability of the IRS Special Agents to assist in the grand jury investigation.  The search warrant was "issued under authority of the United States."  Similarly, as Assistant United States Attorneys, Douglas Horn and Melody Nelson were authorized to investigate and prosecute "all offenses against the United States."  See 28 U.S.C. §§ 542 and 547.  As stated by the Honorable United States District Judge Gregory K. Frizzell in granting Mr. Horn and Ms. Nelson's motion for summary judgment on November 25, 2008, "[r]eviewing and evaluating evidence for use in a criminal prosecution [   ] falls within the prosecutor's role as an advocate.  *Buckley v.*

---

[3]      "Mr. Shern could not have been in Springer's home on September 15, 2005, or January 15, 2009 in the U.S. Attorney's Office, on behalf of the Secretary."  Doc. 440 at 20.

"After June 3, 2005, Mr. Shern had no authority to administer or enforce Title 26 or any regulations."  Doc. 440 at 25.

*Fitzsimmons*, 509 U.S. 259, 273-74 (1993)." *Springer v. Horn, et al*, 06-cv-156 (NDOK 2006) (doc. 150 at 4).  The fact that neither of the prosecuting attorneys relied on the June 3, 2005 IRS referral letter is neither relevant nor newly discovered evidence.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, doc. nos. 438, 439 and 440.  The United States takes no position with respect to Defendant's Motion for Leave to File an Overlength Brief.  Doc. 437.

Respectfully submitted,

THOMAS SCOTT WOODWARD
UNITED STATES ATTORNEY

   */s/ Charles A. O'Reilly*
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant United States Attorney
JEFFREY A. GALLANT, OBA No.18509
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February 2011, I served the foregoing document by United States Postal Mail, and electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, to the following ECF registrants:

Jerold W. Barringer, Esq.
Attorney for Defendant Springer
P.O. Box 213
Nokomis, IL 62075


Lindsey Kent Springer
Defendant
FTC Oklahoma City
Federal Transfer Center
P.O. BOX 898801
Oklahoma City, OK 73189
Inmate Number 02580-063


Oscar Amos Stilley
Defendant
FCI Forrest City Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336
Inmate Number: 10579-062.


                         /s Charles A. O'Reilly
                        Charles A. O'Reilly
                        Special Assistant United States Attorney