**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CR-043-SPF |
| ) | |
| LINDSEY KENT SPRINGER, ) | |
| OSCAR AMOS STILLEY, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Defendant Lindsey Kent Springer has filed a motion for new trial (doc. no. 438) and a motion for an evidentiary hearing in order to develop evidence in support of his motion for a new trial (doc. no. 439). The briefing is complete.

Although this case is on appeal to the Tenth Circuit, this court has jurisdiction to deny (although not grant) Mr. Springer's motion for new trial. *See*, United States v. Palmer, 766 F.2d 1441, 1445 (10th Cir. 1985) (Rule 33, Fed. R. Crim. P., only deprives the district court of jurisdiction to grant a motion for a new trial during the pendency of an appeal and the district court is empowered, during the pendency of an appeal, either to deny the motion or to certify to the court of appeals that it would grant the motion on remand); United States v. Varah, 952 F.2d 1181, 1182-83 (10th Cir. 1991) (same).

A motion for a new trial grounded on any reason other than newly discovered evidence must be filed within fourteen days after the guilty verdict. Rule 33(b)(2), Fed. R. Crim. P. Mr. Springer's motion is filed long after the fourteen-day deadline. A motion for a new trial based on newly discovered evidence, however, may be filed

within three years after a guilty verdict, Rule 33(b)(1). Possibly for this reason, Mr. Springer characterizes his motion as one based on newly discovered evidence.

A five-part test is applied to determine whether "newly discovered evidence" warrants a new trial. United States v. Quintanilla, 193 F.3d 1139, 1147 (10th Cir. 1999). A defendant must show 1) that the evidence was discovered after trial, 2) that the failure to learn of the evidence was not caused by his own lack of diligence, 3) that the new evidence is not merely impeaching, 4) that the new evidence is material to the principal issues involved, and 5) that the new evidence is of such a nature that in a new trial it would probably produce an acquittal. *Id.*

None of these requirements are met by Mr. Springer's motion, which is rambling and difficult to follow. The declarations of Special Agent Shern and others referenced in the motion were filed in 2008, before Mr. Springer's trial, and thus do not constitute newly discovered evidence. There is no relevance, other than extremely limited impeachment value, to Special Agent Stern's inability to understand Mr. Springer's question regarding what the delegation of his authority was on April 21, 2010. To the extent that the motion is premised on Mr. Springer's contention that the IRS Restructuring Act of 1998 prevented IRS special agents from exercising authority outside the District of Columbia, the court has previously rejected this contention, which is not an evidentiary matter in any event. There is nothing about this contention, or any other contention stated in the motion, that suggests a new trial would probably produce an acquittal.

After careful consideration the court finds that Mr. Springer's motion is untimely. The court also finds that no showing of newly discovered evidence so as to warrant a new trial has been made. Finally, Mr. Springer has not shown that he is entitled to an evidentiary hearing to develop these matters further.

Mr. Springer's motion for a new trial (doc. no. 438), and his motion for an evidentiary hearing (doc. no. 439), are each **DENIED**.

Dated this 17th day of March, 2011.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p093.wpd