FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

JAN 2 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 09-cr-043-Friot |
| | § | |
| LINDSEY KENT SPRINGER, AND | § | |
| OSCAR AMOS STILLEY | § | |
| Defendants. | | |

MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM AND BRIEF

TO ACCOMPANY MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

Lindsey Kent Springer
I.D. No. 02580-063
FCI Big Spring (Low)
1900 Simler Ave
Big Spring, Texas 79720

## TABLE OF CONTENTS

Background. . . . . . . . . . . . . . . . . . . . . . . . . . .1

Argument in Favor of Overlength Brief. . . . . . . . . . . . . .10

    1.  The Government's prosecution of the Grand Jury's Six Count Indictment changed from being inexorably linked to Form 1040 to a theory each of the Six Counts were "divorced" from Form 1040. . . . . . . . . . . . . . . . . . . . . . . 10

    2  Several other issues that should have been raised in District Court but were not because the choices of defense.14

    3.  Count Four has so many problems. . . . . . . . . . . . . 14

    4.  Defendant was denied the effective representation on appeal by Sixth Amendment Counsel. . . . . . . . . . . . . 15

    5.  Need for more space to write. . . . . . . . . . . . . .15

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

Kawashima v. Holder, 182 L. Ed 2d 1,11 (2012). . . . . . . . . 10,11

Sansone v. U.S., 380 U.S. 343, 354 (1965). . . . . . . . . . .9,11

Springer v. IRS, 05-466-Friot(W.D. Ok 2005). . . . . . . . . . 2

Springer v. IRS, 05-1075-Friot(W.D. Ok 2006). . . . . . . . . .2

Springer v. U.S. ex rel., 231 Fed. Appx 793(10th Cir. 2007). . . . . 2

Springer v. U.S. 06-cv-110, 447 F. Supp. 2d 1235(N.D.Ok. 2006). . . .2

U.S. v. Dunkel, 900 F.2d 105, 107(7th Cir. 1990). . . . . . . . .10,11

U.S. v. Mal, F.2d 682, 687-88(9th Cir. 1991). . . . . . . . . . 11

U.S. v. Root, 585 F.3d 145, 151 (3rd Cir. 2009). . . . . . . . . .11

## STATUTES INVOLVED

18 U.S.C. § 2. . . . . . . . . . . . . . . . . . . . . . . . .3

    § 371. . . . . . . . . . . . . . . . . . . . . . . . . .3

26 U.S.C. § 1. . . . . . . . . . . . . . . . . . . . . . . . .4

    § 61. . . . . . . . . . . . . . . . . . . . . . . . . . 4

    § 63. . . . . . . . . . . . . . . . . . . . . . . . . . 4

    § 6001. . . . . . . . . . . . . . . . . . . . . . . . . 1

STATUTES CONTINUED

§ 6011 . . . . . . . . . . . . . . . . . . . 1,4,13,14

§ 6012 . . . . . . . . . . . . . . . . . .1,4,13,14,16

§ 6072 . . . . . . . . . . . . . . . . . . . . . . 4

§ 6091(a) . . . . . . . . . . . . . . . . . . .12,16

§ 6091(b) . . . . . . . . . . . . . 1,4,5,12,13,14

§ 6151 . . . . . . . . . . . . . . . . . .4,13,14,16

§ 6700 . . . . . . . . . . . . . . . . . . . . . . 2

§ 7201 . . . . . . . . . . . . . . . . 3,9,10,11

§ 7203 . . . . . . . . . . . . . . . . . . .4,8,10

28 U.S.C. § 2255 . . . . . REGULAR . . . . . . . .1,9,15,16,17

TREASURY REGULATIONS INVOLVED

26 CFR § 1.6011-1 . . . . . . . . . . . . . . . . . 5

§ 1.6012-1 . . . . . . . . . . . . . . . . . .5,16

§ 1.6012-1(a)(6) . . . . . . . . . . . . . . . . .13

§ 1.6091-2(1990 to 2004) . . . . . . . . . . . . . 9

§ 1.6091-2(2005) . . . . . . . . . . . . .5,12,14,16

Constitution

Fifth Amendment . . . . . . . . . . . . . . . . . 12,16

Sixth Amendment . . . . . . . . . . . . . . . . 5,15,16

Article I, Section 9, Cl. 3 . . . . . . . . . . . . . . . .16

Misc.

Form 1040 . . . . . . . . . . . . . . 1,2,3,4,5,6,12,13,15,16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 09-cr-043 |
| LINDSEY KENT SPRINGER and OSCAR AMOS STILLEY | § | |
| | § | |
| Defendants. | | |

MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM AND BRIEF
TO ACCOMPANY MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

Lindsey Kent Springer ("Defendant") moves this Court for an order allowing Defendant to file an overlength brief to accompany his Motion being filed pursuant to 28 U.S.C. § 2255 and declaration.

BACKGROUND

For decades the Secretary of the Treasury has directed the public in his instruction booklets for Form 1040 that the requirements under 26 U.S.C. § 6001, 6011, 6012, and their regulations, mandate use of Form 1040, when a person is required to make or file an income tax return for any specific Calendar year, or when a tax on income is owed, § 6151 requires what is shown owed on the return be delivered at the time and place "fixed" for the filing of the tax return.

From 1954 until 2011, the "place" satisfying delivery of the income tax return     always mandated by Congress was found at 26 U.S.C. § 6091(b) labeled "tax returns" and places the type of tax returns under 26 U.S.C. § 6011 and 6012 under its control.

Section 6091(b) begins "In the case of returns of tax required under authority of Part II of this subchapter..." and directs such "tax returns" called for under 26 U.S.C. § 6011 and § 6012 must be delivered according to § 6091(b).

(1)

Beginning in 1996, the District Director over Arkansas-Oklahoma's internal revenue district issue, or caused to be issued, Notice of Deficiency for Calendar year 1990 through 1995, for Defendant's failure to provide information sought on Form 1040 for those years.

In January, 2004, then Revenue Agent Donna Meadors conducted a 26 U.S.C. § 6700 audit and summons of Defendant.

At the conclusion of that Audit, Revenue Officer Fred Rice issued Notice of Intent to Levy to Defendant for 1990 through 1995 citing on that Notice under the "kind of tax" section "1040."

From the early 1980s until at least 2009, the Secretary of the Treasury, or his delegate, filed with the Office of Management and Budget ("OMB") application to seek information from the public on Form 1040 refering to the Form "Number" as 1040 and the "Title" of the Form 1040 is listed as "U.S Individual Income Tax Return". Both 26 U.S.C. §§ 6011 and 6012 are listed as the Statutes supporting the collection.

Defendant sought three different times a ruling on whether the Form 1040 complied with the Federal Laws governing requests for inform-ation by the Secretary of the Treasury, or his delegate. See Springer v. IRS, 05-466-F(W.D. Ok. unpublished dismissal dated October 6, 20005); Springer v. IRS, 05-1075-F(W.D.Ok. unpublished dismissal dated August 7, 2006); and See Springer v. United States, 06-cv-110(N.D. Ok. published June 22, 2006) reported at 447 F.Supp. 2d 1235 (N.D. Ok. 2006).

In Springer, 447 F.Supp. 2d at 1238, the District Court explained:

"the Secretary of the Treasury and IRS have clear authority to impose criminal and civil penalties related to Form 1040."

Defendant appealed each of these decisions regarding Form 1040 to the Tenth Circuit who consolidated them and affirmed each decision. See Springer v. U.S., ex rel., 231 Fed. Appx. 793(10th Cir. 2007)

In each case the issues were whether Defendant could be penalized

for failing to file Form 1040.

On March 10, 2009, Defendant was indicted by a Federal Grand Jury, along with Oscar Stilley, for a single violation of 18 U.S.C. § 371 (defraud the IRS of its lawful functions)(Count One), Three Counts of evading the assessment of income taxes (Count Two, Three, Four) (Stilley shared in Counts Three and Four as aider and abetter in violation of 18 U.S.C. § 2), and Two Counts of willfully failing to file an income tax return. (Count Five and Six)

The Grand Jury alleged Defendant had not filed a Federal Income Tax Return since the late 1980s (¶ 6), that Count One involved Federal Income Taxes (¶ 9), and both Defendant and Stilley "refrained" from filing forms with the Internal Revenue Service, including Form 1040. (¶ 14)

Count Two, Three, and Four, allege Defendant attempted to evade and defeat income taxes due and owing by failing to file a "United States Individual Income Tax Return" for Calendar year 2000(¶ 41), 2003(¶ 43), and 2005(¶ 45), in violation of 26 U.S.C. § 7201.

Count Five and Six allege Defendant willfully failed to file an income tax return as required by law for Calendar Year 2002(¶ 47) and 2004(¶ 49).

Counts Two, Three, Five and Six allege "required by law" and Count Four alleges the filing was required.

Defendant began to move regarding Form 1040 and sought a Bill of Particulars (Doc. 8), moved for in camera review of Fifth Amendment proffer regarding the questions displayed on Form 1040 (Doc. 7), and after those Motions were denied, moved to dismiss based upon the defects contained within and regarding Form 1040 (Doc. 53,54), that

(3)

the privilege against self-incrimination regarding the questions asked on Form 1040 exposed Defendant to danger of the law(Doc. 59,60); and that the prosecution was instituted in violation of the prohibition against selective prosecution (Doc. 65,66), and dismissal was warranted because the charges were specific intent crimes requiring the Government prove knowledge of the pertinent legal duties and obligations and the Grand Jury did not allege was the law required specifically. (Doc. 63,64)

The Court did order the Government to provide a Bill of Particulars as to the phrase "required by law", Doc. 383, pg. 128-129, after explaining to the Government:

> "They're asking you to tell them what provisions you have in mind what provisions you rely on when you say they didn't do something required by law."

Doc. 383, pg. 126, ln 10-13

The Court said "sounds pretty reasonble to me." Doc. 383, pg.126, ln. 13-14.

The Government provided in its July 14, 2009, Bill of Particulars:

> "Counts 2,3,5 and 6, of the indictment include the phrase 'required by law' in reference to Defendant Springer's failure to file a Federal Income Tax Return."

Doc. 104, pg.2

The Government cited to 26 U.S.C. §§ 1,61,63,6011,6012, 6072,6091, 6151, and 7203, explaining what the Grand Jury meant when it alleged "required by law." Id.

After denying any Treasury Regulations were involved in the duties and obligations alleged in each of the Six Counts, the Government stated in its Trial Brief:

> "various provisions of the Internal Revenue Code (and regulations therunder) specifying the events that trigger an obligation to file a return."

Doc. 138, pg. 12

(4)

The Government also explained in their trial brief that:

"throughout this period of time, Defendant Springer and Stilley did not file any income tax forms with the IRS including Form 1040 and 1099."

Doc. 138, pg. 7.

The Court ordered a Second Bill of Particulars directing the Government provide the regulations involved in their case in chief.

In the Government's second Bill of Particulars they explained:

"the passing, parenthetical reference to regulations in the government's trial brief was not intended to suggest that the Government would be relying on Treasury Regulations in proving its case in chief."

Doc. 201, pg. 1-2

The Government continued:

"Defendant had a statutorily-mandated obligation to file a federal tax return without reference or reliance on Treasury Regulations."

Doc. 201. pg.2

The Government then identified 26 CFR §§ 1.6011-1, 1.6012-1 and 1.6151-1 as regulations requiring the filing of an income tax return. Id

Although the Government did not identify 26 CFR § 1.6091-2 for any year in its Second Bill of Particulars, it had previously cited to both 26 U.S.C. § 6091(b) and 1.6091-2 in its opposition to Defendant's Motion to Dismiss involving challenges to venue. Doc. 71, pg.4

Defendant was required to obtain subpoenas before trial for the benefit of his defense.

Defendant had chose to proceed to trial without Sixth Amendment Representation of Counsel based upon his understanding Form 1040 was the specific form of questions Defendant was charged with willfully failing to answer or provide information.

During the James hearing Defendant addressed Form 1040 several times. Doc. 385, pg. 164, ln 25.

(5)

During the Daubert hearing, the Secretary's Agent Brian Miller explained how he "determined what the filing requirements are for a person to file a Form 1040." Doc. 390, pg. 1282, ln 20-22

Mr. Miller explained the requirement to file a Form 1040 is explained in the instructions." Doc. 390, pg. 1284, ln 16-24

Mr. Miller explained most people use the Form 1040. pg. 1286, ln 7 to 13.

The only witness to testify before the Grand Jury on March 9, 2009, explained what a tax return is:

"Its a form that you submit to the government that shows how much tax you owe."

Doc. 392, pg. 1863, ln 3-4

In order for Defendant to present a good faith defense to the Six Counts that he believed he was not required by law to file the Form 1040, Defendant was required to present his proffer to the Court. Doc. 392, pg. 1875-to 1934.

During that exchange the Court asked Defendnt the following:

"I need you to cite me a decision by an Article III Judge that says that a statutory requirement of filing a Form 1040 is subject to the PRA."

Doc. 392, pg. 1889, ln 14-17

Defendant asked the Government's certified expert:

"was I required to report all of these transactions on would be the form 1040."

Doc. 393, pg. 212, ln 12-14

Mr. Miller answered "that's correct." Doc. 393, pg. 2112, ln15

During the trial, the Government informed its theory as to Count Two, Three, and Four, "are independent of whether or not he filed a return because of all the affirmative acts." Doc. 395, pg. 2648, ln. 19-24

(6)

While Defendant was attempting to enter into the record Form 1040 and instructions, the Government explained they had no objection:

"you honor, with respect to the materials the information books and returns for the years 2000 to 2005, we're not going to oppose the introduction of those, they're voluminous, but at least they do fall within the scope of the conspiracy, although Mr. Springer didn't file any of the <u>Forms in issue</u>."

Doc. 396, pg. 2675, ln. 19 to 25

When this Court was addressing Defendant's Motion to Dismiss (Doc. 53, 54) it explained the question:

"The question presented by this Motion is whether the prosecution should be dismissed because the Defendants contend that the <u>tax reporting forms</u> and publications IN QUESTION did not comply <u>with the Paperwork Reduction Act...</u>"

Doc. 383, pg. 132, ln 16 to 23

Defendant explained at the Supplemental Faretta Colloquy:

"Your Honor, honestly, you know, no I do not understand them. They're very confusing to me....I do not understand whether its evasion of assessment, evasion of payment or how one could go for 9 years."

Doc. 382, pg. 16, ln 14 to 23

The Court then said:

"I understand your point.  Well address that when we address the motion for Bill of Particulars.  I think your recitation, at least  for immediate purposes, satisfies me that you do at least understand, such to the limitations you have described, the general nature of the charges."

Doc. 382, pg. 17, ln 10 to 15

Defendant was given a letter dated June 3, 2005, which the Government contended was the line of demarcation when the Secretary of the Treasury's institution named IRS surrendered its authority to the Local U.S. Attorney for Grand Jury prosecution and the years of referral were "2000 through 2004" and only involving Defendant's tax obligations and duties.

The Government argued in opposition to Defendant's Motion for

Release that the Form at issue was "not necessarily a Form 1040."

Doc. 35_, pg. 5-6

During Defendant's cross examination the Government asked Defendant "does [Dole v. United Steelworkers] ever mention Form 1040."

Doc. 396, pg. 2762, ln 20

On Appeal the Government argued:

"Springer tries to avoid this case law by maintaining that because the Form he was required to file by regulation, the PRA applies. But Springer is not being punished for willfully failing to file a particular agency-specified form; he is being punished for willfully failing to 'make a return...at the time or times required by law or regulation."

The Tenth Circuit, in affirming Defendant's conviction on each of the Six Counts explained and held:

"there is no substantive obligation or crime arising out of form 1040 itself."

Springer, 444 Fed. Appx. at 262

The Tenth Circuit continued:

"the obligation to file a tax return and the criminalization of willful failure to do so represent statutory mandates divorced from Form 1040."

Id.

The Tenth Circuit also explained what the law required:

"defendant's obligation to file a return, and the crimes associated with their efforts to circumvent that obligation, are prescribed by statute, e.g. 26 U.S. §§ 6012 (requiring the filing of return), 7203 (proscribing the failure to file return.)."

Id.

The Tenth Circuit also said:

"In fact, an actual Form 1040 may not even be necessary to comply with the statutory obligations."

Id.

The Tenth Circuit also placed the duty to file under § 6091(a),

(8)

and not § 6091(b), as both Congress and the Grand Jury alleged:

> "The Secretary of the Treasury is authorized under 26 U.S.C. §
> 6091(a) to promulgate regulations prescribing 'the place for
> filing of any ruturn, declaration, statement or other document."

Id.

Despite the Government's numerous claims Treasury Regulations were not involved, Doc. 201, the Tenth Circuit affirmed the Six Counts based upon 26 CFR § 1.6091-2 for 2005's version and applied that version backwards to 2000 through 2004.  Id. at 261

Recently, the U.S.A. Today News Paper reported on the *tens of thousands* of people who they did not charge criminally for placing their transactions outside of this Country.  See Exhibit 1

The decision by the Tenth Circuit reported at 444 Fed Appx. 256 was entered on October 26, 2011.

After timely Petition for Rehearing and Suggestion for Rehearing En Banc, Petitioner timely petitioned for Writ of Certiorari which was denied on June 4, 2012.

Defendant's Motion under § 2255 is due on or before June 3, 2013.

On February 12, 2012, the Supreme Court in Kawashima v. Holder, 182 L.Ed 2d 1,11(2012) held Section 7201 contains two separate offenses:

> "the offense of willfully attempting to evade or defeat the
> assessment of a tax as well as the offense of willfully attempting
> to evade or defeat the payment of a tax. Sansone v. U.S., 380 U.S.
> 343, 354(1965)."

ARGUMENT IN FAVOR OF OVERLENGTH BRIEF

1.  The Government's prosecution of the Grand Jury's Six Count Indict-
ment changed from being inexorably linked to Form 1040 to a theory
each of the Six Counts were "divorced" from Form 1040.

To begin with, the case presented to the Grand Jury *must be within*
the referral from the Secretary of the Treasury to the U.S. Attorney's
office.   The June 3, 2005, letter of referral was limited to Defendant's
tax liabilities for 2000 through 2004. Doc. 80-10

It was the "Grand Jury that indicted Mr. Springer and Mr. Stilley
not Special Agent Shern." Doc. 392, pg. 1837, ln 7-9

There is no doubt Mr. Shern is the only person who testified
before the Grand Jury on March 9, 2009.

The Grand Jury alleged Defendant failed to file Federal Income
Tax Returns (¶ 6), entered into an agreement involving "Federal Income
Taxes," (¶ 9), and both Defendant and Stilley "refrained" from filing
forms with the IRS, including Form 1040 and 1099. (¶ 14).

Counts Two, Three and Four, each alleged the violation of 7201
was to evade the assessment of taxes by failing to file a "United States
Individual Income Tax Return" for Calender year 2000, 2003, and 2005.
(¶¶ 41,43,45)

Counts Five and Six alleged the violation of 7203 was by way
of willfully failing to file an income tax return for Calender year
2002 and 2004. (¶¶ 47, 49)

Counts Two, Three, Five and Six, alleged "as required by law."
(¶¶ 41,43,47,49).  Count Four alleged the filing was required. (¶ 45)

There is no doubt the Form Number 1040 is entitled "U.S. Individual
Income Tax Return".

The Seventh Circuit in holding Section 7201 was one crime or
offense with two methods of violating it, explained in U.S. v. Dunkel,

(10)

900 F.2d 105, 107(7th Cir. 1990):

> "evading assessment (as fooling the IRS about your income) and eavding payment of taxes (as by secreting assets after taxes have been assessed)."

The 9th Circuit in U.S. v. Mal, F2d 682, 687-88(9th Cir. 1991) agreed with the 7th Circuit in Dunkel that § 7201 was one offense not two.

The Tenth Circuit has never addressed whether § 7201 provides two offense with two means or one offense with two means; See Mal, 942 F.2d at 688("We likewise decline to constrict the scope of § 7201 by defining 'tax evasion' as two separate and distinct crimes.")

Recently, the 3rd Circuit in U.S. v. Root, 585 F.3d 145, 151(3rd Cir. 2009) explained evasion of assessment which involves effort to shield taxable income to prevent the IRS from determining one's tax liability, and evasion of payment, which concerns conduct designed to place assets out of reach to prevent the IRS from settling ones tax liability.   (Citing Sansone)

The Supreme Court clarified its Sansone decision in Kawashima v. Holder, 182 L.Ed 2D 1, 11 (2012) where it said:Section 7201 creates Two Offense:includes two

> "the offense of willfully attempting to evade or defeat the assessment of a tax, as well as the offense of willfully attempting to evade or defeat the payment of a tax. Sansone v. U.S., 380 U.S. 343, 354(1965)."

Although this case from the start in Counts Two, Three, and Four, alleged only acts of evading the "assessment", the Government in its Trial Brief switched the offense to evasion of payment. Doc. ___

The switch from the Grand Jury's allegations in each Count, as clarified by Two Bills of Particulars, from being inexorably linked to Form 1040, to not necessarily being required to answer the questions on Form 1040, to being divorced from each Count by the time the Tenth

(11)

Circuit considers  the appeal, changed so many issues in this case.

Defendant was told no regulations were involved but yet the Tenth Circuit saves each Count on 26 CFR § 1.6091-2's 2005 version.

Defendant was told Form 1040 and United States Individual Income Tax Returns, the title to Form 1040, were at issue in each of the Six Counts.

Defendant raised the Fifth Amendment privilege to having to answer any question on Form 1040 and the Court denied the Motion claiming Defendant could have claimed th privilege on specific *items* on Form 1040 but could not draw a conjures Circle by refusing to answer anything on Form 1040.  Doc. 383, pg. 138-139.

In opposing Defendant's Motion to Dismiss, Doc. 59,60, the Government claimed:

> "If the Form of Return provided called for answers that the defend-
> ant was privileged from making he could have raised the objection
> in the return, but could not on that account refused to make any
> return at all."

Doc. 71, pg. 9

During Trial the Government showed its switch in Counts Two, Three and Four:

> "the evasion Counts [2,3, and 4] are independent of whether or
> not he filed a return because of all the affirmative acts."

Doc. 395, pg. 2648, ln 19-24

The Government led Defendant to believe the Grand Jury alleged in its required by law a "tax return" under § 6091(b), not § 6091(a), as they secured from the Tenth Circuit on October 26, 2011.

Counts One through 6 each go well beyond the limitations the Secretary placed on his referral.  See Count One(2000-2009), Count Two (2000-2009), Count Three (2003-2009), Count Four (2005-2009).

Just the fact these dates go beyond the date the Tax Form was

alleged by the Grand Jury to be due, and taxes owing, shows the Grand Jury was confused about whether the offense they were indicting was evasion of assessment or evasion of payment.

Defendant waived his right to Counsel based upon the words in the Grand Jury's Six Counts.

Defendant chose his defense based upon what those Six Counts alleged.

Defendant chose who he would call as witnesses and how he would cross exaimine witnesses based upon the words in the Six Counts.

There are several things Defendant would have done differently.

Defendant did not choose to waive counsel on the claims that the duties and obligations were divorced from the requirements at 26 §§ 6011 and 6012.

Defendant did not choose to waive counsel on the claims that the duties and obligations were divorced from the requirements at 26 U.S.C. §§ 6091(b) and 6151.

Defendant could have raised the defense he thought he had a Fifth Amendment Right to remain silent regarding answering the questions on Form 1040, good faith, or attempted to take the Government up on its oral offer whether Defendant would interested in any sort of plea on January, 2009.

Defendant could have shown how he believed Form 1040 was inexorably linked to the requirements at 26 U.S.C. §§ 6011, 6012, and their regulations, by focussing in on the Secretary's instruction books and 26 CFR § 1.6012-1(a)(6) directing 1040 is mandatory ("shall").

Defendant would never have taken the stand to testify on his own Defense about Form 1040 has he been told the theory the Grand Jury alleged had been changed.

(13)

2.  Several other issues that should have been raised in District Court but were not because the choices of defense.

Had Defendant been informed of the nature and cause of each of the Six Counts were divorced, not inexorably linked, to the requirements at 26 U.S.C. §§ 6011, 6012, 6091(b), 6151, and their *regulations*, *Defendant* would have challenged the Constitutionality of each provision that used the term "return".  Defendant has many challenges to application of § 6091(a), had that been the theory of return.  Since § 6091(b) uses the title "tax returns" Defendant had no way of knowing the Six Counts rested on § 6091(a).

The Government's stance no regulations were necessary to prove their case in chief, Doc. 201, and the Tenth Circuit's reliance upon 26 CFR 1.6091-2 for the 2005 version, applying to 2000 through 2004, the years of referral, show how far different the convictions are from the claims made in the Grand Jury indictment in each of the Six Counts and as clarified by Two Bills of Particulars.

3.  Count Four has so many problems.

First, the affirmative acts in Count Four are two and neither have anything to do with Turner $ 250,000 transaction in August, 2005.

As is with Counts Two and Three, Count Four was also changed to an evasion of payment offense, which the Acts, as those in Counts Two, Three, and Four, were for evasion of assessment.

Count Three and Four have an aiding and abetting charge that hinges upon whether the offense alleged in violation of § 7201 was committed and that could not have been committed as evasion of payment because the Grand Jury alleged evasion of assessment acts.  How did the Grand Jury determine, or yet the Jury at Trial, determine which offense Stilley was a principal to?

(14)

4.    Defendant was denied the effective representation on Appeal by Sixth Amendment Counsel.

The entire record below is based upon Form 1040.  In deed, this Court instructed the jury it had "ruled that Form 1040 did not and does not violate the Paperwork Reduction Act." Doc. 393, pg. 1949, ln. 16 to 18.

In approving Defendant's good faith defense to be presented to the jury this Court held:

"The issue is whether you have a basis for a good faith belief that the Form 1040 violated the Paperwork Reduction Act."

Doc. 392, pg. 1931, ln 5 to 7

Although Defendant waived Counsel at the District Court he did not waive counsel on appeal.

Had Defendant and his counsel been made aware Form 1040 was divorced and not at issue the record would have entirely different below.

Defendant is not exactly sure what issues to raise but has zoomed in his strongest suit.

5.  Need for more space to write

Defendant is limited to 25 pages for his brief length that is to accompany his Motion under § 2255 by local rule.

Defendant is also required to present the factual basis for each of his § 2255 claims.

The factual basis for Form 1040 takes up 25 pages with 15 being just the record below in relevant part quoting the portions applicable.

This was a very complicated case that was made even more complicated by the due process violations committed by the Government and those violations do not stop at Form 1040.

(15)

A motion under § 2255 is one of the last chances Defendant has to challenge the violations of the Fifth, Sixth Amendments, as well as the ex post facto violation applying both 26 CFR § 1.6091-2(2005) to the years of the referral (2000 through 2004) as well as the Tenth Circuit's holding the requirement under § 6012 is divorced from Form 1040, governed by § 6091(a), not 6091(b)(labeled "tax returns") and the amount   of what was "shown" owed under § 6151 was to be delivered to the place fixed by § 6091(b).

There was no way Defendant would have known the charges were divorced from Form 1040 in light of the Secretary's instructions and regulations.

None of the decisions by the Tenth Circuit on Form 1040 ever divorced Form 1040 from § 6012.

The Tenth Circuit found Defendant did not show on appeal how the Form 1040 violated the PRA and then divorced Form 1040 from each of the Six Counts.

Defendant is not exactly sure what rights he had with standby counsel but at no time did standby counsel ever say to Defendant that Form 1040 was divorced from the Six Counts even though the Grand Jury alleged Form 1040, United States Individual Income Tax Return, Federal Income Tax Return, Federal Income Taxes, and income tax returns through- out the Six Counts.

As the Court found in ordering a Bill of Particulars on July 2, 2009:

> "He has shown me several places in the indictment where it says he failed to file an individual income tax return as required by law."

Doc. 383, pg. 12, ln 23 to 25

Since a Motion under § 2255 is considered a Habeas Corpus, if Defendant was not allowed to file an overlength brief it would raise

serious suspension clause issues.

## CONCLUSION

Defendant respectfully requests this Court to issue an order allowing the Clerk of Court to receive and file an overlength brief or memorandum accompanying his Motion under § 2255, also accompanying Defendant's Declaration, not to exceed 75 pages (not including the Form Motion under § 2255 and Declaration of Defendant)(currently by local rule Defendant is allowed 25 pages).

_Lindsey K. Springer_ 12.26.12
# 02580-063
Federal Correctional Institution
1900 Simler Ave
Big Spring, Texas 79720

(17)

# IRS makes offer to offshore tax cheats

The IRS is reviving a program that lets Americans hiding money abroad pay back taxes and penalties while avoiding criminal prosecution. IRS Commissioner Douglas Shulman said efforts in 2009 and 2011 resulted in the collection so far of $4.4 billion from 33,000 people. He said the government could gain several times that amount as a result of both the new initiative plus people deciding against stashing assets overseas.

Exhibit A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I mailed this Motion for Leave to file overlength brief and memorandum to the Clerk of Court's office at 333 West Fourth St., Tulsa Oklahoma, 74103, on December 26, 2012:

I FURTHER CERTIFY that all parties will receive service of this Motion for Leave to file overlength breif and memorandum through the Court's ECF system:

Oscar Amos Stilley
United States of America

_____
server

## DECLARATION

I declare under penalty of perjury I mailed the above document by depositing the same in the U.S. Mail Box located inside the external boundaries of Big Spring Texas and within the Federal Correctional Institution Big Spring on December 26, 2012.

_____
declarant

(18)