

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA

      Plaintiff(s)

vs.                                                  Case Number:  09-CR-043-Friot

Lindsey Kent Springer, et al.,

**FILED**

      Defendant(s)

### MOTION UNDER U.S.C. § 2255
### TO VACATE, SET ASIDE OR CORRECT A SENTENCE
### BY A PERSON IN FEDERAL CUSTODY

MAR 11 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| **Name** (under which you were convicted): <br> Lindsey Kent Springer | |
| Place of Confinement: <br> FCI Big Spring (Low) | Prisoner No.: <br> 02580-063 |

1.  (a) Name and location of court which entered the judgment of conviction you are challenging: _____
    United States District Court for the Northern Judicial District
    of Oklahoma, located at 333 W. 4th St., Tulsa, Oklahoma, 74103

    (b) Criminal docket or case number (if you know): 09-CR-043-Friot

2.  (a) Date of the judgment of conviction (if you know): April 28, 2010
    (b) Date of sentencing:  April 21,22, and 23, 2010

3.  Length of sentence:  180 months-Count 1,2,3 60 months ran consecutive w/ 4,5,6

4.  Nature of crime (all counts):  Count 1 alleged a conspiracy to defraud the IRS
    by impeding lawful functions of ascertainment and assessment of federal
    income taxes; Count 2,3,4 alleged attempt to evade assessment of income
    taxes for 2000,2003, and 2005 respectively; Count 5 and 6 alleged will-
    failure to file an income tax return for 2002 and 2004 respectively.
    All Six Counts alleged either failure to file Form 1040 or U.S. Individ-
    ual Income Tax Return (or income tax return).

5.  (a) What was your plea? (Check one)
    (1) Not guilty [X]         (2) Guilty [ ]         (3) Nolo contendere (no contest) [ ]

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
    what did you plead guilty to and what did you plead not guilty to? _____

Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody   -1-   C/J   C/MJ   C/Ret'd   No Env AO-243 Modified (8/06)

____ Mail   ___No Cert Svc   ___No Orig Sign

No Cpys   ✓No Env/Cpys   O/J   O/MJ

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: United States Court of Appeals for the Tenth Circuit

   (b) Docket or case number (if you know): 10-5055

   (c) Result: Affirmed

   (d) Date of result (if you know): October 26, 2011

   (e) Citation to the case (if you know): U.S. v. Springer, 444 Fed. Appx 256 (10th)

   (f) Grounds raised: 1) Defendant's committed no crime because there is no government entity outside of Washington D.C. with the lawfully delegated power to collect taxes or enforce the internal revenue laws; 2) the Paperwork Reduction Act precludes imposition of all penalties arising from their convictions; 3) the district court erred in denying their motion to suppress; 4) the district court erroneously instructed the jury as to the definition of gift and income; (See additional pgs)

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐
      If "Yes," answer the following:

      (1) Docket or case number (if you know): 11-10096

      (2) Result: Cert Denied; denial is no opinion on merits.

      (3) Date of result (if you know): June 4, 2012

      (4) Citation to the case (if you know): 132 S.Ct 2726, 183 L.Ed 2d

      (5) Grounds raised: See additional pages "9(g)(5)"

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes ☒   No ☐

ADDITIONAL PAGES FOR SECTION 9(f)

(f) Grounds raised (continued)

5) the district court should have allowed defendants to subpoena employees of the Justice Department and the IRS; 6) defendant's did not waive their right to counsel voluntarily, knowingly, and intelligently; 7) the district court did not properly calculate their attributable tax losses under the sentencing guidelines or properly apply their respective sentencing enhancements; and 8) Mr. Stilley's conspiracy conviction cannot be classified as a felony.

The decision makes the following statement:

"Defendants make passing references to other potential issues throughout their opening brief, but such scattered, perfunctory statements are insufficient to invoke appellate review and, accordingly those issues are deemed waived."

## QUESTION(S) PRESENTED

1.  DID CONGRESS, BY ENACTING THE RESTRUCTURING AND REFORM ACT OF 1998, P.L. 105-206, 112 STAT. 685, 689, § 1001(a), WHICH HAS NOT BEEN CODIFIED INTO TITLE 26, UNITED STATES CODE, AUTHORIZE AND DIRECT THE INTERNAL REVENUE DISTRICTS CALLED FOR BY 26 U.S.C. §§ 6091(b), 7601, AND 7621, BE ABOLISHED?

2.  WHAT ACT OF CONGRESS EXPRESSLY PROVIDES THE WASHINGTON D.C. ENACTED OFFICE OF THE SECRETARY OF THE TREASURY AUTHORITY TO EXERCISE, OR ALLOW TO BE EXERCISED, THE AUTHORITY OF HIS OFFICE OUTSIDE WASHINGTON D.C., AND WITHIN ANY OF THE 50 STATES, IN THE ADMINISTRATION AND ENFORCEMENT OF TITLE 26, UNITED STATES CODE?

3.  DOES THE GRAND JURY'S ALLEGED OBJECT OF THE CONSPIRACY IN COUNT ONE, THAT DEFENDANTS' INTENDED TO IMPEDE THE "LAWFUL FUNCTIONS" OF THE SECRETARY OF THE TREASURY'S INTERNAL REVENUE SERVICE, IN ASCERTAINING, COMPUTING, ASSESSING, AND COLLECTION OF TAXES OWED, REQUIRE PROOF THE PRESIDENT HAD ESTABLISHED CONVENIENT INTERNAL REVENUE DISTRICTS TO ALLOW THE SECRETARY TO PERFORM SUCH FUNCTIONS?

4.  IN ORDER FOR CRIMINAL INTENT TO ATTACH TO PETITIONER'S FAILURE TO DELIVER PRESCRIBED TAX RETURN FORM 1040 FOR YEARS 2000 THROUGH 2007, AND PAYMENT OF TAXES THEREIN, DOES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT REQUIRE THE PRESIDENT ESTABLISH CONVENIENT INTERNAL REVENUE DISTRICTS?

5.  SHOULD THE INDICTMENT HAVE BEEN DISMISSED FOR FAILURE TO ALLEGE AN OFFENSE AFTER FINDING INTERNAL REVENUE DISTRICTS NO LONGER EXISTED?

6.  DOES THE SIXTH AMENDMENT'S "DISTRICT" MEAN AND REQUIRE, IN RELATION TO TAX RELATED OFFENSES, INTERNAL REVENUE DISTRICTS PREVIOUSLY ESTABLISHED BY LAW?

## QUESTION(S) PRESENTED

7.   WHEN BOTH 26 U.S.C. § 6091(b)(1)(A)(i) AND (ii), AND 26
C.F.R. § 1.6091-2(2000 through 2004) RELY UPON THE EXISTENCE
OF DISTRICT DIRECTOR OFFICES IN EACH INTERNAL REVENUE DISTRICT,
FOR PURPOSE OF WHERE TO DELIVER PRESCRIBED TAX RETURN FORMS
AND PAYMENT, WITH BALTIMORE MD. DESIGNATED FOR PERSONS WHO
DO NOT LIVE IN ANY INTERNAL REVENUE DISTRICT, AND WHERE NO
SUCH OFFICES OR DISTRICTS EXIST, INCLUDING BALTIMORE MD.,
HOW WAS PETITIONER "required by law" AND TO HAVE ACTED
WILLFULLY INVOLVING THIS LEGAL IMPOSSIBILITY?

8.   IN THE ABSENCE OF INTERNAL REVENUE DISTRICTS AND OFFICE OF
DISTRICT DIRECTOR, WHERE IS THE PLACE PETITIONER COMMITTED
THE OMISSION OF FAILURE TO DELIVER PRESCRIBE FORMS OF RETURN
AND PAYMENT OF TAXES FOR YEARS 2000 THROUGH 2007?

9.   IS THE OBLIGATION TO DELIVER PRESCRIBED FORMS OF "TAX RETURNS"
INFORMATION AND PAYMENT ANNOUNCED BY CONGRESS AT 26 U.S.C. §
6091(b), AS THE PROSECUTION AND COURT MAINTAINED BELOW, OR IS
THE OBLIGATION ANNOUNCED AT § 6091(a), AS THE TENTH CIRCUIT
SWITCHED TO DURING THE APPEAL OPINION?

10.   DOES THE TENTH CIRCUIT'S SWITCH ON APPEAL TO § 6091(a),
REGARDING § 6091(b)'S "TAX RETURNS", VIOLATE PETITIONER'S
FIFTH AMENDMENT RIGHT TO A GRAND JURY INDICTMENT AND DUE
PROCESS OF LAW, AS WELL AS PETITIONER'S SIXTH AMENDMENT
RIGHT TO A JURY TRIAL AND TO KNOW THE NATURE OF THE CAUSE
OF THE GRAND JURY'S ACCUSATIONS TO BE DEFENDED?

11.   DOES THE TENTH CIRCUIT'S APPLICATION OF 26 C.F.R. § 1.6091-2
(2005),TO YEARS 2000 THROUGH 2004,VIOLATE PETITIONER'S FIFTH
AMENDMENT SECURED RIGHT TO A GRAND JURY INDICTMENT AND DUE
PROCESS OF LAW, AND BOTH ARTICLE I, § 9, CL. 3'S PROHIBITION
AGAINST EX POST FACTO APPLICATION OF LAWS AND CONGRESS' 26
U.S.C. § 7805(b)'S PROHIBITION AGAINST RETROACTIVE APPLICATION
OF TREASURY REGULATIONS?

- iii -      "9(g)(5)" 3 of 6

**QUESTION(S) PRESENTED**

12.   IS  26 C.F.R. § 1.6091-2(2005), AS APPLIED TO ALL SIX COUNTS
      OF THE INDICTMENT BY THE TENTH CIRCUIT ON APPEAL, AND ITS
      PHRASE "local Internal Revenue Service office" AND "shall be
      filed with any person assigned the responsibility to receive
      returns"; CONSTRUED IN A CRIMINAL CONTEXT, AMBIGUOUS,
      ARBITRARY, CAPRICIOUS, AND CONTRARY TO CONGRESS' WORDS AT
      26 U.S.C. §§ 6091(b)(1)(A)(i), (b)(4), AND (B)?

13.   WHERE THE PROSECUTION DENOUNCED TREASURY REGULATIONS PLAYED
      ANY ROLE IN THE GRAND JURY'S OFFENSES ALLEGED IN ALL SIX
      COUNTS, AND WHERE ON APPEAL, THE TENTH CIRCUIT AFFIRMED EACH
      COUNT UPON 26 C.F.R. § 1.6091-2(2005), DOES THE TENTH CIRCUIT'S
      SWITCH TO TREASURY REGULATIONS VIOLATE PETITIONER'S FIFTH
      AMENDMENT RIGHT TO BE INDICTED BY GRAND JURY ON THAT REGULATION
      AND DUE PROCESS OF LAW, AS WELL AS SIXTH AMENDMENT RIGHT TO
      A JURY TRIAL ONLY ON THE GRAND JURY INDICTMENT?

14.   DUE TO THE OBVIOUS PROBLEMS CAUSED BY THE PRESIDENT FAILING
      TO ESTABLISH CONVENIENT INTERNAL REVENUE DISTRICTS,REQUIRED
      BY 26 § 7621, DID THE RULE OF LENITY WARRANT DISMISSAL?

15.   DID THE FORM 1040 U.S. INDIVIDUAL INCOME TAX RETURN FOR YEARS
      1990 THROUGH 2007 WILLFULLY FAIL TO DISPLAY COMPLIANCE WITH
      44 U.S.C. §§ 3504(c)(1980), 3506(c)(1)(B)(1995), 3507 and 3512
      (1980 and 1995)?

16.   DOES THE PENALTY IMPOSED CONSTITUTE CRUEL AND UNUSUAL PUNISH-
      MENT IN LIGHT OF THE PAPERWORK REDUCTION ACT PROTECTIONS?

17.   DO THE CRIMINAL AND MONETARY PENALTIES IMPOSED UPON PETITIONER'S
      RIGHT TO LIBERTY BY THE DISTRICT COURT, AS AFFIRMED BY THE
      TENTH CIRCUIT, WHICH ALL ARE BASED UPON WILLFUL FAILURE TO
      FILE TAX RETURN FORM 1040 AND PAYMENT OF TAXES, PURSUANT TO
      18 U.S.C. § 371 AND 26 U.S.C. §§ 7201 and 7203, withstand
      THE PUBLIC'S PROTECTION FROM SUCH PENALTIES AT 44 U.S.C. §§
      3512(1980) and 3512(a)(1995)?

## QUESTION(S) PRESENTED

18. HOW IS THE TAX IMPOSED AT ISSUE IN EACH COUNT OF THE INDICTMENT?

19. IS THE FORM 1040 U.S. INDIVIDUAL INCOME TAX RETURN FOR YEARS 2000 THROUGH 2007 "DIVORCED" or "INEXORABLY LINKED" TO THE REQUIREMENTS OF 26 U.S.C. §§ 6011, 6012, 6072, 6091(b)(1)(A), 6151, 7201 AND 7203?

20. SHOULD THE DISTRICT/TRIAL COURT HAVE GIVEN PETITIONER NOTICE IN SOME FORM THAT IT HAD FOUND FORM 1040,FOR ALL RELEVANT YEAR,DID NOT VIOLATE THE PAPERWORK REDUCTION ACT,KNOWING THAT PETITIONER MOVED TO DISMISS AND SOUGHT TO PRESENT A GOOD FAITH DEFENSE,AND AFFIRMATIVE DEFENSE,PURSUANT TO 44 U.S.C. § 3512(b)?

21. DOES THE SECRETARY'S PRESCRIBING AT 26 C.F.R. § 1.6011-1 AND § 1.6012-1,FOR ALL RELEVANT TIMES, USE OF FORM 1040 TAX RETURNS SHALL BE MADE PROVIDING ANSWERS AND INFORMATION TO QUESTIONS ASKED THEREIN, INEXORABLY LINK FORM 1040 TO 26 U.S.C. §§ 6011 and 6012?

22. DOES THE CONTROL NUMBER DISPLAYED BY THE SECRETARY ON FORM 1040 NEED TO BE ISSUED IN ACCORDANCE WITH THE REQUIREMENTS OF THE PAPERWORK REDUCTION ACTS AND OMB REGULATIONS?

23. IS THE DISTRICT/TRIAL COURT'S JURISDICTION AND VENUE UPON INSTITUTIONAL REFERRAL LIMITED TO THE YEARS AND TAXES WITHIN THE JUNE 3, 2005, LETTER FOUND BY THE TENTH CIRCUIT?

24. DOES THE EVIDENCE OF "INSTITUTIONAL COMMITTMENT" TO PROSECUTE PETITIONER, PRIOR TO THE JUNE 3, 2005, LETTER OF REFERRAL, WARRANT SUPPRESSION OF ALL EVIDENCE GATHERED BY THE SECRETARY'S AGENTS THROUGH ENFORCEMENT AUTHORITY OBTAINED SIMULTANEOUSLY, WHILE A GRAND JURY WAS CONVENED FOR THE SAME TAX YEARS,WHICH IS THE ONLY LINK TO EVIDENCE USED AT TRIAL?

25. DOES THE PROPHYLACTIC RULE PROHIBITING POST REFERRAL USE BY THE SECRETARY OF HIS ENFORCEMENT AUTHORITY APPLY TO THE SECRETARY'S AUTHORITY TO OBTAIN AND SERVE SEARCH WARRANTS AT 26 U.S.C. § 7608(b) AND THE EVIDENCE DERIVED THEREFROM?

- v -   "9(g)(5)" 5 of 6

## QUESTION(S) PRESENTED

26.   DOES THE DECLARATIONS OF U.S. ASSISTANT ATTORNEYS AND SPECIAL AGENTS THAT STATE, AS OF SEPTEMBER 16, 2005, THE INTERNAL REVENUE SERVICE CONTINUED TO EXERCISE THE SECRETARY'S ENFORCEMENT AUTHORITY, NOT WITHSTANDING THE JUNE 3, 2005, REFERRAL, SHOW DIRECT EVIDENCE OF THE PROPHYLACTIC RULE FROM U.S. V. LaSALLE, 437 U.S. 298, 308-318(1978) BEING VIOLATED, GATHERING EVIDENCE IN BAD FAITH, WARRANTING SUPPRESSION OF ALL EVIDENCE GATHERED AFTER JUNE 3, 2005?

27.   WHEN DOES A COLLATERALLY SECURED LOAN BECOME "GROSS INCOME" FOR PURPOSE OF CRIMINAL TAX EVASION CLAIMS?

28.   IS BOTH THE DISTRICT/TRIAL COURTS AND TENTH CIRCUIT'S EXCLUSION OF "GIFTS" AND "DONATIONS" FROM INCOME GENERALLY A MISTAKE OF LAW WARRANTING REVERSAL AND NEW TRIAL?

29.   SHOULD THE SIX COUNTS OF THE INDICTMENT HAVE BEEN DISMISSED PRIOR TO TRIAL DUE TO THE ISSUE OF WHETHER ANY MONEY GIVEN PETITIONER, WAS OR WAS NOT A GIFT, HAD NOT BEEN DETERMINED BY A PROPERLY INSTRUCTED FACT FINDER?

30.   DID THE TRIAL COURT'S DECISION TO ALLOW THE JURY DECIDE WHETHER MONEY GIVEN PETITIONER WAS OR WAS NOT A GIFT OR DONATION, ALONG WITH SIMULTANEOUSLY INSTRUCTING THE JURY TO DECIDE PETITIONER'S TAX DEFICIENCY, IN THE CRIMINAL CONTEXT, VIOLATE PETITIONER'S RIGHT TO DUE PROCESS OF LAW SECURED BY THE FIFTH AMENDMENT, AS WELL AS BE IN DIRECT CONFLICT WITH THIS COURT'S HOLDING IN CIR V. DUBERSTEIN, 363 U.S. 278 (1960)?

31.   IS IT UNREASONABLE FOR THE DISTRICT/TRIAL COURT TO INCLUDE IN ITS "TAX LOSS" CALCULATIONS, FROM BOTH CIVIL CONDUCT FROM YEARS OUTSIDE THE YEARS OF REFERRAL, AND FROM OTHER TAXPAYERS, INCLUDING OSCAR AMOS STILLEY'S COMPLETE TAX LIABILITY FOR ALMOST A DECADE?

32.   IS THE DISTRICT/TRIAL COURT'S JURISDICTION AND AUTHORITY TO ORDER RESTITUTION LIMITED TO THE SECRETARY OF THE TREASURY, AND FOR ONLY YEARS 2000 THROUGH 2004, AS LISTED IN THE REFERRAL?

- vi -        "9(g)(5)" 6 of 6

**QUESTION(S) PRESENTED**

33.    DOES PETITIONER'S RIGHT TO CALL WITNESSES MATERIAL TO HIS
DEFENSE UNDER THE SIXTH AMENDMENT, WHO HAPPEN TO BE EMPLOYEES
OF THE UNITED STATES GOVERNMENT, REQUIRE, WITHOUT EXCEPTION,
PETITIONER OBTAIN PERMISSION FROM THE UNITED STATES THROUGH
"TOUHY" TYPE REGULATIONS BEFORE THAT RIGHT CAN BE PROPERLY
EXERCISED?

34.    DOES THE APPROXIMATE 10 MINUTE COLLOQUY BETWEEN PETITIONER
AND THE TRIAL JUDGE ON APRIL 22, 2009, A MONTH AFTER INDICTMENT
AND SIX MONTHS BEFORE TRIAL, SATISFY WHAT THIS COURT HAS
REPEATEDLY HELD TRIAL COURT'S MUST DO BEFORE A VOLUNTARY,
KNOWING, AND INTELLIGENT WAIVER OF PETITIONER'S SIXTH
AMENDMENT RIGHT TO COUNSEL WILL BE FOUND?

35.    SHOULD THE TRIAL COURT HAVE DISCUSSED (1) EACH STAGE OF THE
TRIAL PROCESS, (2) THE CHARGES BOTH BEFORE AND AFTER TWO BILL
OF PARTICULARS, (3) DEFENSES, (4) HOW TO SUBPOENA GOVERNMENT
WITNESSES FOR TRIAL, (5) HOW IT ALLOWED EVIDENCE TO BE ENTERED
INTO THE RECORD AT TRIAL, (6) HOW PETITIONER WOULD PRESENT HIS
TESTIMONY AT TRIAL IF DESIRED WITHOUT SOMEONE ASKING QUESTIONS,
(7) WHY PETITIONER WAS CHOOSING TO PROCEED WITHOUT REPRESENT-
ATION, (8) WHAT IT DECIDED THE "TERM" GIFT AND DONATION MEANT,
(9) THAT IT PLANNED ON SHARING ITS MAXIMS OF EXPERIENCE WITH
PETITIONER'S JURY DURING TRIAL, (10) THAT IT HAD FOUND WITHOUT
ANY RECORD BEING MADE FORM 1040 DID NOT VIOLATE THE PAPERWORK
REDUCTION ACTS, (11) THAT IT PLANNED ON INSTRUCTING THE JURY
AS TO THIS FACT FINDING, (12) FOR VENUE CHALLENGES HOW IT
FOUND PETITIONER WAS REQUIRED TO FILE AND PAY IN THE NORTHERN
JUDICIAL DISTRICT OF OKLAHOMA IN THE ABSENCE OF ANY INTERNAL
REVENUE DISTRICTS?

36.    ARE EACH OF THE OBLIGATIONS THIS COURT HAS SET FORTH IN ITS
NUMEROUS DECISIONS CONSTRUING WHEN AND UNDER WHAT CONDITIONS
A WAIVER OF THE SIXTH AMENDMENT SHALL BE CONSTRUED, SUBJECT TO
A STANDARD OF MUST, OR ARE THEY SUBJECT TO THE "IDEALLY SHOULD"
STANDARD SET FORTH BY THE TENTH CIRCUIT IN ITS OPINION AND ORDER?

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: United States District Court for Northern District of-

        (2) Docket or case number (if you know): 09-CR-043-Friot      -Oklahoma

        (3) Date of filing (if you know): Not sure

        (4) Nature of the proceeding: Motion for New Trial/Petition for Coram Nobis

        (5) Grounds raised: New Trial involved Order from Tenth Circuit in
Bivens Case where final determination of capacity of Special Agent
Shern was determined as of September 16, 2005, to be that of IRS
Agent. Coram Nobis sought based upon Sixth Amendment claims
Defendant did not knowingly, voluntaryily and intelligently waive
Sixth Amendment Right to be represented by Counsel.

        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☒

        (7) Result: Relief on both was denied by the District Court

        (8) Date of result (if you know): C.Nobis-11.08.10 (Doc. 427)

    (b) If you filed any second motion, petition, or application, give the same information:

        (1) Name of court: Not sure what you mean by "second" but see 11(a) above

        (2) Docket of case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☐

        (7) Result:

        (8) Date of result (if you know):

    (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion,
petition or application?

        (1) First petition:    Yes ☒    No ☐

        (2) Second petition:    Yes ☒    No ☐

    (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you
did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four
grounds. State the facts supporting each ground.

GROUND   1     - The indictment, conviction, sentence, and judgment on all Six Counts     must be vacated and set aside being entered without jurisdiction in violation of Article I, §, Cl.3, Article III, § 2, Fifth Amendment, 18 U.S.C. § 3231 and 26 USC § 7801(a).

(a) FACTS - Congress only placed the decision to enforce tax laws, civil and criminal, in the office of the Secretary of the Treasury personally at 26 USC § 7801(a). The June 3, 2005, letter proffered as a referral for Grand Jury prosecution is not issued by the Secretary of the Treasury as defined at 26 USC § 7701(a)(11)(A). Neither the offices of U.S. Attorney David O'Mielia, Grand Jury, or the District Court Judge, had Congressional or Constitutional authority to enforce the Tax Laws under Title 26 or offenses related to Title 26 without the permission of the Secretary of the Treasury.

See Springer's Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at page 4

See Memorandum in Support of this Motion at 1-2

(b) Direct Appeal of Ground   One

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise this Ground on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground One.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND   2   The indictment, conviction, sentence, and judgment on each of the Six Counts must be vacated and set aside where Trial Jurisdiction was lost when the U.S. Attorney resigned on June 28, 2009, leaving no one authorized by the President or the Secretary of the Treasury, or confirmed by the Senate under 28 USC § 541 to prosecute me on tax, or tax related offenses, under 28 USC § 547(1).

(a) FACTS - Congress only authorized the Secretary of the Treasury to personally enforce all Tax Laws under Title 26.  Congress only authorized a U.S. Attorney to prosecute criminal offenses at 28 USC § 547(1).  David O'Mielia resigned his Senate confirmed office on June 28, 2009, out of the Northern Judicial District of Oklahoma. No U.S. Attorney existed from June 28, 2009 until Summer, 2012.

      See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at page 11, 32, and 48
      See Memorandum in Support of this Motion at pages 2,3, and 4

(b) Direct Appeal of Ground Two
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐   No ☒
    (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failng to raise Ground Two on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Two.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐   No ☒
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐   No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐   No ☐
    (6) If your answer to Question (c)(4) is "Yes," state:
    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 3 - The indictment, conviction, sentence, and judgment, on Counts One, Two, Three, and Four, must be vacated and set aside being each entered without jurisdiction exceeding the Calendar and Tax Years of the June 3, 2005, referral.

(a) FACTS - The proffered June 3, 2005, jurisdictional referral is clearly for only Calendar and Tax Years 2000 through 2004. Count One is for 2000 through 2009. Count Two is 2000 through 2009. Count Three is for 2003 through 2009. Count 4 is for 2005 through 2009. Each exceed the years 2000 through 2004.

See Springer's Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 4 and 7

See Memorandum in Support of this Motion at page 4-5

(b) Direct Appeal of Ground Three

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Three on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Three.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 4 - The indictment, conviction, sentence, and judgment as to Count One must be vacated and set aside being in violation of the Fifth and Sixth Amendments, as well as Article III, § 2, 18 U.S.C. § 3231 and 26 U.S.C. § 7801.

(a) FACTS - The referral on June 3, 2005 is for me only and the Calendar and Tax Years 2000 through 2004. The January 6, 2007 letter joining Oscar Stilley does not change the limitations placed on the U.S. Attorney's Jurisdiction to prosecute, or the Grand Jury and District's Jurisdiction to enforce. The Trial Court added Stilley's tax liabilities to the Jury instructions on Count One, or did not prohibit it, and the verdict as to Count One was obtained by this impermissive broadening of Count One.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 4,23,29,30,32 and 45.

See Memorandum of Law in Support of this Motion at page 5

(b) Direct Appeal of Ground Four

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Four on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Four.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND   5   - The conviction, sentence, and judgment on each of the Six Counts

must be vacated and set aside being entered in violation of the Fourth and   Fifth

Amendments and the prophylactice rule announced in US v. LaSalle, 437 U.S. 298 (1978)

(a) FACTS - The purported search warrant evidence gathered on September, 16, 2005, by the

IRS after the IRS Grand Jury referral, or any other evidence gathered by enforcement

of the IRS after June 3, 2005, should have been suppressed from being used at Jury

Trial due to such evidence being gathered in Bad Faith and without Congressional auth-

ity, and based upon false and misleading testimony regarding the investigation. This

includes all records and statements of any kind (but not limited to). See Springer Decl.

Filed in Support of this Motion incorporated herein in its entirety but also at pages

(b) **Direct Appeal of Ground** 'Five          |4,25,26. See Memo. at pages 5,6,7.

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was inef-

fective for failing to properly raise Ground Five on appeal and this deficiency was pre-

judicial to Defendant.   I do not know why he did not raise Ground Five.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☒    No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or      Motion for New Trial

    Name and location of the court where the motion or petition was filed:   United States District
    Court Northern Judicial District of Oklahoma at Tulsa, Oklahoma

    Docket or case number (if you know):   09-CR-043-Friot

    Date of the court's

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☒    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☒    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:   United States Court of Appeals
    For the Tenth Circuit

    Docket or case number (if you know):

    Date of the court's decision:  October 26, 2011

    Result (attach a copy of the court's opinion or order, if available):   Affirmed

GROUND 6    – The conviction, sentence. and judgment on each of the Six Counts must be vacated and set aside being entered in violation of the Fourth and Fifth Amendment.

(a) <u>FACTS</u> – The U.S. Magistrate Frank H. McCarthy, had no Congressional Authority to issue a search warrant to IRS Special Agent Brian Shern on September 15, 2005, for the IRS to criminally investigate me for Calendar and Tax Years 2000 through 2004 due to the June 3, 2005, proffered Grand Jury referral for criminal prosecution. Mr. Shern had no Congressional authority to serve a search warrant pursuant to 26 USC § 7608(b) after the June 3, 2005, referral has been made.

See Springer Declaration Filed in support of this Motion incorporated herein in its entirety and also specifically at pages 4,25, and 26.

See Memorandum in Support of this Motion at 7-8

(b) **Direct Appeal of Ground** Six

    (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Six on appeal and this deficiency was prejudicial to Defendant.  I do not know why he did not raise Ground Six

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND   7   The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fourth and Fifth Amendments.

(a) FACTS- Shern was added to the ongoing IRS criminal investigation of me on April 26, 2005. On June 3, 2005, AUSA Nelson sought and received a letter from Special Agent in Charge Lacenski proffering referral from the IRS to DOJ for 2000 to 2004. On September 15, 2005, Nelson and Shern sought search warrant from Magistrate McCarthy whereby falsely and fraudulently swearing the IRS was continuing its investigation of me when both Nelson and Shern were fully aware of the June 3, 2005, proffered referral. Both Nelson and Shern knew, or should have known, IRS statutory authority ceased upon Grand Jury referral pursuant to U.S. v. LaSalle, 437 U.S. 298, 308(1978) and Bedarco v. CIR, 646 U.S. 386, 308-312 (1983)  Government bears burden of proof that search and seizure was reasonable, See U.S. v. White, 584 F.3d 935, 944(10th Cir. 2009), and acting in bad faith and under false pretense in order to use IRS authority to gather evidence from DOJ was knowingly prohibited. Fourth Amendment prohibits and protects me from Nelson and Shern's conduct. Mapp v. Ohio, 367 U.S. 643, 655 (1961). See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 4,25,26.

(b) Direct Appeal of Ground Seven

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐     No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Seven on appeal and this deficiency was prejudicial to Defendant.  I do not know why he did not raise Ground Seven

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐     No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐     No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐     No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

   _____

   _____

GROUND 8   The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside in violation of the Fourth and Fifth Amendment.

(a) FACTS- On September 15, 2005, the Clerk's Office received and filed in its Grand Jury drawer an unsworn affidavit signed by Brian Shern. I moved to quash the fruits of the search due to the Search Warrant not being obtained by sworn affidavit and was denied. Doc. 100, Def.Exh. 1 Immediately after the search I moved for discovery of the Affidavit and was denied by Magistrate Mcarthy being instructed I would need wait until I was prosecuted. Doc. 37-2, pg. 41-42 and 43-44 Had I been told of the June 3, 2005 proffered referral for 2000 through 2004 I would have moved to suppress use of the fruits of the search from being used before the Grand Jury for being obtained in violation of the Fourth and Fifth Amendment.   The evidence gathered on September 16, 2005 was obtained in bad faith and under false and fraudulent claims of authority.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 4,25 and 26.

See Springer Declaration Filed in support of this Motion.

(b) Direct Appeal of Ground Eight

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Eight on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Eight.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND  9   The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside, or corrected, being in violation of the Fourth and Fifth Amend.

(a) FACTS-  I sought the search warrant affidavit and was denied after it was executed. Magistrate Frank H. McCarthy ordered I was not entitled to it until prosecuted. Although search warrant was signed by Magistrate McCarthy, the Affidavit in support of the search was not, as filed in the Clerk's Office.  Shern's signature was blue ink but not sworn before anyone.  Magistrate McCarthy said in his order the affidavit would remain in the Clerk's Office "general sealed grand jury file." Doc. 37-2, pg. 44   The search warrant was not supported by an "affidavit" that was sworn on September 15, 2005, when the search warrant was issued as required by Fed.R.CR.Pr. 41(d)(1) and (2).  Rule 41(e)(1) requires the search warrant be issued to an officer authorized to execute it by Congress. The Trial Judge should have quashed the warrant and its fruit or ordered a full FRANK's Hearing on whether Rule 41 was violated  in  issuance of the search warrant by the Magistrate judge.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 4,25,26.

(b) Direct Appeal of Ground  Nine

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Nine on appeal and this deficiency was prejudicial to Defendant.  I do not know why he did not raise Ground Nine.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND 10 - The sentencing and judgment for restitution to the State of Oklahoma exceeds the United States Congress's jurisdiction as sovereign, in violation of the Fifth, Ninth, Tenth, Eleventh Amendments, Article I, § 8, Cl. 1, Article I, § 8, Cl. 3, Article I, § 8, Cl. 18, Article III, § 2, 18 U.S.C. § 3231.

(a) FACTS - The Trial and Sentencing Judge ordered Defendant to pay over $ 80,000.00 to the Sovereign State of Oklahoma who was not a party to the indictment and nor could it be. The District Court had no jurisdiction or authority to order Defendant to a certain amount of restitution, Federal or State.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at page 31.

See Memorandum of Law in Support of this Motion at pages 8-9

(b) Direct Appeal of Ground Ten

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Ten on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Ten.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

-20-

GROUND 11 - The sentencing and judgment for restitution to the State of Oklahoma for Calendar and Tax Years 1990 to 1995, 1999, and 2000 through 2007, must be vacated and set aside for whatever laws the Court relied upon which it did not identify, those State of Oklahoma laws, as imposed, are unconstitutional and in violation of the Fifth, Ninth, and Tenth Amendments.

(a) FACTS - In 1913 the States were found by Secretary of State Knoxs to have not surrendered their retained power to tax income from whatever source derived to the United States, by way of and as adopted by Congress, in the direct language of the Sixteenth Amendment. The Trial and Sentencing Court ordered me to pay the State of Oklahoma over § 80,000.00 in restitution which because the State of Oklahoma, by way of the Sixteenth Amendment, no longer has any claim over taxing any adjusted gross income, any such statutes enacted by the State of Okalhoma are unconstitutional.

_____ See Springer Declaration Filed in support of this Motion incorporated herein in its entirety and also specifically at page 31.

_____ See Memorandum of Law in Support of this Motion at page 9

(b) Direct Appeal of Ground Eleven

  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Eleven on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Eleven

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☒

  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐

  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: _____

  _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

  _____

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

  _____

  _____

-21-

GROUND 12 - The sentence and judgment for restitution exceeds the referral jurisdiction proffered by the U.S. Attorney on June 15, 2009, and are in violation of the Fifth Amendment, Article III, § 2, 18 U.S.C. § 3231 and 26 U.S.C. § 7801.

(a) FACTS - The Restitution Order entered by the Trial and Sentencing Judge explained on April 23, 2010, and entered on April 28, 2010, exceeded the referral time period of 2000 through 2004. The time period included in the restitution order was 1990 through 1995, 1999, and 2000 through 2007.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 4 and 31.

See Memorandum of Law in Support of this Motion at page 9-10

(b) Direct Appeal of Ground Twelve

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Twelve on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Twelve.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes [ ] No [X]

(4) Did you appeal from the denial of your motion, petition, or application?
Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND   13   The sentence and judgment on all Six Counts must be vacated and set aside or corrected being in violation of Fifth Amendment Due Process clause and without any jurisdiction regarding restitution.

(a) FACTS-   The Court ordered restitution in its sentence and judgment dated April 28, 2010. The Court cited no authority from either the Constitution or Congress authorizing it to order any amount of restitution for any tax year for Title 26 offenses, or Title 26 related offenses as all Six Counts are Title 26 offenses, or Title 26 related offenses. The District Court was without jurisdiction to order me pay any restitution.

 

 

    See Springer Declaration Filed in Support of this Motion incorpated herein in its entirety and also specifically at pages 4 and 31.

    See Memorandum of Law in Support of this Motion at page 10

(b) Direct Appeal of Ground  Thirteen

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐     No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Thirteen on appeal and this deficiency was prejudicial to Defendant.   I do not know why he did not raise Ground Thirteen.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐     No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐     No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐     No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND 14    The sentence and judgment as to all Six Counts must be vacated, set aside, and corrected being in violation of Article III, § 2, 18 U.S.C. § 3231, in excess of the granted of Congressional Authority, in violation of the Fifth Amendment Due Process clause and equal protection component.

(a) FACTS-  The proffered referral is for 2000 through 2004 and only involves my alleged tax liabilities on information and belief. The Court relied upon tax years 1990 to 1995, 1999, and 2000 through 2007 in its assessment of "Tax Loss" and restitution. There was no evidence of any tax evasion for 1990 through 1995 as the amounts in the assessment were generated through Bureau of Labor Statistics. 1999 was entirely the $ 111,000.00 transaction with Hedberge and Shern testified he told him it was a donation. Relevant conduct means criminal relevant conduct not just failure to file or pay. I am aware of no evidence of criminal intent    offered as to 1990 through 1995 and 1999. I think the same error of evasion of assessment verses payment found its way into Tax Loss and restitution.

    See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 4,27,28 and 31.

(b) Direct Appeal of Ground  Fourteen

    (1)  If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

    (2)  If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective to Defendant. I do not know he did not raise Ground Fourteen.

_____

(c)(1)  Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☒

    (4)  Did you appeal from the denial of your motion, petition, or appliention?
        Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

    _____

    _____

GROUND   15 - The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being each entered in violation of the Fifth Amendment's indictment clause.

(a) FACTS - None of the Six Counts track the language of the alleged offended statute. Each Count alleges, or interpreted to mean, I was required by Act of Congress to file with a "proper" officer of the United States, a Form 1040 United States Individual Income Tax Return for years 2000 through 2005 which in Counts One, Two, Three, and Four, led to taxes being due and owing. The Tenth Circuit held this Form 1040 however was "divorced" from each of the Six Counts and "divorced" from 26 USC §§ 6012 and 7203. I was given no notice of the "divorce" finding. Each Count required proof of intent.

   See Springer Declaration .Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 23,25,27,31,32,36,37,39.to.46,49 to 57

   See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) Direct Appeal of Ground   Fifteen

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact, I was specifically led Form 1040 was at the heart of each Count.  Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND 16 - The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being each entered in violation of the Fifth Amendments Due Process Clause.

(a)FACTS - I was given no notice Form 1040 was "divorced" from the offense conduct in all Six Counts. In fact, I was given notice the conduct in each of the Six Counts was inexorably linked to Form 1040 United States Individual Income Tax Return. My choice to waive Counsel, pre-trial defenses, trial defenses, including my right to present a good faith defense, were based upon my claim I did not act willfully in failing to file Form 1040s alleged in each Count. I would not have presented a 1040 good faith defense, or acted the way I did, had I known of the divorce theory.

    See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 23,25,27,31,36,37,39,41 to 46

    See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) **Direct Appeal of Ground** Sixteen

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. I was specifically led Form 1040 was at the heart of each Count. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 17 - The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being entered in violation of my right to choose whether to testify under the Fifth Amendment.

(a) FACTS - Based upon my understanding each of the Six Counts were inexorably linked to the Form 1040 United States Individual Income Tax Return, and that same Form 1040 was inexorably linked to the Paperwork Reduction Acts through Form 1040 instructions and notices, I sought and was permitted by the Trial Court to present a good faith defense as to why I did not willfully fail to file the specified Form 1040. I never would have taken the witness stand and testified about why I did not willfully fail to file Form 1040 had I known it was divorced from each of the Grand Jury's Six Counts.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 23,25,27,31,36,37,39,41 to 46

See Memorandum of Law in Support of this Motion at page 11 through 15

(b) Direct Appeal of Ground   Seventeen

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact, I was specifically led Form 1040 was at the hear of each Count. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND 18 - The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being each entered in violation of the Sixth Amendment Right to know the "nature" and "cause" of the accusations in each Count.

(a) FACTS - The Grand Jury alleged Form 1040 United States Individual Income Tax Return questions were central to each of the Six Counts. The Court discussed with me Form 1040 numerous times even ordering Two Bills of Particulars. The Form 1040 Instructions say I "must fill all the parts of the tax form that apply to me." The Tenth Circuit held in Affirming on Appeal that Form 1040 was divorced from the conduct alleged in each Count as well as "divorced" from the requirements of 26 USC §§ 6012 and 7203.

Each Count is a specific intent offense.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 23,25,27,31,36,37,39,41 to 46.

See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) Direct Appeal of Ground Eighteen

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact, I was specifically led Form 1040 was at the heart of each Count. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

-28-

GROUND   19  - The conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of my Sixth Amendment Right to call witnesses, cross examine witnesses, and put on a defense.

(a) FACTS - Both witnesses Brian Shern and Brian Miller testified I was required to file agency specified Form 1040 United States Individual Income Tax Returns as alleged in each Count. Each of the Six Counts were returned after only Brian Shern testified before the Grand Jury. The Trial Judge instructed the Jury Form 1040 did not and does violate the Paperwork Reduction Act. I testified, limited to around 90 minutes, about 1040 and why I believed I was not required by any law to file Form 1040 to the Jury. I discussed Form 1040 numerous times with the Court. I would have proceeded differently had I known Form 1040 was "divorced" from the offense conduct duties and obligations.


See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 21,25,36,37,41 to 48, 55 to 63.
See Memorandum of Law in Support of Motion at pages 11 through 15


(b) Direct Appeal of Ground  Nineteen

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes [  ]    No [ X ]

   (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact, I was specifically led Form 1040 was at the heart of each Count. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes [  ]    No [ X ]

   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes [  ]    No [  ]

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes [  ]    No [  ]

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____


   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

   _____

   _____

GROUND 20 - The conviction, sentence, and judgment on all Six Counts is in violation of the Fifth Amendment Due Process clause and notice component.

(a) FACTS- The Government argued and convinced the Tenth Circuit Form 1040 United States Individual Income Tax Returns is "divorced" from 26 U.S.C. §§ 6012 and 7203, statutes provided by the First Court Ordered Bill of Particulars. The Government had a duty to not mislead me about 26 U.S.C. § 6011 in the meaning of what the law required relied by the Grand Jury in the offense conduct alleged.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 21,25,36,37,41 to 48,55 to 63.
See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) Direct Appeal of Ground Twenty

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes [ ]   No [X]

(2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes [ ]   No [X]

(4) Did you appeal from the denial of your motion, petition, or application?
Yes [ ]   No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes [ ]   No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

-30-

GROUND   21   - The conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment Due Process clause and notice component.

(a) FACTS-   The Grand Jury alleged I willfully failed to do what the law required as the basis for each of its Six Counts.  The Court ordered Two Bills of Particulars on what was meant by "required by law" and "regulations thereunder". The Government cited to to 26 U.S.C. § 6011 and 26 CFR § 1.6011-1 which misled me into a false understanding of the offense conduct applicable both as to the element of willfully and where the duties and obligations arose in the law.  The decision by the Tenth Circuit, at the insistance of the Government, resulted in the Tenth Circuit divorcing Form 1040 from the Grand Jury's Six Counts and from 26 U.S.C. §§ 6012 and 7203.

_____ See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 21,25,36,37,41 to 48,55 to 63.

_____ See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) Direct Appeal of Ground   Twenty

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐     No ☒

(2) If you did not raise this issue in your direct appeal, explain why:  I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled.  In fact, I was specifically led Form 1040 wsa at the heart of each Count.  Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐     No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

_____

_____

GROUND   22   The conviction, sentence, and judgment on all Six Counts must be vacated and set aside for being in violation of Fifth Amendment Due Process clause.

(a) FACTS- 26 U.S.C.§ 6012 calls for "Returns with respect to income taxes under Subtitle A shall be made by the following" and directs individuals with an uncertain amount of gross income to so make. 26 U.S.C. § 6065 directs the Secretary of the Treasury to determine when an income tax return is to be verified. 26 CFR § 1.6065-1 directs that taxpayers should look to the Secretary's Form or instruction to determine whether any return must be verified. 26 CFR § 1.6012-1(a)(6) directs use of Form 1040. 26 U.S.C. § 6011(a) requires use of prescribed Forms of Return. If Form 1040 is divorced from from the obligations at issue in all Six Counts then the Secretary has not made any request to file any return of income tax to be verified. If I was not requied to file a verified return then I was not required by law to file anything reporting any return of income tax with the IRS. Dismissal for failure to state offenses is demanded.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 21,25,36,37,41 to 48,55 to 63.

See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) Direct Appeal of Ground  Twenty-Two

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 wsa divorced from the Six Counts offense conduct so I was misled. In fact, I was specifically led Form 1040 was at the heart of each Count.   Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND   23   -  The conviction, sentence, and judgment as to Count One is in violation
of the Fifth Amendment Due Process clause.

(a) FACTS - 18 U.S.C. § 371 is unconstitutionally vague and ambiguous, subject two
distinctly different constructions applicable to two different constructions, with
one construction being inexorably linked to Form 1040 United States Individual Income
Tax Returns, and the other being "divorced" as held by the Tenth Circuit.

    See Springer Declaration Filed in Support of this Motion incorporated herein in
its entirety and also specifically at pages 1 to 21,25,36,37, 41 to 63.
    See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) **Direct Appeal of Ground** Twenty-Three
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes [ ]   No [X]
    (2) If you did not raise this issue in your direct appeal, explain why:  I was not given notice that
Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact,

I was specifically led Form 1040 was at the heart of each Count. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes [ ]   No [X]
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes [ ]   No [ ]
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes [ ]   No [ ]
    (6) If your answer to Question (c)(4) is "Yes," state:
    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise issue:

GROUND   24   -   The conviction, sentence, and judgment as to Counts Two, Three, and

Four, are in violation of the Fifth Amendment Due Process clause.

(a)FACTS - 26 U.S.C. § 7201 is unconstitutionally vague and ambiguous, subject to two

distinctly different constructions applicable to two different constructions, with

one construction being inexorably linked to Form 1040 United States Individual Income

Tax Returns, and the other being "divorced" as held by the Tenth Circuit.


See Springer Declaration Filed in Support of this Motion incorporated herein in

its entirety and also specifically at pages 1 to 21,25,36,37,41 to 63.

See Memorandum of Law in Support of this Motion at pages 11 through 15


(b) **Direct Appeal of Ground**  Twenty-Four

   (1) If you appealed from the judgment of conviction, did you raise this issue?

     Yes ☐   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice

that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In

fact, I was specifically led Form 1040 was at the heart of each Count.  Not raised

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?

     Yes ☐   No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?

     Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____


   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____


   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise issue: _____

GROUND 25  - The conviction, sentence, and judgment as to Counts Five and Six, are in violation of the Fifth Amendment Due Process clause.

(a) FACTS - 26 U.S.C. § 7203 is unconstitutionally vague and ambiguous, subject to two distinctly different constructions applicable to two different constructions, with one construction being inexorably linked to Form 1040 United States Individual Income Tax Returns, and the other being "divorced" as held by the Tenth Circuit.

   See Springer Declaration  Filed in support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 21,25,36,37,41 to 63.
   See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) **Direct Appeal of Ground Twenty-Five**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact, I was specifically led Form 1040 was at the heart of each Count.  Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND  26  - The conviction, sentence, and judgment as to all Six Counts are in violation of the Fifth Amendment Due Process clause and must be vacated or set aside.

(a) FACTS - 26 U.S.C. §§ 1,6011, 6012(a)(1), 6091(a), 6091(b), 6151, as applied to the conduct alleged in each Count against me, are each unconstitutionally vague and ambiguous, each being subject to two different constructions applicable to two different constructions, with one construction being inexorably linked to Form 1040 United States Individual Income Tax Returns, and the other being "divorced" as held by the Tenth Circuit.

See Springer Declaration  Filed in Support of this Motion  incorporated herein in its entirety and also specifically at pages 1 to 21,25,36,37,41 to 63.

See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) **Direct Appeal of Ground** Twenty-Six

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact, I was specifically led Form 1040 was at the heart of each Count. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 27 - The conviction, sentence, and judgment on all Six Counts must be vacated and set aside for being in violation of the Fifth Amendment Due Process Clause.

(a) FACTS - 26 CFR §§ 1.6011-1(a), 1.6012-1(a)(6), 1.6091-2(2000 through 2004) and 1.6091-2(2005), as applied to the conduct alleged in each Count against me, are each unconstitutionally vague and ambiguous, each being subject to two different constructions applicable to two different constructions, with one construction being inexorably linked to Form 1040 United States Individual Income Tax Returns, and the other being "divorced" from both "tax returns" and Form 1040 as held by the Tenth Circuit.

_____ See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 21,25,36,37,41 to 63.

_____ See Memorandum of Law in Support of this Motion at pages 11 through 15

(b) **Direct Appeal of Ground** Twenty-Seven

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact, I was specifically led Form 1040 was at the heart of each Count. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 28 - The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside for being in violation of the Fifth Amendment Due Process clause.

(a) FACTS - Form 1040 United States Individual Income Tax Returns, as the Secretary of the Treasury and Commissioner of Internal Revenue, Congress, and numerous Courts, prior to the decision by the Tenth Circuit in this case, each say is the request for information at 26 U.S.C. §§ 6011 and 6012(a)(1), and that such Form 1040 is subject to the Paperwork Reduction Act of 1980 and 1995. The Grand Jury's alleged Form 1040 failed to display compliance with 44 U.S.C. §§ 3506(c)(1)(B)(i), (ii), (iii), (I), (II), (III), (IV), and (V), 3507, and 3512(a)(1) and (2), as well as OMB regulations 5 CFR § 1320.8(b). The term "penalty" is defined at 44 U.S.C. § 3502(14) to mean "punishment" by a Court and "revocation, suspension...or denial of a...right.."

    See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 14,18, to 24,32,36,37,41 to 45,59 to 63.

    See Memorandum of Law in Support of this Motion at pages 15 through 17

(b) Direct Appeal of Ground Twenty-Eight
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒
    (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to properly raise Ground Twenty-Eight, both as to sufficiency of evidence, and failing to show PRA violations, on appeal, and deficiency was prejudicial-

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☒
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐
    (6) If your answer to Question (c)(4) is "Yes," state:
    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND   29 ·  The referral, indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment Due Process clause and its equal protection component.

(a) **FACTS**- Congress directed at 44 U.S.C. § 3512(a) no law withstood the public protection from penalty ("Notwithstanding any other provision of law..") and that the Form seeking information or asking questions must display a "valid [OMB] control number assigned by the Director in accordance with this subchapter." The Tenth Circuit and District Court held laws do withstand the public protection provision, including 18 U.S.C. § 371 [Count One], and 26 U.S.C. § 7201 [Counts Two, Three and Four], and 26 U.S.C. § 7203 [Counts Five and Six][lessor included to Counts Two, Three, Four](see Doc. 104). Form 1040 does not display a control number issued in accordance with the PRA. The Judges at both Courts have ex post facto created a form of legislative entrapment unsupported by Congress.

    See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 1 to 14, 18 to 24, 32, 36, 37, 41 to 45, 59 to 63.

    See Memorandum of Law in Support of this Motion at pages 15 through 17.

(b) Direct Appeal of Ground Twenty-Nine

    (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffect-ive for failing to properly raise Ground Twenty-Nine, both as to failure to show Form 1040 violated the PRA, which it certainly does, and his legal arguments on appeal, and defici-

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:
    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

    _____

    _____

GROUND   30  -  The conviction, sentence, and judgment on all Six counts must be vacated and set aside for being in violation of the Sixth Amendment Jury Trial Right.

(a) FACTS-  At trial, the Judge intervened on my claimed and exercised right to a jury trial on the element of willfully, as to each Count, by instructing the jury as a matter of fact and law he had found Form 1040 did not and does not violate the Paperwork Reduction Act--such instruction being erroneous as to its place in the jury trial, and was constitutionally error, as well as error both legally and factually. At sentencing the Trial Judge relied upon the claim the Jury had rejected my good faith PRA defense and applied that conclusion to all years 1990 to 1995, 1999, and 2000 through 2007 under its assertion of "relevant" conduct and tax loss.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at page 1 to 14, 18 to 24,32,36,37,41 to 45,59 to 63.

See Memorandum of Law in Support of this Motion at  page 15 through 17

(b) Direct Appeal of Ground   Thirty

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to properly raise Ground Thirty on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Thirty.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND  31  -  The referral, indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment.

(a)FACTS-  I was actively misled by the Secretary of the Treasury and Commissioner of the Internal Revenue's Form 1040 U.S. Individual Income Tax Returns, their 1040 instructions, and the U.S. Department of Justice's representation and those of its Attorneys and Agents of the Secretary of the Treasury who asserted for the years at issue in each of the Six Counts that under 26 U.S.C. §§ 6001, 6011, 6012(a), and their regulations, Form 1040 U.S. Individual Income Tax Returns use was mandatory and subject to the public protection of the Paperwork Reduction Act. I relied upon each representation made in Form 1040 and its instructions, as well as the Form 83I application submitted to the Office of Management and Budget IRS's compliance officer or delegate which was reasonable under the circumstances of the duties and obligations at issue. There is clear and unmistakable evidence each of these persons in office were, at different stages, respon- sible for interpreting, administering, or enforcing the law defining the offenses.

See Springer Declaration Filed in Support of this Motion incorporated herein fully.

See Memorandum of Law in Support of this Motion at pages 17 through 20

(b) Direct Appeal of Ground  Thirty-One       | "entrapment by estoppel"

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:  I was not given notice that Form 1040 was divorced from the requirement of §§ 6011 and 6012, and their regulations. With such notice I would have, with benefit of Counsel, defended with "entrapment by -

(c)(1) Did you raise this issue in any post-conviction motion, petition | -estoppel" or application. |

Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 32 - The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside for being in violation of the Fifth Amendment Due Process Cl.

(a) FACTS - The Secretary of the Treasury or Commissioner of Internal Revenue failed to publish compliance with 5 U.S.C. § 552, adversely affecting my liberty and property interests. Not only did the Grand Jury alleged conduct I was required by law to perform for each Calendar or Tax Year, in each of the Six Counts, but they also directed I was to accomplish filing Form 1040 with a "proper" official which necessarily means at a place "fixed" by law. No such place was "fixed" by law, as I understand it, and I was given no identity of either the name of the "proper" official was or is, and or any title of such officer or position to the best of my knowledge.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically at pages 2,3,10,17,33 to 35,40,41,43,45,46.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Grond Thirty-Two on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Thirty-Two.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND  33 -  The conviction, sentence, and judgment as to Counts Two, Three, and Four, must be set aside being in violation of the Fifth and Sixth Amendment, as well as Article III, § 2 and 18 U.S.C. § 3231

(a) FACTS - The Grand Jury alleged conduct of attempting to evade assessment in Counts Two, Three, and Four, but the Government switched these Counts to evasion of payment, or joined them as a single crime of both evasion of assessment and payment, convincing the Trial Court to instruct the Jury that the crimes they were to consider in each of these three Counts was evasion of payment only.  The Supreme Court recently, but after the Tenth Circuit's decision in this case, explained in Kawashima v. Holder, 182 L.Ed 2d 1,10 (2.12.2012) Section 7201 announces two separate and distinct offenses, not one. I was convicted of the offense of attempted evasion of payment, not assessment.  Gifts are not exempt from payment of taxes but from an assessment of a tax liability. Fact Jury was to decide whether payments were gifts or not shows Count 2,3,4 were alleged assessment and not payment offenses under § 7201. Jury instructed on different offense.

   * See Springer Declaration Filed in Support of this Motion  incorporated herein fully.
   See Memorandum of Law in Support of this Motion at pages 20-21

(b) Direct Appeal of Ground Thirty-Three

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐     No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Thirty-Three on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Thirty-Three.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐     No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐     No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐     No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

   * See specifically also pages 6 to 8,15,17,22,23,25,32,38,39,49 to 57.

   _____

GROUND   34   - The conviction, sentence, and judgment on Count Four must be vacated and set aside for being in violation of the Fifth and Sixth Amendment.

(a) FACTS - The Government switched or alleged in Count Four a substantial tax liability that hinged on two alleged affirmative acts that the § 250,000 transaction between me and Mr. Turner did not cause or was not connected to.  This in addition to and in conjunction with the switch in instructions from evasion of assessment to evasion of payment raised in Ground Thirty-Three that led to the conviction in Count Four.

See Springer Declaration Filed in Support of this Motion  incorporated herein in its entirety and also specifically pages 6 to 8,12,15,16,21,22 to 25,28 to 31,38,49 to 57.

See Memorandum of Law in Support of this Motion at pages 20-21

(b) Direct Appeal of Ground Thirty-Four

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Thirty-Four on appeal and this deficiency was prejudicial to Defendant.  I do not know why he did not raise Ground Thirty-Four.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 35 - The indictment, conviction, sentence, and judgment on Count One must be vacated and set aside in violation of the Fifth Amendment Due Process Clause and in violation of the statute of limitations set forth at 26 U.S.C. § 6531.

(a) FACTS- Count One alleges a conspiracy to defraud the IRS, and not the offense of evade or defeat "any tax or the payment thereof." Count One alleges the unlawful agreement was entered into in 2000, Doc.2, ¶ 9, and alleges its first act in furtherance of the conspiracy's object occurred on June 24, 2003, see ¶ 18. The Court determined at sentencing the meeting between Dr. Roberts, Mr. Stilley, and Defendant in late 1999 is where the common cause began. 26 U.S.C. § 6531 provides a Three Year statute-of-limitations unless the "object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof." The Jury was improperly instructed as to the overt acts and their time periods as the late 1999 or 2000 agreement alleged was not filed within § 6531's 3 year limitation. Alternatively, the Jury was improperly instructed as to the overt acts they must unanimously decide within Three years from the date of indictment. * See Springer Declaration in Support of this Motion incorporated-
See Memorandum of Law in Support of this Motion at pages 20-21 | -fully herein.

(b) Direct Appeal of Ground Thirty-Five

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Thirty-Five on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Thirty-Five.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

* See specifically also pages 6,7,13,23

_____

GROUND    36  - The indictment, conviction, sentence, and judgment on Count Two must
be vacated and set aside for being in violation of the Six Year Statute of limitation
and in violation of the Fifth Amendment Due Process clause.

(a) FACTS- Count Two alleged attempted tax evasion beginning in Calendar and Tax Year
2000 and for Tax Year 2000.  The offense conduct alleged affirmative acts of attempted
evasion of assessment, but the Court, at the direction of the Government, switched
the offense to attempted evasion of payment. Ground 33 is incorporated herein as if
set forth word for word.  The prosecution must be brought within Six Years of the
completion of the offense, which for attempted evasion of assessment is April 15,
2001 in Count Two.  Count Two under 26 U.S.C. § 6531(2) must be brought prior to
April 15, 2007.  It was filed on March 10, 2009 or more than 6 years.

    See Springer Declaration  Filed in Support of this Motion incorporated herein in
its entirety and also specifically pages 6 to 8,15,17,22,23,25,32,38,39,49 to 57.
    See Memorandum of Law in Support of this Motion at pages 20-21

(b) Direct Appeal of Ground  Thirty-Six
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        • Yes☐    No ☒
    (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was inef-
fective for failing to raise Ground Thirty-Six on appeal and this deficiency was prej-
udicial to Defendant. I do not know why he did not raise Ground Thirty-Six.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes☐    No ☒
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes☐    No☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes☐    No☐
    (6) If your answer to Question (c)(4) is "Yes," state:
    Name and location of the court where the appeal was filed: _____

    _____
    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if available): _____


    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
    raise issue: _____

    _____

GROUND 37 - The referral proffered, indictment, conviction, sentencing, and judgment on all Six Counts must be vacated and set aside for being the work product of impermissive selective prosecution in violation of equal protections of the law and Due Process under the Fifth Amendment.

(a). **FACTS** - I moved to dismiss based upon selective prosecution claims that the U.S. Attorney in conclusory fashion opposed and the District Judge denied finding I had not presented any evidence to support my claim. Sometime in 2012, the Press released information it had obtained from the Commissioner of Internal Revenue that more than 33,000 people were not referred or criminally charged with tax evasion during the time period of 2009 through 2011. I was never made aware of such offer or made such offer by any proper officer of the United States. Another new release reported that almost 2.5 million people filed false and fraudulent Tax Returns. It is widely reported over 13 Million illegals reside and earn income in the United States not filing tax returns or pay taxes. Almost all illegal drug dealers neither report or pay on income.

   See Memorandum of Law in Support of this Motion at pages 21 through 23
   * See Springer Declaration in Support of this Motion incorporated fully herein.

(b) Direct Appeal of Ground Thirty-Seven

   (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐ No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: Government withheld evidence or had not compiled the information in a manner that made it discoverable. Appellate otherwise was ineffective for failing to raise and this deficiency was prejudicial.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
   Yes ☐ No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐ No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐ No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

   * See specifically also pages 10,11,13,14,48.

GROUND 38 - The indictment, conviction, sentence, judgment, and affirmance by the Tenth Circuit on appeal, must be vacated and set aside for being obtained and maintained in violation of the Fifth Amendment Due Process clause and equal protections.

(a) FACTS - The indictment, conviction, sentence, and judgment were each obtained based on the element of willfully which was inexorably linked to Form 1040. The Tenth Circuit divorced Form 1040 from any offense conduct related to all Six Counts and both 26 U.S.C. §§ 6012 and 7203. Many other cases brought by the Government and even some heard on appeal inexorably linked Form 1040 to the offense conduct both at the District Court stages and on appeal. Switching to divorced shows even more evidence of selective prosecution.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically pages 6 to 23,25,26,31,32,34 to 37,40 to 44,48 to 64.

See Memorandum of Law in Support of this Motion at pages 21 through 23

(b) Direct Appeal of Ground Thirty-Eight

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. I was specifically led Form 1040 was at the heart of each Count. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND 39 - The sentence and judgment on all Six Counts respectively must be vacated and set aside being in violation of the Eighth Amendment as cruel and unusual punishment

(a) FACTS- I relied upon the Grand Jury's alleged offenses conduct based on Form 1040 U.S. Individual Income Tax Return being inexorably linked to each Count and including the obligation alleged in Counts Two, Three, and Four to return any tax due and owing. The Secretary of Treasury and CIR instructs the public that unless Form 1040 complies with the PRA not to provide the information asked for or sought on that Form. In addition to Ground 31's claim of "entrapment by estoppel" defense, the Sentencing Judge should have taken into consideration the 1040 instructions under its 3553 factors and downward departed.  Instead, the Court sentenced me to 15 years in prison running Counts One, Two and Three, consecutive to each other and concurrent with Counts Four, Five and Six. For a Tax System the CIR says is so complex in the 1040 instructions, and where millions are not ever criminally charged for filing false and fraudulent returns, and evading Taxes, See Grounds 37 and 38, imposing a 15 year sentence and almost § 700,000 in restitution on these facts seems simply cruel and unusal.   See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically-

(b) Direct Appeal of Ground   Thirty-Nine    |-page 1 to 24,32,36,37,41 to 45,49 to 64.

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes [  ]   No [X]

   (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Thirty-Nine on appeal and this deficiency was prejudicial to Defendant.  I do not know why he did not raise Ground Thirty-Nine.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes [  ]   No [X]

   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes [  ]   No [  ]

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes [  ]   No [  ]

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____


   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND   40   -   The referral, indictment, conviction, and sentence on all Six Counts must be vacated and set aside being in violation of the First Amendment Right to both Freedom of Speech, Freedom to Assocate, and Freedom of Religious Exercise.

(a) FACTS- I did exactly what Congress, The Secretary of Treasury and CIR instructs the public to do when a information collection request form, like Form 1040, is circulated to the public and does not provide the information required by the PRA. I had developed a public accessable for free web page that exposed the PRA violations on Form 1040. The Grand Jury alleged my ministry intended to get rid of the IRS. Agent Miller testified Bondage Breaker's Ministry was a business to get rid of the IRS. The Sentencing Judge found I had received to numerous to count donations. The decision to pursue and prosecute me was selective and based upon my outspoken and very public speech, association with others, including attorneys, intending to chill any discussion regarding the PRA and Form 1040.  Also, entrapment by estoppel in Grounds 31 plays a significant role.

See Springer Declaration Filed in Support of this Motion  incorporated herein in its entirety and also specifically page 1 to 24,29,30,32,36,37,41 to 45,49 to 64.

(b) Direct Appeal of Ground  Forty

  (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes [  ]   No [X]

  (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact, I wsa specifically led Form 1040 was at the heart of each Count. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes [  ]   No [X]

  (4) Did you appeal from the denial of your motion, petition, or application?
        Yes [  ]   No [  ]

  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes [  ]   No [  ]

  (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

_____

-50-

GROUND 41 - The indictment, conviction, sentence and judgment on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment Due Process clause and Self-incrimination clause.

(a) FACTS- The tax system today is far more advanced than it was when the 1927 decision in U.S. v. Sullivan, 274 U.S. 259(1927) was made. Today, the United States used the information it gathers for far more than to determine a tax liability on Form 1040. Sometime in 2006-07 the Tax Division began a "tax-defier" initiatve which expanded use of information sought on Form 1040 beyond that of calculating taxes. The current use of the information on Form 1040 is not disclosed on the Form 1040 and there is no mention of how the information would be used regarding persons recognized by the IRS as in business to get rid of them as required by 44 U.S.C. § 3506(c)(1)(B)(iii)(II). Any admission of any payment or source clearly under the Governments view of my business from 2000 to present would be incriminating to me.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically pages 1 to 24,29,30,32,36,37,41 to 45,49 to 64.

(b) Direct Appeal of Ground Forty-One

(1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Forty-One on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Forty-One.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
   Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

_____

-51-

GROUND 42 - The sentence was almost doublt of what the PSR receommended in violation of the Fifth Amendment Due Process clause and equal protection component.

(a) FACTS- Todd Gollihare recommended I be given approximately 8 years in prison, and the Trial and Sentencing Judge almost doubled to 180 months. The Sentence is inconsistent with other sentences involving similar facts in Tax prosecutions. Notwithwithstanding the millions apparently who have not even been charged with any Title 26 crime for filing false and fraudulent tax returns, or the 33,000 who were not charged with evasion about shipping money overseas and hiding it there, I point out in Ground 37, in Ground 38 I point out Mr. McGinness's case in the Northern District recently and would also draw this Court's attention to U.S. v. Schiff, 379 F.3d 621(9th Cir. 2004) where Mr. Schiff, for his second conviction of tax crimes had over $ 4.2 million in loss or restitution advising others by book not to pay taxes received 12 years and 11 contempt citations.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically pages 6 to 26, 31 to 37,40 to 44,48 to 64.

(b) Direct Appeal of Ground 'Forty-Two

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Forty-Two on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Forty-Two.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

-52-

GROUND 43 - The sentence and judgment on Counts Five and Six involving tax loss and restitution to both the United States and State of Oklahoma must be vacated, set aside, and corrected, for being in violation of the Fifth and Sixth Amendment.

(a) FACTS - The Grand Jury did not indict me in Counts Five and Six for willful failure to pay any tax for years 2002 and 2004. They charged me with willful failure to make or file an individual income tax return identified by the Grand Jury as Form 1040. The Jury's verdict on these Two Counts did not find, or was asked to find, any tax liability was owed for years 2002 and 2004. The Sentencing Judge reiled upon the "gross income" argued by the Government to then calculate 20% for those years in its Tax Loss calculations. The Court then used these same amounts to order restitution as far as I can tell.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically pages 6,7,14,17,23,27,28,29,31,49 to 57.

(b) Direct Appeal of Ground  Forty-Three

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes [ ]     No [X]

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Forty-Three on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Forty-Three.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes [ ]     No [X]

(4) Did you appeal from the denial of your motion, petition, or application?
Yes [ ]     No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes [ ]     No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

-53-

GROUND  44  - The sentence and judgment as to Counts Two, Three, and Four, must vacated, set aside, and corrected being unreasonable and in violation of the Fifth Amendment Due Process clause.

(a) FACTS - The Sentencing Commission advises this Court that "tax loss" only includes interest and penalties in notes under USSG 2T1.1 for "evasion of payment" cases under §§ 7201 and 7203. As far as I can tell the Court used interest and penalty to calculate its total income which it then multiplied by 20% to arive at almost $ 300,000.00 in "tax loss". The Court's total "tax loss" was totalled to be just slightly over $ 1 Million which triggered a base offense of 22 points. Had the Court not used interest and penalty 20% of a little over $ 1 Million would be a little over $ 200,000.00 in the Court's Tax Loss calculations attributable to me before it added Stilleys and Turners leaving my "total" loss numbers to be less than $ 1 Million and in the Tax Table at 20 instead of 22 resulting in a range of 121 to 151 months. By removing Turner's $ 250,000 the tax loss also drops significantly. Reducing the amount by Hedberge's $ 111,000 reduces the amount even more.

   * See Springer Declaration Filed in Support of this Motion incorporated fully herein.

(b) Direct Appeal of Ground Forty-Four

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes [ ]    No [X]

   (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Forty-Four on appeal and this deficiency was prejudcial to Defendant. I do not know why he did not raise Ground Forty-Four.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes [ ]    No [X]

   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes [ ]    No [ ]

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes [ ]    No [ ]

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:
   * See specifically also pages 27 to 31.

GROUND 45 - The indictment, conviction, sentence, and judgment must be vacated and set aside on all Six Counts for being in violation of the Fifth Amendment Due Process Clause.

(a) FACTS - The Tenth Circuit affirmed each of the Six Counts of Conviction only after broadening the Grand Jury's offense conduct to exclude specified Form 1040. The Tenth Circuit also affirmed each Count on a theory of law not presented to the Grand Jury, me, the Petit Jury, or Trial Judge, and that is unsupported by Congress's own choice of statutory language.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically pages 1 to 24, 36 to 45, 49 to 57.

(b) Direct Appeal of Ground Forty-Five

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: This Ground could not have been raised on appeal as it evolved from the Tenth Circuit's decision dated 10.26.11. Not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND   46   - The indictment, conviction, sentence, and judgment on all Six Counts is in violation of the Fifth Amendment Due Process clause.

(a) **FACTS** - The Grand Jury alleged each Count hinged either on me being required by law, or required to file a Form 1040 United States Individual Income  Tax Return, or refrained from filing Form 1040s, and the Government argued the requirement to file Form 1040 Tax Returns does not involve Treasury Regulations in their case in chief. After the First Bill of Particulars and the Government Trial Brief referred to 26 U.S.C. §§ 6011, 7203, or "regulations thereunder," the Trial Judge ordered a Second Bill of Particulars requiring disclosure of all regulations triggering the duties and obligations at issue in each Count. After Trial, the Court denied my Motion for New Trial regarding its Jury instruction on Form 1040 and the PRA holding the requirement to file is not a regulatory requirement.  However, the Tenth Circuit on appeal held the requirement to file is governed by 26 CFR § 1.6091-2 quoting the 2005 version and 26 U.S.C. § 6091(a)'s regulatory command of Congress to the Secretary. The Jury's verdict on willful elements is invalid.

See Springer Declaration Filed in Support of this Motion  incorporated herein in its entirety and also specifically pages 1 to 24,31,32,44 to 57.

(b) Direct Appeal of Ground   Forty-Six

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:  Appellate Counsel was ineffective for failing to raise Ground Forty-Six on appeal and this deficiency was prejudicial to Defendant.   I do not know why he did not raise Ground Forty-Six.

(c)(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND  47  - The conviction, sentence, and judgment as to all Six Counts must be vacated and set aside in violation of Article I, § 9, Cl. 3's Ex Post Fact Clause and Fifth Amendment Due Process clause.

(a) FACTS - Congress directs "Tax Returns" are to be delivered according to 26 U.S.C. § 6091(b), not § 6091(a).  The Tenth Circuit held otherwise.  In its ruling the Tenth Circuit identified Treasury Regulation they relied upon in upholding the jury verdict on each Count was 26 CFR § 1.6091-2 with the exact words from the 2005 version. The Grand Jury proffered referral was for Calendar and Tax Year 2000 through 2004.  The Grand Jury's offense conduct in each Count began in the year 2000 and only Count Four and part of Count Six could be affected by the 2005 changes to 1.6091-2.  26 CFR § 1.6091-2(2000 through 2004) required deliver of Form 1040 to the district director office in Baltimore Maryland, which the Tenth Circuit said was abolished in 1998. All Six Counts are specific intent charges.

   See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically pages 1 to 24,37,38,40,44 to 45,49 to 57.

(b) Direct Appeal of Ground  Forty-Seven

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: This Ground could not have been raised on appeal as it evolved from the Tenth Circuit's decision dated 10.26.11. not raised.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

   _____

   _____

GROUND   48   - The conviction, sentence, and judgment as to all Six Counts must be vacated and set aside being in violation of the Fifth Amendment Due Process clause and Article I, § 9, Cl. 3's prohibition of Ex Post Facto Laws.

(a)FACTS-  I made the Court aware of my defense regarding donations and gifts at Doc. 55,56, and the Duberstein decision by the Supreme Court in 1960.  The term donation appears in Count One's allegations.  The Court waited to define "gift" during Trial. The Tenth Circuit agreed "gift" is not defined by Congress.  No mention of "donation" appears in the Appeal order. I was unaware of the Court's definition of gift until trial. I was also unaware of the Court's all or none treatment of each transaction at issue for the Jury to consider at the times the transaction occurred. I would not have proceeded on the term "gift" had I known of the Court's definition.  I also would have consulted Counsel on the meaning of gift or donation prior to participating in any such transact- ions. I never waived my Sixth Amendment Right to Counsel knowing the Court's definitions. I certainly would not have gone to trial or planned a defense knowing the Court's meaning.

   See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically pages 1 to 24,27 to 31,36 to 57.

(b) Direct Appeal of Ground  Forty-Eight

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was inef- fective for failing to raise Ground Forty-Eight on appeal and this deficiency was prej- udicial to Defendant. I do not know why he did not raise Ground Forty-Eight.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 49 - The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment Due Process clause and its equal protection component.

(a)FACTS - The Government was allowed to say and do whatever it wanted for over 5 years, presenting number of witnesses, many Grand Juries, a Three week Trial, Three day sent-encing hearing, all of which created thousands of pages of transcripts, hundreds of docket entries, and the Tenth Circuit prohibited Mr. Barringer from exceeding 14,000 words in my direct appeal. The Tenth Circuit then refused to address issues not fully developed, without identifying what they were. Had Mr. Barringer not been limited to 14,000 words, he could have more fully developed the issues which would have produced a different outcome on the appeal. I am unable to say what those issues would have been without the benefit of Counsel. However, I claim for purpose of this Ground that all the Grounds raised 1 through 76 are Grounds that either should have been raised or were not evolved yet due to the Tenth Circuit's decision changing so many issues below.

See Springer Declaration Filed in Support of this Motion incorporated fully herein.

(b) Direct Appeal of Ground Forty-Nine

(1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Either this Ground was not available to Counsel or Appellate Counsel was ineffective for failing to raise Ground Forty-Nine and the deficiency either way was prejudicial to Defendant.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 50 - The indictment, convictions, sentence, and judgment on all Six Counts are in violation of the Powers enumerated to the United States by the Constitution and render the United States' power to make anything a crime vacated due to suspending my rights to a full and fair appeal and my right to seek a Writ of Habeas Corpus fully and fairly.

(a) FACTS - I sought a 50 page extension to file my Memorandum Brief in support of this Motion to which Judge Friot denied on January 4, 2013. I sought through Appellate Counsel permission to file an appeal brief not to exceed 28,000 words and was denied. The Tenth Circuit used the fact my appeal brief failed to fully develope my issues on appeal limiting its ruling to 8 issues and in those 8 issues it pointed to defects in how the issue was framed, shaped, or shown, leading to how it ultimately ruled.

The Tenth Circuit has for 6 years refused to address the merits of my public protection claims regarding Form 1040's obvious defects regarding the Paperwork Reduction Act mandates of Congress.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety.

(b) Direct Appeal of Ground Fifty

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: This Ground was not available as it derives from the Court's decision to limit the length of my Memorandum in this proceeding and derives from events occurring in the Tenth Circuit's decision.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 51 - The referral, indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment.

(a) FACTS- Congress, in the Restructuring and Reform Act of 1998, at § 3445, amended 26 U.S.C. § 6334(e)(2) by directing certain levy issues be performed only by "district director or assistant district director of the [IRS]". The Tenth Circuit held in my direct appeal that § 1001 of the same Restructuring and Reform Act abolished the posit- of district director and the place of Internal Revenue Districts, called for by 26 U.S.C. §§ 7514 and 7621. The President is still required to establish convenient Internal Revenue Districts and the Secretary is still required to establish by seal office of district directors notwithstanding the Restructuring and Reform Act. Congress relies upon the districts called for at § 7621 for where "Tax Returns" are required to be filed at 26 U.S.C. § 6091(b), and the authority to canvas such districts at 26 U.S.C. § 7601. The Tenth Circuit did however find no such districts or directors exist- ed for all relevant times of the indictment per-se. Recently, the Tenth Circuit held the IRS is existing under 26 CFR § 601.101 which implicates both districts and directors.

   See Springer Declaration Filed in Support of this Motion incorporated fully herein.

(b) Direct Appeal of Ground  Fifty-One

   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: Either this Ground was not available to Counsel or Appellate Counsel was ineffective for failing to raise Ground Fifty-One and the deficiency either way was prejudicial to Defendant.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____
   _____
   _____

GROUND  52   - The conviction, sentence and judgment, on all Six Counts must be
vacated and set aside due to being in violation of the Fifth Amendment Due Process.

(a) **FACTS** - In June, 1998, Congress enacted the Restructuring and Reform Act of 1998. On
January 26, 2004, a low level official named Donna Meadors issued a "Summons" to me
and Bondage Breaker's Ministries under a name of "Area Director" without having ob-
tained from an "appropriate high-level Treasury official" in writing that such official
"reasonably believes" my ministry may be in violation, as stated in 26 U.S.C. § 7611
(a)(2)(A) and (B), carrying on an unrelated trade or business, or otherwise engaged
in activities subject to taxation under Title 26.  Since 1998, or soon thereafter,
no such "appropriate high-level Treasury official" has existed to authorize the
summons power regarding Bondage Breaker's Ministries. Recently, the IRS disclosed
publicly no such treasury official existed satisfying the rule on ministry audits.
Mr. Shern relied upon Ms. Meadors unlawfully obtained information to obtain a search
warrant on September 15, 2005. The fruits of the Search were relied upon at Trial.

   See Springer Declaration Filed in Support of this Motion incorporated herein in
its entirety and also specifically pages 1,17,22,28,30,47,48.

(b) Direct Appeal of Ground Fifty-Two

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: I was misled into believing
Donna Meadors was authorized as she appeared with Michael Gregory and at no time did
either inform me they had not been authorized by an "appropriate high level Treasury-

(c)(1) Did you raise this issue in any post-conviction motion, petition,     -official"
    Yes ☐   No ☒                or application.

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise issue: _____

GROUND   53   - The conviction on all Six couts must be vacated and set aside for being in violation of Sixth Amendment Right to a Jury Trial.

(a) FACTS - The Trial Judge, over my objection, allowed Agent Brian Miller to summarize to the jury what it had heard as a 13th Juror.  Miller's testimony as to whether Count Four's $ 250,000.00 transaction between me and Mr. Turner was treated as Gross Income in 2005 influenced the Jury improperly and no other person testified about the transaction but Mr. Turner and myself.  Even if the transaction became  income when I stopped being able  to make payments in 2008, the $ 250,000.00 would never have been considered income in 2005 under case law I am aware of. A summary witness should not be able to decide for a jury at trial whether a transaction is or is not a loan the way Miller did.  Count Four has no duty to file a tax return without the $ 250,000 as income.

See Springer Declaration Filed in Support of this Motion  incorporated herein in its entirety and also specifically pages 6,7,24,29,30,31.

(b) Direct Appeal of Ground ' Fifty-Three
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒
   (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Fifty-Three on appeal and this deficiency was prejudicial to Defendant.  I do not know why he did not raise Ground Fifty-Three.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☒
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐
   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND   54   - Conviction on Counts One, Two, Three, and Four must be vacated and set aside, for being in violation of the Fifth Amendment Due Process clause.

(a) FACTS- The Trial Judge gave the Jury an instruction on its duty to deliberate and that after the Jury was deadlocked over two plus days he gave the Jury an Allen instruction which immediately resulted in a verdict of guilty on all Counts. After almost three days of being hung the Court should have declared the jury hung and proceeded according to that decision.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety.

(b) Direct Appeal of Ground  Fifty-Four

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Fifty-Four on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Fifty-Four.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND   55   - The sentence and judgment of 15 years on all Six Counts must be vacated and set aside, and corrected, being in violation of the Fifth Amendment Due Process clause and its equal protection component.

(a) FACTS-   After I was sentenced to 15 years and ordered to pay over $ 770,000, the Northern Judicial District sentenced Mr. McGinness of the HOW foundation to 15 months and ordered him to pay over $ 300,000 in restitution to the IRS.  McGinness filed false tax returns for at least 8 years on information and belief failing to report more than $ 1.4 million. This information was reported in the Tulsa World News Paper. I exercised my right to a Jury Trial. McGinness chose a Judge Trial where he was the only witness pleaing guilty to the best of my knowledge and belief. Exercising a Fifth and Sixth Amendment right to Jury Trial does not warrant Ten times the sentence of one who does not. The sentence is also contrary to 18 U.S.C. § 3553(a)(6) and is unwarranted.

See Springer Declaration  Filed in Support of this Motion incorporated herein in its entirety and also specifically pages 31,48.

(b) Direct Appeal of Ground Fifty-Five
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐     No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:  Either this Ground was not available to Counsel or Appellate Counsel was ineffective for failng to raise Ground Fifty-Five and the deficiency either way was prejudicial to Defendant.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐     No ☒
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐     No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐     No ☐
   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND  56  -  The conviction, sentence and judgment, on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment Due Process clause and its equal protection component involving the tax laws of the United States.

(a) FACTS- The Trial Judge's jury instruction on the meaning of income and gift led to a result contrary to the law.  The Judge at trial directed the jury, and at sentencing relied upon his same direction, that if I did anything for anyone that gave me money, whether the anything occurred before or after the money was given, and with no time limitations, that that money was entirely taxable gross income. However, if I did nothing for that money then, and only then, was that transaction entirely excludable. Because the Court acknowledged I received donations for my mission, the all or none, or in for a penny, in for a pound approach, produced results that could not be produced in Tax Court. The sentencing judge relied upon the errant instruction to the jury to fix both tax loss and restitution. The "tax imposed" does not change in a criminal case.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety and also specifically pages 20,23,29,30,49 to 57.

(b) Direct Appeal of Ground 'Fifty-Six

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Fifty-Six on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Fifty-Six.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

_____

-66-

GROUND  57  - The conviction, sentence, and judgment on all Six Counts must be vac-
ated and set aside being in violation of my Sixth Amendment Right to Counsel.

(a) FACTS- On April 22, 2009, the Trial Judge, for purpose of that stage of the case, acc-
epted my waiver of Counsel "subject to the limitations you have described." I did not
understand the offenses in Counts Two, Three, or Four were evasion of payment or assess-
ment or how one could go for 9 years. I also was never informed the offense conduct was
divorced from Form 1040 in each Count.  I further did not understand the requirement to
deliver a "Tax Return" fell under 26 U.S.C. § 6091(a), instead of § 6091(b), where
Congress placed it.  I did not understand 26 CFR § 1.6091-2(2005) applied to years
2000 through 2004 in light of 26 U.S.C. § 7805(b)'s prohibition against retroactive app-
lication of Treasury Regulations. At no time prior to Trial did the Court inform me that
it had found Form 1040 did not violate the PRA which highly prejudiced my choice on which
of my defense options for Trial I chose.  The Court also did not provide its definition
of gift or donation prior to Trial which also prejudiced my choice on how to proceed at
trial. I did not voluntarily, knowingly, and intelligently waive my Sixth Amendment Right
to Trial Counsel. * See Springer Declaration Filed in Support of this Motion. See Memo.

(b) Direct Appeal of Ground Fifty-Seven          |-of Law in Support at pgs. 23 to 25
  (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes[  ]   No[X]
  (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineff-
      ective for failing to properly raise Ground Fifty-Seven on appeal and the deficiency
      was prejudicial to Defendant. I do not know why he did not raise this Ground properly.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes[  ]  No[X]
  (4) Did you appeal from the denial of your motion, petition, or application?
        Yes[  ]   No[  ]
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes[  ]   No[  ]
  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: _____

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available): _____

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
  raise issue: _____

  * in its entirety.

GROUND   58   -   The conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of my Sixth Amendment Right to Counsel.

(a) FACTS - At hearing on 4.22.09 Trial Judge conditionally accepted a waiver of Counsel from me "subject to the limitations you have described." The limitation described was I did not understand whether Counts 2,3, and 4, were the assessment offense or payment offense under Section 7201, and how an offense could go for Nine years. The Court should have fully probed and settled this limitation. The Court's failure to do so caused shift-positions detrimental to my decisions of defense misleading me into (1) the Form 1040 was inexorably linked to the issues in each Count; (2) the requirement to file a Form 1040 "Tax Return" derived under 26 U.S.C. § 6091(b), not § 6091(a); (3) 26 CFR § 1.6091-2 for any year was not relied upon to prove the Government's case in chief; (4) amounts shown owed were due according to 26 U.S.C. § 6151; (5) the offenses contained a lessor included under § 7203; (6) affirmative acts being the type regarding assessment while the Court's jury instructions directed the payment offense. The Court's limited waiver was lost either before or during trial when it switched the offense to payment. * See Springer Declaration in Support of this Motion. See Memo. of Law in Support of this Motion-

(b) Direct Appeal of Ground  Fifty-Eight                                          |-at pages 23 to 25

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Fifty-Eight on appeal and the deficiency was prejudicial to Defendant.   I do not know why he did not raise Ground Fifty-Eight

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

* in its entirety.

-68-

GROUND 59 - The referral, indictment, conviction, sentence, and judgment as to all Six Counts that were affirmed on Appeal, were affirmed in violation of the Fifth Amendment Due Process clause and equal protection component, and the Six Amendment Right to effective Appellate Counsel.

(a) FACTS- Mr. Barringer represented me in my appeal, ' 10-5055. Barringer's brief had prejidicial error identified by the Court in its order dated 10.26.11. Barringer was suspended on September 2, 2011 from practice in the Tenth Circuit. Barringer was removed from my criminal appeal as noted in the October 26, 2011 decision. Barringer should have raised or fully developed Grounds 1 to 14, 28 to 44, 48, 51 to 54, 56 to 58, 60 to 66. Had these grounds been raised, or raised differently, it is reasonably probable the outcome of my Appeal would have been different and in my favor. Performance was deficient and prejudicial to my interest in liberty, property, this case and my appeal, and as expressed in orders by the Tenth Circuit in this case, 10-5037 and In re: Barringer 11-816.

See Springer Declaration Filed in Support of this Motion incorporated fully herein.
See Memorandum of Law in Support of this Motion at pages 23 through 25

(b) Direct Appeal of Ground Fifty- Nine

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes [ ]    No [ X ]

(2) If you did not raise this issue in your direct appeal, explain why: Ground 59 was unavailable as it evolved from Appellate Counsel and Court conduct during appeal process.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes [ ]    No [ X ]

(4) Did you appeal from the denial of your motion, petition, or application?
Yes [ ]    No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes [ ]    No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 60 - The conviction, sentence, and judgment as to all Six Counts was affirmed on Appeal in violation of the Fifth and Sixth Amendments.

(a) FACTS- On December 15, 2010, Mr. Barringer was notified that his arguments and statements in a civil case he represented were frivolous or without merit. Barringer was suspended on September 2, 2011 by the Tenth Circuit in 11-816. In its order in 10-5037, repeated in its order opening 11-816, the Tenth Circuit cited to conduct presented in my criminal appeal, 10-5055. A conflict arose between my interests and Barringers caused by the orders in 10-5037 and 11-816. I had a Sixth Amendment right to conflict free Criminal appelate counsel. As a result of Barringer's suspension I was left with standing before the Tenth Circuit "pro-se" which was not my will in my only right to a criminal appeal by Sixth Amendment Counsel as a right. I incorporate Ground 49 as if set forth herein word for word.

See Springer Declaration Filed in Support of this Motion incorporated herein in its entirety.

See Memorandum of Law in Support of this Motion at pages 23 through 25

(b) Direct Appeal of Ground   Sixty

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ]    No [X]

(2) If you did not raise this issue in your direct appeal, explain why: Ground 60 was unavailable as it evolved from Appellate Counsel and Court conduct during appeal process.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ]    No [X]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ]    No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ]    No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 61 - The conviction, sentence, and judgment must be vacated and set aside and restored to the point that I may appeal the issues stemming from the District Court proceedings due to the Tenth Circuit's suspension of Mr. Barringer, due to the October 26, 2011 order in 10-5055 holding me liable for Mr. Barringer's brief and pro-se. The October 26, 2011 decision was entered in violation of the Fifth and Sixth Amendment.

(a) FACTS- The Tenth Circuit suspended Mr. Barringer based upon representations he made in 10-5037 and 10-5055, which is my criminal appeal number. After suspending Barringer, the Tenth Circuit should have appointed me Sixth Amendment Counsel instead of holding me as pro-se and liable for Barringer's briefs. The Tenth Circuit even went so-far as to issues not addressed were waived. There were other problems not addressed by the October 26, 2011 order with the brief, for instance, page 29 through 35. Had Counsel been appointed the outcome would have been different.

See Springer Declaration in Support of this Motion incorporated fully herein.
See Memorandum of Law in Support of this Motion at pages 23 through 25

(b) Direct Appeal of Ground Sixty -One
  (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒
  (2) If you did not raise this issue in your direct appeal, explain why: Ground 61 was unavailable as it evolved from Appellate Counsel and Court conduct during appeal process.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☒
  (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☐
  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: _____

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available): _____

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND 62 - The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fourth and Fifth Amendments.

(a) FACTS - Brian Shern knowingly and recklessly gave false, misleading, and fraudulent information in his proferred affidavit for the Search Warrant he sought by explaining a Patterson criminal investigation was expaned to include me. Had Shern informed Magistrate McCarthy of the June 3, 2005 proferred referral, which specifically names him on page 2, Magistrate McCarthy would have been unable and unauthorized in issuing a Search Warrant for an IRS criminal investigation being fuly informed of U.S. v. LaSalle, 437 U:S. 298, 308-317(1978) and that upon Grand Jury referral the IRS loses its enforcement power, including Title 26 - § 7608(b). Shern and the other IRS agents had no Congressional Author-ity to gather information for the U.S. Attorney or Grand Jury under § 7608(b) after June 3, 2005. The June 3, 2005 proferred referral proves the falsity of Shern's authority by preponderance of the evidence standard according to U.S. v. Corral-Corrai, 899 F.2d 927, 933(10th Cir. 1990)(citing Franks v. Deleware, 438 U.S. 154, 171(1978)) A full Franks Hearing was due me in light of the facts and circumstances. See Springer Declaration Filed in Support of this Motion.* See also Memorandum of Law in Support of Motion at pgs. 5 to 8

(b) Direct Appeal of Ground Sixty- Two      | I sought and was denied hearing on 7.2.09.

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counse was ineff-ective for failing to raise Ground Sixty-Two on appeal and the deficiency was prejudi-cial to Defendant. I do not know why he did not raise Ground Sixty-One.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

* incorporated herein in its entirety and also specifically pages 3,4,25,26.

GROUND 63 - The indictment, conviction, sentence, and judgment as to all Six Counts must be vacated and set aside for being in violation of Article II, Section 1, clause 1 and 6; Art. II, Section 2, clause 3, and Section 3, clause 1, as well as the Fifth, Ninth, and Tenth Amendments to the Constitution of the United States of America.

(a) FACTS - The Constitution only provides a person attain the office of President if that person be a "natural born citizen, or citizen of the United States, at the time of the Adoption of this Constitution.." For over Four years the person holding office of the President of the United States of America is named Barack Hussein Obama, II. Mr. Obama took office on January 20, 2009. I was indicted on March 10, 2009 regarding the laws of the United States the President is to faithfully execute. Mr. Obama, on information and belief, is not eligible to hold the Office of President due to his being born outside of any of the 50 Tenth Amendment States. The electors did not select a person eligible and failed to verify Mr. Obama's place of birth. Without a President of the United States of America who is a natural born citizen the Constitution withheld all Executive Powers, including enforcement of the laws of the United States. The enforcement of the laws of the United States against my liberty and property are unconstitutional. See Springer Declarat-

(b) Direct Appeal of Ground Sixty-Three | ion Filed in Support of this Motion.

    (1) If you appealed from the judgment of conviction, did you raise this issue?      6 |

        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Sixty-Three on appeal and the deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Sixty-Three.

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

Still need in declaration

_____

GROUND 64    - The indictment, conviction, sentence, and judgment on all Six Counts must be vacated and setaside being in violation of the Speedy Trial Act.-

(a) FACTS - I was indicted on 3.10.09 and arraigned on 3.18.09. I did receive a trial that began on October 26, 2009 and resulted in verdicts of Guilty on 11.16.09. I claim the Court impeded the function of the jury in its consideration of the offenses alleged in each Count by including Stilley's liabilities in Count One, changing Counts Two, Three and Four to evasion of payment, instead of evasion of assessment alleged by the Grand Jury, and the Court instructed the jury factually it found Form 1040 did not and does not violate the PRA. Therefore, I have yet to receive a jury trial on the Grand Jury claims in each Count and the time period has extended almost 4 years.  I claim under these facts and circumstances 18 U.S.C. § 3161(c)(1)'s "seventy-day" requirement to be tried on the offenses alleged by the Grand Jury has been extremely violated.


        See Springer Declaration in Support of this Motion incorporated herein in its entirety.

(b) Direct Appeal of Ground Sixty-Four

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes [ ]    No [X]

    (2) If you did not raise this issue in your direct appeal, explain why: To the extent Appellate Counsel could have raised this issue his representation was deficiently ineffective on Ground Sixty-Four.  Otherwise, this Ground was not available to be raised.

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes [ ]    No [X]

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes [ ]    No [ ]

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes [ ]    No [ ]

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if available): _____


    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

GROUND   65   -   The conviction, sentence, and judgment on all Six Counts must be vac-
ated and set aside being in violation of my Sixth Amendment Right to a speedy Jury Trial.

(a) FACTS - I was indicted on 3.10.09 and arraigned on 3.18.09.  Trial began on 10.26.09
resulting in verdicts of guilty by jury on 11.16.09 but only after alleged violations
of my First, Fourth, Fifth and Sixth Amendment rights.  The Court's instruction to the
Jury Form 1040 did not and does not violate the PRA was  over my   objections and re-
moved from the Jury consideration of whether I acted willfully as an element in each of
the Six Counts.  The Court also, contrary to the indictment, instructed the Jury they
were to consider whether I willfully attempted to evade or defeat the payment where the
Grand Jury alleged acts of attempt to evade and defeat assessment which the Jury was never
allowed to consider due to the instructions and ambiguity. The Grand Jury in Count One
alleged Overt Acts involving income allegedly attributable to me but at Trial the Court,
being advised by the Government the Grand Jury referral was involving my alleged liabil-
ities from "2000 through 2004" expanded Count One to include Stilley's liabilities based
upon ¶ 14's claims Stilley refrained from filing Forms 1040 and 1099 with the IRS. See
Springer Declaration Filed in Support of this Motion.*I have not received a timely Jury-
|                                                              |-Trial on the indictment

(b) Direct Appeal of Ground  Sixty-Five

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: To the extent Appellate Coun-
sel could have raised this issue his representation was deficiently ineffective on
Ground Sixty-Four.  Otherwise, this Ground was not available to be raised.

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise issue: _____

*in its entirety.

GROUND 66 - The conviction, sentence, and judgment on all Six Counts must be vacated and set aside being in violation of the Fifth Amendment Due Process clause and its equal protection component.

(a) FACTS - Each Ground 1 through 75 are are realleged as if set forth word for word herein. Each Ground warrants the relief requested therein. Each Ground collectively, in a cumulative way, deprived me of Due Process and the entire District and Appellate Court process was fundamentally unfair. I seek Nunc Pro Tunc relief. Each Ground taken together demonstrates error that affected my substantial rights and has created a complete miscarriage of justice.

See Springer Declaration Filed in Support of this Motion incorporated fully herein. See Memorandum of Law in Support of this Motion at pages 1 through 25.

(b) Direct Appeal of Ground Sixty-Six

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel should have raised what he could on direct appeal but could not have known how the Tenth Circuit would change the offense conduct, the law, or the CIR's instructions to the public.

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND 67   -   The indictment, conviction, sentence and judgment on  all
Six Counts must be vacated, set aside, or corrected, being in violation of the State
Oklahoma's Constitution which reserved and prohibits imprisonment for debt, thus violating
the Ninth and Tenth Amendments to the Constitution of the United States of America.   -

(a) FACTS -  On April 23, 2010, I was imprisoned primarily due to failing to pay income taxes
to the IRS for years 1990 to 1995, 1999 through 2007, and the Court's "Tax Loss"
calculations derived a majority of the sentencing computations. Count Two, Three, and
Four were instructed to the jury as evasion of payment offenses. The Court used 20% of
unreported income in Count Five and Six to further increase the Tax Loss. The Court added
interest and penalty calculations to its Tax Loss calculations due to Count Two, Three,
and Four being payment offenses. The Court sustained its decision to allow the Jury to
consider Stilley's   tax debt in Count One due to his alleged failure to file Form 1040.
Tax debt is one of the elements in Count Two, Three, and Four. The State of Oklahoma
reserved for its Citizens never to be imprisoned for debt at Article 2, § 13. The
Ninth and Tenth Amendment prohibit my imprisonment based upon tax debt and the Courts
base offense of 22 was determined by that alleged debt.  See Springer Declaration Filed-

(b) Direct Appeal of Ground   Sixty-Seven                          |-in Support of this Motion. *

(1) If you appealed from the judgment of conviction, did you raise this issue?
     Yes [  ]     No [ X ]

(2) If you did not raise this issue in your direct appeal, explain why:  Appellate Counsel was ineff-
ective for failing to raise Ground Sixty-Seven on appeal and this deficiency was preju-
dicial to Defendant.  I do not know why he did not raise Ground Sixty-Seven.

(3) Did you receive a hearing on your motion, petition, or application?
     Yes [  ]     No [ X ]

(4) Did you appeal from the denial of your motion, petition, or application?
     Yes [  ]     No [  ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
     Yes [  ]     No [  ]

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise issue: _____
* in its entirety. _____

**GROUND 68** — The indictment, sentence, conviction, and judgment, on all Six Counts must be vacated and set aside for being in violation of the Fifth Amendment Due Process.

(a) FACTS — The decisions by the U.S. District Court in Springer v. U.S., 447 F.Supp. 2d 1235, 1238(N.D.Ok. 2006); and the decisions by the Tenth Circuit in U.S. v. Collins, 920 F.2d 619, 631 and n.12 & 13(10th Cir. 1990), U.S. v. Dawes, 951 F.2d 1189, 1192-93 (10th Cir. 1991), U.S. v. Chisum, 502 F.3d 1237, 1244(10th Cir. 2007), Springer v. IRS, 231 Fed. Appx. 793, 797(10th Cir. 2007), Lewis v. CIR, 523 F.3d 1272, 1274(10th Cir. 2008), Wheeler v. CIR, 528 F.3d 773, 781(10th Cir. 2008), Springer v. CIR, 580 F.3d 1142, 1145(10th Cir. 2009), each either caused me to be entrapped by estoppel, or prevented me from making efforts to correct the mistakes made as a result of my relying on these decisions clearly implicating that Form 1040 was both and first subject to the PRA and its protections, and second, use was otherwise mandatory. The 10.26.11 decision in my appeal never mentions the relevant parts of the cases above. This claim is one of Judicial entrapment by estoppel. See Springer Decl. in Support of this Motion.*

(b) **Direct Appeal of Ground** Sixty-Eight

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct so I was misled. In fact,

I was specifically led Form 1040 was at the heart of each Count.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

* incorporated herein in its entirety.

GROUND   69   The sentence and judgment ordering restitution to the State of Oklahoma
on all Six Counts is in violation of the Fifth Amendment Due Process clause.

(a) FACTS - Congress prohibits States from imposing any burden of tax on a person's receipt
of obligations of the United States at 31 U.S.C. § 3124. Congress defines "Obligation
or other Security of the United States" at 18 U.S.C. § 8 to include "Frederal Reserve
Notes." Congress establishes "Federal Reserve Notes" are created and defined @ 12 U.S.C.
§ 411 to be redeemable in "lawful money" at any Federal Reserve Bank. Congress does
not define "lawful money" in Title 12, 18, 26 or 31. The Constitution suggests though
lawful money is coin and with a measurable weight of Gold, Silver, or other metals
listed in the Coinage Act of 1792. Congress enacted the Security Act of 1933 and the
Securities and Exchage Act of 1934 defining the term "Security" to mean any "note."
All Federal Reserve Notes state "this note is legal tender for all debts" thus qualify
as a Security. Congress at 26 U.S.C. § 165(g) provides a deduction from gross income
involving worthless securities. All transactions involved in the Six Counts were measured

(b) **Direct Appeal of Ground**  Sixty-Nine    | by or in denominations of Federal Reserve Notes.*

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒

   (2) If you did not raise this issue in your direct appeal, explain why:  I was not given notice that
Form 1040 was divorced from the Six Counts offense conduct misleading me into a compl-
etely different defense than ones like this I would have raised after being counseled.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise issue:

\* See Springer Declaration Filed in Support of this Motion incorporated herein in its
entirety and also specifically pages  58 and 59

GROUND 70  - The referral, indictment, conviction, sentence, and judgment on all Six
Counts must be vacated, set aside, and corrected being in violation of Fifth Amendment.

(a) FACTS- All transactions the Government relied upon in obtaining a referral, indictment,
conviction, sentence, and judgment, were based upon or measured by Federal Reserve Notes.
There is a couple transactions where I received Gold or Silver coins. Federal Reserve
notes are not redeemable in lawful money at any Federal Reserve Bank as Congress require
at 12 U.S.C. § 411.  Until a person exchanges a certain denomination of Federal Reserve
Notes for something else,that person, like me, has not received anything of "value".
yet.  Congress considers notes received that were or became worthless during a tax year
to be deductable from gross income for that year at 26 U.S.C. § 165(g). 18 U.S.C. §
8 defines Obligation or other Security of the United States to include Federal Reserve
Notes. Congress exempts Obligations of the United States from State taxation. Federal
Reserve Notes are a promise to pay and until payment takes place they have no reliable
set value. See Springer Declaration Filed in Support of this Motion incorporated herein-

(b) **Direct Appeal of Ground** Seventy    |- in its entirety.

  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐    No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that
Form 1040 was divorced from the Six Counts offense conduct misleading me into a comletely different defense than ones like this I would have raised after being counseled.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐   No ☒

  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐   No ☐

  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐   No ☐

  (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND 71  - The sentence and judgment on all Six Counts must be corrected where the Court enhanced under USSG 3C1.1 finding I gave false testimony regarding Form 1040.

(a) FACTS - Due to being misled about the offense conduct by the Grand Jury indictment, I elected to waive my Fifth Amendment Right and testify at the trial I attended. Prior to testifying I was required to provide a profer of my testimony on good faith. At Trial I looked the Jury square in the eyeballs and told them I did not willfully fail to file a Form 1040 for any year at issue. The Court instructed the Jury it had found Form 1040 did not violate the PRA in violation of my right to a "jury" trial on all elements, including willfully. At sentencing the District Court added 2 points for obstruction of justice finding when I told the Jury I did not willfully fail to file Form 1040 that was "categorically false." The Tenth Circuit on appeal held Form 1040 was "divorced" from all offense conduct as well as from 26 U.S.C. § 6012. I could not have willfully failed to file Form 1040 if Form 1040 was "divorced" from the charges.

See Springer Declaration Filed in Support of this Motion incorporated fully herein.

(b) **Direct Appeal of Ground ' Seventy-One**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that Form 1040 was divorced from the Six Counts offense conduct misleading me into a comletely different defense than ones like this I would have raised after being counseled.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

GROUND 72 - The entire sentence and judgment on each of the Six Counts must be corr-
ected being in violation of Fifth Amendment Due Process clause and its equal protection.

(a) FACTS- The Court found at sentencing I directed others to violate the law even comparing
telling people to file Form 1040 was like a drug dealer telling people to stop using
drugs. Since people are not required to use Form 1040 when being required to file a
"Tax Return" under § 6012, then me telling people they were not required to file the
1040 Form could never be equated as telling them to "violate" the law.

See Springer Declaration Filed in Support of this Motion incorporated fully herein.

(b) **Direct Appeal of Ground** Seventy-Two

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: I was not given notice that
Form 1040 was divorced from the Six Counts offense conduct misleading me into a compl-
etely different defense than ones like this I would have raised after being counseled.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise issue:

**GROUND**   73   The referal, indictment, conviction, sentence, and judgment on all Six

Counts must be vacated or set aside due to the Writ of Habeas Corpus being suspended.

(a) FACTS- The Constitution specifically forbids any temporary delay in the seeking of

a Writ of Habeas Corpus or its prompt resolution. See Article I, § 9, Cl.3. Congress

established at 28 U.S.C. § 2255 as providing a procedure to allow for consideration of

any grounds traditionally allowed to be addressed in a Habeas Corpus Petition. Congress

does provide two other alternatives under 28 U.S.C. §§ 1651 and 2241 but the District

and Appellate Courts of the United States prohibit Habeas Corpus being used under these

sections requiring any relief from Trial errors be brought generally under § 2255.

Section 2255 requires a 1 year window to seek such relief under Habeas Corpus procedures

which is not enough time to ascertain all the jurisdictional, and non jurisdictional

grounds that warrant relief.

See Springer Declaration Filed in Support of this Motion incorporated fully herein.

(b) **Direct Appeal of Ground** . Seventy-Three

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I lacked standing to chal-
§ 2255 until the Supreme Court denied my Certiorari. I now have standing.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise issue:

GROUND 74    - The referral, indictment, conviction, sentence, and judgment, and the
order on my direct appeal, on all Six Counts, must be vacated and set aside in violat-
ion of the Fifth Amendment Due Process clause and its equal protection component.

(a) **FACTS-**  26 CFR § 601.101 states the "Internal Revenue Service is a bureau of the Depar-
tment of the Treasury.." U.S. v. Hoodenpyle, 461 Fed. Appx. 675, 682(10th Cir. 2012)
Although the Tenth Circuit relies upon § 601.101's first sentence, it found Mr. Barri-
nger and my reliance upon the fourth sentence "within an internal revenue district the
revenue laws are administered by a district director of internal revenue" in challeng-
ing administration and enforcement prohibited without such districts and directors
meritless just 3 months prior to its Hoodenpyle decision.  In light of the decision in
Hoodenpyle reconsideration of my Motion to Dismiss for lack of jurisdiction and as
prohibited by 4 U.S.C. § 72 is warranted and as the Tenth Circuit found there are no
such Internal Revenue Districts or district director established by law.

   See Springer Declaration Filed in Support of this Motion incorporated fully herein.

(b) **Direct Appeal of Ground** Seventy Four

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes [X]  & No [X]

   (2) If you did not raise this issue in your direct appeal, explain why: Counsel raised this issue on
direct appeal but the Tenth Circuit found it meritless prior to its decision in U.S. v.
Hoodenpyle.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes [ ]    No [X]

   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes [ ]    No [ ]

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes [ ]    No [ ]

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise issue: _____

GROUND  75 - The sentence and judgment on all Six Counts must be vacated, set aside, and corrected being in violation of the Fifth Amendment Due Process clause.

(a)FACTS- On March 16, 2010 the Northern District Court in 08-cv-278 ordered me to vacate my home of 14 years by April 15, 2010. The sentence judge in 09-cr-043 set that hearing for April 21, 2010 and to last possibly two or more days. I requested a continuance due to relocating my family due to the order in 08-cv-278 so I could properly prepare for the sentencing hearing and was denied. The errors resulting in the 15 year sentence and restitution plus tax loss amounts, and including enhancements, were not adequately and fairly litigated due to these extraordinary circumstances. I incorporate Grounds 1 to 4, 10 to 14, 30, 34, 35, 39, 40, 42, 43, 44, 48, 67 and to the extent available and relevant, 71 and 72, as if set forth word for word herein.

See Springer Declaration Filed in Support of this Motion incorporated fully herein.

(b) **Direct Appeal of Ground** Seventy-Five

   (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐    No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: Appellate Counsel was ineffective for failing to raise Ground Seventy-Five on appeal and this deficiency was prejudicial to Defendant. I do not know why he did not raise Ground Seventy-Five.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
   Yes ☐    No ☒

   (4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐    No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐    No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

**GROUND** 76- The indictment, conviction, sentence, judgment, and appeal decision, on all Six Counts must be vacated, set aside, and corrected due to the United States Judicial and Executive branches of Government, in respect to my liberty and property interests, have acted in breach and total disregard to the conditions by which the United States received its enumerated powers as set forth in Grounds 1 through 75.

(a) FACTS- Defendant is well known to the Executive and Judicial branch personel of the United States Government, both elected, appointed, and career employee, of Defendant's mission to "get rid of the IRS" as alleged by the Grand Jury. As grounds 1 through 75 demonstrate and are incorporated herein, the Pattern and Bias is shown by the United States identified above saying or doing anything to deprive me of my liberty or property when both the facts and the law are clearly in my favor. I incorporate my Declaration in its entirety and also specifically at pages 63 through 68. The shifting positions are voluminous and fundamentally unfair resulting in the very outcome the United States was created and that was to protect my liberty and property.

(b) **Direct Appeal of Ground** Seventy-Six

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: This issue was not available or known to be raised until the October 26, 2011 decision solitified it.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
Yes,  See Springer Declaration Filed in Support of this Motion at pages 73 through 90 where I fully set forth the information sought by this questions I incorporate my Declaration as if set forth herein word for word.

Filed in Support of this Motion
14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment of conviction you are challenging?   Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and issues _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary

(b) At the arraignment and plea: Robert Williams

(c) At the trial:

(d) At sentencing:

(e) On appeal: Jerold Barringer was suspended prior to the October 26, 2011 decision; P.O. Box 213, 200 West Front Street, Nokomis, Illinois 62075-0213

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding: Jerold Barringer was suspended prior to the October 26, 2011 decision.

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same            Yes [X]        No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes [ ]        No [X]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes [ ]        No [ ]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

My judgment of conviction became final upon denial of Certiorari by the Supreme

Court on June 4, 2012.  This Motion is timely.

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1) the date on which the judgment of conviction became final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: First, to vacate the conviction, sentence, and judgment on all Six Counts; Second, set aside the same; and Third, correct same; each being in violation of the Constitution and Statutes and Regulations of the U.S. or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _March 5, 2013_ .

(month, date, year)


Executed (signed) _March 4, 2013_ (date).


Signature of Movant