### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Respondent, | ) |
| vs. | ) Case No. 09-CR-0043-SPF |
| LINDSEY KENT SPRINGER, | ) |
| Defendant/Movant. | ) |

### ORDER

Defendant/movant Lindsey Kent Springer (movant) moves under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct movant's sentence. Doc. nos. 472 - 475. The motion asserts 76 separate grounds for relief. The moving papers, taken together, present 271 pages of material.

The court has preliminarily reviewed doc. nos. 472 - 475. The court notes that movant asserts numerous matters which would appear to have been previously litigated and adjudicated in the underlying criminal proceedings, or which could have been asserted in those proceedings. The court intends to address movant's § 2255 claims in two steps. The first step, not directed to the substantive merits of any of the grounds asserted by movant for § 2255 relief, will be to identify those grounds for relief which the court need not, and should not, address in these § 2255 proceedings because they were, or could have been, asserted in the proceedings in the underlying criminal prosecution. Any such grounds will be stricken or dismissed without merits briefing from the government and without merits consideration from the court. The second step will be consideration of the merits of any remaining grounds asserted by movant for § 2255 relief.

Accordingly, the government is **DIRECTED** to file a preliminary response to Mr. Springer's motion not later than August 19, 2013, as follows. The government's preliminary response shall concisely list (with supporting record citations) those grounds for relief, if any, which the government contends should be stricken or dismissed because it is clear that they are procedurally barred, for example, because they were raised and resolved in the proceedings in the underlying criminal prosecution, or because they could have been, but were not, raised in those proceedings.

*See generally*, United States v. Frady, 456 U.S. 152, 165 (1982) ("we have long and consistently affirmed that a collateral challenge may not do service for an appeal"); United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) ("2255 motions are not available to test the legality of matters which should have been raised on direct appeal"; "[a] defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed"; district court did not err in dismissing § 2255 motion as to claims previously considered and disposed of on direct appeal, citing United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989), for the proposition that "absent intervening change in law of circuit, issues disposed of on direct appeal generally will not be considered in a §2255 collateral attack").

Movant's reply to the government's preliminary response shall pertain only to the issues raised in the government's preliminary response (*e.g.*, shall not address the merits of any asserted grounds for relief), and shall be due not later than five months from the date the government's preliminary response is filed.

Absent leave of court, the court's rules limiting briefs to twenty-five pages shall apply.

After the court has, with the benefit of the filings called for above, determined which grounds for relief, if any, should be stricken or dismissed, the court will establish a briefing schedule as to the merits of any remaining grounds for relief.

Dated this 15th day of March, 2013.

*[signature]*

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p099.wpd