IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED

APR 29 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

LINDSEY KENT SPRINGER, )

     Petitioner/Movant, )

v. )  Case No. 13-cv-145
           (Formerly 09-cr-043)

UNITED STATES OF AMERICA, )

     Respondent. )

## MOTION TO RECUSE OF DISQUALIFY HONORABLE

## UNITED STATES DISTRICT JUDGE STEPHEN P. FRIOT

Lindsey Kent Springer
Prisoner # 02580-063
Federal Correctional Institution
1900 Simler Ave.
Big Spring, Texas 79720

Mail    No Cert Svc    No Orig Sign
___C/J    ___C/NoJ   ___C/Ret'd   ___No Env
___No Cpy's   ___No Env/Cpy's   ___O/J   ___O/MJ

-i-
INDEX

Summary of Claims.   .   .   .   .   .   .   .   . 1

   Legal Authority in Support of Petitioner's Claims.   .   .   .   . 1

   Claims

      (a) Issues Raised

         (i) Form 1040, the Paperwork Reduction act, Due Process and Jury
Trial.   .   .   .   .   .   .   . 3

           (A) Form 1040 history with Judge Friot and Petitioner.   . 3

           (B) Judge Friot used the question the requirement to make
or deliver an income tax return is a statutory require-
ment, or a requirement that can only be understood through
the Secretary of the Treasury giving the Public notice
of regulations on the proscribed Form of Return in a way
that leaves the entire basis for all Six Counts, and the
Public and Petitioner, guessing as to the origin of the
complete duties and obligation to deliver an income tax
return in proper form, along with the debt due and owing. 9

           (C) Judge Friot's change of the Charges in Counts 1,2,3 and 4,
was intentional and took advantage of Petitioner's pro-se
status, and was surely prohibited by the Constitution at
both the Fifth and Sixth Amendment.   .   . 19

              (I) Count One.   .   .   .   .   . 20

              (II) Count Two, Three and Four.   .   .   . .25

Conclusion.   .   .   .   .   .   .   .   . 25

-ii-

TABLE OF AUTHORITIES

Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813, 821(1986).   .   .   . 2

Brinlee v. Crisp., 608 F.2d 839, 853(10th Cir. 1979).   .   .   . 20

Caperton v. A.T. Massey, 173 L.Ed 2d 1208, 1225(2009).   .   .   . 2

Gardner v. U.S., 283 F.2d 580, 581(10th Cir. 1960).   .   .   . 20

Gwinn v. Aumiller, 159 F.3d 504, 518(10th Cir. 1998).   .   .   . 2

In re: Murchsion, 349 U.S. 133, 136(1955).   .   .   .   . 2

Landmark Communication, Inc. v. Virgina, 435 U.S. 829, 839(1978).   .   . 2

Liteky v. U.S., 510 U.S. 540, 555(1994).   .   .   .   . 2

Kawashima v. Holder, 182 L.Ed 2d 1, 10(2012).   .   .   . 24,25

Offuit v. U.S.,  348 U.S. 11, 14(1954).   .   .   .   . 2

Olpin v. CIR, 270 F.3d 1297, 1300-01(10th Cir. 2001).   .   .   . 13

Springer v. IRS., ex rel., 231 Fed. Appx. 793(10th Cir. 2007).   .   . 4

Springer v. U.S., 447 F.Supp. 2d 1235, 1238(N.D. Ok. 2006).   .   . 3,4,7

U.S. v. Cure, 804 F.2d 625, 628(11th Cir. 1986).   .   .   . .22

U.S. v. Dawes, 951 F.2d 1189, 1191-92(10th Cir. 1991).   .   .   . 7

U.S. v. Dunkel. 900, F.2d 105, 107(7th Cir. 1990).   .   .   . 25

U.S. v. Haga, 821 F.2d 1036, 1044(5th Cir. 1987).   .   .   . 22

U.S. v. Hunerlack, 197 F.3d 1059, 1065(11th Cir. 1999).   .   .   . 24

U.S. v. Hoodenpyle, 461 Fed. Appx. 675, 682(10th Cir. 2012).   .   . .14

U.S. v. Farr, 536 F.3d 1174, 1177(10th Cir. 2008).   .   .   . 24

U.S. v. Farr, 2006 Dist. Lexis 82702(W.D.Ok.).   .   .   . 25

U.S. v. Notch, 939 F.2d 895, 901(10th Cir. 1991).   .   .   . 24

U.S. v. Payne, 978 F.2d 1177, 1179(10th Cir. 1992).   .   .   . 24

U.S. v. Pearson, 203 F.3d 1243, 1277(10th Cir. 2002).   .   .   . 2

U.S. v. Root, 585 F.3d 145, 152(3rd Cir. 2009).   .   .   . 25

U.S. v. Thompson, 518 F.3d 832, 857(10th Cir. 2008).   .   .   . 24

-iii-
STATUTES INVOLVED

18 U.S.C. § 371. . . . . . . . 22

26 U.S.C. § 1. . . . . . . . 9,10

§ 61. . . . . . . . 9,10

§ 63. . . . . . . . 9,10

§ 6011. . . . . . .9,10,12,14,18

§ 6012(a). . . . . . 9,10,12,14,18

§ 6072. . . . . . . . 9,10

§ 6091. . . . . . . . 9,10

§ 6091(b). . . . . . . 17,19

§ 6151. . . . . . . . 9,10

§ 7201. . . . . . . . 24,25

§ 7203. . . . . . . . 9,10

§ 7206. . . . . . . . 22

§ 7805(c) . . . . . . . .14

§ 6011. . . . . . . 14,18

§ 6061. . . . . . . 13,14

§ 6065. . . . . . . . 13

28 U.S.C. § 144. . . . . . . . 1

§ 455(a) . . . . . . . 1

§ 455(b) . . . . . . . 1

§ 455(b)(iv) . . . . . . . 3

44 U.S.C. § 3506. . . . . . . . 4

§ 3507. . . . . . . . 4

§ 3512. . . . . . . . 4

-iv-
REGULATIONS

5 C.F.R. § 1320.8(b)(3). . . . . . 4

26 C.F.R. § 1.1-1. . . . . . 11,18

§ 1.102-1. . . . . . 11,18

§ 1.151-1. . . . . . 11,14

§ 1.6011-1. . . . . 11,12,13,18

§ 1.6012-1. . . . . 11,12,14,18

§ 1.6091-2(1999-2004). . . . . 18

§ 1.6091-2(2005). . . . . . 18

§ 1.6091-2. . . . . . 15,19

§ 601.101. . . . . . .14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

Lindsey Kent Springer,

      Plaintiff/Petitioner

v.

UNITED STATES OF AMERICA,

      Defendant/Respondent.

Case No. 13-cv-145
(Formerly 09-cr-043)

## MOTION TO RECUSE OR DISQUALIFY

Lindsey Kent Springer ("Petitioner") moves this Court for an order recusing the Honorable United States District Judge Stephen P. Friot pursuant to 28 U.S.C. §§ 455(a), 455(b)(1), 455(b)(5)(iv), and pursuant to 28 U.S.C. § 144. An affidavit is filed in support of these motions.

### SUMMARY OF CLAIMS ACCORDING TO EACH PROVISION

28 U.S.C. § 455(a) directs Judge Friot disqualify himself in any proceeding in which his impartiality might reasonably be questions.

28 U.S.C. § 455(b)(1) directs Judge Friot shall disqualify himself where he has personal bias or prejudice concerning Petitioner or the United States of America, or when Judge Friot knows of disputed evidentiary facts concerning this proceeding.

28 U.S.C. § 455(b)(5)(iv) directs Judge Friot shall disqualify himself where his knowledge makes him likely to be a material witness in this proceeding.

28 U.S.C. § 144 directs that where either Petitioner or the United States of America makes and files a timely and sufficient affidavit that Judge Friot has a personal bias or prejudice either against Petitioner, or in favor of the United States of America, Judge Friot shall proceed no further herein or therein.

Petitioner is required to state the facts and the reasons for Petitioner's belief that bias or prejudice exists and accompanied by a certificate of counsel stating the request is made in good faith.

### LEGAL AUTHORITY IN SUPPORT OF PETITIONER'S CLAIMS

-1-

"Honesty and integrity are presumed on the part of the tribunal, [and] there must be some substantial countervailing reason to conclude that a decision maker is actually biased with respect to factual issues being adjudicated." Gwinn v. Awmiller, 354 F.3d 1211, 1219(10th Cir. 2004); quoting Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 518 (10th Cir. 1998)

"The operations of the Courts and the judicial conduct of judges are matters of utmost public concern." Landmark Communications, Inc., v. Virginia, 435 U.S. 829, 839(1978)

"A judge shall avoid impropritety and the appearance of impropriety." Caperton v. A.T. Massey, 173 L.Ed. 2d 1208, 1225(2009)   "The test for 'appearance of impropriety' is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence impaired." Id.

"A Judge should disqualify himself...where he has a personal bias or prejudice concerning a party." Aetna Life Insurance Co., v. Lavoie, 475 U.S. 813, 821(1986)

"Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated fovritism or antagonism that would make fair judgment impossible." Liteky v. U.S. 510 U.S. 540, 555(1994).

"Every procedure which offer a possible temptation to the average man as a judge...not to hold the balance nice, clear, and true between the State and the accused, denies the latter Due Process." In Re Murchison, 349 U.S. 133, 136(1955).

"Justice must satisfy the appearance of justice.  Offutt v. U.S., 348 U.S. 11, 14 (1954).

"A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judges impartiality." U.S. v. Pearson, 203 F.3d 1243, 1277 (10th Cir. 2000).

CLAIMS

1.   Judge Friot's impartiality can be reasonably questioned.

    (a) Issues raised in Petitioner's Motion under 28 U.S.C. § 2255 demonstrate Judge Friot is incapable of remaining impartial in the § 2255 proceeding.

       (i) Form 1040, the Paperwork Reduction Act, Due Process and Jury Trial

         (A) Form 1040 history with Judge Friot and Petitioner.

On April 25, 2005, Petitioner sought a merits based ruling that Form 1040 for 1990 through 1995, identified in the Internal Revenue Service's Revenue Office Fred Rice's Notice of Intent to Levy under the section entitled "Form Number," violated the Paperwork Reduction Act of 1980 and 1995. See Declaration of Lindsey Kent Springer filed in Support of Motion for § 2255 relief ("Springer Declaration") at pg. 4, citing case # 05-cv-466-F. See also Exhibit 2-2 attached to Springer's Decl.

On September 15, 2005, Petitioner filed a civil action in the Western District of Oklahoma against the IRS, seeking a redetermination of the August 16, 2005 determinations made by the IRS regarding the Notice of Intent to Levy issued by Revenue Officer Fred Rice in March, 2005. Springer Declaration at 4, citing case # 05-cv-1075-F

On October 6, 2005, without ever addressing the merits of Petitioner's PRA claims, Judge Friot dismissed my claims made in 05-cv-466-F on procedural grounds finding no evidence of collection efforts while the case was pending.

On or about February, 2006, Petitioner commenced in the Northern District of Oklahoma 06-cv-110-E (United States District Judge Claire V. Eagan)(herein after "Judge Eagan") against the United States seeking to enjoin the IRS from subjecting Petitioner to further investigation for failing to provide information on information collection request Form 1040, entitled "U.S. Individual Income Tax Returns."

On June 22, 2006, Judge Eagan dismissed my injunction claims in 06-cv-110 holding:

"The Secretary of the Treasury and IRS have clear authority to impose criminal and civil penalties RELATED TO FORM 1040."

See Springer Declaration at pg. 5; citing Springer v. U.S., 447 F. Supp. 2d 1235, 1238(N.D.Ok. 2006).

In Judge Eagan's published decision she held:

"It is settled law that the requirement to file a tax return is mandated by statute, not by regulation and that explicit statutory requirements such as those involving the filing of income tax returns are not subject to the Paperwork Reduction act."

See Springer Declaration at 13; citing 447 F. Supp. 2d 1235, 1238(N.D.Ok. 2006)

On August 7, 2006, Judge Friot dismissed 05-cv-1075 citing res judicata and refusing to address the merits of my public protection claims related to Form 1040 mandated by the Paperwork Reduction Act.

At no time did either Judge Friot or Judge Eagan ever find Form 1040 did not and does not violate the Paperwork Reduction Act. NEVER!

Petitioner timely appealed both of Judge Friot's decisions to the Tenth Circuit and Judge Eagan's June 22, 2006 decision to which the Tenth Circuit consolidated in an order dated May 1, 2007, affirming each decision of Judge Friot and Judge Eagan, and most importantly never ever finding "Form 1040 did not and does not violate the Paperwork Reduction Act." See Springer v. IRS, ex rel., 231 Fed. Appx. 793(10th Cir. 2007).

On March 10, 2009, Petitioner was indicted by a Grand Jury sitting in the Northern District of Oklahoma Courthouse on Six Counts alleging Petitioner refrained from filing specifically Form 1040, Doc. 2, ¶ 14, and failed to file 1040s entitled "United States Individual Income Tax Returns" or "income tax returns" for calender years 2000, 2002, 2003, 2004 and 2005. See Springer's Declaration at pg. 6-7; . . . .

The case number attached to the Grand Jury indictment by the Clerk's Office is 09-cr-043 eventually being assigned to Judge Friot by Judge Eagan on March 30, 2009.

Petitioner moved to dismiss each Count claiming lack of subject matter jurisdiction due to Form 1040 United States Individual Income Tax Returns, the information collection device used by the IRS to gather income tax information, did not comply with the Paperwork Reduction Acts.

Petitioner presented evidence Form 1040 violated 44 U.S.C. § 3506, 3507, and 3512, as well as 5 CFR 1320.8(b)(3) listed specifically on the IRS's application for approval

-4-

to display OMB number 1545-0074 for years 1998 through 2005 attaching both Form 1040s circulated to the public and Forms 83I also circulated to the public. See Doc. 53,54, and exhibits 1 through 5 (Form 1040) and 6,7, and 8(83I).

The only opposition filed by then U.S. Attorney David O'Mielia was as follows:

"Some Courts have simply noted that the PRA applies to the Forms themselves... and because the Form 1040 does have a control number, there is no PRA violation... tax instruction books are not agency requests for information."

See Doc. 71, pg. 6

Judge Friot explained the issue for dismissal raised by Petitioner's Motion to Dismiss on the public protection claims:

"The question presented by this Motion is whether the prosecution should be dismiss- ed because the defendants contend the TAX REPORTING FORMS and publications IN QUESTION did not comply with the Paperwork Reduction Act, 44 United States Code, Section 3512."

See Doc. 383, pg. 132, ln 16-23.

In denying Petitioner's PRA Motion to Dismiss all Six Counts the Trial Court turned to Judge Eagan's decision in 06-cv-110, dated June 22, 2006, reported at 447 F. Supp. 2d at 1238; holding:

"It is settled law that the requirement to file a tax return is mandated by statute, not by regulation and that explicit statutory requirements such as those involving the filing of income tax returns 'are not subject to the PRA."

See Doc. 383, pg. 133, ln 18-24; See also Springer Declaration at 13

There was no finding "Form 1040 did not and does not violate the Paperwork Reduct- ion Act." See Doc. 393, pg. 1949, ln 16-18; See Springer's Declaration at pg. 19

Judge Friot had been given three separate opportunities to find Form 1040 did not and does not violate the Paperwork Reduction Act and now in Three different Federal cases, Two where Petitioner was the Plaintiff, and one where Petitioner was the Defend- ant, Judge Friot had not ruled on the merits of my claims.

Out of the many possible affirmative and good faith defenses Petitioner had to present to the jury at trial, Petitioner sought first to present the defense he did not willfully fail to file Form 1040s  to which Judge Friot approved:

-5-

"The issue is whether you have a basis for a good faith belief that the Form 1040 violated the Paperwork Reduction Act."

See Doc. 392, pg. 1931, ln 5-7; Springer's Declaration at pg. 19

Judge Friot even instructed the Jury specifically:

"proof of the crimes charged in the indictment must include proof beyond a reasonable doubt of an element known in the law as willfulness...I will admit evidence as to defendant's understanding of the Paperwork Reduction Act at the times relevant to the indictment for your consideration with respect to the issue of willfulness."

See Doc. 393, pg. 1950; See also Springer's Declaration at pg. 19.

Just prior to the Jury instruction above, Judge Friot turned, looked the Jury square in the eyes, using his power of the bench, and directed the Jury he had "RULED THAT FORM 1040 DID NOT AND DOES NOT VIOLATE THE PAPERWORK REDUCTION ACT." See Doc. 393, pg. 1949, ln 16-18.

What record says Judge Friot "Ruled that Form 1040 did not and does not violate the Paperwork Reduction Act" the record does not say because THERE IS NO SUCH RECORD.

Petitioner had given Judge Friot three separate occassions to make such a ruling to which he refused to do and when faced with the same issue in this criminal case he again refused to address the merits of my PRA claims and instead ruled the PRA did not apply to the requirement to file a tax return at issue in each of the Six Counts of the indictment. Compare Doc. 383, pg. 133, ln 18-24.

So, there are three rulings by Judge Friot that never address the merits of Petitioner's PRA claims of protection and now in the middle of trial, and after everyone is aware Petitioner intends on presenting a good faith defense Form 1040 did not comply with the PRA, Judge Friot not only rules Form 1040 does not violate the PRA, but says he had made this ruling previously.

Judge Friot was fully aware of both sides of the issue. During Petitioner's demanded proffer regarding his subjective good faith Form 1040 violated the PRA, Judge Friot interrupted Petitioner and stated:

"Now wait a second. Its one thing for the PRA to apply to a given form, its another for a given form to violate the PRA."

-6-

See Doc. 392, pg. 1905, ln 23-25; See Springer's Declaration at 18

There was virtually no way for Judge Friot to tell the Jury what he had actually ruled on July 2, 2009, that Form 1040 was not subject to the PRA because, as Judge Friot and Judge Eagan were both aware, as well as 300 million Americans, and probably most reasonable persons around the world without a bias or prejudice would then read, the IRS says on Form 1040 directing at the bottom of page 1 to a Paperwork Reduction Act Notice in some other undisclosed page not attached to the Form itself. See Doc. 53,54, Exhibits 1 through 5, and both Form 1040 and Instructions labeled "Form 1040" at Doc. 396, pg. 2690 to 2693; received by the Trial Judge, pg. 2734-35 ("For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page..."); See Springer's Declaration at pg. 22; See also Springer Declaration Exhibit 13.

So, prior to Trial Judge Friot rules the PRA does not apply to "Tax Reporting Forms...In question," See Doc. 383, pg. 132, ln 16-23; See Springer's Declaration at 12, because "It is settled law that the requirement to file at tax return is mandated by statute, not by regulation, and that explicit statutorily requirements such as those involving the filing of income tax returns 'are not subject to the Paperwork Reduction Act," See Doc. 383, pg. 133, ln 18-24; See Springer's Declaration at 13, and in the middle of trial Judge Friot instructs the Jury factually that he had ruled Form 1040 did not and does not violate the Paperwork Reduction Act." See Doc. 393, pg. 1949, ln 16-18; See Springer's Declaration at pg. 19.

Petitioner then timely moves for a new trial claiming Judge Friot violated the Sixth Amendment Right Petitioner had to a jury trial on the element of willfulness, as previously instructed, and Judge Friot resorts away from his finding Form 1040 did not and does not violate the PRA, holding:

> "In this motion, Mr. Springer argues that the PRA was his 'complete defense' and that the Court improperly advised the Jury that Form 1040 COMPLIED WITH THE PRA. Assuming that the PRA has any application at all to the offenses charged in this case, the Court rejects, as it has done before, Mr. Springer's contention that the Paperwork Reduction Act provides him with a defense in this action. AS HELD in United States v. Dawes, 951 F.2d 1189, 1191-92(10th Cir. 1991), quoted in Springer v. United States, 447 F. Supp. 2d 1235, 1238 (N.D. Okla. 2006) "the requirement to file a tax return is mandatd by statute, not by regulation and

-7-

'such explicit statutory requirements are not subject to the PRA."
See Doc. 293, pg. 6; See Springer's Declaration at pg. 32

As if this back and forth shifting positions by Judge Friot is not enough to satisfy evidence necessary of bias and prejudice against Petitioner, or the appearance thereof, during Sentencing Judge Friot makes another startling statement on his way to impose a 15 year sentence on Petitioner proclaiming he "had rejected the PRA defense as a matter of law, and the jury rejected it as a factual matter." See Springer's Memorandum and Brief in Support of Defendant's Motion to Vacate, Set Aside, and Correct Conviction, Sentence, and Judgment ("Memo") at page 15, and Motion to Vacate ("Motion") at Ground # 30 at page 40 of said Motion; See Doc. 399, pg. 8, ln 21-23.

There is only one reason for Judge Friot's 5 years of ruling against Petitioner in the manner he has done and that is he has a deep seated bias against Petitioner and his exercise of free speech against the Form 1040 and how that very unlawful Form has been used, along with its instructions, to confuse to public into believing use of Form 1040 is subject to the public protection of the PRA and otherwise mandatory in use to comply with Congress's requests in general that the Secretary of the Treasury call for income tax information be gathered through a "Form of Return." While at the same time suggesting or maintaining Form 1040 is not subject to the Paperwork Reduction Act.

It makes no sense for Judge Friot to instruct the Jury that they are to consider Petitioner's good faith defense by saying "I will admit evidence as to defendant's understanding of the Paperwork Reduction Act at the times relevant to the indictment for your consideration with respect to the issue of willfulness," Doc. 393, pg. 1950, but then when addressing Petitioner's objections to the Court's instruction to the Jury it had previously "RULED THAT FORM 1040 DID NOT AND DOES NOT VIOLATE THE PAPER-WORK REDUCTION ACT" Judge Friot denied violating Petitioner's right to a Jury Trial explaining "Assuming that the PRA has any application at all to the offenses charged in this case, the Court rejects, as it has done before, Mr. Springer's contention that

-8-

the Paperwork Reduction Act provides him with a defnse in this action." See Doc. 293, pg. 6; See Springer's Declaration at pg. 32.

The meaning of the PRA does not change depending on what day it is.  There is only one way to view Judge Friot's changing from whether the PRA applies to the "STATUTORY REQUIREMENT OF FILING A FORM 1040," See Doc. 392, pg. 1889, ln 14-17, to Judge Friot instructing the Jury and Petitioner for the first time in the middle of trial he had RULED THAT FORM 1040 DID NOT AND DOES NOT VIOLATE THE PAPERWORK REDUCTION ACT" and that view is that Judge Friot has a personal bias and prejúdice against Petitioner accompanied by a deep seated favortism in favor of the United States Government.

Judge Friot should recuse or disqualify himself from acting further in Petitioner's 2255 proceedings.

> (B)  Judge Friot has used the question of whether the requirement to
> to make or deliver an income tax return is a statutory requirement,
> or a requirement that can only be understood through the Secretary
> of the Treasury giving the public notice of regulations on the
> prescribed Form of Return in a way that leaves the public, and
> Petitioner guessing as to the origin of the complete duty to
> make and deliver an income tax return in proper form, along with
> any taxes due and owing.

Judge Friot on July 2, 2009, denied Petitioner's Motion to Dismiss on the Paperwork Reduction Act public protection claims holding "It is settled law that the requirement to file a tax return is mandated by statute, not by regulation.." See Doc. 383, pg. 133, ln 18-24; See Springer's Declaration at pg. 13.  Petitioner was granted his first Bill of Particulars by Judge Friot directing the unauthorized prosecutors to:

> "file a bill of particulars specifying the provisions which provided for the legal
> duties with which the Defendant's were obligated to comply as 'required by law'
> as those words are used in those Counts."

See Doc. 383, pg. 128-129; See also Springer's Declaration at pg. 12

The unauthorized prosecutors submitted these "legal duties with which the Defendants were obligated to comply as 'required by law,'" were 26 U.S.C. §§ 1,61,63,6011, 6012(a), 6072, 6091, 6151 and 7203 (lessor included offense to Counts 2,3 and 4). See Doc. 104, pg. 2; See Springer's Declaration at pg. 14.

-9-

Petitioner immediately moved for another clarifying Bill of Particulars seeking all Treasury Regulations the Grand Jury relied upon in its allegations Petitioner was "required by law" and the unauthorized prosecutors opposed Petitioner's demands asserting no regulations were involved in the requiement to file a Form 1040 United States Individual Income Tax Return as alleged by the Grand Jury in each Count.  See Doc. 116; See also Springer's Declaration at pg. 14

Judge Friot was equally aware in opposing Oscar Stilley's proposed Jury instructions (Friot refused to allow Petitioner leave to file proposed Jury instructions out of time) the unauthorized prosecutors proclaimed to him that Petitioner was not made liable for any tax byway of 26 U.S.C. § 1,61,63,6011,6012(a),6072,6091,6151 or 7203. See Doc. 120, pg. 4; See Springer's Declaration at pg. 14.

On September 18, 2009, Judge Friot denied Petitioner's demand for the "regulations" the Grand Jury relied upon in its decision Petitioner was "required by law" to make or deliver any Form 1040 United States Individual Income Tax Returns alleged by the Grand Jury in Counts One through Six.

There was no doubt the unauthorized prosecutors citation to 26 U.S.C. §§ 1, 6011, 6012(a), and 7203 made sepcific reference to regulations in order for the statutory language to be satisfied.

Just 3 days later, on September 21, 2009, the unauthorized prosecutors filed a "Trial Brief" in which after arguing profusely against any regulations being invovled in the Grand Jury's allegation Petitioner was "required by law" make the following statement:

"various provisions of the Internal Revenue Code (and regulations thereunder) specifying the events that trigger an obligation to file a return."

See Doc. 138, pg. 7; See also Spriner's Declaration at pg. 15

Judge Friot directed the unauthorized prosecutors to specify:

"the 'regulations thereudner'...specifically relied upon by the government as specifying events triggering an obligation to file a return."

See Doc. 192, pg. 1; See Springer's Declaration at 17

So, in denying at times Petitioner's dismissal requests based upon Form 1040 violating the Paperwork Reduction Acts, Judge Friot holds "It is settled law that the requirement to file a tax return is mandated by statute, not by regulation and that explicit statutory requirements such as those involving the filing of income tax returns 'are not subject to the Paperwork Reduction Act'", See Doc. 383, pg. 133, ln 18-24; See also Doc. 293, pg. 6; And See Springer's Declaration at pg. 13, where a week before Trial he directs the unauthorized prosecutors to specify "the regulations thereunder ..triggering the obligation to file a return." See Doc. 192, pg. 1; See Springer's Declaration at pg. 17.

So which is it?  Is it settled law that the requirement to file "a Form 1040," See Doc. 392, pg. 1889, ln 14-17, is a "statutory requirement," or is the "obligation to file a [tax] return," Id, triggered by "regulations thereunder"?

The unauthorized prosecutors double spoke often about the answer to this question. In response to the Court's Order for a Second Bill of Particulars, the unauthorized prosecutors attempted to obscure the role "regulations" played in the Grand Jury's required by law allegations, asserting:

"The passing, parenthetical reference to regulations in the government's trial brief was not intended to suggest that the government would be relying on Treasury Regulaations in proving its case in chief."

See Doc. 201, pg. 1-2; See also Springer's Declaration at pg. 17.

The Second Bill of Particulars defiantly proclaimed:

"Defendant had a statutorily-mandated obligation to file a federal tax return without reference or reliance on Treasury  Regulations."

Id; at pg. 2

The unauthorized  prosecutors then explained to Judge Friot these  treasury regulations that "trigger[ing] an obligation to file a [income tax] return" relied upon by the Grand Jury were 26 CFR §§ 1.1-1, 1.102-1, 1.151-1, 1.6011-1 and 1.6012-1. See Doc. 201, pg. 3; See Springer's Declaration at pg. 17

Even though the unauthorized prosecutors gave notice to Judge Friot a week before

-11-

trial the Grand Jury relied upon Treasury Regulations particularly 26 CFR §§ 1.6011-1 and 1.6012-1, which both required use of the "Form of Return" prescribed by the Secretary of the Treasury, and to which is prescribed Form 1040 specifically, Judge Friot in denying Petitioner's Motion for New Trial where he invaded Petitioner's right to a Jury Trial secured by the Sixth Amendment, as sought and demanded by Petitioner, holding "the requirement to file a tax return is mandated by statute, not by regulation, and 'such explicit statutory requirments are not subject to the PRA." See Doc. 293, pg. 6; See Springer's Declaration at pg. 32.

In effort to rule out any possibility of whether the requirements alleged by the Grand Jury in each of the Six Counts were triggered by regulations, or was it as the unauthorized prosecutors claims in part of their Second Bill of Particulars that the "government would [not] be relying on treasury regulations in proving its case in chief," See Doc. 201, pg. 2; Springer's Declaration at 17, a quick read of 26 U.S.C. Section 6011, 6012, and 26 CFR §§ 1.6011-1 and 1.6012-1 clearly and exclusively rely on regulations to trigger the duty or obligations alleged by the Grand Jury in each of the Six Counts, both as to the Form of Return or quality and order of the information to be provided, as well as any taxes due and owing and where to "return" both the information and taxes due.

Section 1 of the Internal Revenue Code directs at subsection (f) that the  table after December 15, 1993, is to be prescribed by the Secretary "in lieu of the tables contained in subjsection (a), (b), (c), (d), and (e) with respect to taxable  years beginning in the succeeding calender year." So Section 1 requires regulations or rules by the Secretary. See Springer's Declaration at 49-50.

Section 6011 without question directs every person liable for any tax imposed by Title 26...shall make a return or statement according to the Forms and Regulations prescribed by the Secretary.  Section 6011 goes on to direct "Every person required to make a Return or statement SHALL include therein the information required by such Forms or Regulations."  So Section 6011 requires regulations and use of Forms prescribed by

-12-

the Secretary of the Treasury and the only way the Secretary prescribes such Forms
is by Treasury Regulations. See Springer's Declaration at pg. 50

Then there is 26 CFR § 1.6011-1(a) which states that "Every person subject to any
tax...under subtitle A of the code, shall make such return or statements as are required
by the regulations in this chapter. The return...SHALL include therein the information
required by the applicable REGULATIONS AND FORMS." So regulation 1.6011-1(a) identified
by the unauthorized prosecutors as being what was meant by the Grand Jury when they
alleged "required by law" requires this regulation.  See Springer's Declaration at 50

Then there is 26 CFR § 1.6011-1(b) entitled "Use of prescribed forms" and clearly
states on its face "Each taxpayer should carefully prepare his return and set forth
fully and clearly the information required to be included therein.  RETURNS WHICH HAVE
NOT BEEN SO PREPARED WILL NOT BE ACCEPTED AS MEETING THE REQUIREMENTS OF THE CODE."
So regulation 1.6011-1(b) identified by the unauthorized prosecutors as being what was
meant by the Grand Jury when they alleged "required by law" requires regulations and
use of the prescribed form." See Springer's Declaration at pg. 51

Next is whether the Secretary of the Treasury prescribed any form of return. 26
U.S.C. § 6061 requires "any return...required to be made under any provision of the
internal revenue laws OR REGULATIONS shall be signed in accordance with the Forms or
REGULATIONS prescribed by the Secretary.  See Springer's Declaration at pg. 72.

There is no doubt 26 U.S.C. § 6065 requires "any return...required to be made under
any provision of the internal revenue laws or REGULATIONS SHALL contain or be verified
by a written declaration that it is made under the penalty of perjury." See Olpin v.
CIR, 270 F.3d 1297, 1300-1301(10th Cir. 2001); See Springer's Declaration at pg  72

So without the Secretary prescribing Form of Return there would be no way of
knowing whether "any return" which includes "tax returns" or Form 1040 United States
Individual Income Tax Returns,as alleged by the Grand Jury when it alleges "required
by law," was required to be signed under penalty of perjury.  If a Form of Return
requires being declared under penalty of perjury the Secretary is required by law to

-13-

prescribe his request through REGULATIONS.

Judge Friot and the unauthorized prosecutors were fully aware the Secretary of the Treasury in his Form 1040 instruction book states:

> "Our legal right to ask for information is Internal Revenue Code Section 6001, 6011, 6012(a), AND THEIR REGULATIONS. THEY say that you must file a return or statement with US for any tax you are liable for. Your response is mandatory under these sections...You must fill in all parts of the Tax Form that apply to you."

See Springer's Declaration at 1.

So, the Secretary of the Treasury directs "their regulations" and "these sections" require the public's response is "mandatory." Id.

Next is 26 U.S.C. § 6012 identified by the unauthorized prosecutors in their Second Bill of Particulars which directs "Returns with respect to income taxes under Subtitle A shall be made by the following-(1)(A) Every individual having for the taxable year gross income which equals or exceeds the exemption amount..." See Springer's Declaration at 51.

So where does the public derive the "exemption amount" from?  The unauthorized prosecutors directed the Grand Jury derived this answer at 26 CFR § 1.151-1 in its Second Bill of Particulars. See Doc. 201, pg. 3; See Springer's Declaration at pg. 17 Guess what 26 CFR § 1.151-1 is?  Its a Treasury Regulation.

So what is the "Form of Return" the Secretary prescribes by "regulation" at 26 U.S.C. § 6011, 6061, and 7805(c)?  The unauthorized prosecutors answered that question in its Second Bill of Particulars citing 26 CFR § 1.6012-1. See Doc. 201, pg.3

26 CFR § 1.6012-1(a)(6) is entitled by the Secretary of the Treasury as "Forms of Returns" and states:

> "Form 1040 is prescribed for general use in making the RETURNS required under this paragraph."

See Springer's Declaration at pg. 51.

The Tenth Circuit recently held the Internal Revenue Service is entirely an agency created by a regulation at 26 CFR § 601.101. See U.S. v. Hoodenpyle, 461 Fed.

Appx. 675, 682(10th Cir. 2012).

The Grand Jury alleged the object of Count One's conspiracy was to defraud the Internal Revenue Service of its lawful functions of ascertaining, assessing, computing and collecting Federal Income Taxes.  The only way authority can be found delegated to the Internal Revenue Service is through regulations.

The phrase "Internal Revenue Service" appears in Counts Two through Six also. Again, regulations can only be the source of the Internal Revenue Service's power.

Although the U.S. Attorney, prior to his resignation, did identify 26 CFR § 1.6091-2 in his opposition to Petitioner's Motion to Dismiss on venue grounds, this regulation was not listed by the unauthorized prosecutors in their Second Bill of Particulars.

In effort to deny Petitioner's request for a new trial on the claim Judge Friot improperly expanded Count One to include Oscar Stilley's Tax Liability, Judge Friot relied and found Count One alleged "Springer and Stilley would and did refrain from filing Forms with the Internal Revenue Service, including Form 1040." See Doc. 293, pg. 7; reported at 2010 Lexis 6906(N.D.Ok 2010); See Springer's Declaration at pg. 32

As demonstrated above, alleging Form 1040 and Internal Reveneu Service in the obligation to file a "United States Individual Income Tax Return" is not possible to find the remotest probable cause required by the Grand Jury, yet be proven beyond a reasonable doubt, without specifying the regulations  "relied upon by the government as specifying events triggering an obligation to file a return." See Springer's Declaration at pg. 17

Despite the unauthorized prosecutors publishing for anyone to see that they switched after sentencing from Form 1040 arguing in opposition to Petitioner's release pending appeal that Petitioner's Paperwork Reduction Act claims were frivolous and "not neccessarily a Form 1040," explaining what Petitioner was to defend, See Doc. 357 or 361, pg. 5-6, See Springer's Declaration at pg. 27, Judge Friot ignored the gross misconduct of the unauthorized prosecutors to Petitioner's deprivations without addressing the

obvious breach where the Grand Jury alleged Form 1040 and United States Individual

Income Tax Return at issue in all Six Counts.

What makes the unauthorized prosecutors conduct even more egregious is where on

appeal they argued opposing the complete defense and good faith defense Petitioner

raised involving the Paperwork Reduction Act:

> "Springer tries to avoid this case law by maintaing that because the form he
> WAS REQUIRED TO FILE BY REGULATION, the PRA applies.  But Springer is not
> punished for willfully failing to file a particular agency-specified form; he
> is being punished for willfully failing to 'make a return...at the time or times
> REQUIRED BY LAW OR REGULATION."

See Springer's Declaration at pg. 27

The unauthorized prosecutors also claimed to the Tenth Circuit in opposing Petit-

ioner's Appeal that:

> "despite Springer's claim that each Count of conviction is inexorably linked with
> a Form 1040, only the two failure to file Counts could potentially be affected
> by the PRA."

See Springer's Declaration at pg. 27

In the unauthorized prosecutor's First Bill of Particulars they explained "required

by law" stating:

> "Counts 2,3,5 and 6, of the indictment include the phrase 'required by law' in
> reference to Defendant Springer's FAILURE TO FILE A FEDERAL INCOME TAX RETURNS.
> The filing of income tax returns is mandated by statute...The statutes that
> required Defendant Springer file Federal Income Tax returns are as follows..."

See Doc. 104, pg. 1; See Springer's Declaration at 14

Furthermore, in the unauthorized prosector's "Trial Brief" the explained:

> "throughout this period of time Defendant Springer and Stilley did not file any
> income tax forms with the IRS including Form 1040 and 1099."

See Doc. 138, pg. 7; See Springer's Declaration at pg. 15

When Judge Friot instructed the Jury on his allowing Petitioner to presented a

good faith defense, he explained:

> "proof of the crimes charged in the indictment must include proof beyond a reason-
> able doubt of an element known in law as willfulness...I will admit evidence as
> to defendant's understanding of the Paperwork Reduction Act at the times relevant
> to the indictment..."

See Doc. 393, pg. 1950; See Springer's Declaration at pg. 19

The Paperwork Reduction Act claims made by Petitioner both as to a complete and good faith defense applied to each of the Six Counts and not just Counts Five and Six, or as Judge Friot put it "the Court rejects, as it has done before, Mr. Springer's contention that the Paperwork Reduction Act provides him with a defense in this action." See Doc. 293, pg. 6; See Springer's Declaration at pg. 32.

The Grand Jury alleged Form 1040 and United States Individual Income Tax Returns applicable to each of the Six Counts and the unauthorized prosecutors, after authoring the First Bill of Particulars argued to Judge Friot that "the evasion counts are independent of whether or not he filed a return because of all the affirmative acts." See Doc. 395, pg. 2648, ln 19-24; See Springer's Declaration at pg. 21.

Judge Friot's wanton disregard for the obvious necessity regulations played in the Grand Jury's claims in each Count involving the obligation to or refraining from making or filing Form 1040 United States Individual Income Tax Returns, and returning any taxes due and owing to the regulatory Internal Revenue Service, demonstrates a deep seated bias and prejudice against Petitioner and in favor of the United States' unauthorize prosecutors.

Although not exhaustive, following Judge Friot's treatment of the place Petitioner was required to deliver the "Tax Return," which in its opposition to Petitioner's Motion to Dismiss on Venue, former U.S. Attorney David O'Mielia identified 26 U.S.C. § 6091(b)(1) as the place the public would find the place Congress demands Petitioner deliver the specified form of return.  See Doc. 71, pg. 4

The U.S. Attorney admitted Petitioner lived in no internal revenue district at all relevant times alleged in the indictment. Id. at pg. 4-5

The U.S. Attorney even pointed to that part of 26 U.S.C. § 6091(b)(1)(B) which directed if no person lives in any internal revenue district the place to file the "Tax Return" at issue "shall be made at such place as the Secretary may by regulation designate." See 26 U.S.C. § 6091(b)(1)(B)(i); See also Doc. 71, pg. 4-5; See also Springer's Declaration at pg. 51-52

The only "regulation" that the U.S. Attorney identified arguing what governed the "place as the Secretary may be regulation designate" was found at 26 CFR § 1.6091-2 for each year at issue. Doc. 71, pg. 5; See also Springer's Declaration at 10

26 CFR § 1.6091-2 for years 2000 through 2004 direct that if a person does not live in any internal revenue district, such person is required to file his "Tax Return" "with the district director at Baltimore Md. 21202." See Springer's Declaration at 52 The unauthorized prosecutors early on informed Judge Friot that these district director offices were abolished at least during the year 2000, See Doc. 71, pg. 4.

Then of course is the erroneous application of 26 CFR § 1.6091-2(2005) which the U.S. Attorney identified the language change from 1999 to 2004's version in his opposition to Petitioner's Motion to Dismiss. See Doc. 71, pg.5

Judge Friot was fully aware of the Secretary of the Treasury's notice to the public under the Paperwork Reduction Act, Disclosure and Privacy Acts, in the instruction book for Form 1040 which lists 26 U.S.C. §§ 6001, 6011, 6012(a), AND THEIR REGULATIONS.

Judge Friot was fully aware of the unauthorized prosecutor's Second Bill of Particulars identifying regulations §§ 1.1-1, 1.151-1, 1.6011-1 and 1.6012-1.  See Springer's Declaration at pg. 17.

Judge Friot was fully aware of the unauthorized prosecutors claims stemming from the undisputed fact Petitioner lived in no "internal revenue district"  and that the regulations cited to by the unauthorized prosecutors clearly directed until 2005 that all tax returns called for from a person not living in any internal revenue district was requied to deliver or file their tax return and return their tax to the district director of Baltimore Md. 21202 which equally did not exist or was abolished when the event utilized to determine Petitioner lived in no internal revenue district was realized.

Judge Friot was fully aware of the Intenral Revenue Service was a regulatory created agency and that Form 1040 United States Individual Income Tax Returns alleged in each Count of the indictment was not listed in any statute and only through 26 CFR

§ 1.6011-1(a) and 1.6012-1(a)(6) did the Grand Jury's "Form 1040" and "United States Individual Income Tax Return" ever become prescribed.

Judge Friot was fully aware of the debate over where Petitioner was "required by law" to deliver his prescribed form of return and taxes due and owing alleged by the Grand Jury in the unauthorized prosecutor's First Bill of Particulars listing § 6091 and the U.S. Attorney's revelation of § 6091(b)(1)(B) in his opposition to Petitioner's Motion to Dismiss, Doc. 71, pg. 4-5, was clearly identifying regulations on where Petitioner's duty or obligation to file the Form 1040 United States Individual Income Tax Returns were to be delivered citing 26 CFR § 1.6091-2.

Whether the Grand Jury's alleged Form 1040 United States Individual Income Tax Returns alleged at issue in each Count were required by "statute" or "regulation" is a question of law but Judge Friot's going back and forth and his clear knowledge on the regulations offered by the unauthorized prosecutors and U.S. Attorney demonstrate without regulations Judge Friot would be duty bound to dismiss all Six Counts of the Grand Jury due to the allegation of who Petitioner was required to deliver his tax return information to, the place of delivery, the form of return, and the tax tables themselves, each rely exclusively upon regulations properly published giving notice to the public.

Judge Friot should recuse or disqualify himself from acting further or taking any action in Petitioner's 2255 proceedings as he has a personal bias and prejudice against Petitioner accompanied by a deep seated favoritism in favor of the United States Government.

> (C). Judge Friot's changing of the charges in Counts 1, 2, 3, and 4 was intentional and took advantage of Petitioner's Pro-Se status and was surely unconstitutional

To add to the claims of bias, prejudice, and deep seated favoritism Judge Friot displayed regarding Form 1040's first not subject to the Paperwork Reduction Act and then Form 1040 did not or does not violate the Paperwork Reduction Act when before Petitioner's Jury Trial, and his continued denial of regulations playing any role in

-19-

the obligations and duties at issue in the Grand Jury's Six Counts referencing "required by law," Judge Friot expanded Count One, switched Counts Two, Three and Four to totally different crimes than those charged by the Grand Jury, over Petitioner's repeated objections, and relying upon his modifications to impose a very lengthy sentence on Petitioner's liberty.   These changes made by Judge Friot were not innocent mistakes but rather acts taken by an advocate for the unauthorized prosecutors.   See Brinlee v. Crisp, 608 F.2d 839, 853(10th Cir. 1979); citing Gardner v. U.S., 283 F.2d 580, 581 (10th Cir. 1960)(A Trial Judge "should never invince the attitude of an advocate.")

(I) Count One

Judge Friot was fully aware the proffered referral time periods were contained in the June 3, 2005 letter which listed Petitioner's tax liabilities only for years 2000 through 2004.   See Springer's Declaration at pg. 4 citing also to Exhibit 15

Judge Friot was also aware from the beginning Petitioner claimed he did not understand Count One's theory of defraud.

Judge Friot during Trial expanded Count One during Trial to include Oscar Stilley's tax liabilities from Arkansas knowing every overt act alleged only involved Petitioner's potential liabilities and not Stilleys.

Judge Friot justified his expansion of the Grand Jury referral to include Stilley's liabilities based upon paragraph 14 of the Grand Jury indictment where it reads:

"Defendant Springer and Stilley would and did refrain from filing Forms with the Internal Revenue Service, including Forms 1040 and 1099."

See Doc. 293, pg. 7; See Springer's Declaration at pg. 32

Judge Friot went on to explain Count One "references Mr. Stilley's failure to file Form 1040 and alleges conduct by Mr. Stilley that is independent of Mr. Springer's income." Id. pg. 8; See Springer's Declaration at pg. 32

At sentencing Judge Friot expanded Count One to include Petitioner and Stilley's liabilities plus others knowing the proffered referral limited him to Petitioner's liabilities for years 2000 through 2004 if any. See Springer's Declaration at pg. 27-31.

-20-

An unbiased or non prejudicial Federal arbitrator would have held the case against Petitioner to the claims alleged by the Grand Jury that were within the proffered referral for years 2000 through 2004, would never have expanded Count One to include liabilities of others not within the grant of authority to prosecute, and would have always erred to Petitioner's favor. What Judge Friot did was show his extreme favortism for the unauthorized prosecutors regardless of the impact his choice to expand the Grand Jury's claims in Count One meant to Petitioner's rights held near and dear to  Petitioner and his ministry mission.

(II) Count Two, Three, and Four switch to payment.

At the supplemental Farretta hearing in answering Judge Friot's questions whether Petitioner understood the charges against him, Petitioner explained to Judge Friot:

"no I dont' understand them.  They're very confusing to me....I understand there is a conspiracy charge in Count 1 under 18 U.S.C. § 371, the defraud prong.  I understand that there are three charges of tax evasion under 26 U.S.C. § 7201. I DO NOT UNDERSTAND WHETHER ITS EVASION OF ASSESSMENT, EVASION OF PAYMENT OR HOW ONE COULD GO FOR 9 YEARS..."

See Doc. 383, pg. 16, ln 14-23; See Springer's Declaration at pg. 8

In opposing Petitioner's First Motion for Bill of Particulars the U.S. Attorney exclaimed that "It is clear the Defendants understand the phrase required by law, function and computation, ascertainment, ASSESSMENT and collection." See Doc. 19, pg.3: See Springer's Declaration at pg. 8.  Judge Friot stated "we'll address that when we address the motion for Bill of Particulars." See Doc. 382, pg. 17, ln 10-15; See Springer's Declaration at pg. 9.

At all times Judge Friot was made fully aware the charges in Count 2,3 and 4, involved the allegation of "failure to file  a Federal Income Tax Return" against Petitioner.  See Doc. 104, pg. 1; See also Springer's Declaration at pg. 14

For instance, Judge Friot was fully aware of the two offenses possible in § 7201 of attempted evasion of assessment verses the attempted evasion of payment, just like he was fully aware in Count One there is the offense of a conspiracy to defraud an agency of the United States and the offense of conspiracy to commit an offense

-21-

against the laws of the United States.  See U.S. v. Cure, 804 F.2d 625, 628(11th

Cir. 1986)("two types of conspiracies"); U.S. v. Haga, 821 F.2d 1036, 1044(5th Cir.

1987)("could have charged either Form of conspiracy described by section 371, but

not both"); See also U.S. v. Notch, 939 F.2d 895, 901(10th Cir. 1991)(explaining

"defendants could not be convicted when they had been indicted under the 'defraud'

clause of 18 U.S.C. § 371 but the evidence showed only that they conspired to commit

the specific statutory offense found at 26 U.S.C. § 7206(4)(1988)")

In effort to avoid the fact the Grand Jury alleged the offense in Count 2,3

and 4 was "by failing to file a United States Individual Income Tax Return, the

unauthorized prosecutors  admitted in their trial brief the Grand Jury's claims

Petitioner "did not file income tax forms with the IRS, including Form 1040" but

then assert:

> "with attempting to evade and defeat the individual income taxes due and owing
> by him to the United States.  Count Two, Three and Four charge attempted tax
> evasion for the calendar years 2000, 2003, and 2005, respectively. Defendant
> Stilley is charged in Counts Three and Four with aiding and abetting Defendant
> Springer's tax evasion..."

See Doc. 138, pg. 6; See Springer's Declaration at pg. 15

The subtle change begins in these words by the unauthorized prosecutors:

> "the defendant intended to evade and defeat the assessment and payment of that
> additional tax."

See Doc. 138, pg. 7; See Springer's Declaration at pg. 15

By page 10 the unauthorized prosecutors are explaining:

> "Tax evasion prosecutions are not collection cases and it is not necessary to
> charge or prove the exact amount of the tax taht is due and owing...It is
> enough to prove that the defendant attempted to evade THE PAYMENT OF A SUB-
> STANTIAL INCOME TAX..."

See Doc. 138, pg. 10; See Springer's Declaration at pg. 16

During Trial the unauthorized prosecutors explained to Judge Friot:

> "the evasion counts are independent of whether or not he file a return because
> of all the affirmative acts."

See Doc. 395, pg. 2648, ln 19-24; See Springer's Declaration at pg. 21

Being made perfectly clear about Petitioner's objections to the changes in Count 2,3 and 4 to evasion of payment, Judge Friot made this statement:

"The Tenth Circuit Pattern Instructions confirm my conception that tax evasion is a crime both as a matter of form and as a matter of substance, which is separate and independent of the Form of willful failure to file--of the crime of willful failure to file. And for that reason, it certainly comes as no surprise to me that the Tenth Circuit pattern instruction does not contain the extra element that Mr. Springer would propose to add, and I don't intend to add it."

See Doc. 396, pg. 2929-2930; See Springer's Declaration at pg. 22

Judge Friot went on to explain his view:

"Its abit of an over simplification, but section 7201 tax evasion goes to the tax as opposed to the procedure by which the tax is assessed, in substance."

See Doc. 396, pg. 2930, ln 10-15; See Springer's Declaration at pg. 23

There is no doubt the Grand Jury failed to one time mention the word payment or pay in Counts 2, 3 and 4.

Each of the alleged "affirmative acts" in Counts 2,3 and 4, are all acts that go to a possible assessment of a tax and not payment. There is no alleged act of concealing assets from the IRS that could be levied to offset an assessed tax. Each of the acts alleged go to the information about the level and quality of gross income. See Springer's Declaration at pg. 38-39

Judge Friot instructed the Jury as to Counts 2,3 and 4 that the jury must find:

"Defendant Springer intended to evade and defeat the PAYMENT OF THAT TAX."

See Doc. 397, pg. 2954, ln 7-8[Count 2]; pg. 2957, ln 11-12[Count 3]; and pg. 2959, ln 15-16[Count 4]. See Springer's Declaration at pg. 25

Judge Friot then acted to define for the Jury "to evade and defeat the PAYMENT of tax 'means to escape PAYING A TAX DUE OTHER THAN LAWFUL AVOIDANCE." Doc. 397, pg. 2954, ln 14-15[Count 2]; pg. 2957, ln 19-21[Count 3]; pg. 2959, ln 23-24[Count 4]. See Springer's Declaration at pg. 25

Judge Friot continued in his decision to completely change the charges in Count 2,3, and 4 explaining an "affirmative act" is:

"an affirmative act to evade and defeat the PAYMENT of taxes is a positive act of commission designed to mislead and conceal."

-23-

See Doc. 397, pg. 2954, ln 23-25; See Springer's Declaration at pg. 25

Judge Friot was fully aware "defendants are not on trial for any act, conduct, or crime not charged in the indictment." See Doc. 396, pg. 2898, ln 17-19; See Springer's Declaration at pg. 25

In U.S. v. Payne, 978 F.2d 1177, 1179 (10th Cir. 1992), the Tenth Circuit specifically explained "when tax evasion based on failure to file return, statute of limitations begins to run when return is due."

In U.S. v. Thompson, 518 F.3d 832, 857(10th Cir. 2008), the Tenth Circuit explained  the difference between the statute of limitations in a § 7201 offense is measured by whether the defendant has already incurred a substantial tax deficiency or if a tax deficiency had not yet been incurred.  The limitations date is measured at the date of the return in failure to file cases and the last act alleged in post deficiency cases. Id.

In U.S. v. Farr, 536 F.3d 1174, 1177(10th Cir. 2008) Ms. Farr was charged with evasion of payment not attempted evasion of assessment.

Relying upon U.S. v. Hunerlach, 197 F.3d 1059, 1065(11th Cir. 1999), the Tenth Circuit in Thompson, 518 F.3d  at 857(n.13) that it could find no reason to distinguish between "evasion of assessment and evasion of payment cases."

The decision in Hunerlach, Id, was premised upon the proposition that attempted evasion of assessment and attempted evasion  of payment are only one offense ("the single crime of tax evasion.")

Recently, the Supreme Court reaffirmed and restated that:

"§ 7201 includes two offenses; 'the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax. Sansone v. U.S., 380 U.S. 343, 354 (1965)."

See Kawishima v. Holder, 182 L.Ed 2d 1, 10(2012).

Besides a characteristic of alleging the offense of attempted evasion of assessment being the alleged failure to file a Form 1040 United States Individual Income Tax Returns, the 7th Circuit explained the difference between "assessment" and "payment"

-24-

conduct is assessment invovles efforts of "foiling the IRS about your income" while evasion of payment conduct is where "secreting assets after taxes have been assessed." See U.S. v. Dunkel, 900 F.2d 105, 107(7th Cir. 1990)

Prior to Kawshima, the Third Circuit in U.S. v. Root, 585 F.3d 145, 152(3rd Cir. 2009) rejected the U.S. Attorney claim Mr. Root was "charged with evading both assessment and payment of his taxes."

The First Circuit in U.S. v. Waldeck, 909 F.2d 555, 558(1st Cir. 1990) rejected many circuits holding § 7201 proscribed one crime saying "we are not so bold as to either ignore or shunt Sansone aside."

Judge Friot is U.S. v. Farr, 2006 U.S. Dist. Lexis 82702 that he was one of those bold judges to shunt and set Sansone aside stating "tax evasion is a single crime."

Judge Friot was told in U.S. v. Farr, 536 F.3d 1174(10th Cir. 2008) it was unconstitutional to change Grand Jury charges.

Form 1040 is divorced from the obligation to file an income tax return and as Petitioner claimed at the close of trial, "I was not required to answer any question on any Form 1040 for years 2000, 2001, 2002. 3, 4 or 5..." See Doc. 396, pg. 2943, ln 3-5.

CONCLUSION

Petitioner respectfully requests the Honorable Stephen P. Friot, United States District Judge for the Western District of Oklahoma, either recuse himself, disqualify himself, or that he be recused and disqualified by the Judge who decides Petitioner's Motion here and those issues raised in Petitioner's Affidavit filed under 28 U.S.C. § 144, in 13-cv-145 and any judicial function the United States plays in the adjudication of Petitioner's claims raised in his civil rights 2255 motion.

Respectfully Submitted,

-25-

CERTIFICATE OF SERVICE

I do hereby certify that on April 25, 2013, I mailed Petitioner's Motion to Recuse or Disqualify Judge Stephen P. Friot to the Clerk of Court, United States District Court, 333 West Fourth Street, Tulsa, Oklahoma 74103;

I futher certify that all parties shall be served electronically with the above Motion as they are all ECF users:

United States Attorney

*[signature]*

DECLARATION OF MAILNG

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1) that I deposited the above Motion in the U.S. Mailbox located within the external limits of Big Spring, Texas inside FCI Big Spring Prison on April 25, 2013.

*[signature]*

-26-

Lindsey Kent Springer
#02580-063
Federal Correctional Institution
1900 Simler Ave
Big Spring, Texas 79720



no postmark

09-CR-43-SPF

**RECEIVED**

APR 29 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Clerk of Court
United States District Court
Northern District of Oklahoma
333 W. Fourth Street
Tulsa, Oklahoma 74103

"Legal Mail"