IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

MAY 0 3 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| LINDSEY KENT SPRINGER, | ) | |
| Petitioner/Movant | ) | |
| v. | ) | Case No. 13-cv-145 |
| | | (Formerly 09-cr-043) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

MEMORANDUM AND ARGUMENT IN SUPPORT OF DECLARATORY JUDGMENT

Lindsey Kent Springer
# 02580-063
Federal Correctional Institution
1900 Simler Ave
Big Spring, Texas 79720

-i-
## TABLE OF CONTENTS

Table of Contents.      .      .      .      .      .      . -i-

Table of Authorities.      .      .      .      .      .      -v-

Memorandum and Argument in Favor of Declaratory Judgment.      .      . 1

1. The requirement to file Form 1040 United States Individual Income Tax Return is voluntary, not mandatory.      .      .      .1

2. That once a Motion is docketed with the Clerk of Court pursuant to 28 U.S.C. § 2255, the Clerk is required to open a new civil action a new civil case number, and assign that new civl case according to both Local Rules of the Northern Judicial District of Oklahoma, as agreed to by all Northern Judicial District Judges, and in accordance with Rule 4 of the Rules Governing § 2255 civil proceedings.      2

3. That once the Clerk of Court assigns a Local District Judge from the Northern Judicial District of Oklahoma to a § 2255 proceeding, the Clerk of Court is directed by Rule 3 of the Rules Governing § 2255 civil proceedings to serve the Motion and accompanying documents upon the United States Attorney.      .      .      .      3

4. That once the Clerk of Court assigns a case number and available judge to the new civil rights proceedings or case, all records, pleadings, and documents, are filed by the Clerk of Cout in the new civil rights action.      .      .      .      .      4

5. That the jurisdiction Congress granted to District Courts to grant relief from final criminal judgment under 28 U.S.C. § 2255 is to be broader than th remedy under either common law habeas corpus or habeas corpus pursuant to 28 U.S.C. § 2241.      .      .      . 4

6. That the langauge at 26 U.S.C. § 7201 proscribes two  different crimes subject to separate Fifth Amendment indictments by a Grand Jury.      .      .      .      .      .      . 4

7. That the Trial Judge receives his or her jurisdiction to conduct trial on Title 26, or Title 26 related crimes, only from a Grand Jury charging infamous crimes that provide punishment of prison exceeding 1 year.      .      .      .      .      6

8. That the two different Title 26 crimes proscribed by Congress at 26 U.S.C. § 7201 are (1) willful attempt to evade or defeat the assessment of any tax, and the crime of (2) willful attempt to evade or defeat the payment of any tax.      .      .      . 7

9. That the Grand Jury in its March 10, 2009 indictment in Counts Two, Three and Four, alleged § 7201 crime of willful attempt to evade or defeat the assessment of Federal Income Tax for years 2000, 2003 and 2005 respectively.      .      .      .      . 7

10. That the Jury verdict, conviction, sentence, and judgment, are based upon the § 7201 crime of willful attempt to evade and defeat the payment of income taxes.      .      .      .      . 8

-ii-
TABLE OF CONTENTS (con'td)

11. That the Secretary of the Treasury gives notice to the public, in-
    cluding Petitioner, the Tax Division of the U.S. Department of Justice,
    Judge Friot, the Grand Jurors and Trial Jurors, that a taxpayer's
    obligation pursuant to 26 U.S.C. § 6012, and Section 6012's regulations
    prescribe by the Secretary, to file an individual income tax return,
    requires said taxpayer to answer each question asked on Form 1040 United
    States Individual Income Tax Returns by using Form 1040 United States
    Individual Income Tax Returns prescribed by the Secretary of the
    Treasury.   .   .   .   .   .   .   .9

12. That the Secretary of the Treasury directs by public notice that a
    taxpayer use of Form 1040 United States Individual Income Tax Return
    in satisfying the requirements of 26 U.S.C. § 6012, and their regulations,
    is mandatory and not divorced, or vountary from the obligatino to file
    an income tax return.   .   .   .   .   .10

13. That Form 1040 and United States Indivdiual Income Tax Returns are
    different labels given by the United States for its request for inform-
    ation regarding Federal Income Tax Returns.   .   .   . 10

14. That the Grand Jury that returned the Six Court Indictment filed in
    09-cr-043 believed Petitioner was required by law to answer all the
    questions or provide all the information sought by the Secretary of
    the Treasury on Form 1040.   .   .   .   .   10

15. That Judge Friot believed Petitioner was required by law. or had a
    statutory obligatino to file Form 1040s for years 2000 through 2005,
    and even at sentencing expanded that belief to years 1990 through 2007.11

16. That the Tenth Circuit on October 26, 2011, held Form 1040 was divorced
    from the statutory obligation to file an income tax return and the
    criminalization of willful failure to do so, as alleged in each
    Count.   .   .   .   .   .   . 11

17. That the Tenth Circuit on October 26, 2011, held 26 U.S.C. § 6091(a)
    governed the place the law requires taxpayers where income tax returns
    are to be delivered and where taxes derived due and owing from such
    returns.   .   .   .   .   .   12

18. That 26 U.S.C. § 6091(a) directs regulations prescribed by the Sec-
    retary of the Treasury determine the place where taxpayers are to
    deliver their tax returns and taxes due and owing.   .   . 12

19. That the letter of referral dated June 3, 2005, is the on ly evidence
    offered in the record of 09-cr-043 that the Secretary of the Treasury
    transferred or otherwise authorized his Title 26, or Title 26 related
    enforcement authority to a U.S. Attorney for seeking a Grand Jury
    indictment regarding Petitioner's alleged tax debts.   .   . 13

20. That the June 3, 2005 letter is not authorized by the Secretary of
    the Treasury personally.   .   .   .   . 13

-iii-
TABLE OF CONTENTS (con'td)

21.  That the June 3, 2005 letter is the only  evidence establishing the
     Grand Jury received permission to consider and indict Petitioner for
     Title 26, or Title 26 related offenses.     .          .         .      14

22.  That the Grand Jury's jurisdiction involving indicting Petitioner for
     any Title 26, or Title 26 related crime, is limited to the years and
     type of taxes the Secretary of the Treasury refers.      .       .     14

23.  That the June 3, 2005 letter limits the Grand Jury's jurisdiction to
     Tax Years 2000 through 2004 only.     .        .        .        .      15

24.  That the Counts One and Four exceed the years 2000 through 2004 and
     exceed the type of tax debt in the referral.       .        .       .     15

25.  To the extent Count Two exceeds the requirement to file a United
     States Individual Income Tax Return and the taxes due and owing for
     Calendar Year 2000, the Grand Jury had no jurisdiction to go beyond
     the years 2000 through 2004.      .         .        .       .     .16

26.  To the extent Count Three exceeds the requirement to file a United
     States Individual Income Tax Return  and the taxes due and owing for
     Calendar Year 2003, the Grand Jury had no jurisdiction to go beyond
     the years 2000 through 2004.     .        .        .        .      16

27.  The Place "required by law" or regulation to deliver income tax
     information and taxes due and owing were proscribed at 26 C.F.R. §
     1.6091-2£1999 thru 2004·.      .        .       .        .       16

28.  That 26 C.F.R. § 1.6091-2(1999 thru 2004) requires income tax inform-
     ation and taxes due and owing for a person that lives in no internal
     revenue district for Calendar Year 2000, 2001, 2002, 2003 and 2004,
     to provide such information and taxes due and owing to the Secretary
     of the Treasury's District Director at Baltimore, Md.      .      .      17

29.  That the District Director identified in 26 C.F.R. § 1.6091-2(1999
     thru 2004) at Baltimore Md. did not exist legally or factually as of
     at least October, 2000 forward.      .        .        .       .      .17

30.  That the Tenth Circuit on October 26, 2011 held the internal revenue
     districts called for by Congress at 26 U.S.C. § 7621, and the office of
     district director, no longer legally or factually existed after the
     enactment of the Restructuring and Reform Act of 1998.       .      . 18

31.  That the State of Oklahoma prohibits imprisoning any of its citizens
     for not paying any debt, including Federal Income Tax debt.      .     18

32.  That the State of Oklahoma reserved for its State citizens never to
     be deprived of their God given right to liberty based upon that
     citizen's failure to pay any debt, including Federal Income Taxes,
     as expressed by the language of the Tenth Amendment to the Constitu-
     tion of the United States of America.      .        .       .      . 19

-iv-
TABLE OF CONTENTS (con'td)

33. That Count One's 5 year sentence of imprisonment depriving Petitioner of his liberty is for Petitioner's non-payment or failure to pay a Federal Income Tax debt which is prohibited by Article 2, § 13 of the Constitution for the State of Oklahoma and the Tenth Amendment.   .   19

34. That Count Two, Three and Four's 5 years each of imprisonment deprive Petitioner of his liberty are premised upon Petitioner's willful failure to pay a Federal Income Tax debt which is prohibited by Article 2, § 13 of the Constitution for the State of Oklahoma.   .   .   20

35. That Petitiner's imprisonment and deprivation of liberty is in violation of the Fifth Amendment's due process clause, and in violation of Article 2, § 13 of the Constitution for the State of Oklahoma.   .   21

36. That Congress has not authorized a United States District Court to impose an order of restitution to the Secretary of the Treasury or IRS regarding any Title 26, or Title 26 related offense or cime for any years or tax debts.   .   .   .   .   .   .21

37. The phrase "tax loss" in United States Sentencing Guidelines § 2T1.1 and any related guideline means tax debt as addressed in Article 2, § 13 of the Constitution for the State of Oklahoma.   .   .   .   22

38. That the phrase "tax loss" as meant at USSG § 2T1.1 and any related guidelines means both "tax deficiency" as used in the elements of Counts Two, Three and Four, and tax liability as meant in 26 U.S.C. § 1.   .   .   .   .   .   .   .   .   .   22

39. That Petitioner did not obstruct justice warranting 2 point enhancement under USSG § 3C1.1 when Petitioner testified at trial he did not willfully fail to file Form 1040 United States Individual Income Tax Returns for years 2000 through 2005.   .   .   .   .   22

40. That Petitioner did not encourage anyone to violate the law deserving of USSG enhancement under § 2T1.9 or anyother related guideline when he advised others that filing Form 1040 United States Individual Income Tax Returns is or was voluntary and not mandatory.   .   .   23

42. That there was no U.S. Attorney after June 28, 2009, properly sitting in the Northern Judicial District of Oklahoma, until Summer, 2012.   .23

41. That Oscar Stilley nor Petitioner "refrained" from filing Form 1040s with the IRS.   .   .   .   .   .   .   .   .23

43. That the Secretary of the Treasury and his Internal Revenue Service lost their authority to enforce Title 26, or Tilte 26 related offenses, once a Grand Jury referral is found to have been made.   .   .   24

44. That as of September 16, 2005, the Secretary of the Treasury and his Internal Revenue Service Special Agents, had no authority pursuant to 26 U.S.C. § 7608(b) to enforce or serve any search warrant involving Petitioner and any tax duties and obligations alleged for Calendar years 2000 through 2004.   .   .   .   .   .   .   25

-v-

TABLE OF AUTHORITIES

Allnutt v. Comm'r, 523 F3d 406, 408(n.1)(4th Cir. 2008).   .   .   .   17

Anaya v. U.S., 825 F.2d 1373, 1377(10th Cir. 1987).   .   .   .   24

Bedarco v. Comm'r, 464 U.S. 386, 399(1983).   .   .   .   .   . 24

Bialex v. Mukasey, 529 F.3d 1267, 1272(10th Cir. 2008).   .   .   . 24

Boumedienne v. Bush, 171 L.Ed 2d 41, 82(2008).   .   .   .   .   .2

Clawson v. U.S., 114 U.S. 477, 488(1885).   .   .   .   .   . 6

Ex Parte Tom Tong, 108 U.S. 556, 560(1883).   .   .   .   .   . 2

Flora v. U.S., 362 U.S. 145, 176(1960).   .   .   .   .   .   . 1

Freeman v. Herman, 426 F.2d 1050, 1052(10th Cir. 1970).   .   .   .   18

Grosso v. U.S., 390 U.S. 62, 68(1968).   .   .   .   .   .   .20

Helvrin v. Mitchell, 303 U.S. 391, 399(1938).   .   .   .   .   . 1

Heflin v. U.S., 358 U.S. 415, 418(n.7)(1959).   .   .   .   .   . 2

Hill v. U.S., 368 U.S. 424, 427(1962).   .   .   .   .   .   . 2

Hixon v. U.S. 268 F.2d 667, 668(10th Cir. 1959).   .   .   .   .2

Hollywell v. Smith, 503 U.S. 47, 53(1992).   .   .   .   .   . 20

Kawashima v. Holder, 182 L.Ed 2d 1, 10(2012).   .   .   .   4,5,6,7

Laing v. U.S., 423 U.S. 161, 191(1975).   .   .   .   .   . 1

Linda Thompson, et al., v. Resolution Trust Corp., F.3d 1508, 1518(D.C. 1993). 24

Lawn v. U.S., 355 U.S. 339, 360(1957).   .   .   .   .   4,5,20

Marchetti v. U.S., 390 U.S. 39, 57(1968).   .   .   .   .   . 20

Martin v. U.S., 273 F.3d 775, 777(10th Cir. 1960).   .   .   .   . 2

Swain v. Pressly, 430 U.S. 372(1970).   .   .   .   .   .   . 2

Sansone v. U.S., 380 U.S. 343, 354(1965).   .   .   .   .   4,5,7

Spies v. U.S., 317 U.S.  492, 497(1943).   .   .   .   .   1,19

SEC v. Dressler, 628 F.2d 1368, 1378(D.C. Cir. 1980)(en banc).   .   . 24

U.S. v. Anderson, 545 F.3d 1072, 1077(D.C. Cir. 2008).   .   .   . 21

U.S. v. Bishop, 412 U.S. 346, 359(1973).   .   .   .   .   .   .20

-vi-
TABLE OF AUTHORITIES (con'td)

U.S. v. Chisum, 502 F.3d 1237, 1244(10th Cir. 2007).         .         .         .  8

U.S. v. Collins, 920 F.2d 619, 630(n.13)(10th Cir. 1990).         .         .  8

U.S. v. Dack, 747 F.2d 1172, 1174(7th Cir. 1984).         .         .         .  5

U.S. v. Dunkel, 900 F.2d 105, 107(7th Cir. 1990).         .         .         .  5,7

U.S. v. Farr, 536 F.3d 1174, 1179(10th Cir. 2008).         .         .         .  6

U.S. v. Farr, 2006 U.S. Dist. Lexis 82702(W.D.Ok.).         .         .         .  5

U.S. v. Galletti, 541 U.S. 114, 122(2004).         .         .         .         .1

U.S. v. Hassebrock, 663 F.3d 906, 925(7th Cir. 2011).         .         .         .  21

U.S. v. Hayman, 342 U.S. 205(1952).         .         .         .         .         .  2

U.S. v. Hoskins, 654 F.3d 1086, 1095(10th Cir. 2011).         .         .         .  22

U.S. v. Huff, 2012 U.S. Dist. Lexis 2331(n.1)(D.C. Utah).         .         .         .  3

U.S. v. Hunerlach, 197 F.3d 1059, 1065(11th Cir. 1999).         .         .         .  5

U.S. v. LaSalle, 437 U.S. 298, 308-317(1976).         .         .         .         .14,24

U.S. v. Mal, 942 F.2d 682, 688(9th Cir. 1991).         .         .         .         .  5

U.S. v. Masat, 895 F.2d 88, 91(5th Cir. 1990).         .         .         .         .  5

U.S. v. McGill, 964 F.2d 222, 230(3rd Cir. 1993).         .         .         .  7

U.S. v. Morgan, 346 U.S. 502, 505(1954).         .         .         .         .  3

U.S. v. Richardson, 2012 U.S. Dist. Lexis 151606(E.D.Cal.).         .         .  6

U.S. v. Root, 585 F.3d 145, 152(3rd Cir. 2009).         .         .         .  5,6

U.S. v. Springer, 444 Fed. Appx. 256(10th Cir. 2011)         1,12,16,17,18,22

U.S. v. Threadgill, 2012 U.S. Dist. Lexis 15685(E.D. Tenn.).         .         .  6

U.S. v. Waldock, 909 F.2d 555, 558(1st Cir. 1990).         .         .         .5

U.S. v. Williams, 984 F.2d 28, 29(2nd Cir. 1992).         .         .         .  3

Usery v. Fisher, 565 F.2d 137, 139(10th Cir. 1977).         .         .         .18

-vii-

## STATUTES INVOLVED

18 U.S.C. § 3231. . . . . . . . 7

§ 3663. . . . . . . . 21

§ 3663A. . . . . . . .21

26 U.S.C. § 1. . . . . . . 22

§ 6011. . . . . . . 9

§ 6012. . . . . . . 9

§ 6091(a). . . . . . . 12

§ 6091(b). . . . . . . 12

§ 7602. . . . . . . 24

§ 7608(b). . . . . . . 25

§ 7621. . . . . . . 18

§ 7201. . . . . 4,5,6,7,8,16,20,21

28 U.S.C. § 2007. . . . . . . 18,19

§ 2255. . . . . . 2,3,9,10,19

## REGULATIONS

26 CFR § 1.6091-2(1999-2004). . . . , 16,17,18

## RULES

Local N.D.Ok. Rule 40.1(b). . . . . . 3

2255 Rules 3(b) . . . . . . . 4

4. . . . . . . . 3

## Misc.

Oklahoma State Const. Article 2, § 13. . . . 18,19,20,21

Fifth Amendment. . . . . . . . 2

Tenth Amendment . . . . . . . 2

U.S.S.G. § 2T1.1. . . . . . . 22

§ 2T1.9. . . . . . . 23

§ 3C1.1. . . . . . . 22

MEMORANDUM AND ARGUMENT IN FAVOR OF DECLARATORY JUDGMENT

1.   The requirement to file Form 1040 United States Individual Income Tax Return is voluntary, not mandatory.

Petitioner seeks declaratory judgment that filing Form 1040 is voluntary and not mandatory.  The following Judicial decisions support this conclusion:

a)  In U.S. v. Springer, 444 Fed Appx. 256, 262(10th Cir. 2011) it was held:

   (i) "there is no substantive obligation or crime arising out of Form 1040";

   (ii) "the obligation to file a tax return and the criminalization of willful failure to do so represent statutory mandates divorced from Form 1040";

   (iii) "an actual Form 1040 may not even be necessary to comply with the statutory obligations";

b)  In Spies v. U.S., 317 U.S. 492, 497(1943) the Supreme Court said:

   (i) "The United States has relied for the collection of its income tax largely upon the taxpayer's own disclosures rather than upon a system of withholding the tax from him by those from whom income may be received";

c)  In Laing v. U.S., 423 U.S. 161, 191(1975); quoting Flora v. U.S., 362 U.S. 145, 176(1960);

   (i) "Our income tax system is primarily a self reporting and self assessment one";

   (ii) It is "based upon the voluntary assessment and payment, not upon distraint";

d)  In Helvring v. Mitchell, 303 U.S. 391, 399(1938) the Supreme Court held;

   (i) "In assessing income taxes the Government relies primarily upon the disclosure by the taxpayer of the relevant facts. This disclosure it requires to make in his annual return.";

e)  In U.S. v. Galletti, 541 U.S. 114, 122(2004) and citing to 26 C.F.R. § 601.103(a)(2003), the Supreme Court held:

   (i) "The Federal tax system is basically one of self assessment, whereby each taxpayer computes the tax due and then files the appropriate form of return along with the requiresite payment.";

As these Tenth Circuit and Supreme Court decisions make abundantly clear the obligation to file an income tax return and the criminalization of willful failure to do so represent statutory mandates divorced from Form 1040 making use of Form 1040 United States Individual Income Tax Returns voluntary.

(1)

2.   That once a Motion is docketed with the Clerk of Court pursuant to 28 U.S.C. § 2255, the Clerk is required to open a new civil action under a new civil case number, and assign that new civil case according to both Local Rules of the Northern Judicial District of Oklahoma, as agreed to by all Northern Judicial District Judges, and in accordance with Rule 4 of the Rules Governing § 2255 civil proceedings.

Petitioner seeks a declaratory judgment that a Motion filed pursuant to 28 U.S.C. § 2255 begins a new civil proceeding, and is not continuing the criminal proceeding, requiring the Judge assigned to the new civil proceeding be assigned pursuant to the Local Rules of the Northern District of Oklahoma and in conformity with Rule 4 of the Rules Governing 2255 proceedings.  The following Judicial decisions and rules support this conclusion:

a)   In Ex Parte Tom Tong, 108 U.S. 556, 560(1883) the Supreme Court held:

  (i)   "Proceedings to enforce civil rights are civil proceedings and proceedings for the punishment of crimes are criminal proceedings";

  (ii)   "...the writ of habeas corpus...is a new suit brought by him to enforce a civil right...The proceeding is one, instituted by himself for his liberty, not by the government to punish him for his crime";

  (iii)   "The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil rights of personal liberty;"

(b)   In Hill v. U.S., 368 U.S. 424, 427(1962) the Supreme Court held:

  (i)   Section "2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the Court of the district judge the prisoner was confined";

(c)   In Boumedienne v. Bush, 171 L.Ed 2d 41, 82(2008), the Supreme Court held:

  (i)   "The two leading cases addressing habeas substitutes," Swain v. Pressly, 430 U.S. 372(1977), and United States v. Hayman, 342 U.S. 205(1952), "were attempts to streamline habeas corpus relief, not to cut it back";

(d)   In Martin v. U.S., 273 F.3d 725, 777(10th Cir. 1960), that Court held:

  (i)   "a motion under § 2255 like a petition for writ of habeas corpus***, is not a proceeding in the original criminal prosecution but an independent civil suit. (quoting Heflin v. U.S., 358 U.S. 415, 418, note 7(1959)";

  (ii)   "This Court followed Heflin in Hixon v. United States, 10 Cr., 268 F.2d 667, 668 and said that a § 2255 application was 'an independent civil suit.'"

  (iii)   "[i]n our opinion an application under § 2255 is a new and independent civil proceeding..."

(2)

(e)  The Second Circuit in Williams, 984 F.2d 28,29(2nd Cir. 1992) held the only connection the former criminal prosecution plays in the § 2255 proceeding is:

   (i) "to record the motion [§ 2255] and its outcome on the original docket";

(f)  The Supreme Court in U.S. v. Morgan, 346 U.S. 502, 505(1954) held:

   (i) "[h]abeas corpus relief is sought in a separate case and record, the beginning of a separate civil proceeding";

(g)  In U.S. v. Huff, 2012 U.S. Dist. Lexis 2331(n.1)(Utah) the Court held:

   (i) "When a motion is filed under 28 U.S.C. § 2255 ("a § 2255 motion"), the motion effectively begins a civil proceeding under a new case record and all pleadings and documents are filed under a new civil case number";

(h)  Local Civil Rule 40.1(b) for the Northern Judicial District of Oklahoma says:

   (i) "Criminal and civil cases shall be assigned to district judges according to a system based on random selection both for initial assignment and for assignment in the event of recusal";

   (ii) "A magistrate judge shall be randomly assigned to each civil case at the the time the case is filed."

(i)  Rule 4 of the Rules Governing 2255 proceedings states:

   (i) "If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure";

As these Second and Tenth Circuit decisions prove, and as other District Court's in the Tenth Circuit honor, and according to to numerous Supreme Court decisions to list, a Motion docketed under § 2255 begins a new civil case and all pleadings and documents must be filed in the civil case, which also required within the rules is that when a Trial Judge is "unavailable" the Clerk of Court is to resort to the Court's assignment procedure, which in the Northern District of Oklahoma requires random assignment to a Northern Judicial District Judge.

3.  That once the Clerk of Court assigns a Local District Judge from the Northern Judicial District of Oklahoma to a § 2255 proceeding, the Clerk of Court is directed by Rule 3 of the Rules Governing § 2255 civil proceedings to serve the Motion and accompanying documents upon the United States Attorney.

Petitioner seeks a declaratory judgment that the Clerk of Court under Rule 3 of the Rules Governing § 2255 proceedings is required to serve the Motion and accompanying documents on the Local United States Attorney without order from the Court.

(3)

The Following Rule 3(b) Governing § 2255 proceedings states:

    (a) "The clerk must then deliver or serve a copy of the motion on the United States Attorney in that district, together with a notice of its filing";

The Rule makes it unequivocally clear that Congress, not the Court, is the source of the Clerk of Court's duty to serve Petitioner's Motion and accompanying documents on the United States Attorney and is not subject to the District Court's discretion.

4.    That once the Clerk of Court assigns a case number and available judge to the new civil rights proceedings or case, all records, pleadings, and documents, are filed by the Clerk of Court in the new civil rights action.

As Petitioner makes abundantly clear in # 2 above "habeas corpus is sought in a separate case and record, the beginning of a separate civil proceeding" and "begins a civil proceeding under a new case record and all pleadings and documents are filed under a new civil case number."

5.    That the jurisdiction Congress granted to District Courts to grant relief from final criminal judgment under 28 U.S.C. § 2255 is to be broader than the remedy under either common law habeas coprus or habeas corpus pursuant to 28 U.S.C. § 2241.

As Petitioner makes abundantly clear in # 2 above a Motion under § 2255 is to be treated "exactly commensurate with that which had previously been available by habeas corpus in the Court of the district judge the prisoner was confined" and "were attempts to streamline habeas corpus relief, not to cut it back."

6.    That the language at 26 U.S.C. § 7201 proscribes two different crimes subject to separate Fifth Amendment indictments by a Grand Jury.

Petitioner seeks declaratory judgment that 26 U.S.C. § 7201 proscribes two separate and distinct crimes.  The following Judicial decisions support this conclusion:

    (a) In Kawashima v. Holder, 182 L.Ed 2d 1, 10(2012) citing Sansone v. U.S., 380 U.S. 343, 354(1965), the Supreme Court held:

        (i) "§ 7201 includes two offenses; 'the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of tax.'"

    (b) In Lawn v. U.S., 355 U.S. 339, 360(1957) the Supreme Court identified the two crimes under § 7201 as:

(4)

(i) "attempting to evade the assessment of his income taxes";

(ii) "attempting to evade the payment of income tax."

Prior to the decision in Kawashima making it clear what the Supreme Court held in Sansone v. U.S, 380 U.S. at 354, which cited to Lawn, 355 U.S. at 360-361, the Circuit Courts were divided over the Supreme Court's holding that section 7201 proscribed two crimes.

In U.S. v. Farr, 2006 U.S. Dist. Lexis 82702, Judge Friot held:

(i) "Although the Tenth Circuit has apparently not addressed duplicity in the context of § 7201, other circuits agree that tax evasion is a single crime."

Those "other circuits" begin in the Fifth Circuit with U.S. v. Masat, 896 F.2d 88, 91(5th Cir. 1990)(holding "In truth, there is one crime, the evasion of taxes, and it is no moment that both assessment and payment might have been evaded."); See also U.S. v. Dunkel, 900 F.2d 105, 107(7th Cir. 1990)("We likewise decline to constrict the scope of § 7201 by defining 'tax evasion' as two distinct crimes...We hold that § 7201 proscribes the single crime of tax evasion."); and see U.S. v. Mal, 942 F.2d 682, 688(9th Cir. 1991)("we likewise decline to constrict the scope of § 7201 by defining 'tax evasion' as two separate and distinct offenses" and explaining "evasion of payment and evasion of assessment are not distinctly different kinds of conduct."); and there was U.S. v. Hunerlach, 197 F.3d 1059, 1065(11th Cir. 1999)("the single crime of tax evasion.")

The Seventh Circuit prior to Dunkel and U.S. v. Dack, 747 F.2d 1172, 1174(7th Cir. 1984) held:

(i) "Section 7201 of the Internal Revenue Code defines two distinct crimes: (1) the willful attempt to evade or defeat any tax and (2) the willful attempt to evade or defeat the 'payment of tax.'"

The First Circuit in U.S. v. Waldeck, 909 F.2d 555, 558(1st Cir. 1990) in opposition to Masat, Dunkel, explained:

(i) "we are not so bold as to either ignore or shunt Sansone aside";

Recently, prior to Kawashima, the Third Circuit in U.S. v. Root, 585 F.3d 145, 152

(5)

(3rd Cir. 2009)  rejected the Government's claim that Section 7201 could be brought as a single Count of "evading both the assessment and payment of taxes."

At least two recent decisions by two United States District Courts regarding violations of § 7201 have addressed § 7201 proscribing two different crimes:

    (a) In U.S. v. Richardson, 2012 U.S. Dist. Lexis 151606(E.D. Cal., 10.22.12) held:

        (i) "The Government concedes Mr. Threadgill is charged with evasion of the assessment, not payment, of his tax obligatins."(citing Kawashima, 132 S.Ct. 1166, 182 L.Ed 2d 1(2012).

    (b) In U.S. v. Threadgill, 2012 U.S. Dist. Lexis 15685(E.D. Tennessee, 11.1.12) held:

        (i) "Section 7201 is widely interpreted to include two crimes; the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax."

As each of the above overwhelmingly establish, Section 7201 proscribes two distinct crimes, and not a single crime, subject to being brought pursuant to indictment by Grand Jury.

7.    That the Trial Judge receives his or her jurisdiction to conduct trial on Title 26, or Title 26 related crimes, only from a Grand Jury charging infamous crimes that provide punishment of prison exceeding 1 year.

Petitioner seeks a declaratory judgment that the United States District Court gets its criminal jurisdiction regarding Title 26, or Title 26 related offenses, that proscribe for punishment of greater than one year in prison, only from a United States Grand Jury indictment properly constituted and issued or returned.  The following Judicial decisions support this conclusion:

    (a) In Clawson v. U.S., 114 U.S. 477, 488(1885) the Supreme Court held:

        (i) "The laws of the United States have erected Courts which are invested with criminal jurisdiction;"

        (ii) This jurisdiction "can only be exercised through the instrumentality of grand juries," and this "is necessary and extensive with that jurisdiction to which it is essential."

    (b) In U.S. v. Farr, 536 F.3d 1174, 1179(10th Cir. 2008), the Tenth Circuit held:

        (i) "It is axiomatice in our legal system that 'a court cannot permit a defend-

(6)

ant to be tried on charges that are not made in the indictment against him."

As these cases clearly establish, a District Court can only get its 18 U.S.C. § 3231 jurisdiction through the return of a properly instituted Grand Jury indictment according to the Fifth Amendment.

8.   That the two different Title 26 crimes proscribed by Congress at 26 U.S.C. § 7201 are (1) willful attempt to evade or defeat the assessment of any tax, and the crime of (2) willful attempt to evade or defeat the payment of any tax.

As Petitioner identified above in # 6, the Supreme Court in Kawashima, Sansone, and Lawn, Section 7201 proscribes two crimes one being "the offense of willfully attempting to evade or defeat the assessment of a tax" and the second crime is "willfully attempting to evade or defeat the payment of tax."

9.   That the Grand Jury in its March 10, 2009 indictment in Counts Two, Three and Four, alleged the § 7201 crime of willful attempt to evade or defeat the assessment of Federal Income Tax for years 2000, 2003 and 2005 respectively.

Petitioner seeks a declaratory judgment that the Crime in Count Two, Three and Four alleged by the Grand Jury on March 10, 2009, filed in 09-cr-043, alleged the crime of attempting to evade the assessment, and not payment. The following judicial decisions support this conclusion:

(a) In U.S. v. McGill, 964 F. 2d 222, 230(3rd Cir. 1993), that Court held:

   (i) "General affirmative acts associated with evasion of payment involve some type of concealment of the taxpayer's ability to pay his or her taxes or the removal of assets from the reach of the Internal Revenue Service";

(b) In U.S. v. Dunkel, 900 F.2d 105, 107(7th Cir. 1990) that Court held:

   (i) attempts to evade assesment are "foiling the IRS about your income";

(c) In McGill, 964 F.2d at 230, that Court continued:

   (i) "evasion of assessment, which involves efforts to shield taxable income to prevent the IRS from determining one's tax liability, and evasion of payment, which concerns conduct designed to place assets out of reach to prevent the IRS from settling one's tax liability;"

The allegations in Count Two, Three and Four allege a failure to file "United States Individual Income Tax Returns" for years 2000, 2003 and 2005, along with affirmative acts alleged as:

(7)

(i) receiving income in a fictitious name;

(ii) directing individuals to write "donation" or "gift" on checks that were alleged as payment for services;

(iii) directing individuals to pay for services by cashier's checks;

(iv) using a check cashing business to cash checks;

(v) using money orders, cash, and other means to avoid creating the usual records of financial transactions and to conceal income;

(vi) making false statements to agents and employees of the IRS;

(vii) and otherwise concealing and attempting to conceal from all proper officers of the United Statse of America Petitiner's true and correct income";

(viii) accepting collectible coins as payment for services;

Count Two alleges (i) through (vii) above.

Count Three alleges (i), (iv) and (viii) above.

Count Four alleges (i)("directing individuals to make checks payable to Bondage Breaker's Ministry) and (iv) above.

At no time was the IRS either before or after June 3, 2005, attempting to collect payment for federal income taxes already assessed and determined.

(d) In Cohen v. U.S., 297 F.2d 760, 770(9th Cir. 1962) that Court described acts of attempt to evade assessment as:

(i) "failing to file a return, filing a false return, failing to keep records, concealing income, and other means";

(e) In U.S. v. Chisum, 502 F.3d 1237, 1244(10th Cir. 2007), that Court held:

(i) Chisum's tax evasion was "predicated on the filing of false information and not failure to file";

(f) In U.S. v. Collins, 920 F.2d 619, 630 and n.13(10th Cir. 1990) held:

(i) Collins' "tax evasion...was effectuated by failing to file 1040 forms";

The Grand Jury unmistakably alleged the crime of willfully attempting to evade or defeat the assessment of Federal Income Taxes for calendar years 2000, 2003 and 2005.

10. That the Jury verdict, conviction, sentence, and judgment, are based upon the § 7201 crime of willful attempt to evade and defeat the payment of income taxes.

(8)

As the Court's Jury instructions clearly establish, Petitioner was convicted on the charge of attempting to evade the payment of Federal Income Taxes and not what the Grand Jury charged.

The Trial Judges instructions to the Jury on Counts Two, Three and Four, read in relevant part:

(a) "to evade and defeat the Payment of tax 'means to escape paying a tax due other than lawful avoidance";

(b) "an affirmative act to evade and defeat the payment of taxes is a positive act of commission designed to mislead and conceal";

See Doc. 397, 2954, 2957 and 2959

Counts Two, Three and Four were charged as willful attempt to evade or defeat the assessment of Federal Income Taxes and the Jury convictions are for the crime of willful attempt to evade and defeat the payment of Federal Income Taxes.

11. That the Secretary of the Treasury gives notice to the public, including Pet-itioner, the Tax Division of the U.S. Department of Justice, Judge Friot, the Grand Jurors and Trial Jurors, that a taxpayer's obligation pursuant to 26 U.S.C. § 6012, and Section 6012's regulations presribe by the Secretary, to file an individual income tax return, requires said taxpayer to answer each question asked on Form 1040 United States Individual Income Tax Returns by using Form 1040 United States Individual Income Tax Returns prescribed by the Secretary of the Treasury.

The Secretary of the Treasury for decades has given notice to the public that use of Form 1040 is mandatory to satisfy the duties and obligations proscribed by Congress at 26 U.S.C. § 6012(a) and their regulations and subject to the public protection provision of the Paperwork Reduction Acts of both 1980 and 1995.

In the instructions explaining Form 1040, the notice reads:

"Our legal right to ask for information is Internal Revenue Code Section 6001, 6011, and 6012(a), and their regulations. They say that you must file a return or statement with us for any tax you are liable for.  Your response is mandatory under these sections...You must fill in all parts of the tax form that apply to you."

See Springer Decl. attached to 2255 Motion, pg. 1, ¶ 7

As the Court can clearly see there is no disputing the Secretary of the Treasury's notice directed § 6012(a), their regulations, and must or mandatory.

(9)

12. That the Secretary of the Tresaury directs by public notice that a taxpayer use of Form 1040 United States Individual Income Tax Return in satisfying the requirements of 26 U.S.C. § 6012, and their regulations, is mandatory and not divorced, or voluntary from the obligation to file an income tax return.

Petitioner seeks a declaratory judgment that the Secretary of the Treasury in instruction notice for his Form 1040 United States Individual Income Tax Return instructs the public that a taxpayer must use Form 1040 when filing an individual income tax return as identified above in # 11.

13. That Form 1040 and United States Individual Income Tax Return are different labels given by the United States for its request for information regarding Federal Income Tax Returns.

Petitioner seeks a declaratory judgment that the Secretary of the Treasury in referencing "Form 1040" or "United States Individual Income Tax Return" means the same thing. As clearly stated by the Secretary on his Form 83I filed with the Office of Management and Budget regarding OMB # 1545-0074, the Title of the information collection request is "U.S. Individual Income Tax Return" and the Agency number is "Form 1040." See Doc. 54,54, Exhibit 6,7 and 8; See also Springer Declaration filed with his Motion under § 2255, Exhibit 13-13

Clearly Form 1040, United States Individual Income Tax Return, and U.S. Individual Income Tax Return, all mean or reference the same information collection request instrument or document.

14. That the Grand Jury that returned the Six Count Indictment filed in 09-cr-043 believed Petitioner was required by law to answer all the questions or provide all the information sought by the Secretary of the Treasury on Form 1040.

Petitioner seeks a declaratory judgment that the Grand Jury on all Six Counts of the March 10, 2009 Grand Jury Indictment was with the understanding that Petitioner was required by law to file a Form 1040 with the IRS for years 2000 through 2006.

Count One at ¶ 14 alleges Petitioner "refrained" from filng Form 1040 with the IRS. Counts Two, Three and Four, allege Petitioner attempted to evade the assessment of Federal Income Taxes for years 2000, 2003, and 2005, by failing to file a United States Individual Income Tax Return at the times required by law or requiring.

(10)

Paragraph 6 of the Grand Jury Indictment was incorporated into each of the Six Counts and alleges Petitioner failed to file individual income tax returns since the late 1980s.

Each of these allegations demonstrates the Grand Jury's Indictment particularly was based upon the understanding Petitioner was required by law to file Form 1040 United States Individual Income Tax Returns for all years alleged in the Six Counts.

15.  That Judge Friot believed Petitioner was required by law, or had a statutory obligation to file Form 1040s for years 2000 through 2005, and even at sentencing expanded that belief to years 1990 through 2007.

Petitioner seeks a declaratory judgment that Judge Friot held deeply that Petitioner was required by law to report all the transactions of income asserted by the Government at trial on Form 1040 United States Individual Income Tax Returns for years 2000 through 2005 and expanded that understanding and belief at sentencing to years 1990 through 2007.

During Trial, Judge Friot asked Petitioner to do something:

(a)  "I need you to cite me a decision by an Article III Judge that says a statutory requirement of filing a Form 1040 is subject to the Paperwork Reduction Act."  (See Springer Declaration to 2255 Motion at pg. 18, ¶ 135)

(b)  "As for Mr. Springer, at trial he looked at the Jury and testified under oath that he never had an agreement with Mr. Stilley or anyone else to defraud the United States.  He testified he did not willfully fail to file Form 1040 for the years 2000 through 2005...These statements are categorically false. They were under oath.  They were made for the purpose of deceiving the jury, and they amounted to obstruction of justice, Mr. Springer." (See Springer Declaration to 2255 Motion at 31, ¶ 240)

(c)  Judge Friot included in his restitution and tax loss calculations on April 23, 2010, "1990 through 1995," 1999, and 2000 through 2007. (See Springer Declaration to 2255 Motion at pg. 31, ¶ 237 and 238)

Besides the Grand Jury alleging Form 1040 United States Individual Income Tax Returns were "at issue" in all Six Counts Judge Friot had a deep seated understanding and belief Petitioner was without option required to file and deliver Form 1040 United States Individual Income Tax Returns for all years at issue in the Indictment.

16.  That the Tenth Circuit on October 26, 2011, held Form 1040 was divorced from the statutory obligation to file an income tax return and the criminalization of willful failure to do so, as alleged in each Count

(11)

Petitioner seeks a declaratory judgment that Form 1040 United States Individual Income Tax Returns at issue in all Six Counts of the Grand Jury Indictment dated March 10, 2009, are divorced from the statutory obligation to file an income tax return and the criminalization of willful failure to do so.

The Tenth Circuit ruled on October 26, 2011, the following at the direction of the Tax Division of the United States Department of Justice:

(a) "there is no substantive obligation or crime arising out of Form 1040 itself";

(b) "the obligation to file a tax return and the criminalization of willful failure to do so represent statutory mandates divorced from Form 1040";

There is no doubt the Tenth Circuit held the Form 1040 United States Individual Income Tax Returns alleged by the Grand Jury in all Six Counts is "divorced" from the obligation to file an income tax return and the criminalization of willful failure to do so. See U.S. v. Springer, 444 Fed. Appx. 256, 262(10th Cir. 2011)

17. That the Tenth Circuit on October 26, 2011, held 26 U.S.C. § 6091(a) governed the place the law requires taxpayers where income tax returns are to be delivered and where taxes derived due and owing from such returns.

Petitioner seeks a declaratory judgment that the place Congress directs taxpayers to file their "tax returns" and taxes due and owing is not at 26 U.S.C. § 6091(b), but rather, is found at 26 U.S.C. § 6091(a).

The Tenth Circuit ruled on October 26, 2011, that:

(a) "The Secretary of the Treasury is authorized under 26 U.S.C. § 6091(a) to promulgate regulations prescribing 'the place for the filing of any return, declaration, statement or other document."

It is now clear the requirement to file an income tax return for Petitioner is to be pursuant to 26 U.S.C. § 6091(a) and the Secretary's promulgated regulations. See U.S. v. Springer, 444 Fed. Appx. 256, 262(10th Cir. 2011).

18. That 26 U.S.C. § 6091(a) directs regulations prescribed by the Secretary of the Treasury determine the place where taxpayers are to deliver their tax returns and taxes due and owing.

Petitioner seeks a declaratory judgment that Treasury Regulations control the requirement of the law to deliver or file an income tax return and the taxes due and owing.

(12)

As Petitioner identified above in # 17 the Tenth Circuit held on October 26, 2011 that Treasury Regulations govern the place where Petitioner was required by law to deliver or file an income tax return for the years listed in the Six Counts and any taxes due and owing.

19. That the letter of referral dated June 3, 2005, is the only evidence offered in the record of 09-cr-043 that the Secretary of the Treasury transferred or otherwise authorized his Title 26, or Title 26 related enforcement authority to a U.S. Attorney for seeking a Grand Jury indictment regarding Petitioner's alleged tax debts.

Petitioner seeks a declaratory judgment that the only possible evidence of a Grand Jury referral regarding Petitioner hinges upon the June 3, 2005 letter recorded at Doc. 224-16 or Doc. 80-10.

The team of Mr. Snoke and O'Reilly claimed:

(a) "The referral would be made by the June 3rd letter. Because that was from the IRS. That is their referral letter to the Department of Justice tax division seeking authorization to actually conduct a grand Jury investigatin of potential Title 26 violations." (See Springer's Affidavit Filed pursuant to 28 U.S.C. § 144 dated April 25, 2013, citing to Doc. 383, pg. 71, ln 1 to 5)

The Tenth Circuit also found in its October 26, 2011 order in Springer, 444 Fed. Appx at 260 and 262:

(b) "On June 3, 2005, the IRS referred Mr. Springer to the Department of Justice to investigate potential criminal tax violations";

(c) "and it did not refer him to the Justice Department for possible criminal violations until June 3, 2005."

It is without doubt the only evidence in the record is that the Secretary's proffered referral is solely based upon the content of the June 3, 2005 letter.

20. That the June 3, 2005 letter is not authorized by the Secretary of the Treasury personally.

Petitioner seeks declaratory judgment on a finding the June 3, 2005 referral letter is not signed by the Secretary of the Treasury personally.  The June 3, 2005 letter, Doc. 224-16; Doc.80-10; and Exhibit 15 attached to Springer's Declaration to 2255 Motion, is signed by Michael D. Lacenski, Special Agent in charge, and not the Secretary of the Treasury.

(13)

It is abundantly clear the June 3, 2005 referral letter is not signed by the Secretary of the Treasury.

21. That the June 3, 2005 letter is the only evidence establishing the Grand Jury received permission to consider and indict Petitioner for Title 26, or Title 26 related offenses.

Petitioner seeks declaratory judgment that the only evidence of Grand Jury referral is derived solely from the June 3, 2005 letter regarding Petitioner and his potential tax liabilities. Petitioner relies upon the statements from the Tenth Circuit and Mr. Snoke and O'Reilly above in # 19 above.

There is no doubt the Grand Jury's sole authority to indict on Title 26, or Title 26 related offenss, comes from if at all the June 3, 2005 letter. Doc. 224-16; Doc. 80-10; Exhibit 15 attached to Springer's Declaration to his 2255 Motion.

22. That the Grand Jury's jurisdiction involving indicting Petitioner for any Title 26, or Title 26 related crime, is limited to the years and type of taxes the Secretary of the Treasury refers.

Petitioner seeks declaratory judgment that the Grand Jury's jurisdiction to indict Petitioner for Title 26, or Title 26 related offenss, is limited to the years and type of tax contained in the June 3, 2005 referral if any. The following judicial decisions support this conclusion:

(a) In Springer, 444 Fed. Appx. at 260, the Tenth Circuit cited to U.S. v. LaSalle, 437 U.S. 298, 308-317(1978);

(b) In LaSalle, 437 U.S. at 312, the Supreme Court held:

(i) "A referral...permits criminal litigation to proceed. The IRS cannot try its own prosecutions. Such authority is reserved...to the U.S. Attorney. 28 U.S.C. § 547(1)";

(ii) "The Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code";

As these cases make clear, without permission from the Secretary of the Treasury to indict Petitioner regarding Title 26, or Title 26 related offenses, a Grand Jury jurisdiction is not authorized.

Title 26, § 7602(d)(3) directs "each taxable period...shall be treated separately."

As is perfectly clear, the Grand Jury derives its jurisdiction from the Secretary of the Treasury who must authorize enforcement of Title 26, or Title 26 related offenses to a U.S. Attorney for criminal enforcement according to the Fifth  Amendment's requirement all infamous criminal claims by the United States must be brought through a Grand Jury indictment.

23. That the June 3, 2005 letter limits the Grand Jury's jurisdiction to Tax Years 2000 through 2004 only.

Petitioner seeks a declaratory judgment that the Grand Jury referral, notwithstanding Petitioner's claim in # 20 above, is limited to Calendar and Tax Years 2000 through 2004. The June 3, 2005 letter states:

(a) "I have authorized the commitment of Internal Revenue Service resources to assist in the investigation of potential Title 26 and Title 26-related violations that Lindsey K. Springer may have committed for the years 2000 through 2004";(See Doc. 224-16; Doc. 80-10; Exhibit 15-1 attached to Springer's Declaration to his 2255 Motion)

This letter leaves no doubt that if it qualifies as the Secretary of the Treasury authorizing criminal Grand Jury enforcement of Title 26, or Title 26 related offenses, such referral is limited to Calendar and Tax Years 2000 through 2004 and Petitioner's "tax return infomation." Id.

24. That the Counts One and Four exceed the years 2000 through 2004 and exceed the type of tax debt in the referral.

Petitioner seeks declaratory judgment that Count One and Four exceed the June 3, 2005 referral letter, notwithstanding # 20 above.

Count One alleges a Title 26 related offense stemming from 2000 to 2009. See Doc. 2, ¶ 9; See also Springer Declaration to 2255 Motion, pg. 7, ¶ 55.

Count Four alleges willful attempt to evade and defeat the tax due and owing for Calendar year 2005.  Id. at pg. 7, ¶ 58(citing to Doc. 2, ¶ 45).

There is no doubt, even if the June 3, 2005 letter was signed by the Secretary of the Treasury, Count One and Four were beyond the jurisdiction the letter seems to present.

25.  To the extent Count Two exceeds the requirement to file a United States Individual

Income Tax Return and the taxes due and owing for Calendar Year 2000, the Grand Jury had no jurisdiction to go beyond the years 2000 through 2004.

Petitioner seeks declaratory judgment that to the extent Count Two exceeds the years 2000 through 2004 neither the U.S. Attorney nor the Grand Jury had any jurisdiction to charge Petitioner under Title 26, § 7201, or for any other crime exceeding the years 2000 through 2004.

Count Two does allege Calendar Year 2000 but then also alleged years 2000 through 2009.  To the extent Count Two involves more than Calendar Year 2000, Petitioner shows Count Two was without Jurisdiction, notwithstanding # 20 above.

26.  To the extent Count Three exceeds the requirement to file a United States Individual Income Tax Return and the taxes due and owing for Calendar Year 2003, the Grand Jury had no jurisdiction to go beyond the years 2000 through 2004.

Petitioner seeks declaratory judgement that to the extent Count Three exceeds the years 2000 through 2004 neither the U.S. Attorney nor Grand Jury had any jurisdiction to charge Petitioner under Title 26, § 7201, or for any other crime exceeding the years 2000 through 2004.

Count Three does allege Calendar Year 2003 but then also alleged years 2000 through 2009.  To the extent Count Three involves more than Calendar Year 2003, the Grand Jury had no jurisdiction, notwithstanding # 20 above.

27.  The Place "required by law" or regulations to deliver income tax information and taxes due and owing were proscribed at 26 C.F.R. § 1.6091-2(1999 thru 2004)

Petitioner seeks declaratory judgment that the place Petitioner would have been "required by law" to deliver an income tax return and taxes due and owing for Calendar Year 2000 through 2004 was controlled specifically by the words at 26 C.F.R. § 1.6091-2 version for 2000 through 2004.

As found in # 17 and 18, § 6091(a) places the duty to direct where "tax returns" and taxes due and owing are to be filed on the Secretary of th Treasury to proscribe that specific place by regulations. The Tenth Circuit held in Springer, 444 Fed. Appx. at 261 that § 6091(a) directed reliance upon 26 C.F.R. § 1.6091-2(a).

It is beyond dispute the Tenth Circuit held in Springer that the place the law

required Petitioner to file an income tax return and taxes due and owing was governed

or proscribed by the Secretary of the Treasury at 26 C.F.R. § 1.6091-2 for each specific

year at issue in the Six Counts of the Grand Jury Indictment.

28.    That 26 C.F.R. § 1.6091-2(1999 thru 2004) requires income tax information and taxes
       due and owing for a person that lives in no internal revenue district for Calendar
       Year 2000, 2001, 2002, 2003 and 2004, to provide such information and taxes due
       and owing to the Secretary of the Treasury's District Director at Baltimore, Md.

Petitioner seeks declaratory judgment that the place proscribed by the Secretary

of the Treasury for Calendar Year 2000 through 2004 to file income tax returns and

taxes due and owing pursuant to his regulatory authority at 26 U.S.C. § 6091(a) is

found at 26 C.F.R. § 1.6091-2 for each year the tax return and tax are due.

The Secretary of the Treasury for Calendar years 2000 through 2004 proscribed that

where a person does not live in any internal revenue district the place they are required

by law to file their tax return and taxes due and owing is to the District Director at

Baltimore Maryland's Office:

(a) "income tax returns of individuals...shall be filed with the district director
    for the internal revenue district in which is located the legal residence...of
    the person required to make the return, of if such person has no legal residence
    ...in any internal revenue district, with the district director at Baltimore,
    Md. 21202."

No person could dispute that the law requires a person who does not live in any

internal revenue district for years 2000 through 2004 to file their tax return and

taxes due and owing to the district director at Baltimore, Md.

29.    That the District Director identified in 26 C.F.R. § 1.6091-2(1999 thru 2004) at
       Baltimore Md. did not exist legally or factually as of at least October, 2000.

Petitioner seeks declaratory judgment that for Calendar Years 2000 through 2004

the office of District Director for Baltimore, Maryland proscribed in 26 C.F.R. §

1.6091-2(1999 thru 2004) did not legally or factually exist.

The Tenth Circuit held in Springer, 444 Fed. Appx. at 261:

(a) "Internal reveneu districts are 'now defunct,' Allnutt v. Comm'r, 523 F.3d 406,
    408, n.1(4th Cir. 2008)";

In Allnutt v. Comm'r, 523 F.3d at 408 n.1, the Fourth Circuit held:

(17)

(a) "In 1997, a Baltimore, Maryland resident, such as Allnutt, wishing to file his Federal income tax returns by hand was required to deliver the returns to the District Director office in Baltimore, not the District Counsel's office. See 26 CFR § 1.6091-2(1997). The District Director's office, now defunct, was responsible for the administration of all IRS operations within a given tax district."

26 C.F.R. § 1.6091-2(a) for years 2000 through 2004 required persons such as Petitioner who lived in no internal revenue district to file their tax return and taxes due and owing to the District Director office in Baltimore, Maryland which was during 2000 through 2004 closed, abolished, defunct, and non existent legally or factually.

30. That the Tenth Circuit on October 26, 2011 held the internal revenue districts called for by Congress at 26 U.S.C. § 7621, and the office of district director, no longer legally or factually existed after the enactment of the Restructuring and Reform Act of 1998.

Petitioner seeks a declaration judgment that the Tenth Circuit held on October 26, 2011 in Springer, 444 Fed. Appx. at 261, the interal revenue districts called for by Congress ceased legally or factually to exist after passage of the Restructuring and Reform Act of 1998 as quoted from that order in # 29 above.

It is beyond dispute the Tenth Circuit held internal revenue districts and district directors no longer legally or factually existed at the Restructuring and Reform Act.

31. That the State of Oklahoma prohibits imprisoning any of its citizens for not paying any debt, including Federal Income Tax debts.

Petitioner seeks declaratory judgment that the Constitution for the State of Oklahoma prohibits the United States from imprisoning Petitioner, or depriving him of his liberty due to non-payment of debt, which includes Federal Income Tax debt.

(a) In Freeman v. Heiman, 426 F.2d 1050, 1052(10th Cir. 1970) that Court held:

(i) "The Oklahoma Constitution provides that '(imprisonment for debt is prohibited, except for the non-payment of fines and penalties imposed for the violation of law. Okla. Const. art 2, § 13."

(b) In Usery v. Fisher, 565 F.2d 137, 139(10th Cir. 1977), that Court held:

(i) "a person shall not be imprisoned for debt on writ of execution or other process issued from a Court of the United States in any State wherein imprisonment for debt has been abolished."(citing 28 U.S.C. § 2007(a)).

The Constitution for the State of Oklahoma, the Tenth Circuit, and Congress at

28 U.S.C. § 2007(a) make it clear the State of Oklahoma prohibits Petitioner's federal imprisonment for non-payment of Federal Income Taxes.

32. That the State of Oklahoma reserved for its State citizens never to be deprived of their God given right to liberty based upon that citizen's failure to pay any debt, including Federal Income Taxes, as expressed by the language in the Tenth Amendment to the Constitution of the United States of America.

Petitioner seeks declaratory judgment that the United States nor any of its officers or employeess may deprive Petitioner of his liberty due to the Tenth Amendment State of Oklahoma reserving for the citizens of Oklahoma the right never to be imprisoned for failing to pay Federal Income Taxes.

As identified in # 31 above, the Constitution for the State of Oklahoma reserves for Petitioner his right to liberty and free from imprisonment for the non-payment or failure to pay Federal Income Taxes.  Such a judgment is clearly manifest based upon the meaning of the Tenth Amendment.

33. That Count One's 5 year sentence of imprisonment depriving Petitioner of his lib-erty is for Petitioner's non-payment or failure to pay a Federal Income Tax debt which is prohibited by Article 2, § 13 of the Constitution for the State of Oklahoma and the Tenth Amendment.

Petitioner seeks declaratory judgment that his imprisonment as to Count One's 5 year sentence of imprisonment and order to pay restitution demonstrate that Petitioner is imprisoned for that 5 year sentence in violation of Article 2, § 13 of the Constitution for the State of Oklahoma and its reserved power meant by the Tenth Amendment.

There is no doubt without the allegations in Count One of Petitioner not filing income tax returns and refraining from filng with the IRS Form 1040s, Count One is entirely based upon Petitioner's failure to file tax returns and the tax debt or tax deficiency those returns were to say he was liable for.  The entire sentence for Count One is based upon "tax loss" which was also the amounts the Court used to order Peti-tioner pay the IRS and State of Oklahoma over $ 770,000.

(a) In Spies v. U.S., 317 U.S. 492, 497(1943) the Supreme Court held:

(i) "The United States has relied for the collection of its income tax largely upon the taxpayer's own disclosures rather than upon a system of withholding the tax from him by those from whom income may be received."

(19)

(b)  In U.S. v. Bishop, 412 U.S. 346, 359, the Supreme Court held Section 7201 is:

    (i)  "the capstone of a system of sanctions which singly or in combination were calculated to induce prompt and forth right fullfillment of every duty under the income tax law and that provide a penalty suitable to every degree of delinquency."

(c)  In Hollywell v. Smith, 503 U.S. 47, 53(1992), the Supreme Court held:

    (i)  the "Internal Revenue Code ties the duty to pay Federal Income Taxes to the duty to make an income tax return."

(d)  In Marchetti v. U.S., 390 U.S. 39, 57(1968) and Grosso v. U.S., 390 U.S. 62, 68(1968), the Supreme Court held:

    (i)  "The Government's 'principal interest ⌊was⌋ evidently the collection of revenue."

As these cases make Clerk Count's imprisonment could not be achieved or obtained without Petitioner's failure or not payment of Federal Income Tax Debt.

34.  That Count Two, Three and Four's 5 years each of imprisonment deprive Petitioner of his liberty are premised upon Petitioner's willful failure to pay a Federal Income Tax debt which is prohibited by Article 2, § 13 of the Constitution for the State of Oklahoma.

Petitioner seeks declaratory judgment that the conviction and judgment on Counts Two, Three and Four, and the imprisonment that followed, are each obtained and maintained in violation of Article 2, § 13 of the State of Oklahoma's Constitution.

As addressed above in # 10, Petitioner's conviction for Count Two, Three and Four are based upon Petitioner's failure to pay Federal Income Taxes for years 2000, 2003 and 2005. As Judge Friot said during Trial:

(a)  "its abit of an over simplification, but section 7201 tax evasion goes to the tax as opposed to the procedure by which the tax is asssessed, in substance." (Springer's Declaration to 2255 Motion, pg. 23, ¶ 171)

There is no doubt Counts Two, Three and Four, are not sustainable without a tax deficiency. In Lawn v. U.S., 355 U.S. 339, 361(1958), the Supreme Court held:

(a)  "⌊a⌋ conviction upon a charge of attempting to evade assessment of income taxes ...cannot stand in the absence of proof of a deficiency."

This Court can clearly see that the crime of willful attempt to evade the payment of Federal Income Taxes is in direct violation of Article 2, § 13 of the Constitution

(20)

For the State of Oklahoma, and including Petitioner's imprisonment for each of the 5 years the Court imposed regarding Counts Two, Three and Four.

35. That Petitioner's imprisonment and deprivation of liberty is in violation of the Fifth Amendment's due process clause, and in violation of Article 2, § 13 of the Constitution for the State of Oklahoma.

Petitioner seeks a declaratory judgment that his continued imprisonment is in violation of the Fifth Amendment Due Process and Deprivation of Liberty protections as well as Article 2, § 13 of the State of Oklahoma's Constitution and the Tenth Amendment.

There is nor can be no opposition to a determination that Petitioner's imprisonment on Counts One, Two, Three and Four, each are in violation of the Fifth and Tenth Amendments to the United States Constitution and  Article 2, § 13 of the Constitution for the State of Oklahoma.  Without Petitioner failing to pay, or non-payment of a tax deficiency, none of the Four Counts of conviction could be obtained. See numbers 10 and 34 above.

36. That Congress has not authorized a United States District Court to impose an order of restitution to the Secretary of the Treasury or IRS regarding any Title 26, or Title 26 related offense or crime for any years or tax debts.

Petitioner seeks declaratory judgment that Congress has not authorized any District Court exercising jurisdiction by proper referral from the Secretary of the Treasury to a U.S. Attorney for Grand Jury indictment on Title 26, or Title 26 related offenses, to make a finding and order restitution as a condition of imprisonment, nor has the Secretary by way of such referral surrendered his authority to lay and collect a tax on income to either the Grand Jury or United States District Court;

(a) In U.S. v. Hassebrock, 663 F.3d 906, 925(7th Cir. 2011) that Court held:

(i) "The government properly acknowledges that restitution is not permitted pursuant to 18 U.S.C. § 3663 or 18 U.S.C. § 3663A for offenses that fall within Title 26 of the United States Code."

(b) In U.S. v. Anderson, 545 F.3d 1072, 1077(D.C. Cir. 2008) that Court held:

(i) "Federal Courts have authority to order restitution solely pursuat to statute...no statute includes § 7201 offenses."

As the law is clear, a District Court has no statutory autority to order anyone,

(21)

including Petitioner to pay restitution to the United States or the State of Oklahoma.

37. The phrase "tax loss" in United States Sentencing Guidelines § 2T1.1 and any related guideline means tax debt as addressed in Article 2, § 13 of the Constitution for the State of Oklahoma.

Petitioner seeks a delcaratory judgment that the term "tax loss" in the Guidelines used to calculate and impose his term of imprisonment means a tax debt owed by Petitioner that was not paid timely. The judicial decisions supporting this conclusion are:

    (a) In U.S. v. Hoskins, 654 F.3d 1086, 1095(10th Cir. 2011) that Court held:

        (i) When the offense involves "failing to file a tax return, the tax loss is the amount of tax that the taxpayer owed and did not pay. USSG § 2T1.1 note 2.

As the Tenth Circuit makes abundantly clear, tax loss means the amount Petitioner owed and did not pay.

38. That the phrase "tax loss" as meant at USSG § 2T1.1 and any related guidelines means both "tax deficiency" as used in the elements of Counts Two, Three and Four, and  tax liability  as meant in 26 U.S.C. § 1.

Petitioner seeks declaratory judgment that the phrase "tax loss" in USSG § 2T1.1 means the same or is commensurate with the phrase "tax defiency" and tax liability. As stated in # 34 above, Counts Two, Three and Four, cannot stand without proof of a deficiency.  Whether by label of "tax loss" or "tax deficiency," or tax liability, each of these phrases means debt owed by Petitioner as the term debt is used in Article 2, § 13 of the Constitution for the State of Oklahoma.

39. That Petitioner did not obstruct justice warranting 2 point enhancement under USSG § 3C1.1 when Petitioner testified at trial de did not willfully fail to file Form 1040 United States Individual Income Tax Returns for years 2000 through 2005.

Petitioner seeks declaratory judgment that telling  Jury Petitioner did not willfully fail to file Form 1040 United States Individual Income Tax Returns was categorically true and not false.

As the Tenth Circuit held in Springer, 444 Fed. Appx. 262 the obligation to file a tax return and the criminalization of willful failure to do so represent statutory mandates divorced from Form 1040.

What Petitioner told the Jury was categorically and legally true.

40.  That Petitioner did not encourage anyone to violate the law deserving of the USSG enhancement under § 2T1.9 or anyother related guideline when he advised others that filing Form 1040 United States Individual Income Tax Returns is or was voluntary and not mandatory.

Petitioner seeks declaratory judgment that telling the public or certain people that filing Form 1040 United States Individual Income Tax Returns was not a mandate of the law, but voluntary, did not encourage others to violate the law.

As addressed in # 16, the Tenth Circuit held in Springer, 444 Fed. Appx. at 262 that the statutory obligation to file a tax return and the criminalization of willful failure to do so represented statutory mandates divorced from Form 1040.

Telling someone the obligation to file a Form 1040 is voluntary is no different in conduct than telling someone the Form 1040 is divorced from the requirement to file an income tax return.

41.  That Oscar Stilley nor Petitioner "refrained" from filing Form 1040s with the IRS.

Petitioner seeks declaratory judgment that neither Oscar Stilley nor Petitioner refraind from filing Form 1040s with the IRS because Form 1040 is divorced from the requirement to file a tax return and the taxes due and owing.

It is abundantly clear that the obligation to file a tax return and the criminalization of willful failure to do so represent statutory mandated divorced from Form 1040.

42.  That there was no U.S. Attorney after June 28, 2009, properly sitting in the Northern Judicial District of Oklahoma, until Summer 2012.

Petitioner seeks declaratory judgment that there was no United States Attorney for the Northern Judicial District of Oklahoma after June 28, 2009, and at all times related to Petitioner's prosecution in the District Court.

It can hardly be disputed since the Tulsa World reported this undisputed mixed question of fact and law in its newspaper upon the confirmation of U.S. Attorney Danny Williams attached as Exhibit 8 to Petitioner's Declaration filed in Support of his 2255 Motion.

43.  That the Secretary of the Treasury and his Internal Revenue Service lost their authority to enforce Title 26, or Title 26 related offenses, once a Grand Jury referral is found to have been made.

Petitioner seeks declaratory judgment that once evidence presented satisfies that the Secretary of the Treasury has in fact made a Grand Jury referral for a U.S. Attorney to seek indictment and prosecute Petitioner for Title 26, or Title 26 related offenses, the Secretary of the Treasury, and his Internal Revenue Service, no longer has any enforcement authority from Congress regarding Petitioner and the tax liabilities and obligations that the Secretary of the Treasurey is said to have referred to the local U.S. Attorney for prosecution.  The following judicial decisions support this conclusion:

(a)  In Bialek v. Mukasey, 529 F.3d 1267, 1272(10th cir. 2008), it was held:

   (i)  "LaSalle addressed 26 U.S.C. § 7602, which authorizes the Internal Revenue Service ("IRS") to issue investigation summons but explicitly prohibits it from doing so after a tax case has been referred to the Attorney General for criminal prosecution";

(b)  In Anaya v. U.S. 815 F.2d 1373, 1377(10th Cir. 1987), it was held:

   (i)  "the good faith that is to be considered in the enforcement proceedings is that of the IRS as an institution";

(c)  In Linda Thompson, et al., v. Resolution Trust Corp., F.3d 1508, 1518(D.C. Cir. 1993), it was held:

   (i)  "[t]he Internal Revenue Code itself terminates the IRS's investigative authority on referral";

(d)  In SEC v. Dressler, 628 F.2d 1368, 1378(D.C. Cir. 1980)(en banc), it was held:

   (i)  "[LaSalle's] rule applies solely to the statutory scheme of the internal revenue code in which the IRS's civil authority ceases...upon referral of a taxpayer's case."

(e)  In Bedarco v. Comm'r of Internal Revenue, 464 U.S. 386, 399(1983), it was held:

   (i)  "Once a criminal referral has been made the Commissioner is under well known restraints";

Petitioner includes # 22 above herein which undoubtedly shows herein that once an authorized Grand Jury referral is made to allow a U.S. Attorney prosecute certain tax crimes, there is not a single word of enforcement authority that remains for the IRS.

(24)

44.   That as of September 16, 2005, the Secretary of the Treasury and his Internal Revenue Service Special Agents, had no authority pursuant to 26 U.S.C. § 7608(b) to enforce or serve any search warrant involving Petitioner and any tax duties and obligations alleged for Calendar years 2000 through 2004.

Petitioner seeks declaratory judgment that at least as of September 16, 2005, the Criminal Investigation of the Internal Revenue Service and its Special Agents had no enforcement authority under any provision of the Internal Revenue Code relevant to Petitioner and his tax liabilities and obligations that were the subject of any Grand Jury institutional referral for a U.S. Attorney to pursue prosecution of Title 26, or Title 26 related offenses for years 2000 through 2004.

Notwithstanding Petitioner's claims the June 3, 2005 letter proffered as the referral of Petitioner for Grand Jury prosecution is not signed by the Secretary of the Treasury, Petitioner claims that if June 3, 2005 is the date of demarcation, the bright line, then as of September 16, 2005, neither Special Agent Shern, or Ms. Nelson, had any IRS investigative authority to seek a search warrant regarding Petitioner for Calendar Year 2000 through 2004, or serve that search warrant on September 16, 2005 under 26 U.S.C. § 7608(b).

Petitioner incorporates # 20, 21, 22, 23, 24, and 43, herein and shows this Court can easily conclude that after June 3, 2005, no party to this proceeding asserts or claims the IRS retained institutional jurisdiction required to exercise enforcement power under 26 U.S.C. § 7608(b) for Calendar Years 2000 through 2004 and any tax duties and obligations Petitioner may have had.

CONCLUSION

Petitioner respectfully requests this Court issue an order of declaratory judgment as to each of the 44 issues raised in Petitioner's Motion for Declaratory Judgement remedy filed simultaneously with this Memorandum.

Respectfully Submitted,

(25)

CERTIFICATE OF SERVICE

I certify that I mailed Petitioner/Movant's Memorandum and Argument in Support of Declaratory Judgment to the Clerk of Court, 333 W. Fourth Street, Tulsa, Oklahoma 74103, on April 30, by first class mail;

I further certify that all parties to this proceeding are ECF users and will receive service of process through the Court's ECF system:

United States Attorney
Northern District of Oklahoma
Danny Williams

Server

DECLARATION OF MAILING

I declare under the penalty of perjury under Title 28, § 1746(1) under the laws of the United States of Amercia that I mailed Petitioner/Movant's Memorandum and Argument in Support of Declaratory Judgment to the Clerk of Court, 333 W. Fourth Street. Tulsa, Oklahoma 74103 by placing the same in the U.S. Mail located inside FCI Big Spring, within the external boundaries of Big Spring, Texas on April 30, 2013.

Declarant