IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDSEY KENT SPRINGER, | ) | |
| Petitioner/Movant, | ) | |
| v. | ) | Case No. 13-cv-145 |
| | ) | (Formerly 09-cr-043) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

FILED

MAY 10 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

MOTION TO RECONSIDER DETERMINATION THAT SECTION 2255

IS CONTINUING CRIMINAL CASE, AND NOT NEW CIVIL CASE

Lindsey Kent Springer ("Petitioner") moves this Court to reconsider its determination that a 28 U.S.C. § 2255 proceeding "is a continuation of the criminal case" and that "all documents filed in such matters are filed in the underlying criminal case" pursuant to Fed.R.Civ.Pr. Rule 54(b) and otherwise within this Court's duty.

"[a] motion for reconsideration is appropriate where the Court has misapprehended ...the controlling law." Servants of Paraclete v. Does. 204 F.3d 1005. 1012(10th Cir. 2000) "[D]istrict courts generally remain free to reconsder their earlier interlocutory orders." Rimbert v. Eli Lilly & Co. 647 F.3d 1247. 1251(10th Cir. 2011) "[E]very order short of a final decree is subject to reopening at the discretion of the district judge." Id.

BACKGROUND

The District Judge has twice referred to Petitioner's 28 U.S.C. § 2255 as a criminal proceeding. First. the Court continues to reference only the criminal case number in all of its orders. See Doc. 478. 480. 484 in 09-cr-043. Second. Petitioner sought clarification on how 13-cv-145 is a "criminal case" where the District Judge stated:

> "A § 2255 motion is a continuation of the criminal case whose judgment is under attack. and no filing fee is required. See Rule 3. Rules Governing Section 2255 proceedings. Adv. Comm. Notes accompanying 1976 adoption."

See Doc. 480. pg. 1 in 09-cr-043

Petitioner sought clarification as the District Judge appeared in conflict with

-1-

centuries of Habeas Corpus jurisprudence. Doc. 483 in 09-cr-043

Petitioner asked Judge Friot (1) what is the case number Federal Law requires Petitioner use at this point in the proceeding; and (2) how Petitioner's case is, after the initial motion, memorandum, and declaration, a continuation of the criminal case.

Judge Friot responded:

"Motions brought under 28 U.S.C. § 2255 receive a civil case number when filed. But all documents filed in such matters are filed in the underlying criminal case. All documents are filed in the criminal case regardless of whether the caption shows the criminal case number or both the criminal and civil case number."

See Doc. 484, pg. 1 in 09-cr-043

This Motion follows.

## REQUESTED CORRECTION

1. District Judge is wrong saying "all documents filed such matters are filed in the underlying criminal case" and that once the motion is docketed the § 2255 proceeding "is a continuation of the criminal case."

This Court should after carefully reconsidering its conclusion as a matter of law that Petitioner's ongoing § 2255 proceeding is a continuation of the criminal proceeding and its decision that all documents are to be filed in the underlying criminal case, not in a new civil case with a new record.

There is no doubt, or could there be any, that once Petitioner filed with the Clerk of Court his motion, memorandum, and declaration under 28 U.S.C. § 2255, began a new civil case and opened number 13-cv-145 and assigned a U.S. Magistrate.

Local Civil Rule 40.1(b) directs assignment of "A Magistrate judge shall be randomly assigned to each civil case at the time the case is filed."

Since before the U.S. Constitution was adopted or accepted "[T]he writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right to liberty." Ex Parte, Tom Tong, 108 U.S. 556, 559(1883).

Fundamentall, "proceedings to enforce civil rights are civil proceedings and proceedings for the punishment of crimes are criminal proceedings." Id.

"[t]he writ of habeas corpus...is a new suit brought by him to enforce a civil right...The proceeding is one. instituted by himself for his liberty. not by the government to punish him for his crime." Id.

Section "2255 was enacted taht the elgislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district judge the prisoner was confined." Hill v. U.S.. 368 U.S. 424. 427(1962)

If § 2255 is not "as broad a remedy as habeas corpus." Sanders v. U.S.. 373 U.S. 1. 13(1963). the Supreme Court said in U.S. v. Hayman. 342 U.S. 205. 219 (1952) that § 2255 would be unconstitutional in violation of the suspension clause under Article I. § 9. Cl. 3. which under the Tenth Amendment is prohibited under the constitutional agreement.

The sole purpose of § 2255 was "to minimize the difficulties encountered in habeas corpus hearings affording the same rights in another and more convenient forum. Boumedienne v. Bush. 171 L.ed 2d 41. 83(2008).

"The two leading cases addressing  habeas substitutes." Swain v. Pressly. 430 U.S. 372(1977). and United States v. Hayman. 342 U.S. 205(1952) "were attempts to streamline habeas corpus relief. not to cut it back." Boumedienne. 171 L.Ed. 2d at 82

The Tenth Circuit in Martin v. U.S. 273 F.3d 775(10th Cir. 1960) held "a motion under § 2255 like a petition for writ of habeas corpus ***. is not a proceeding in the original criminal prosecution but an independent civil suit." (quoting Heflin v. U.S.. 358 U.S. 415. 418 note 7(1959). Id.

The Tenth Circuit following Heflin in Hixon v. U.S.. 268 F.2d 667. 668(10th Cir. 1959) held that "a § 2255 application was 'an independent civil suit." Martin..273 F.2d at 777

"[i]n our opinion an application. under § 2255 is a new and independent civil proceeding." Id. at 778  "Habeas corpus is..an original civil action in federal court." Keeney v. Tamayo-Reyes. 504 U.S. 1. 14(1992)

"[h]abeas corpus relief is sought in a separate case and record. the beginning of a separate civil proceeding." U.S. v. Morgan. 346 U.S. 502. 505(1954)

"The statute discussed in Hayman was 28 U.S.C. § 2255. It repated traditional habeas corpus for federal prisoner (at least in the first instance) with a process that allowed the prisoner to file a motion with the sentencing court on the ground that his sentence was. inter alia. "imposed in violation of the Constitution or laws of the United States." Boumedienne. 171 L.Ed 2d at 83; citing Hayman. 342 U.S. at 207 (n.1).

As the Second Circuit in Williams v. U.S.. 984 F.2d 28. 29(2nd Cir. 1992) held the only connection the formal criminal prosecution plays in the § 2255 proceeding is "to record themotion [§ 2255] and its outcome on the original docket."

Rule 3(b) of the Rules Governing Section 2255 Proceedings directs:

"The Clerk must then deliver or serve a copy of the motion on the United States Attorney in that district. together with a notice of its filing."

Docket 476 specifically states:

"This notification is made pursuant to the Rules of the United States Supreme Court and this Court."

Federal Rules of Civil Procedure 81(a)(4) directs the civil rules apply to § 2255 proceedings.

This Court should correct its fundamental error regarding whether the motion. memorandum. and declaration filed by Petitioner on March 11. 2013. continued the criminal jurisdiction of this Court and find that neither the 13 original colonies. Congress. or centuries old jurisprudence regarding habeas corpus proceedings. stand for the Court's position that Petitioner's civil rights claims are being pursued in the criminal proceeding. and not a new civil proceeding with a new record. As now Petitioner will show below the Court's disregard for the civil case number and civil nature of the § 2255 proceedings extends to ways that are prejudicial to Petitioner's civil right to seek a writ of habeas corpus and is in direct violation of the Ninth and Tenth Amendments. as reserved through Article I. Section 9. Cl. 3.

2. This Court's perception of 28 U.S.C. § 2255 civil rights proceedings is fundamentally flawed and is causing Petitioner prejudice in suspending the office of the writ of habeas corpus.

Just the fact Petitioner is having to file this motion demonstrates the writ of habeas corpus under § 2255 is suspending Petitioner's right to seek his liberty due to being deprived of such liberty in violation of Petitioner's civil rights to which the Constitution of the United States of America and State of Oklahoma were created to prevent.

    (i) District Court placed a page limitation on Petitioner's right to argue his 76 grounds for relief which under habeas corpus no such limitation would exist.

Prior to filing Petitioner's motion, memorandum, and declaration under § 2255 Petitioner sought leave to file a 75 page memorandum which basically would allow Petitioner 1 page per each issue generally for his argument under the facts and law.

This Court denied without reason that motion which is what gave rise to a total of 76 grounds for relief one being this Court's order effectively worked to suspend Petitioner's right to fully and fairly seek his liberty taken in violation of the Constitution.

Had Petitioner been allowed to file a Petition for Habeas Corpus under either 28 U.S.C. § 2241 or under the common law, his complaint would not be limited to any page limitation.

Besides common law writs and § 2241 Petitions not having any limit to pages for facts, argument, or claims, the Supreme Court in Sanders held § 2255 is "as broad a remedy as habeas corpus." Sanders v. U.S., 373 U.S. 1, 13(1963)

"Plainly, were the prisoner invoking § 2255 faced with the bar of res-judicata, he would not enjoy the same rights as the habeas corpus applicant, or a remedy exactly commensurate with habeas." Id at 14

"Indeed, if he were subject to any substantial procedural hurdles which made his remedy under § 2255 less swift and imperative than federal habeas corpus, the gravest constitutional doubts would be engendered as the Court in Hayman implicitely

recognized." Sanders, Id.

The Supreme Court held in Fay v. Noia, 372 U.S. 391, 399(1963) that a prisoners "failure to appeal cannot under the circumstances be deemed an intelligent and understanding waiver of his right to appeal such as to justify the withholding of federal habeas relief."

"Furthermore, our decision today affects all procedural hurdles to the achievement of swift and imperative justice on habeas corpus..." Id at 435

Indeed, the Supreme Court has suggested that any narrowing of those opportunities would itself be an unconstitutional suspension of the writ of habeas corpus. See Fay, 372 U.S. at 406; Sanders, 373 U.S. at 11-12.

"[h]abeas corpus is not a static, narrow foralistic remedy...but one which [must] be administered with the initiative and flexibility essential to insure that miscarriage of justice within its reach are surfaced and corrected,...The demand for speek, flixibility, and simplicity is clearly evident in our decisions." Hensly v. Municiple Ct., 411 U.S. 345, 350 (1973).

Placing a page limit on Petitioner's right to file his memorandum, where the Forms direct the applicant not to make argument in his Motion but to just cite the facts and grounds, places a limitation upon Petitioner's right under § 2255 to seek vindication of his civil rights violations that have levied and liened his liberty for 15 years as one of those procedural hurdles the Supreme Court explained on more than one occassion if maintained would suspend the prisoner's right to seek swift and fair relief on his civil rights claims.

The Court's placing limits on arguments when requested to be extended makes Petitioner's remedy under § 2255 less imperative. "We can imagine a case where a page limitation (even one set at twenty pages) would be an abuse of discretion, and so district courts should remain flexible in the application of such a limitation." Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1112(10th Cir. 2007).

When a person seeks his restoration of his liberty when deprived in violation

-6-

of the Constitution he should be afforded the broadest, not narrowest, possible procedure for that relief as it seeks to vindicate violations of civil rights which is something all Americans have an interest in.

And finally, for purposes of this Motion Petitioner provides the Court with some words of great wisdom from those which today we all defend. "[a]t the absolute minimum, the Suspension Clause protects the writ as it existed in 1789." Felker v. Turpin, 518 U.S. 651, 553-664(1996)

"The authority of the federal courts to issue the writ of habeas corpus was incorporated in the very first grant of federal court jurisdiction made by the Judiciary Act of 1789, c. 20, § 14, 1 Stat. 81.." Kaufman v. U.S. 394 U.S. 217, 222 (1969)

"Habeas corpus, with an ancestry reaching back to Roman Law, has been over the centuries a means of obtaining justice and maintaining the rule of law when other procedures have been unavailable or ineffective.." Parker v. Ellis, 362 U.S. 574 U.S. 574, 583(196)

"But even the Great Writ was not secure from the pressures of the English Crown and perhaps the most effetive method of eviscerating the remedy proved to be procrastination. Abuses such as the delay of over four months in the famour Jenkes Case finally caused Parliament to enact the Habeas Corpus Act of 1679, 31 Car II, ch.2, which required returns on the writ to be made with specified periods of time and which proscribed the juriciary's tactic of refusing to issue the writ during Vacation-Time." Parker, 362 U.S. 584

"One of the prime essentials of the imprisoned man to his right to seek the writ of habeas corpus is the prompt consideration of his application. Every day of wrongful imprisonment is that much taken from the free life of the prisoner." Hayman v. U.S., 187 F.2d 456, 466(9th Cir. 1950)

Chief Justice Marshall in Ex Parte Bollman, 4 Cranch 75, 94 stated:
"for the meaning of the term habeas corpus resort unquestionably may be had

to the common law."

The act of the 31 Car, II, c. 2(1679), is to be examined "for the character of the relief granted by the high prerogative writ. In the Act of February 5, 1867, Congress provided "[A]ny person to whom such writ (of habeas corpus) is directed shall make due return thereof within three days thereafter, unless the party be detained beyond the distance of twenty miles; and if beyond that distance and not beyoud a distance of a hundred miles, within ten days; and if beyond the distance of a hundred miles, within twenty days. Hayman, 187 F.2d at 465

28 U.S.C. § 2243 "was taken almost literally from the habeas corpus act, chap. 2 of the 31st Car, II which was designed to remedy procrastination and trifling with the writ." Id. at 466.

## CONCLUSION

Petitioner respectfully requests this Court to issue an order reversing itself finding that Petitioner's § 2255 proceeding, after the initial jurisdictional filing of his Motion, begins a new separate civil case with a new separate record under a new case number and the new civil case centers around Petitioner's claims of civil rights violations and not whether Petitioner deserves to be punished as a criminal.[1]

Respectfully Submitted

*[signature]*
Prisoner # 02580-063
Federal Correctional Institution
1900 Simler Ave.
Big Spring, Texas 79720

---

1. Petitioner will be filing a Motion to Disqualify Mr. O'Reilly as he is obviously a key witness regarding Petitioner's civil rights claims and has an undeniable conflict being a witness and representative of a party.

CERTIFICATE OF SERVICE

I herby certify that on May 7, 2013, Petitioner mailed his Motion to Reconsider Determination that Section 2255 is Continuing Criminal Case, and not a new civil case, to the Clerk of Court, United States District Court for the Northern District of Oklahoma, 333 West Fourth Street, Tulsa, Oklahoma 74103:

I certify that all parties to this civil proceeding will receive service of the above entitled document through the Court's ECF system as ECF users:

UNITED STATES AMERICA
U.S. Attorney Danny C. Williams

_____
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1) that I deposited the above entitled document in the U.S. Mail located inside FCI Big Spring on May 7, 2013.

_____
Declarant

-9-