IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDSEY KENT SPRINGER, | ) | |
| Petitioner/Movant, | ) | |
| v. | ) | Civil No. 13-CV-145 |
| | ) | (Formerly 09-cr-043) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**FILED**

MAY 23 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

AMENDED NOTICE OF INTERLOCUTORY APPEAL

Lindsey Kent Springer ("Petitioner") pursuant to 28 U.S.C. § 1291(a), Rule 11 Governing 2255 Proceedings, Rule 12 to the extent necessary, and pursuant to Fed. R. App. Pr. 4(a), files his Amended Notice of Appeal of the United States District Judge, Honorable Stephen P. Friot, Western District of Oklahoma's assignment to Petitioner's civil rights action dated March 11, 2013, as well as orders issued by Judge Friot dated March 11, 2013(Doc. 476) ; March 15, 2013(Doc. 478); March 27, 2013(Doc. 480); April 9, 2013(Doc. 484); May 3, 2013(Doc. 490); May 7, 2013(Doc. 492) and May 15, 2013(Doc. 496); respectively and concurrently. This Notice is premised upon Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546(1949), Mitchell v. Forsyth, 472 U.S. 511, 527(1985) and Cooper & Lybrand v. Livesay, 437 U.S. 463, 468(1978), which establish Petitioner must show the orders at issue "conclusively determine the disputed question, resolve and important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment."

March 11, 2013 Order

28 U.S.C. § 2255 provides five general reasons Petitioner can invoke its terms including when a prisoner seeks release from captivity on grounds (1) that the sentence was imposed in violation of the Constitution; (2) or in violation of th laws of the United States; (3) the Court was without jurisdiction to impose such sentence; (4) the sentence was in excess of the maximum authorized by law; and (5) being otherwise subject to collateral attack.

-1-

On April 26, 1976, the Supreme Court of the United States pursuant to 28 U.S.C. § 2072 approved rules and forms governing proceedings in the United States District Court under 28 U.S.C. § 2255.  See Pub. L. 94-426, § 1 dated September 28, 1976, 90 Stat. 1334, enacted the Supreme Court's Order under 28 U.S.C. § 2072 dated April 26, 1976 with one modification.

The Supreme Court's Order provides that the proposed, now enacted, § 2255 rules shall be applicable to all proceedings then pending, except to the extent that in the opinion of the Court their application in a particular proceeding would not be feesible or would work an injustice.

Rule 1(a)(1), (2), (3) and (4), of the Rules Governing 2255 Proceedings reflect the language of § 2255(a).  Rule 2 directs the "motion" is an "application." Rule 3(a) requires Petitioner to serve his application to the Clerk of Court who then is directed to "deliver or serve a copy of the motion on the United States attorney in that district, together with a notice of its filings."  The note to Rule 3 direct even though no filing fee is required to activate 2255 proceedings, the applicant should still file the application to proceed informa puaperis due to other type reasons pauper status would address that come up.

The Order of March 11, 2013 states (Doc. 476):

"at the direction of Stephen P. Friot, U.S. District Judge, it is hereby
ordered that: The Clerk is directed to provide a copy of the motion...under
28 U.S.C. § 2255 filed on 3-11-2013 in the referenced case to Counsel for the
United States of America.  This notification is made pursuant to Rules of
the Supreme Court and this Court.  No answer or other responsive pleading
is required unless the Court orders otherwise."

Document 476 also displays a new case number of 13-CV-145-SPF-TLW. Id. Rule 3(b) directs the Clerk to serve the United States attorney for the Northern District of Oklahoma as the party responsible to answer for Petitioner's continued imprisonment, not "Counsel for the United States of America."  Petitioner finds no mention in the Rules Governing 2255 Proceedings for such an office nor any Federal Statute whatsoever creating such office. Nor did Congress or the Supreme

-2-

Court place the discretion as to whether to serve Petitioner's application in the power of the District Court. Congress and the Supreme Court specifically directed the Clerk of Court to serve the United States Attorney for that District. Congress and the Supreme Court clearly intended the meaning of "United States Attorney in that District" to mean the United States Attorney approved by the Senate under 28 U.S.C. § 541.

"It may be that the practive is a convenient one but, if so, that consideration is for Congress. In view of the plain terms in which the congressional policy is evidenced in the habeas corpus act, the courts may not substitute another more convenient mode of trial." Holiday v. Johnston, 313 U.S. 342, 352(1941)

"Contrary to the Government's assertion, there is a 'basis to presume' that the procedures...violate the law...Under these circumstances, review...in advance of a findal decision...is appropriate." Hamad v. Rumsfeld, 584 U.S. 557, 616(2006) Although the issue of the new civil case number itself does not appear by the order of March 11, 2013, the next order removes any doubt the District Court is proceeding under a different theory of the office of Habeas Corpus than that the Supreme Court, Congress, Tenth Circuit, other District Courts within the Tenth Circuit, and Local Rules LCvR. 9.2 spell out.

March 15, 2013

The District Court issues an order on March 15, 2013 in which the style and heading of the case places Petitioner as the "Defendant/Movant" and the United States of America as the "Plaintiff/Respondent." See Doc. 478. This heading differs from Document 476 in that there was only the United States of America as the "Plaintiff" and Petitioner as the "Defendant." See Doc. 476. This distinction may seem petty but when gathered with the omission of the new civil proceeding case number 13-cv-145 the innocense evaporates immediately in the context of Federal Habeas Corpus.

The District Court was required by Rule 4 to make a "Preliminary Review" and

this Rule under 2255 aproceedings directs the Clerk is to promptly forward Petitioner's application to the Judge who imposed the orders being collaterally attacked unless the Judge is "not available" and then the Clerk is to forward the application to a Judge under its assignment procedure.

Local Civil Rule LCvR 40.1(a) directs assignment of District Judges to any Criminal or Civil cases be assigned according to "a system based on random selection both for initial assignment and for assignment in the event of recusal."

Judge Friot was not named as a Northern District Judge available for random assignment in new civil rights actions of which the Supreme Court has held numerous times, as has the Tenth Circuit, and other District Courts within the Circuit, that a section 2255 proceeding begins a "civil action." See LCvR 9.2

In addition to Judge Friot not being available under Rule 4(a) because he is not an available Northern District Judge, Local Civil Rule LCvR 40.1(b) directs when a new civil case is docketed a Magistrate Judge is randomly assigned. In Document 476 the Clerk assigned Magistrate Wilson to 13-cv-145. There was never any Magistrate assigned to 09-cr-043.

In addition to the assignment of Petitioner's civil rights claims being assigned to Judge Friot, who is commissioned in the Western District of Oklahoma, being unlawful, and that Judge Friot only references 09-cr-043 in Document # 478, referencing the United States of America as "Plaintiff/Respondent" and Petitioner as "Defendant/Movant" which was not the case in 09-cr-043, and that local rules and the assignment of Magistrate Wilson show a civil rights action was commenced on March 11, 2013, the March 15, 2013 order sets for a procedure in adjudicating or holding trial on Petitioner's Grounds for relief that is neither available to the District Court by 2255 proceeding rules or well established Federal Habeas Corpus Jurisprudence.

The Order of March 15, 2013, sets forth a "two step" process spanning over a Ten Month time period before the District Court determines which of Petitioner's

-4-

grounds are allowed to proceed to a merits based discussion. Doc. 478, pg. 1-2

The order states "[T] court has preliminarily reviewed doc. nos. 472-475." Besides "472-475" being an ambiguous statement as it could be read to exclude or include docs "473" and "474," the Court's direction by Congress is to make the preliminary review, provided Judge Friot was "available," which Petitioner contends Judge Friot is not available for many reasons addressed in Petitioner's Motion to Recuse and Affidavit for Disqualification, Doc. 485 and 486, including the obvious that he is not available for assignment in the Northern District generally, or specifically without some declared authority from Congress, and simply "if the motion is not dismissed [which it was not] the Judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order." See Rule 4(b).

Judge Friot did not dismiss after making the preliminary review and he did not order the United States Attorney to file an answer, motion, or other response but instead, presumably under the "take other action the judge may order" directed "the government" to address which grounds the Court "need not, and should not" address in these § 2255 proceedings. Doc. 478, pg. 1

The Court's order then allows for 5 months for Petitioner to respond to the government's "list" and then the Court will decide "which grounds for relief, if any should be stricken or dismissed" with another "briefing schedule as to the merits of any remaining grounds for relief" to follow. Doc. 478, pg. 3

Whatever the Court's reason to bifrucate Petitioner's right to seek a Writ of Habeas Corpus under Rule 4(b) it may have it did not say. However, it is clear more than 20 days suspends the Writ of Habeas Corpus.

Section 2255 enacted in 1948 "replaced traditional habeas corpus for federal prisoners..with a process that allowed the prisoner to file a motion with the sentencing court [challenging] his sentence." Boumediene v. Bush, 161 L.Ed. 2d 41 , (2008)  In 1952, the Supreme court "avoided the consittutional question" of whether

-5-

"§ 2255 was an unconstitutional suspension of the writ of habeas corpus...by holding that § 2255 was as broad as habeas corpus." Sanders v. U.S.. 373 U.S. 1. 13(1963). citing U.S. v. Hayman. 342 U.S. 205(1952).

Sanders explained that Hayman's holding was based on its finding that § 2255 was intended to provide in the sentencing court "a remedy exactly commensurate with that which had previously been available by habeas corpus" and "afforded the same rights" as habeas corpus. Id. at 13-14

The Judiciary Act of 1867, C.28, § 1, Stat. 385-386, codified in Rev. Stat. § 761, prescribed the remedies and procedures previously to federal prisoners from 1867 through enactment of § 2255:

a) Rev. Stat. § 755, required the writ be directed to the person whose custody the prisoner is detained (the jailer);

b) Rev. Stat. § 756, required the custodian make the return within 20 days;

c) Rev. Stat. § 758, required the custodian produce the body at the same time he made the return;

d) Rev. Stat. § 759, commanded the hearing shall be set not more than 5 days after the return, unless the prisoner requests a longer time.

thus, under the plain command of Rev. Stat. § 761, the Federal Habeas Corpus statute available to federal prisoners before § 2255, required the return be made, body produced, and cause heard within a period not to exceed 25 days.

Rev. Stat. § 761, further prescribed that "if any person or persons to whom such writs of habeas corpus may be directed shall refuse to obey the same, or shall neglect or refuse to make return, or shall make a false return...he or she shall be deemed and taken guilty of a misdemeanor."

In Holiday v. Johnston, 313 U.S. at 252, the Supreme Court held that "in view of the plain terms...in the haveas corpus act [referring to Rev.Stat. § 761] the courts may not substitute another mode...a rule of court, cannot overcome the plain command of the statute." Id.

The District Court's 10 months to do a bifrucated super duper second preliminary review, beyond that it has already done in issuing its March 15, 2013 order

-6-

creates its own rules of procedure and trifles the writ of habeas corpus. In Ex Pare Baez, 177 U.S. 378, 388-89(1900), the Supreme Court explained that the strict time provisions prescribed in Rev. Stat. § 756 were "taken almost literally from the habeas corpus act, chap. 2 of the 31st Car II, which was designed to remedy procrastination and trifling of the writ."

In Parker v. Ellis, 362 U.S. 574, 583-584, the Supreme Court discussed the history of the writs development in England leading to the Act of 31 Car, II(1679):

> "even the great writ was not secure from pressures of the English crown, and perhaps the most effective method of eviscerating the remedy proved to be pro-crastination...Abuses such as delay of over four months in the famour Jenkes case finally caused Parlament to enact the Habeas Corpus Act of 1679, 31 Car II, Ch. 2 which required returns on the writs to be made within the specified periods of time."

The office of the Great Writ of Habeas Corpus offered by Judge Friot is neither as swift or imperative as the one secured at Article I, § 9, Cl. 2 of the Constitution referenced in 28 U.S.C. § 2255 or Rule 1 of the Rules Governing 2255 proceedings. Petitioner claims Judge Friot has suspended the Writ of Habeas Corpus.

### March 27, 2013 Order

Petitioner filled out the Rule 3 application to proceed in forma pauperis tendered to Petitioner with the packet of forms offered by the Court Clerk in § 2255 cases. Judge Friot struck Petitioner's application based solely upon the finding no filing fees were required. Rule 3 explains why the application is necessary and why it remains something to send in with the application under § 2255. Judge Friot rejected that part of Rule 3's reasoning. See Doc. 480

### April 9, 2013 Order

Due to Judge Friot continually referencing only criminal case number Petitioner moved for clarification on why the Court was not using the new civil rights case number, Doc. 479, which Judge Friot held "A § 2255 motion is a continuation of the criminal case whose judgment is under attack, and no filing fee is required." see Doc. 480  Petitioner's Motion for Clarification is document 483. Judge Friot concluded "all documents are filed in the criminal case" which is in direct conf-

-7-

with numerous Supreme Court, Tenth Circuit, District Courts within the Tenth Circuit, and Local Rules LCvR 9.2. Judge Friot's standing order is that Petitioner is making a record in the criminal case and the civil case number means what? Petitioner asked the Clerk's Office if he were to appeal to the Tenth Circuit which case number would he use and what record would be available and has not received any response to Petitioner's request.

## May 3, 2013 Order

After Petitioner filed his Motion to Recuse and Affidavit for Disqualification the agency of Acting U.S. Attorney Thomas Scott Woodward, AUSA Kenneth Snoke, Special AUSA Charles A. O'Reilly, and U.S. Attorney Danny C. Williams, moved to Strike Petitioner's Motion and Affidavit. Doc. 487. In an order dated May 3, 2013 Judge Friot "conferring with the filer" recast the intent behind the motion to strike as a response to Petitioner's Motion to Recuse and Disqualify Judge Friot. Doc. 490. Petitioner contends ex parte communications are forbidden except under certain conditions not available or present in this instance. The intend behind the Four named U.S. Government Attorneys was clearly a Motion to Strike and the proposed order that accompanied it left no room to doubt that intent.. As Petitioner claimed in his Motion to Recuse and Affidavit Judge Friot has a deep seated favortism in favor of the Government and against Petitioner and this Order demonstrates more evidence not contained in the motion and affidavit.

## May 7, 2013 Order

In effort to expedite release Petitioner moved for declaratory judgment pursuant to 28 U.S.C. § 2201, Federal Rules of Civil Procedure Rule 57, made applicable through Rule 12 Governing 2255 proceedings, and Judge Friot struck that Motion claiming that his March 15, 2013 order "established a two-step briefing schedulre for addressing the numerous issues raised by Mr. Springer in his § 2255 motion" finding Petitioner had not asked for leave to amend [which was not remotely at issue in the Motion, Doc. 488 and 489] or to modify the briefing schedule.

-8-

by the Court. Doc. 492

May 15, 2013 Order

The District Court issued an order denying Appellant's Motion for Clarification of who the "United States attorney" is from June 29, 2009 through May 3rd 2013's Motion to Strike and Response to Appellant's Motion to Recuse and Affidavit for Disqualification, finding Mr. O'Reilly's removal by "ERRATA" the names of Acting United States Attorney Thomas Scott Woodward and AUSA Kenneth P. Snoke corrected to some extent what Appellant sought, mooting part and denying in part Appellant's Motion. The District Court also denied reconsideration of whether a 2255 proceeding was a criminal case and without addressing the issue just summarily denied Appellant's Motion to Reconsider. See Doc. 496.[1]

As can be clearly seen, Judge Friot is not complying with any rules that make Petitioner's remedy under § 2255 as swift or imperative as Federal Habeas Corpus.[2]

Respectfully Submitted

*[signature]*

Prisoner #02580-063
Federal Correctional Institution
1900 Simler Ave
Big Spring, Texas 79720

CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2013, I mailed Petitioner's Amended Notice of Interlocutory Appeal to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma, 74103:

I further certify that all parties will receive service through this Court's ECF system:

Danny C. Williams-United Statse attorney

*[signature]*

---

1. All documents are filed in 09-cr-043 for some unknown reason.
2. "Plainly, were the prisoner invoking § 2255...subject to any substantial procedure hurdles which made his remedy under § 2255 less swift and imperative than Federal Habeas Corpus the gravest doubts would be engendered as the Court in Hayman implicitly recognized." Sanders, 373 U.S. at 14.

## DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1) under the laws of the United States of America that I placed the above Amended Notice of Interlocutory Appeal in the U.S. Mail Box located inside FCI Big Spring Federal Prison on May 23, 2013.

_/s/ Lindsey K. Springer_
Declarant

