

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

**JUL 02 2013.**

**Phil Lombardi, Clerk**
**U.S. DISTRICT COURT**

LINDSEY KENT SPRINGER,         )

      Petitioner/Movant      )

v.                           )   Case No. 13-CV-145

                               (Formerly 09-CR-043)

UNITED STATES OF AMERICA,     )

      Respondent.          )

MOTION FOR CONDITIONAL RELEASE ON WRIT OF HABEAS CORPUS

AS TO COUNT ONE'S SENTENCE TO 5 YEAR  TERM OF IMPRISONMENT


Lindsey Kent Springer

Prisoner I.D. # 02580-063

Federal Correctional Institution

1900 Simler Ave

Big Spring, Texas 79720

✓ Mail   ___No Cert Svc   ___No Orig Sign

___C/J   ___C/MJ   ___C/Ret'd   ___No Env

___No Cpy's   ✓No Env/Cpy's   ___O/J   ___O/MJ

TABLE OF CONTENTS

Table of Authorities.                                                -ii-

Standard for Release Pending Ruling.                                   1

    Miscarriage of Justice.                                            4

    Cause and Prejudice Standard.                                      5

        1.  Petitioner should be released immediately from the proffered
            June 3, 2005 referral letter, subsequent indictment, conviction,
            sentence, and judgment as to Count One's 5 year term of imprison-
            ment due to all the above being entered or ordered without subject
            matter jurisdiction or constitutional jurisdiction.          7

        2.  Petitioner should be released immediately from authority of the
            proffered June 3, 2005 referral, subsequent indictment, conviction,
            sentence, and judgment, finding Count One exceeded the proffered
            referral authority for criminal enforcement of Petitioner's
            Federal Income Tax liabilities alleged therein, due to the lack
            of subject matter jurisdiction exceeding Calendar years 2000
            through 2004, and exceeding Petitioner's liabilities for these
            same years.                                                 10

        3.  Petitioner should be released immediately due to the conviction,
            sentence, and judgment over Count One imposing a 5 year sentence,
            was entered and ordered without a United States attorney and based
            upon a fraud upon the Court and depriving the Court of Constitutional
            and subject matter jurisdiction.                            12

        4.  Petitioner's conviction, sentence, and judgment, as to Count One
            (all Counts really and as addressed in a Motion for Release filed
            simultaneously with this Motion as to Counts Two through Six), is
            based upon the Grand Jury's allegations Petitioner failed to file
            Form 1040 United States Individual Income Tax Returns with the
            Internal Revenue Service which the Tenth Circuit on October 26, 2011,
            held Petitioner was not required by law to say anything on Form
            1040 or file Form 1040s ever.                               17

            A.  Tenth Circuit's Order dated October 26, 2011.           17

                (i) Grand Jury Indictment on Form 1040.                 17

                    (a)  Count One relies on alleged Form 1040.         18

Conclusion.                                                            .24

Certificate of Service.                                                 26

Declaration of Mailing.                                                 26

TABLE OF AUTHORITIES

Barnett v. Herget. U.S. App. Lexis 649(10th Cir. 1999).      .      .      2

Bedarco v. CIR. 646 U.S. 386. 399(1983).      .      .      .      .8

Boumediene v. Bush. 553 U.S. 723(2008).      .      .      .      .4

Bowen v. Johnston. 306 U.S. 19. 26(1939).      .      .      .      4

Burgess v. U.S.. 533 U.S. 124. 128(2008).      .      .      .      . 8

Buckley v. Valeo. 424 U.S. 1. 126(1976).      .      .      .      13

Confication Cases. 20 Wall 92. 104(1874).      .      .      .      23

Clawson v. U.S. 114 U.S. 477. 488(1885).      .      .      .      9

Davis v. U.S.. 411 U.S. 223(1973).      .      .      .      . 6

Descamps v. U.S.. 570 U.S. ____, ____(2013).      .      .      .      23

Edwards v. State of Oklahoma, 412 F. Supp. 556, 559060(W.D.Ok. 1976).      .      1

Engles v. Isacc, 456 U.S. 107, 126(1982).      .      .      .      5

Ex Parte Tom Tong, 108 U.S. 556, 560(1883).      .      .      .      3

Edmonds v. U.S., 520 U.S. 651, 659(1979) .      .      .      .      .14

Fay v. Miller, 183 F.2d 986, 988(D.C. Cir. 1950).      .      .      . 14

Fay v. Noia, 372 U.S. 391, 438-440(1963).      .      .      .      2,3,4

Frank v. Magnum, 237 U.S. 309, 331(1915).      .      .      .      . 2

Freytag v. CIR. 501 U.S. 868. 880(1991).      .      .      .      14

Graham v. Koerner. 322 Fed. Appx. 557. 582(10th Cir. 2009).      .      . 1

Groman v. CIR. 302 U.S. 82. 86(1937).      .      .      .      . 8

Hensley v. Municiple Ct.. 411 U.S. 345. 350(1973).      .      .      . 3

Hill v. U.S.. 368 U.S. 424(1962).      .      .      .      5.6

Huntley v. Schilder. 125 F.2d 250. 252(10th Cir. 1942).      .      . 4

In Re Nofziger. 925 F.2d 428. 437(D.C. Cir. 1991).      .      . 13

Johnson v. Zerbst. 304 U.S. 458(1938).      .      .      .      4.6

Kaufman v. U.S.. 394 U.S. 217. 225(1969).      .      .      .      3

Linda Thompson. et al.. v. Resolution Trust Corp. F.3d 1508. 1518(D.C.Cir.1993)12

TABLE OF AUTHORITIES (con'td)

Mapp v. Reno. 241 F.3d 221. 230(2nd Cir. 2001).    1

Martinez v. Ensor. 958 F. Supp. 515. 518(D.Colo. 1997).    15

Murray v. Carrier. 477 U.S. 478. 495-96(1986).    5

Nichols v. Reno. 931 F. Supp. 748. 750(D.C. Colo 1996).    14

New York v. Muka. 440 F. Supp. 33. 36(N.D. N.Y. 1977).    15

Pauldino v. U.S.. 500 F.2d 1369. 1370(10th Cir. 1974).    6

Pavelic & Laflores v. Marvel Enter Group. 493 U.S. 120(1989).    12

Pfoff v. Wells. 648 F.2d 689. 693(10th Cir. 1981)    1

Presder v. Rodriguez. 411 U.S. 475. 484(1973).    3

Roberts v. Hunter, 140 F.3d 38, 39(10th Cir. 1943).    3

Rose v. Ludy. 455 U.S. 509. 520(1892).    4

Sanders v. U.S.. 373 U.S. 1. 8(1963).    2.3.5

Schulp v. Delo. 513 U.S. 298. 322(1995).    4

Springer v. U.S.. 447 F. Supp. 2d 1235. 1238(N.D. Ok. 2006).    8

Steel Co. v. Citizens For Better Env't, 523 U.S. 83, 89(1998).    23

Stone v. Powell. 428 U.S. 465. 477(n.10)(1976).    4.6.9

Townsend v. Sain. 372 U.S. 293. 317(1963).    2

Wade v. Mayo. 334 U.S. 672. 690(1948).    2

White v. American Airlines Inc.. 915 F.2d 1414. 1427(10th Cir. 1990).    12

Vaselli v. Goff. 12 F.2d 396. 404(2nd Cir. 1926).    14

U.S. v. Addonizio. 442 U.S. 178. 185(1979).    6

U.S. v. Barrett. 490 F.3d 1079. 1093(10th Cir. 2007).    23

U.S. v. Bradshaw. 580 F.3d 1129. 1136(10th Cir. 2009).    8.15

U.S. v. Boulier. 359 F. Supp. 165. 171(E.D.N.Y. 1972).    15

U.S. v. Cespedes. 151 F.3d 1329. 1332(11th Cir. 1998).    15

U.S. v. Clark. 87 U.S. 92. 104(1874).    23

U.S. v. Cotton. 535 U.S. 625. 630(2002).    9

TABLE OF AUTHORITIES (con'td)

U.S. v. Dunlap, 17 F. Supp. 2d 1183, 1185(D.C. Colo. 1998).  .  . 14

U.S. v. Dunn, 284 U.S. 390, 393(1932).  .  .  .  .  .  6

U.S. v. Frady, 456 U.S. 152, 165(1982).  .  .  .  .  5,6

U.S. v. LaSalle, 437 U.S. 298, 308(1978).  .  .  .  7,8,12

U.S. v. Livingword Christian Church, 2009 Dist. Lexis 6902 (D. Minn).  .  8

U.S. v. Prichard, 875 F.2d 789, 791(10th Cir. 1989).  .  .  . 5

U.S. v. Providence Journal Co., 485 U.S. 693, 699-708(1998).  .  15,16

U.S. v. Redcorn, 528 F.3d 727, 734(10th Cir. 2008).  .  .  . 6

U.S. v. Durham, 941 F.2d 886, 892(9th Cir. 1991).  .  .  . 16

U.S. v. Singleton, 165 F.3d 1297, 1299(10th Cir. 1999).  .  .16

U.S. v. Springer, 444 Fed. Appx. 256, 262(10th Cir. 2011).  .  . 17,23

U.S. v. Tedder, 787 F. 2d 540, 542(10th Cir. 1986).  .  .  . 9

U.S. v. Williams, 65 F.R.D. 422(1974)(W.D. Mo.)Lexis 11786.  .  . 15

STATUTES INVOLVED

18 U.S.C. § 371.  .  .  .  .  .  .  11,25

         § 3231.  .  .  .  .  .  . 9,17

26 U.S.C. § 6011.  .  .  .  .  .  . 21

         § 7602.  .  .  .  .  .  . 11

         § 7611.  .  .  .  .  . 8

         § 7701(a)(11)(A).  .  .  .  . 8

         § 7801.  .  .  .  .  . 8

         § 7803.  .  .  .  .  . 8

28 U.S.C. § 116(a).  .  .  .  .  . 9

         § 132.  .  .  .  .  . 9

         § 133.  .  .  .  .  . 9

         § 451.  .  .  .  .  . 9

         § 516.  .  .  .  .  . 16

STATUTES INVOLVED (con'td)

28 U.S.C. § 541. . . . . . 12,14,15

§ 542 . . . . . . 12,14,15

§ 547(1) . . . . . 8,9,12,13,16

§ 1651. . . . . . 1

§ 1861. . . . . . 9

§ 2241. . . . . . 1

§ 2255 . . . . . 1,17,25

MISC

Wright P.A. Leipold. . . . . . 23

26 C.F.R. § 1.6011-1(a). . . . . 21

§ 1.6012-1(a)(6). . . . . .21

28 C.F.R. § 0.136. . . . . . 13

CONSTITUTION

Article II, § 2, Cl.2. . . . . . 13

III, § 2. . . . . . 10,17

Fifth Amendment. . . . . . 10,11,22

Sixth Amendment. . . . . . 22

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDSEY KENT SPRINGER, | ) |
| Petitioner/Movant | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

Case No. 13-cv-145
(Formerly 09-cr-043)

MOTION FOR CONDITIONAL RELEASE ON WRIT OF HABEAS CORPUS
AS TO COUNT ONE'S SENTENCE TO 5 YEAR TERM OF IMPRISONMENT

1.   Lindsey Kent Springer ("Petitioner") moves the above entitled Court for an order to enlarge Petitioner to his liberty in issuance of a conditional writ of habeas corpus pending final determination of his 76 Grounds for relief sought pursuant to 28 U.S.C. § 2255 filed March 11, 2013, pursuant to its inherent power commensurate with its jurisdiction to consider issuance of a Writ of Habeas Corpus in the above entitled 2255 proceeding, or pursuant to 28 U.S.C. §§ 1651 and 2241.

STANDARD FOR RELEASE PENDING RULING

2.   Petitioner filed application for habeas corpus relief pursuant to 28 U.S.C. § 2255 raising 76 Grounds for relief.

3.   "Federal Courts have inherent authority to admit bail individuals properly within their jurisdiction." Mapp v. Reno, 241 F.3d 221, 230(2nd Cir. 2001); See also Pfoff v. Wells, 648 F.2d 689, 693(10th Cir. 1981)(Federal Court has inherent power to enlarge a prisoner on bond pending hearing and decision on a Petition for Habeas relief.)

4.   A showing of exceptional circumstances must be made for such relief, or a domonstration of a clear case on the merits of the habeas petition. Id.  See also Edwards v. State of Oklahoma, 412 F. Supp. 556, 559-60(W.D. Okla. 1976)(requiring a clear case on the law and clear case on the facts.)

5.   In Graham v. Koerner, 322 Fed. Appx. 557, 582(10th Cir. 2009)(unpublished)

-1-

"exceptional circumstances" required applicant must show "clear case on the mer-
its of the habeas petition." See also Barnett v. Hergett, U.S. App. Lexis 649
(10th Cir. 1999)("To warrant release pending review of a Petition for Writ of
Habeas Corpus, a defendant must demonstrate special circumstances or a high pro-
bability of success.")

6.    Special circumstances include "the raising of substantial claims upon which
Appellant has a high probability of success,...unusual delay in the appeal proce-
ss, " Id.

7.    "Federal Courts have the power to discharge upon a writ of habeas corpus a
prisoner...in custody in violation of the constitution...of the United States."
Wade v. Mayo, 334 U.S. 672, 690(1948); see also Frank v. Mangum, 237 U.S. 309,
331(1915)(holding writ is proper procedure to safe guard liberty of all pesons
within jurisdiction of United States against infringement through violation of
the Constitution.) Id.

8.    "Habeas corpus cuts through all forms and goes to the very tissue of the
structure.  It comes in from the outside, not in subordination to the proceedings
and although every form may have been preserved opens the inquiry whether they have
been more than an empty shell." Id.

9.    "Conventional notions of finality of litigation have no place where life or
liberty is at stake and infringment of constitutional rights is alleged." Sanders
v. U.S. 373 U.S. 1, 8(1963)(also explaining holding in Fay v. Noia, 372 U.S. 391,
438-440(1963) and Townsend v. Sain, 372 U.S. 293, 317(1963) "deal at length with
the circumstances under which a prisoner may be foreclosed from collateral rel-
ief.") Sanders, 373 U.S. at 18

10.   "Noia's failure to appeal cannot under the circumstances be deemed an intell-
igent and understanding waiver of his right to appeal such as to justify the with-
holding of Federal Habeas Corpus relief." Fay, 372 U.S. at 399

11.   "[a]ffording as it does a swift and imperative remedy in all cases of illegal

-2-

restraint or confinement." Fay, 372 U.S. at 400.

12.   "Indeed, if he were subject to any substantial hurdles which made his remedy under § 2255 less swift and imperative than federal habeas corpus, the gravest constitutional doubts would be engendered as the Court in Hayman implicitly recognised."  Sanders, 373 U.S. at 14

13.   "Plainly, were the prisoner invoking § 2255 faced with th bar of res-judicata, he would not enjoy the 'same rights' as the habeas corpus applicant, or 'a remedy exactly commensurate with habeas." Id.

14.   "[h]abeas corpus is not a static, narrow formalistic remedy...but one which must retain the ability to cut through barriers of form and procedural mazes...it [must] be administered with the initiative and flexibility essential to insure that miscarriage of justice within its reach are surfaced and corrected...the demand for speedy, flexibility, and simplicity is clearly evident in our decisions." Hensely v. Municple Ct., 411 U.S. 345, 350(1973)

15.   "The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil rights of personal liberty." Ex Parte Tom Tong, 108 U.S. 556, 560(1883).

16.   The question to be answered is not whether Petitioner is asking for "relitigation," "but whether one adequate litigation has been afforded." Kaufman v. U.S., 394 U.S. 217, 225(1969)

17.   "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody and...the traditional function of the writ is to secure release from illegal custody." Presder v. Rodriguez, 411 U.S. 475, 484(1973)

18.   "If it affirmatively appears on the face of the indictment that the acts charged as criminal do not constitute an offense against the laws of the United States, the judgment and sentence is a nullity and habeas corpus is available to test that question." Roberts v. Hunter, 140 F.3d 38, 39(10th Cir. 1943)

19.   "If the commitment be against the law, as being made by one who had no jur-

isdiction of the cause or for a matter for which by law no man ought to be punished the Courts are to discharge him..." Fay, 372 U.S. at 405

20.  A "prisoners principle interest...is in obtaining speedy federal relief on his claims." Rose v. Lundy, 455 U.S. 509, 520(1892)

21.  "That ever person restrained of his liberty is entitled to an inquiry into the lawfulness of such restraint, and to a removal thereof if unlawful; and that such inquiry or removal ought not to be denied or delayed..." Boumediene v. Bush 553 U.S. 723, 171 L.Ed. 2d 41, 64(2008)

22.  "[a] prisoner retains an overriding interst in obtaining his release from custody if he is innocent of the charges for which he was incarcerated." Schulp v. Delo, 513 U.S. 298, 322(1995)

23.  The writ of habeas corpus is to be an "effective and imperative remedy for detentions contrary to fundamental law, the principal is unexceptable." Fay, 372 U.S. at 438

24.  The "remedy afforded by habeas corpus be flexible and readily available to prevent manifest injustice."  Huntly v. Schilder, 125 F.2d 250, 252(10th Cir. 1942) citing Johnson v. Zerbst, 304 U.S. 458(1938).

25.  "[i]t must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty to maintain it unimpaired." Id. Citing Bowen v. Johnston, 306 U.S. 19, 26(1939)

26.  "The rule is not one defining power but one which relates to the appropriate exercise of power." Bowen, supra.

## MISCARRAIGE OF JUSTICE

27.  "[u]nless the claims allege a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited." Stone v. Powell, 428 U.S. 465, 477(n.10), L.Ed 2d 1067, 96 S.Ct. 3037(1976)

28.  "[a] fundamental defect which inherently results in a complete miscarriage of justice [or] an omission [is] inconsistent with rudimentary of fair procedure."

-4-

Hill v. U.S.. 368 U.S. 424. 428(1962)

29.  The "Court repeatedly has recognized that principles of fundamental fairness underlie the writ of habeas corpus." Murray v. Carrier, 477 U.S. 478, 495-96 (1986); citing Engle v. Isacc, 456 U.S. 107, 126(1982) and Sanders, 373 U.S. at 17

30.  Even as the Supreme court erected unprecedented and unwarranted barriers to the federal judiciary's review of the merits of claims...it consistently has acknowledged that exceptions to the rules of unreviewability must exist to prevent violations of fundamental fairness. See Engle, 456 U.S. at 135

31.  "[P]rinciples of finality and comity 'must yield to the imperative of correcting a fundamentallly unjust incarceration.'" Murray, 477 U.S. at 495-96

32.  By the traditional understanding of.habeas corpus a "fundamental miscarriage of justice" occurs whenever a conviction or sentence is secured in violation of Federal constitutional rights. Id.

33.  "In appropriate cases" the principles of comity and finality that inform the concepts of cause and prejudice "must yield to the imperative of correcting a fundamentally unust incarceration." Engles, 456 U.S. at 135

34.  "The habeas petitioner must show not merely that the errors at..trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage infecting his entire trial with error of constitutional dimensions." Murray, 477 U.S. at 494; U.S. v. Frady, 456 U.S. 152, 165(1982)

35.  "We reamin confident that, for the most part, 'victims of a fundamental miscarriage of justice will meet the cause and prejudice standard." Murray, at 496

CAUSE AND PREJUDICE STANDARD

36.  When constitutional, jurisdiction, or statutory violations do not lead to miscarriage of justice directly, the Tenth Circuit set forth the standards to issues not raised on appeal. stating issues disposed of on direct appeal generally will not be considered in a § 2255 collateral attack. U.S. v. Prichard, 875 F.2d 789, 791(10th Cir. 1989)

37.   The Supreme Court in Frady explained the "cause and actual prejudice" standard enunciated in Davis v. U.S., 411 U.S. 223(1973). See 456 U.S. at 167

38.   First, is the "cause" excusing the possible default, Fraidy at 168, and second, is "actual prejduice" resulting from errors of which he complains.Id.

Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with erros of constitutional dimension." Frady, 456 U.S. at 170

39.   The Supreme Court emphasized in Frady, 456 U.S. at 170;

> "that this would be a different case had Frady brought before the district court affirmative evidence indicating that he had been convicted wrongly of a crime of which he was innocent."

40.   These limitations apply unless the claim alleges a lack of jurisdiction or constitutional error.   Stone v. Powell, 428 U.S. 465, 477(n.10)(1976)

41.   The Supreme Court in U.S. v. Addonizio, 442 U.S. 178, 185(1979), quoting Hill, 368 U.S. at 428, held:

> "that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice."

42.   In Johnson v. Zerbst, 304 U.S. 458, 468(1938) the Supreme Court explained "at the beginning of trial" the district court's jurisdiction "may be lost in the course of the proceedings" when certain constitutional rights on not complied with.

It is important to understand that "each Count in the indictment is regarded as if it were a separate indictment." U.S. v. Redcorn, 528 F.3d 727, 734(10th Cir. 2008); quoting U.S. v. Dunn, 284 U.S. 390, 393(1932)

43.   It is also important to understand the Tenth Circuit prior to its decision in Petitioner's case had held in Pauldino v. U.S., 500 F.2d 1369, 1370(10th Cir. 1974) "the filing of Federal income tax information does not violate the Fifth Amendment Rights in as much as such information is offered in a non-accusitorial setting." The Pauldino Panel continued "the questions asked on a tax return are completely neutral so that...he has a choice of...answering the questions." Id.

1. Petitioner should be released immediately from the proffered June 3, 2005 referral letter, indictment, conviction, sentence, and judgment, as to Count One's 5 year term of imprisonment due to all the above being entered or ordered without subject matter jurisdiction.

44. In Ground One Petitioner alleges the United States attorney David E. O'Mielia did not receive permission from the Secretary of the Treasury to criminally enforce Title 26, or Title 26 related offenses. See Doc. 472, pg. 11; Doc. 473, pg.1

45. There is no question but that the sole evidence of what was offered as authorization to criminally enforce Title 26, or Title 26 related offenses, is the June 3, 2005 letter from "Michael D. Lanceski," entitled "Special Agent-in-charge, Dallas Field Office." Doc. 474, pg. 4, ¶ 26

46. "On June 3, 2005, the IRS referred Mr. Springer to the Justice Department to investigate potential criminal tax violations." U.S. v. Springer, 444 Fed. Appx. 256, 260(10th Cir. 2011); Id. at 262("it did not refer him to the Justice Department for possible criminal violations until June 3, 2005.")

47. The June 10, 2005 letter, Doc. 80-2, from Ms. O'Connor to United States attorney O'Mielia states:

> "Reference is made to a letter dated June 3, 2005, the Special Agent-in charge, Internal Revenue Service, Dallas Texas, approving your request to expand an existing non tax grand jury investigation to include an investigation of potential criminal tax violations in the above entitled matter."

48. The "above entitled matter" was described as:

> "Re:  Grand Jury Investigation
>       Patterson Investigation
>       Northern District of Oklahoma
>       D.J. # 5-59 N-7848
>       concerning: Lindsey K. Springer

49. The June 3, 2005 letter from IRS employee Michael D. Lacenski is not from the "Secretary of the Treasury" or "Commissioner of Internal Revenue" ("CIR").

50. "The Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code." U.S. v. LaSalle, 437 U.S. 298, 308(1978); see also Springer v. U.S.,

447 F. Supp. 2d 1235, 1238(N.D.Ok. 2006)("the Secretary of the Treasury and IRS have clear authority to impose criminal and civil penalties related to Form 1040.")

51.  "The IRS cannot try its own prosecutions.  Such authority is reserved...to the U.S. Attorney. 28 U.S.C. § 547(1)." LaSalle, 437 U.S. at 312.  "A referral ...permits criminal litigation to proceed. Id.  26 U.S.C. § 7801(a)(1) states:

> "Except as otherwise expressly provided by law the administration and enf-
> orcement of this title shall be performed by or under the supervision of
> the Secretary of the Treasury."

52.  26 U.S.C. § 7803(a) directs the duties of the CIR are those prescribed by the Secretary of the Treasury.  The term "Secretary of the Treasury" is defined by Congress at 26 U.S.C. § 7701(a)(11)(A) to mean:

> "The Secretary of the Treasury personally, and shall not include any dele-
> gate."

53.  "When an exclusive definition is intended the word 'means' is employed..." Burgess v. U.S, 533 U.S. 124, 128(2008); citing Groman v. CIR, 302 U.S. 82, 86 (1937)("As a rule [a] definition which declares a term 'means'...excludes any meaning that is not stated.")

54.  Congress directs the "United States attorney" for his judicial district prosecute all offenses against the laws of the United States.  U.S. v. Bradshaw, 580 F.3d 1129, 1136(10th Cir. 2009)

55.  In order for a person to be indicted by a Grand Jury for Title 26, or Title 26 related crimes, the authority of the Secretary of the Treasury personally to enforce Title 26 criminal, or related criminal laws, must be given to a local United States attorney.  See Bedarco v. CIR, 646 U.S. 386, 399(1983)(once crim-inal referral is made the Secretary of the Treasury is under "well known restr-aints."); See also U.S. v. Livingword Christian Church, 2009 Dist. Minn, Lexis 6902(quashing summons due to issuing IRS employee not having first obtained a "reasonable belief" letter in writing from a proper "high-level Treasury official" pursuant to 26 U.S.C. § 7611(a)(2) and (h).)

-8-

56.  Mr. Lacenski was never the Secretary of the Treasury or CIR, nor was he a "high-level Treasury official" authorized to transfer enforcement of Title 26, or Title 26 related crimes for 2000 through 2004 arising in the non tax Patterson Grand Jury Investigation concerning Petitioner.

57.  A district court's criminal jurisdiction is limited to 18 U.S.C. § 3231. See United States v. Tedder, 787 F.2d 540, 542(10th Cir. 1986)(holding Federal district courts have original exclusive jurisdiction over all offenses against the laws of the United States citing 18 U.S.C. § 3231.)  Without a referral authorized by the Secretary of the Treasury to a U.S. Attorney, neither the United States attorney under 28 U.S.C. § 547(1), nor a Federal Grand Jury under 28 U.S.C. § 1861, or a United States District Court and Judge commissioned for the Northern Judicial District of Oklahoma pursuant to 28 U.S.C. § 116(a), 132, 133 and 451 has or receives subject matter jurisdiction to enforce Title 26, or Title 26 related crimes.

58.  "[d]efects in subject matter jurisdiction require correction regardless of whether the error was raised in the district court." U.S. v. Cotton, 535 U.S. 625, 630(2002).  A trial judge's criminal jurisdiction can only be exercised through the instrumentality of the grand jury. Clawson v. U.S., 114 U.S. 477, 488(1885); see also Stone v. Powell, 428 U.S. 465, 477(n.10)(1976)(scope of collateral attack remains where "claims allege a lack of jurisdiction or con-stitutional error.")

59.  There is nothing about the June 3, 2005 letter from Mr. Lacenski that can be construed to transfer the Secretary of the Treasury's congressional authority to enforce Title 26, or Title 26 related crimes, to any United States attorney, of Federal Grand Jury for prosecution for calendar years  2000 through 2004.

60.  The District Court Judge lacked jurisdiction of any kind under the Fifth and Sixth Amendment to enforce Title 26, or Title 26 related crimes alleged in the Grand Jury indictment dated March 10, 2009, due to the United States attorney

having no prosecutorial authority to enforce Title 26, or Title 26 related crimes, for any years, including Calendar year 2000 through 2004 and Petitioner's purported tax liabilities stemming from a duty to file Form 1040 United States Individual Income Tax Returns for any Calendar years.

61. The District Court and Judge lacked Article III criminal jurisdiction, there was no authorization for a Grand Jury to indict Petitioner on any Title 26, or Title 26 related crimes, no properly charged infamous Title 26, or Title 26 related crimes, and Petitioner's liberty and property have been and are being deprived without due process all in violation of Article III of the Constitution of the United States and its Fifth Amendment injunctions.

62. This Court should issue an order releasing Petitioner from the sentence and judgment of a 5 year term of prison associated with its Count One in that judgment.

> 2. Petitioner should be released immediately from authority of the proffered June 3, 2005 referral, indictment, conviction, sentence, and judgment, Finding Count One exceeded the proffered referral authority for criminal enforcement of Petitioner's Federal Income Tax liabilities alleged therein, due to the lack of subject matter jurisdiction exceeding Calendar years 2000 through 2004, and exceeding Petitioner's liabilities for these same years.

63. Notwithstanding issue for release # 1 above, Petitioner should be relieved from having to serve any further punishment or penalty imposed by the District Court regarding Count One's 5 year term of imprisonment for being entered in violation of the Fifth Amendment, Article III criminal jurisdiction, in excess of years 2000 through 2004, and where the verdict was obtained by broadening the basis for which the Jury could find guilty where the Court included, and did not exclude, Stilley's State of Arkansas Federal Tax liabilities that were derived from Stilley's duty to file Form 1040 which he allegedly did not do.

64. The June 3, 2005 proffered referral from Mr. Lacenski, is limited to Petitioner's alleged federal individual income tax duties and limited to Calendar years

2000 through 2004.

65. Count One alleges a Title 26 related crime from 2000 through 2009 exceeding the limitation apparent on the face of the June 3, 2005 letter from Mr. Lacenski.

66. Each year is considered separately under 26 U.S.C. § 7602. The June 10, 2005 letter from Ms. O'Connor to Mr. C'Mielia clearly limits the referral notwithstanding it is not authorized by the Secretary of the Treasury:

> "approving your request to expand an existing non tax grand jury investigation of potential criminal tax violations in the above entitled matter."

67. The "matter" was limited to the "Patterson Investigation" and did not expand to any other years or any other tax matters. Furthermore, at no time was a referral made to include Stilley's tax liabilities derived from his failure to file Form 1040s. See Doc. 293, pg. 7

68. The 5 year prison term judged from Count One suffers both from a lack of subject matter jurisdiction over Calendar years 2000 through 2009, and suffers from Fifth Amendment violations of the infamous crime, Grand Jury indictment, due process deprivation of property and liberty provisions.

69. The District Court and Judge lacked Article III criminal jurisdiction, there was no authorized Grand Jury indictment for Calendar year 2000 through 2009 Title 26 related crimes under 18 U.S.C. § 371, and Petitioner's liberty and property have been deprived, and continue to be deprived, without due process, all in violation of the Fifth Amendment.

3. Petitioner should be released immediately due to the conviction, sentence, sentence and judgment over Count One imposing a 5 year sentence was entered and ordered without a United States attorney and based upon a fraud upon the Court and depriving the Court of constitutional jurisdiction

70. Count One is an alleged Title 26 related crime and according to LaSalle, 437 U.S. at 308-312, in order for a United States attorney to obtain authorization to enforce Title 26, or Title 26 related offenses, the Secretary of the Treasury's Congressional enforcement authority must be referred to a United States attorney for prosecution under 28 U.S.C. § 547(1).

71. "The Interanl Revenue Code itself terminates the IRS's investigative authority on referral." Linda Thompson, et al., v. Resolution Trust Corp., F.3d 1508, 1518(D.C. Cir. 1993); citing LaSalle, 437 U.S. at 312-313

72. The indictment is signed by Charles A. O'Reilly, as a Trial Attorney with the Department of Justice dated March 9, 2009.  Kenneth P. Snoke also signed the Grand Jury indictment as an Assistant United States attorney.  Above both their names is the printed name David E. O'Mielia, United States attorney. See Doc. 2; see also Doc. 472, Ground 2

73. "[a] type written name...is not sufficient to satisfy rule 11[Fed.R.Civ.Pr.]." White v. America Airlines, Inc., 915 F.2d 1414, 1427(10th Cir. 1990)

74. An "individual attorney [who] signs frivolous pleading on behalf of his law firm, the name of which appears in the pleadings in typewritten form, sanctions may be imposed only against the individual signer, not against the law firm generally." Id. citing Pavelic & LaFlore v. Marvel Enter Group, 493 U.S. 120 (1989)

75. All agree at the time the March 9, 2009 indictment was returned, David E. O'Mielia was the United States attorney for the Northern Judicial District of Oklahoma.  The office of "United States attorney" is created by Congress at 28 U.S.C. § 541.  Assistant United States attorneys obtain their statutory authority at 28 U.S.C. § 542

-12-

76. As of June 28, 2009, David E. O'Mielia resigned his § 541 office. Every document presented in opposition to Petitioner in 09-Cr-043 from June 28, 2009 till January 27, 2010 signed by either Mr. O'Rielly as "Special Assistant United States Attorney" or by Kenneth P. Snoke as "Assistant United States Attorney" presents above either signature "Acting United States Attorney Thomas Scott Woodward." Compare Doc. 71 with Doc. 104.

77. Both O'Reilly, Snoke, and Woodward were each fully aware Woodward was not acting United States attorney for the Northern Judicial District of Oklahoma after June 28, 2009.

78. All Three presented Woodward as "Acting United States Attorney" to deceive this Court and Petitioner regarding the authority to prosecute Petitioner for Title 26, or Title 26 related crimes pursuant to the June 3, 2005 and June 10, 2005 letters, Doc. 224-16 and 80-2, and ultimately Congressional power to pros- ecute all offenses against the United States pursuant to 28 U.S.C. § 547(1)

79. 28 CFR § 0.136 entitled "Designation of Acting United States Attorney" states:

> "Each U.S. Attorney is authorized to designate any assistant U.S. Attorney in his office to perform the function and duties of the U.S. Attorney during his absence from office."

80. Once Mr. O'Mielia resigned he was not authorized as United States attorney to delegate any Assistant United States attorney to act as United States attorney. No statute authorizes it and no Court decision could be relied upon to uphold it. Mr. O'Mielia was not "absent" but rather gone for good.

81. The office of United States attorney is a "high government position." In re: Nofziger, 925 F.2d 428, 437(D.C. Cir. 1991) "An appointee exercising significant authority pursuant to the laws of the United States is an 'officer of the United States,' and must, therefore, be appointed in the manner prescribed by § 2, Cl. 2 of that Article [Art. II]." Buckley v. Valeo, 424 U.S. 1, 126(1976)

82. The "structural interests protected by the appointment clause are not those of any one branch of government but of the entire union." Freytag v. CIR, 501

U.S. 868, 880(1991)

83. The appointment clause is more than a matter of 'etequette or protocol,' its among the significant structural safeguards of the Constitutional scheme." Edmonds v. U.S., 520 U.S. 651, 659(1979)   Both a "failure to perform a [duty] or an erroneous performance, is regarded as an injury to the public." Yaselli v. Goff, 12 F.2d 396, 404(2nd Cir. 1926)  An attorney for the United States is to be enjoined when "acting outside his statutory authority." Fay v. Miller, 183 F.2d 986, 988(D.C. Cir. 1950)

84. Section 541(a) requires the  United States attorney be appointed by the President [of the United States of America] and with advice and consent of the Senate.  U.S. v. Dunlap, 17 F. Supp. 2d 1183, 1185(D.C. Colo 1998); See also Nichols v. Reno, 931 F.Supp. 748, 750 (D.C. Colo. 1996)("the 'attorney for the government' referred to in the statute is the United States Attorney, appointed for each judicial district by the President pursuant to 28 U.S.C. § 541 within his district. 28 U.S.C. § 547")

85. The settled rule is:

> "that those courts will not recognize any suit, civil or criminal, as regularly before them  if prosecuted in the name and for the benefit of the United States, unless the same is represented by the district attorney, or someone designated by him to attend to such business, in his absence as may pertain to the duties of his office."

Confiscation Cases, 7 Wall 454, 456(1864)

86. Thomas Scott Woodward from June 28, 2009 till January 27, 2010, and there after was not authorized by any Act of Congress to hold the office of United States attorney for the Northern Judicial District of Oklahoma.

87. Kenneth P. Snoke from June 28, 2009 till January 27, 2010, and there after was not authorized by any Act of Congress to hold the office of Assistant United States Attorney within the Northern Judicial District Oklahoma without a United States attorney authorized by Act of Congress.

88. Charles A. O'Reilly from June 28, 2009 till January 27, 2010, and there after

was not authorized by Act of Congress to hold the office of Special Assistant United States Attorney within the Northern Judicial District of Oklahoma without without a United States attorney authorized by Act of Congress.

89. On January 27, 2010, Mr. Woodward, Snoke, and O'Reilly, each presented Mr. Woodward as "United States attorney" for the Northern Judicial District of Oklahoma, which was false just like presenting Mr. Woodward as Acting United States attorney after Mr. O'Mielia resigned his office as of June 28, 2009.

90. United States attorneys decide who to charge because "they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take care that the law be faithfully executed." U.S. v. Cespedes 151 F.3d 1329, 1332(11th Cir. 1998)

91. For instance, a United States attorney under 28 U.S.C. § 541 "for one district has no authority to authorize dismissal of indictment in another district." U.S. v. Boulier, 359 F. Supp. 165, 171(E.D. N.Y. 1972); See Martinez v. Ensor, 958 F. Supp. 515, 518(D.Colo. 1997)("Criminal statutes can be enforced by the proper authorities of the United States government such as U.S. Attorneys."); see also New York v. Muka, 440 F. Supp. 33, 36(N.D. N.Y. 1977)("Federal crimes are prosecuted by United States Attorneys."); and see U.S. v. Bradshaw, 580 F.3d 1129, 1136(10th Cir. 2009)(The United States attorney "has the power to prosecute or not to prosecute.")

92. When an indictment or conviction has been obtained without a United States attorney and maintained by fraud, the proper course is for the indictment be set aside and or its conviction.  See U.S. v. Williams, 65 F.R.D. 422(1974)(W.D. Mo.) Lexis 11786

93. There is no question the District Court lost trial jurisdiction on June 28, 2009, when it learned it did not have a proper representative of the government "participating in the action." U.S. v. Providence Journal Co., 485 U.S. 693, 699 -708(1998)

-15-

94.  "Only officers of the Department of Justice or the United States attorney can represent the United States in the prosecution of a criminal case. 28 U.S.C. §§ 516, 547." U.S. v. Singleton, 165 F.3d 1297, 1299(10th Cir. 1999)(En banc)

95.  "Indeed, a federal court cannot even assert jurisdiction over a criminal case unless it is filed and prosecuted by the United States attorney or a properly appointed assistant." Id. at 1300

96.  In Providence Journal Co., 485 U.S. at 699-700, this Court in Singleton, 165 F.3d at 1300 explained the Supreme Court dismissed a petition for certiorari for lack of jurisdiction where the petition was filed by a government lawyer acting without the authority to do so.  The Tenth Circuit in Singleton went on to explain "whether Special AUSA had been properly appointed went to jurisdiction of the district court." 165 F. 3d at 1300; citing United States v. Durham, 941 F.2d 886, 892(9th Cir. 1991)

97.  "Therefore, the government's sovereign authority to prosecute and conduct a prosecution is vested solely in the United States Attorney and his or her properly appointed assistants." Id.  "Of course, it cannot be otherwise because the government of the United States is not capable of exercising its power on its own; the government functions only through its officers and agents." Id.

98.  "We thus infer in criminal cases that an Assistant United States Attorney, acting wihtin the scope of authority conferred upon that office, is th alter ego of the United States exercising its sovereign power of prosecution." Id.

99.  This Court lost jurisdiction after Mr. O'Mielia resigned his office on June 28, 2009, and each and every order, pre-trial, trial, post trial, sentencing order and final judgment, are each entered without any jurisdiction as there was no properly appointed United States attorney nor were Mr. Woodward, Snoke or O'Reilly, authorized by any Statute to prosecute Petitioner in the Northern Judicial District of Oklahoma without an existing United States Attorney.

100. The Judgment  against Petitioner is void ab initio as there was no delegate

-16-

of the President to prosecute Petitioner after June 28, 2009 starving this Court
of Article III criminal jurisdiction and jurisdiction under 18 U.S.C. § 3231.

> 4.  Petitioner's Conviction, Sentence, and Judgment, as to Count One (all cou-
>     nts) is based upon the Grand Jury's allegations Petitioner failed to
>     file Form 1040 United States Individual Income Tax Returns with the
>     Internal Revenue Service which the Tenth Circuit on October 26, 2011,
>     held Petitioner was not required by law to say anything on Form 1040
>     or file Form 1040s ever.

101. Having established Count Two, Three and Four were switched after indictment
from alleging crimes of evasion of assessment to evasion of payment, Count One's
conspiracy to defraud the IRS also led to conviction and a 5 year prison term
to run consecutively with Counts Two and Three's 5 year terms each, and concurrent
with Count Four's 5 years and Count Five and Six's 1 year terms of imprisonment.

102. Petitioner has presently served 38 months of the 60 month term in Count One
and with good time credit only owes the United States 16 months on Count One until
reversed and vacated by the Court.

103. To justify release before final determination of Petitioner's § 2255 appl-
ication Count One thus remains the only obsticle and as this Court can see Count
One is invalid as a matter of both fact and statutory and constitutional law.

A.  Tenth Circuit's Order dated October 26, 2011.

104. The Tenth Circuit ruled on October 26, 2011 while Petitioner was on direct
appeal that the "obligation to file an income tax return and the criminalization
of willful failure to do so represent statutory mandates divorced from Form 1040."
U.S. v. Springer, 444 Fed. Appx. 256, 262(10th Cir. 2011).  The Tenth Circuit
also held:

"There is no substantive obligation arising from Form 1040 itself."
Id.

(i) Grand Jury Indictment on Form 1040

105. All Six Counts of the Grand Jury indictment dated March 10, 2009 are "based
on" Petitioner willfully failing to do something.  It is what that something is
alleged by the Grand Jury to be that shows the referral, indictment, conviction,

-17-

sentence and judgment, are based on conduct alleged that the Tenth Circuit held
is not prescribed as criminal.

(a) Count One relies on alleged Form 1040

106.  Count One alleged an unlawful agreement existed to defraud the IRS of its
lawful functions in ascertaining, assessing, computing, and collecting Federal
Income Taxes. Doc. 474, pg. 5, ¶ 52; pg. 7, ¶ 55(citing ¶ 9 of Count One).

107.  Paragraph 6 alleges Petitioner failed to file Federal Income Tax Returns
from the late 1980s and incorporated this conduct into all Six Counts.

108.  Paragraph 14 of Count One alleges Petitioner refrained from filing Forms
with the IRS including Form 1040. Doc. 474, pg. 7, ¶ 55; See also Doc. 293, pg.7
reported at 2010 Dist. Lexis 6906.

109.  During a pretrial motion hearing addressing Petitioner's claim Count One
failed to plead fraud with any particularity, even to the standard of civil actions,
this Court denied Petitioner's Motion holding "defraud" in which Petitioner was
being held to defend meant:

> "as collecting taxes and getting lawful returns in by some means that is
> dishonest. And that is exactly what is charged here."

Doc. 474, pg. 13, ¶ 98

110.  In the Trial Brief of Mr. Snoke and O'Reilly, they assert Petitioner had not
filed Form 1040s with the IRS for all years at issue in the Six Counts:

> "throughout this period of time, Defendant Springer and Stilley did not file
> any income tax Forms with the IRS including Form 1040 and 1099."

Doc. 474, pg. 15, ¶ 12; see also Doc. 361, pg.6("never the less, Defendant will-
fully failed to file a tax return for any year from 2000 through 2007")

111.  The role Form 1040 played in Count One, as well as Counts Two through Six,
is inexorable to each crime alleged in each Count.  During pretrial, Mr. O'Reilly
opposed Petitioner's Motion to Dismiss which claimed Form 1040 for each year al-
leged violated the Paperwork Reduction Acts, Doc. 53 and 54, arguing:

> "Some Courts have simply noted that the PRA applies to the Forms themselves...

-18-

and because the Form 1040 does have a control number, there is no PRA violation...tax instruction books are not agency requests for information."

Doc. 474, pg. 10, ¶ 80

112.  In opposing Petitioner's motion to dismiss claiming the Fifth Amendment protected Petitioner from having to answer questions asked on Form 1040, Mr. O'Reilly in opposition claimed:

> "If the Form of Return provided called for answers that the defendant was privileged from making he could have raised the objection in the return."

Doc. 474, pg. 11, ¶ 81

113.  Mr. O'Reilly's expert from the IRS "on the requirement to file and the Form," Doc. 474, pg. 31, ¶ 235, testified to the jury that Petitioner "was required to report all these transactions on would be the Form 1040." Doc. 474, pg. 20, ¶¶ 148, 149.

114.  Mr. Miller testified the Form of Return at issue in all Six Counts was Form 1040.  Doc. 474, pg. 20, ¶ 152

114.  Special Agent Shern, the sole witness before the Grand Jury on all Six Counts testified before the Jury at trial that when he used the phrase to the Grand Jury of "tax return" he meant:

> "Its a Form that you submit to the Government that shows how much tax you owe."

Doc. 474, pg. 18, ¶ 132

115.  Petitioner's good faith defense approved by the trial Judge was:

> "The issue is whether you have a basis for a good faith belief that the Form 1040 violated the Paperwork Reduction Act."

Doc. 474, pg. 19, ¶ 143

116.  The Trial Judge even overruled Petitioner's right to a Jury Trial and instructed the Jury what it supposedly found:

> "Ruled that Form 1040 did not and does not violate the Paperwork Reduction Act."

Doc. 474, pg. 19, ¶ 145

117. The Trial Court in expanding Count One to include Oscar Stilley's Federal Income Tax debt to be included within the "defraud" element allowed this broadening finding"

> "Count One references Mr. Stilley's failure to file Form 1040 and alleges conduct by Mr. Stilley that is independent of Mr. Springer's income."

Doc. 474, pg. 32, ¶ 246

118. The Trial Judge denied a new trial was warranted on its broadening of Count One's offense finding:

> "Defendant Springer and Stilley would and did refrain from filing Forms with the Internal Revenue Service, including Forms 1040 and 1099."

Doc.474, pg. 32, ¶ 245

119. At Trial, Mr. O'Reilly made two statements involving Form 1040. The First:

> "I also understand Mr. Springer wanted to introduce the Form 1040 from his direct. If Mr. Springer lays a foundation that makes those admissible, we want the instruction books as well from years 2000 through 2005."

Doc. 474, pg. 20, ¶ 153

120. During the introduction of Form 1040 for 2000 through 2005, Mr. O'Reilly said:

> "Your honor, with respect to the material the information books and returns for the years 2000 to 2005, we're not going to oppose the introduction of those, they're voluminous, but at least they do fall within the scope of the conspiracy, although Mr. Springer didn't file any of the Forms in issue."

Doc. 474, pg. 21, ¶ 161

121. Special Agent Shern testified the role he explained Form 1040 played in each of the Grand Jury charges:

> "You not filing tax returns is relevant with tax evasion and failure to file tax returns for obvious reasons."

Doc. 385, pg. 156, ln 23-25

122. While opposing Petitioner's claims regarding Form 1040 as to each of the Tax Evasion Counts Mr. O'Reilly at side bar informed this Court:

> "The evasion Counts are independent of whether or not he filed a return because of all the affirmative acts."

Doc. 474, pg. 21, ¶ 157

-20-

123. At sentencing, Judge Friot looked directly at Petitioner and said:

> "As for Mr. Springer, at trial, he looked at the Jury and testified under oath that he never had an agreement with Mr. Stilley or anyone else to defraud the United States. He testified that he did not willfully fail to file Form 1040 for years 2000 through 2005. He stated that he did not willfully fail to report substantial tax liability...These statements were categorically false. They were made under oath. They were made for the purpose of deceiving the jury and they amounted to obstruction of justice, Mr. Springer."

Doc. 474, pg. 61, ¶ 441

124. Based upon the District Court's view and role Form 1040 United States Individual Income Tax Returns played in Count One, and that the conduct of not filing or refrained from filing with the IRS Form 1040s, alleged by the Grand Jury at ¶¶ 6 and 14 of the indictment that were "within the scope of the Conspiracy," See Doc. 474, pg. 21, ¶ 161, is conduct that the Tenth Circuit on October 26, 2011 held divorced from the obligation to make an income tax return and the criminalization of willful failure to do so. Springer. 444 Fed. Appx. at 262. this Court can easily find Count One did not allege a crime that violated 18 U.S.C. § 371 and did not satisfy the obligation of the 5th Amendment to indict Petitioner for an infamous crime.

125. As Judge Friot was explained by the Tenth Circuit in Farr. 536 F.3d at 1181:

> "It is settled law in this Circuit. as elsewhere. that the language employed by the government in its indictments becomes an essential and delimiting part of the charge itself. such that '[i]f an indictment charges particulars. the jury instructions and evidence introduced at trial must comport with those particulars.'"

126. There is just no doubt besides the mentioning in Count One of Form 1040 and "income tax return," when citing to what "required by law" means in relation to being required to file a "United States Individual Income Tax Return" in Counts Two, Three and Four, Mr. O'Reilly provided two Bills of Particulars which identified at 26 U.S.C. § 6011 the requirement to use prescribed forms of returns and 26 CFR §§ 1.6011-1(a) and 1.6012-1(a)(6) both pointing directly to Form 1040. See Doc. 104, 201

127. We now know this was all in error. Whether the Court's decision to expand

Count One to include Stilley's requirement to file Form 1040s and income tax liabilities within the "Manner and Means" of Count One's crime to defraud the IRS, or the Tenth Circuit's holding Petitiioner was not required to file Form 1040s for any year alleged in the Grand Jury indictment, which includes Stilley has no such requirement of the law, renders the conduct that led to the referral, indictment, pre-trial, trial, conviction, sentence, and judgment imposing a 5 year term of prison on Petitioner, which he is now serving, is imposed in violation of the 5th Amendment's infamous crime, indictment, and due process provisions, as well as in violation of the 6th Amendment's requirement of providing notice of the nature and cause with respect to the alleged crime, speedy trial and assistance of counsel for Petitioner's defense provisions.

128. This Court had no jurisdiction over Stilley's Federal Income Taxes as that issue was outside the Secretary of the Treasury's authorized referral, Ground 4, was without a referral from the Secretary of the Treasury, Ground 1, exceeded possible authority, Ground 3, is in violation of the 5th Amendment, Ground 15,16 and 17, is in violation of the 6th Amendment, Grounds 18,19, in violation of the 5th and 6th Amendments, Grounds 20 through 31, 57, 58, 65, 66, 71, 72 and 76.

129. Each of these grounds raised in Petitioner's favor demonstrate the Court either never obtained subject matter jurisdiction from the Secretary of the Treasury because the U.S. Attorney never received authorization to prosecute Title 26, or Title 26 related crimes, or the Trial Court lost jurisdiction based upon the Grand Jury crime not being the conduct the Jury at trial considered in rendering its verdict.

130. Since Count One is unconstitutional from the offense conduct, referral, through indictment, trial, conviction, sentence and judgment, this Court should issue an order relieving Petitioner of any obligation to serve the remaining part of the 5 years imposed on Count One and order the release of Petitioner from the custody of the Bureau of Prisons.

-22-

131.   Recently, the Supreme Court in Descamps v. U.S., 570 U.S. ____, ____ (2013),

held a prosecutor charging a violation of a divisible statute must generally

select the relevant element from its lists of alternatives.  In Descamps, the

Supreme Court cited to the Confiscation Cases, 20 Wall 92, 104(1874) explaining:

> "[A]n indictment or a criminal information which charges the person accused,
> in the disjunctive, with being guilty of one or of another of several offenses,
> would be destitute of the necessary certainty, and would be wholly insuff-
> icient."

Se also Descamps, citing 1C Wright P.A. Leipold, Federal Practice and Procedure:

criminal § 125, pp. 550,551(4th Ed. 2008)("If a single statute sets forth several

different offensese, [a] pleading...that does not indicate which crime [the] def-

endant allegedly committed is insufficient.") Id.

132. "It would be for two reasons.  It would not give the accused definite notice

of the offense charged, and thus enable him to defend himself, and neither a con-

viction nor an acquittal could be pleaded in bar to a subsequent prosecution one

of the sevearl offenses."  U.S. v. Clark, 87 U.S. 92, 104(1874)("The Confiscation

Cases.")  "Subject matter jurisdiction refers to the Court's statutory or const-

itutional power to adjudicate the case." Steel Co. v. Citizens for Better Env't,

523 U.S. 83, 89(1998)

133. An indictment must (1) "set forth the elements of the offense charged," See

U.S. v. Barrett, 490 F.3d 1079, 1093(10th Cir. 2007), (2) "put[s] the defendant

on fair notice of the charges against which he must defend," and (3) "enable[s]

the defendant to assert a double jeopardy defense." Id.

134. The indictment in Count One alleges Form 1040s "fall within the scope of the

conspiracy" for the years 2000 through 2009 and the convictions holding Petititioner

in Count One are based upon the allegation Petitioner "didn't file any of the

Forms in issue." Doc. 474, pg. 21, ¶ 161.  The Tenth Circuit held there is no

"substantive obligation arising from Form 1040 itself." Springer, 444 Fed. Appx.

at 262; ("the obligation to file an income tax return..[is] divorced from Form

1040.) Id.

CONCLUSION

135. Petitioner has demonstrated a clear case on the merits to warrant release pending review of his application under § 2255 both as to special circumstances and high probability of success on the following:

1) Former United States Attorney David E. O'Mielia did not receive authorization from the Secretary of the Treasury personally to enable him to Prosecute Petitioner for any Title 26, or Title 26 related offenses, for any tax type or any Calendar year, including years 2000 through 2009, thereby Count One's conviction for violating 18 U.S.C. § 371 was began without jurisdiction resulting in the Court's conviction, sentence, and Judgment for 5 year prison term being entered without jurisdiction, both personal, subject matter, grand jury, trial, and sentencing jurisdiction;

2) Notwithstanding issue one above, the June 3, 2005 proffered letter identifies Calendar Year 2000 through 2004 only and Petitioner's Federal Individual Income Taxes only, and not any other years or any other individual's income taxes, which demonstrates the Grand Jury's Count One alleging Calendar years 2000 through 2009 was without jurisdiction and authorization from the Secretary of the Treasury rendering Count One's conviction for violating 18 U.S.C. § 371 beginning without jurisdiction resulting in the Court's conviction, sentence, and Judgment for 5 year prisoner term being entered without jurisdiction, both personal, subject matter, grand jury, trial, and sentencing jurisdiction;

3) Although Count One was originally returned while David E. C'Mielia held the office of United States Attorney for the Norhtern District of Oklahoma, notwithstanding issues 1 and 2 above, after Mr. O'Mielia resigned his office on June 28, 2009, no person was authorized by either the Secretary of the Treasury personally, or Congress specifically, to prosecute the Grand Jury's March 9, 2009 indictment, and Mr. O'Reilly and Snoke's presentation that Thomas Scott Woodward was either "Acting United States Attorney" for the Northern District of Oklahoma, or as of January 21, 2010, became United States Attorney for 120 days by selection of the Attorney General of the United States, was not only false, but was presented fraudulently for the purpose of maintaining both false imprisonment and unlawful prosecution and conviction ridculing Petitioner for his First Amendment claims Form 1040 United States Individual Income Tax Returns do not comply with Federal law and therefore are not "required by law" to be filed with the Internal Revenue Service for any Calendar year as the Grand Jury alleged;

4) The Grand Jury indictment, trial, conviction, sentence, and judgment as to Count One were obtained and being maintained based upon the conduct alleged being based upon the claim Form 1040 United States Individual Income Tax Returns being required by law and part of the "manner and means" of how Petitioner allegedly defrauded the IRS of its lawful functions which the Tenth Circuit held on October 26, 2011 "the obligation to file an income tax return and the criminalization of willful failure to do so represent statutory mandates divorced from Form 1040" and that Petitioner had "no substantive obligation arising from Form 1040 itself" rendering Petitioner's continued imprisonment invalid and unconstitutional.

5) The Special Circumstances also warranting release is that not only has Count One's conviction, sentence, and judgment, been obtained and being maintained in violation of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Sixteenth Amendments, as well as without Article III criminal jurisdiction, along with major due process and equal protection violations, which are all extraordinary circumstances in their own right, but furthermore, the fact Petitioner has never been allowed notice that Form 1040 was divorced from any requirement at issue in all Six Counts until after Petitioner's First Appeal as of right was finally determined.

136. Petitioner has served a majority of the term of prison in Count One which the Court imposed the maximum allowed by § 371 and though Petitioner asserts in his § 2255 application that Count One was wrongly decided, both as to conviction at trial and the sentence imposed, that sentence under the proper facts and a properly instructed Jury, would never receive the maximum of 5 years. This Court should order Petitioner released from the remainder of the 5 year term imposed involving Count One as it should find Petitioner has made a clear case on the merits and established, although not required to establish both, extra-ordinary circumstances warranting immediate release.

Respectfully Made:

*Lindsey K. Springer* 6.26.13

Prisoner #02580-063
Federal Correctional Institution
1900 Simler Ave
Big Spring, Texas 79720

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2013 I mailed first class the above Motion for Issuance of Conditional Writ of Habeas Corpus for Release to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103;

I further certify that all parties to the above proceeding are ECF users and shall receive service of the above described Motion through the Court's ECF System:

United States Attorney
Danny C. Williams

_____
server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1) under the laws of the United States of America that on June 26, 2013 I deposited the above described Motion in the U.S. Mail Box located inside FCI Big Spring Federal Prison addressed to the Clerk of Court as described above.

_____
declarant

-26-