IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent ) | |
| ) | |
| v. ) | Case No.   09-CR-043-SPF |
| ) | |
| LINDSEY KENT SPRINGER, ) | |
| ) | |
| Defendant/Movant. ) | |

### UNITED STATES' PRELIMINARY RESPONSE REGARDING LINDSEY SPRINGER'S MOTION FOR RELIEF UNDER 28 U.S.C. §2255 (DOC. NOS. 472 - 475) CONCISELY LISTING THOSE GROUNDS FOR RELIEF THAT SHOULD BE STRICKEN OR DISMISSED

The United States of America, by and through its attorneys, Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant, Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby files its preliminary response regarding Mr. Springer's Motion for Relief Under 28 U.S.C. § 2255 (doc. nos. 472 - 475) pursuant to the Court's Order dated March 15, 2013 (doc. no. 478) directing the Government to concisely list those grounds for relief that should be stricken or dismissed because they were raised and resolved in the proceedings in the underlying criminal prosecution, or could have been but were not

raised in those proceedings. As more fully detailed herein, all but two grounds raised by Mr. Springer should be stricken or dismissed:

- Mr. Springer's appellate counsel rendered ineffective assistance (Ground 61 and alleged in numerous other grounds);

- The Tenth Circuit Court of Appeals' restriction on Mr. Springer's appellate brief was unconstitutional (Ground 49).

## INTRODUCTION

In his 271 pages of material, Mr. Springer purports to identify 76 separate grounds for relief.[1] However, many of Mr. Springer's asserted grounds are both cumulative and repetitive, and all were either raised, or could have been raised and resolved, in the underlying proceedings, with the exception of two grounds that were neither previously raised nor capable of having been previously raised.[2] The first of these two grounds is Mr. Springer's assertion that his appellate counsel, Jerold Barringer, rendered ineffective assistance. Mr. Springer alleges that appellate counsel was ineffective in more than half

---

[1] The number of grounds Mr. Springer asserts for relief is inconsistent. Mr. Springer purports to identify 76 grounds for relief, in his Motion Under U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence By a Person in Federal Custody (doc. no. 472), and in his Declaration of Lindsey Kent Springer in Support of Motion to Vacate, Set Aside, and Correct Conviction, Sentence and Judgment (doc. no. 474). However, Mr. Springer identifies 68 grounds for relief in his Memorandum and Breif [sic] in Support of Defendant's Motion to Vacate, Set Aside, and Correct Conviction, Sentence and Judgment (doc. no. 473). Furthermore, the specified numbers for the grounds for relief in Mr. Springer's motion (doc. no. 472) and memorandum and brief in support of his motion (doc. no. 473) are inconsistent.

[2] One of the grounds asserted for relief, ground 73, is simply Mr. Springer's assertion of the right to relief pursuant to 28 U.S.C. § 2255. Doc. 472 at 83.

of the grounds he purports to identify.³  The second ground is Mr. Springer's assertion that the Tenth Circuit Court of Appeals unconstitutionally limited his appellate brief.

Under paragraph 9(f) of Mr. Springer's Motion for Relief Under 28 U.S.C. § 2255 (doc. no. 472), he identifies only eight grounds raised in his appeal:

> (1) Defendant's [sic] committed no crime because there is no government entity outside of Washington D.C. with the lawfully delegated power to collect taxes or enforce the internal revenue laws; (2) the Paperwork Reduction Act precludes imposition of all penalties arising from their convictions; (3) the district court erred in denying their motion to suppress; (4) the district court erroneously instructed the jury as to the definition of gift and income; (5) the district court should have allowed defendants to subpoena employees of the Justice Department and the IRS; (6) defendant's [sic] did not waive their right to counsel voluntarily, knowingly and intelligently; (7) the district court did not properly calculate their attributable tax losses under the sentencing guidelines or properly apply their respective sentencing enhancements; (8) Mr. Stilley's conviction cannot be classified as a felony.

In addition to these eight claims that Mr. Springer concedes he raised on appeal, Mr. Springer also raised the following claims:  "Count Two violated statute of limitations."  (Br. 53); "Count Four failed to allege and prove the tax deficiency element." (Br. 53); "Springer claims the prosecution was unlawful without a U.S. Attorney to exercise the referral."  (Br. 53); "Springer also claims District Judges Eagan and Friot were prevented from participating due to Judge Eagan's involvement in 03-cr-055." (Br. 53-54); "Springer claims the evidence was insufficient to establish beyond reasonable doubt each element of each offense alleged in Counts One through Six.  The

---

³ Mr. Springer asserts that his appellate counsel was ineffective in Ground numbers 1 through 14, 28, 29, 30, 32 through 37, 39, 41through 44, 46, 48, 49, 51, 53 through 67, and 75.

'required by law' duty was not shown.  The Trial Court should have granted Judgment of Acquittal at any of the three times Springer requested it. . . . this Court should reverse dismiss [sic] each count as the evidence was insufficient."  (Br. 54)

Mr. Springer represented himself at trial, and represents himself on this petition pursuant to Section 2255 of Title 28 of the United States Code.  As indicated previously, Jerold Barringer represented Mr. Springer on appeal from his conviction and sentence.

## ANALYSIS OF SPRINGER'S ASSERTED GROUNDS FOR RELIEF

"Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citations omitted). "Consequently 'failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review.'" *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (citing *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002) and *Bousley v. United States*, 523 U.S. at 622).

Although Mr. Springer purports to identify 76 separate grounds for relief, examination of these grounds reduces the actual number of distinct bases for relief to twenty:  (1) the Court lacked jurisdiction; (2) the Internal Revenue Service lacked jurisdiction in the State of Oklahoma; (3) the Court's jury instructions were erroneous;[4] (4)  the Paperwork Reduction Act precluded the imposition of penalties;  (5) Mr. Springer was the victim of selective prosecution; (6) the Court incorrectly calculated the tax loss

---

[4]   The *Allen*-charge issued by the Court during jury deliberations was not an issue identified in Mr. Springer's appeal.

and sentencing guideline factors; (7) Mr. Springer did not knowingly and intelligently waive the right to counsel; (8) the Internal Revenue Code is unconstitutionally vague and ambiguous; (9) the requirement to file a tax return violates self-incrimination protections; (10) evidence should have been suppressed because it was obtained through an invalid search warrant; (11) the Indictment is defective; (12) the statute of limitations was violated; (13) the Speedy Trial Act was violated; (14) Mr. Springer did not receive notice of the Government's Theory; (15) the Government's use of a summary expert witness was improper; (16) the Court's order of restitution to the Department of the Treasury and the State of Oklahoma was improper; (17) Mr. Springer's prosecution was unconstitutional because President Barack Obama is ineligible to hold office; (18) the receipt of Federal Reserve Notes cannot constitute gross income; (19) appellate counsel provided ineffective assistance; and (20) the appellate court unconstitutionally limited the appellate brief to 14,000 words.  With the exception of Mr. Springer's assertions that appellate counsel provided ineffective assistance, and that the appellate court unconstitutionally limited his appellate brief, Mr. Springer raised, or could have raised, each of these issues at trial or on appeal.  The table below provides a summary of Mr. Springer's asserted issues, and where each issue was raised at trial, on direct appeal, or both.

|   | Issue | Asserted Ground(s) for relief | Raised during trial | Raised on appeal |
|---|---|---|---|---|
| 1 | Jurisdiction of the Court | 1, 2, 3, 4, 66, 73, 74, 76 | Docs. 51, 280, 281, 282, 283, 284 | Brief at 3, 8-13, 33-34, 42-45, 53; Reply Brief at 1-15 |
| 2 | Jurisdiction of the Internal Revenue Service | 4, 5, 51, 54, 66, 74, 76 | Doc. 51 | Brief at 9-10, 23-29, 31, 51; Reply Brief at 1-7, 10, 13 |
| 3 | Jury instructions | 30, 33, 34, 46, 48, 56, 57, 66, 76 | Doc. 128 | Brief at 7-8, 36-37, 39-45, 48; Reply Brief at 19-24 |
| 4 | Paperwork Reduction Act | 28, 29, 30, 31, 39, 40, 66, 68, 76 | Docs. 53, 54, 81 | Brief at 3, 14-23 |
| 5 | Selective prosecution | 37, 66, 76 | Springer admits raised and denied (Doc. 65, 66) | not raised |
| 6 | Sentencing Issues | 10, 11, 12, 13, 14, 42, 43, 44, 55, 66, 67, 69, 71, 72, 75, 76 | Doc. 321 | Brief at 3, 45-53 |
| 7 | Assistance of trial counsel | 31, 48, 57, 58, 66, 76 | not raised | Brief at 39-45; Reply Brief at 26-27 |
| 8 | 18 U.S.C. § 371, and 26 U.S.C. §§ 1, 6011, 6012(a)(1), 6091(a), 6091(b), 6151, 7201 and 7203 and related C.F.R. provisions unconstitutional | 23, 24, 25, 26, 27, 47, 66, 76 | Docs. 51, 280, 281, 282, 283 | Brief at 3, 8-12, 25, 31; Reply Brief at 4-5, 14 |

| 9 | Self-incrimination | 41, 66, 76 | Docs. 59, 60 | Brief at 15-19, 23 |
|---|---|---|---|---|
| 10 | Invalid search warrant - Suppression of evidence | 5, 6, 7, 8, 9, 52, 62, 66, 76 | Docs. 49, 74, 75, 76 | Brief at 23-33, 38; Reply Brief at 1-3, 7-10 |
| 11 | Defective Indictment | 15, 22, 32, 33, 34, 45, 46, 64, 66, 70, 76 | Doc. 396 - Springer's trial testimony | Brief at 12-19, 53; Reply Brief at 15-18 |
| 12 | Statute of limitations | 35, 36, 66, 76 | Doc. 260 (stricken) | Brief at 35, 53 |
| 13 | Speedy trial violation | 64, 65, 66, 76 | not raised | not raised |
| 14 | No notice of Government's theory | 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 31, 32, 33, 38, 40, 57, 64, 66, 68, 76 | not raised | Brief at 12-19, 53; Reply Brief at 19-24 |
| 15 | Summary witness | 53, 66, 76 | Docs. 150, 168 | Brief at 37 |
| 16 | Restitution improper | 10, 11, 12, 13, 14, 39, 42, 43, 66, 69, 76 | not raised | not raised |
| 17 | President Obama ineligible to hold office | 63, 66, 76 | not raised | not raised |
| 18 | Federal reserve notes cannot constitute income | 69, 70 | not raised | not raised |
| 19 | Ineffective assistance of appellate counsel | 59, 60, 61, 66, 76 | not raised | not raised |
| 20 | Unconstitutional restriction of appellate brief | 49, 50, 66, 76 | not raised | not raised |

The Government has also included an attachment that identifies and categorizes each of Mr. Springer's 76 asserted grounds for relief, where the alleged new ground was raised at trial or on appeal, or indicating that it could or could not have been raised previously. Among the asserted grounds for relief is ground 73 which asserts Mr. Springer's right to relief under Section 2255 of Title 28 of the United States Code. Doc. 472 at 83.

Prior to this petition, Mr. Springer had not previously raised the allegation that his prosecution was prohibited because of Mr. Springer's "information and belief" that the President of the United States "is not eligible to hold office" (see Ground 63). Also, Mr. Springer did not previously raise the allegation that there was a Speedy Trial Act violation (see Grounds 64 and 65), nor that his receipt of income in the form of Federal Reserve Notes negated his receipt of gross income (see Grounds 69 and 70). Finally, Mr. Springer did not previously raise objections to the restitution ordered by the Court. However, each of these grounds could have been raised in the underlying criminal proceedings, on direct appeal, or both.

Mr. Springer's 66th and 76th asserted grounds for relief each purport to reallege grounds 1 through 75. In his 66th asserted ground for relief, Mr. Springer asserts that "[e]ach ground collectively, in a cumulative way, deprived me of Due Process and the entire District and Appellate Court process was fundamentally unfair." Doc. 472 at 76. In his 76th asserted ground for relief, Mr. Springer asserts that "the United States Judicial and Executive branches of Government, in respect to my liberty and property interests,

have acted in breach and total disregard to the conditions by which the United States received its enumerated powers as set forth in Grounds 1 through 75." Doc. 472 at 86. The majority of grounds 66 and 76 were previously raised or could have been raised at trial and on appeal.  However, as indicated above, Mr. Springer's allegations that his appellate counsel rendered ineffective assistance and that the Tenth Circuit Court of Appeals unconstitutionally limited his appellate brief were not, and could not have been, previously raised.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

With the exception of Mr. Springer's claims that appellate counsel provided ineffective assistance and that the Tenth Circuit Court of Appeals' limitation of his appellate brief to 14,000 words was unconstitutional, each of the grounds identified by Mr. Springer has been raised previously, could have been raised previously, or both. Therefore, the United States respectfully submits that the Court should strike each of Mr. Springer's asserted grounds for relief pursuant to Title 28, United States Code Section 2255, with the exception of his allegation that his appellate counsel rendered ineffective assistance, and his allegation that the Tenth Circuit Court of Appeals' page limitation was unconstitutional.

Respectfully submitted,
DANNY WILLIAMS
UNITED STATES ATTORNEY

  */s/ Charles A. O'Reilly*
CHARLES A. O'REILLY, CBA NO. 160980
Special Assistant United States Attorney
JEFFREY GALLANT
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74119
(918) 382-2700

Case 4:09-cr-00043-SPF   Document 518 Filed in USDC ND/OK on 09/09/13   Page 11 of 11

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.  I also served the foregoing document by United States Postal Mail to the following ECF registrant:

    Lindsey Kent Springer
    Defendant
    FCI Big Spring
    Federal Correctional Institution
    1900 Simler Ave
    Big Spring, TX  79720
    Inmate Number 02580-063.

                                                 */s Charles A. O'Reilly*
                                                Charles A. O'Reilly
                                                Special Assistant United States Attorney