In The United States District Court
For the Northern District of Oklahoma

**FILED**

OCT 7 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Lindsey Kent Springer

v.

Case No 13-CV-145
(Formerly 09-CR-043)

United States of America

## Motion to Strike

Lindsey Kent Springer ("Petitioner") moves this Court to Strike Doc. 518 for not being presented by an authorized representative of the Government, and for not specifically complying with this Court's order date March 15, 2013, See Doc. 478

### Background

On March 11, 2013, Petitioner timely filed an Application by motion pursuant to 28 U.S.C. § 2255 raising 76 grounds for relief. Doc. 478, pg 1. Judge Friot directed "Counsel for the United States of America be served. Doc. 476.

In the March 15, 2013 order, it reads:

"the government's preliminary response shall concisely list (with supporting record citations) those grounds for relief, if any which the government contends should be stricken or dismissed."

Doc. 478, pg 2

In establishing its "First Step," the Government is directed to identify:

"those grounds for relief which the Court need not, and should not, address in the § 2255 proceedings..."

Doc. 478, pg. 1.

The Government was given Five months to make its preliminary response. Id.

1

_Mail    _No Cert Svc    _No Orig Sign
_C/J     _C/M            _C/Ret'd    _No Env
_No Cpys _No Env/Cpys    _O/J    _O/MJ

Petitioner was then given five months to file a reply:
"only to the issues raised in the Government's
preliminary response."

Doc. 478, pg 2

## Issues Presented

1. Is the September 9, 2013 Filing, Docket # 518, signed by the Government?

2. Is Docket 518 what the Court invisioned when it set is two step preliminary process?

3. Should Docket 518 be struck.

## Argument For Relief

1. Docket # 518 is not signed by the Government.

Ground Two of the 76 grounds states:

"The indictment, conviction, sentence, and judgment on each of the six counts must be vacated and set aside where trial jurisdiction was lost when the U.S. Attorney resigned on June 28, 2009, leaving no one authorized by the President or the Secretary of the Treasury, or confirmed by the Senate under 28 U.S.C § 541 to prosecute me on tax, or tax related offenses, under 28 U.S.C § 547(i)"
Doc 472, pg 12

The facts are simply that Congress only authorized the Secretary of the Treasury to personally enforce all tax laws under Title 26. Congress only authorized a U.S. Attorney to prosecute criminal offenses at 28 U.S.C § 547 (i). David O'Meilia resigned his Senate confirmed office on June 28, 2009 out of the Northern Judicial District of Oklahoma. No U.S. Attorney under 28 U.S.C § 541 existed from June 28, 2009 until Summer, 2012. See Doc 472, pg 12.

2.

Petitioner filed a declaration and memorandum in support of Petitioner's Application that the Clerk's office served on the United States attorney alleging:

> "86. After June 28, 2009, Mr. O'Reilly and Snoke signed their name under a person named 'Scott Woodward' with the term 'acting' proceeding his name, which based upon certain information and belief, Mr. Woodward was not 'acting' under any Statute or Regulation. See <u>Doc</u> 292; See also Exhibit 8."

<u>Doc</u> 474, pg 11

Exhibit 8 attached to Petitioner's Declaration, <u>Doc</u> 474, is properly described as an Article from the Tulsa World Newspaper that states on Thursday Night (8.2.12) the U.S. Senate:

> "confirmed the nomination of Danny Williams as the <u>new</u> <u>U.S. attorney</u> for the Tulsa-based Northern District of Oklahoma."

This article continues:

> "Scott Woodward has been serving in the role of top Federal prosecutor in the district since former U.S. Attorney David O'Meilia <u>left office more than three years ago</u>."

Petitioner alleges at length that his conviction, sentence, and judgment were entered without jurisdiction because the court lacked a proper representative of the Government. See <u>Doc</u> 474, pg 65, 74; See also Petitioner's Memorandum at pg. 3. (no statutory authority to prosecute through "Acting" United States attorney); pg 4 ("Mr. Woodward was not a U.S. Attorney pursuant to 28 U.S.C. §§ 541, 547(d),")("Mr. Woodward could not be an 'acting' U.S. Attorney without a U.S. Attorney to authorize him to so act...")

Former Government Attorney Kenneth P. Snoke directed Judge Friot, as Petitioner alleges:

> "on January 27, 2010, Kenneth P. Snoke signed <u>Doc</u> 292 which stated that: on January 21, 2010 Thomas Scott Woodward was sworn in as the Attorney General's appointed United States Attorney for the Northern District of Oklahoma."

<u>Doc</u> 292, (n.1); cited in <u>Doc</u> 507

Even if Woodward became a U.S. Attorney for 120 days as of January 21, 2010, pursuant to 28 U.S.C § 546(c)(2), and the evidence shows that is false, O'Reilly continued to refer to Mr. Woodward as of August 30, 2010, Doc 419 and Feb. 18, 2011, Doc 441, as United States attorney for the Northern District of Oklahoma. even though the 120 days expired on May 20, 2010

There is only three (3) possible statutes Congress authorized a Government lawyer to represent the United States of America in a criminal prosecution, 28 U.S.C §§ 541, 546(c)(2), and 546(d).

28 U.S.C. § 541 entitled "United States attorneys" and states:

"(a). The President shall appoint, by and with the advice and consent of the Senate, a United States attorney for each Judicial district."

28 U.S.C § 546(a) entitled "Vacancies" states:

"Except as provided in subsection (b), the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant."

28 U.S.C § 546(c) provides a person appointed by the Attorney General as United States attorney under section 546 is authorized to serve until the earlier of:

"(1) The qualification of a United States attorney for such district appointed by the President under Section 541 of this title; or
(2) The expiration of 120 days after appointment by the Attorney General under this section."

28 U.S.C § 546(d) states:

"If an appointment expires under subsection (c)(2) of this section, the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The order of appointment by the Court shall be filed with the Clerk of Court."

None of these three statutes creates an "Acting" United States attorney, leaving Petitioner's prosecution invalid.

4.

## A. Docket 518 is signed by Charles A. O'Reilly

The preliminary response, Doc 518, is only signed by Charles A. O'Reilly. Mr. O'Reilly is the subject of many grounds raised by Petitioner, including Ground Two.

The indictment, and all filings by the Party "United States of America" between March 10, 2009 and June 28, 2009 present O'Reilly as a Trial Attorney with the Tax Division.

After June 28, 2009, O'Reilly switched to "Special Assistant United States Attorney." See Doc. 104, 138, 292. Both Snoke and Woodward's statutory authority purportedly is at 28 U.S.C § 542.

28 U.S.C § 542 states:

"Assistant United States attorneys, - (a) The Attorney General may appoint one or more assistants United States attorneys in any district where the public interest so requires."

O'Reilly is purportedly a Special Assistant United States attorney which is only possible at 28 U.S.C § 543. 28 U.S.C § 543 states:

"Special attorneys - (a) The Attorney General may appoint attorneys to assist United States attorneys when the public interest so requires."

28 U.S.C § 547 (1) is entitled "Duties" and states:

"Except as otherwise provided by law, each United States attorney, within his district, shall--(1) prosecute for all offenses against the United States."

Neither §§ 542 or 543 authorize the United States of America be represented in a criminal prosecution without a United States attorney pursuant to 28 U.S.C §§ 541, 546(c)(2), and 546 (d).

Besides Doc 419, and 441, on May 3, 2013, O'Reilly signs a motion to strike, Doc 487, presenting Woodward once again as "Acting United States attorney." Doc 487 also suggests Snoke pulled a Brett Farve and unretired. See Doc 373, 374 Upon Petitioner moving for clarification, O'Reilly removed the reference. See Doc 495.

5

Docket 518 continues to present Charles A. O'Reilly as "Special Assistant United States Attorney" with the addition of Jeffrey Gallant as "Assistant U.S. Attorney" and Danny C. Williams Sr in print only. See Doc 518, pg 1.

Docket 518 is only signed by Charles A. O'Reilly. Mr. Gallant did file a motion for extension previous to Doc. 518. Gallant entered his appearance on September 9, 2010. See Doc. 421 naming Woodward as United States attorney.

Gallant, in seeking extension, Doc 516 pg 2, States:

"The sole Government Counsel familiar with the lengthy record in this case was assigned...[and] that Government Counsel focused on preparing for trial in that matter."

That Government Counsel is O'Reilly. O'Reilly is not a United States attorney pursuant to 28 U.S.C. §§ 541, 546(c)(a), or 546(d). There is no evidence O'Reilly is being supervised by Mr. Williams.

O'Reilly is the only signer on Doc 518.

B. Section 2255 and Rule 3(b) and 4(b) of the Rules Governing § 2255 Proceedings require response by United States attorney only.

Judge Frict has been emphatic that a § 2255 is a continuation of the criminal case and not a new civil case. See Doc 480 ("§ 2258 motion is a continuation of the criminal case whose judgment is under attack"); Doc 484, 496

28 U.S.C § 2255 (b) directs "notice to be served upon the United States attorney" of that district.

Rule 3(b) requires "delivery of the Application" by motion "on the United States attorney in that district."

Rule 4(b) directs "[I]F the motion is not dismissed, the Judge must order the United States attorney to file an answer, motion, or other response within a fixed time."

"[a] typewritten name...is not sufficient to satisfy Rule 11," White v. American Airlines 915 F.2d 1414, 1427

6

(10th Cir. 1990) Today, a signer places "/s/" before his electronic signature which Docket 518 only places "/s/" before O'Reilly's name.

When an "individual attorney signs frivolous pleading on behalf of his law firm, the name of which appears in the pleading in typewritten form, sanctions may be imposed only against the individual signer, not against the law firm generally." Id, citing <u>Pavelic & LaFlore v. Marvel Enter. Group</u>, 493 U.S. 120 (1989)

Congress established the office of United States attorney at 28 U.S.C § 541. "[T]he 'attorney for the government referred to in the statute is the United States [A]ttorney, appointed for each judicial district by the President pursuant to 28 U.S.C. § 541 within his district. 28 U.S.C. § 547." <u>Nichols v. Reno</u>, 931 F. Supp. 748, 750 [D.C. Colo. 1996)

"[T]he purpose of [2255]... was to expedite consideration of the prisoner's claims, not to delay or frustrate it." <u>Boumediene v. Bush</u> 171 L.Ed 2d 41, 83 (2008) "There is no higher duty of a Court..." <u>Harris v. Nelson</u>, 344 U.S. 286, 292 (1969).

O'Reilly signed Docket 518, presenting himself as the person Congress authorized as the representative of the United States of America in 13-CV-145 and 09-CR-043, only.

    (i) Having proper authorized representative goes to jurisdiction of Court.

"A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." <u>Citizens Concerned For Separation of Church and State v. City and County of Denver</u>, 628 F.2d 1289, 1301 (10th Cir. 1980); <u>Cook v. Rockwell Int'l Corp</u>, 618 F.3d 1127, 1135 (10th Cir. 2010) (n.4) "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." <u>Yellowbear v. Wyo. Attorney Gen.</u>

525 F.3d 921, 924 (10th Cir. 2008).

Few tenants of Federal jurisprudence are more firmly established than the principle that "Federal courts...are courts of a limited jurisdiction." Turner v. Bank of N. Am. 4 U.S. (4 Dall) 8, 8, 1 L. Ed 718, 4 Dall 8 (1799); See Mires v. U.S, 466 F.3d 1208, 1211 (10th Cir. 2008)

Inferior courts "possess only that power authorized by Constitution and statute..." Kokkonen v. Guardian Life Ins. Co. of Am. 511 U.S. 375, 377, 114 S. CT 1673, 128 L Ed 2d 391 (1994). "To ensure its Article III power is exercised properly, a Federal court must, in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction." Citizens, 628 F.2d at 1301.

"[S]o long as a case is pending, the issue of Federal jurisdiction may be raised at any stage of the proceeding either by the parties or by the Court on its own motion." Praire Band of Potowatomi Indians v. Pierce, 253 F.3d 1234, 1240 (10th Cir. 2001); Mires, 466 F.3d at 1211.

"Jurisdiction cannot be conferred upon a federal Court by consent, inaction, or stipulation." Basso v. Utah Power + Light Co, 495 F.2d 906, 909 (10th Cir. 1974)

"The First and Most Fundamental question is that of jurisdiction', both of this Court, and of the district court from which appeal is taken." Greats Fire Proof Hotel Co. v. Jones 177 U.S. 449, 453 (1990); Estate of Harshman v. Jackson Hole Mt. Resort Corp., 379 F.3d 1161, 1163 (10th Cir. 2004).

The Court's First duty "is to ensure sua sponte that we do not use the judicial power of the United States in a case to which the Constitution and laws of the United States have not extended that power." Mansfied C & L.M R. Co. v. Swan, 111 U.S. 379, 384 (1884)

"As Federal courts are courts of limited jurisdiction and require both Constitutional and Statutory authority in order to adjudicate a case...we are mindful of our duty to avoid deciding what we have no authority to decide." Steel Co. v. Citizens For a Better Env't, 523

U.S. 83, 94-95 (1998)

A court lacking jurisdiction cannot render judgment, but must dismiss the case at any stage at which it becomes apparent that jurisdiction is lacking. U.S. v. Siviglia, 686 F. 2d 832, 835 (10th Cir. 1981)

(a) Government representative must be authorized by statute.

Whatever is presented to proffer O'Reilly or Ballant as authorized to represent the United States of America in this § 2255 proceeding, such evidence will necessarily show Woodward, Snoke, O'Reilly, or Ballant, were not authorized to prosecute Petitioner between June 28, 2009 through August, 2012.

Petitioner contends O'Reilly is not authorized to represent the USA in either 13-CV-145 or 09-CR-043, and that O'Reilly's claims that he is, since at least June 28, 2009 were false then and continue to be false now.

"The seminal case giving rise to the doctrine which informs the issue tendered herein is United States v. Providence Journal Co. 485 U.S. 693, 99 L. Ed 2d 785, 108 S. Ct 1502 (1988)." U.S. v. Navarro, 959 F. Supp 1273, 1276 (E.D. Cal. 1997) rev'd on other grounds, 160 F.3d 1254, 1998 WL 869553 (9th Cir 1998).

"There, the Supreme Court held that where an attorney purportedly representing the United States is without authority to do so, we must dismiss the here to for granted Writ of Certiorari for want of jurisdiction." Id.

"Because only the United States Attorney, whether personally or through his assistants may appear in a criminal case, it would seem to follow that a criminal case prosecuted by an unauthorized attorney is non-cognizable." Id. at 1277.

"Indeed, a federal court cannot even assert jurisdiction

9

over a criminal case unless it is Filed and prosecuted by the <u>United States Attorney</u>, <u>or a</u> <u>properly</u> <u>appointed</u> <u>assistant.</u>" <u>U.S. v. Singleton</u>, 165 F.3d 1297, 1300 (10th Cir. 1999) citing <u>Providence Journal Co.</u>, 485 U.S. at 699.

"Since 'judicial jurisdiction implies the power to hear and determine a cause... <u>United States v. O'brady</u>, 89 U.S. 641, 647, 22 Wall 641, 22 L.Ed 772 (1875), in the absence of jurisdiction, a Court may neither hear nor dispose of a case." <u>Navarro</u> 959 F. Supp. at 1277.

"Because jurisdiction goes to the power of the Court to act, jurisdictional defects cannot be waived." <u>Navarro</u>, Id citing <u>American Fire & Casualty Co, v. Finn</u>, 341 U.S. 6, 17-18, 95 L.Ed 702, 71 S.CT 534 (1951).

"Therefore, the government's sovereign authority to prosecute and conduct a prosecution is vested solely in the United States attorney and his or her <u>properly</u> appointed assistants." <u>Singleton</u>, 165 F.3d at 1300.

"As with proceedings before the Supreme Court, the Congress has also limited those who may appear on behalf of the United States in subordinate Courts." <u>Navarro</u>, 959 F. Supp. at      ; See also <u>U.S. v. Durham</u>, 941 F.2d 886, 892 (4th Cir. 1991) (whether Special Assistant United States Attorney had been properly appointed went to jurisdiction of the district court); <u>Singleton</u>, 165 F.3d at 1300.

"Of course, it cannot be otherwise because the government of the United States is not capable of exercising its power on its own; the governments functions only through its officers and agents." Id.

"[W]here an attorney, acting essentially without supervision who is not authorized to represent the United States presents to the Grand Jury, or perhaps otherwise conducts all of the proceedings, <u>a jurisdictional</u> <u>defect</u> <u>is</u> <u>tendered</u> <u>and the</u> <u>proceedings</u> <u>are a</u> nullity." <u>Navarro</u>, 959 F. Supp. at 1277.

"[W]hen a statute prohibits an attorney purportedly representing the United States from doing so the defect cannot

be cured and is jurisdictional. Providence Journal supra."
Navarro, Id.

"For that reason, the district court, although having subject
matter jurisdiction of all offenses against the laws of the
United States, see 18 U.S.C § 3231, is under Providence Journal,
without jurisdiction over such a case." Navarro, Id; citing
Durham, 941 F.2d 886.

"Since a federal offense is defined as 'an offense against
the United States, see 18 U.S.C § 2, and the United States is
the named plaintiff in a criminal prosecution, it seems self-
evident that only the United States has standing to pursue
an affront to its criminal laws." U.S. v. Navarro, 972 F.
Supp. 1296, 1305 (E.D. Cal. 1997)

"It thus follows that where the prosecutor is not authorized
to represent the United States, the government has not
appeared, and since only the government may bring a
criminal suit asserting a violation of Federal law, the
case brought must be dismissed for lack of a party having
a case or controversy with the defendant, i.e. the court
without jurisdiction." Id.

"For the same reason, it follows that when an unauthorized
attorney purports to represent the United States, the United
States is not a party within the meaning of Article III, and
thus, once again, the court is without jurisdiction." Id.

"A Federal Court is without jurisdiction in a criminal
prosecution where the Government lacks an authorized repres-
entative." U.S. v. Bennett, 464 Fed Appx 183, 185 (4th Cir. 2012)
(unpublished)

"If the United States appears in a cause only through a
Special Assistant, who has no authority, then the United States
as a party may not be properly in court." U.S. v. Denton
307 F.2d 336, 338 (6th Cir. 1962)

"[T]he jurisdiction of the Federal Court is carefully guarded
against expansion by judicial interpretation..." Stoneridge
v. Scientific - Atlantic, 169 L Ed 2d 627, 642 (2008), and
conflicts with the authority of Congress under Article III

11

to set the limits in a criminal proceeding.

The limits in a criminal proceeding, continuing or otherwise, as to who stands before the Judge on behalf of the United States of America is the United States attorney in office pursuant to 28 U.S.C §§ 541, 546(c)(2), or 546(d), and Mr. O'Reilly is not authorized under any of these statutes. See again § 2255(b) and Rule 3(b) and 4(b) of the rules Governing § 2255 proceedings above.

Doc. 518 is not signed by Danny C. Williams Sr. nor is there any evidence he has any knowledge of the issues presented in Petitioners § 2255 application. Equally, there is no evidence in this Court that since June 28, 2009, O'Reilly has been appointed Special Assistant in 09-CR-043 or 13-CV-145 pursuant to 28 U.S.C § 543, nor could there be without a United States attorney to assist.

The evidence is overwhelming O'Reilly, Snoke, and Woodward in this continuation of a criminal case have never been authorized to represent the United States of America in the criminal prosecution of Petitioner after June 28, 2009.

O'Reilly Falsely claimed his prosecutorial power was based on Woodward being United States attorney. O'Reilly has falsely claimed Woodward remained United States attorney in the Northern District of Oklahoma From January 21, 2010, through at least the middle of 2011, and most recently identified Woodward back to Acting United States attorney on May 3, 2013, See Doc 487

This court, after receiving evidence and a hearing, must enter an order Finding Doc. 518 was not authorized by an authorized by Federal Statute representative of the Government, or to order Danny C. Williams Sr. to file a responsive answer to this issue explaining his supervisory role and O'Reilly's authority to represent the United States in this continuing criminal proceeding.

2. Docket 518 does not comply with the March 15, 2013 order.

This court directed the United States attorney to file a

12

a preliminary response:

"concisely list (with supporting record citations) those grounds for relief, if any which the government contends should be stricken or dismissed..."

Doc 478, pg 1.

The first step was to "identify those grounds for relief which the court need not, and should not address in these § 2255 proceedings. Doc 478, pg 1.

Petitioner has determined it impossible to understand the "table below", Doc 518, pg 5  O'Reilly decides to group into 20 categories the 76 grounds and then in each category he lists each "asserted ground(s) for relief," identifies a section entitled "Raised during trial" and "Raised on Appeal." Doc, 518, pg 6-7

Nothing concisely is listed and whatever the information postured in the "Raised" during trial or appeal sections cite, there is nothing that connects a "record citation" with each ground ("those grounds").

For instance, Petitioner and this court is told the issue in Ground 1, 2, 3, 4, 66, 73, 74 and 76 is found in Doc 51, 280, 281, 282, 283, 284." Each of the Twenty Categories follow this same procedure.

Petitioner has yet to be served with Doc 518 by the person certifying service and has only received Doc 518 through someone who just mailed it to Petitioner. Petitioner has received no attachments and there is no specific page numbers in any Docket entry that connects a ground to a supporting record citation.

This court directed Petitioner to "Reply to the governments preliminary response" not later than five months from the date the government's response is filed, Doc 478, pg 2, pertaining:

"only to the issues raised in the governments preliminary response."

Id

13

The only information reasonably gathered by the response is, except for Ground 49 and 61, See Doc. 518, pg 2, O'Reilly seeks to have the other 74 grounds struck except as appeal issues. Id.

Judge Frvot gave the United States attorney five months and 3 weeks and Petitioner cannot possibly understand how to reply in compliance with the March 15, 2013 order.

How can Petitioner rebut a position under Frady, Warner, and Richard, Doc 478, pg 2, if the Government does not connect a specific ground to a specific record citation? The table at Doc 518, pg 6-7 does not satisfy this Courts order.

This Court should, after hearing, determine Doc 518 is not responsive to this Courts Order dated March 15, 2013. Doc 478, pg 1-2.

3.  Docket 518 should be Struck.

First, Doc 518 is clearly not signed by an authorized representative of the Government, See infra (Section 1), according to any Federal Statute or the Constitution, and Second, Doc 518 is not in compliance to Judge Frvot's directive dated March 15, 2013. See infra (Section 2)

A person must have standing to represent the United States of America in this continuing criminal proceeding, which O'Reilly does not, and there is no evidence Ballart is authorized or aware of what O'Reilly is doing. Furthermore, there is no evidence Williams is aware, or supervising O'Reilly's responsive behavior. The only signer is O'Reilly.

Petitioner cannot possibly address O'Reilly's Table in connection to a ground and Record Citation.

This Court should Strike Docket 518 for being unresponsive, and confusing, regarding the United States attorney's duty to file a preliminary response as set forth in this Courts Order of March 15, 2013, Doc 478.

## Conclusion

Petitioner requests an order finding O'Reilly is not an authorized representative in a criminal proceeding, or a continuation of that proceeding, in either 09-CR-043 or now in 13-CV-145, since June 28, 2009 to present day, For mostly the same Reasons (the entry of Williams changes the issue slightly), that Docket 518 does not comply with this Courts March 15, 2013 Order, Doc. 478, pg 1-2, and therefore should be struck. I declare under penalty of perjury to the best of my knowledge and belief the facts alleged above are true and correct.

Respectfully Submitted

_Lindsey K Springer_

#02580-063
Federal Correctional Institution
P.O. Box 1500
El Reno, Oklahoma 73036

15

## Certificate of Service

I hereby certify that on October 3, 2013, I mailed Petitioner's Motion to Strike to the Clerk of Court, 333 W. Fourth Street, Tulsa, Oklahoma, 74103, First Class;
I further certify that all parties to this proceeding are ECF users and shall be served by the Court's ECF System;

United States of America
Danny G. Williams Sr.

Server

## Declaration of Mailing

I declare under penalty of perjury that I deposited the above Motion to Strike in the U.S Mail Box located inside FCI El Reno Federal Prison on October 3, 2013

Declarant

16