IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO MR. SPRINGER'S
MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY
ON UNITED STATES ATTORNEY(DOCKET NUMBER 523)**

The United States of America, by and through its attorneys, Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, and Jeffrey A. Gallant, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Mr. Springer's Motion for Leave to Conduct Discovery on United States Attorney (Docket No. 523). Mr. Springer articulates no legitimate basis for his request. Instead, Mr. Springer ask the Court to authorize a fishing expedition with respect to Mr. Springer's oft repeated and rejected assertion that the Government could not prosecute Mr. Springer because there was no United States Attorney for the Northern District of Oklahoma, and his similar claim that Assistant U.S. Attorneys Kenneth P. Snoke (now retired) and Jeffery A. Gallant, and Special Assistant

U.S. Attorney Charles A. O'Reilly were not authorized to represent the United States. Mr. Springer raised this spurious claim in the underlying case (*See United States v. Springer et al*, doc. nos. 288 and 493), and made brief references to this assertion on appeal (*See United States v. Springer*, Appellant Springer's Opening Brief at pages 5 and 53). Thus, Mr. Springer's claims are barred by issue preclusion. *See United States v. Galloway*, 56 F.3d 1239, 1242-43 (10th Cir. 1995). To the extent Mr. Springer failed to assert these claims in the underlying proceedings, he is procedurally barred from raising them in habeas review. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004). Mr. Springer's attempt to relitigate the validity of the appointment of the United States Attorney warrants neither discovery nor the appointment of counsel; there is no constitutional right to counsel in mounting collateral attacks on a defendant's conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

    Finally, in support of his motion Mr. Springer cites *United States v. Navarro*, 959 F. Supp. 1273, 1277 (E.D.CA 1997)[1] in which a District Court set aside the conviction and dismissed the indictment when it determined that a Deputy District Attorney for the County of Sacramento, California had worked for many years as a Special Assistant United States Attorney in the Eastern District of California in violation of the Intergovernmental Personnel Act that limited such appointments to four years. Mr. Springer neglects to mention that the Ninth Circuit reversed the district court's

---

[1] Mr. Springer's Motion for Leave to Conduct Limited Discovery on United States Attorney, doc. no. 524 at 2 and 3.

decision and reinstated Navarro's conviction, stating that "[t]he Attorney General can still appoint SAUSAs for more than the four-year limit imposed by § 3372. The district court erred when it held to the contrary." *United States v. Navarro*, 160 F.3d 1254, 1258 (9th Cir. 1998).

For the foregoing reasons, this Court should deny Mr. Springer's requests for limited discovery and for the appointment of counsel.

DATED:     24 October 2013

                                            Respectfully submitted,

                                            DANNY C. WILLIAMS, SR.
                                            UNITED STATES ATTORNEY

                                            */s/ Charles A. O'Reilly*
                                            CHARLES A. O'REILLY, CBA NO. 160980
                                            Special Assistant United States Attorney
                                            110 West Seventh Street, Suite 300
                                            Tulsa, Oklahoma 74119
                                            (918) 382-2700

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 24th day of October 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and also served the foregoing document by United States Postal Mail, to:

Lindsey Kent Springer
Defendant
FCI El Reno
Federal Correctional Institution
P.O. Box 1500
El Reno, OK 73036
Inmate Number 02580-063.

                */s/ Charles A. O'Reilly*
                Charles A. O'Reilly
                Special Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No.    09-CR-043-SPF |
| ) | |
| LINDSEY KENT SPRINGER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Lindsey Kent Springer's Motion to Strike (Docket No. 522) is denied.


DATED  _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE