

Dear Clerk of Court    re: 13-CV-145 (09-CR-043)

I mailed on January 27, 2014, my motion to file an overlength reply. As of February 7, 2014 I have received no order granting my motion. LCvR 7.2 requires such motion be filed 1 day before the reply is due. Out of an abundance of caution I am providing you a copy of that motion I mailed on January 27, 2014 in case you did not receive my motion. My Reply brief is due on February 10, 2014.

Thank You

Lindsey K Springer  2/7/14

RECEIVED
FEB 13 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

Declaration of Mailing

I declare under penalty of perjury that I deposited the above letter and a courtesy copy of my January 27, 2014 Motion to File overlength brief in the U.S. Mailbox located in FSL LaTuna on February 7, 2014

Lindsey K Springer
declarant

__/Mail    __No Cert Svc    __No Orig Sign
__C/J    __C/MJ    __C/Ret'd    __No Env
__No Cpys    _/No Env/Cpys    __O/J    __O/MJ

In The United States District Court
For The Northern District of Oklahoma

Lindsey Kent Springer
Petitioner/Movant

v.

United States of America
Respondent

Case No 13-CV-145
(formerly 09-CR-043)

Motion For Leave To File
Overlength Reply

Lindsey Kent Springer ("Petitioner") moves this Court For Leave to file an overlength reply to Respondents Preliminary Response.

Respondent's Preliminary Respose is 10 pages accompanied by a 53 page attachment, Doc. 518. This Court's order dated March 15, 2013 directed attention to local rules regarding 25 page limitations. Doc 478, pg 3.

Although the procedure seems confusing to Petitioner, the court's recent order did assist Petitioner in reducing his reply dramatically.

What causes the need to exceed the page limitation is where, on the one hand Respondent argues an issue was raised in the district court, or in the Appellate court, but then also asserts by use of the term "yes" or "no" whether the issue they argue was so raised "could have been raised." Doc 518, pg 2 and

1

all 53 attachment pages.

Where Respondent argues an issue could have been raised, after either claiming the issue was raised, or on an issue Petitioner alleged could not have been raised previously, requires Petitioner to identify why the ground could not have been raised, or in most issues, how Respondent fails to allege any issue in any ground was ever resolved either in the district court or on direct appeal.

"When an issue should have been raised on direct appeal, the defendant ordinarily can raise the issue in a § 2255 motion only if the defendant raised it on direct appeal but the appellate court failed to address it." U.S. v. Goodlett, 403 Fed Appx. 311, 313 (10th Cir. 2010)(unpublished); citing U.S. v. Cook, 997 F 2d 1312, 1318 and (n.6)(10th Cir. 1993). See also Kaufman v. U.S., 394 U.S. 217, 227 (n.8)(1969).

The conflicting arguments cause Petitioner to spend Reply length refuting each. Prior to this Court's recent order Petitioner had accumilated approximately a 200 page Reply. After this Court's order, if Petitioner understands it correctly, Petitioner's Reply is 60 pages and only addresses the issues raised by Respondent in his Preliminary Response. In order to show why an issue could not have been raised, for instance, does require some discussion of the merits but not the level that Step Two will require.

2

Petitioner requests this Court issue an order granting leave to file his reply brief to include 60 pages.

## Conclusion

Petitioner respectfully requests this Court issue an Order allowing Petitioner's Reply include 60 pages.

Respectfully Submitted

1, 27, 14
dated

*Lindsey K Springer*
Reg # 02580-063
Federal Satellite Low La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

## Certificate of Service

I hereby Certify that on January 27, 2014, I mailed by First Class Mail the above Motion to the Clerk of Court, 333 West Fourth St. Tulsa, Oklahoma 74103.

I further Certify that all Parties are registered ECF users and shall receive service through the ECF System.

Danny C. Williams Sr.
Charles A O'Reilly
Jeffrey Gallant

*Lindsey K Springer*
Server

## Declaration of Mailing

I declare under penalty of perjury that on January 27, 2014, I deposited the above motion in the U.S. Mailbox located inside FSL La Tuna.

*Lindsey K Springer*
declarant

3

