

In The United States District Court
For The Northern District of Oklahoma

Lindsey Kent Springer,
          Petitioner/Movant

v.

United States of America,
          Respondent

Case No. 13-CV-145
(Formerly 09-c̶r̶-̶4̶3̶)

**FILED**

MAR 03 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## Motion To Disqualify

Lindsey Kent Springer ("Movant") moves the Honorable Stephen P. Friot ("Judge Friot") to disqualify himself from any further participation in the above styled case where such participation is in violation of Article I, § 8, cl.9, Article II, § 2, cl.2, Article III, § 1 and 28 U.S.C. § 292(b)

### Background

For many years the Chief Judge of the Tenth Circuit has issued annually an order designating or assigning all commissioned district judges in the Northern, Eastern, and Western Judicial Districts of Oklahoma, to the Judicial Districts not within their commission. For 1 year terms.

On March 10, 2009 Movant was indicted by a Grand Jury sitting within the territorial limits of the Northern Judicial District of Oklahoma.

The Northern Judicial District has Four District

1

✓ Mail    ___No Cert Svc    ___No Orig Sign
___C/J    ___C/MJ    ___C/Ret'd    ___No Env
___No Cpy's    ✓ No Env/Cpy's    ___O/J    ___O/MJ

Judge offices pursuant to 28 U.S.C. §§ 116(a), 132, 133(a), 137, and 451.

The Clerk of Court through random assignment assigned Honorable District Judge James H. Payne.

On March 18, 2009, prior to arraignment, Judge Payne recused himself.

The case sat without a Judge assigned for 12 days with no waiver to proceed before a Magistrate Judge.

A second hearing before the Magistrate occurred without a Northern District Article III Judge assigned.

After the Second hearing before a Magistrate, Honorable Former Chief Judge Claire V. Eagan assigned Honorable Judge Frizzell out of Oklahoma's Western District to preside as the Article III District Judge over the March 10, 2009 Northern District Indictment.

Movant moved for clarification of the authority of Judge Frizzell to hold a Northern District office and Judge Eagan's authority to assign him to 09-CR-043.

Respondent provided a document labeled "Misc 23" issued on December 30, 2008 by Former Chief Judge of the Tenth Circuit Honorable Robert H. Henry. Exh. __1__

This designation and assignment of all Article III District Judges for 1 year terms purports to be

2.

issued pursuant to 28 U.S.C § 292(b).

On January 28, 2010, and again on February 22, 2010, Judge Friot gave some limited insight in the record as to the reasons Judge Eagan chose him to hold a Northern District Article III District Judge office. Doc 293, 312

Judgment was entered on April 28, 2010.

Judgment was affirmed on Appeal on October 26, 2011.

The Supreme Court denied discretionary review on June 4, 2012.

On March 11, 2013 Movant timely filed application by Motion pursuant to 28 U.S.C § 2255 and Rules Governing Section 2255 Proceedings.

The Northern District Clerk of Court assigned civil case No. 13-CV-145 to the application and Judge Friot and a Magistrate Judge.

Movants application remains pending.

## Issues Presented

1. MISC 23 violates 28 U.S.C § 292(b).

2. Judge Friots appointment to the Northern District is not temporary as required by 28 U.S.C. § 292(b).

3. The Northern District neither had or has a District Judge office under Article III for Judge Friot to hold.

4. Judge Friot's appointment to the Northern District as an Article III District Judge for repeated 1 year terms is not a life time tenure required for the exercise of Article III Judicial Power.

5. Judge Friot presiding in 13-CV-145 and 09-CR-043 violates Article I, § 8, Cl. 9, Article II, § 2, Cl. 2, and Article III, § 1 and § 2.

6. 28 U.S.C. § 292(b) violates Article II, § 2, Cl. 2.

<u>Argument</u>

1. Misc 23 violates 28 U.S.C. § 292(b).

28 U.S.C. § 292(b) states:

"The chief judge of a Circuit may, in the public interest, designate and assign temporarily and district judge of the circuit to hold a district court in any district within the Circuit."

Misc 23 dated December 30, 2008 lists the term to "hold court in the districts listed opposite their names" from "January 1, 2009 through December 31, 2009 and for any time in advance to prepare for trial of cases, or as may be required to complete unfinished business." Exh. <u>1</u>, <u>1 of 2</u>

4

Black's Law Sixth Edition defines "designate" to mean:

> "to indicate, select, appoint, nominate, or set apart for a purpose or duty, as to designate an officer for a command,"

Black's Law defines "assign" to mean:

> "to transfer,... [T]o appoint, allot, select, or designate for a particular purpose, or duty..."

Black's Law defines "temporarily" to mean:

> "Lasting for a time only, existing or continuing for a limited time, not of long duration, not permanent, transitory, changing, but a short time."

Judge Friot has been repeatedly designated and assigned to 1 year terms by the sitting Chief Judge of the Tenth Circuit for many years to the Northern and Eastern Districts of Oklahoma.

Besides not being assigned specifically to 09-CR-043 or 13-CV-145, Misc 23 does not state what the public interest is.

There is nothing "temporary" about the Chief Judge, pursuant to 28 USC § 292(b), designating or assigning all district judges under Article III from their commissioned district to other districts for annual 1 year terms, repeatedly

Judge Friot has been holding a Northern District Article III office for almost five years in Mouat's case alone.

To the extent Misc 23 is relied upon to auth-

Once Judge Friot, pursuant to 28 U.S.C § 292(b), Misc 23 is in direct violation and contempt to 28 U.S.C § 292(b) as there is nothing temporary about the intent of the Former Chief Judges appointments. contained in MISC 23.

MISC 23 does not indicate any public interest, assigns no specific cases, and is anything but temporary.

2. Judge Friots appointment to the Northern District of Oklahoma is not temporary as required by § 292(b).

The Chief Judge of the Tenth Circuit has utilized 28 U.S.C § 292(b) For many years to re-designate and re-assign Article III district judges of one district in Oklahoma to the other two districts opposite their commission.

Each designation is for 1 year terms. Exh 1

Judge Friot has remained in 09-CR-043 and now 13-CV-145 For almost Five years as the Article III judge.

It is safe to conclude Judge Friot is using MISC 23 as a permanent appointment in the Northern District to hold office of an Article III district judge.

Judge Friot's appointment is not, nor has ever been, temporary.

6

Judge Friot's appointment is not temporary as is required by 28 U.S.C. § 292(b).

3. There is no Article III District Judge Office available for Judge Friot to hold.

28 U.S.C. § 116 establishes three Judicial Districts within "Oklahoma." These are the Northern, Eastern, and Western.

28 U.S.C. § 132 creates a district court in each of Oklahoma's Three Judicial Districts. <u>Nguyen v. U.S.</u> 539 U.S. 69, 74 (2003)

28 U.S.C. § 133(a) provides three Article III district judge offices for the Northern District of Oklahoma, Six for the Western District, and one for the Eastern District. Exh. <u>2, 2 of 3</u>

Section 133(a) also provides one Article III district judge office that includes all three of Oklahoma's Judicial Districts. Id.

Judge Payne holds that Article III office.

28 U.S.C. § 133(a) requires each Article III district judge be appointed by the sitting President and with the advice and consent of the U.S. Senate. Exh. <u>2, 1 of 3</u>

Judge Friot was never appointed by the President with advice and consent of the U.S Senate to

hold any Article III district judge office within the territorial limits Congress placed within the Northern District of Oklahoma.

As of December 30, 2008 there was no Article III district judge office in the Northern District of Oklahoma for Judge Friot to hold.

Judge Friot is not a Northern District judge within the meaning of 28 U.S.C § 137.

"Every other Court created by the general government derives its jurisdiction solely from the authority of Congress. That body may give, withheld, or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." Turner v. Bank of America, 4 Dall 8, 10 (1799). See also Lockerty v. Phillips, 319 U.S. 182, 187 (1943).

Judge Friot is not ever authorized to hold any Article III office in the Northern District of Oklahoma between December 30, 2008 through present day, simply due to there being no Article III district judge office under 28 U.S.C § 133(a) for him to hold.

4.  Judge Friot's appointment to the Northern District as an Article III District Judge for repeated 1 year terms is not a life time tenure required for the exercise of Article III Judicial Power.

8

There is a difference between "Statutory authority to enter judgment" and "Constitutional authority to do so." Stern v. Marshall. 564 U.S. —, 131 S.Ct —, 180 L.Ed 2d 474, 485 (2011)

The appointment of an Article III district judge is an appointment for life. U.S v. Quarles 350 U.S. 11, 16 (1955)

"As Federal Courts are courts of limited jurisdiction and require both constitutional and statutory authority in order to adjudicate a case," See Estate of Hershmen v. Jackson Hole Mt. Resort Corp. 379 F.3d 1161, 1164 (10th Cir. 2004), and such "[C]ourts created by statute can have no jurisdiction but such as the statute confers," Sheldon v. Sili, 494 U.S. (8 How.) 441, 449 (1850).

28 U.S.C § 134 is entitled Tenure and Residence of district judges and States:

"(a) The district judges shall hold office during good behavior."

28 U.S.C § 134(b) states:

"Each district judge ... shall reside in the district or one of the districts for which he is appointed."

28 U.S.C § 133 is entitled "Appointment and number of district judges" and States:

"(a) The President shall appoint, by and with the advice and consent of the Senate, district judges for the several judicial districts."

Judge Friot does not reside in the Northern District, Article III, § 1 states:

"The Judicial Power of the United States shall be vested ... in such inferior Courts as the Congress may from time to time ordain and establish. The Judges...of the ... inferior Courts, shall hold Offices during good Behaviour..."

Judge Friot was appointed to hold an Article III district judge office in Congress's "Oklahoma" in the Western District. See 28 U.S.C § 116 (c) which has six such offices. Exh. 2, 2 of 3

The office Judge Friot holds in the Northern District is not within his commission.

There is no Article III district judge office for Judge Friot to hold.

There is no Article III case or controversy identified in MISC 23. See <u>Mehdipour v. Okla. Court of Civil App. Div No. One</u>, 62 Fed App'x 203, 206 (10th Circuit 2003)(unpublished)(all Western District judges recused from Bivens action causing former Chief Judge Tacha to designate District of Kansas Judge Belot "to preside over the three district court actions.")

When a district judge is actually "sitting by designation" the phrase "sitting by designation" appears by his signature. See <u>U.S. v. Henderson</u>, 2010 U.S. Dist Lexis 110165 (N.D. OK) (Judge Black "sitting by designation.")

Not once has Judge Friot signed his name

10

Followed by the phrase "sitting by designation".

Although, Movant is not aware of what type of office Chief Judge Henry thought he had power to appoint, the attributes to such offices do not qualify under Article III.

Repeated annual 1 year terms, which Judge Frict recognized Misc. 23 was from January 1, 2009, through December 31, 2009, is not a tenure subject to good behaviour or life time.

All of Judge Frict's acts, including his judgment, and all orders in 13-CV-145 and 09-CR-043 are coram non judice. See Burnham v. Super. CT of Cal. 495 U.S 604, 608 (1990)

Judge Frict has no jurisdiction or Judicial Power under Article III to hold a district judge office in the Northern District of Oklahoma pursuant to 28 U.S.C §§133(a), 134(a) and 134(b), and any purported appointment, as Blacks Law Sixth Edition defines both "designate" and "assign" to mean, pursuant to Misc 23, is not a term for good behavior but in fact is a 1 year term that the Chief Judges of the Tenth Circuit have been renewing every year for many years.

5. Judge Frict presiding in 13-CV-145 and 09-CR-043 violates Article I, § 8, CL 9, Article II, § 2, CL 2 and Article III, § 1 and § 2.

Article I, § 8, cl. 9 enumerates only to Congress the power to establish tribunals inferior to the Supreme Court.

Article II, § 2 Cl. 2, best known as the appointment clause, requires Article III Judges be appointed in the manner prescribing the President appoint, with advice and consent of the Senate. Nguyen, 539 U.S. at 74

Article III, § 1 requires inferior Courts be ordained and established, and "hold their offices during good Behaviour."

"Every other court created by the general government derives its jurisdiction solely from the authority of Congress." Turner, 4 Dall at 10

Congress has not vested in the lone Chief Judge of each Circuit to ordain and establish Article III inferior Courts in any Judicial District within that Chief Judge's Circuit.

28 U.S.C § 292(b) was at most intended to fill a vacancy but even that intent would violate Article II, § 2, Cl. 2.

Congress, not the Chief Judge of the Tenth Circuit, may constitute tribunals inferior to the Supreme Court. Judge Friot's continued presence in the Northern District of Oklahoma, and more specifically in 13-CV-145 and 09-CR-043, creates an

12

Article III district judge office in the Northern District of Oklahoma Congress did not ordain and establish, or intend, by enacting 28 U.S.C § 292(b), Judge Friot's Northern District of Oklahoma office violates Article I, § 8, Cl. 9.

28 U.S.C § 133(a) requires all of the Article III district judge offices be nominated by the President, and with advice and consent of the U.S. Senate. No President nominated Judge Friot, and the U.S. Senate gave no advice or consent for Judge Friot, to hold an Article III district judge office or seat in the Northern District of Oklahoma ever. Judge Friot's Northern District of Oklahoma office violates Article II, § 2, Cl. 2.

Article III, § 1 directs Congress ordain and establish Courts and offices inferior to the Supreme Court. 28 U.S.C § 292(b) does not authorize Former Chief Judge Henry, or any other Chief Judge to establish or create Article III inferior offices to the Supreme Court. Judge Friot's Northern District of Oklahoma office violates Article III, § 1

Judge Friot's holding Article III district court in the Northern District of Oklahoma violates Article I, § 8, Cl. 9, Article II, § 2, Cl. 2, and Article III, § 1,

13

e. 28 U.S.C § 292(b) violates Article II. § 2, Cl. 2.

The President has the power, with the advice and consent of the Senate, to appoint all Officers of the United States, whose Appointments are not herein (the Constitution) provided for, and which shall be established by Law. Edmond v. U.S. 520 U.S. 651, 659 (1997)

But Congress may by Law vest the appointment of such inferior officers in the President alone, in the Courts of Law, or in the Heads of Departments. Id.

28 U.S.C § 292 is used to appoint Judge Friot to an office that does not legally exist. The Chief Judge is not a head of an executive department or the President.

Congress did not provide the Courts of Law to appoint Article III district Judges. See 28 U.S.C §§ 132, 133, 134, 137, 451.

28 U.S.C § 292(b) was not intended to place in a single Circuit Judge the power to establish an Article III district Judge office (actually Ten in the Northern, Eastern and Western Districts along with Judge Payne's office) and the power to fill that office.

28 U.S.C § 292(b) is unconstitutional in violation of Article II, § 2, Cl. 2. Such meaning Judge Friot relies upon extends Congress's power beyond the boundaries fixed by the Constitution.

14

Conclusion

Movant respectfully requests Judge Friot recuse or disqualify himself in 13-CU-145 and 09-CR-043 for the reasons stated above and herein. that (1) MISC 23 violates 28 U.S.C § 292(b), (2) Judge Friots appointment is not temporary, as required by 28 USC § 292(b), (3) the Northern District neither had or has a District Judge office under Article III for Judge Friot to hold. (4) Judge Friot's appointment to the Northern District as an Article III District Judge for repeated 1 year terms is not a life time tenure required for the exercise of Article III Judicial power and jurisdiction, (5) Judge Friot presiding in 13-CU-145 and 09-CR-043 violates Article I, § 8, Cl. 9, Article II, § 2, Cl. 2, and Article III, § 1 and § 2, and (6) 28 U.S.C § 292(b) violates Article II, § 2, Cl. 2.

Respectfully

Lindsey K Springer
Reg # 02580-063
Federal Satellite Low - La Tuna
P. O. Box 6000
Anthony, New Mexico 88021

15

Certificate of Service

I hereby certify that on February 26, 2014 I mailed First Class the Motion to Disqualify to the Court Clerk, 333 W. Fourth St., Tulsa, Oklahoma, 74103.

I further certify that all parties are ECF users and shall receive service through the Courts ECF System:

Danny C. Williams, Sr.
Charles A. O'Reilly
Jeffrey A. Gallant.

_Lindsey K Springer_
Server

Declaration of Mailing

I declare under penalty of perjury pursuant to 28 U.S.C § 1746 (1), under the laws of the United States of America, that on February 26, 2014 I deposited the above Motion in the U.S. Mailbox located inside FSL LaTuna.

_Lindsey K Springer_
declarant

16

**DOCKETED**

**FILED**

DEC 30 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, NORTHERN DIST. OF OKLA.
BY_____ DEPUTY

## DESIGNATION OF DISTRICT JUDGES
## FOR SERVICE IN OTHER DISTRICTS
## WITHIN THE TENTH CIRCUIT

Misc # 23

Pursuant to the provisions of Title 28, United States Code § 292(b), I designate and assign the following United States District Judges in the Tenth Circuit to hold court in the districts listed opposite their names, from January 1, 2009, through December 31, 2009, and for any time in advance to prepare for the trial of cases, or as may be required to complete unfinished business:

James H. Payne – Western District of Oklahoma

Frank H. Seay – Northern and Western Districts of Oklahoma

Ronald A. White – Northern and Western Districts of Oklahoma

Claire V. Eagan – Eastern and Western Districts of Oklahoma

Gregory K. Frizzell – Eastern and Western Districts of Oklahoma

Terence C. Kern – Eastern and Western Districts of Oklahoma

Robin J. Cauthron – Eastern and Northern Districts of Oklahoma

Timothy D. DeGiusti – Eastern and Northern Districts of Oklahoma

Stephen P. Friot – Eastern and Northern Districts of Oklahoma

Joe Heaton – Eastern and Northern Districts of Oklahoma

Timothy Leonard – Eastern and Northern Districts of Oklahoma

Vicki Miles-LaGrange – Eastern and Northern Districts of Oklahoma

David L. Russell – Eastern and Northern Districts of Oklahoma

Exh. 1   1 of 2

ATTACHMENT "A"

Lee R. West – Eastern and Northern Districts of Oklahoma

Copies of this designation shall be furnished to the designee Judge and Chief Judges and Clerks of the respective Districts.

12 - 30 - 2008
Date

Robert H. Henry, Chief Judge
United States Court of Appeals for
the Tenth Circuit

Exh. 1   2 of 2

ATTACHMENT "A"

§ 133.  Appointment and number of district judges

(a) The President shall appoint, by and with the advice and consent of the Senate, district judges
for the several judicial districts, as follows:

```
Districts
Judges
Alabama:
    Northern...............................................    7
    Middle.................................................    3
    Southern...............................................    3
Alaska ....................................................    3
Arizona ...................................................   12
Arkansas:
    Eastern ...............................................    5
    Western ...............................................    3
California:
    Northern ..............................................   14
    Eastern ...............................................    6
    Central................................................   27
    Southern ..............................................    8
Colorado ..................................................    7
Connecticut ..............................................       8
Delaware .................................................       4
District of Columbia .....................................      15
Florida:
    Northern...............................................    4
    Middle.................................................   15
    Southern...............................................   17
Georgia:
    Northern...............................................   11
    Middle.................................................    4
    Southern...............................................    3
Hawaii....................................................       3
Idaho.....................................................       2
Illinois:
    Northern...............................................   22
    Central................................................    4
    Southern...............................................    4
Indiana:
    Northern...............................................    5
    Southern...............................................    5
Iowa:
    Northern...............................................    2
    Southern...............................................    3
Kansas....................................................       5
Kentucky:
    Eastern................................................    5
    Western................................................    4
    Eastern and Western....................................    1
Louisiana:
```

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exh. 2   1 of 3

02580063

```
    Eastern.......................................  12
    Middle........................................   3
    Western.......................................   7
Maine.............................................       3
Maryland..........................................      10
Massachusetts.....................................      13
Michigan:
    Eastern.......................................  15
    Western.......................................   4
Minnesota.........................................       7
Mississippi:
    Northern......................................   3
    Southern......................................   6
Missouri:
    Eastern.......................................   6
    Western.......................................   5
    Eastern and Western...........................   2
Montana...........................................       3
Nebraska..........................................       3
Nevada............................................       7
New Hampshire.....................................       3
New Jersey........................................      17
New Mexico........................................       6
New York:
    Northern......................................   5
    Southern......................................  28
    Eastern.......................................  15
    Western.......................................   4
North Carolina:
    Eastern.......................................   4
    Middle........................................   4
    Western.......................................   3
North Dakota......................................       2
Ohio:
    Northern......................................  11
    Southern......................................   8
```

**Oklahoma:**
 **Northern.......................................   3**
 **Eastern........................................   1**
 **Western........................................   6**
 **Northern, Eastern, and Western.................   1**

```
Oregon............................................       6
Pennsylvania:
    Eastern.......................................  22
    Middle........................................   6
    Western.......................................  10
Puerto Rico.......................................       7
Rhode Island......................................       3
South Carolina....................................      10
South Dakota......................................       3
Tennessee:
    Eastern.......................................   5
```

USCS                               2

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exh. 2    2 of 3

02580063

```
Middle.............................................     4
Western............................................     5
Texas:
Northern...........................................    12
Southern...........................................    19
Eastern............................................     7
Western............................................    11
Utah...............................................        5
Vermont............................................        2
Virginia:
Eastern............................................    11
Western............................................     4
Washington:
Eastern............................................     4
Western............................................     7
West Virginia:
Northern...........................................     3
Southern...........................................     5
Wisconsin:
Eastern............................................     5
Western............................................     2
Wyoming............................................        3
```

(b) (1) In any case in which a judge of the United States (other than a senior judge) assumes the duties of a full-time office of Federal judicial administration, the President shall appoint, by and with the advice and consent of the Senate, an additional judge for the court on which such judge serves. If the judge who assumes the duties of such full-time office leaves that office and resumes the duties as an active judge of the court, then the President shall not appoint a judge to fill the first vacancy which occurs thereafter in that court.

(2) For purposes of paragraph (1), the term "office of Federal judicial administration" means a position as Director of the Federal Judicial Center, Director of the Administrative Office of the United States Courts, or Counselor to the Chief Justice.

(June 25, 1948, ch 646, 62 Stat. 895; Aug. 3, 1949, ch 387, § 2(a), 63 Stat. 493; Aug. 14, 1950, ch 708, 64 Stat. 443; Aug. 29, 1950, ch 819, § 1, 64 Stat. 562; Sept. 5, 1950, ch 848, § 1, 64 Stat. 578; Feb. 10, 1954, ch 6, § 2(a)(3), 68 Stat. 9; Sept. 7, 1957, P. L. 85-310, 71 Stat. 631; July 7, 1958, P. L. 85-508, § 12(c), 72 Stat. 348; March 18, 1959, P. L. 86-3, § 9(b), 73 Stat. 8; May 19, 1961, P. L. 87-36, § 2(d), 75 Stat. 81; July 30, 1962, P. L. 87-562, § 3, 76 Stat. 248; Oct. 7, 1965, P. L. 89-242, § 1(c), 79 Stat. 951; March 18, 1966, P. L. 89-372, § 4, 80 Stat. 77; June 2, 1970, P. L. 91-272, § 1(d), 84 Stat. 295; Dec. 18, 1971, P. L. 92-208, § 3(d), 85 Stat. 742; Oct. 2, 1978, P. L. 95-408, § 4(b)(2), 92 Stat. 885; Oct. 20, 1978, P. L. 95-486, § 1(c), 92 Stat. 1630; Jan. 14, 1983, P.L. 97-471, § 3, 96 Stat. 2601; July 10, 1984, P. L. 98-353, Title II, § 202(e), 98 Stat. 348; Dec. 1, 1990, P. L. 101-650, Title II, § 203(d), Title III, § 303, 104 Stat. 5101, 5105; Oct. 6, 1997, P. L. 105-53, § 4, 111 Stat. 1174; Nov. 29, 1999, P. L. 106-113, Div B, § 1000(a)(1), 113 Stat. 1535; Dec. 21, 2000, P. L. 106-553, § 1(a)(2), 114 Stat. 2762; Nov. 2, 2002, P. L. 107-273, Div A, Title III, § 312(a)(2), (b)(2), 116 Stat. 1786, 1787; Oct. 13, 2008, P. L. 110-402, § 1(b)(1), 122 Stat. 4254.)

USCS                                3

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exh. 2    3 of 3

02580063



Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

Postmarked 2/27/14 ⇔ LR
⇔02580-063⇔
Clerk Of Court
N.D. Okla.
333 W 4TH ST
Tulsa, OK 74103
United States

**RECEIVED**

MAR 03 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

POSTAGE DUE $.14¢

09-CR-143