In The United States District Court
For The Northern District - of Oklahoma

United States of America
           Plaintiff,

V.                                    Case No. 09-CR-043

Lindsey Kent Springer,
           Defendant.

**FILED**

**MAR 19 2014**

**Phil Lombardi, Clerk**
**U.S. DISTRICT COURT**

           Motion To Return Property

By, Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico
88021.

√ Mail      ___ No Cert Svc    ___ No Orig Sign
___ C/J    ___ C/MJ    ___ C/Ret'd    ___ No Env
___ No Cpy's    √ No Env/Cpy's    ___ O/J    ___ O/MJ

MTRP

# Table of Contents

Table of Authorities

Motion To Return Property ........................................... 1

Background ........................................................... 1

1. Shem had no capacity as a "Federal law enforcement officer" under FRCr. P Rule 41(a)(2)(C), 41(b), 28 CFR §§ 60.1 and 60.2, to request and serve a search warrant regarding Movant, Title 26, or Title 26 related violations, for Calendar years 2000 through 2004, after June 3, 2005. ........................................ 6

   A. Rule 41(b) requires any request to a Magistrate Judge for a search warrant be "of a Federal law enforcement officer." ....................................... 6

      (i) Authority of Internal Revenue officer ...................................... 7

      (ii) Prior to June 3, 2005 Shem may have been authorized to request and serve a search warrant regarding Movant ................................. 8

      (iii) After June 3, 2005 the Secretary of the Treasury, and his criminal investigators, lose Title 26 authority to enforce Title 26, including to request and serve a search warrant involving Title 26, and Title 26 related violations pursuant to 26 U.S.C. § 7608(b). ...................... 10

2. Magistrate Judge McCarthy had no authority pursuant to FRCr. P Rule 41 to issue the September 15, 2005 Search Warrant to Shem for him or the other Ten Individuals to serve upon Movant's home pursuant to 26 USC § 7608(b) ..................... 13

3. Magistrate Judge McCarthy had no jurisdiction to issue a search warrant to Shem on September 15, 2005 knowing Nelson had been authorized to conduct a grand jury investigation as of June 3, 2005. ......... 14

-i-

MTRP

Table of Contents (cont'd)

4. FRCrP Rule 41(b) is unconstitutional in violation of Article III, §§ 1 and 2, and the Tenth Amendment.  15

5. FRCrP Rule 41(b), as applied, is unconstitutional, in violation of Article III, §§ 1 and 2 and the Tenth Amendment.  16

6. Movant's home was not within the exclusive territorial jurisdiction of the United States.  17

7. All property must be returned to Movant including all copies, not yet returned.

Conclusion

Addendum

Exhibit 1 - Search Warrant

Exhibit 2 - Springer Declaration

Exhibit 3 - Inventory List

Exhibit 4 - Nelson Response

Exhibit 5 - McCarthy's Orders

Exhibit 6 - $17,000 Check

Exhibit 7 - Waiver From IRS

Exhibit 8 - Shern Declaration

Exhibit 9 - Nelson Declaration

Exhibit 10 - First 9 pages of Indictment

Exhibit 11 - Lacenski Letter

Exhibit 12 - O'Connor Letter

Exhibit 13 - Warranty deed

-ii-

MTRP

# Table of Contents

Bedaracco v. CIR, 464 U.S. 386, 399 (1984)          10

Bender v. Williamsport Area Sch., 475 U.S.

534, 541 (1986)

Chafin v. Chafin, 185 L Ed 2d 1, 10 (2013)          14

Cook v. Grahke, 531 U.S. 510, 519 (2001)          15

Linda Thompson, et al v. Resolution Trust Co. 5

F. 3d 1508, 1518 (D.C. Cir. 1993)

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), 14

Mapp v. Ohio, 367 U.S. 643 (1961)          18

New York v. U.S., 505 U.S. 144 (1992)          16

Nguyen v. U.S, 539 U.S. 69, 74 (2003)          16

Sac & Fox Nation v. Cuomo, 193 F.3d 1162, 1168

(10th Cir. 1999)          14

SEC v. Dressler, 628 F. 2d 1368, 1378 (D.C. Cir. 1980)

(en banc)          9, 12

Springer v. Albin, et al, 398 Fed Appx 427 (10th

Cir. 2010)          5

Springer v U.S., 447 F. Supp 2d 1235, 1238 (N.D.

OK 2006)          8

Steel Co. v Citizens For Better Env't, 523 U.S.

83, 93 (1985)          14

U.S. v. Anaya, 815 F. 2d 1373, 1377 (10th Cir. 1990) 10

U.S. v. Cedes, 747 F.2d 491, 494 (8th Cir. 1984)   12

MTRP

## Table of Contents (cont'd)

Stirone v. U.S., 361 U.S. 212, 218 (1960)                    11

U.S. v. Claiburn, 765 F. 2d 784, 795 (1st Cir. 1988)  12

U.S. v. Erikson, 561 F. 3d 1150, 1159 (10th Cir. 2009)  11

U.S. v. Kilpatrick, 594 F. Supp. 1324, 1328-29 (D.C.
Colo. 1984)                                                              11

U.S. v. Kilpatrick, 575 F. Supp. 325, 336 (D.C. Colo.
(1983)                                                                      11

U.S. v. Krauth, 769 F. 2d 473, 477 (n.3)(8th Cir. 1985)  12

U.S. v. LaSalle, 437 U.S. 298 (1978)            8, 10, 12, 14

U.S. v. Makenzie, 777 F. 2d 811 (2nd Cir 1984)      10

U.S. v. Springer  09-CR-043                                5

U.S. v. Springer 444 Fed Appx 256 (10th Cir. 2011) 9, 14

U.S. v. Williams, 504 U.S. 36, 47 (1992)              11

## Statutes Involved

18 U.S.C § 3102                                              15, 16

26 U.S.C §  7201                                                  8

          §  7203                                                  8

          §  7212                                                  8

          §  7602                                                9, 11

          §  7608                       4, 7, 10, 12, 13, 18

28 U.S.C § 133(a)                                              15

          § 631                                              16, 17

MTRP

## Regulations

26 CFR §§ 301.7602                                          9, 11

28 CFR § 60.1                          6, 8, 12, 13, 18

      § 60.2(a)                   6, 7, 12, 13, 18

      § 60.2(b)                   6, 7, 12, 13, 18

## Constitution

Article III, § 1                      5, 15, 16, 17, 18

       § 2                       5, 15, 16, 17, 18

Fourth Amendment                                        18

Fifth Amendment                                         18

Tenth Amendment                          15, 16, 17

## Rules

FRCrP 41                                    8, 13

    41(a)(2)(C)                   6, 12, 13, 18

    41(b)                   6, 7, 12, 13, 15, 16, 17

    41(g)                                    1, 15

MTRP

In The United States District Court
For The Northern District of Oklahoma

United States of America,

     Plaintiff,

v.                    Case No. 09-CR-043

Lindsey Kent Springer,

     Defendant.

## Motion To Return Property

Lindsey K. Springer ("Movant") moves the district court For and order pursuant to Federal Rules of Criminal Procedure ("FRCrP") Rule 41(g) directing the return of all property taken on September 16, 2005, pursuant to the September 15, 2005 search warrant issued by Magistrate Judge Frank H. McCarthy to Brian Shern, based upon a finding the search warrant was unlawful, the search and seizure was unlawful, and the deprivation of property was unlawful.

## Background

On or about April 26, 2005 Brian Shern ("Shern") was purportedly assigned to pursue an Internal Revenue Service Criminal Investigation of Movant. See Exhibit 8, pg2, attached to the Declaration of Lindsey K. Springer accompanying this Motion ("Springer's Declaration")

Shern, as of April 26, 2005, was working with United States attorney David E. O'Meilia ("O'Meilia") and his Assistant United States Attorney Melody Noble Nelson ("Nelson") to obtain a grand jury referral From The Secretary of the Treasury.

1

MTRP

On June 3, 2005 Michael D. Lacenski ("Lacenski"), after reviewing material provided him by Nelson, issued a grand jury referral regarding Mouant for Title 26, or Title 26 related violations for Calender and Tax years 2000 through 2004. See Exhibit 11, pg. 1 attached to Springer Declaration.

The June 3, 2005 letter is addressed to Assistant Attorney General Eileen J. O'Connor ("O'Connor"). Id.

On June 10, 2005 O'Connor directed O'Meilaa he was authorized to pursue a grand jury investigation of Mouant for the years listed in the June 3, 2005 Lacenski letter. See Exhibit 12, pg attached to Springer Declaration.

On September 15, 2005 Nelson and Shern sought a Search Warrant from Magistrate Judge McCarthy to expand the discovery tools available to Nelson involving the grand jury investigation into Title 26, or Title 26 related provisions of Mouant for Calender and Tax Years 2000 through 2004. See Exhibit 9, pg 2-3, Exhibit 4, pg 2 ("this search warrant was issued only after an ex parte application by the Government and in Camera consideration by this Court.") attached to Springer's Declaration.

Shern declared he presented the application and an affidavit to Magistrate Judge McCarthy, See Exhibit 8, pg. 2 attached to Springer's Declaration, whereas Nelson declared She "presented the search warrant and the

2

MTRP

supporting declaration of Special Agent Brian M. Shern to United States Magistrate Judge Frank H. McCarthy..." See Exhibit 9, pg 2-3 attached to Springer's Declaration.

On September 15, 2005 Magistrate Judge McCarthy issued Bhern a search warrant to search Movant's home for "items which constitute evidence of violations of Title 26, United States Code Sections 7201 and 7203,..." See Exhibit 1, pg 7 attached to Springer's Declaration.

On September 16, 2005 Shern, Jason White ("White"), Christopher D. Albin ("Albin"), Donald A. Anderson ("Anderson"), Marc C. Collins ("Collins"), Kathy L. Beckner ("Beckner"), Donald G. Shoemaker ("Shoemaker"), William R. Taylor ("Taylor"), Scott A. Wells ("Wells"), Diana S. Megli ("Megli"), and Loy Dean Smith ("Smith") (hereinafter referred to collectively as ("Shern and the Ten individuals"), served and executed Shern's September 15, 2005 Search Warrant issued by Magistrate Judge McCarthy. See Exhibit 8, pg 2 to Springer's Declaration.

A 3-page Inventory list of what was seized was issued and verified in the presence of Movant and at least one other individual at the conclusion of the search. Springer Declaration at pg 2; see also Exhibit 3 attached to Springer's Declaration.

Shern returned vehicle Titles and $17,000 of the $19,000 he verified was seized from Movant. See Exhibit 8, pg 4 attached to Springer's Declaration.

Movant filed a Bivens action against Nelson,

3

MTRP

Douglas Horn ("Horn"), Shern and the Ten other individuals, in the Northern District of Oklahoma styled Springer v. Horn, et al, 06-CV-156 in February, 2006 over the admitted theft of $2000. Springer Declaration at pq 3

In 06-CV-156, Nelson and Horn claimed prosecutorial immunity, and Shern and the Ten other individuals claimed qualified immunity. Springer Declaration at pq 3

Nelson Declared in 06-CV-156:

> "While I was an Assistant United States Attorney For the Northern District of Oklahoma, I was assigned to a case involving an investigation by the Internal Revenue Service into the activities of ... Lindsey K. Springer, For alleged violations of Title 26, United States Code (including, but not limited to, Section 7201 of the Internal Revenue Code). As part of this investigation, I prepared a search warrant For the search of [Springer's] residence in Kellyville, Oklahoma."

See Exhibit 9, pq 2 attached to Springer's Declaration.

Shern declared in 06-CV-156 that:

> "The authority of Special Agents of the Internal Revenue Service - Criminal Investigation to execute Search warrants is set Forth in Section 7608(b) of the Internal Revenue Code (26 U.S.C.). On September 16, 2005, I and Ten other Special Agents with the Internal Revenue Service - Criminal Investigation executed a search warrant signed by U.S. Magistrate Judge Frank H. McCarthy on September 15, 2005 with respect to the personal residence of Lindsey K. Springer in Kellyville, Oklahoma."

See Exhibit 8, pq 2 attached to Springer's Declaration.

Shern Further explained he was assigned to conduct an investigation of Mowant For alleged violations of Title 26, United States Code, including tax evasion and

4

MTRP

Falwe to File income Tax returns. Id.

Movant was indicted on March 10, 2009 in a six Count indictment out of the Northern District of Oklahoma. The case is <u>USA v. Springer</u>, 09-CR-043

The indictment alleges that on September 16, 2005 Shern and the other Ten individuals were in their capacity as "Internal Revenue Service employees." See <u>Exhibit</u> 10, p. 14 attached to Springer's Declaration.

Movant sought the Affidavit and Declaration of Shern, as well as the application Nelson and Shern referenced in their Declarations and the October 5, 2005 response filed by Nelson in the above captioned matter (Doc. 215) and was given by the Clerk of Court a document unsworn held in the grand jury drawer. Springer Declaration at __4__

Movant was tried and convicted in 09-CR-043.

After 06-CV-156 became the subject of an interlocutory appeal, the Tenth Circuit reversed denial of qualified immunity for Shern and the other Ten individuals. See <u>Springer v. Albin, et al</u>, 398 Fed App× 427 (10th Cir. 2010) (10.15.10); Cert denied

Movant's home listed in the September 15, 2005 Search warrant is located within the exclusive territorial juris-diction of the State of Oklahoma

Magistrate Judge M⁰Carthy is not an Article III Judicial officer.

Movant has no other remedy

MTRP

1. Shem had no capacity as a "Federal law enforcement officer" under FRCrP. Rule 41(a)(2)(C), 41(b), 28 CFR §§ 60.1 and 60.2, to request and serve a search warrant regarding Movant, Title 26, or Title 26 related violations, for calendar years 2000 through 2004 after June 3, 2005.

The June 3, 2005 Lacenski letter clearly shows an institutional commitment to pursue a grand jury indictment by the Secretary of the Treasury and his Internal Revenue Service. The years are "2000 through 2004."

The search warrant also clearly shows it involves an Internal Revenue Service Criminal investigation for years "2000 through the execution of the warrant" which is September 16, 2005. See Exhibit 1, pg 7 attached to Springer's Declaration.

   A. Rule 41(b) requires any request to a Magistrate Judge for a search warrant be "of a Federal law enforcement officer."

FRCrP Rule 41(b)(1) authorizes "a magistrate judge with authority in the district... has authority to issue a warrant to search for and seize ... property located within the district."

   FRCrP Rule 41(a)(2)(C) defines "federal law enforcement officer" means:

   "a governmental agent (other than an attorney for the government) who is engaged in enforcing the criminal laws and is within any category of officers authorized by the Attorney General to request a search warrant."

6

MTRP

The Attorney General at 28 CFR § 60.2 defines categories of Federal law enforcement officers authorized to request the issuance of a search warrant under FRCrP Rule 41(b).

28 CFR § 60.2(a) authorizes:

"Any person authorized to execute search warrants by a Statute of the United States."

28 CFR § 60.2(b) authorizes:

"Any person who has been authorized to execute search warrants by the head of a department, bureau, or agency (or his delegate if applicable) pursuant to any statute of the United States,"

(i) Authority of Internal Revenue officers.

26 U.S.C § 7608(b) is entitled "Enforcement of Laws relating to internal revenue other than subtitle E." The taxes at issue in the June 3, 2005 Lacenski letter are individual income tax of Movant for years "2000 through 2004." Exhibit 14 pg attached to Springer's Declaration. The individual income tax is not in Subtitle E, It is in Subtitle A.

Section 7608(b) provides:

"(1) Any criminal investigator of the Intelligence Division of the Internal Revenue Service whom the secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the secretary is responsible, or any other law for which the secretary has delegated investigation authority to the Internal Revenue Service, is in the performance of his duties, authorized to perform the functions described in paragraph (2)."

MTRP

Paragraph (2) specifically authorizes a criminal investigator or officer:

> "(A) to execute and serve search warrants... under the authority of the United States."

28 CFR § 60.1 explains the purpose of 28 CFR Part 60 is to "inform the Courts of the personnel who are so authorized" to "request the issuance of a search warrant" pursuant to Rule 41 FRCrP.

(ii) Prior to June 3, 2005 Shern may have been authorized to request and serve a search warrant regarding Mount.

In U.S. v. LaSalle, 437 U.S. 298, 308 to 317 (1978) the Supreme Court held:

> "The Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code. 26 U.S.C. §§ 7801 and 7802"

In Springer v. U.S, 447 F. Supp. 2d 1235, 1238 (N.D. OK 2006) Former Chief Judge Claire V. Eagan held:

> "the Secretary of the Treasury and IRS have clear authority to impose criminal and civil penalties related to Form 1040."

The provisions Shern sought to enforce on September 15, 2005 were 26 U.S.C §§ 7201, 7203, and 7212 See Exhibit 1, p.7 attached to Springer's Declaration.

"The IRS cannot try its own prosecutions." LaSalle 437 U.S. at 312. Only upon a "referral to the Justice Department" can criminal litigation proceed to grand jury involving Title 26, or Title 26 related crimes. Id.

LaSalle announced a "prophylactic rule" designed

MTRP

to safeguard the grand jury's independence from the government. 437 U.S. at 308-317

"The LaSalle rule applies solely to the statutory scheme of the Internal Revenue Code in which the IRS's civil authority ceases... upon referral of a taxpayer's case to justice." SEC v. Dressler, 628 F. 2d 1368, 1378 (D.C. Cir. 1980) (en banc)

Upon a recommendation by the Secretary of the Treasury the "Internal Revenue Code itself terminates the IRS's investigative authority on referral." Linda Thompson, et al v. Resolution Trust Co. 5 F. 3d 1508, 1518 (D.C. Cir. 1993)

"A Justice Department referral is in effect with respect to any person if the Secretary has recommended to the Attorney General a grand jury investigation of, or a criminal prosecution of, such person for any offense with the administration or enforcement of the internal revenue laws." U.S. v. Springer, 444 Fed Appx 256, 262 (10th Cir 2011) (unpublished) citing 26 U.S.C § 7602( )( ).

26 CFR § 301.7602(c)(2) states "the referral is effective at the time the document recommending criminal prosecution or grand jury investigation is signed by the Secretary."

9

MTRP

(iii) After June 3, 2005 the Secretary of the Treasury, and his criminal investigation, lose Title 26 authority to enforce Title 26, including to request and serve a search warrant involving Title 26, and Title 26 related violations, pursuant to 26 USC. § 7608(b).

"Once a criminal referral has been made, the Commissioner is under well known restraints..." Bedaracco v. CIR, 464 U.S. 386, 399 (1984).

The June 3, 2005 Lacerski letter shows an institutional commitment by Secretary Snow's IRS to only pursue grand jury indictment.

"[a] court is required, however, to look at the 'institutional' posture of the IRS rather than that of an individual agent." U.S. v. Makenzie, 777 F. 2d 811, (2nd Cir. 1984); quoting LaSalle, 437 U.S. at 316. In considering the authority of the IRS requires examination "of the IRS as an institution." U.S. v. Anaya, 815 F. 2d 1373, 1377 (10th Cir. 1990) The prohibition against the use by a grand jury of IRS enforcement proceedings after referral "is a prophylactic intended to safeguard ... the role of the grand jury as a principal tool of criminal accusation." Anaya, at 1377 quoting LaSalle, 437 U.S. at 312.

In Makenzie, the 2nd Circuit explained "obtaining and executing of search warrants" prior to institutional referral did not show the IRS investigation became solely criminal or demonstrated bad faith by the IRS.

10

MTRP

777 F.2d at 819

The June 3, 2005 Lacenski letter shows both an institutional commitment and recommendation for grand jury investigation pursuant to 26 USC § 7602()() and 26 CFR § 301.7602-(c)(2).

The June 3, 2005 letter also clearly mentions Nelson, Shem, and Taylor. See Exhibit 11 attached to Springer's Declaration. The referral commitment is for Title 26, and Title 26 related violations for periods 2000 through 2004. Id.

A grand jury investigation is totally separate from an IRS investigation. See U.S. v. Erickson, 561 F.3d 1150, 1159 (10th Cir. 2009) There is no Special Agent/grand jury/prosecution assistant officer of the United States, U.S. v. Kilpatrick, 575 F.Supp. 325, 336 (D.C. Colorado 1983) Such a non existent position has been referred to as a "psuedo-investiture" of a man with many occupations, U.S. v. Kilpatrick, 594 F.Supp. 1324, 1328-29 (D.C. Colorado 1984), a "capacity I do not know." Kilpatrick, 575 F.Supp. at 336.

The "grand jury" does not belong to "any of the branches described in the First Three Articles" of the Constitution. U.S. v. Williams, 504 U.S. 36, 47 (1992) The grand jury is to remain a buffer or referee between the United States and the person being investigated. Stirone v. U.S, 361 U.S. 212, 218 (1960) The grand juries most important function is to "stand between

11                                            MTRP

the prosecuting authorities and the suspect as an unbiased valuator of evidence." U.S. v. Claiburn, 765 F. 2d 784, 795 (1st Cir. 1988)

When a grand jury sees an IRS agent as its agent the grand jury ceases to be the unbiased referee the Fifth Amendment mandates.

A referral is in place upon recommendation of a grand jury investigation or criminal prosecution. U.S. v. Krauth, 769 F. 2d 473, 477 (n.3) (8th Cir. 1985)

Broadening criminal discovery by the United States attorney using enforcement power of 26 USC § 7608(b) is prohibited. Dressler, 628 F. 2d at 1378; citing LaSalle, 437 U.S. at 312. See also U.S. v. Claes, 747 F. 2d 491, 494 (8th Cir. 1984)

The exact same information Shern sought to gather for O'Meilia and Nelso in the request for a search warrant, on September 15, 2005, is exactly the same violations and calendar years 3-months earlier, on June 3, 2005 the Lacenski letter shows was referred out of the Secretary of the Treasury to investigate, and into the Attorney General for grand jury investigation. See Springer's Declaration at 11

As a result, Shern was not a "Federal law enforcement officer" as defined at FRCr. P. Rule 41(a)(2)(C), 41(b), 28 CFR §§ 60.1 and 60.2, and with no authority to request and serve a search warrant pursuant to 26 U.S.C. § 7608(b), involving Movant for 2000 to 2004.

12

MTRP

2.   Magistrate Judge McCarthy had no authority Pursuant to FRCr.P. Rule 41 to issue the September 15, 2005 Search Warrant to Shern for him or the other Ten individuals; to serve upon Movant's home pursuant to 26 U.S.C. § 7608(b).

F.R.Cr.P Rule 41(b) authorizes a Magistrate Judge in his district to issue a search warrant to a Federal law enforcement officer as defined by FRCr.P. Rule 41(a)(2)(C) and 28 CFR §§ 60.1 and 60.2.

Due to the June 3, 2005 Lacenski letter, and the institutional committment it represents, The Secretary of the Treasury had no authority to charge Shern or the other Ten individuals to request or serve a search warrant under 26 USC § 7608(b)

Neither Shern, or the other Ten individuals were Federal law enforcement officers pursuant to FRCr.P. Rule 41(a)(2)(C), 41(b), or 28 CFR §§ 60.1 and 60.2 on September 15, 2005, or September 16, 2005 in regard to Movant due to the June 3, 2005 Lacenski letter and O'Connor's June 10, 2005 letter to O'Meilia.

F.R.Cr.P Rule 41(b) only authorizes a Magistrate Judge to issue a search warrant to a Federal law enforcement officer.

Since Shern, nor the other Ten individuals, were Federal law enforcement officers, the issuance of the search warrant to Shern, and the service or execution by Shern, and the other Ten individuals, was unlawful and in violation of F.R.Cr.P Rule 41(b) involving Movant for calendar years 2000 through 2004.

13

MTRP

3.   Magistrate Judge McCarthy had no jurisdiction to issue a Search warrant to Shern on September 15, 2005 knowing Nelson had been authorized to conduct a grand jury investigation as of June 3, 2005.

On July 20, 2006. Magistrate McCarthy issued an order unsealing certain documents that were "sealed." In the matter styled above, Magistrate McCarthy said:

> "The court will not order the Court Clerk to unseal the documents in the Court's Filing System as the documents are Filed in the general sealed grand jury file."

See Doc 301.

Once a grand jury referral is made, by the Secretary of the Treasury, his IRS criminal investigators no longer are charged with enforcing Title 26, or Title 26 related violations. LaSalle, 437 U.S 312-313.

"One who seeks to initiate... proceedings in Federal Court must demonstrate ... standing to obtain relief..." Lujans v. Defenders of Wildlife 504 U.S. 555, 560-61 (1992). "[J]urisdiction must be shown affirmatively..." Sac & Fox Nation v. Cuomo, 193 F. 3d 1162, 1168 (10th Cir. 1999) When jurisdiction does not exist the Court is to cease. Steel Co. v. Citizens For Better Env't, 523 U.S. 83, 93 (1985)

Shern lacked a legally cognizable interest in requesting and executing a search warrant involving Movant after June 3, 2005. See Chafin v Chafin, 185 L. Ed 2d 1, 10 (2013). And, June 3, 2005 is the bright line. Springer, 444 Fed Appx at 260, 262.

MTRP

4. FRCr.P Rule 41(b) is unconstitutional, in violation of Article III, § 1 and 2, and the Tenth Amendment

The property or premises described in the September 15, 2005 Search Warrant is legally described and situated in the County of Creek, State of Oklahoma. See Exhibit 13 attached to Springer's Declaration.

The Tenth Amendment states:

"The Powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

The Constitution "draws a basic distinction between the powers of the newly created Federal Government and the powers retained by the pre-existing Sovereign States." Cook v. Gralike, 531 U.S. 510, 519 (2001)

Article III, §§ 1 and 2 enumerate to the United States Judicial Power. The Judicial Power extends to cases and controversies. Id.

The application for issuance of a Search Warrant is a case or controversy within the meaning of Article III. The Search Warrant at issue in this Rule 41(g) Motion states on the First Page "United States District Court Northern District of Oklahoma." See Exhibit 1 attached to Springer's Declaration

The Search Warrant is to "Brian Shern and any authorized officer of the United States." Id.

Article III Judges in the District Court sit by good behaviour. See 28 U.S.C. § 133(a). Congress authorizes Search Warrants at 18 U.S.C § 3102.

15                                        MTRP

Magistrate Judges are not Article III Judges and set with no Article III Judicial Power. See 28 U.S.C § 631 (8 year term).

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the Statutes enacted by Congress pursuant thereto." Benders v. Williamsport Area Sch. Dist. 475 U.S. 534, 541 (1986).

FRCr.P Rule 41(b) purports to authorize an Article I Magistrate to issue a Search warrant in an Article III case or controversy.

The Tenth Amendment forbids anyone from exercising Article III power except for an Article III Judge. See New York v U.S. 505 U.S. 144, 156-159, 177 (1992).

Congress cannot authorize Article I Magistrate Judges with Article III power in any Article III § 2 case or controversy. Nguyen v. U.S. 539 U.S. 69, 74 (2003).

As a result, FRCr.P Rule 41(b), in the authorization of a U.S. Magistrate sitting, pursuant to 28 U.S.C § 631 to issue a Search warrant in an Article III case or controversy, is unconstitutional, in violation of Article III, §§ 1 and 2 and the Tenth Amendment. In addition, 18 U.S.C § 3102, which references to FRCr.P. Rule 41, is also unconstitutional in violation of Article III, §§ 1 and 2, and the Tenth Amendment, for the same reasons.

5. FRCr.P Rule 41(b), as applied, is Unconstitutional, in violation of Article III, §§ 1 and 2 and the Tenth Amendment.

116

MTRP

Movant incorporates word for word in Section #4 above as if set forth herein word for word.

As a result, FRCr.P Rule 41(b), as applied by Magistrate Judge McCarthy, in the authorization of a U.S. Magistrate sitting pursuant to 28 U.S.C. § 631 to issue a search warrant in an Article III case or controversy, is unconstitutional, in violation of Article III, §§ 1 and 2 and the Tenth Amendment. In addition, 18 U.S.C. § 3102, as applied, which references to FRCr.P. Rule 41, is also unconstitutional in violation of Article III, §§ 1 and 2 and the Tenth Amendment for the same reasons.

ie.   Movant's home was not within the exclusive territorial jurisdiction of the United States district.

The Property or Premises directed by Magistrate Judge McCarthy on September 15, 2005 was not within the exclusive territorial jurisdiction of the United States. Instead, Movant's property was within the exclusive territorial jurisdiction of the state of Oklahoma. See Exhibit 13 attached to Springer's Declaration.(describing the property "of Creek County, State of Oklahoma")

As a result, Movant's property listed in the search warrant was not "property within the district" as required pursuant to FRCr.P. Rule 41(b).

MTRP

7. All property must be ordered returned to Movant, including all copies made, not yet returned.

The United States has no legal interest in any evidence obtained by means of the unlawful search and seizure as explained above in Section No. One through Six (1, 2, 3, 4, 5, 6). See Mapp. v. Ohio, 367 U.S. 643 (1961)

The September 15, 2005 search warrant was unlawful being issued to Shern who was not a federal law enforcement officer. Furthermore, Magistrate McCarthy was not an Article III Judge and had no Article III, §2 case or controversy Judicial Power. Also, Movant's Home was not within the exclusive territorial jurisdiction of the United States being in the state of Oklahoma.

As a result, this Court must order all property taken on September 16, 2005, that has not yet been returned, to be returned to Movant due to the property listed, including the remaining $2,000, verified, was seized in violation of FRCrP Rule 41(a)(2)(C), 41(b), 28 CFR §§ 60.1 and 60.2, 26 U.S.C. § 7608(b), Article III, § 1 and 2, Fourth, Fifth, and Tenth Amendment.

Movant only has page 1 of the 3 page list however the list is required to be in the grand jury drawer with the return of the search warrant.

MTRP

## Conclusion

Movant request this Court issue an order pursuant to FRCrP 41(g) Finding (i) Shern was not a Federal law enforcement officer pursuant to FRCrP Rule 41(a)(2)(C) and 28 CFR §§ 60.1 and 60.2 after June, 2005 regarding Movant and 26 U.S.C. § 7608(b); (2) Judge McCarthy was not authorized to issue a search warrant to Shern on September 15, 2005 due to the June 3, 2005 referral; (3) FRCrP Rule 41(b) is unconstitutional and as applied; (4) Movant's home was not within the exclusive territorial jurisdiction of the district; and (5) All property taken must be returned to Movant, including all copies, not yet returned, and the $2000.⁰⁰. Movant request an evidentiary hearing.

Lindsey K Springer
Reg # 02580-063
Federal Satellite Low-La Tuna
P. O. Box 6000
Anthony, New Mexico 88021

19

MTRP

## Certificate of Service

I hereby Certify that on March 14, 2014 I mailed First Class The above Motion For Return of Property to the Clerk of Court, 333 West Fourth St. Tulsa Oklahoma 74103

I Further Certify that all parties shall receive Service of process through this Court's ECF System:

Danny C. Williams Sr.

Charles A. O'Reilly

Jeffrey A. Gallant

_Lindsey K Springer_
Server.

## Declaration of Mailing

I declare under penalty of perjury, pursuant to 28 U.SC § 1746(1), under the laws of the United States of America, that on March 14, 2014 I deposited the Motion For Return of Property in the U.S. Mailbox located inside FSL LaTuna.

_Lindsey K Springer_
Declaration

20                                    MtRP

MON 17 MAR 2014 PM

EL PASO TX 799

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

RECEIVED
MAR 19 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

RECEIVED
MAR 1 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

09-cr-43

⇔0258O-063⇔
Clerk Of Court
U.S. Courthouse Rm. 411
333 W 4TH ST
Tulsa, OK 74103
United States

"Legal Mail"