In The United States District Court
For the Northern District of Oklahoma

Lindsey Kent Springer
Movant

v.

United States of America
Respondent

Case 13-CV-145
(Formerly 09-CR-043)

FILED
MAR 27 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

Motion To Reconsider Order
Dated March 4, 2014

Lindsey Kent Springer ("Movant") moves this Court to reconsider the order dated March 4, 2014 dismissing certain grounds, or certain aspects of certain grounds, raised in Movant's application by Motion pursuant to 28 USC § 2255.

Background

In the Northern District of Oklahoma's § 2255 form packet Movant is directed not to make argument in the § 2255 application. Local Civil Rule ("LCvR") limit briefs in support of § 2255 applications to 25 pages without leave of Court. Movant was denied leave to file an overlength brief with his § 2255 application.

After the Clerk of Court docketed Movant's § 2255 application, Movant was directed not to address the

1

merits of any of the 76 grounds and only address the "Concisely" listed issues raised by Respondent in their Preliminary Response. Doc 478, pg 1-2. Respondent filed a Preliminary Response, Doc 518, and argued every ground was barred for being raised in the Trial Court or Appellate Court, or should have been raised in the Trial or Appellate Court, Doc 518, pg 6-7 and 53 page attachment. (save 49 and 61).

Movant sought clarification on "permitted contents" "of his reply brief," Doc 530, pg 1, and the January 10, 2014 order states:

> "Mr. Springer's reply brief shall not address the merits of any of his asserted grounds for relief."
> Doc 530, pg 1

The Two categories repeated in the January 10, 2014 order are "could have been" or "were... asserted in the proceedings in the underlying prosecution." Doc 530, pg. 1-2

Movant files Reply according to his understanding of the Courts instruction only addressing Respondent's Preliminary Response and nothing else.

In the order dated March 4, 2014 this is what it says:

> "On that last point- Frivolousness - the Court also finds that Mr. Springer's jurisdictional grounds for relief are so lacking in merit that as an alternative to dismissal, they should be denied on their merits even at this first stage."

Doc. 537, pg 6-7

2

The order then makes the unforgetable statement:

> "For all these reasons, this Court wishes to leave no doubt that it has considered Mr. Springer's jurisdictional grounds for relief on their merits."

Doc. 537, pg 7.

To be assured the order is not being taken out of context, the order qualifies itself:

> "Mr. Springer's jurisdictional arguments which are dismissed as procedurally barred and which are alternatively denied on their merits, include..."

Id

Without saying which grounds were dismissed because they were raised and resolved, or could have been raised, either in the district court, or on Appeal, the order of March 4, 2014 dismisses grounds 1 through 48, 51 through 65, 67 through 72, and 74 through 76.

Although grounds 49, 50, 66, and 73 survived the first step, whether the Court is dismissing a specific ground because the issue or issues in a specific ground were raised and resolved is entirely distinct from dismissing a ground because it could have been raised but was not.

The order directs grounds "1-14, 28-30, 32-37, 39, 41-44, 46, 48-49, 51, 53-67 and 75" move to the Court's merits phase.

The order also directs Response to Movant's "arguments" that the Tenth Circuit should have

5.

appointed new appellate counsel after his counsel was suspended, and that the Tenth Circuit should have started the appellate process over at that point. Doc 537, pg 11-12.

1. Preventing Movant from addressing merits by order and then finding Court considered merits in dismissing grounds, or parts of grounds, is total abuse of discretion

By order dated March 15, 2013, and again on January 10, 2014, Movant was directed not to address merits of any grounds and only address issues raised in Preliminary Response.

The March 4, 2014 order finds, after considering the merits, all grounds should be dismissed, save grounds 49, 50, 66, 73, and grounds claiming ineffective appellate counsel in violation of the Sixth Amendment. Doc 539, pg 11.

Since the Two orders directed Movant not to address the merits of any grounds, the order of March 4, 2014 finding the merits were fully considered is not in the least bit possible or accurate.

All grounds the March 4, 2014 order dismissed on the merits should be reinstated with direction that Respondent address the merits independent of whether the ground also is raised as ineffective appellate counsel.

4

2. Grounds that allege actual innocence or miscarriage of justice must be addressed on the merits.

The Order of March 15, 2013 and again on January 10, 2014, directs that all actual innocense claims and miscarriage of justice claims are not precluded from the merits phase.

The order of March 4, 2014 does not address the grounds which arise within actual innocense and miscarriage of justice.

Movant incorporated both a declaration and 25 page brief with his § 2255 application. Doc. 472-474

Without a criminal prosecution referral Movant is actual innocent of each count. ground 1, 2, 3, 4

The Tenth Circuit held not Filing, or Failing to File, a Form 1040 U.S Individual Income Tax Return, For any year, Fails to qualify as criminal conduct. Movant is actually innocent of Failing to File Form 1040's for any year. grounds 15-32, 37, 38, 40, 41, 45, 66

Movant claimed 18 U.S.C § 371, 26 U.S.C §§ 7201, and 7203 are unconstitutional, as if they had never existed. Id.

Movant claimed that the Statutes and Regulations listed by Respondent in both Bills of Particulars, are unconstitutional, as if they had never existed. Id.

Movant claimed No law withstands 44 U.S.C § 3512. Id

Movant claimed entrapment by estoppel had the Tenth Circuit informed Movant early on Form 1040 was divorced from Title 26, or Title 26 related

5

requirements. <u>ground 31</u>

Movant claimed he was not charged with the 26 USC § 7201 crime of attempted evasion of payment of income taxes for calendar year 2000, 2003, and 2005, but rather crime of evasion of assessment. <u>ground 33</u>

Movant claimed separately, notwithstanding ground 33, in ground 34, no evidence the $250,000 was gross income in calendar year 2005, rendered Movants gross income below the amount Mr. Miller testified triggered a requirement to file Form 1040 for 2005.

Movant claimed Count One's statute of limitation expired before the first alleged act. <u>ground 35</u>

Movant claimed that Count Two's limitation expired, once correction is made from evasion of payment, to the grand jury's evasion of assessment.(36)

Movant claimed his conduct was protected by the First Amendment. <u>ground 40</u>

Movant claimed due to Technology today and IRS's failure to comply with the Paperwork Reduction Act, Movant was not required by law to provide any information on a government blank. <u>ground 41</u>

Movant claimed he was not charged in Count Five and Six with failure to pay any tax. <u>ground 43</u>

Movant claimed he is not required to comply with a 2005 Treasury Regulation retroactively between 1990 through 2004. <u>ground 46</u>

Movant claimed applying the gift instruction written in 2009 to years 2000 through 2007, or at sentencing from 1990 through 2007 also was ex post facto and prohibited. ground 48

Movant claimed without preserving the Writ of Habeas Corpus, as it was in 1789, all power to make anything a crime among the 50 States is null and void. ground 50, 73

Movant claimed Ms. Meadors violated 26 U.S.C § 7611 in her audit of Movant's First Amendment protected ministry. ground 52

Movant claimed the September 16, 2005 search by the IRS, after the June 3, 2005 referral letter, violate U.S v. LaSalle and unlawful. grounds 5-9, 62

Movant claimed the additional Allen charge to the Jury after 3 days of deadlock violated right to Jury Trial. ground 54

Movant claimed the all or none theory treating each transaction at issue was not derived from Title 26, or Regulations. ground 56

Movant claimed his Sixth Amendment right to Trial Counsel was violated. grounds 57-58

Movant claimed he was denied a Franks Hearing and Suppression hearing which would have, and should have resulted in all evidence gathered by IRS after June 3, 2005 being suppressed. ground 62

Movant claimed a Trial without the Jury being

7

instructed Form 1040 did not violate the Paperwork Reduction Act would likely have produce a not guilty verdict. ground 65

Movant claimed all the errors independently, and collectively, render the entire procedure in violation of substantive, and both procedural and regular, due process. ground 66

Movant claimed the denominations of Federal Reserve Note currency were not redeemable in "lawful money" and thus did not qualify as gross income at issue in each transaction. ground 69, 70

Each of these grounds claim actual innocense and, to the extent different, a total miscarriage of justice.

This Court should reinstate these grounds independent of the grounds, or parts of grounds, it dismissed as they are not subject to any procedural bar, and have not been addressed on merits.

3. Jurisdictional grounds must be reinstated

It is impossible for this Court to have considered the merits of Movants jurisdictional grounds since Movant has been prohibited from addressing the merits. What cases did get considered and how did the order arrive at preclusion or dismissal.

8

are necessary to understand especially in light of the presumption this Court had no jurisdiction. K.Mar. v. U.S DOD, 752 F. Supp. 2d 1207, 1210 (W.D. OK. 2010)

What records does the court rely upon to preclude, or dismiss on the merits, Movant's jurisdictional claims?

This court could not have examined on the merits Movant jurisdictional claims because it has not allowed the merits to be presented.

This Court should reinstate all jurisdictional grounds to be addressed on their merits.

4. Court must reinstate grounds that should have been raised or were not raised on Appeal Correctly.

How can this Court penalize Movant from raising issues in his § 2255 proceeding because appellate counsel failed to raise them, or raise them correctly, but then, all ineffective appellate claims proceed to step 2?

If appellate counsel was ineffective for failing to raise issues, or raised them so poorly as to be seen by this Court not to have raised the issues at all, then issues not raised should be address on their merits.

9

This Court is fully aware Movant has not had any Sixth Amendment Counsel on any of the conduct occurring in Movant's direct appeal.

Since this Court did not identify which issues were precluded due to Counsel not raising them Movant contends each issue in the ineffective appellate counsel grounds should also be addressed on the merits independent of ineffectiveness.

Any ground, or part of ground, dismissed due to not being raised on Appeal should be reinstated and addressed on their merits

5. March 4, 2014 order did not address issues raised in district court but not address and resolved by the district court.

Although the March 4, 2014 order addresses, to some degree, Respondent's argument issues were raised but not resolved, which the order finds the issues were not actually raised hinging that part of the Court's order on the term "raised," what the order does not address is the other 50% of Respondent's argument which is the issues were raised but not actually resolved in the district court. Reply beginning at page 19.

Movant replied that in most cases he agreed the issues were raised in the district court but

10

not resolved by the district court.

The March 4, 2014 order fails to address this half of Respondent's argument or Movants reply.

At no time does the district court find Respondents citations to the record are in error. What is interesting here is Respondent so easily cited to the record as to where the issues were raised but not to where this court resolved them.

Movant agrees the Court failed to resolve each of the issues raised by Respondent and for that reason Movant is not precluded from raising them in a § 2255 proceeding.

6. Movant is actually innocent of willfully failing to file a Form 1040 United States Individual Income Tax Return for any year.

The order of March 4, 2014 clearly identifies that Form 1040 United States Individual Income Tax Returns are divorced from the requirement to file an income tax return. Doc 537, pg 5.

This court must find Movant was not required by law to file a Form 1040 United States Individual Income Tax Return ever!

Yet, all six counts of the grand jury indictment was based on Movant being required by law

11

to file a Form 1040 Individual Income Tax Return and that Movant willfully failed to do so. See ¶¶ 9, 14, 41, 43, 45, 47, 49 with ¶ 6 incorporated into each Count. Doc 2.

Being actually innocent of willfully failing to file Form 1040 United States Individual Income Tax Returns for any year at issue in all six Counts, renders Movant's conviction a complete miscarriage of justice. Doc. 474, 31, 60, 76, 78, 79, 81, 83, 87, 88

Movant listed each ground that is based upon, or at least in part based upon, the fact Movant was never required by law to file a Form 1040 United States Individual Income Tax Return for any year. To be sure, and without a smidgeon of doubt, Movant has repeatedly identified in both his Reply to Respondent's Response, Doc 518, and in numerous other filings, where Form 1040 United States Individual Income Tax Returns were squarely at issue. Reply at 6, 7, 8, 43, 44, 45, 58, 59

Not only does the March 4, 2014 order ignore all district court proceedings, no where does the order address how all the grounds raised based upon Movant being actually innocent of willfully failing to file a Form 1040 United States Individual Income Tax Return, for any calendar year, are not exceptions to the procedural bar.

12

- Is actual innocence a miscarriage of justice?

The Supreme Court in McQuiggin v. Perkins 185 L. Ed 2d 1019, 1031 (2013) leaves no doubt that it is. "The miscarriage of justice exception, our decisions bear out, survived AEDPA's passage." Id citing Calderon v. Thompson, 523 U.S. 538, 558 (1998) "In Bousley v. United States, 523 U.S. 614, 622,... (1998) we held, in the context of § 2255, that actual innocence may overcome a prisoner's failure to raise a constitutional objection on direct review." McQuiggin, Id.

"[D]ecisions of this Court holding a substantive federal criminal statute does not reach certain conduct, like decisions placing conduct "'beyond the power of the criminal law-making authority to proscribe,'".... necessarily carry a significant risk that a defendant stands convicted of "an act the law does not make criminal." Bousley, 523 U.S. at 620. (and cases cited.)

"For under our federal system it is only Congress, and not the Courts, which can make conduct criminal." Id. Movant can easily demonstrate he is actually innocent of Failing to File a United States Individual Income Tax Return Form 1040, willfully, and for any year at issue in all six counts. Bousley, 523 U.S 622.

In Bousley, he failed to raise actual innocence in his § 2255 and was remanded so he could raise it. Movant raises actual innocence and the March 4, 2014

13

order ignores it.

All grounds raised by Movant related to his actual innocence in willfully failing to file a Form 1040 United States Individual Income Tax Return for any year at issue, including all constitutional claims, can not be barred by any default and must be addressed on the merits.

7. Movant claims actual innocence of either attempting to evade assessment of tax by failing to file Form 1040 for any year, and actual innocence of attempted evasion of payment

Movant claimed in the district court during direct proceedings he did not understand which of the two crimes proscribed under § 7201 he was charged with in Counts 2, 3, 4. Movant explained this in his reply addressing his actual innocence to attempting to evade assessment of income tax by willfully failing to file Form 1040 United States Individual Income Tax Returns for the years at issue, and Movants actual innocence of willfully attempting to evade the payment of assessed taxes for calendar years 2000, 2003, and 2005. Reply at 48-50

Although ground 33 survived the first step under ineffective appellate counsel claims, this Court did not address ground 33 as a free standing actual innocent claim. Doc 474, pg 40, 67, 79, 80, 86

14

There is no doubt 26 U.S.C § 7201 proscribes two distinct offenses. <u>Kawashima v. Holder</u>, 182 L.ED 2d 10 (2012) citing <u>Sansone v. U.S</u>, 380 U.S. 343, 354 (1965) Movant actually explained in great detail to the Court in his reply and in other filings the difference between the "offense of willfully attempting to evade or defeat assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax." Id. See also <u>U.S. v. Threadgill</u>, 2012 U.S. Dist. Lexis 156585 (E.D. Tenn 11.1.12); U.S. v. Richards, 2012 U.S. Dist. Lexis 151606 (E.D. Cal. 10.22.12) ("Section 7201 is widely interpreted to include two crimes.")

This Court is alleged to have changed Count 2, 3, 4 to the crime of evasion of payment, from the grand jury charge of evasion of assessment, which violated so many Constitutional provisions. The miscarriage of justice surround the Courts charges and the lack of judicial power to do so, require grounds involving the change to evasion of payment must move to Step Two. No evidence supports evasion of payment.

Conclusion

For all the reasons above the March 4, 2014 order must be overruled and the grounds ordered to proceed to Step Two.

Respectfully
Lindsey K Springer
Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

15

## Certificate of Service

I hereby certify that on March 23, 2014 I mailed First Class the above Motion to Reconsider to the Clerk of Court, 333 West Fourth St. Tulsa, Oklahoma, 74103;

I further certify that all parties will receive service through the Courts ECF System:

Danny C. Williams Sr.
Charles A O'Reilly
Jeffrey A. Gallant

*Lindsey K Springer*
Server

## Declaration of Mailing

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, on March 23, 2014, I deposited the above Motion in the U.S Mailbox located inside FSL LaTuna

*Lindsey K Springer*
declarant

16