## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.     09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO MR. SPRINGER'S MOTION TO RETURN PROPERTY (DOCKET 540)

The United States of America, by and through its attorneys, Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, and Jeffrey A. Gallant, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Mr. Springer's Motion to Return Records.[1] As previously determined by this Court, the materials were seized pursuant to a lawful search (Docket 100). Nevertheless, the United States wants to return Mr. Springer's property. By letter dated March 27, 2014, the United States requested that Mr. Springer designate an individual to retrieve those items he is entitled to receive, and

---

[1]     In a separate filing, the United States seeks an order from the Court directing Mr. Springer to arrange for an authorized person to retrieve the materials, and the Court's authorization to destroy those materials not retrieved.

that he agree to the destruction of the remaining items. As part of that request, the United States requested that Mr. Springer withdraw the pending motion. By responsive letter dated March 27, 2014, Mr. Springer declined the United States' request.  Attachment A.

Federal Rule of Criminal Procedure 41(g) provides that a person aggrieved by an unlawful search and seizure of property, or the deprivation of property, may move for the property's return. As previously determined, the search and seizure was lawful, and nowhere in Mr. Springer's motion or declaration does Mr. Springer assert that he is aggrieved by the deprivation of the property. Mr. Springer's specious arguments in support of his Motion to Return Property[2] notwithstanding, the United States wants to return the seized materials, provided that Mr. Springer designates who will be authorized to retrieve them with a signed notarized statement specifically stating that the identified person has Mr. Springer's permission to retrieve the materials.

The United States objects to Mr. Springer's unsupported assertion that the United States should be directed to return all copies of documents and $2,000. The Court previously considered and rejected Mr. Springer's assertions that the search was unlawful; the search and seizure was lawful. Furthermore, all money seized from Mr. Springer, consisting of $17,000 in currency, was previously returned. Mr. Springer

---

[2]     Mr. Springer's assertions, including that IRS Special Agent Brian Shern was not a federal law enforcement officer, that Magistrate Judge McCarthy lacked authority, and that Mr. Springer's home was not within the jurisdiction of the United States, have all been previously considered and rejected by this Court. Mr. Springer's assertion that Federal Rule of Criminal Procedure 41(b) is unconstitutional is simply another frivolous assertion.

signed the Release and Receipt of Property for the money on January 10, 2006.
Attachment B.

The seized materials in the United States' possession include various income and expense records and other paper documents, compact discs and DVDs. The items are specifically identified in the attached Search Warrant Inventory List, Attachment C. The materials include a counterfeit U.S. $10 bill seized from the computer stand in the garage office, which is contraband *per se*. Mr. Springer cannot lawfully possess counterfeit currency.

Factual Background

On September 16, 2005, the United States executed a search warrant at Mr. Springer's home, located at 25758 South 201st West Avenue, Kellyville, Oklahoma. As a result of the search, four boxes of materials were seized, along with $17,000 in cash, images of three computer hard drives, one computer and computer storage media. See Inventory Listing of All Items Seized at Search Warrant Site, Attachment C. As Mr. Springer acknowledges, the United States previously returned vehicle titles and cash. Specifically, on November 28, 2005 the United States returned the titles and related documents for a Lexus GS 430 Sedan, a 2001 FRHT HC, and a 2005 Cargo Craft trailer. Mr. Springer's $17,000 was returned on January 10, 2006.[3] In addition to the items identified by Mr. Springer in his motion, the United States returned a Hitachi Travelstar

---

[3]     Contrary to Mr. Springer's assertion, only $17,000 was seized, and that amount was returned to him January 10, 2006.

40 GB Hard Drive computer, Model IC25N040ATCS04-0 (Serial Number CSH405DCJMX86B) on September 19, 2005 that had been seized pursuant to the search warrant. Attachment B.

The grand jury indicted Mr. Springer and his co-defendant on March 10, 2009, and trial commenced on October 26, 2009. After a twelve-day trial, the jury returned guilty verdicts as to all counts and as to each defendant on November 16, 2009. The Court sentenced Mr. Springer to fifteen years imprisonment, three years of supervised release and restitution on April 23, 2010; both defendants were remanded. Mr. Springer remains in prison, with a scheduled release date of May 18, 2023.

The case is final. The Tenth Circuit of Appeals issued a mandate affirming the conviction and sentence on December 6, 2011, and the United States Supreme Court denied Mr. Springer's petition for certiorari on June 4, 2012. Mr. Springer's Motion Under U.S.C. § 2255 to Vacate, Set Aside or Correct A Sentence by a Person in Federal Custody is currently pending with this Court. Should the United States need the materials from the seized records, retained copies will suffice.

By letter dated and received by Mr. Springer on March 27, 2014, the United States requested that Mr. Springer withdraw his motion and arrange for a designated agent to retrieve the materials he seeks to retrieve through his Motion to Return Property. The letter was sent via electronic mail to a counselor at FCI La Tuna for immediate delivery to Mr. Springer, and was also sent via U.S. Postal mail. As noted above, Mr. Springer declined to withdraw his motion. See Attachment A.

-4-

For the foregoing reasons, this Court should deny Mr. Springer's motion to return property pursuant to Fed.R.Cr.P. 41(g). The search and seizure was lawful, and Mr. Springer makes no assertion that he is aggrieved by the deprivation of property.

DATED:      7 April 2014

                              Respectfully submitted,

                              DANNY C. WILLIAMS, SR.
                              UNITED STATES ATTORNEY

                                _/s/ Charles A. O'Reilly_____
                              CHARLES A. O'REILLY, CBA NO. 160980
                              Special Assistant United States Attorney
                              JEFFREY GALLANT
                              Assistant United States Attorney
                              110 West Seventh Street, Suite 300
                              Tulsa, Oklahoma  74119
                              (918) 382-2700

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and also served the foregoing document by United States Postal Mail, to:

> Lindsey Kent Springer
> Defendant
> FCI La Tuna
> Federal Correctional Institution
> P.O. Box 6000
> Anthony, TX 88021
> Inmate Number 02580-063.

_/s/ Charles A. O'Reilly_
Charles A. O'Reilly
Special Assistant United States Attorney