IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR AN ORDER DIRECTING
MR. SPRINGER TO RETRIEVE SEARCH WARRANT RECORDS AND
AUTHORIZING THE DESTRUCTION OF RECORDS NOT RETRIEVED**

The United States of America, by and through its attorneys, Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, and Jeffrey A. Gallant, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby moves for an order directing Mr. Springer to arrange for the retrieval of records seized pursuant to the execution of a lawful search warrant, and authorizing the destruction of records not retrieved. As previously determined by this Court, the search was lawful (Docket 100). The United States wants to return Mr. Springer's property. By letter dated March 27, 2014, the United States requested that Mr. Springer designate an individual to retrieve those items he is entitled to receive, and that he agree to the destruction of the remaining items. As part of that request, the United States asked Mr. Springer to withdraw the pending motion. By letter dated March 27, 2014, Mr. Springer declined.  Attachment A.

As previously determined, the search and seizure was lawful; nowhere in Mr. Springer's motion nor in his declaration does Mr. Springer assert that he is aggrieved by the deprivation of the property. Mr. Springer's specious arguments in support of his Motion to Return Property[1] notwithstanding, the United States wants to return the seized materials, provided that Mr. Springer designates who will be authorized to retrieve them with a signed notarized statement specifically stating that the identified person has Mr. Springer's permission to retrieve the materials. To that end, the United States requests that this Court order Mr. Springer to retrieve these seized records on or before a date to be determined by the Court, and that the Court authorize the United States to destroy any records obtained from the search warrant that remain in the government's possession after that date.

The United States objects to Mr. Springer's unsupported assertion that the United States be directed to return all copies of documents and $2,000. The Court previously considered and rejected Mr. Springer's assertions that the search was unlawful. Furthermore, all money seized from Mr. Springer, consisting of $17,000 in currency, was previously returned. Mr. Springer signed the Release and Receipt of Property for the money on January 10, 2006. Attachment B.

---

[1] Mr. Springer's assertions, including that IRS Special Agent Brian Shern was not a federal law enforcement officer, that Magistrate Judge McCarthy lacked authority, and that Mr. Springer's home was not within the jurisdiction of the United States, have all been previously considered and rejected by this Court. Mr. Springer's assertion that Federal Rule of Criminal Procedure 41(b) is unconstitutional is simply another frivolous assertion.

The items proposed for return or destruction include various income and expense records and other paper documents, compact discs and DVDs. The items are specifically identified in the attached Search Warrant Inventory List, Attachment C. The United States requests the Court's order also authorize the destruction of the counterfeit U.S. $10 bill seized from the computer stand in the garage office, which is contraband *per se*. Mr. Springer cannot lawfully possess counterfeit currency. Therefore, the Court should authorize the United States to destroy the contraband. *See Boggs v. Rubin*, 161 F.3d 37, 40-41 (DC Cir. 1998); *United States v. Rodriguez-Aguirre*, 254 F.3d 1195, 1212-13 (10th Cir. 2001).

Factual Background

On September 16, 2005, a search warrant was executed at Mr. Springer's home, located at 25758 South 201st West Avenue, Kellyville, Oklahoma. As a result of the search, four boxes of materials were seized, along with $17,000 in cash, images of three computer hard drives, one computer and computer storage media. See Inventory Listing of All Items Seized at Search Warrant Site, Attachment C. As Mr. Springer acknowledges, the United States previously returned vehicle titles and cash. Specifically, on November 28, 2005 the United States returned the titles and related documents for a Lexus GS 430 Sedan, a 2001 FRHT HC, and a 2005 Cargo Craft trailer. Mr. Springer's $17,000 was returned on January 10, 2006.[2] In addition to the items identified by

---

[2] Contrary to Mr. Springer's assertion, only $17,000 was seized, and that was the amount returned to him January 10, 2006.

Mr. Springer in his motion, the United States returned a Hitachi Travelstar 40 GB Hard Drive computer, Model IC25N040ATCS04-0 (Serial Number CSH405DCJMX86B) on September 19, 2005 that had been seized pursuant to the search warrant. Attachment B.

The grand jury indicted Mr. Springer and his co-defendant on March 10, 2009, and trial commenced on October 26, 2009. After a twelve-day trial, the jury returned guilty verdicts as to all counts and as to each defendant on November 16, 2009. The Court sentenced Mr. Springer to fifteen years imprisonment, three years of supervised release and restitution on April 23, 2010; both defendants were remanded. Mr. Springer remains in prison, with a scheduled release date of May 18, 2023.

The case is final. The Tenth Circuit of Appeals issued a mandate affirming the conviction and sentence on December 6, 2011, and the United States Supreme Court denied Mr. Springer's petition for certiorari on June 4, 2012. Mr. Springer's Motion Under U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody is currently pending with this Court. Should the United States need the materials from the seized records, retained copies will suffice.

By letter dated and received by Mr. Springer on March 27, 2014, the United States requested that Mr. Springer withdraw his motion and arrange for a designated agent to retrieve the materials he seeks to retrieve through his Motion to Return Property. The letter was sent via electronic mail to a counselor at FCI La Tuna for immediate delivery to Mr. Springer, and was also sent via U.S. Postal mail. As noted above, Mr. Springer declined to withdraw his motion. See Attachment A.

For the foregoing reasons, this Court should grant the United States' motion and order Mr. Springer to arrange for and retrieve the seized materials by a date determined by the Court, and should authorize the United States to destroy any seized materials that remain in its possession after that date. Finally, the Court should authorize the destruction of the counterfeit $10 bill seized during the search warrant as contraband.

DATED:     7 April 2014

                                                Respectfully submitted,

                                                DANNY C. WILLIAMS, SR.
                                                UNITED STATES ATTORNEY

                                                  /s/ Charles A. O'Reilly
                                                CHARLES A. O'REILLY, CBA NO. 160980
                                                Special Assistant United States Attorney
                                                JEFFREY GALLANT
                                                Assistant United States Attorney
                                                110 West Seventh Street, Suite 300
                                                Tulsa, Oklahoma  74119
                                                (918) 382-2700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of April 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and also served the foregoing document by United States Postal Mail, to:

Lindsey Kent Springer
Defendant
FCI La Tuna
Federal Correctional Institution
P.O. Box 6000
Anthony, TX 88021
Inmate Number 02580-063.

                                             */s/ Charles A. O'Reilly*
                                             Charles A. O'Reilly
                                             Special Assistant United States Attorney