In The United States District Court
For The Northern District of Oklahoma

Lindsey Kent Springer

    Movant

v.

                         Case No. 13-CV-145

United States of America     (Formerly 09-CR-043)

    Respondent

**FILED**

APR 24 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Motion To Reconsider

    Lindsey Kent Springer ("Movant") moves this Court for
the Northern District of Oklahoma to reconsider the March
4, 2014 order identifying grounds proceeding to step Two.

    The order identifies grounds 1 to 14, 28 to 30, 32 to 37,
39, 41 to 44, 46, 48-49, 51, 53 to 67 and 75 to move to
Step Two. Order at 11. However, ground 59 lists grounds
31, 38, 40, 45, 47 and 52 which were excluded from the
list. See Doc 472, pg 69

    Furthermore, ground 37 listed two reasons why it
is raised, Doc 472, pg 47. Movant explains, in addition to
Sixth Amendment ineffective appellate counsel, the "Government
withheld evidence or had not compiled the information in
a manner that made it discoverable." I

    1. Grounds 31, 38, 40, 45, 47, and 52

    In Sanders v. U.S., 373 U.S. 1, 16 (1963) the term

1

                             ✓Mail    ___ No Cert Svc    ___ No Orig Sign
              ___ C/J    ___ C/MJ    ___ C/Ret'd    ___ No Env
              No Cpys    ✓ No Env/Cpys    ___ O/J   ___ O/MJ

"ground" means "simply a sufficient legal basis for granting the relief sought by the applicant." Identical grounds may often be proved by different factual allegations. Id. Also, identical grounds may often be supported by different legal arguments, or "couched in different language." Id. Any doubts "should be resolved in favor of the applicant." Id.

Movant clearly listed grounds 31, 38, 40, 45, 47 and 52 in ground 59. To the extent the March 4, 2014 order could be read to exclude grounds 31, 38, 40, 45, 47, and 52, though ground 59 is included within the ground that moved to Step Two, an order should issue including grounds 31, 38, 40, 45, 47, and 52 in those Sixth Amendment ineffective appellate counsel grounds included within Step Two.


2. Ground 37

Ground 37 arises as a Sixth Amendment ineffective appellate counsel ground and is included for that reason in the list of grounds that moved to Step Two. However, what is not clear by the March 4, 2014 order is whether Respondent is required to address the withholding of evidence involving selective prosecution claims made by Movant before Trial that were denied based upon failing to provide sufficient evidence to support the claim.


2

To establish a Brady violation, movant must show "(1) prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense." Scott v. Mullin, 303 F.3d 1222, 1230 (10th Cir. 2002) citing Brady v. Maryland, 373 U.S. 83 (1963) (same year as Sanders)

A criminal defendant, on the other hand, claiming selective prosecution must prove "that the Federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." U.S. v. DeChristopher, 695 F.3d 1082, 1097 (10th Cir. 2012); citing U.S. v. Armstrong, 517 U.S. 456, 465 (1996).

"In order to obtain discovery concerning selective prosecution, Defendant must satisfy the rigorous standard' of making 'a credible showing' of both discriminatory effect and discriminatory intent." DeChristopher, 695 F.3d at 1097; Armstrong, 517 U.S. at 468-470

"In order to succeed on a Selective Prosecution claim, a defendant must establish two elements. '[i] the Federal prosecutorial policy had a discriminatory effect and [2] it was motivated by a discriminatory purpose." U.S. v. Alcarez-Arellano, 441 F.3d 1252, 1264 (10th Cir 2006); See also U.S. v Wilson, 503 Fed Appx 598, 602 (10th Cir. 2012)(unpublished).

To demonstrate a discriminatory effect, he "must

3

show Similarly-situated individuals... were not pro-
secuted." Alcarez-Arellano, 441 F.3d at 1264

"Defendants are Similarly situated when their
circumstances present no distinguishable legitimate
prosecutorial Factors that might justify making
different
U.S. v. Deberry, 430 F.3d 1294, 1301 (10th Cir. 2005)
"And the discriminatory-purpose element requires
a showing that discriminatory intent was a motivating
Factor in the decision to enforce the criminal law
against the defendant. Discriminatory intent can be
shown by either direct or circumstantial evidence."
Alcarez-Arellano, 441 F.3d at 1264.


   A. Evidence of Discriminatory effect.
      Movant provided several examples that the decision
to pursue Movant was based upon a Discriminatory
effect. Movant attached Newspaper Articles showing
during the same time period, 2009, more than 33,000
people were not criminally prosecuted for obvious
evasion of assessment after depositing Billions of
U.S. currency in Foreign banks. Doc 474, Exh. 8
      Movant was labeled a Tax Protestor and clearly
outspoken regarding the IRS and its policies. That
Fact seems to be the only Fact distinguishing Movant
From the 33,000 people.

4

movant also showed that more than 2.5 million people are known by the IRS to have filed false or fraudulent tax returns, during the same time period as prosecution of movant, but movant was prosecuted and the 2.5 million were not. Doc 474, Exh. 7.

It is well known that 13 million plus illegal immigrants are present in the United States, violating State and Federal laws daily, including Federal Tax laws, and none are charged with tax crimes. See Arizona v. U.S, 183 LEd 2d 351, 368 (2012). ("Hundreds of Thousands of deportable aliens are apprehended in Arizona each year, Dept. of Homeland Security, Office of Immigration Statistics, 2010 Yearbook of Immigration Statistics 93 (2011) (Table 35) (6% of Arizona's Population alone).

There can be no rebuttal about Drug Crimes being Tax crimes.

whether it be the 33,000, 2.5 million, 13 million, or drug dealers, the effect is clear. Movant was prosecuted while more than 15,533,000 were not. what possibly did Movant do to deserve such distinction?

Movant had a ministry named Bondage Breakers Ministry whose mission was to "get rid of the IRS." Doc 2, pg 1. Movant was outspoken about IRS abuses. Movant procured an address on the internet. Movant traveled and Spoke about what our Country needed

5

to charge.

Movant has definitely demonstrated "similarly-situated individuals" were not prosecuted.


B. Evidence of Discriminatory Purpose


Movant has also shown Discriminatory purpose or intent. Free Speech exercise goes to "discriminatory intent." DeChristopher, 695 F.3d 1082, 1097 (10th Cir. 2012). "The discriminatory purpose need not be the only purpose, but it must be a motivating factor in the decision." Marshall v. Columbia Lea Reg'l Hosp., 345 F.3d 1157, 1166-68 (10th Cir. 2003)

Discriminatory purpose "involves a decisionmaker's undertaking a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group." Pers Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979)

Just examining the June 3, 2005 institutional commitment to pursue grand jury charges for the same Taxes and years Brian Shern and Melody Noble Nelson used to obtain an Internal Revenue Service search warrant, three months later, shows bad faith on the part of the United States attorney and the Secretary of the Treasury's IRS. See Doc 474, Exh. 15

The Fact David E. O'Meilia never received authorization

to criminally prosecute Movant from the Secretary of
the Treasury, and Department of Justice, easily satisfies
the discriminatory purpose.

The grand jury alleges Movant's mission was to get
rid of the IRS. Doc 2, pg 1 Could anyone doubt such
a claim might trigger a discriminatory purpose to
prosecute Movant based on these words?

A motion to dismiss based on a claim of selective
prosecution requires evidence of both selectivity and
a constitutionally impermissible basis for selectivity. Borden
Kircher v. Hayes, 434 U.S. 357, 364 (1978)

"To punish a person because he has done what
the law plainly allows him to do is a due process violation
of the most basic sort, see North Carolina v. Pearce,
[395 U.S. 711, 725 (1969)]... and for an agent of the state
to pursue a course of action whose objective is to
penalize a person's reliance on his legal rights is
'patently unconstitutional.'" Bordenkircher, 434 U.S. at 363
citing Chaffin v. Stynchcombe, 412 U.S 17, 32-33 (1973)

There is no doubt the IRS selected Movant in effort
to deprive Movant of liberty and property for the claim
Movant failed willfully to file Form 1040 United States
Individual Income Tax Returns. See Doc 2, ¶¶ 6, 14,
41, 43, 45, 47, and 49.

The fact the grand jury alleged Form 1040 United
States Individual Income Tax Returns in an indictment

prepared by O'Meilia, O'Reilly, and Snoke, shows the discriminatory purpose imbedded in the purpose to prosecute Movant.

The Tenth Circuit clearly held Form 1040 United States Individual Income Tax Returns were divorced from the laws requirement to file a tax return. US v. Springer, 444 Fed Appx 256, 262 (10th Cir. 2011) ("There is no substantive obligation or crime arising out of Form 1040").

Yet, when required to file Two Bills of Particulars Respondent explains the obligation to file an individual income tax return must be satisfied through Form 1040. See Doc 104 (listing 26 U.S.C § 6011) and Doc 201 (listing 26 CFR §§ 1.6011-1).

Congress mandates no return to be filed "of any tax imposed by subtitle A" "other than on paper forms supplied by the Secretary." See 26 U.S.C § 6011 (e).

And what about switching Tax Returns out of 26 U.S.C § 6091 (b), involving 26 U.S.C §§ 6011 and 6012 ["In the case of returns of tax required under authority of Part II of this subchapter"], and into § 6091 (a)?

Only discriminatory effect and purpose can cause a law that is supposed to be fixed move around like the wind.

Movant has clearly satisfied the decision to prosecute was solely based upon the arbitrary classification

of "tax defier" and "tax protester" and due to Movant's ministry mission and public web page showing Form 1040 violated the PRA

## Conclusion

Movant requests an order be issued reconsidering and clarifying grounds 31, 38, 40, 45, 47, 52, regarding ineffective Sixth Amendment Appellate Counsel claims, and ground 37 involving Government withholding evidence, or that such evidence was not then available, move that part of ground 37 into Step Two's Merits phase

Respectfully

Lindsey K Springer

Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 85021

9

## Certificate of Service

I hereby certify that on April 17, 2014, I mailed First Class the above Motion To Reconsider to the Clerk of Court, 333 West Fourth St., Tulsa Oklahoma, 74103;

I further certify that all parties shall receive Service of the above motion Through this Court's ECF System;

Denny C. Williams Sr.

Charles A. O'Reilly

Jeffrey A. Gallant

*Lindsey K Springer*
declarant

## Declaration of Mailing

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on April 17, 2014 I deposited the above Motion in the US mailbox located inside FSL La Tuna to the address above.

*Lindsey K Springer*
declarant



Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail."

RECEIVED

APR 24 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

74103-3699 C005

09-CR-43-SPF

⇔ 02580-063 ⇔
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

No postmark