IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CR-043-SPF |
| ) | |
| LINDSEY KENT SPRINGER, ) | |
| ) | |
| Defendant. ) | |

### ORDER
(on doc. no. 549)

The United States moves for an order directing defendant Lindsey Kent Springer to retrieve records and other documents seized from him, and authorizing the destruction of $10.00 in counterfeit currency also seized from him. Doc. no. 549. Mr. Springer objects.

The government states that it wants to return the seized property (other than the counterfeit money), provided Mr. Springer, who is incarcerated, follows certain procedures. The government seeks an order requiring Mr. Springer to retrieve the seized materials by a date certain, after designating an agent for that purpose. The government's proposed order submitted with the motion would direct Mr. Springer to arrange for Mr. Springer's agent to retrieve the materials before a certain deadline, and would direct Mr. Springer to personally sign a notarized statement specifically identifying the person who will pick up the materials, requiring that such statement be provided to the Internal Revenue Service when the materials are retrieved by Mr. Springer's designated agent. The government's proposed order would also authorize

the United States to destroy any materials which might remain in the government's possession after the deadline for the retrieval.

Mr. Springer makes various arguments regarding the contended unlawfulness of the search, despite the fact that search has previously been upheld. He also objects to the government's procedures for effecting the return of his property. He states that the government can deliver the four boxes of materials to an address which he will provide, a delivery which he will authorize by his signature. He states, however, that he will not permit the government to contend everything has been returned until he has been provided with an opportunity to inspect the boxes' content or has viewed an itemized list of the contents of each box, and until he is provided with a custody report of the items in the boxes through the time of their return.[1]

Mr. Springer previously sought the return of seized property under Fed. R. Crim. P., Rule 41(g). That motion, which made a variety of arguments and sought other relief, was denied as frivolous. Doc. no. 552. At the time the court denied that motion, it noted that the United States was attempting to return the property and that there was a pending motion by the government not yet at issue, which sought the court's assistance in that regard. The referred to motion is the instant motion.

Under both Rule 41(g) and the case law, the court is given discretion to determine appropriate conditions for effecting the transfer of seized property back to a criminal defendant. For example, Rule 41(g) provides that if a court grants a motion for return of property, the court may impose reasonable conditions to protect access to the property and its use in later proceedings.[2] And see generally, <u>United States v. Rodriguez-Aguirre</u>, 264 F.3d 1195, 1213, and n.13 (10th Cir. 2001) (non-contraband

---

[1]The court notes that the motion includes an inventory identification of the items seized pursuant to the warrant. Doc. no. 549-3.

[2]The government states that if the United States needs materials from the seized records, retained copies will suffice.

property of the accused, seized by officers and used as evidence, generally will be returned to him "on *proper* application," emphasis added; there is no right to return of contraband per se, which consists of objects which are intrinsically illegal, the possession of which, without more, constitutes a crime).

In this case, the government proposes reasonable steps to ensure proper retrieval of the property in question, to memorialize Mr. Springer's authority for that transaction to occur, and to ensure that the transfer is made to Mr. Springer's designated agent.  Mr. Springer should not be allowed to thwart the government's attempts to return the property by objecting to the government's reasonable procedures.  Nor, by his refusal to cooperate with those procedures, should Mr. Springer be able to effectively require the government to hold the property indefinitely.  Accordingly, while the court will not force Mr. Springer to comply with the government's procedures, the court will direct that if Mr. Springer does not comply with the procedures proposed by the government for effecting the return of the property, the government is then authorized to destroy the property in question.

The motion is **GRANTED** to the following extent.  If Mr. Springer still seeks the return of his property, he shall arrange for an agent to contact Mr. Jeffrey Gallant, an Assistant United States Attorney located in Tulsa who signed the motion, or Mr. Gallant's representative for that purpose, within thirty days of the date of this order, for the purpose of making more specific arrangements with the government regarding retrieval of the materials in question.  Retrieval of the documents from the government, by the agent designated by Mr. Springer, shall occur no later than sixty days from the date of this order. Mr. Springer shall personally sign a notarized statement specifically identifying the person who will pick up his materials.  That signed notarized statement must be provided to the Internal Revenue Service when the materials are retrieved by the agent on Mr. Springer's behalf.  If Mr. Springer does not timely comply with these procedures (or reach an agreement with the government

through his agent or otherwise regarding additional time to comply, an agreement which need not involve the court), the United States is authorized to destroy any of the materials which then remain in the government's possession. In addition, the United States is authorized to immediately destroy the single United States $10 counterfeit bill seized during the execution of the search warrant.

Dated this 11th day of June, 2014.

*[signature]*

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p122.PO.wpd