**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No.09-cr-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## ORDER

Mr. Springer has filed a "Motion for Release Pending Disposition of 2255 Proceeding," doc. no. 577, with a supporting affidavit, doc. no. 578.  The motion states that it is brought pursuant to 28 U.S.C. § 1651, § 2241, § 2255, and the court's inherent power. Doc. no. 577, p. 6.

*28 U.S.C. § 1651.*  Section 1651 grants the Supreme Court and federal courts the power to issue writs.  Absent some other basis for relief, § 1651 is of no help to movant here.

*28 U.S.C. § 2241.*  A petition brought under § 2241 attacks the execution of a sentence rather than its validity, and must be filed in the district where the prisoner is confined.  Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  Mr. Springer requests release "due to having served all the sentence of counts 1, 4, 5 and 6," and he makes various arguments as to why his sentence, as it is being imposed, is illegal and unconstitutional. Doc. no. 577, p. 30.  His supporting affidavit states that "Based upon 60 month maximum and having to serve 87% equals 52 months and 6 days of the 60 months.  I have served 50 months and 9 days minus 1-day equals 50 months 8-

days. Based upon the errors shown in my motion I should be in a halfway house at present if my arguments are correct." Doc. no. 578, p. 2. The court finds that Mr. Springer's filings should primarily be construed as a petition attacking the calculation and execution of Mr. Springer's sentence, pursuant to § 2241.

As previously stated, a petition for relief under § 2241 must be filed in the district where the prisoner is confined. Jurisdictional defects which arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631; United States v. Tamayo, 162 Fed. Appx. 813, 815 (10th Cir. 2006), not published, cited here pursuant to the limitations stated in the Tenth Circuit Rules for citing unpublished decisions. Accordingly, construed as a petition for relief under § 2241, this court has no jurisdiction over such a motion and his filings will be transferred to the custodial court.

*28 U.S.C. § 2255.* As he cites § 2255, it appears Mr. Springer asserts that §2255 provides authority for his filings. Mr. Springer has previously presented grounds for relief under § 2255. Indeed, that action is currently pending before the undersigned. All second or successive motions for relief under §2255 must be certified by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). That has not occurred here. When a second or successive §2255 claim is filed in the district court without the required authorization from the circuit, the district court may transfer to the circuit if it determines it is in the interest of justice to do so, or the district court may dismiss the motion or petition for lack of jurisdiction. United States v. Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Transfer to the circuit of any grounds for relief raised under §2255 is not in the interest of justice, and any such grounds are dismissed without prejudice for lack of jurisdiction.

*Inherent power.*  No basis has been shown for the court to exercise any inherent power to grant the relief requested by Mr. Springer.

Rulings

To the extent that the filings at doc. nos. 577 and 578 challenge the calculation of and execution of Mr. Springer's sentence, those filings are construed as a petition for relief under 28 U.S.C. § 2241, over which this court has no jurisdiction as it is not the custodial court. The filings at doc. nos. 577 and 578 are **TRANSFERRED** to the United States District Court for the District of New Mexico, the federal judicial district in which the institution where Mr. Springer is in custody (FCI La Tuna, Anthony, New Mexico, 88021) is located.  The clerk is **DIRECTED** to effect the transfer. Any claims for relief brought under 28 U.S.C. § 2255 are **DISMISSED** without prejudice for lack of jurisdiction.

Dated this 15th day of July, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p127.wpd

-3-