APPEAL,CUSTODY,LC–1

# U.S. District Court
## U.S. District Court for the Northern District of Oklahoma (Tulsa)
## CRIMINAL DOCKET FOR CASE #: 4:09–cr–00043–SPF–1

Case title: USA v. Springer et al

Other court case numbers:   09–5165 10th Circuit Court

                                    10–5101 10th Circuit

                                    11–10096 US Supreme Court

                                    13–5113 10th Circuit

Related  Case:   4:13–cv–00145–SPF–TLW

Date Filed: 03/10/2009

Date Terminated: 04/28/2010

---

Assigned to: Judge Stephen P Friot

Appeals court case numbers:
'10–5055 (#340)' '10th Circuit',
10–5156 (#428) 10th Circuit,
11–5053 (#447) 10th Circuit,
13–5062 (#497) 10th Circuit,
14–5047 (#554) 10th Circuit

**Defendant (1)**

**Lindsey Kent Springer**
*TERMINATED: 04/28/2010*

represented by   **Lindsey Kent Springer**
#02580–063
FCI La Tuna
PO BOX 6000
ANTHONY, NM 88021
PRO SE

**Jerold W Barringer**
P O BOX 213
NOKOMIS, IL 62075
217–563–2646
*TERMINATED: 04/21/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA or Other Appointment*

**Robert Scott Williams**
Taylor Ryan Minton Van Dalsem &Williams PC
1437 S BOULDER AVE STE 1080
TULSA, OK 74119
918–749–5566
Fax: 918–749–9531
Email: law@trsvlaw.com
*TERMINATED: 04/27/2010*
*LEAD ATTORNEY*
*Designation: Public Defender or Community*

*Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18 USC 371: Conspiracy to Defraud the United States (1) | BOP 60 months; SR 3 years; Restitution $771,529; SMA $100 |
| 26 USC 7201: Tax Evasion (2) | BOP 60 months consecutive to Ct 1; SR 3 years; SMA $100 |
| 26 USC 7201: Tax Evasion and 18 USC 2 (3) | BOP 60 months consecutive to Ct 12 SR 3 years; SMA $100 |
| 26 USC 7201: Tax Evasion and 18 USC 2 (4) | BOP 60 months concurrent to Ct 1,2,3; SR 3 years; SMA $100 |
| 26 USC 7203: Failure to File Tax Return (5–6) | BOP 12 months concurrent to Ct 1,2,3; SR 1 year; SMA $25 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

**USA**                 represented by   **Charles Anthony O'Reilly**
US Department of Justice (Box 972)
P O Box 972
Washington, DC 20044
202–616–0115
Email: charles.a.o'reilly@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Andrew Gallant**
United States Attorney's Office (Tulsa)

110 W 7TH ST STE 300
TULSA, OK 74119–1013
918–382–2715
Fax: 918–560–7954
Email: Jeff.Gallant@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth P Snoke**
United States Attorney's Office (Tulsa)
110 W 7TH ST STE 300
TULSA, OK 74119–1013
918–382–2700
Fax: 918–560–7946
Email: ken.snoke@usdoj.gov
*TERMINATED: 06/08/2010*
*LEAD ATTORNEY*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/10/2009 | 1 | | DEFENDANT INFORMATION SHEET(S) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 03/10/2009) Contains One or More Restricted PDFs |
| 03/10/2009 | 2 | | INDICTMENT by USA as to Lindsey Kent Springer (1) count(s) 1, 2, 3–4, 5–6, Oscar Amos Stilley (2) count(s) 1, 3–4 (pll, Dpty Clk) (Entered: 03/10/2009) |
| 03/10/2009 | 3 | | SUMMONS Issued by Court Clerk as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 03/10/2009) Contains One or More Restricted PDFs |
| 03/18/2009 | 5 | | MOTION for Electronic Access by Lindsey Kent Springer as to Lindsey Kent Springer (sjm, Dpty Clk) (Entered: 03/18/2009) |
| 03/18/2009 | 6 | | MOTION for In Camera Review of Fifth Amendment Proffer by Lindsey Kent Springer (sjm, Dpty Clk) (Entered: 03/18/2009) |
| 03/18/2009 | 7 | | BRIEF in Support of Motion (Re: 6 MOTION for In Camera Review of Fifth Amendment Proffer ) by Lindsey Kent Springer (sjm, Dpty Clk) (Entered: 03/18/2009) |
| 03/18/2009 | 8 | | MOTION for Bill of Particulars by Lindsey Kent Springer (sjm, Dpty Clk) (Entered: 03/18/2009) |
| 03/18/2009 | 9 | | MINUTE ORDER *by Judge Payne, due to Court conflict*, recusing Judge James H Payne, *this case is hereby returned to the Court Clerk for further reassignment,* Court Clerk reassigned to case as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 03/18/2009) |
| 03/18/2009 | 10 | | MINUTES of Proceedings – held before Magistrate Judge Paul J Cleary: Initial Appearance held on 3/18/2009, Arraignment held on 3/18/2009, appointing CJA attorney Robert Scott Williams for Lindsey Kent Springer, setting/resetting bond as to Lindsey Kent Springer (Court Reporter: C1) (kjp, Dpty Clk) (Entered: 03/18/2009) |

| 03/18/2009 | 11 | | ORDER by Magistrate Judge Paul J Cleary *(for purposes of initial appearance only)*, appointing CJA attorney as to Lindsey Kent Springer (kjp, Dpty Clk) (Entered: 03/18/2009) |
|---|---|---|---|
| 03/18/2009 | 12 | | ORDER by Magistrate Judge Paul J Cleary, setting conditions of release as to Lindsey Kent Springer (kjp, Dpty Clk) (Entered: 03/18/2009) |
| 03/18/2009 | 13 | | BOND approved by Magistrate Judge Paul J Cleary as to Lindsey Kent Springer (kjp, Dpty Clk) (Entered: 03/18/2009) |
| 03/19/2009 | 18 | | ORDER by Magistrate Judge Paul J Cleary *directing defendants regarding representation*, setting/resetting deadline(s)/hearing(s): *(copy of Order mailed to both defendants on 3/19/09)* ( Miscellaneous Deadline set for 3/30/2009) as to Lindsey Kent Springer, Oscar Amos Stilley (kjp, Dpty Clk) (Entered: 03/19/2009) |
| 03/23/2009 | 19 | | RESPONSE (Re: 8 MOTION for Bill of Particulars, 5 MOTION for Electronic Access, 7 Brief in Support of Motion, 6 MOTION for In Camera Review of Fifth Amendment Proffer ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (Snoke, Kenneth) (Entered: 03/23/2009) |
| 03/24/2009 | 20 | | MOTION to Withdraw Attorney(s) *R. Scott Williams* by Lindsey Kent Springer as to Lindsey Kent Springer (Williams, Robert) Modified on 3/25/2009 to reference to Oscar Stilley (tjc, Dpty Clk). (Entered: 03/24/2009) |
| 03/24/2009 | 21 | | MOTION for Hearing (Re: 20 MOTION to Withdraw Attorney(s) ) by Lindsey Kent Springer as to Lindsey Kent Springer (Williams, Robert) Modified on 3/25/2009 to remove reference to Oscar Stilley (tjc, Dpty Clk). (Entered: 03/24/2009) |
| 03/25/2009 | | | NOTICE of Docket Entry Modification; Error: During e−filing the attorney was prompted to select a case, all defendants were selected; Correction: Edited docket text to remove Oscar Stilley as these pleadings did not name him (Re: 20 MOTION to Withdraw Attorney(s), 21 MOTION for Hearing ) as to Lindsey Kent Springer, Oscar Amos Stilley (tjc, Dpty Clk) (Entered: 03/25/2009) |
| 03/25/2009 | 22 | | MINUTE ORDER by Magistrate Judge Paul J Cleary, setting/resetting deadline(s)/hearing(s): ( Miscellaneous Hearing set for 3/30/2009 at 02:30 PM before Magistrate Judge Paul J Cleary) as to Lindsey Kent Springer, Oscar Amos Stilley (kjp, Dpty Clk) (Entered: 03/25/2009) |
| 03/30/2009 | 23 | | MINUTES of Proceedings − held before Magistrate Judge Paul J Cleary: Miscellaneous Hearing held on 3/30/2009 *re Representation; Defendants Waive Counsel*, ruling on motion(s)/document(s): #5 granted, striking/terminating deadline(s)/hearing(s) as to Lindsey Kent Springer, Oscar Amos Stilley (Re: 5 MOTION for Electronic Access ) (Court Reporter: C1) (kjp, Dpty Clk) (Entered: 03/31/2009) |
| 03/31/2009 | 24 | | MINUTE ORDER *by Court Clerk at the direction of Chief Judge Claire V. Eagan*, reassigning case to Judge Stephen P Friot. Court Clerk no longer assigned to case, changing case number to 09−CR−43−SPF as to Lindsey Kent Springer, Oscar Amos Stilley (a−hc, Dpty Clk) (Entered: 03/31/2009) |
| 04/01/2009 | 25 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Protective Order by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 04/01/2009) |
| 04/02/2009 | 26 | | ORDER by Judge Stephen P Friot *(Protective Order)*, ruling on motion(s)/document(s): #25 Granted (Re: 25 MOTION for Protective Order ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 04/02/2009) |
| 04/03/2009 | 27 | | ORDER by Magistrate Judge Paul J Cleary *Appointing Standby Counsel*, adding attorney Robert Scott Williams for Lindsey Kent Springer, Charles Robert Burton, IV for Oscar Amos Stilley, ruling on motion(s)/document(s): #20 and #21 moot (Re: 20 MOTION to Withdraw Attorney(s) *R. Scott Williams*, 21 MOTION for Hearing ) as to Lindsey Kent Springer, Oscar Amos Stilley (kjp, Dpty Clk) (Entered: 04/03/2009) |
| 04/07/2009 | 29 | | ORDER by Judge Stephen P Friot, setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 4/22/2009 at 10:00 AM before Judge Stephen P Friot, Scheduling Conference set for 4/22/2009 at 10:00 AM before Judge Stephen P Friot) (Re: 8 MOTION for Bill of Particulars, 6 MOTION for In Camera Review of Fifth Amendment Proffer ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 04/07/2009) |
| 04/07/2009 | 30 | | MOTION to Clarify *appointment of Honorable Judge Stephen P. Friot* by Lindsey Kent Springer (Springer, Lindsey) (Entered: 04/07/2009) |
| 04/08/2009 | 32 | | ORDER by Judge Stephen P Friot *: setting Motion for hearing on 4/22/09* (Re: 30 MOTION to Clarify *appointment of Honorable Judge Stephen P. Friot* ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 04/08/2009) |
| 04/10/2009 | 33 | | MOTION for Bill of Particulars by Oscar Amos Stilley as to Lindsey Kent Springer, Oscar Amos Stilley (Stilley, Oscar) (Entered: 04/10/2009) |
| 04/10/2009 | 34 | | ORDER by Judge Stephen P Friot *: setting Motion for hearing on 4/22/09* (Re: 33 MOTION for Bill of Particulars, 29 Order,,,, Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s) ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 04/10/2009) |
| 04/13/2009 | 35 | | MOTION for Protective Order *Pending Prospective Franks Hearing* by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 04/13/2009) |
| 04/13/2009 | 36 | | MOTION to Unseal Document(s) *in 03−CR−55E* (Re: 35 MOTION for Protective Order *Pending Prospective Franks Hearing* ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 04/13/2009) |
| 04/13/2009 | 37 | | MOTION Request for Release of Affidavit and Transcript surrounding issuance of Search Warrant dated 9.15.05 by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 04/13/2009) |
| 04/13/2009 | 38 | | ORDER by Judge Stephen P Friot, setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 4/22/2009 at 10:00 AM before Judge Stephen P Friot) (Re: 37 MOTION Request for Release of Affidavit and Transcript surrounding issuance of Search Warrant dated 9.15.05, 35 MOTION for Protective Order *Pending Prospective Franks Hearing*, 36 MOTION to Unseal Document(s) *in 03−CR−55E* ) as to Lindsey Kent Springer (hbo, |

| | | | |
|---|---|---|---|
| | | | Dpty Clk) (Entered: 04/13/2009) |
| 04/15/2009 | 39 | | MOTION Unopposed Motion for Limited Unsealing of Search Warrant and Affidavit and Materials from Case 03–CR–055–CVE by USA as to Lindsey Kent Springer, Oscar Amos Stilley (Snoke, Kenneth) (Entered: 04/15/2009) |
| 04/15/2009 | 40 | | NOTICE NOTICE RE GOVERNMENT MOTION FOR LIMITED UNSEALING OF SEARCH WARRANT AFFIDAVIT AND MATERIALS FROM CASE 03–CR–043–CVE (Re: 39 MOTION Unopposed Motion for Limited Unsealing of Search Warrant and Affidavit and Materials from Case 03–CR–055–CVE ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (O'Reilly, Charles) (Entered: 04/15/2009) |
| 04/16/2009 | 41 | | ORDER by Judge Stephen P Friot *setting Motion for Hearing on 4/22/09* (Re: 39 MOTION Unopposed Motion for Limited Unsealing of Search Warrant and Affidavit and Materials from Case 03–CR–055–CVE ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 04/16/2009) |
| 04/16/2009 | 42 | | RESPONSE in Opposition to Motion *Consolidated* (Re: 37 MOTION Request for Release of Affidavit and Transcript surrounding issuance of Search Warrant dated 9.15.05, 33 MOTION for Bill of Particulars, 8 MOTION for Bill of Particulars, 35 MOTION for Protective Order *Pending Prospective Franks Hearing*, 30 MOTION to Clarify *appointment of Honorable Judge Stephen P. Friot*, 6 MOTION for In Camera Review of Fifth Amendment Proffer, 36 MOTION to Unseal Document(s) *in 03–CR–55E* ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (O'Reilly, Charles) (Entered: 04/16/2009) |
| 04/22/2009 | 43 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Motion Hearing held on 4/22/2009, Scheduling Conference held on 4/22/2009, ruling on motion(s)/document(s): #30 Granted, #6, 8, 33 Denied, #36, 37, 39 Granted in Part, Denied in part, taking motion(s) under advisement, setting/resetting deadline(s)/hearing(s): ( Motions due by 6/1/2009, Responses due by 6/15/2009, Motion Hearing set for 7/9/2009 at 09:00 AM before Judge Stephen P Friot, Jury Instructions, Voir Dire &Trial Briefs due by 8/3/2009, Pretrial Conference set for 10/21/2009 at 10:00 AM before Judge Stephen P Friot, Jury Trial set for 10/26/2009 at 09:30 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (Re: 37 MOTION Request for Release of Affidavit and Transcript surrounding issuance of Search Warrant dated 9.15.05, 33 MOTION for Bill of Particulars, 8 MOTION for Bill of Particulars, 39 MOTION Unopposed Motion for Limited Unsealing of Search Warrant and Affidavit and Materials from Case 03–CR–055–CVE, 35 MOTION for Protective Order *Pending Prospective Franks Hearing*, 30 MOTION to Clarify *appointment of Honorable Judge Stephen P. Friot*, 6 MOTION for In Camera Review of Fifth Amendment Proffer, 36 MOTION to Unseal Document(s) *in 03–CR–55E* ) (Court Reporter: Tracy Washbourne) (pll, Dpty Clk) (Entered: 04/22/2009) |
| 04/27/2009 | 44 | | REPLY to Response to Motion (Re: 35 MOTION for Protective Order *Pending Prospective Franks Hearing* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 04/27/2009) |

| 04/29/2009 | 46 | ORDER by Judge Stephen P Friot, setting/resetting deadline(s)/hearing(s): ( Responses due by 5/11/2009) (Re: 44 Reply to Response to Motion ) as to Lindsey Kent Springer, Oscar Amos Stilley (sjm, Dpty Clk) Modified on 5/1/2009 to seal PDF, as ENTERED IN ERROR; duplicate entry see Doc # 45 for correct entry (tjc, Dpty Clk). (Entered: 04/30/2009) Contains One or More Restricted PDFs |
| --- | --- | --- |
| 04/30/2009 | 45 | ORDER by Judge Stephen P Friot *directing surreply* (Re: 35 MOTION for Protective Order *Pending Prospective Franks Hearing*, 44 Reply to Response to Motion ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 04/30/2009) |
| 05/01/2009 | | NOTICE of Docket Entry Modification; Error: Duplicate entry, ENTERED IN ERROR; Correction: Sealed PDF as this was a duplicate entry; see Doc # 45 for correct entry (Re: 46 Order,, Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s),, ) as to Lindsey Kent Springer, Oscar Amos Stilley (tjc, Dpty Clk) (Entered: 05/01/2009) |
| 05/01/2009 | 47 | NOTICE *of* Request pursuant to Fed.R.Cr.Pr.Rule 16(a)(1)(G) as to Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/01/2009) |
| 05/06/2009 | 48 | SURREPLY to Motion (Re: 35 MOTION for Protective Order *Pending Prospective Franks Hearing* ) by USA as to Lindsey Kent Springer (Snoke, Kenneth) (Entered: 05/06/2009) |
| 05/08/2009 | 49 | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *July 9, 2009, Hearing on Motion for Franks Issue and/or Suppress* (Re: 43 Minutes of Motion Hearing,,,,,, Minutes of Scheduling Conference,,,,,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s) ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (O'Reilly, Charles) (Entered: 05/08/2009) |
| 05/12/2009 | 50 | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #49 Granted in Part, setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 7/2/2009 at 09:00 AM before Judge Stephen P Friot) (Re: 49 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 05/12/2009) |
| 05/15/2009 | 51 | First MOTION to Dismiss Indictment/Information/Complaint *for lack of venue* (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |

| 05/15/2009 | 52 | | First BRIEF in Support of Motion (Re: 51 First MOTION to Dismiss Indictment/Information/Complaint *for lack of venue* ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 05/15/2009) |
|---|---|---|---|
| 05/15/2009 | 53 | | Second MOTION to Dismiss Indictment/Information/Complaint *for violations of Paperwork Reduction Act of 1995* (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 54 | | Second BRIEF in Support of Motion (Re: 53 Second MOTION to Dismiss Indictment/Information/Complaint *for violations of Paperwork Reduction Act of 1995* ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 55 | | Third MOTION to Dismiss Indictment/Information/Complaint *pursuant to CIR v. Duberstein* (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 56 | | Third BRIEF in Support of Motion (Re: 55 Third MOTION to Dismiss Indictment/Information/Complaint *pursuant to CIR v. Duberstein* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 57 | | Fourth MOTION to Dismiss Indictment/Information/Complaint *for failure to allege tax deficiency element* (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 58 | | Fourth BRIEF in Support of Motion (Re: 57 Fourth MOTION to Dismiss Indictment/Information/Complaint *for failure to allege tax deficiency element* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 59 | | Fifth MOTION to Dismiss Indictment/Information/Complaint *on Fifth Amendment Grounds* (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 60 | | Fifth BRIEF in Support of Motion (Re: 59 Fifth MOTION to Dismiss Indictment/Information/Complaint *on Fifth Amendment Grounds* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 61 | | Sixth MOTION to Dismiss Count(s) One, Two, Three and Four (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 62 | | Sixth BRIEF in Support of Motion (Re: 61 Sixth MOTION to Dismiss Count(s) One, Two, Three and Four ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 63 | | Seventh MOTION to Dismiss Indictment/Information/Complaint *for failure to allege certain specific provisions* (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 64 | | Seventh BRIEF in Support of Motion (Re: 63 Seventh MOTION to Dismiss Indictment/Information/Complaint *for failure to allege certain specific provisions* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 65 | | Eighth MOTION to Dismiss Indictment/Information/Complaint *violation of* |

| | | |
|---|---|---|
| | | *Fourth/Fifth Amendment and Selective Prosecution* (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 66 | Eighth BRIEF in Support of Motion (Re: 65 Eighth MOTION to Dismiss Indictment/Information/Complaint *violation of Fourth/Fifth Amendment and Selective Prosecution* ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 05/15/2009) |
| 05/15/2009 | 67 | MOTION to Dismiss Indictment/Information/Complaint *for fraud and violation of the 5th Amendment* (Re: 2 Indictment ) by Oscar Amos Stilley as to Oscar Amos Stilley (Stilley, Oscar) Modified on 5/18/2009 to remove defendant Lindsey Springer from text (lml, Dpty Clk). (Entered: 05/15/2009) |
| 05/15/2009 | 68 | BRIEF in Support of Motion *to dismiss for fraud and violation of the 5th Amendment* (Re: 67 MOTION to Dismiss Indictment/Information/Complaint ) by Oscar Amos Stilley as to Oscar Amos Stilley (Stilley, Oscar) Modified on 5/18/2009 to remove Lindsey Springer from text (lml, Dpty Clk). (Entered: 05/15/2009) |
| 05/15/2009 | 69 | JOINDER *of motions filed by Lindsey Springer* (in [51−66] Generally dispositive filed on May 15, 2009) by Oscar Amos Stilley as to Oscar Amos Stilley (Stilley, Oscar) Modified on 5/18/2009 to remove Lindsey Springer from text (lml, Dpty Clk). (Entered: 05/15/2009) |
| 05/18/2009 | | NOTICE of Docket Entry Modification; Error: These documents were filed as to both defendants in error; Correction: Edited docket text and removed Lindsey Kent Springer from text (Re: 67 MOTION to Dismiss Indictment/Information/Complaint *for fraud and violation of the 5th Amendment,* 69 JOINDER (in [51−66] Generally dispositive filed on May 15, 2009), 68 Brief in Support of Motion ) as to Lindsey Kent Springer, Oscar Amos Stilley (lml, Dpty Clk) (Entered: 05/18/2009) |
| 05/26/2009 | 70 | ORDER by Judge Stephen P Friot *vacating the stay entered by the court on 4/22/2009 &directing government to turn over materials to defendant Stilley,* ruling on motion(s)/document(s): #35 denied (Re: 35 MOTION for Protective Order *Pending Prospective Franks Hearing,* 42 Response in Opposition to Motion,, 43 Minutes of Motion Hearing,,,,,, Minutes of Scheduling Conference,,,,,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Taking Motion(s) Under Advisement, Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s), 44 Reply to Response to Motion, 48 Surreply to Motion ) as to Lindsey Kent Springer, Oscar Amos Stilley (djh, Dpty Clk) (Entered: 05/26/2009) |
| 05/29/2009 | 71 | RESPONSE in Opposition to Motion *Fifty−one through Sixty−seven* (Re: 67 MOTION to Dismiss Indictment/Information/Complaint *for fraud and violation of the 5th Amendment,* 59 Fifth MOTION to Dismiss |

| | | |
|---|---|---|
| | | Indictment/Information/Complaint *on Fifth Amendment Grounds*, 63 Seventh MOTION to Dismiss Indictment/Information/Complaint *for failure to allege certain specific provisions*, 69 JOINDER (in [51–66] Generally dispositive filed on May 15, 2009), 55 Third MOTION to Dismiss Indictment/Information/Complaint *pursuant to CIR v. Duberstein*, 51 First MOTION to Dismiss Indictment/Information/Complaint *for lack of venue*, 53 Second MOTION to Dismiss Indictment/Information/Complaint *for violations of Paperwork Reduction Act of 1995*, 65 Eighth MOTION to Dismiss Indictment/Information/Complaint *violation of Fourth/Fifth Amendment and Selective Prosecution*, 57 Fourth MOTION to Dismiss Indictment/Information/Complaint *for failure to allege tax deficiency element*, 61 Sixth MOTION to Dismiss Count(s) One, Two, Three and Four ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 05/29/2009) |
| 06/01/2009 | 74 | MOTION to Suppress by Lindsey Kent Springer (Springer, Lindsey) Modified on 6/2/2009; This is a multi–part motion, see Doc # 77 for second event (tjc, Dpty Clk). (Entered: 06/01/2009) |
| 06/01/2009 | 75 | BRIEF in Support of Motion (Re: 74 MOTION to Suppress *and For Franks Hearing* ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) Modified on 6/2/2009 to seal parts 22, 23 and 24 (s–srb, Dpty Clk). (Entered: 06/02/2009) |
| 06/01/2009 | 77 | MOTION for Hearing *(submitted as part of Doc # 74* ) by Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 06/02/2009) |
| 06/02/2009 | 76 | AFFIDAVIT in Support of Motion (Re: 74 MOTION to Suppress *and For Franks Hearing* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 06/02/2009) |
| 06/02/2009 | | NOTICE of Docket Entry Modification; Error: Document # 74 is a two–part motion, but not all parts were filed; Correction: Filed the remaining motion part as Document # 77 (Re: 74 MOTION to Suppress ) as to Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 06/02/2009) |
| 06/02/2009 | 78 | SEALED MOTION (O'Reilly, Charles) (Entered: 06/02/2009) Contains One or More Restricted PDFs |
| 06/02/2009 | 79 | SEALED ORDER (s–srb, Dpty Clk) Modified on 6/2/2009 to seal pdf and correct docket text(s–srb, Dpty Clk) (Entered: 06/02/2009) Contains One or More Restricted PDFs |
| 06/15/2009 | 80 | RESPONSE in Opposition to Motion *Consolidated* (Re: 77 MOTION for Hearing *(submitted as part of Doc # 74* ), 72 MOTION to Suppress *Grand Jury testimony and evidence*, 74 MOTION to Suppress ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (O'Reilly, Charles) (Entered: 06/15/2009) |
| 06/15/2009 | 81 | REPLY to Response to Motion *to Dismiss* (Re: 59 Fifth MOTION to Dismiss Indictment/Information/Complaint *on Fifth Amendment Grounds*, 63 Seventh MOTION to Dismiss Indictment/Information/Complaint *for failure to allege certain specific provisions*, 55 Third MOTION to Dismiss Indictment/Information/Complaint *pursuant to CIR v. Duberstein*, 51 First MOTION to Dismiss Indictment/Information/Complaint *for lack of venue*, |

| | | |
|---|---|---|
| | | <u>53</u> Second MOTION to Dismiss Indictment/Information/Complaint *for violations of Paperwork Reduction Act of 1995*, <u>65</u> Eighth MOTION to Dismiss Indictment/Information/Complaint *violation of Fourth/Fifth Amendment and Selective Prosecution*, <u>57</u> Fourth MOTION to Dismiss Indictment/Information/Complaint *for failure to allege tax deficiency element*, <u>61</u> Sixth MOTION to Dismiss Count(s) One, Two, Three and Four ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 06/15/2009) |
| 06/15/2009 | <u>82</u> | MOTION for Bill of Particulars by Lindsey Kent Springer (Springer, Lindsey) (Entered: 06/15/2009) |
| 06/17/2009 | <u>85</u> | MINUTE ORDER by Judge Stephen P Friot, setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 7/2/2009 at 09:00 AM before Judge Stephen P Friot), ruling on motion(s)/document(s): #83 Denied (Re:<u>82</u> MOTION for Bill of Particulars, 83 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s)MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 06/17/2009) |
| 06/17/2009 | <u>86</u> | MOTION to Strike Document(s) (Re:<u>81</u> Reply to Response to Motion,,, ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 06/17/2009) |
| 06/18/2009 | <u>87</u> | ORDER by Judge Stephen P Friot *, directing Sur−Reply*, ruling on motion(s)/document(s): #86 Denied (Re:<u>86</u> MOTION to Strike Document(s), <u>67</u> MOTION to Dismiss Indictment/Information/Complaint *for fraud and violation of the 5th Amendment*, <u>59</u> Fifth MOTION to Dismiss Indictment/Information/Complaint *on Fifth Amendment Grounds*, <u>63</u> Seventh MOTION to Dismiss Indictment/Information/Complaint *for failure to allege certain specific provisions*, <u>55</u> Third MOTION to Dismiss Indictment/Information/Complaint *pursuant to CIR v. Duberstein*, <u>51</u> First MOTION to Dismiss Indictment/Information/Complaint *for lack of venue*, <u>53</u> Second MOTION to Dismiss Indictment/Information/Complaint *for violations of Paperwork Reduction Act of 1995*, <u>65</u> Eighth MOTION to Dismiss Indictment/Information/Complaint *violation of Fourth/Fifth Amendment and Selective Prosecution*, <u>57</u> Fourth MOTION to Dismiss Indictment/Information/Complaint *for failure to allege tax deficiency element*, <u>69</u> JOINDER *of motions filed by Lindsey Springer* (in [51−66] Generally dispositive filed on May 15, 2009), <u>61</u> Sixth MOTION to Dismiss Count(s) One, Two, Three and Four ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 06/18/2009) |
| 06/18/2009 | <u>88</u> | SEALED MOTION (s−srb, Dpty Clk) Modified on 6/19/2009 to correct event (s−srb, Dpty Clk). (Entered: 06/19/2009) Contains One or More Restricted PDFs |
| 06/19/2009 | <u>89</u> | SEALED MINUTE ORDER (s−srb, Dpty Clk) (Entered: 06/19/2009) Contains One or More Restricted PDFs |
| 06/19/2009 | <u>90</u> | MOTION for Leave to Exceed Page Limitation by USA as to Lindsey Kent Springer (Snoke, Kenneth) (Entered: 06/19/2009) |
| 06/23/2009 | <u>91</u> | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #90 Granted (Re:<u>90</u> MOTION for Leave to Exceed Page Limitation, <u>67</u> |

| | | |
|---|---|---|
| | | MOTION to Dismiss Indictment/Information/Complaint *for fraud and violation of the 5th Amendment*, 59 Fifth MOTION to Dismiss Indictment/Information/Complaint *on Fifth Amendment Grounds*, 63 Seventh MOTION to Dismiss Indictment/Information/Complaint *for failure to allege certain specific provisions*, 55 Third MOTION to Dismiss Indictment/Information/Complaint *pursuant to CIR v. Duberstein*, 51 First MOTION to Dismiss Indictment/Information/Complaint *for lack of venue*, 53 Second MOTION to Dismiss Indictment/Information/Complaint *for violations of Paperwork Reduction Act of 1995*, 65 Eighth MOTION to Dismiss Indictment/Information/Complaint *violation of Fourth/Fifth Amendment and Selective Prosecution*, 57 Fourth MOTION to Dismiss Indictment/Information/Complaint *for failure to allege tax deficiency element*, 61 Sixth MOTION to Dismiss Count(s) One, Two, Three and Four ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 06/23/2009) |
| 06/25/2009 | 93 | SURREPLY (Re: 51 First MOTION to Dismiss, 53 Second MOTION to Dismiss, 55 Third MOTION to Dismiss, 57 Fourth MOTION to Dismiss, 59 Fifth MOTION to Dismiss, 61 Sixth MOTION to Dismiss, 63 Seventh MOTION to Dismiss, 65 Eighth MOTION to Dismiss) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (Snoke, Kenneth) Modified on 6/29/2009 to change text to reflect correct event and to change links to reflect base motions (sac, Dpty Clk). (Entered: 06/25/2009) |
| 06/29/2009 | | NOTICE of Docket Entry Modification; Error: wrong event selected (Reply); wrong links made; Correction: changed text to reflect correct event (Surreply); created links to base motions (Re: 93 Reply, ) as to Lindsey Kent Springer, Oscar Amos Stilley (sac, Dpty Clk) (Entered: 06/29/2009) |
| 06/30/2009 | 94 | MOTION to Quash *Subpoenas* by USA as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (O'Reilly, Charles) (Entered: 06/30/2009) |
| 06/30/2009 | 95 | ***Remark: *9 subpoenas returned* as to Lindsey Kent Springer (s–srb, Dpty Clk) (Entered: 07/01/2009) |
| 07/01/2009 | 96 | RESPONSE in Opposition to Motion (Re: 94 MOTION to Quash *Subpoenas* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 07/01/2009) |
| 07/01/2009 | 97 | RESPONSE in Opposition to Motion (Re: 82 MOTION for Bill of Particulars ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 07/01/2009) |
| 07/01/2009 | 98 | Clarification of (Re: 94 MOTION to Quash ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) Modified on 7/2/2009 to correct title of event (pll, Dpty Clk). Modified on 7/2/2009 (pll, Dpty Clk). (Entered: 07/01/2009) |
| 07/01/2009 | 99 | MOTION to Quash *subpoena* by Eddy Lynn Patterson as to Lindsey Kent Springer, Oscar Amos Stilley (sjm, Dpty Clk) Modified on 7/6/2009 to correct file date (lml, Dpty Clk). (Entered: 07/02/2009) |
| 07/02/2009 | 100 | MINUTES of Proceedings – held before Judge Stephen P Friot: Motion Hearing held on 7/2/2009, ruling on motion(s)/document(s): #51,53,55,57,59,61,63,65,67,69,72,74,77,92 Denied, #82 Granted in Part, Denied in part, #94 Moot, striking/terminating deadline(s)/hearing(s) as to |

| | | | |
|---|---|---|---|
| | | | Lindsey Kent Springer, Oscar Amos Stilley (Re: 67 MOTION to Dismiss Indictment/Information/Complaint *for fraud and violation of the 5th Amendment*, 59 Fifth MOTION to Dismiss Indictment/Information/Complaint *on Fifth Amendment Grounds*, 63 Seventh MOTION to Dismiss Indictment/Information/Complaint *for failure to allege certain specific provisions*, 77 MOTION for Hearing *(submitted as part of Doc # 74 )*, 92 JOINDER (in [81; 82] Springer's Reply Regarding Opposition to Springer's Motion to Dismiss; Motion for Bill of Particulars filed on 6/15/2009; 6/15/2009), 69 JOINDER (in [51−66] Generally dispositive filed on May 15, 2009), 55 Third MOTION to Dismiss Indictment/Information/Complaint *pursuant to CIR v. Duberstein*, 94 MOTION to Quash, 51 First MOTION to Dismiss Indictment/Information/Complaint *for lack of venue*, 53 Second MOTION to Dismiss Indictment/Information/Complaint *for violations of Paperwork Reduction Act of 1995*, 65 Eighth MOTION to Dismiss Indictment/Information/Complaint *violation of Fourth/Fifth Amendment and Selective Prosecution*, 57 Fourth MOTION to Dismiss Indictment/Information/Complaint *for failure to allege tax deficiency element*, 72 MOTION to Suppress *Grand Jury testimony and evidence*, 82 MOTION for Bill of Particulars, 61 Sixth MOTION to Dismiss Count(s) One, Two, Three and Four, 74 MOTION to Suppress ) (Court Reporter: Tracy Washbourne) (pll, Dpty Clk) Modified on 7/8/2009 to indicate attached PDF has incorrect hearing date. Date hearing held was 7/2/2009 (pll, Dpty Clk). (Entered: 07/02/2009) |
| 07/02/2009 | 101 | | MINUTE ORDER by Judge Stephen P Friot *: Following the hearing held this date, the Motion to Quash filed by Eddy Lynn Patterson is hereby moot*, ruling on motion(s)/document(s): #99 Moot (Re: 99 MOTION to Quash *subpoena* ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 07/02/2009) |
| 07/02/2009 | 103 | | SEALED EXHIBIT(S) to Order/Minutes (Re: 100 Minutes of Motion Hearing,,,,,,,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s) ) (pll, Dpty Clk) (Entered: 07/14/2009) Contains One or More Restricted PDFs |
| 07/08/2009 | 102 | | ORDER by Judge Stephen P Friot *re: jury instructions* as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 07/08/2009) |
| 07/14/2009 | 104 | | BILL OF PARTICULARS (Re: 82 MOTION for Bill of Particulars ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 07/14/2009) |
| 07/30/2009 | 105 | | Second MOTION for Bill of Particulars by Lindsey Kent Springer (Springer, Lindsey) (Entered: 07/30/2009) |

| 08/03/2009 | 106 | | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) by Lindsey Kent Springer (Springer, Lindsey) Modified on 8/4/2009 to correct title of event (lml, Dpty Clk). (Entered: 08/03/2009) |
| 08/03/2009 | 107 | | PROPOSED JURY INSTRUCTIONS by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 08/03/2009) |
| 08/04/2009 | | | NOTICE of Docket Entry Modification; Error: This was filed using the incorrect event (Motion for Miscellaneous Relief); Correction: Edited docket text to reflect correcte event (Re: 106 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) as to Lindsey Kent Springer (lml, Dpty Clk) (Entered: 08/04/2009) |
| 08/04/2009 | 111 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #106 Denied (Re: 106 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) as to Lindsey Kent Springer, Oscar Amos Stilley (cds, Dpty Clk) (Entered: 08/04/2009) |
| 08/05/2009 | 112 | | RESPONSE in Opposition to Motion (Re: 109 First MOTION to Dismiss Count(s) 1 *Conspiracy charge* ) by USA as to Oscar Amos Stilley (O'Reilly, Charles) Modified on 8/6/2009 to delete "as to" defendant Springer (sac, Dpty Clk). (Entered: 08/05/2009) |
| 08/05/2009 | 113 | | MOTION to File Out of Time *Proposed Jury Instructions* by Lindsey Kent Springer (With attachments) (Springer, Lindsey) Modified on 8/6/2009 to change text to reflect correct event (sac, Dpty Clk). Modified on 8/7/2009 to seal attachment PDF as it was stricken per 117 (sac, Dpty Clk). (Entered: 08/05/2009) |
| 08/06/2009 | | | NOTICE of Docket Entry Modification; Error: wrong event selected (Motion to Accelerate/Extend/Reset Hearings/Deadlines); Correction: changed text to reflect correct event (Motion to File Out of Time) (Re: 113 MOTION to File Out of Time ) as to Lindsey Kent Springer (sac, Dpty Clk) (Entered: 08/06/2009) |
| 08/06/2009 | 114 | | TRANSCRIPT of Proceedings (Unredacted) of Motion Hearing held on 04/22/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 132). <span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter.</span> (Re: 43 Minutes of Motion Hearing, Minutes of Scheduling Conference, Ruling on Motion(s)/Document(s), Taking Motion(s) Under Advisement, Setting/Resetting Deadline(s)/Hearing(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 11/5/2009 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 08/06/2009) |
| 08/06/2009 | 115 | | TRANSCRIPT of Proceedings (Unredacted) of Motions Hearing held on 7/2/09 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 159). <span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made</span> |

14

| | | |
|---|---|---|
| | | electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 100 Minutes of Motion Hearing, Ruling on Motion(s)/Document(s), Striking/Terminating Deadline(s)/Hearing(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) Modified on 11/5/2009 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 08/06/2009) |
| 08/06/2009 | 116 | RESPONSE in Opposition to Motion (Re: 105 Second MOTION for Bill of Particulars ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) Modified on 8/7/2009 to delete "as to Oscar Amos Stilley" as this document states it is as to defendant Springer only (sac, Dpty Clk). (Entered: 08/06/2009) |
| 08/06/2009 | 117 | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #113 Denied, striking/withdrawing document(s) (Re: 113 MOTION to File Out of Time ) (Documents Terminated: 113 MOTION to File Out of Time ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 08/06/2009) |
| 08/07/2009 | 118 | MOTION to Reconsider (Re: 111 Order, Ruling on Motion(s)/Document(s), 117 Order,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Striking/Withdrawing Document(s), Striking/Withdrawing Document(s) ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 08/07/2009) |
| 08/12/2009 | 119 | RESPONSE in Opposition to Motion (Re: 118 MOTION to Reconsider ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 08/12/2009) |
| 08/12/2009 | 121 | REPLY to Response to Motion (Re: 105 Second MOTION for Bill of Particulars ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 08/12/2009) |
| 08/12/2009 | 122 | REPLY to Response to Motion (Re: 118 MOTION to Reconsider ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 08/12/2009) |
| 08/12/2009 | 123 | Eighth MOTION to Dismiss Count(s) One, Two, Three, Four, Five and Six (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 08/12/2009) |
| 08/12/2009 | 124 | Eighth BRIEF in Support of Motion (Re: 123 Eighth MOTION to Dismiss Count(s) One, Two, Three, Four, Five and Six ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 08/12/2009) |
| 08/13/2009 | 125 | RESPONSE in Opposition to Motion (Re: 123 Eighth MOTION to Dismiss Count(s) One, Two, Three, Four, Five and Six ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 08/13/2009) |
| 08/13/2009 | 126 | NOTICE of Intent to Use Expert Witness Testimony by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 08/13/2009) |
| 08/17/2009 | 127 | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #118 denied (Re: 111 Order, Ruling on Motion, 117 Order, Ruling on Motion); (Re: 118 MOTION to Reconsider ) as to Lindsey Kent Springer (kjp, Dpty Clk) Modified on 8/18/2009 to add links to #111, 117 (kjp, Dpty Clk). |

| | | | |
|---|---|---|---|
| | | | (Entered: 08/17/2009) |
| 08/17/2009 | 128 | | OBJECTION to Proposed Jury Instructions (Re: 107 Proposed Jury Instructions ) as to Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 08/17/2009) |
| 08/19/2009 | 130 | | REPLY to Response to Motion (Re: 123 Eighth MOTION to Dismiss Count(s) One, Two, Three, Four, Five and Six ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 08/19/2009) |
| 09/10/2009 | 134 | | NOTICE Pursuant to Federal Rule of Evidence 404(b) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 09/10/2009) |
| 09/16/2009 | 135 | | ORDER by Judge Stephen P Friot *re: Pretrial Conference* as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 09/16/2009) |
| 09/18/2009 | 136 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #105 denied; 109 denied; #123 denied (Re: 105 Second MOTION for Bill of Particulars, 109 First MOTION to Dismiss Count(s) 1 *Conspiracy charge*, 123 Eighth MOTION to Dismiss Count(s) One, Two, Three, Four, Five and Six ) as to Lindsey Kent Springer, Oscar Amos Stilley (sjm, Dpty Clk) (Entered: 09/18/2009) |
| 09/21/2009 | 137 | | MOTION in Limine by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 09/21/2009) |
| 09/21/2009 | 138 | | TRIAL BRIEF by USA as to Lindsey Kent Springer, Oscar Amos Stilley (Snoke, Kenneth) (Entered: 09/21/2009) |
| 09/21/2009 | 139 | | NOTICE of Government's Proposed Summary of Indictment by USA as to Lindsey Kent Springer, Oscar Amos Stilley (Snoke, Kenneth) Modified on 9/22/2009 to reflect correct event (tjc, Dpty Clk). (Entered: 09/21/2009) |
| 09/21/2009 | 141 | | MOTION for Subpoena(s) *under Rule 17* by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/21/2009) |
| 09/21/2009 | 142 | | TRIAL BRIEF as to Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 09/21/2009) |
| 09/21/2009 | 143 | | NOTICE Summary of Indictment by Lindsey Kent Springer (Springer, Lindsey) Modified on 9/22/2009 to reflect correct event (tjc, Dpty Clk). (Entered: 09/21/2009) |
| 09/21/2009 | 144 | | First MOTION in Limine by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/21/2009) |
| 09/21/2009 | 145 | | Second MOTION in Limine by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/21/2009) |
| 09/21/2009 | 146 | | Third MOTION in Limine by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/21/2009) |
| 09/21/2009 | 147 | | Fourth MOTION in Limine by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/21/2009) |
| 09/21/2009 | 148 | | Fifth MOTION in Limine by Lindsey Kent Springer (Springer, Lindsey) |

| | | | |
|---|---|---|---|
| | | | (Entered: 09/21/2009) |
| 09/21/2009 | 150 | | Sixth MOTION in Limine by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/21/2009) |
| 09/21/2009 | 151 | | Seventh MOTION in Limine by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/21/2009) |
| 09/21/2009 | 154 | | OBJECTION to Prosecution 404(b) (Re: 134 Notice (Other) ) by Lindsey Kent Springer (Springer, Lindsey) Modified on 9/22/2009 to reflect correct event (tjc, Dpty Clk). (Entered: 09/21/2009) |
| 09/22/2009 | | | NOTICE of Docket Entry Modification; Error: This was filed using the incorrect event (Motion for Miscellaneous Relief); Correction: Edited docket text to reflect correct event *(Notice)* (Re: 139 MOTION Government's Proposed Summary of Indictment ) as to Lindsey Kent Springer, Oscar Amos Stilley (tjc, Dpty Clk) (Entered: 09/22/2009) |
| 09/22/2009 | | | NOTICE of Docket Entry Modification; Error: This was filed using the incorrect event (Motion for Miscellaneous Relief); Correction: Edited docket text to reflect correct event (Notice) (Re: 143 MOTION Summary of Indictment ) as to Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 09/22/2009) |
| 09/22/2009 | | | NOTICE of Docket Entry Modification; Error: This was filed using the incorrect event (Motion for Miscellaneous Relief); Correction: Edited docket text to reflect correct event (Objection) (Re: 154 MOTION Opposition to Prosecution 404(b) ) as to Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 09/22/2009) |
| 09/22/2009 | 156 | | ORDER by Judge Stephen P Friot *: setting ex parte hearing*, setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 10/9/2009 at 01:30 PM before Judge Stephen P Friot) (Re: 152 MOTION for Subpoena(s) *pursuant to Rule 17(b)*, 141 MOTION for Subpoena(s) *under Rule 17* ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 09/22/2009) |
| 09/22/2009 | 157 | | ORDER by Judge Stephen P Friot *re: 10/9/09 ex parte hearing* (Re: 152 MOTION for Subpoena(s) *pursuant to Rule 17(b)*, 156 Order,, Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s),, 141 MOTION for Subpoena(s) *under Rule 17* ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 09/22/2009) |
| 09/23/2009 | 158 | | ORDER by Judge Stephen P Friot, setting/resetting deadline(s)/hearing(s): ( Motion Hearing set for 10/21/2009 at 09:00 AM before Judge Stephen P Friot) (Re: 145 Second MOTION in Limine, 150 Sixth MOTION in Limine, 137 MOTION in Limine, 146 Third MOTION in Limine, 149 MOTION in Limine *regarding hearsay and confrontation issues*, 148 Fifth MOTION in Limine, 144 First MOTION in Limine, 151 Seventh MOTION in Limine, 147 Fourth MOTION in Limine ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 09/23/2009) |
| 09/24/2009 | 159 | | MOTION Emergency Motion Regarding Denny Patridge by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/24/2009) |

| 09/25/2009 | 160 | | SEALED MOTION (O'Reilly, Charles) Modified on 10/9/2009; this document is STRICKEN per 183 (sac, Dpty Clk). (Entered: 09/25/2009) Contains One or More Restricted PDFs |
| 09/25/2009 | 161 | | RESPONSE in Opposition to Motion (Re: 159 MOTION Emergency Motion Regarding Denny Patridge ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 09/25/2009) |
| 09/25/2009 | 162 | | MOTION TAKE RULE 15 DEPOSITION by USA as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (O'Reilly, Charles) (Entered: 09/25/2009) |
| 09/27/2009 | 163 | | RESPONSE in Opposition to Motion (Re: 162 MOTION TAKE RULE 15 DEPOSITION ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/27/2009) |
| 09/28/2009 | 164 | | REPLY to Response to Motion (Re: 159 MOTION Emergency Motion Regarding Denny Patridge ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/28/2009) |
| 09/30/2009 | 165 | | MINUTE ORDER by Judge Stephen P Friot *: Until further notice, all hearings in this case will be held at the Boulder Courthouse, 224 S Boulder, 3rd Floor Courtroom, Tulsa, OK* as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 09/30/2009) |
| 09/30/2009 | 166 | | Fourth MOTION for Bill of Particulars by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/30/2009) |
| 09/30/2009 | 167 | | MOTION to Reconsider (Re: 136 Order,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s) ) by Lindsey Kent Springer (Springer, Lindsey) Modified on 10/1/2009; this is a two–part motion of which only one part was efiled – see 169 for Motion to Clarify (sac, Dpty Clk). (Entered: 09/30/2009) |
| 09/30/2009 | 168 | | MOTION Daubert Hearing by Lindsey Kent Springer (Springer, Lindsey) (Entered: 09/30/2009) |
| 09/30/2009 | 169 | | MOTION to Clarify *(submitted as part of 167 )* (Re: 136 Order,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s) ) by Lindsey Kent Springer (sac, Dpty Clk) (Entered: 10/01/2009) |
| 10/01/2009 | | | NOTICE of Docket Entry Modification; Error: this is a two–part motion of which only one part was efiled; Correction: efiled Motion to Clarify – see 169 (Re: 167 MOTION to Reconsider ) as to Lindsey Kent Springer (sac, Dpty Clk) (Entered: 10/01/2009) |
| 10/01/2009 | 170 | | SEALED DOCUMENT (O'Reilly, Charles) Modified on 10/2/2009 to correct title of event (lml, Dpty Clk). (Entered: 10/01/2009) Contains One or More Restricted PDFs |
| 10/01/2009 | 171 | | RESPONSE in Opposition to Motion (Re: 168 MOTION Daubert Hearing ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 10/01/2009) |
| 10/05/2009 | 172 | | RESPONSE in Opposition to Motion *Supplemental* (Re: 170 SEALED DOCUMENT ) by Lindsey Kent Springer (Springer, Lindsey) Modified on |

|  |  | 10/7/2009 to seal pdf pursuant to Court Order # 180 (s−srb, Dpty Clk). (Entered: 10/05/2009) Contains One or More Restricted PDFs |
|---|---|---|
| 10/05/2009 | 173 | RESPONSE in Opposition to Motion (Re: 145 Second MOTION in Limine, 150 Sixth MOTION in Limine, 146 Third MOTION in Limine, 149 MOTION in Limine *regarding hearsay and confrontation issues*, 155 JOINDER (in [141, 142, 144, 145, 146, 147, 148, 150, and 151] Motions in Limine, for subpoenas pursuant to Rule 17(b), and trial brief filed on 9−21−09), 148 Fifth MOTION in Limine, 144 First MOTION in Limine, 151 Seventh MOTION in Limine, 147 Fourth MOTION in Limine ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 10/05/2009) |
| 10/05/2009 | 174 | SEALED MOTION (O'Reilly, Charles) (Entered: 10/05/2009) Contains One or More Restricted PDFs |
| 10/05/2009 | 175 | RESPONSE in Opposition to Motion (Re: 152 MOTION for Subpoena(s) *pursuant to Rule 17(b)*, 155 JOINDER (in [141, 142, 144, 145, 146, 147, 148, 150, and 151] Motions in Limine, for subpoenas pursuant to Rule 17(b), and trial brief filed on 9−21−09), 141 MOTION for Subpoena(s) *under Rule 17* ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 10/05/2009) |
| 10/05/2009 | 177 | RESPONSE in Opposition to Motion (Re: 137 MOTION in Limine ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 10/05/2009) |
| 10/06/2009 | 178 | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #162 Granted (Re: 162 MOTION TAKE RULE 15 DEPOSITION ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 10/06/2009) |
| 10/06/2009 | 179 | MOTION Compel Clerk of Court to Comply with 28 U.S.C. Section 1867(f) and Test v. U.S. by Lindsey Kent Springer (Springer, Lindsey) (Entered: 10/06/2009) |
| 10/07/2009 | 180 | SEALED ORDER (s−srb, Dpty Clk) (Entered: 10/07/2009) Contains One or More Restricted PDFs |
| 10/07/2009 | 181 | SEALED MOTION (O'Reilly, Charles) Modified on 6/4/2010 to unseal per Order # 370 (lml, Dpty Clk). (Entered: 10/07/2009) |
| 10/07/2009 | 182 | SEALED DOCUMENT (O'Reilly, Charles) Modified on 6/4/2010 to unseal per Order # 370 (lml, Dpty Clk). (Entered: 10/07/2009) |
| 10/08/2009 | 183 | ORDER by Judge Stephen P Friot, striking/withdrawing document(s) (Re: 160 SEALED MOTION ) (Documents Terminated: 160 SEALED MOTION ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 10/08/2009) |
| 10/08/2009 | 184 | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #166 granted (Re: 166 Fourth MOTION for Bill of Particulars ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 10/08/2009) |
| 10/08/2009 | 185 | RESPONSE in Opposition to Motion (Re: 166 Fourth MOTION for Bill of Particulars ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) Modified on 10/9/2009; this document contains two events and that is not allowed with CM/ECF – see 187 for Motion to Accelerate/Extend/Reset |

| | | | |
|---|---|---|---|
| | | | Hearings/Deadlines (sac, Dpty Clk). (Entered: 10/08/2009) |
| 10/08/2009 | 186 | | SEALED ORDER (s–srb, Dpty Clk) Modified on 6/4/2010 to unseal per Order # 370 (lml, Dpty Clk). (Entered: 10/08/2009) |
| 10/08/2009 | 187 | | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *(to respond)* (Re: 166 Fourth MOTION for Bill of Particulars ) by USA as to Lindsey Kent Springer (sac, Dpty Clk) (Entered: 10/09/2009) |
| 10/09/2009 | | | NOTICE of Docket Entry Modification; Error: this document contains two events and combined documents are not allowed in CM/ECF; Correction: efiled Motion to Accelerate/Extend/Reset Hearings/Deadlines – see 187 (Re: 185 Response in Opposition to Motion, ) as to Lindsey Kent Springer (sac, Dpty Clk) (Entered: 10/09/2009) |
| 10/09/2009 | 188 | | RESPONSE in Opposition to Motion (Re: 187 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *(to respond)* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 10/09/2009) |
| 10/09/2009 | 189 | | NOTICE with Respect to Court's Order (Dkt#178) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (Snoke, Kenneth) (Entered: 10/09/2009) |
| 10/09/2009 | 190 | | ERRATA/CORRECTION (Re: 189 Notice (Other) ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (Snoke, Kenneth) Modified on 10/13/2009 to correct title of event (lml, Dpty Clk). (Entered: 10/09/2009) |
| 10/09/2009 | 191 | | SEALED MINUTES (pll, Dpty Clk) (Entered: 10/13/2009) Contains One or More Restricted PDFs |
| 10/13/2009 | | | NOTICE of Docket Entry Modification; Error: This was filed using the incorrect event (Notice–Other); Correction: Edited docket text to reflect correct event (Errata/Correction to Document) (Re: 190 Notice (Other) ) as to Lindsey Kent Springer, Oscar Amos Stilley (lml, Dpty Clk) (Entered: 10/13/2009) |
| 10/13/2009 | 192 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #187 Granted in Part, denied in part (Re: 187 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *(to respond)*, 185 Response in Opposition to Motion, 166 Fourth MOTION for Bill of Particulars ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 10/13/2009) |
| 10/13/2009 | 193 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #168 Granted in part, Denied in part (Re: 168 MOTION Daubert Hearing ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 10/13/2009) |
| 10/13/2009 | 194 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #167, 169 Denied (Re: 169 MOTION to Clarify *(submitted as part of 167 )*, 167 MOTION to Reconsider ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 10/13/2009) |
| 10/13/2009 | 195 | | ***Remark: *arrest warrant issued for material witness* as to Lindsey Kent Springer, Oscar Amos Stilley (sjm, Dpty Clk) Modified on 10/14/2009 to unseal docket entry (sjm, Dpty Clk). (Entered: 10/14/2009) Contains One or More Restricted PDFs |
| 10/14/2009 | 196 | | Opposed MOTION ToOrder O'Reilly to Comply with this Court's Order on |

| | | |
|---|---|---|
| | | Rule 15 Deposition and schedule return flight that is reasonable and on Saturday, October 17, 2009, at 3:35 P.M. by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 10/14/2009) |
| 10/14/2009 | 197 | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #196 Denied (Re: 196 Opposed MOTION ToOrder O'Reilly to Comply with this Court's Order on Rule 15 Deposition and schedule return flight that is reasonable and on Saturday, October 17, 2009, at 3:35 P.M. ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 10/14/2009) |
| 10/14/2009 | 198 | RESPONSE in Opposition to Motion (Re: 179 MOTION Compel Clerk of Court to Comply with 28 U.S.C. Section 1867(f) and Test v. U.S. ) by USA as to Lindsey Kent Springer (Snoke, Kenneth) Modified on 10/15/2009 to delete "as to" Oscar Stilley since this document is only as to Lindsey Kent Springer (sac, Dpty Clk). (Entered: 10/14/2009) |
| 10/15/2009 | | NOTICE of Docket Entry Modification; Error: all defendants were selected as to, but document only pertains to Lindsey Springer; Correction: deleted as to defendant Oscar Stilley (Re: 198 Response in Opposition to Motion, ) as to Lindsey Kent Springer, Oscar Amos Stilley (sac, Dpty Clk) (Entered: 10/15/2009) |
| 10/16/2009 | 200 | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #179 granted with specific limitations (Re: 179 MOTION Compel Clerk of Court to Comply with 28 U.S.C. Section 1867(f) and Test v. U.S. ) as to Lindsey Kent Springer(djh, Dpty Clk) (Entered: 10/16/2009) |
| 10/19/2009 | 201 | Second BILL OF PARTICULARS (Re: 184 Order, Ruling on Motion(s)/Document(s), 194 Order, Ruling on Motion(s)/Document(s), 166 Fourth MOTION for Bill of Particulars ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 10/19/2009) |
| 10/20/2009 | 202 | SEALED MOTION (Snoke, Kenneth) Modified on 6/4/2010 to unseal per Order # 370 (lml, Dpty Clk). (Entered: 10/20/2009) |
| 10/20/2009 | 203 | SEALED ORDER (pll, Dpty Clk) Modified on 6/4/2010 to unseal per Order # 370 (lml, Dpty Clk). (Entered: 10/20/2009) |
| 10/20/2009 | 204 | SEALED MOTION (O'Reilly, Charles) (Entered: 10/20/2009) Contains One or More Restricted PDFs |
| 10/20/2009 | 205 | SEALED MOTION (O'Reilly, Charles) (Entered: 10/20/2009) Contains One or More Restricted PDFs |
| 10/21/2009 | 207 | MINUTES of Proceedings – held before Judge Stephen P Friot: Motion Hearing held on 10/21/2009, Pretrial Conference held on 10/21/2009, ruling on motion(s)/document(s): #137,155 grant in part, deny in part; 144,146,147,150,151,159 denied; 148, 204, 205, 206 granted, striking/terminating deadline(s)/hearing(s) as to Lindsey Kent Springer, Oscar Amos Stilley (Re: 204 SEALED MOTION, 145 Second MOTION in Limine, 150 Sixth MOTION in Limine, 137 MOTION in Limine, 146 Third MOTION in Limine, 149 MOTION in Limine *regarding hearsay and confrontation issues*, 155 JOINDER (in [141, 142, 144, 145, 146, 147, 148, 150, and 151] Motions in Limine, for subpoenas pursuant to Rule 17(b), and trial brief filed on 9–21–09), 148 Fifth MOTION in Limine, 159 MOTION |

| | | | |
|---|---|---|---|
| | | | Emergency Motion Regarding Denny Patridge, 144 First MOTION in Limine, 205 SEALED MOTION, 206 MOTION to Exclude MENTION OF THE TESTIMONY OF VIKKI WIGGINS PRIOR TO A REASONABLE TIME AFTER PRODUCTION OF THE TRANSCRIPT OF HER TESTIMONY, 151 Seventh MOTION in Limine, 147 Fourth MOTION in Limine ) (Court Reporter: Tracy Washbourne) (pll, Dpty Clk) (Entered: 10/22/2009) |
| 10/21/2009 | 208 | | ***Remark: *Deposition Transcript of Vikki Lynn Wiggins received by court* as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 10/22/2009) |
| 10/24/2009 | 209 | | PROPOSED VOIR DIRE by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 10/24/2009) |
| 10/26/2009 | 212 | | RESPONSE in Opposition to Motion (Re: 210 MOTION to Quash *Testimony of Vikki Wiggins* ) by USA as to Oscar Amos Stilley (O'Reilly, Charles) Modified on 10/27/2009 to remove Lindsey Kent Springer name from text, as his name should not have been selected, as this pleading does not pertain to him (tjc, Dpty Clk). (Entered: 10/26/2009) |
| 10/26/2009 | 213 | | NOTICE Regarding Defendants' Discovery by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 10/26/2009) |
| 10/26/2009 | 214 | | SEALED DOCUMENT (s–srb, Dpty Clk) (Entered: 10/26/2009) Contains One or More Restricted PDFs |
| 10/26/2009 | 215 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Voir Dire/Jury Selection began as to Lindsey Kent Springer, Oscar Amos Stilley (Court Reporter: Tracy Washbourne) (pll, Dpty Clk) (Entered: 10/26/2009) |
| 10/26/2009 | 216 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Voir Dire/Jury Selection held on 10/26/2009 as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 10/26/2009) |
| 10/26/2009 | 217 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial began as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 10/26/2009) |
| 10/26/2009 | 218 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held , *continued to following day,* setting/resetting scheduling order date(s): ( Jury Trial set for 10/27/2009 at 09:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 10/26/2009) |
| 10/26/2009 | 219 | | JOINDER (in 210 Motion to Quash filed on 10/24/09) as to Lindsey Kent Springer (Springer, Lindsey) (Entered: 10/26/2009) |
| 10/27/2009 | 220 | | ORDER by Judge Stephen P Friot *ruling on Government's Oral Motion re: witness Philip Roberts* as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) Modified on 10/27/2009 to correct title(pll, Dpty Clk). (Entered: 10/27/2009) |
| 10/27/2009 | 221 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, ruling on motion(s)/document(s): #210 and 219 denied as to Lindsey Kent Springer, Oscar Amos Stilley (Re: 210 MOTION to Quash *Testimony* |

| | | | |
|---|---|---|---|
| | | | *of Vikki Wiggins*, 219 JOINDER (in 210 Motion to Quash filed on 10/24/09) ) (cds, Dpty Clk) (Entered: 10/27/2009) |
| 10/28/2009 | 222 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, setting/resetting deadline(s)/hearing(s): ( Jury Trial set for 10/29/2009 at 09:00 AM before Judge Stephen P Friot, Motion Hearing set for 11/3/2009 at 05:30 PM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (cds, Dpty Clk) (Entered: 10/28/2009) |
| 10/29/2009 | 223 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, ruling on motion(s)/document(s): #145 and 149 Denied, setting/resetting scheduling order date(s): ( Jury Trial set for 10/30/2009 at 09:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (Re: 145 Second MOTION in Limine, 149 MOTION in Limine *regarding hearsay and confrontation issues* ) (cds, Dpty Clk) (Entered: 10/30/2009) |
| 10/30/2009 | 229 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, setting/resetting scheduling order date(s): ( Jury Trial set for 11/2/2009 at 09:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (cds, Dpty Clk) (Entered: 11/03/2009) |
| 11/01/2009 | 224 | | MOTION to Reconsider (Re: 100 Minutes of Motion Hearing,,,,,,,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s), Striking/Terminating Deadline(s)/Hearing(s) ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) Modified on 11/2/2009 to SEAL pdfs per chambers(sac, Dpty Clk). (Entered: 11/01/2009) Contains One or More Restricted PDFs |
| 11/02/2009 | 225 | | RESPONSE in Opposition to Motion *and Motion to Seal Attachments* (Re: 224 MOTION to Reconsider ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 11/02/2009) |
| 11/02/2009 | 226 | | SEALED ORDER (s–srb, Dpty Clk) (Entered: 11/02/2009) Contains One or More Restricted PDFs |
| 11/02/2009 | 230 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, setting/resetting scheduling order date(s): *continued to following day* ( Jury Trial set for 11/3/2009 at 09:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (Court Reporter: Tracy Washbourne) (pll, Dpty Clk) (Entered: 11/03/2009) |
| 11/03/2009 | 227 | | OBJECTION *regarding "gift"* as to Lindsey Kent Springer (Springer, Lindsey) Modified on 11/4/2009 to correct event (tjc, Dpty Clk). (Entered: 11/03/2009) |
| 11/03/2009 | 228 | | NOTICE re: Proposed Jury Instructions by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) Modified on 11/4/2009 to |

| | | | |
|---|---|---|---|
| | | | correct event (tjc, Dpty Clk). (Entered: 11/03/2009) |
| 11/03/2009 | 231 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, setting/resetting scheduling order date(s): *continued to following day* ( Jury Trial set for 11/4/2009 at 09:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/03/2009) |
| 11/04/2009 | | | NOTICE of Docket Entry Modification; Error: This was filed using the incorrect event (Proposed Jury Instructions); Correction: Edited docket text to reflect the correct event (Objection) (Re: 227 Proposed Jury Instructions ) as to Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 11/04/2009) |
| 11/04/2009 | | | NOTICE of Docket Entry Modification; Error: This was filed using the incorrect event (Proposed Jury Instructions); Correction: Edited docket text to reflect the correct event (Notice) (Re: 228 Proposed Jury Instructions ) as to Lindsey Kent Springer, Oscar Amos Stilley (tjc, Dpty Clk) (Entered: 11/04/2009) |
| 11/04/2009 | 233 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, setting/resetting scheduling order date(s): *(continued to following day)* ( Jury Trial set for 11/5/2009 at 08:15 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/04/2009) |
| 11/05/2009 | 234 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held *continued to following Monday*, setting/resetting scheduling order date(s): ( Jury Trial set for 11/9/2009 at 09:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/05/2009) |
| 11/05/2009 | 235 | | ORDER by Judge Stephen P Friot *re: USM and witnesses* as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/06/2009) |
| 11/08/2009 | 236 | | PROPOSED JURY INSTRUCTIONS *as to Venue, District Director and Materiality* as to Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 11/08/2009) |
| 11/08/2009 | 237 | | PROPOSED JURY INSTRUCTIONS *as to Venue* by USA as to Lindsey Kent Springer, Oscar Amos Stilley (Snoke, Kenneth) (Entered: 11/08/2009) |
| 11/09/2009 | 239 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held , *continued to following day*, setting/resetting scheduling order date(s): ( Jury Trial set for 11/10/2009 at 09:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/09/2009) |
| 11/10/2009 | 240 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, setting/resetting scheduling order date(s): *continued to Thursday* ( Jury Trial set for 11/12/2009 at 09:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/10/2009) |
| 11/12/2009 | 241 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, setting/resetting scheduling order date(s): *continued to following day* ( Jury Trial set for 11/13/2009 at 09:00 AM before Judge Stephen P Friot) as |

| | | | |
|---|---|---|---|
| | | | to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/12/2009) |
| 11/13/2009 | 242 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial held, setting/resetting scheduling order date(s): *continued to following Monday* ( Jury Trial set for 11/16/2009 at 09:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/13/2009) |
| 11/16/2009 | 243 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Jury Trial completed, striking/terminating deadline(s)/hearing(s) as to Lindsey Kent Springer, Oscar Amos Stilley (Court Reporter: Tracy Washbourne) (With attachments) (pll, Dpty Clk) (Entered: 11/17/2009) |
| 11/16/2009 | 244 | | JURY INSTRUCTIONS by Judge Stephen P Friot as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/17/2009) |
| 11/16/2009 | 245 | | JURY VERDICT as to Lindsey Kent Springer (1) Guilty on Count 1,2,3–4,5–6 and Oscar Amos Stilley (2) Guilty on Count 1,3–4 (pll, Dpty Clk) (Entered: 11/17/2009) |
| 11/16/2009 | 246 | | SEALED EXHIBIT(S) to Order/Minutes (Re: 243 Minutes of Jury Trial Completed, Striking/Terminating Deadline(s)/Hearing(s) ) (pll, Dpty Clk) (Entered: 11/17/2009) Contains One or More Restricted PDFs |
| 11/17/2009 | 247 | | ORDER by Judge Stephen P Friot *setting supplemental conditions following trial*, ruling re: modification of conditions of pretrial release as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 11/17/2009) |
| 11/19/2009 | 248 | | MOTION Extension to File Motion for New Trial by Lindsey Kent Springer (Springer, Lindsey) Modified on 11/20/2009; This is a two–part motion, see Doc # 249 for second event (tjc, Dpty Clk). (Entered: 11/19/2009) |
| 11/19/2009 | 249 | | MOTION for Judgment of Acquittal *(submitted as part of Doc # 248 )* by Lindsey Kent Springer (tjc, Dpty Clk) Modified on 11/20/2009; ENTERED IN ERROR (tjc, Dpty Clk). (Entered: 11/20/2009) |
| 11/20/2009 | | | NOTICE of Docket Entry Modification; Error: Document # 248 is a two–part motion, but not all parts were filed; Correction: Filed the remaining motion part as Document # 249 (Re: 248 MOTION Extension to File Motion for New Trial ) as to Lindsey Kent Springer (tjc, Dpty Clk) Modified on 11/20/2009; ENTERED IN ERROR (tjc, Dpty Clk). (Entered: 11/20/2009) |
| 11/20/2009 | 250 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #248 Granted (Re: 248 MOTION Extension to File Motion for New Trial ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 11/20/2009) |
| 11/20/2009 | 252 | | RESPONSE in Opposition to Motion (Re: 232 JOINDER *in Springer's motion for reconsideration, dismissal, or mistrial* (in 224 ), 224 MOTION to Reconsider ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (O'Reilly, Charles) (Entered: 11/20/2009) |
| 11/30/2009 | | | ***Remark: *Petition for writ of mandamus filed at 10th Circuit Court. Case number 09–5165* as to Lindsey Kent Springer (sam, Dpty Clk) (Entered: 11/30/2009) |

| 12/04/2009 | 256 | | ORDER from Circuit Court *denying petition for writ of mandamus* (Re: Remark ) as to Lindsey Kent Springer (sam, Dpty Clk) (Entered: 12/04/2009) |
| 12/07/2009 | 257 | | REPLY to Response to Motion *to Dismiss, Mistrial and Reconsider* (Re: 224 MOTION to Reconsider ) by Lindsey Kent Springer (Springer, Lindsey) Modified on 12/10/2009 to seal PDF; Document STRICKEN per Order # 264 (tjc, Dpty Clk). (Entered: 12/07/2009) Contains One or More Restricted PDFs |
| 12/08/2009 | 259 | | MOTION to Strike Document(s) (Re: 257 Reply to Response to Motion, 258 Reply to Response to Motion ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 12/08/2009) |
| 12/08/2009 | 260 | | MOTION for Judgment of Acquittal by Lindsey Kent Springer (Springer, Lindsey) Modified on 12/10/2009 to seal PDF; Document STRICKEN per Order # 264 (tjc, Dpty Clk). (Entered: 12/08/2009) Contains One or More Restricted PDFs |
| 12/08/2009 | 262 | | MOTION for New Trial by Lindsey Kent Springer (Springer, Lindsey) (Entered: 12/08/2009) |
| 12/09/2009 | 264 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #259 Granted, striking/withdrawing document(s) (Re: 259 MOTION to Strike Document(s), 261 MOTION for Judgment of Acquittal *and* MOTION for New Trial, 257 Reply to Response to Motion, 258 Reply to Response to Motion, 260 MOTION for Judgment of Acquittal, 262 MOTION for New Trial ) (Documents Terminated: 257 Reply to Response to Motion, 261 MOTION for Judgment of Acquittal *and* MOTION for New Trial, 258 Reply to Response to Motion, 260 MOTION for Judgment of Acquittal ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 12/09/2009) |
| 12/10/2009 | 265 | | MOTION to Vacate/Set Aside *Order dated December 9, 2009*, MOTION Reinstate Docket # 257 and # 260 as properly filed under Local Criminal Rules 12.1, MOTION 10 days from date of order to refile docket # 257 and # 260 in accordance with Local Civil Rule 7.2 including extended page number therein (Re: 264 Order,,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), Striking/Withdrawing Document(s), Striking/Withdrawing Document(s), Striking/Withdrawing Document(s),,, 257 Reply to Response to Motion, 260 MOTION for Judgment of Acquittal ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 12/10/2009) |
| 12/11/2009 | 266 | | RESPONSE in Opposition to Motion (Re: 265 MOTION to Vacate/Set Aside *Order dated December 9, 2009* MOTION Reinstate Docket # 257 and # 260 as properly filed under Local Criminal Rules 12.1 MOTION 10 days from date of order to refile docket # 257 and # 260 in accordance with Local Civil Rule 7.2 including extended page number therein ) by USA as to Lindsey Kent Springer (With attachments) (O'Reilly, Charles) (Entered: 12/11/2009) |
| 12/28/2009 | 270 | | AFFIDAVIT of Lindsey K. Springer pursuant to Title 28, Section 144 as to Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 12/28/2009) |

| 12/28/2009 | 271 | | MOTION Disqualify, Recuse, Removal and for Random Reassignment by Lindsey Kent Springer (Springer, Lindsey) (Entered: 12/28/2009) |
|---|---|---|---|
| 12/28/2009 | 272 | | BRIEF in Support of Motion (Re: 271 MOTION Disqualify, Recuse, Removal and for Random Reassignment ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 12/28/2009) |
| 12/28/2009 | 273 | | MOTION to Strike Document(s) (Re: 266 Response in Opposition to Motion, 259 MOTION to Strike Document(s) ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 12/28/2009) |
| 12/28/2009 | 274 | | REPLY to Response to Motion (Re: 265 MOTION to Vacate/Set Aside *Order dated December 9, 2009* MOTION Reinstate Docket # 257 and # 260 as properly filed under Local Criminal Rules 12.1 MOTION 10 days from date of order to refile docket # 257 and # 260 in accordance with Local Civil Rule 7.2 including extended page number therein ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 12/28/2009) |
| 12/29/2009 | 275 | | SEALED DOCUMENT (s–srb, Dpty Clk) (Entered: 12/30/2009) Contains One or More Restricted PDFs |
| 01/07/2010 | 276 | | RESPONSE in Opposition to Motion (Re: 262 MOTION for New Trial ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 01/07/2010) |
| 01/07/2010 | 277 | | RESPONSE in Opposition to Motion (Re: 271 MOTION Disqualify, Recuse, Removal and for Random Reassignment ) by USA as to Lindsey Kent Springer (With attachments) (O'Reilly, Charles) (Entered: 01/07/2010) |
| 01/20/2010 | 279 | | MOTION for Leave to Exceed Page Limitation *in Reply Regarding Springer's Motion for New Trial,* by Lindsey Kent Springer (Springer, Lindsey) (Entered: 01/20/2010) |
| 01/20/2010 | 280 | | MOTION to Dismiss Count(s) ONE *for lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue* (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 01/20/2010) |
| 01/20/2010 | 281 | | BRIEF in Support of Motion (Re: 280 MOTION to Dismiss Count(s) ONE *for lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue* ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 01/20/2010) |
| 01/20/2010 | 282 | | MOTION to Dismiss Count(s) Two, Three, Four, Five and Six *for Lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue* (Re: 2 Indictment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 01/20/2010) |
| 01/20/2010 | 283 | | BRIEF in Support of Motion (Re: 282 MOTION to Dismiss Count(s) Two, Three, Four, Five and Six *for Lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 01/20/2010) |
| 01/20/2010 | 284 | | MOTION to Dismiss Indictment/Information/Complaint *for lack of Article III Standing of United States of America, (2) lack of Article III Case or Controversy, (3) for violation of Title 28, United States Code, Section 547, and accompanying brief in support thereof* (Re: 2 Indictment ) by Lindsey |

| | | | |
|---|---|---|---|
| | | | Kent Springer (Springer, Lindsey) (Entered: 01/20/2010) |
| 01/21/2010 | 285 | | MOTION to Strike Document(s) 276 and 277 (Re: 277 Response in Opposition to Motion, 276 Response in Opposition to Motion ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 01/21/2010) |
| 01/21/2010 | 286 | | REPLY to Response to Motion (Re: 271 MOTION Disqualify, Recuse, Removal and for Random Reassignment ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 01/21/2010) |
| 01/21/2010 | 287 | | REPLY (Re: 270 Affidavit ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 01/21/2010) |
| 01/21/2010 | 288 | | REPLY to Response to Motion (Re: 262 MOTION for New Trial ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 01/21/2010) |
| 01/22/2010 | 289 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #279 Granted (Re: 279 MOTION for Leave to Exceed Page Limitation *in Reply Regarding Springer's Motion for New Trial*, 262 MOTION for New Trial ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 01/22/2010) |
| 01/22/2010 | 290 | | SCHEDULING ORDER by Judge Stephen P Friot, setting/resetting deadline(s)/hearing(s): ( Sentencing set for 4/19/2010 at 10:00 AM before Judge Stephen P Friot) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 01/22/2010) |
| 01/25/2010 | 291 | | ORDER by Judge Stephen P Friot, setting/resetting deadline(s)/hearing(s): ( Sentencing set for 4/21/2010 at 10:00 AM before Judge Stephen P Friot) (Re: 290 Scheduling Order, Setting/Resetting Deadline(s)/Hearing(s) ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 01/25/2010) |
| 01/27/2010 | 292 | | RESPONSE in Opposition to Motion (Re: 282 MOTION to Dismiss Count(s) Two, Three, Four, Five and Six *for Lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue*, 280 MOTION to Dismiss Count(s) ONE *for lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue*, 285 MOTION to Strike Document(s) 276 and 277, 284 MOTION to Dismiss Indictment/Information/Complaint *for lack of Article III Standing of United States of America, (2) lack of Article III Case or Controversy, (3) for violation of Title 28, United States Code, Section 547, and accompanying brief in MOTION to Dismiss Indictment/Information/Complaint for lack of Article III Standing of United States of America, (2) lack of Article III Case or Controversy, (3) for violation of Title 28, United States Code, Section 547, and accompanying brief in* ) by USA as to Lindsey Kent Springer (Snoke, Kenneth) (Entered: 01/27/2010) |
| 01/28/2010 | 293 | | OPINION AND ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #224,232,262,265,267,271,273,285 Denied (Re: 265 MOTION to Vacate/Set Aside *Order dated December 9, 2009* MOTION Reinstate Docket # 257 and # 260 as properly filed under Local Criminal Rules 12.1 MOTION 10 days from date of order to refile docket # 257 and # 260 in accordance with Local Civil Rule 7.2 including extended page number therein, 267 MOTION to Reconsider, 232 JOINDER *in Springer's* |

|  |  |  |
|---|---|---|
|  |  | *motion for reconsideration, dismissal, or mistrial* (in 224 ), 262 MOTION for New Trial, 224 MOTION to Reconsider, 273 MOTION to Strike Document(s), 271 MOTION Disqualify, Recuse, Removal and for Random Reassignment, 285 MOTION to Strike Document(s) *276 and 277* ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 01/28/2010) |
| 02/01/2010 | 295 | MOTION to Dismiss Count(s) One, Two, Three, Four, Five and Six *regarding regulations not in compliance with APA* (Re: 2 Indictment ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 02/01/2010) |
| 02/03/2010 | 299 | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #296 denied (Re: 296 MOTION to Modify Conditions of Pretrial Release ) as to Oscar Amos Stilley (sjm, Dpty Clk) Modified on 2/4/2010 to remove Lindsey Kent Springer from text (lml, Dpty Clk). (Entered: 02/03/2010) |
| 02/04/2010 | 302 | RESPONSE in Opposition to Motion (Re: 295 MOTION to Dismiss Count(s) One, Two, Three, Four, Five and Six *regarding regulations not in compliance with APA* ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 02/04/2010) |
| 02/05/2010 | 303 | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s), Monthly MOTION Stay pending ruling from Supreme Court in 09–8701 *and brief* by Lindsey Kent Springer (With attachments) (Springer, Lindsey) Modified on 2/11/2010 to seal pdf as this document is STRICKEN per 307 (sac, Dpty Clk). (Entered: 02/05/2010) Contains One or More Restricted PDFs |
| 02/08/2010 | 304 | MOTION to Strike Document(s) (Re: 303 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s)Monthly MOTION Stay pending ruling from Supreme Court in 09–8701 *and brief* ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) Modified on 2/11/2010 to seal pdf as this document is STRICKEN per 307 (sac, Dpty Clk). (Entered: 02/08/2010) Contains One or More Restricted PDFs |
| 02/08/2010 | 305 | MOTION to Withdraw Document(s) (Re: 303 MOTION to Accelerate/Extend/Reset Hearings/Deadlines) as to Lindsey Kent Springer (Springer, Lindsey) Modified on 2/9/2010 to correct title of event (lml, Dpty Clk). (Entered: 02/08/2010) |
| 02/08/2010 | 306 | MOTION Stay all Orders by Judge Friot pending determination by Surpeme Court in 09–8701 by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 02/08/2010) |
| 02/09/2010 |  | NOTICE of Docket Entry Modification; Error: This was filed using the incorrect event (Notice); Correction: Edited docket text to reflect correct event (Motion to Withdraw Documents) (Re: 305 MOTION to Withdraw Document(s) ) as to Lindsey Kent Springer (lml, Dpty Clk) (Entered: 02/09/2010) |
| 02/10/2010 | 307 | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #303 Stricken as Moot; #304 Stricken as Moot; #305 Granted, striking/withdrawing document(s) (Re: 304 MOTION to Strike Document(s), 305 MOTION to Withdraw Document(s), 303 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s)Monthly MOTION Stay |

| | | | |
|---|---|---|---|
| | | | pending ruling from Supreme Court in 09–8701 *and brief* ) (Documents Terminated: 303 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s)Monthly MOTION Stay pending ruling from Supreme Court in 09–8701 *and brief*, 305 MOTION to Withdraw Document(s), 304 MOTION to Strike Document(s) ) as to Lindsey Kent Springer (djh, Dpty Clk) (Entered: 02/10/2010) |
| 02/10/2010 | 308 | | REPLY to Response to Motion (Re: 282 MOTION to Dismiss Count(s) Two, Three, Four, Five and Six *for Lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue*, 280 MOTION to Dismiss Count(s) ONE *for lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue*, 284 MOTION to Dismiss Indictment/Information/Complaint *for lack of Article III Standing of United States of America, (2) lack of Article III Case or Controversy, (3) for violation of Title 28, United States Code, Section 547, and accompanying brief in MOTION to Dismiss Indictment/Information/Complaint for lack of Article III Standing of United States of America, (2) lack of Article III Case or Controversy, (3) for violation of Title 28, United States Code, Section 547, and accompanying brief in* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 02/10/2010) |
| 02/12/2010 | 310 | | RESPONSE in Opposition to Motion (Re: 306 MOTION Stay all Orders by Judge Friot pending determination by Surpeme Court in 09–8701, 309 JOINDER (in [295, 306, 308] Motion to dismiss...., Motion for Stay..., Reply filed on 2/1/10, 2/8/10, 2/10/10) ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (O'Reilly, Charles) (Entered: 02/12/2010) |
| 02/18/2010 | 311 | | REPLY to Response to Motion (Re: 295 MOTION to Dismiss Count(s) One, Two, Three, Four, Five and Six *regarding regulations not in compliance with APA* ) by Lindsey Kent Springer (Springer, Lindsey) (Entered: 02/18/2010) |
| 02/22/2010 | 312 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #280, 282, 284, 306 Denied, #309 Granted (Re: 282 MOTION to Dismiss Count(s) Two, Three, Four, Five and Six *for Lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue*, 306 MOTION Stay all Orders by Judge Friot pending determination by Surpeme Court in 09–8701, 280 MOTION to Dismiss Count(s) ONE *for lack of Article III Subject Matter Jurisdiction, Article III Jurisdiction of the Facts and Article III Venue*, 309 JOINDER (in [295, 306, 308] Motion to dismiss...., Motion for Stay..., Reply filed on 2/1/10, 2/8/10, 2/10/10), 284 MOTION to Dismiss Indictment/Information/Complaint *for lack of Article III Standing of United States of America, (2) lack of Article III Case or Controversy, (3) for violation of Title 28, United States Code, Section 547, and accompanying brief in MOTION to Dismiss Indictment/Information/Complaint for lack of Article III Standing of United States of America, (2) lack of Article III Case or Controversy, (3) for violation of Title 28, United States Code, Section 547, and accompanying brief in* ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 02/22/2010) |

| 02/23/2010 | 313 | | ORDER by Judge Stephen P Friot *re: consideration of non−standard conditions of supervised release* as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 02/23/2010) |
| 02/25/2010 | 314 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #295 Denied (Re: 295 MOTION to Dismiss Count(s) One, Two, Three, Four, Five and Six *regarding regulations not in compliance with APA* ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 02/25/2010) |
| 03/16/2010 | 315 | | SEALED DOCUMENT (O'Reilly, Charles) (Entered: 03/16/2010) Contains One or More Restricted PDFs |
| 03/25/2010 | 316 | | ORDER by Judge Stephen P Friot, ruling re: modification of conditions of pretrial release as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) Modified on 3/25/2010 to add PDF (pll, Dpty Clk). (Entered: 03/25/2010) |
| 03/25/2010 | 317 | | NOTICE of Docket Entry Modification; Error: Document not attached; Correction: Attached document and included here (Re: 316 Order, Ruling Re: Modification of Conditions of Pretrial Release ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 03/25/2010) |
| 03/30/2010 | 318 | | NOTICE *Regarding Defendants'* Reference to Variance in Objections to PSIR by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 03/30/2010) |
| 03/30/2010 | 319 | | EXHIBIT LIST *and Witness List for Sentencing* by USA as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (O'Reilly, Charles) (Entered: 03/30/2010) |
| 03/30/2010 | 321 | | SENTENCING MEMORANDUM as to Lindsey Kent Springer (Springer, Lindsey) (Entered: 03/31/2010) |
| 04/04/2010 | 322 | | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Continuance of Sentencing* (Re: 290 Scheduling Order, Setting/Resetting Deadline(s)/Hearing(s), 291 Order,, Setting/Resetting Deadline(s)/Hearing(s), Setting/Resetting Deadline(s)/Hearing(s),, ) by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 04/04/2010) |
| 04/05/2010 | 323 | | RESPONSE in Opposition to Motion (Re: 322 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Continuance of Sentencing* MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Continuance of Sentencing* ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 04/05/2010) |
| 04/05/2010 | 324 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #322 denied (Re: 322 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Continuance of Sentencing* MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *Continuance of Sentencing* ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 04/05/2010) |
| 04/06/2010 | 325 | | EXHIBIT LIST as to Lindsey Kent Springer (Springer, Lindsey) Modified on 4/7/2010; This is a multi−event document, see Document # 327 for second event (tjc, Dpty Clk). (Entered: 04/06/2010) |

| 04/06/2010 | 327 | | WITNESS LIST *(submitted as part of Doc # 325 )* as to Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 04/07/2010) |
|---|---|---|---|
| 04/07/2010 | | | NOTICE of Docket Entry Modification; Error: This is a multi−event document, which is not allowed in CM/ECF; Correction: Filed the remaining event (Witness List) as Document # 327 (Re: 325 Exhibit List ) as to Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 04/07/2010) |
| 04/09/2010 | 331 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #326 Denied (Re: 326 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *to continue sentencing until proper notice has been given* ) as to Oscar Amos Stilley Modified on 4/23/2010 to show Oscar Amos Stilley as single filer(cds, Dpty Clk). (Entered: 04/09/2010) |
| 04/09/2010 | 332 | | REPLY (Re: 321 Sentencing Memorandum ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 04/09/2010) |
| 04/16/2010 | 333 | | SEALED DOCUMENT (O'Reilly, Charles) (Entered: 04/16/2010) Contains One or More Restricted PDFs |
| 04/23/2010 | 336 | | MINUTES of Proceedings – held before Judge Stephen P Friot: Sentencing held on 4/23/2010, striking/terminating deadline(s)/hearing(s) as to Lindsey Kent Springer, Oscar Amos Stilley (Court Reporter: Tracy Washbourne) (With attachments) (pll, Dpty Clk) (Entered: 04/28/2010) |
| 04/23/2010 | 339 | | MOTION for Stay of Execution of Sentence, MOTION for Release Pending Appeal by Lindsey Kent Springer (s−srl, Dpty Clk) (Entered: 04/29/2010) |
| 04/23/2010 | 340 | | NOTICE OF APPEAL to Circuit Court (Re: 337 Judgment and Commitment, Entering Judgment ) as to Lindsey Kent Springer (s−srl, Dpty Clk) (Entered: 04/29/2010) |
| 04/23/2010 | 341 | | APPEAL FEES Paid in Full (Re: 340 Notice of Appeal to Circuit Court ) by Lindsey Kent Springer (s−srl, Dpty Clk) (Entered: 04/29/2010) |
| 04/23/2010 | | | ***Remark: *appeal forms given* (Re: 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (s−srl, Dpty Clk) (Entered: 04/29/2010) |
| 04/27/2010 | 334 | | ORDER by Judge Stephen P Friot *entered without prejudice to the right of standby counsel to apply for compensation for their services*, terminating attorney Charles Robert Burton, IV and Robert Scott Williams as to Lindsey Kent Springer, Oscar Amos Stilley (djh, Dpty Clk) (Entered: 04/27/2010) |
| 04/27/2010 | 335 | | ***Remark: *Order [Dkt. #334] mailed to each defendant c/o David L. Moss Correctional Center, 300 N. Denver Ave., Tulsa, OK 74103* (Re: 334 Order,, Adding/Terminating Attorney(s), Adding/Terminating Attorney(s) ) as to Lindsey Kent Springer, Oscar Amos Stilley (djh, Dpty Clk) (Entered: 04/27/2010) |
| 04/28/2010 | 337 | | JUDGMENT AND COMMITMENT by Judge Stephen P Friot, entering judgment as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 04/28/2010) |
| 04/29/2010 | 342 | | PRELIMINARY RECORD Sent to Circuit Court (Re: 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (With attachments) (s−srl, Dpty Clk) (Entered: 04/29/2010) |
| 04/29/2010 | 343 | | |

| | | | |
|---|---|---|---|
| | | | MOTION Transcript at Public Expense by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 04/29/2010) |
| 04/29/2010 | 344 | | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 10–5055 (#340) (Re: 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (sam, Dpty Clk) (Entered: 04/29/2010) |
| 04/30/2010 | 345 | | MOTION Amended Request For Stay of Execution of Sentence and Judgement and Appeal Bond Pending Appeal (Re: 337 Judgment and Commitment, Entering Judgment ) by Lindsey Kent Springer (Springer, Lindsey) Modified on 5/3/2010 to seal PDF; Document STRICKEN per Order # 352 (tjc, Dpty Clk). (Entered: 04/30/2010) Contains One or More Restricted PDFs |
| 04/30/2010 | 346 | | ORDER by Judge Stephen P Friot *re: mailing addresses* as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 04/30/2010) |
| 04/30/2010 | 347 | | MOTION to Strike Document(s) (Re: 345 MOTION Amended Request For Stay of Execution of Sentence and Judgement and Appeal Bond Pending Appeal ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 04/30/2010) |
| 04/30/2010 | 350 | | RESPONSE in Support of Motion (Re: 343 MOTION Transcript at Public Expense ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 04/30/2010) |
| 04/30/2010 | 351 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #343 Granted (Re: 343 MOTION Transcript at Public Expense ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 04/30/2010) |
| 04/30/2010 | 352 | | ORDER by Judge Stephen P Friot, striking/withdrawing document(s) (Re: 345 MOTION Amended Request For Stay of Execution of Sentence and Judgement and Appeal Bond Pending Appeal ) (Documents Terminated: 345 MOTION Amended Request For Stay of Execution of Sentence and Judgement and Appeal Bond Pending Appeal ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 04/30/2010) |
| 04/30/2010 | 354 | | MOTION for Leave to Exceed Page Limitation *For Leave* by Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 04/30/2010) |
| 05/03/2010 | 356 | | RESPONSE in Opposition to Motion (Re: 354 MOTION for Leave to Exceed Page Limitation *For Leave* ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 05/03/2010) |
| 05/03/2010 | 357 | | RESPONSE (Re: 339 MOTION for Stay of Execution of Sentence MOTION for Release Pending Appeal ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 05/03/2010) |
| 05/03/2010 | 358 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #354 Granted (Re: 354 MOTION for Leave to Exceed Page Limitation *For Leave*, 345 MOTION Amended Request For Stay of Execution of Sentence and Judgement and Appeal Bond Pending Appeal ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 05/03/2010) |
| 05/03/2010 | 359 | | MOTION For Stay Of Judgement (Re: 339 MOTION for Stay of Execution of Sentence MOTION for Release Pending Appeal ) by Lindsey Kent |

| | | | |
|---|---|---|---|
| | | | Springer (Springer, Lindsey) Modified on 5/4/2010; this is a two–part motion of which only one part was efiled – see 360 for Motion for Release Pending Appeal (sac, Dpty Clk). (Entered: 05/03/2010) |
| 05/03/2010 | 360 | | MOTION for Release Pending Appeal *(submitted as part of 359 )* by Lindsey Kent Springer (sac, Dpty Clk) (Entered: 05/04/2010) |
| 05/04/2010 | | | NOTICE of Docket Entry Modification; Error: this is a two–part motion of which only one part was efiled; Correction: efiled second part of motion – see 360 (Re: 359 MOTION for Stay Of Judgement ) as to Lindsey Kent Springer (sac, Dpty Clk) (Entered: 05/04/2010) |
| 05/06/2010 | 361 | | RESPONSE in Opposition to Motion (Re: 359 MOTION for Stay Of Judgement ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 05/06/2010) |
| 05/06/2010 | 362 | | ORDER from Circuit Court *partially consolidating appeals* (Re: 348 Notice of Appeal to Circuit Court, 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) (Entered: 05/06/2010) |
| 05/07/2010 | 363 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #359, 360 Denied (Re: 360 MOTION for Release Pending Appeal *(submitted as part of 359 )*, 359 MOTION for Stay Of Judgement ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 05/07/2010) |
| 05/09/2010 | 364 | | MOTION For Delivery of Filed Documents by Lindsey Kent Springer (Springer, Lindsey) (Entered: 05/09/2010) |
| 05/24/2010 | 365 | | TRANSCRIPT ORDER FORM as to Lindsey Kent Springer (With attachments) (Springer, Lindsey) Modified on 5/25/2010 to seal the pdf as it is not fully executed and should have been submitted to the court reporter (sac, Dpty Clk). (Entered: 05/24/2010) Contains One or More Restricted PDFs |
| 05/25/2010 | | | NOTICE of Docket Entry Modification; Error: this document should have been submitted to the court reporter; Correction: notified Lindsey Springer that this document must first be submitted to the court reporter and that the court reporter will file it of record once it is fully executed (Re: 365 Transcript Order Form ) as to Lindsey Kent Springer (sac, Dpty Clk) (Entered: 05/25/2010) |
| 05/28/2010 | 366 | | MOTION to Unseal Document(s) (Re: 203 Sealed Order, 186 Sealed Order, 181 SEALED MOTION, 182 Sealed Document, 202 SEALED MOTION ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 05/28/2010) |
| 06/01/2010 | 367 | | DESIGNATION of Record on Appeal (Re: 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (With attachments) (Springer, Lindsey) (Entered: 06/01/2010) |
| 06/01/2010 | 368 | | MOTION to Reconsider *Release Pending Appeal* (Re: 363 Order, Ruling on Motion(s)/Document(s) ) by Lindsey Kent Springer (Springer, Lindsey) Modified on 6/2/2010; This is two–part motion, see Doc # 369 for second event (tjc, Dpty Clk). (Entered: 06/01/2010) |

| | | | |
|---|---|---|---|
| 06/01/2010 | 369 | | MOTION for Hearing *(submitted as part of Doc #_368_ )* by Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 06/02/2010) |
| 06/02/2010 | | | NOTICE of Docket Entry Modification; Error: Document #_368_ is a two−part motion, but not all parts were filed; Correction: Filed the remaining motion part as Document # 369 (Re:_368_ MOTION to Reconsider *Release Pending Appeal* ) as to Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 06/02/2010) |
| 06/03/2010 | 370 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #366 Granted, unsealing document(s) (Re:_366_ MOTION to Unseal Document(s), _182_ Sealed Document, _186_ Sealed Order, _203_ Sealed Order, _181_ SEALED MOTION, _202_ SEALED MOTION ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 06/03/2010) |
| 06/04/2010 | 371 | | Amended MOTION to Reconsider Re: 369 MOTION for Hearing *(submitted as part of Doc #_368_ )*, _368_ MOTION to Reconsider *Release Pending Appeal* by Lindsey Kent Springer (Springer, Lindsey) Modified on 6/7/2010 to correct event; also this is two−part motion, see Document # 372 for second event (tjc, Dpty Clk). (Entered: 06/04/2010) |
| 06/04/2010 | 372 | | Amended MOTION for Hearing *re: Evidentiary (submitted as part of Doc #_371_ )* by Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 06/07/2010) |
| 06/07/2010 | | | NOTICE of Docket Entry Modification; Error: This was filed using the incorrect event (Motion to Amend) and Document #_371_ is a two−part motion, but not all parts were filed; Correction: Edited docket text to reflect the correct event and filed the remaining motion part as Document # 372 (Re:_371_ MOTION to Reconsider ) as to Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 06/07/2010) |
| 06/08/2010 | 373 | | MOTION to Withdraw Attorney(s) *Kenneth P. Snoke* by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 06/08/2010) |
| 06/08/2010 | 374 | | ORDER by Judge Stephen P Friot, terminating attorney Kenneth P Snoke, ruling on motion(s)/document(s): #373 Granted (Re:_373_ MOTION to Withdraw Attorney(s) ) as to Lindsey Kent Springer, Oscar Amos Stilley (pll, Dpty Clk) (Entered: 06/08/2010) |
| 06/08/2010 | 375 | | RESPONSE in Opposition to Motion (Re:_371_ MOTION to Reconsider, _368_ MOTION to Reconsider *Release Pending Appeal* ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 06/08/2010) |
| 06/08/2010 | 376 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #364 moot (Re:_364_ MOTION For Delivery of Filed Documents ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 06/08/2010) |
| 06/08/2010 | 377 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #368, 369, 371, 372 Denied (Re: 369 MOTION for Hearing *(submitted as part of Doc #_368_ )*, _371_ MOTION to Reconsider, 372 Amended MOTION for Hearing *re: Evidentiary (submitted as part of Doc #_371_ )*, _368_ MOTION to Reconsider *Release Pending Appeal* ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 06/08/2010) |
| 06/09/2010 | 378 | | |

| | | | |
|---|---|---|---|
| | | | TRANSCRIPT ORDER FORM (Transcripts ordered from Tracy Washbourne) (Re: 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (s–srl, Dpty Clk) (Entered: 06/09/2010) |
| 06/10/2010 | 379 | | MINUTE ORDER by Court Clerk, directing Jerold W. Barringer to file by July 1, 2010 a Motion for Admission Pro Hac Vice per Local Civil Rule 83.2. Additionally, if you intend to practice in this district in the future and want to become a member of this district, please submit an application for attorney admission. as to Lindsey Kent Springer, Oscar Amos Stilley (lal, Dpty Clk) (Entered: 06/10/2010) |
| 06/16/2010 | 380 | | Supplemental CERTIFICATE of Service *Due to Returned Mail* (Re: 375 Response in Opposition to Motion, 373 MOTION to Withdraw Attorney(s), 366 MOTION to Unseal Document(s) ) by USA as to Lindsey Kent Springer, Oscar Amos Stilley (O'Reilly, Charles) (Entered: 06/16/2010) |
| 06/16/2010 | | | MAIL to Oscar Amos Stilley, David L. Moss Criminal Justice Center, 300 N Denver, Tulsa, OK 74103 Returned – marked Return to Sender – not in custody. Remailed on 06/17/10 to FCI Forrest City Low, PO Box 9000, Forrest City, AR 72336 – New address obtained from BOP Website. (Re: 376 Order, Ruling on Motion(s)/Document(s), 377 Order,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), 374 Order, Adding/Terminating Attorney(s), Ruling on Motion(s)/Document(s) ) as to Oscar Amos Stilley (sdc, Dpty Clk) Modified on 6/18/2010 to remove additional Defendant (sdc, Dpty Clk). (Entered: 06/17/2010) |
| 07/07/2010 | 381 | | ORDER by Judge Stephen P Friot – *Certificate pursuant to 18 USC 3006A(d)(3) re: CJA voucher* as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 07/07/2010) |
| 07/12/2010 | 382 | | TRANSCRIPT of Proceedings (Unredacted) of Motion Hearing held on 04/22/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 132). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 340 Notice of Appeal 43 Minutes of Motion Hearing, Minutes of Scheduling Conference, Ruling on Motion(s)/Document(s), Taking Motion(s) Under Advisement, Setting/Resetting Deadline(s)/Hearing(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk). Modified on 7/13/2010 to create link to 340 (sac, Dpty Clk). Modified on 10/14/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 383 | | TRANSCRIPT of Proceedings (Unredacted) of Motion Hearing held on 07/02/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 159). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public |

| | | terminal at no charge or may purchase a copy from the court reporter. (Re: 340 Notice of Appeal to Circuit Court, 100 Minutes of Motion Hearing, Ruling on Motion(s)/Document(s), Striking/Terminating Deadline(s)/Hearing(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
|---|---|---|
| 07/12/2010 | 384 | TRANSCRIPT of Proceedings (Unredacted) of Pretrial Hearing held on 10/21/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 139). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 340 Notice of Appeal to Circuit Court, 207 Minutes of Motion Hearing, Minutes of Pretrial Conference, Ruling on Motion(s)/Document(s), Striking/Terminating Deadline(s)/Hearing(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 385 | TRANSCRIPT of Proceedings (Unredacted) of Voir Dire and Jury Trial held on 10/26/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne)(Pages: 1 to 242)(Re: 217 Minutes of Jury Trial Begun, 340 Notice of Appeal to Circuit Court, 218 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s), 216 Minutes of Voir Dire/Jury Selection Held) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk)(See Court Clerk to view this transcript) Modified on 7/13/2010 to include that Voir Dire is included in this transcript (sac, Dpty Clk). (Entered: 07/12/2010) Contains One or More Restricted PDFs |
| 07/12/2010 | 386 | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 10/27/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 243 to 515). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 340 Notice of Appeal to Circuit Court, 221 Minutes of Jury Trial Held, Ruling on Motion(s)/Document(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 387 | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 10/28/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 516 to 640). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript |

to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 222 Minutes of Jury Trial Held, Setting/Resetting Deadline(s)/Hearing(s), 340 Notice of Appeal to Circuit Court) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010)

| 07/12/2010 | 388 | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 10/29/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 641 to 880). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 340 Notice of Appeal to Circuit Court, 223 Minutes of Jury Trial Held, Ruling on Motion(s)/Document(s), Setting/Resetting Scheduling Order Date(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 389 | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 10/30/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 881 to 1130). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 229 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s) 340 Notice of Appeal to Circuit Court) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 390 | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 11/02/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 1131 to 1327). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 230 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s), 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 391 | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 11/03/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 1328 to 1608). NOTICE RE REDACTION OF |

| | | |
|---|---|---|
| | | TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: <u>340</u> Notice of Appeal to Circuit Court, 231 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | <u>392</u> | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 11/04/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 1609 to 1934). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 233 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s), <u>340</u> Notice of Appeal to Circuit Court) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | <u>393</u> | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 11/05/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 1935 to 2202). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: <u>340</u> Notice of Appeal to Circuit Court, 234 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | <u>394</u> | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 11/09/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 2203 to 2454). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 239 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s), <u>340</u> Notice of Appeal to Circuit Court) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |

| 07/12/2010 | 395 | | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 11/10/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 2455 to 2669). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 240 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s), 340 Notice of Appeal to Circuit Court) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 396 | | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 11/12/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 2670 to 2949). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 241 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s), 340 Notice of Appeal to Circuit Court) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 397 | | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 11/13/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 2950 to 3056). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 340 Notice of Appeal to Circuit Court, 242 Minutes of Jury Trial Held, Setting/Resetting Scheduling Order Date(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 398 | | TRANSCRIPT of Proceedings (Unredacted) of Jury Trial held on 11/16/2009 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 3057 to 3090). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 340 Notice of Appeal to Circuit Court, 243 Minutes of Jury Trial Completed, Striking/Terminating Deadline(s)/Hearing(s)) as to Lindsey |

| | | | |
|---|---|---|---|
| | | | Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 399 | | TRANSCRIPT of Proceedings (Unredacted) of Sentencing held on 04/21/2010 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 1 to 210). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 336 Minutes of Sentencing, Striking/Terminating Deadline(s)/Hearing(s), 340 Notice of Appeal to Circuit Court) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 400 | | TRANSCRIPT of Proceedings (Unredacted) of Sentencing held on 04/22/2010 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 211 to 390). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 336 Minutes of Sentencing, Striking/Terminating Deadline(s)/Hearing(s), 340 Notice of Appeal to Circuit Court) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/12/2010 | 401 | | TRANSCRIPT of Proceedings (Unredacted) of Sentencing held on 04/23/2010 before Judge Stephen P Friot (Court Reporter: Tracy Washbourne) (Pages: 391 to 469). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 336 Minutes of Sentencing, Striking/Terminating Deadline(s)/Hearing(s), 340 Notice of Appeal to Circuit Court) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 10/15/2010 to remove transcript access restriction (a–hc, Dpty Clk). (Entered: 07/12/2010) |
| 07/13/2010 | 402 | | MOTION for Writ of Error Coram Nobis by Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 07/14/2010) |
| 07/13/2010 | 403 | | MOTION for Appointment of Counsel *Regarding Motion for Writ of Error Coram Nobis* by Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 07/14/2010) |
| 07/13/2010 | 404 | | |

| | | | |
|---|---|---|---|
| | | | BRIEF in Support of Motion (Re: 402 MOTION for Writ of Error Coram Nobis ) by Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 07/14/2010) |
| 07/13/2010 | 405 | | MOTION for Leave to Exceed Page Limitation by Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 07/14/2010) |
| 07/13/2010 | 406 | | AFFIDAVIT of Lindsey Kent Springer (titled "Declaration") as to Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 07/14/2010) |
| 07/13/2010 | 407 | | CERTIFICATE of Service (Re: 405 MOTION for Leave to Exceed Page Limitation, 402 MOTION for Writ of Error Coram Nobis, 404 Brief in Support of Motion, 403 MOTION for Appointment of Counsel *Regarding Motion for Writ of Error Coram Nobis*, 406 Affidavit ) as to Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 07/14/2010) |
| 07/15/2010 | | | MAIL to Oscar Amos Stilley, David L. Moss Criminal Justic Center, 300 N Denver, Tulsa OK 74103 Returned – marked return to sender – not in custody. Remailed on 7/15/10 – FCI Forrest City Low, PO Box 9000, Forrest City, AR 72336. (Re: 379 Order, Directing Attorney to File PHV Motion,, ) as to Oscar Amos Stilley (sdc, Dpty Clk) Modified on 7/16/2010 ro remove reference to Lindsey Springer (sdc, Dpty Clk). (Entered: 07/15/2010) |
| 07/16/2010 | 408 | | MOTION for Leave to Exceed Page Limitation by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 07/16/2010) |
| 07/16/2010 | 409 | | Second BRIEF in Support of Motion (Re: 402 MOTION for Writ of Error Coram Nobis ) by Lindsey Kent Springer (With attachments) (sdc, Dpty Clk) (Entered: 07/16/2010) |
| 07/16/2010 | 410 | | CERTIFICATE of Service (Re: 408 MOTION for Leave to Exceed Page Limitation, 409 Brief in Support of Motion ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 07/16/2010) |
| 07/16/2010 | 411 | | RESPONSE in Opposition to Motion (Re: 405 MOTION for Leave to Exceed Page Limitation, 402 MOTION for Writ of Error Coram Nobis, 403 MOTION for Appointment of Counsel *Regarding Motion for Writ of Error Coram Nobis*, 408 MOTION for Leave to Exceed Page Limitation ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 07/16/2010) |
| 07/26/2010 | 412 | | RECORD on Appeal Sent to Circuit Court (Record includes: 4 volumes) (Re: 348 Notice of Appeal to Circuit Court, 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer, Oscar Amos Stilley (With attachments) (s–srt, Dpty Clk) (Entered: 07/26/2010) |
| 07/29/2010 | 413 | | NOTICE of Change of Address by Lindsey Kent Springer, Lindsey K Springer as to Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 07/29/2010) |
| 07/29/2010 | 414 | | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *to proof transcripts* by Lindsey Kent Springer (s–srt, Dpty Clk) Modified on 11/9/2010; Document STRICKEN per Order # 427 (tjc, Dpty Clk). (Entered: 07/29/2010) |
| 07/29/2010 | 415 | | REPLY to Response to Motion (Re: 402 MOTION for Writ of Error Coram Nobis ) by Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 07/29/2010) |

| 08/11/2010 | 416 | | MOTION for Release, MOTION for Stay of Judgment *Pending Ruling on Motion for Writ of Coram Nobis*, MOTION for Hearing by Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 08/13/2010) |
|---|---|---|---|
| 08/13/2010 | 417 | | ***Remark: *Petition for writ of mandamus filed at 10th Circuit Court. Case number 10−5101* as to Lindsey Kent Springer (sam, Dpty Clk) (Entered: 08/16/2010) |
| 08/30/2010 | 419 | | RESPONSE in Opposition to Motion (Re: 416 MOTION for Release MOTION for Stay of Judgment *Pending Ruling on Motion for Writ of Coram Nobis* MOTION for Hearing ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 08/30/2010) |
| 08/31/2010 | | | ***Remark: *rec'd 10th Circuit Entry of Appearance, Motion for Informa Pauperis, and Petition for Writ of Error Coram Nobis of Mandamas − forwarded to 10th Circuit* as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 08/31/2010) |
| 09/09/2010 | 420 | | REPLY to Response to Motion (Re: 416 MOTION for Release MOTION for Stay of Judgment *Pending Ruling on Motion for Writ of Coram Nobis* MOTION for Hearing ) by Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 09/09/2010) |
| 09/09/2010 | 421 | | ATTORNEY APPEARANCE by Jeffrey Andrew Gallant on behalf of USA (Gallant, Jeffrey) (Entered: 09/09/2010) |
| 09/13/2010 | 422 | | TRANSCRIPT of Proceedings (Unredacted) of Miscellaneous Hearing held on 03/30/2009 before Magistrate Judge Paul J Cleary (Court Reporter: Tracy Washbourne) (Pages: 1−36). NOTICE RE REDACTION OF TRANSCRIPTS: A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the court public terminal at no charge or may purchase a copy from the court reporter. (Re: 23 Minutes of Miscellaneous Hearing, Ruling on Motion(s)/Document(s), Striking/Terminating Deadline(s)/Hearing(s)) as to Lindsey Kent Springer, Oscar Amos Stilley (sam, Dpty Clk) Modified on 12/20/2010 to remove transcript access restriction (a−hc, Dpty Clk). (Entered: 09/13/2010) |
| 10/22/2010 | 423 | | ORDER from Circuit Court *denying petition for writ of mandamus* (Re: 417 Remark ) as to Lindsey Kent Springer (sam, Dpty Clk) (Entered: 10/25/2010) |
| 11/01/2010 | 424 | | MOTION for Release Pending Appeal, MOTION to Reconsider (Re: 377 Order,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), 363 Order, Ruling on Motion(s)/Document(s) ) by Lindsey Kent Springer (s−srt, Dpty Clk) Modified on 11/3/2010−STRICKEN PER ORDER # 426 (lml, Dpty Clk). (Entered: 11/01/2010) |
| 11/01/2010 | 425 | | BRIEF in Support of Motion (Re: 424 MOTION for Release Pending Appeal MOTION to Reconsider ) by Lindsey Kent Springer (s−srt, Dpty Clk) Modified on 11/3/2010−STRICKEN PER ORDER # 426 (lml, Dpty Clk). (Main Document 425 replaced on 2/11/2011) (lml, Dpty Clk). |

| | | | (Entered: 11/01/2010) |
|---|---|---|---|
| 11/02/2010 | 426 | | ORDER by Judge Stephen P Friot, striking/withdrawing document(s) (Re: 425 Brief in Support of Motion, 424 MOTION for Release Pending Appeal MOTION to Reconsider, 377 Order,, Ruling on Motion(s)/Document(s), Ruling on Motion(s)/Document(s), 363 Order, Ruling on Motion(s)/Document(s) ) (Documents Terminated: 424 MOTION for Release Pending Appeal MOTION to Reconsider, 425 Brief in Support of Motion ) as to Lindsey Kent Springer (cds, Dpty Clk) (Entered: 11/02/2010) |
| 11/08/2010 | 427 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #405, 408 granted, #402, 403, 416 denied, striking/withdrawing document(s) (Re: 405 MOTION for Leave to Exceed Page Limitation, 402 MOTION for Writ of Error Coram Nobis, 403 MOTION for Appointment of Counsel *Regarding Motion for Writ of Error Coram Nobis*, 408 MOTION for Leave to Exceed Page Limitation, 416 MOTION for Release MOTION for Stay of Judgment *Pending Ruling on Motion for Writ of Coram Nobis* MOTION for Hearing, 414 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *to proof transcripts*, 409 Brief in Support of Motion ) (Documents Terminated: 414 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) *to proof transcripts* ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 11/08/2010) |
| 11/17/2010 | 428 | | NOTICE OF APPEAL to Circuit Court (Re: 426 Order, Striking/Withdrawing Document(s),,, Striking/Withdrawing Document(s), 427 Order, Ruling on Motion(s)/Document(s), Striking/Withdrawing Document(s),,, Ruling on Motion(s)/Document(s), Striking/Withdrawing Document(s),,, Ruling on Motion(s)/Document(s), Striking/Withdrawing Document(s), ) as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 11/19/2010) |
| 11/19/2010 | | | ***Remark: *Per 10th Circuit this is new Notice of Appeal* (Re: 428 Notice of Appeal to Circuit Court, ) as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 11/19/2010) |
| 11/19/2010 | | | ***Remark: *appeal forms mailed* (Re: 428 Notice of Appeal to Circuit Court, ) as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 11/19/2010) |
| 11/19/2010 | 429 | | PRELIMINARY RECORD Sent to Circuit Court (Re: 428 Notice of Appeal to Circuit Court, ) as to Lindsey Kent Springer (With attachments) (s−srt, Dpty Clk) (Entered: 11/19/2010) |
| 11/19/2010 | 430 | | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 10−5156 (#428 (Re: 428 Notice of Appeal to Circuit Court, ) as to Lindsey Kent Springer (sam, Dpty Clk) (Entered: 11/22/2010) |
| 12/20/2010 | 431 | | TRANSCRIPT ORDER FORM (Transcripts are not necessary or are already on file ) (Re: 428 Notice of Appeal to Circuit Court, ) as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 12/20/2010) |
| 12/20/2010 | 432 | | DESIGNATION of Record on Appeal (Re: 428 Notice of Appeal to Circuit Court, ) as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 12/20/2010) |
| 12/21/2010 | 433 | | MINUTE ORDER by Court Clerk, Having reviewed the docket entry and/or |

|  |  |  | PDF for Dkt # *432*, the Court has determined that *the designated docket sheet was not attached to the pleading*. Attorney *Jerold Barringer* is hereby directed to re–file *an Amended Designation of Record on Appeal with the designated docket sheet attached within 24 hours*. (Re: 432 Designation of Record on Appeal ) as to Lindsey Kent Springer (tjc, Dpty Clk) (Entered: 12/21/2010) |
|---|---|---|---|
| 12/28/2010 | 434 |  | LETTER from Circuit Court regarding 1st request for record (Re: 428 Notice of Appeal to Circuit Court, ) as to Lindsey Kent Springer (sam, Dpty Clk) (Entered: 12/28/2010) |
| 01/03/2011 | 435 |  | Amended DESIGNATION of Record on Appeal (Re: 428 Notice of Appeal to Circuit Court, ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 01/04/2011) |
| 01/06/2011 | 436 |  | RECORD on Appeal Sent to Circuit Court (Record includes: 2 Volumes) (Re: 428 Notice of Appeal to Circuit Court, ) as to Lindsey Kent Springer (With attachments) (sdc, Dpty Clk) (Entered: 01/06/2011) |
| 02/16/2011 | 437 |  | MOTION for Leave to Exceed Page Limitation by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 02/16/2011) |
| 02/16/2011 | 438 |  | MOTION for New Trial by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 02/16/2011) |
| 02/16/2011 | 439 |  | MOTION for Hearing (Re: 438 MOTION for New Trial ) by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 02/16/2011) |
| 02/16/2011 | 440 |  | BRIEF in Support of Motion (Re: 438 MOTION for New Trial ) by Lindsey K Springer as to Lindsey Kent Springer (With attachments) (sdc, Dpty Clk) Original Electronic Image reflects illegible pages on paper copy provided to the Court (lml, Dpty Clk). (Entered: 02/17/2011) |
| 02/18/2011 | 441 |  | RESPONSE in Opposition to Motion (Re: 438 MOTION for New Trial, 439 MOTION for Hearing, 437 MOTION for Leave to Exceed Page Limitation ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 02/18/2011) |
| 02/22/2011 | 442 |  | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #437 Granted, setting/resetting deadline(s)/hearing(s): ( Miscellaneous Deadline set for 3/15/2011) (Re: 437 MOTION for Leave to Exceed Page Limitation, 438 MOTION for New Trial, 439 MOTION for Hearing ) as to Lindsey Kent Springer (cds, Dpty Clk) (Entered: 02/22/2011) |
| 03/14/2011 | 445 |  | REPLY to Response to Motion (Re: 439 MOTION for Hearing ) by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 03/15/2011) |
| 03/17/2011 | 446 |  | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #438 denied, #439 denied (Re: 438 MOTION for New Trial, 439 MOTION for Hearing ) as to Lindsey Kent Springer (djh, Dpty Clk) (Entered: 03/17/2011) |
| 03/28/2011 | 447 |  | NOTICE OF APPEAL to Circuit Court (Re: 446 Order, Ruling on Motion(s)/Document(s) ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 03/29/2011) |

| 03/28/2011 | 448 | | ***Remark: *appeal forms sent* (Re: 447 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 03/29/2011) |
| 03/29/2011 | 449 | | PRELIMINARY RECORD Sent to Circuit Court (Re: 447 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (With attachments) (sdc, Dpty Clk) (Entered: 03/29/2011) |
| 04/15/2011 | 452 | | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 11–5053 (#447) (Re: 447 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (sam, Dpty Clk) (Entered: 04/18/2011) |
| 05/16/2011 | 456 | | MOTION for Leave to Appeal in Forma Pauperis (Re: 447 Notice of Appeal to Circuit Court ) by Lindsey Kent Springer (s–srl, Dpty Clk) (Entered: 05/16/2011) |
| 05/16/2011 | 457 | | SUPPLEMENT (Re: 456 MOTION for Leave to Appeal in Forma Pauperis ) as to Lindsey Kent Springer (s–srl, Dpty Clk) (Entered: 05/16/2011) |
| 05/17/2011 | 458 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #456 Granted (Re: 447 Notice of Appeal to Circuit Court, 456 MOTION for Leave to Appeal in Forma Pauperis ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 05/17/2011) |
| 06/13/2011 | 459 | | RECORD on Appeal Sent to Circuit Court (Record includes: 1 Volume) (Re: 447 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (With attachments) (sdc, Dpty Clk) (Entered: 06/13/2011) |
| 10/26/2011 | 460 | | DECISION from Circuit Court affirming the Decision of the District Court (awaiting mandate) (Re: 348 Notice of Appeal to Circuit Court, 428 Notice of Appeal to Circuit Court, 447 Notice of Appeal to Circuit Court, 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer, Oscar Amos Stilley (sdc, Dpty Clk) (Entered: 10/26/2011) |
| 12/06/2011 | 461 | | MANDATE from Circuit Court (Re: 460 Decision from Circuit Court, 428 Notice of Appeal to Circuit Court, 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 12/06/2011) |
| 12/06/2011 | 462 | | MANDATE from Circuit Court (Re: 460 Decision from Circuit Court, 447 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 12/06/2011) |
| 05/04/2012 | 464 | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been filed (U.S. Supreme Court Case Number: 11–10096) (Re: 428 Notice of Appeal to Circuit Court, 447 Notice of Appeal to Circuit Court, 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 05/04/2012) |
| 06/04/2012 | 468 | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been denied (U.S. Supreme Court Case Number: 11–10096) (Re: 428 Notice of Appeal to Circuit Court, 447 Notice of Appeal to Circuit Court, 340 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 06/04/2012) |
| 01/02/2013 | 469 | | Letter *requesting forms (2255 forms packet and local civil rules sent)* by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 01/03/2013) |

| 01/02/2013 | 470 | | MOTION for Leave to Exceed Page Limitation *and Brief to Accompany Motion for Relief Under 2255* by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 01/03/2013) |
|---|---|---|---|
| 01/04/2013 | 471 | | ORDER by Judge Stephen P Friot, ruling on motion(s)/document(s): #470 Denied (Re: 470 MOTION for Leave to Exceed Page Limitation *and Brief to Accompany Motion for Relief Under 2255* ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 01/04/2013) |
| 03/11/2013 | 472 | | MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 by Lindsey K Springer as to Lindsey Kent Springer (s−srt, Dpty Clk) Civil case 4:13−cv−00145 opened. (Entered: 03/12/2013) |
| 03/11/2013 | 473 | | BRIEF in Support of Motion (Re: 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) by Lindsey K Springer as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 03/12/2013) |
| 03/11/2013 | 474 | | AFFIDAVIT in Support of Motion (Re: 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) by Lindsey K Springer as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 03/12/2013) |
| 03/11/2013 | 475 | | CERTIFICATE of Service (Re: 474 Affidavit in Support of Motion, 473 Brief in Support of Motion, 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) by Lindsey K Springer as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 03/12/2013) |
| 03/11/2013 | 476 | 57 | MINUTE ORDER by Judge Stephen P Friot (Re: 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 03/12/2013) |
| 03/13/2013 | | | ***Remark: *copy of #472 given to USA* (Re: 476 Order, ) as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 03/13/2013) |
| 03/14/2013 | 477 | | ***Remark: *copy of #473, #474, #475 given to USA* (Re: 476 Order, ) as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 03/14/2013) |
| 03/15/2013 | 478 | 58 | ORDER by Judge Stephen P Friot , setting/resetting deadline(s)/hearing(s): ( Responses due by 8/9/2013) (Re: 474 Affidavit in Support of Motion, 473 Brief in Support of Motion, 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 , 475 Certificate of Service, ) as to Lindsey Kent Springer (cds, Dpty Clk) (Entered: 03/15/2013) |
| 03/25/2013 | 479 | | MOTION to Proceed In Forma Pauperis by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 03/25/2013) |
| 03/27/2013 | 480 | 61 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #479 Denied (Re: 479 MOTION to Proceed In Forma Pauperis ) as to Lindsey Kent Springer (cds, Dpty Clk) (Entered: 03/27/2013) |
| 03/29/2013 | 481 | | MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 03/29/2013) |
| 04/01/2013 | 482 | | ORDER by Judge Stephen P Friot *re: deadline to file motion to disqualify*, ruling on motion(s)/document(s): #481 Granted (Re: 481 MOTION to Accelerate/Extend/Reset Hearing(s)/Deadline(s) ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 04/01/2013) |

| 04/08/2013 | 483 | | MOTION to Clarify by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 04/08/2013) |
|---|---|---|---|
| 04/09/2013 | 484 | 62 | ORDER by Judge Stephen P Friot , terminating document(s) (Re: 480 Order, Ruling on Motion(s)/Document(s), 479 MOTION to Proceed In Forma Pauperis , 483 MOTION to Clarify ) (Documents Terminated: 483 MOTION to Clarify ) as to Lindsey Kent Springer (cds, Dpty Clk) (Entered: 04/09/2013) |
| 04/29/2013 | 485 | | MOTION To Recuse of Disqualify Honorable United States District Judge Stephen P. Friot by Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 04/29/2013) |
| 04/29/2013 | 486 | | AFFIDAVIT in Support of Motion (Re: 485 MOTION To Recuse of Disqualify Honorable United States District Judge Stephen P. Friot ) by Lindsey K Springer as to Lindsey Kent Springer (s−srt, Dpty Clk) (Entered: 04/29/2013) |
| 05/03/2013 | 487 | | RESPONSE in Opposition to Motion (Re: 485 MOTION To Recuse of Disqualify Honorable United States District Judge Stephen P. Friot ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) Modified on 5/6/2013; this document contains two events and that is not allowed with CM/ECF − see 491 for Motion to Strike Document(s) (sac, Dpty Clk). (Entered: 05/03/2013) |
| 05/03/2013 | 488 | | MOTION for Declaratory Judgment Remedy by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) Modified on 5/8/2013 – **STRICKEN per 492** (sac, Dpty Clk). (Entered: 05/03/2013) |
| 05/03/2013 | 489 | | BRIEF in Support of Motion (Re: 488 MOTION for Declaratory Judgment Remedy ) by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) Modified on 5/8/2013 – **STRICKEN per 492** (sac, Dpty Clk). (Entered: 05/03/2013) |
| 05/03/2013 | 490 | | ORDER by Judge Stephen P Friot , setting/resetting deadline(s)/hearing(s): ( Miscellaneous Deadline set for 5/17/2013) (Re: 487 Response in Opposition to Motion ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 05/03/2013) |
| 05/03/2013 | 491 | | MOTION to Strike Document(s) *(submitted as part of 487 )* (Re: 485 MOTION To Recuse of Disqualify Honorable United States District Judge Stephen P. Friot ) by USA as to Lindsey Kent Springer (sac, Dpty Clk) (Entered: 05/06/2013) |
| 05/06/2013 | | | NOTICE of Docket Entry Modification; Error: this document contains two events and that is not allowed with CM/ECF; Correction: filed Motion to Strike Document(s) – see 491 (Re: 487 Response in Opposition to Motion, ) as to Lindsey Kent Springer (sac, Dpty Clk) (Entered: 05/06/2013) |
| 05/07/2013 | 492 | 63 | ORDER by Judge Stephen P Friot , striking/withdrawing document(s) (Re: 489 Brief in Support of Motion, 488 MOTION for Declaratory Judgment Remedy ) (Documents Terminated: 489 Brief in Support of Motion, 488 MOTION for Declaratory Judgment Remedy ) as to Lindsey Kent Springer (cds, Dpty Clk) (Entered: 05/07/2013) |
| 05/10/2013 | 493 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Clarify *Who is U.S. Attorney* by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/10/2013) |
| 05/10/2013 | 494 | | MOTION to Reconsider Determination that Section 2255 is Continuing Criminal Case and Not a New Civil Case by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/13/2013) |
| 05/13/2013 | 495 | | ERRATA/CORRECTION (Re: 487 Response in Opposition to Motion, ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 05/13/2013) |
| 05/15/2013 | 496 | 64 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #493 stricken in part, denied in part; #494 denied (Re: 493 MOTION to Clarify *Who is U.S. Attorney*, 494 MOTION to Reconsider Determination that Section 2255 is Continuing Criminal Case and Not a New Civil Case ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 05/15/2013) |
| 05/15/2013 | 497 | | NOTICE OF APPEAL to Circuit Court (Interlocutory) (Re: 490 Order, Setting/Resetting Deadline(s)/Hearing(s), 476 Order, 480 Order, Ruling on Motion(s)/Document(s), 484 Order,,,, Terminating Document(s), 478 Order,, Setting/Resetting Deadline(s)/Hearing(s),,, 492 Order,, Striking/Withdrawing Document(s), ) by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/15/2013) |
| 05/15/2013 | 498 | | Letter *re: appeal* by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/15/2013) |
| 05/15/2013 | 499 | | PRELIMINARY RECORD Sent to Circuit Court (Re: 497 Notice of Appeal to Circuit Court – Interlocutory, ) as to Lindsey Kent Springer (With attachments) (sdc, Dpty Clk) (Entered: 05/15/2013) |
| 05/15/2013 | | | ***Remark: *appeal forms mailed to Defendant* (Re: 497 Notice of Appeal to Circuit Court – Interlocutory, ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/15/2013) |
| 05/16/2013 | 500 | | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 13–5062 (#497) (Re: 497 Notice of Appeal to Circuit Court – Interlocutory, ) as to Lindsey Kent Springer (s–srt, Dpty Clk) (Entered: 05/16/2013) |
| 05/16/2013 | 501 | | ORDER from Circuit Court *tolling briefing on the merits. Jurisdiction challenged* (Re: 497 Notice of Appeal to Circuit Court – Interlocutory, ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/16/2013) |
| 05/20/2013 | 502 | | REPLY to Response to Motion (Re: 485 MOTION To Recuse of Disqualify Honorable United States District Judge Stephen P. Friot ) by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/21/2013) |
| 05/28/2013 | 503 | | Amended NOTICE OF APPEAL to Circuit Court (Interlocutory) (Re: 490 Order, Setting/Resetting Deadline(s)/Hearing(s), 476 Order, 480 Order, Ruling on Motion(s)/Document(s), 484 Order,,,, Terminating Document(s), 478 Order,, Setting/Resetting Deadline(s)/Hearing(s),,, 492 Order,, Striking/Withdrawing Document(s), ) by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) Modified on 5/30/2013 to edit event title (sdc, Dpty Clk). Modified on 5/30/2013 to replace incorrect PDF (sdc, Dpty Clk). (Entered: 05/30/2013) |

| 05/30/2013 | <u>504</u> | | Amended PRELIMINARY RECORD Sent to Circuit Court (Re: <u>503</u> Notice of Appeal to Circuit Court – Interlocutory, ) as to Lindsey Kent Springer (With attachments) (sdc, Dpty Clk) (Attachment 1 replaced on 5/30/2013) (sdc, Dpty Clk). (Attachment 1 replaced on 5/30/2013) (sdc, Dpty Clk). (Entered: 05/30/2013) |
| 05/30/2013 | <u>505</u> | | NOTICE of Docket Entry Modification; Error: pages missing; Correction: replaced PDF with corrected document (Re: <u>503</u> Notice of Appeal to Circuit Court – Interlocutory,, ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/30/2013) |
| 05/30/2013 | <u>506</u> | | NOTICE of Docket Entry Modification; Error: missing pages from Amended Notice of Appeal; Correction: replaced PDF with corrected document (Re: <u>504</u> Preliminary Record Sent, ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/30/2013) |
| 05/31/2013 | <u>507</u> | | MOTION to Disqualify Charles A. O'Reilly by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/31/2013) |
| 05/31/2013 | <u>508</u> | | MOTION to Substitute by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 05/31/2013) |
| 06/20/2013 | <u>509</u> | | DECISION from Circuit Court dismissing the Appeal (Re: <u>503</u> Notice of Appeal to Circuit Court – Interlocutory,, <u>497</u> Notice of Appeal to Circuit Court – Interlocutory, ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 06/20/2013) |
| 06/21/2013 | <u>510</u> | 66 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #485 denied (Re: <u>485</u> MOTION To Recuse of Disqualify Honorable United States District Judge Stephen P. Friot ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 06/21/2013) |
| 06/25/2013 | <u>511</u> | 68 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #507 &#508 are denied (Re: <u>508</u> MOTION to Substitute , <u>507</u> MOTION to Disqualify Charles A. O'Reilly ) as to Lindsey Kent Springer (lml, Dpty Clk) (Entered: 06/25/2013) |
| 07/02/2013 | <u>512</u> | | MOTION for Conditional Release on Writ of Habeas Corpus as to Count One by Lindsey K Springer as to Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/02/2013) |
| 07/02/2013 | <u>513</u> | | MOTION for Conditional Release on Writ of Habeas Corpus as to Counts Two, Three and Four by Lindsey K Springer as to Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/02/2013) |
| 07/03/2013 | <u>514</u> | 70 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #512 and 513 denied (Re: <u>513</u> MOTION for Conditional Release on Writ of Habeas Corpus as to Counts Two, Three and Four , <u>512</u> MOTION for Conditional Release on Writ of Habeas Corpus as to Count One ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 07/03/2013) |
| 07/24/2013 | <u>515</u> | | Letter to Clerk of Court as to Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/24/2013) |
| 08/13/2013 | <u>516</u> | | MOTION for Extension of Time to Respond to Motion (Re: <u>472</u> MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) by USA as to |

| | | | |
|---|---|---|---|
| | | | Lindsey Kent Springer (Gallant, Jeffrey) (Entered: 08/13/2013) |
| 08/15/2013 | 517 | | ORDER by Judge Stephen P Friot , setting/resetting deadline(s)/hearing(s): ( Responses due by 9/9/2013) (Re: 474 Affidavit in Support of Motion, 473 Brief in Support of Motion, 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 , 475 Certificate of Service, ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 08/15/2013) |
| 08/29/2013 | | | ***Remark: *Petition for Writ of Mandamus was filed in the 10th Circuit on 08/29/2013 and assigned case no. 13−5113* as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 09/18/2013) |
| 09/09/2013 | 518 | | Preliminary RESPONSE in Opposition to Motion (Re: 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) by USA as to Lindsey Kent Springer (With attachments) (O'Reilly, Charles) (Entered: 09/09/2013) |
| 09/16/2013 | 519 | | NOTICE of Change of Address as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 09/16/2013) |
| 09/18/2013 | 520 | | ORDER from Circuit Court *granting Appellant's motion for leave to proceed in forma pauperis* (Re: Remark ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 09/18/2013) |
| 09/18/2013 | 521 | | ORDER from Circuit Court *denying Petition for Writ of Mandamus* (Re: Remark ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 09/18/2013) |
| 10/07/2013 | 522 | | MOTION to Strike Document(s) (Re: 518 Response in Opposition to Motion ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 10/07/2013) |
| 10/07/2013 | 523 | | NOTICE of Change of Address by Lindsey K Springer as to Lindsey Kent Springer (sc, Dpty Clk) (Entered: 10/07/2013) |
| 10/09/2013 | 524 | | MOTION for Leave to Conduct Limited Discovery on United States Attorney by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 10/09/2013) |
| 10/24/2013 | 525 | | RESPONSE in Opposition to Motion *to Strike* (Re: 522 MOTION to Strike Document(s) ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 10/24/2013) |
| 10/24/2013 | 526 | | RESPONSE in Opposition to Motion *to Conduct Limited Discovery* (Re: 524 MOTION for Leave to Conduct Limited Discovery on United States Attorney ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 10/24/2013) |
| 10/31/2013 | 527 | | MOTION for Leave to File Reply (Re: 524 MOTION for Leave to Conduct Limited Discovery on United States Attorney , 522 MOTION to Strike Document(s) ) by Lindsey K Springer as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 11/01/2013) |
| 01/06/2014 | 528 | 71 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #522, 524 &527 denied (Re: 527 MOTION for Leave to File Reply , 524 MOTION for Leave to Conduct Limited Discovery on United States Attorney , 522 MOTION to Strike Document(s) ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 01/06/2014) |

| 01/08/2014 | 529 | | MOTION to Clarify *Reply* (Re: 478 Order, Setting/Resetting Deadline(s)/Hearing(s),,,, ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 01/08/2014) |
|---|---|---|---|
| 01/10/2014 | 530 | 74 | ORDER by Judge Stephen P Friot *(Copy of this order and Order #528 mailed to defendant)*, ruling on motion(s)/document(s): #529 granted (Re: 529 MOTION to Clarify *Reply* ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 01/10/2014) |
| 01/21/2014 | 531 | | MOTION to Reconsider (Re: 528 Order, Ruling on Motion(s)/Document(s),, ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 01/21/2014) |
| 01/31/2014 | 532 | | MOTION for Leave to Exceed Page Limitation by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 01/31/2014) |
| 02/03/2014 | 533 | | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #532 granted (Re: 532 MOTION for Leave to Exceed Page Limitation ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 02/03/2014) |
| 02/10/2014 | 534 | | RESPONSE (Re: 478 Order, Setting/Resetting Deadline(s)/Hearing(s),,,, ) by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 02/11/2014) |
| 02/13/2014 | 535 | | Letter from Defendant *re: receipt of Motion* as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 02/13/2014) |
| 02/13/2014 | 536 | 76 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #531 denied (Re: 531 MOTION to Reconsider ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 02/13/2014) |
| 03/03/2014 | 538 | | MOTION to Disqualify Judge by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 03/04/2014) |
| 03/04/2014 | 537 | 77 | ORDER by Judge Stephen P Friot *Second stage schedule – Government response 5/5/14, Defendant reply 7/7/14; Briefs 25 pages limitation; Dismissal of certain grounds for relief.*, setting/resetting deadline(s)/hearing(s): ( Responses due by 5/5/2014) (Re: 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 03/04/2014) |
| 03/05/2014 | 539 | 89 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #538 denied (Re: 538 MOTION to Disqualify Judge ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 03/05/2014) |
| 03/19/2014 | 540 | | MOTION for Return/Release *Property* by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 03/20/2014) |
| 03/19/2014 | 541 | | EXHIBIT(S) *in Support of Motion for Return of Property* (Re: 540 MOTION for Return/Release *Property* ) as to Lindsey Kent Springer (sc, Dpty Clk) (Entered: 03/20/2014) |
| 03/24/2014 | 542 | | ORDER by Judge Stephen P Friot , setting/resetting deadline(s)/hearing(s): ( Responses due by 4/9/2014) (Re: 540 MOTION for Return/Release *Property* ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 03/24/2014) |
| 03/27/2014 | 543 | | MOTION for Identity of Statutory Authority of Honorable Stephen P. Friot by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 03/27/2014) |

| 03/27/2014 | 544 | | MOTION to Reconsider (Re: 537 Order, Setting/Resetting Deadline(s)/Hearing(s),,,, ) by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 03/27/2014) |
|---|---|---|---|
| 03/27/2014 | 545 | | MOTION for Appointment of Counsel by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 03/27/2014) |
| 03/27/2014 | 546 | | MOTION for Leave to Proceed Informa Pauperis by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 03/27/2014) |
| 03/31/2014 | 547 | 90 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #543, 544 &545 denied, terminating document(s) (Re: 545 MOTION for Appointment of Counsel , 544 MOTION to Reconsider , 543 MOTION for Identity of Statutory Authority of Honorable Stephen P. Friot , 546 MOTION for Leave to Proceed Informa Pauperis ) (Documents Terminated: 546 MOTION for Leave to Proceed Informa Pauperis ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 03/31/2014) |
| 04/07/2014 | 548 | | RESPONSE in Opposition to Motion (Re: 540 MOTION for Return/Release *Property* ) by USA as to Lindsey Kent Springer (With attachments) (O'Reilly, Charles) (Entered: 04/07/2014) |
| 04/07/2014 | 549 | | MOTION *for an Order Directing Mr. Springer to Retrieve Search Warrant Records* by USA as to Lindsey Kent Springer (With attachments) (O'Reilly, Charles) (Entered: 04/07/2014) |
| 04/07/2014 | 550 | | ERRATA/CORRECTION *Attachment A* (Re: 548 Response in Opposition to Motion ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 04/07/2014) |
| 04/07/2014 | 551 | | MOTION for Rule 41(i) Papers by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 04/07/2014) |
| 04/10/2014 | 552 | 92 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #540 &551 denied (Re: 551 MOTION for Rule 41(i) Papers , 540 MOTION for Return/Release *Property* ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 04/10/2014) |
| 04/24/2014 | 553 | | MOTION to Reconsider (Re: 537 Order, Setting/Resetting Deadline(s)/Hearing(s),,,, ) by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 04/24/2014) |
| 04/25/2014 | 554 | | NOTICE OF APPEAL to Circuit Court (Re: 552 Order, Ruling on Motion(s)/Document(s),, ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 04/25/2014) |
| 04/25/2014 | 555 | | NOTICE of Matters Alleged in Another Action, Case No. 14–CV–71–JHP–TLW as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 04/28/2014) |
| 04/28/2014 | 556 | | PRELIMINARY RECORD Sent to Circuit Court (Re: 554 Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (With attachments) (sdc, Dpty Clk) (Entered: 04/28/2014) |
| 04/28/2014 | 557 | 95 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #553 denied (Re: 553 MOTION to Reconsider ) as to Lindsey Kent Springer (hbo, |

| | | | Dpty Clk) (Entered: 04/28/2014) |
|---|---|---|---|
| 04/28/2014 | <u>558</u> | | RESPONSE in Opposition to Motion *to Government Lawyer's Motion* (Re: <u>549</u> MOTION *for an Order Directing Mr. Springer to Retrieve Search Warrant Records* ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 04/28/2014) |
| 04/28/2014 | <u>559</u> | | MOTION for Leave to Appeal in Forma Pauperis (Re: <u>554</u> Notice of Appeal to Circuit Court ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 04/28/2014) |
| 04/28/2014 | <u>560</u> | | MOTION for Leave to Appeal in Forma Pauperis (Re: <u>554</u> Notice of Appeal to Circuit Court ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 04/28/2014) |
| 04/28/2014 | <u>561</u> | | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 14–5047 (#554) (Re: <u>554</u> Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (sc, Dpty Clk) (Modified on 4/28/2014 to attach PDF (sc, Dpty Clk). (Entered: 04/28/2014) |
| 04/30/2014 | <u>562</u> | | RESPONSE in Opposition to Motion (Re: <u>472</u> MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 04/30/2014) |
| 05/01/2014 | <u>574</u> | | MAIL to Martha Durossette Returned – address has been changed to address unknown. (Re: <u>557</u> Order, Ruling on Motion(s)/Document(s) ) as to Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/09/2014) |
| 05/02/2014 | <u>563</u> | | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #559 &560 denied (Re: <u>560</u> MOTION for Leave to Appeal in Forma Pauperis , <u>559</u> MOTION for Leave to Appeal in Forma Pauperis ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 05/02/2014) |
| 06/04/2014 | <u>564</u> | | DECISION from Circuit Court dismissing the Appeal (Re: <u>554</u> Notice of Appeal to Circuit Court ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 06/04/2014) |
| 06/04/2014 | <u>565</u> | | MANDATE from Circuit Court (Re: <u>554</u> Notice of Appeal to Circuit Court, <u>564</u> Decision from Circuit Court ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 06/04/2014) |
| 06/11/2014 | <u>566</u> | 96 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #549 granted (Re: <u>549</u> MOTION *for an Order Directing Mr. Springer to Retrieve Search Warrant Records* ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 06/11/2014) |
| 06/16/2014 | <u>569</u> | | MAIL to Martha Durossette Returned – address has been changed to address unknown. (Re: <u>566</u> Order, Ruling on Motion(s)/Document(s) ) as to Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 06/26/2014) |
| 06/20/2014 | <u>567</u> | | RESPONSE *Merits Brief* by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 06/24/2014) |
| 06/20/2014 | <u>568</u> | | AFFIDAVIT in Support of Motion (Re: <u>472</u> MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) by Lindsey Kent Springer (sdc, Dpty Clk) (Entered: 06/24/2014) |

| 06/27/2014 | 570 | | MOTION to Amend *2255* (Re: 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 06/27/2014) |
|---|---|---|---|
| 07/01/2014 | 571 | | ORDER by Judge Stephen P Friot , setting/resetting deadline(s)/hearing(s): ( Responses due by 7/18/2014) (Re: 570 MOTION to Amend *2255* ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 07/01/2014) |
| 07/07/2014 | 572 | | MOTION to Reconsider and Allow Discovery by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/07/2014) |
| 07/07/2014 | 573 | | AFFIDAVIT *(titled as Declaration of Lindsey Kent Springer in Support of Motion to Reconsider and Allow Discovery)* (Re: 572 MOTION to Reconsider and Allow Discovery ) by Lindsey Kent Springer (sc, Dpty Clk) Modified on 7/8/2014 to reflect correct event (sc, Dpty Clk). (Entered: 07/07/2014) |
| 07/08/2014 | | | NOTICE of Docket Entry Modification; Error: docketed using incorrect event title; Correction: edited docket text to reflect correct event title (Re: 573 Brief in Support of Motion, ) as to Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/08/2014) |
| 07/09/2014 | 575 | 100 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #572 denied (Re: 572 MOTION to Reconsider and Allow Discovery ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 07/09/2014) |
| 07/10/2014 | 576 | | RESPONSE in Opposition to Motion (Re: 570 MOTION to Amend *2255* ) by USA as to Lindsey Kent Springer (O'Reilly, Charles) (Entered: 07/10/2014) |
| 07/11/2014 | 577 | | MOTION for Release Pending Disposition of 2255 Proceeding (Re: 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/11/2014) |
| 07/11/2014 | 578 | | AFFIDAVIT in Support of Motion *(titled as Declaration of Lindsey Kent Springer in Support of Motion for Release Pending Disposition of 2255 Proceeding)* (Re: 577 MOTION for Release Pending Disposition of 2255 Proceeding ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/11/2014) |
| 07/15/2014 | 579 | 101 | ORDER by Judge Stephen P Friot *Documents #577 &578 are transferred to the U.S. District Court for the District of New Mexico, further any claims for relief brought under 28USC Sec 2255 are dismissed without prejudice for lack of jurisdiction.* (Re: 578 Affidavit in Support of Motion, 577 MOTION for Release Pending Disposition of 2255 Proceeding ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 07/15/2014) |
| 07/16/2014 | 580 | | Letter to United States District Court for the District of New Mexico *re: transferring dkt #s 577 &578* as to Lindsey Kent Springer (srt, Dpty Clk) (Entered: 07/16/2014) |
| 07/25/2014 | 581 | | ***Remark: *acknowledgment of receipt of letter to United States District Court for the District of New Mexico re: transferring dkt #s 577 &578* (Re: 580 Letter ) as to Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/28/2014) |
| 07/25/2014 | 582 | | |

| | | | REPLY to Response to Motion (Re: 570 MOTION to Amend *2255* ) by Lindsey Kent Springer (sc, Dpty Clk) (Entered: 07/28/2014) |
|---|---|---|---|
| 07/30/2014 | 583 | 104 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #570 denied (Re: 570 MOTION to Amend *2255* ) as to Lindsey Kent Springer (hbo, Dpty Clk) (Entered: 07/30/2014) |
| 08/22/2014 | 584 | 109 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #472 denied, denying certificate of appealability (Re: 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 08/22/2014) |
| 08/22/2014 | 585 | 120 | JUDGMENT by Judge Stephen P Friot (Re: 472 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 08/22/2014) |
| 08/25/2014 | 586 | | MOTION For Order Finding Charles A. O'Reilly Is Not Authorized And Was Never Authorized To Represent The United States Of America by Lindsey Kent Springer (jla, Dpty Clk) (Entered: 08/25/2014) |
| 08/26/2014 | 587 | 121 | ORDER by Judge Stephen P Friot , ruling on motion(s)/document(s): #586 Denied (Re: 586 MOTION For Order Finding Charles A. O'Reilly Is Not Authorized And Was Never Authorized To Represent The United States Of America ) as to Lindsey Kent Springer (pll, Dpty Clk) (Entered: 08/26/2014) |
| 09/12/2014 | 588 | 122 | NOTICE OF APPEAL to Circuit Court (Re: 476 Order, 566 Order, Ruling on Motion(s)/Document(s), 530 Order, Ruling on Motion(s)/Document(s), 587 Order, Ruling on Motion(s)/Document(s), 536 Order, Ruling on Motion(s)/Document(s), 480 Order, Ruling on Motion(s)/Document(s), 528 Order, Ruling on Motion(s)/Document(s),, 484 Order,, Terminating Document(s),,, 478 Order, Setting/Resetting Deadline(s)/Hearing(s),,,, 537 Order, Setting/Resetting Deadline(s)/Hearing(s),,,, 492 Order, Striking/Withdrawing Document(s),, 585 Judgment, 584 Order, Ruling on Motion(s)/Document(s), Re: Ruling on 2255, 3582 or Rule 35 Motion, Denying Certificate of Appealability,,,, 575 Order, Ruling on Motion(s)/Document(s), 557 Order, Ruling on Motion(s)/Document(s), 496 Order, Ruling on Motion(s)/Document(s),, 547 Order, Ruling on Motion(s)/Document(s), Terminating Document(s),,,,,, 511 Order, Ruling on Motion(s)/Document(s),, 552 Order, Ruling on Motion(s)/Document(s),, 579 Order,,, 514 Order, Ruling on Motion(s)/Document(s),, 510 Order, Ruling on Motion(s)/Document(s),, 539 Order, Ruling on Motion(s)/Document(s),, 583 Order, Ruling on Motion(s)/Document(s) ) as to Lindsey Kent Springer (sc, Dpty Clk) Modified on 9/16/2014 to create link for document #539 (sc, Dpty Clk). (Entered: 09/16/2014) |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

                        Plaintiff,

vs.                                     Criminal Court Case No. 09-cr43-SPF

                                     Civil Court Case No. 13-CV-145-SPF-TLW

Lindsey Kent Springer,

                        Defendant(s).

MINUTE ORDER

      At the direction of Stephen P. Friot, U.S. District Judge, it is hereby ordered that:

The Clerk is directed to provide a copy of the MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 filed on 3-11-2013 in the referenced case to Counsel for the United States of America. This notification is made pursuant to the Rules of the United States Supreme Court and this Court. No answer or other responsive pleading is required unless the Court orders otherwise.

                        Phil Lombardi,
                        Clerk of Court, United States District Court

                          S/ S. Turner
                        By: S. Turner, Deputy Clerk

Rule 2255 Order                                                    CR-13 (04/09)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
    )
    Plaintiff/Respondent,    )
    )
vs.    )    Case No. 09-CR-0043-SPF
    )
LINDSEY KENT SPRINGER,    )
    )
    Defendant/Movant.    )

## ORDER

Defendant/movant Lindsey Kent Springer (movant) moves under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct movant's sentence. Doc. nos. 472 - 475. The motion asserts 76 separate grounds for relief. The moving papers, taken together, present 271 pages of material.

The court has preliminarily reviewed doc. nos. 472 - 475. The court notes that movant asserts numerous matters which would appear to have been previously litigated and adjudicated in the underlying criminal proceedings, or which could have been asserted in those proceedings. The court intends to address movant's § 2255 claims in two steps. The first step, not directed to the substantive merits of any of the grounds asserted by movant for § 2255 relief, will be to identify those grounds for relief which the court need not, and should not, address in these § 2255 proceedings because they were, or could have been, asserted in the proceedings in the underlying criminal prosecution. Any such grounds will be stricken or dismissed without merits briefing from the government and without merits consideration from the court. The second step will be consideration of the merits of any remaining grounds asserted by movant for § 2255 relief.

Accordingly, the government is **DIRECTED** to file a preliminary response to Mr. Springer's motion not later than August 19, 2013, as follows.  The government's preliminary response shall concisely list (with supporting record citations) those grounds for relief, if any,  which the government contends should be stricken or dismissed because it is clear that they are procedurally barred, for example, because they were raised and resolved in the proceedings in the underlying criminal prosecution, or because they could have been, but were not, raised in those proceedings.

*See generally*, United States v. Frady, 456 U.S. 152, 165 (1982) ("we have long and consistently affirmed that a collateral challenge may not do service for an appeal"); United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) ("2255 motions are not available to test the legality of matters which should have been raised on direct appeal"; "[a] defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed"; district court did not err in dismissing § 2255 motion as to claims previously considered and disposed of on direct appeal, citing United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989), for the proposition that "absent intervening change in law of circuit, issues disposed of on direct appeal generally will not be considered in a §2255 collateral attack").

Movant's reply to the government's preliminary response shall pertain only to the issues raised in the government's preliminary response (*e.g.*, shall not address the merits of any asserted grounds for relief), and shall be due not later than five months from the date the government's preliminary response is filed.

Absent leave of court, the court's rules limiting briefs to twenty-five pages shall apply.

After the court has, with the benefit of the filings called for above, determined which grounds for relief, if any, should be stricken or dismissed, the court will establish a briefing schedule as to the merits of any remaining grounds for relief.

Dated this 15th day of March, 2013.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p099.wpd

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )
                                   )
    Plaintiff/Respondent,          )
                                   )
vs.                                )     Case No. 09-cr-0043-SPF
                                   )
LINDSEY KENT SPRINGER,             )
                                   )
    Defendant/Movant.              )

### ORDER

Mr. Springer has filed an application to proceed without prepayment of fees, with respect to his pending motion for relief under 28 U.S.C. § 2255.  Doc. no. 479. A § 2255 motion is a continuation of the criminal case whose judgment is under attack, and no filing fee is required.  See, Rule 3, Rules Governing Section 2255 Proceedings, Adv. Comm. Notes accompanying 1976 adoption.  The application is **STRICKEN** as moot.

Dated this 27th day of March, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p0100.wpd

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
    )
    Plaintiff/Respondent,    )
    )
vs.    )    Case No. 09-cr-0043-SPF
    )
LINDSEY KENT SPRINGER,    )
    )
    Defendant/Movant.    )

### ORDER

In response to the four questions in Mr. Springer's "Motion to Clarify Specifically," doc. no. 483, the court states as follows. 1). Motions brought under 28 U.S.C. § 2255 receive a civil case number when filed, but all documents filed in such matters are filed in the underlying criminal case. All documents are filed in the criminal case regardless of whether the caption shows the criminal case number or both the criminal and civil case numbers. 2) Previously addressed; see doc. no. 480, citing language from the 1976 Adv. Comm. Notes to Rule 3, Rules Governing Section 2255 Proceedings. 3). Mr. Springer's motion for pauper status has been previously addressed. Doc. no. 480. 4). Document no. 479 is Mr. Springer's "Application to Proceed without Prepayment of Fees and Affidavit," so there is no need to provide a copy of this document to Mr. Springer. The motion at doc. no. 483 is **TERMED**.

Dated this 9th day of April, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p102.wpd

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,     )
                                   )
       Plaintiff/Respondent,    )
                                   )
vs.                               )     Case No. 09-cr-0043-SPF
                                   )
LINDSEY KENT SPRINGER,    )
                                   )
       Defendant/Movant.     )

## ORDER

Movant-defendant Lindsey Springer has filed a document entitled "Motion for Declaratory Judgment Remedy." Doc. no. 488. The motion, supported with a 34-page brief, purports to set out forty-four issues for declaratory relief in his pending § 2255 matter. The pending § 2255 motion is a 90-page document with a 148-page supporting declaration. With the goal of adjudicating the lengthy § 2255 motion in an efficient and orderly manner, the court, in its order at doc. no. 478, established a two-step briefing schedule for addressing the numerous issues raised by Mr. Springer in his § 2255 motion. Mr. Springer has no leave to amend or to modify the briefing schedule established by the court. The motion at doc. no. 488 is **STRICKEN**.

Dated May 7, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p105.wpd

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
                              )
        Plaintiff/Respondent, )
                              )
vs.                           )    Case No. 09-cr-043-SPF
                              )
LINDSEY KENT SPRINGER,        )
                              )
        Defendant/Movant.     )

## **ORDER**

1.

Mr. Springer "moves this Court for an order to clarify who is the U.S. Attorney for the Northern District of Oklahoma from June 29, 2009 through May 3, 2012." Doc. no. 493.

In part, the motion seeks to have Thomas Scott Woodward, Kenneth P. Snoke, and Charles A. O'Reilly (the stated filers of the government's response, at doc. no. 487, to Mr. Springer's pending motion to disqualify) explain their authority to act in this matter from June 29, 2009 through May 3, 2013. The government has now filed a corrected version of its response to Mr. Springer's pending motion to disqualify. Errata at doc. no. 495, correcting document at 487. The corrected version of the government's response clarifies that the response is filed by the United States acting by and through its attorneys Danny C. Williams, United States Attorney for the Northern District of Oklahoma, and Charles A. O'Reilly, Special Assistant United States Attorney. Accordingly, at least some of the clarification requested in Mr. Springer's motion appears to have been provided, and the motion is moot to this extent.

To the extent the motion seeks broader relief (such as a list of U.S. Attorneys over a period of years and a memorandum from the government regarding these individuals' authority) the motion will be denied; whatever issues are raised by the § 2255 motion will be briefed in accordance with the schedule previously established by the court.

The motion to clarify, doc. no. 493, is **STRICKEN IN PART** as moot and **DENIED IN PART**.

2.

Mr. Springer has also filed a motion entitled "Motion to Reconsider Determination That Section 2255 is Continuing Criminal Case, and not New Civil Case," doc. no. 494. The motion continues to complain about the manner in which certain administrative matters, such as way in which § 2255 filings are docketed, are handled by the court clerk. The motion to reconsider is **DENIED**.

Dated this 15th day of May, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p106.wpd

-2-

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cr-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

### ORDER

Mr. Springer, movant in this § 2255 matter, has filed a "Motion to Recuse and Disqualify Honorable United States District Judge Stephen P. Friot." Doc. no. 485. The motion, which includes a lengthy supporting brief, asks the undersigned to recuse pursuant to 28 U.S.C. §§ 455(a), (b)(1), (b)(5)(iv), and 28 U.S.C. § 144. To the extent the motion is urged under 28 U.S.C. § 144, Mr. Springer has also filed a 76-page affidavit in support. Doc. no. 486. The government has filed a response brief, and the motion is ready to be determined.

To sustain disqualification, bias and prejudice must arise from an extrajudicial source. Davis v. Cities Service Oil Co., 420 F.2d 1278, 1282 (10th Cir. 1970). Adverse legal rulings are not in themselves grounds for recusal. Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988). Furthermore, a trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself with the converse is true. United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976).

Mr. Springer's arguments depend on challenges to legal rulings which were adverse to him and contentions that such adverse rulings show favoritism to the government. Mr. Springer's has shown no bias or prejudice of a type which would cause recusal here. Nor have any other grounds for relief been shown.

The motion is **DENIED**.

Dated this 21st day of June, 2013.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p107.wpd

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,   )
          )
    Plaintiff/Respondent,   )
          )
vs.          )   Case No. 09-cr-0043-SPF
          )
LINDSEY KENT SPRINGER,   )
          )
    Defendant/Movant.   )

### ORDER

Movant Lindsey Kent Springer seeks an order disqualifying Charles A. O'Reilly from representing the United States in this § 2255 matter. Doc. no. 507. Mr. Springer argues that Mr. O'Reilly "deserves disqualification" because "his word cannot be trusted as an officer of the court," he is not a United States Attorney, he is a witness and a central reason for movant's civil rights claims in this § 2255 matter (this particular argument is presented in three sentences which offer no developed argument or details), and because he has no statutory authority to conduct or argue on behalf of the United States in this matter. Doc. no. 507, p. 30 (court's as-filed pagination).

Mr. Springer has also filed a motion asking the court to substitute United States Attorney Danny C. Williams for the respondent, the United States of America, on the theory that Mr. Williams is the real party in interest. Doc. no. 508.

The government has not responded to either motion although the time for a response is past due.

Upon review, the court finds that no basis has been shown for the relief requested.  Both motions (doc. nos 507 and 508) are  **DENIED**.

Dated this 25th day of June, 2013.

 

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p108.wpd

-2-

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cr-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

### ORDER

No basis for conditional release (the relief requested in Lindsey Kent Springer's motions at doc. nos. 512 and 513) has been shown.  The motions are **DENIED**.

Dated this 3rd day of July, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p109.wpd

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
                              )
    Plaintiff/Respondent,    )
                              )
vs.                         )    Case No.  09-CR-0043-1-SPF
                              )
LINDSEY KENT SPRINGER,    )
                              )
    Defendant/Movant.    )

## ORDER

This order addresses three motions filed by defendant/movant Lindsey Kent Springer, all related to Mr. Springer's pending motion for relief under 28 U.S.C. §2255. Mr. Springer appears *pro se* and his pleadings are liberally construed.

    1. <u>Motion for Leave to File a Reply Brief to Doc. Nos. 524, 525</u>.

(Doc. no. 527)

Mr. Springer "moves this Court for Leave to file a reply to what Mr. O'Reilly filed, Doc. 524 and 525." Doc. no. 527, p. 1. Doc. no. 524 is Mr. Springer's own filing (the motion for leave to conduct limited discovery on the United States Attorney, addressed later in this order).[1] The other document with respect to which Mr. Springer seeks leave to file a reply, doc. no. 525, is the government's response to Mr. Springer's motion to strike.

The court has reviewed the matters which Mr. Springer proposes to address in reply briefs. No purpose would be served by the proposed briefing. Reply briefs are

---

[1]Rather than seeking leave to reply to doc. no. 524, Mr. Springer may have intended to seek leave to file a reply to the government's filing at doc. no. 526, which is the government's response to Mr. Springer's motion to conduct discovery. If so, the result stated in this order would be the same.

not encouraged, and permitting reply briefs in these circumstances would be a waste of the parties' and the court's resources. Mr. Springer's motion for leave to file reply briefs is **DENIED**.

### 2.  Motion to Strike.

(Doc. no. 522)

Mr. Springer asks the court to strike the United States' filing at doc. no. 518, on two grounds.

First, Mr. Springer argues that the government's pleading is not presented by an authorized representative of the government. The challenged pleading is the "United States' Preliminary Response Regarding Lindsey Springer's Motion for Relief under 28 U.S.C. § 2255 (Doc. nos. 472-475) Concisely Listing Those Grounds for Relief that Should be Stricken or Dismissed." The pleading is submitted to the court on behalf of Danny Williams, United States Attorney, and is electronically signed by Charles A. O'Reilly, Special Assistant United States Attorney. The name of Jeffrey Gallant, Assistant United States Attorney, also appears on the signature block under the signature of Mr. O'Reilly. The basis of Mr. O'Reilly's authorization to sign the pleading on behalf of the United States is set out in the government's response to the motion to strike, doc. no. 525, pp. 1-2. There is no reason to further address Mr. Springer's frivolous argument that doc. no. 518 is not presented by an authorized representative of the government.

Second, Mr. Springer argues that doc. no. 518 should be stricken because it does not comply with the undersigned's order of March 15, 2013. That order, doc. no. 522, establishes a two-stage briefing schedule in this § 2255 matter. The pleading at doc. no. 518 complies with the order of March 15, 2013.

The motion to strike is **DENIED**.

-2-

### 3.  Motion for Leave to Conduct Limited Discovery

### On United States Attorney.

(Doc. no. 524)

Mr. Springer seeks leave to conduct discovery from the United States Attorney in support of Mr. Springer's contention that the government could not prosecute Mr. Springer because there was no United States Attorney for the Northen District of Oklahoma during the time in question, and his similar contention that Assistant U.S. Attorneys Kenneth P. Snoke (now retired) and Jeffrey A. Gallant, as well as Special Assistant U.S. Attorney Charles A. O'Reilly, were not authorized to represent the United States in the underlying criminal matter.  No discovery is warranted at this time with respect to these contentions.  The motion is **DENIED**.

Dated this 6th day of January, 2014.

                                      _____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p111.wpd

-3-

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-1-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## ORDER

Mr. Springer moves for clarification of the court's scheduling order of March 15, 2013. Doc. no. 478. He appears to seek clarification regarding the permitted contents of his reply brief, which is currently due February 10, 2014.

The court's scheduling order of March 15, 2013 is clear, and all of the information contained in the next paragraph of this order is plainly set out there. Nevertheless, Mr. Springer proceeds *pro se* and his pleadings are liberally construed. For whatever benefit it may be to Mr. Springer, his motion (doc. no. 529) is **GRANTED** to the extent that his requests for clarification, and his other questions, are responded to as follows.

At this stage, a reply brief is permitted from Mr. Springer to explain to what extent, if any, Mr. Springer takes issue with the government's identification of claims (as set forth in the government's preliminary response brief) which the government contends need not be addressed by the court on their merits because they were, or could have been, asserted in the proceedings in the underlying prosecution. Mr. Springer's reply brief shall not address the merits of any of his asserted grounds for relief. After the reply brief is filed, the court will determine which of Mr. Springer's grounds for relief should be stricken or dismissed because they were, or could have

been, asserted in the proceedings in the underlying prosecution.  After that ruling, dates for a second stage of briefing will be established.  The government will be given a date for filing its second-stage response brief regarding the merits of the then-remaining claims, and Mr. Springer will be given a date by which to file a second-stage reply brief.

Mr. Springer's motion next expresses concern that he may be again moved to another facility, impacting his ability to file a timely reply.  Mr. Springer may move for an extension, if necessary.  As of now, however, his reply is due February 10, 2014.

Mr. Springer also inquires regarding the status of other motions he has filed. These motions were recently denied.  See, doc. no. 528, dated January 6, 2014.  The court presumes Mr. Springer's copy of this ruling crossed the instant motion in the mail.  Regardless, the clerk is **DIRECTED** to include another copy of the January 6, 2014 rulings with Mr. Springer's copy of this order.

Lastly, Mr. Springer asks whether he is required to attach record documents to his reply brief.  At this stage, clear and detailed citations to the record are sufficient, although exhibits are not precluded.

Dated this 10th day of January, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p112.wpd

-2-

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

### ORDER

Mr. Springer moves the court for reconsideration of certain aspects of its order of January 6, 2014.  Motion at doc. no. 531.  In his motion, Mr. Springer also asks the court to require the United States to produce certain documentation regarding Special Assistant United States Attorney Charles A. O'Reilly's authority to represent the United States in this matter.  The motion is **DENIED**.

Dated this 13th day of January, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p114.wpd

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY K. SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## <u>ORDER</u>

Defendant Lindsey K. Springer moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Doc. nos. 472-475.  At this point, the court has before it the parties' first-stage arguments concerning which of Mr. Springer's 76[1] grounds for relief are procedurally barred and should therefore be dismissed without further consideration of the merits.  Order, doc. no. 478.   As a *pro se* plaintiff, Mr. Springer's pleadings are liberally construed.

### I. <u>General Considerations.</u>

When the court established the two-stage briefing process, it set out authorities for the proposition that certain grounds raised in support of § 2255 relief are procedurally barred.  *See generally*, <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982) ("we have long and consistently affirmed that a collateral challenge may not do service for an appeal"); <u>United States v. Warner</u>, 23 F.3d 287, 291 (10th Cir. 1994) ("2255 motions are not available to test the legality of matters which should have been

---

[1]Although the government has grouped Mr. Springer's grounds into twenty categories, Mr. Springer objects to this grouping and the court has at all times considered Mr. Springer's grounds for relief individually.  When this order refers to a ground for relief by number, it uses the number assigned in the § 2255 motion, doc. no. 472.

raised on direct appeal"; "[a] defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed"; district court did not err in dismissing § 2255 motion as to claims previously considered and disposed of on direct appeal, citing <u>United States v. Prichard</u>, 875 F.2d 789, 791 (10th Cir. 1989), for the proposition that "absent intervening change in law of circuit, issues disposed of on direct appeal generally will not be considered in a §2255 collateral attack").

As the above authorities establish, the are exceptions to the procedural bar. *See*, <u>United States v. Cervini</u>, 379 F.3d 987, 990-91 (10th Cir. 2004) (failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review; the exceptions are if a defendant can show both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense; alternatively, if a defendant can demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice, for example due to actual innocence, then the court may reach the merits of the claimed constitutional deficiencies despite the procedural bar). Mr. Springer argues that these exceptions apply to his § 2255 claims; before finding any grounds barred, the court has taken into consideration the argued-for exceptions.

## II.  The Parties' Positions.

Applying the above-described doctrines, the government contends that the only grounds for §2255 relief which should survive to the second stage are Mr. Springer's challenge to the Tenth Circuit's page restrictions on the length of his appellate brief, and Mr. Springer's claims of ineffective assistance of appellate counsel.

Mr. Springer, on the other hand, contends that all 76 grounds should survive to the second stage.  This order next addresses some of Mr. Springer's arguments.

## A.  What Mr. Springer Refers to as
## The "Raised and Resolved" Issue.

Mr. Springer contends he raised a number of issues in his appeal but that the Tenth Circuit did not address them.  Grounds raised in an appeal are not procedurally barred unless they were addressed and disposed of by the Tenth Circuit in the direct appeal.  *See*, *e.g.*, United States v. Cook, 997 F.2d 1312, 1318 at n.6 (10th Cir. 1993) (court had "fully addressed" the allegation on direct appeal, deciding that issue adversely to the defendant; therefore, the issue was "not cognizable" under §2255).[2] Accordingly, one of Mr. Springer's primary arguments is that the government has not identified where the Tenth Circuit purportedly resolved certain grounds now asserted by Mr. Springer in support of §2255 relief, although the government identifies these grounds as having been raised by Mr. Springer in his direct appeal and argues that these grounds are procedurally barred on that basis.

The court has reviewed Mr. Springer's briefs filed in the direct appeal of his underlying criminal conviction, as well as the issues which the Tenth Circuit addressed and decided when it affirmed Mr. Springer's conviction in United States v. Springer, 444 Fed. Appx. 256 (10th Cir. 2011).[3]   In that decision the Tenth Circuit stated that potential issues which were referenced in Mr. Springer's appellate briefs

---

[2]Cook cites United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989), which Cook paraphrases as holding that "absent intervening change in law of circuit, issues disposed of on direct appeal will not be considered on § 2255 collateral attack."  To the extent that Mr. Springer argues there was an intervening change in the law of the circuit which would save grounds disposed of in the direct appeal, the court rejects that argument.

[3]United States v. Springer denies defendants' appeals numbered 10-5055 and 10-5057 in which Mr. Springer and defendant Oscar Amos Stilley, respectively, challenged their convictions and sentences.

-3-

in a passing, perfunctory or scattered way were "insufficient to invoke appellate review and, accordingly, those issues are deemed waived." *Id*. at n.4.  The Tenth Circuit went on to individually treat and decide eight categories of issues which the court distilled from the issues that *had* been adequately raised by the defendants.  *See*, *id.* at 260 (listing  issues distilled from defendants' briefs).  The Tenth Circuit also addressed and disposed of appeal number 10-5156, *id*. at 266-67 (Mr. Springer's challenge to the district court's denial of his petition for a writ of error *corum noblis*); and appeal number 11-5053, *id*. at 267 (Mr. Springer's motion for a new trial and evidentiary hearing based on claims of newly discovered evidence to support his motion to suppress).  United States v. Springer resolved all adequately raised issues in the direct appeal, and all post-trial motions, against the defendants.

Given the above-described background, this court is not presented with a situation in which a defendant adequately raised arguments for purposes of a direct appeal but the Tenth Circuit left those arguments unaddressed.  The only arguments which were referenced by Mr. Springer in his appeal briefs but which the Tenth Circuit did not separately dispose of on their merits were arguments raised so inadequately that, in effect, they were not raised at all for purposes of the appeal.  The result is that the grounds which Mr. Springer argues he raised but the Tenth Circuit did not address are barred *not* because they were raised and resolved, but because they could have been effectively raised in the appeal but were not.  In this situation, Mr. Springer's complaint that the government has failed to show where each ground for relief was resolved in the direct appeal does not save any of his claims.

-4-

B.  Mr. Springer's Attempt to Save Issues

Which Were Not Raised In the Appeal

On Grounds that Such Issues "Evolved From"

United States v. Springer.

Mr. Springer also argues that certain grounds for § 2255 relief could not have been raised in his direct appeal because United States v. Springer had not yet been decided.  He contends such grounds for relief "evolved" from the decision in United States v. Springer, or that he lacked prior notice regarding how the Tenth Circuit would explicate the law until United States v. Springer was decided.  As a result, he contends he was misled or judicially entrapped, making him unable to raise such grounds for relief earlier.  These types of arguments are made most noticeably with respect to Mr. Springer's grounds involving the Tenth Circuit's treatment of Form 1040.  For example, he contends that until United States v. Springer was decided, he was not on notice that "Form 1040 was divorced from the Six Counts offense conduct so I was misled."  Doc. no. 472, p. 78, ground 68.

The court rejects Mr. Springer's contention that such grounds are not barred in these § 2255 proceedings.  Such grounds were either raised and resolved against Mr. Springer in the direct appeal (his contention that these grounds "evolved from" the substantive rulings in United States v. Springer suggests as much), or they could have been raised in the direct appeal.  Furthermore, virtually all circuit decisions nudge the development of the law in one respect or another; Mr. Springer's argument, were it to be adopted, would subject all issues addressed in a direct appeal to potential redetermination in § 2255 proceedings.  United States v. Springer does not change the law in a manner which would suggest that any re-examination of these grounds for relief should be undertaken in these § 2255 proceedings.

-5-

C.  Jurisdictional Grounds for Relief.

Mr. Springer appears to argue that the court cannot dismiss any grounds which challenge the jurisdiction of the court.  He argues that jurisdiction is an issue which cannot be waived, and that jurisdiction may be raised in a collateral attack.

Many of Mr. Springer's jurisdictional arguments were raised and resolved in the direct appeal.  For example, to the extent that his § 2255 jurisdictional arguments arise out of his appellate challenge to the Internal Revenue Service's collection and enforcement authority, these types of "spurious delegation arguments" were determined to be frivolous in United States v. Springer.  *Id*. at 261.  The fact that jurisdictional grounds may be raised in a § 2255 proceeding does not mean that jurisdictional grounds previously determined in the appeal of the underlying criminal prosecution must be determined again in §2255 proceedings.   And there are no considerations in this case which suggest it would be necessary or appropriate to reconsider any previously rejected jurisdictional arguments.  *Cf.*, Tooisgah v. United States, 186 F.2d 93, 96 (10th Cir. 1950) (motion involved no new facts, involved a possible conflict between state and federal jurisdiction, involved human liberties, and the issue had not been presented or painstakingly considered in the direct appeal).

As for Mr. Springer's jurisdictional grounds which were not resolved in the direct appeal, all such grounds could have been raised (or adequately raised) in the appeal and they are now barred for this reason.  An example of one such jurisdictional argument is that President Obama is not entitled to serve as President.  Based on this premise, Mr. Springer argues that government officials cannot enforce the laws against him.  Arguments regarding the President's law enforcement authority could have been made in the direct appeal, although the argument is patently frivolous.

On that last point – frivolousness –  the court also finds that Mr. Springer's jurisdictional grounds for relief are so lacking in merit that as an alternative to

-6-

dismissal, they should be denied on their merits even at this first stage. Although the court has previously reserved merits arguments for the second stage, the court takes this step, at this time, for several reasons. First, it would be a waste of the parties' and the courts' time and resources to entertain these grounds further or to dignify them by according them further treatment. Second, the Tenth Circuit previously denied Mr. Springer's request for mandamus relief, stating that Mr. Springer had an adequate alternative remedy because his § 2255 motion (the instant motion) was then pending, in which he had raised the same jurisdictional arguments. *See*, Appellate Case Number 13-5113, doc. no. 01019126981. Third, there is always the possibility that a reviewing court may determine that certain jurisdictional arguments should not have been dismissed as procedurally barred. For all of these reasons, this court wishes to leave no doubt that it has considered Mr. Springer's jurisdictional grounds for relief on their merits.

Mr. Springer's jurisdictional arguments which are dismissed as procedurally barred and which are alternatively denied on their merits, include the following.

– Arguments that only the Secretary of the Treasury or the Treasury Department have jurisdiction over matters pertinent to Mr. Springer's prosecution.

– Challenges to the authority of the grand jury including issues regarding the nature or scope of, or limitations on, the Justice Department's referral to the grand jury.

– Challenges to the authority or jurisdiction of the United States Attorney or any Assistant (or any Acting or Special Assistant) United States Attorneys involved in this prosecution including Mr. Springer's arguments that without a properly appointed United States Attorney there can be no properly appointed assistants.

– Challenges to the judicial authority of the federal courts, including challenges to federal judicial power over the crime of evasion of payment of taxes, and including

challenges to the judicial authority of the United States District Court for the Northern District of Oklahoma.

– Challenges to the authority and jurisdiction of Magistrate Judge McCarthy, or to the authority and jurisdiction of Judges Eagan, Kern or Friot.

– Arguments that the court has no authority to order restitution.

– Arguments that the federal government has no authority over these matters because such powers are not within the enumerated powers of the national government.

– Arguments that Mr. Springer's prosecution was unlawful because President Obama is ineligible to hold office.

– Any grounds for relief arguably not resolved in the direct appeal which are premised on the contention that the Internal Revenue Service and its agents, employees and officials had no authority in matters pertinent to Mr. Springer's criminal prosecution, including arguments premised on the abolition of internal revenue districts or district director offices, and arguments that the IRS had no person authorized to make ministry audits.

  D. <u>Other Objections to Dismissal Raised by Mr. Springer.</u>

Whether or not expressly addressed in this order, all other issues raised by Mr. Springer in his first-stage briefing papers have been carefully considered by the court.

  III. <u>The Dismissed Grounds and the Surviving Grounds</u>

  A. <u>Grounds Raised and Disposed of on Appeal.</u>

Grounds barred because they are fairly encompassed within the issues raised and disposed of in Mr. Springer's direct appeal include the following grounds for relief raised in Mr. Springer's § 2255 motion.

-8-

– Grounds based on or arising out of Mr. Springer's challenge to the Internal Revenue Service's collection and enforcement authority, addressed at United States v. Springer, 444 Fed. Appx. 256, 260-61.

– Grounds based on Mr. Springer's Form 1040-related arguments, such as arguments that he would have proceeded differently in district court if he had known that the Tenth Circuit was (in his words) going to hold that Form 1040 was "divorced" from the offense conduct, addressed in the Tenth Circuit's discussion of the Paperwork Reduction Act. *Id.* at 261-62. These grounds include those in which Mr. Springer alleges "judicial entrapment by estoppel" as a result of the Tenth Circuit's discussion of Form 1040.

– Grounds related to the suppression of evidence obtained after the case was transferred to the Department of Justice for criminal investigation. *See*, *id.* at 262.

– Grounds based on the trial court's handling of "gift" and "income" in the jury instructions. *See*, *id*. at 263.

– Grounds based on Mr. Springer's claim that he did not knowingly, intelligently and voluntarily waive trial counsel. *See, id.* at 264.

– Grounds relating to the reasonableness of his sentence. *See, id*. at 264-65.

– Grounds relating to the manner in which the court calculated the tax loss, including arguments concerning which years should or should not have been included in those calculations. *See, id*. at 265.

– Other arguments raised by Mr. Springer in appeal no. 11-503 in support of the suppression issue, rejected by the Tenth Circuit for substantially the same reasons as those articulated by the district court. *See, id*. at 267.

B.  Grounds Which Could Have Been Raised

In the Appeal But Were Not.

This second  category of barred grounds – grounds which could have been raised in the appeal but were not raised in the appeal –  includes all other grounds raised by Mr. Springer in support of § 2255 relief, except grounds listed below as "surviving grounds."  This second category of barred grounds also includes any grounds covered in the preceding section A, which Mr. Springer might contend are not a close enough fit to be considered resolved in the direct appeal.

C.  Duplicative Grounds.

This order also dismisses grounds, or parts of grounds, which are merely duplicative of other grounds for relief.  (Numerous grounds are duplicative in part and ground 76, for example, is entirely duplicative.)

D.  Identification of Dismissed Grounds.

Eliminating all grounds for relief which fall into one or more of categories A, B or C above, leaves the grounds which are identified below in section E as "surviving grounds."  All other grounds for relief described in Mr. Springer's § 2255 motion are hereby **DISMISSED** for the reasons previously stated.

E.  Identification of Surviving Grounds.

The following grounds for § 2255 relief survive this order for consideration at the second stage of these proceedings.

– Ground 49 to the extent that it challenges the Tenth Circuit's page limitation on Mr. Springer's appellate briefing.

-10-

– Ground 50 to the extent that it challenges the undersigned's refusal to permit an extension of the page limitation applicable to Mr. Springer's memorandum brief filed in support of his § 2255 motion.[4]

– Ground 66 to the extent that it argues the cumulative effect of other meritorious grounds entitles Mr. Springer to relief under § 2255.[5]

– Ground 73 to the extent that it challenges the one-year window of time within which to seek relief under § 2255 as "not enough time to ascertain all the jurisdictional, and non-jurisdictional grounds, that warrant relief."  Doc. no. 472, p. 83.

– To the extent that Mr. Springer asserts ineffective assistance of his appellate counsel, that particular aspect of each such ground survives.  The parties do not always agree regarding in which grounds Mr. Springer alleges ineffective assistance of appellate counsel.[6]  Therefore, to avoid any confusion at the second stage, the court finds that ineffective assistance of appellate counsel is alleged in only the following grounds: grounds 1 - 14, 28-30, 32-37, 39, 41-44, 46, 48-49, 51, 53-67 and 75.  The listed grounds include Mr. Springer's arguments that the Tenth Circuit should have

---

[4]Ground 50 also challenges the Tenth Circuit's page limitation but it is, to that extent, duplicative.

[5]Ground 66 also restates grounds 1 through 75, and argues that the district court and appellate process was fundamentally unfair, but these arguments are duplicative of other grounds. Mr. Springer's cumulative effect argument is not, strictly speaking, a duplicative argument. Moreover, the cumulative effect cannot be addressed until the court determines which, if any, of the surviving grounds have merit, after which it can  consider the cumulative effect of all meritorious grounds.

[6]For example, the court notes Mr. Springer's argument within ground number 49, that "I claim for purpose of this Ground that all the Grounds raised 1 through 76 are Grounds that either should have been raised or were not evolved yet due to the Tenth Circuit's decision changing so many issues below." Doc. no. 472, p. 59.  These types of conclusory arguments are insufficient and do not expand Mr. Springer's ineffective assistance of appellate counsel arguments to all 76 grounds.

appointed new appellate counsel after his counsel was suspended, and that the Tenth Circuit should have started the appellate process over at that point.

### IV.   The Second Stage.

Within sixty days of the date of this order the government shall file its response brief addressing the merits of the surviving grounds.  Mr. Springer shall file his reply brief within sixty days of the government's filing of its response brief.

Primarily to give Mr. Springer as much early notice as possible, the court now advises that it is highly unlikely to permit briefs with more than 25 pages of text.[7]

Lastly, the parties are advised that although this order sets out the court's determinations regarding which claims survive to the second stage, it is not a final, appealable order.  At the end of the second stage, the court will enter a judgment.

Dated this 4th day of March, 2014.


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


09-0043p116.wpd

---

[7]Although the court allowed Mr. Springer to file a lengthy reply brief at the first stage, a smaller number of issues now remain.  Also, Mr. Springer's lengthy filings have unnecessarily multiplied these proceedings.  For example, although the court permitted Mr. Springer to file a sixty-page reply brief in the first stage, that brief, including the appendix, totaled 176 pages, much of which was duplicative or frivolous.

-12-

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## ORDER

Mr. Springer moves to disqualify the undersigned. Doc. no. 538.  He makes various arguments which challenge the undersigned's authority in this § 2255 matter and in the underlying criminal proceedings.  See summary of arguments, doc. no. 538, p. 15.  This court's order of March 4, 2014 has already rejected various jurisdictional arguments in which Mr. Springer challenges the undersigned's authority and the jurisdiction of the court.  See, doc. no. 537, p. 8.  Regardless, all of Mr. Springer's arguments for disqualification, whether construed as previously made or as made for the first time in this motion, are rejected on their merits.  The motion is **DENIED**.

Dated this 5th day of March, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p117.wpd

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,            )
                                     )
   Plaintiff/Respondent,          )
                                     )
vs.                                  ) Case No. 09-CR-0043-SPF
                                     )
LINDSEY KENT SPRINGER,               )
                                     )
   Defendant/Movant.              )

### <u>ORDER</u>

Mr. Springer has filed four new motions in this proceeding under 28 U.S.C. §2255. No response briefs are required in order for the court to rule.

### 1. <u>Doc. No. 543.</u>

Mr. Springer's "Motion for Identity of Statutory Authority of Honorable Stephen P. Friot," doc. no. 543, raises an issue regarding the authority of the undersigned. This issue has been raised previously by Mr. Springer and has been ruled on. The motion is **DENIED**.

### 2. <u>Doc. No. 544.</u>

Mr. Springer's "Motion to Reconsider Order Dated March 4, 2014," doc. no. 544, complains about the court's order of that date. Mr. Springer argues, among other things, that the order addressed some issues on their merits although the court had previously made clear that merits-based issues would be addressed at the next stage. Regardless, the court is not required to allow further briefing on issues which it would be a waste of the parties' and the court's resources to further entertain. Mr. Springer also complains that the court's March 4 order did not adequately specify the basis upon which certain grounds for relief were dismissed. The court has considered this

contention but, having done so, finds no reason for further reconsideration of this or any other issue raised in Mr. Springer's motion. The motion is **DENIED**.

### 3. Doc. no. 545.

Mr. Springer's "Motion for Appointment of Sixth Amendment Counsel," doc. no. 545, asks the court to appoint counsel to Mr. Springer for purposes of Mr. Springer's ineffective assistance of counsel grounds for relief. There is no reason to appoint counsel at this stage, and the motion is **DENIED**.

### 4. Doc. no. 546.

The above-described motion for appointment of counsel states that Mr. Springer has "also attached his original application to proceed [without prepayment of fees and affidavit] struck by the Court in the event it becomes necessary to show movant's ability to afford counsel is wanting." Doc. no. 545, p. 5. The referred to in forma pauperis application was incorrectly docketed as a separate motion, at doc. no. 546. The clerk is **DIRECTED** to terminate doc. no. 546 as a motion.

Dated this 31st day of March, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p120.wpd

-2-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## **<u>ORDER</u>**

### <u>Doc. Nos. 540, 551</u>

Defendant Lindsey Kent Springer's Motion to Return Property, brought under Rule 41(g), Fed. R. Crim. P., is before the court. Doc. no. 540. The government has responded by objecting to Mr. Springer's motion, and the government has also filed its own motion, doc. no. 549, asking the court to take steps to assist in the return of Mr. Springer's property.

Mr. Springer's motion is brought under Rule 41(g), which applies "to a person aggrieved by an unlawful search and seizure of property or by the deprivation of property." Mr. Springer argues that the search and seizure in question was unlawful, that Rule 41(b) is unconstitutional, and that his home was not within the exclusive territorial jurisdiction of the United States.

The search and seizure have previously been determined to be lawful. Doc. no. 100. And Mr. Springer's constitutional and jurisdictional arguments are frivolous.

The United States advises the court in its response brief that it wants to return Mr. Springer's property, to the extent the property is not contraband. By its own

motion at doc. no. 549, as to which the briefing has not yet concluded, the United States seeks the court's assistance to that end.

Finally, the court notes that, within his papers, Mr. Springer asks that the court return $2,000 to him. His motion, at doc. no. 540, p. 10 of 27, refers to Mr. Springer's contention that there was a "theft" of this money, which Mr. Springer litigated in Springer v. Horn, et al., CIV-06-156. Judgment was entered against Mr. Springer and in favor of the defendants in that action. CIV-06-156, doc. no. 206. Mr. Springer's appeal was dismissed. CIV-06-156, doc. no. 221 (Tenth Circuit Order). Moreover, the United States has filed a response brief indicating that all money seized from Mr. Springer, consisting of $17,000 in currency, was previously returned to Mr. Springer. The government has submitted an "Internal Revenue Service Release of Claim," verified by Mr. Springer, showing that the $17,000 was returned to Mr. Springer. Doc. no. 548-2, p. 4 of 5. The government has also submitted a "Release and Receipt of Property" form signed by Mr. Springer, acknowledging receipt of $17,000 from the IRS. Doc. no. 548-2, p. 5 of 5. No basis has been shown by Mr. Springer for the return of $2,000.

Mr. Springer's motion asks the court for the following relief. "Movant request [sic] this Court issue an order pursuant to FRCr.P. 41(g) finding (1) Shern was not a federal law enforcement officer... (2) Judge McCarthy was not authorized to issue a search warrant to Shern on September 15, 2005.... (3) FRCrP Rule 41(b) is unconstitutional and as applied; (4) Movant's home was not within the exclusive territorial jurisdiction of the district; and (5) all property taken must be returned to the Movant, including all copies, not yet returned, and the $2,000.00. Movant requests an evidentiary hearing." Doc. no. 540, p. 25.

Mr. Springer has not shown grounds for the type of relief he requests in doc. no. 540, and his motion is **DENIED**.

2

Mr. Springer has filed a related motion entitled "Motion for Rule 41(i) Papers." Doc. no. 551.  No response has yet been filed to that motion, but no response is necessary in order for the court to rule.  Mr. Springer asks the court to provide papers "delivered to the clerk by Magistrate McCarthy involving his September 15, 2005 search warrant at issue in Movant's Rule 41(g) motion."  Mr. Springer states that "a dispute of fact exists regarding the property taken which movant needs to show the facts are in Movant's favor."   The search warrant has previously been upheld, and Mr. Springer's motion to return property has been denied.  The motion at doc. no. 551 is **DENIED**.

Dated this 10th day of April, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p121.wpd

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| vs. | )   Case No. 09-cr-0043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| | ) |
| Defendant/Movant. | ) |

### ORDER

Mr. Springer has filed another motion to reconsider the court's order of March 4, 2014. Doc. no. 553. The motion appears to complain about some purported lack of clarity with regard to the court's ruling concerning grounds for relief 59 and 37. The March 4, 2014 order lists the grounds which survive to the second stage of these proceedings. Grounds 59 and 37 are listed there as surviving to the second stage but only to the extent that Mr. Springer asserts ineffective assistance of his appellate counsel in these grounds. Doc. no. 537, p. 11. The court cannot state it more clearly than that. The motion for reconsideration is **DENIED**.

Dated this 28th day of April, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p123.wpd

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

(on doc. no. 549)

The United States moves for an order directing defendant Lindsey Kent Springer to retrieve records and other documents seized from him, and authorizing the destruction of $10.00 in counterfeit currency also seized from him. Doc. no. 549. Mr. Springer objects.

The government states that it wants to return the seized property (other than the counterfeit money), provided Mr. Springer, who is incarcerated, follows certain procedures. The government seeks an order requiring Mr. Springer to retrieve the seized materials by a date certain, after designating an agent for that purpose. The government's proposed order submitted with the motion would direct Mr. Springer to arrange for Mr. Springer's agent to retrieve the materials before a certain deadline, and would direct Mr. Springer to personally sign a notarized statement specifically identifying the person who will pick up the materials, requiring that such statement be provided to the Internal Revenue Service when the materials are retrieved by Mr. Springer's designated agent. The government's proposed order would also authorize

-1-

the United States to destroy any materials which might remain in the government's possession after the deadline for the retrieval.

Mr. Springer makes various arguments regarding the contended unlawfulness of the search, despite the fact that search has previously been upheld. He also objects to the government's procedures for effecting the return of his property. He states that the government can deliver the four boxes of materials to an address which he will provide, a delivery which he will authorize by his signature. He states, however, that he will not permit the government to contend everything has been returned until he has been provided with an opportunity to inspect the boxes' content or has viewed an itemized list of the contents of each box, and until he is provided with a custody report of the items in the boxes through the time of their return.[1]

Mr. Springer previously sought the return of seized property under Fed. R. Crim. P., Rule 41(g). That motion, which made a variety of arguments and sought other relief, was denied as frivolous. Doc. no. 552. At the time the court denied that motion, it noted that the United States was attempting to return the property and that there was a pending motion by the government not yet at issue, which sought the court's assistance in that regard. The referred to motion is the instant motion.

Under both Rule 41(g) and the case law, the court is given discretion to determine appropriate conditions for effecting the transfer of seized property back to a criminal defendant. For example, Rule 41(g) provides that if a court grants a motion for return of property, the court may impose reasonable conditions to protect access to the property and its use in later proceedings.[2] And see generally, United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1213, and n.13 (10th Cir. 2001) (non-contraband

---

[1]The court notes that the motion includes an inventory identification of the items seized pursuant to the warrant. Doc. no. 549-3.

[2]The government states that if the United States needs materials from the seized records, retained copies will suffice.

property of the accused, seized by officers and used as evidence, generally will be returned to him "on *proper* application," emphasis added; there is no right to return of contraband per se, which consists of objects which are intrinsically illegal, the possession of which, without more, constitutes a crime).

In this case, the government proposes reasonable steps to ensure proper retrieval of the property in question, to memorialize Mr. Springer's authority for that transaction to occur, and to ensure that the transfer is made to Mr. Springer's designated agent.  Mr. Springer should not be allowed to thwart the government's attempts to return the property by objecting to the government's reasonable procedures.  Nor, by his refusal to cooperate with those procedures, should Mr. Springer be able to effectively require the government to hold the property indefinitely.  Accordingly, while the court will not force Mr. Springer to comply with the government's procedures, the court will direct that if Mr. Springer does not comply with the procedures proposed by the government for effecting the return of the property, the government is then authorized to destroy the property in question.

The motion is **GRANTED** to the following extent.  If Mr. Springer still seeks the return of his property, he shall arrange for an agent to contact Mr. Jeffrey Gallant, an Assistant United States Attorney located in Tulsa who signed the motion, or Mr. Gallant's representative for that purpose, within thirty days of the date of this order, for the purpose of making more specific arrangements with the government regarding retrieval of the materials in question.  Retrieval of the documents from the government, by the agent designated by Mr. Springer, shall occur no later than sixty days from the date of this order. Mr. Springer shall personally sign a notarized statement specifically identifying the person who will pick up his materials.  That signed notarized statement must be provided to the Internal Revenue Service when the materials are retrieved by the agent on Mr. Springer's behalf. If Mr. Springer does not timely comply with these procedures (or reach an agreement with the government

through his agent or otherwise regarding additional time to comply, an agreement which need not involve the court), the United States is authorized to destroy any of the materials which then remain in the government's possession.  In addition, the United States is authorized to immediately destroy the single United States $10 counterfeit bill seized during the execution of the search warrant.

 Dated this 11th day of June, 2014.

             _____
             STEPHEN P. FRIOT
             UNITED STATES DISTRICT JUDGE

09-0043p122.PO.wpd

-4-

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY K. SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## ORDER

Mr. Springer has filed a motion in this § 2255 matter, entitled "Motion to Reconsider and Allow Discovery."  Doc. no. 572.  There is no need for a response from the government in order for the court to rule.  The motion asks the court to allow discovery involving certain documents which Mr. Springer contends relate to Thomas Scott Woodward's and to Charles A. O'Reilly's authorization to represent the United States.  Mr. Springer states that the request is based on newly discovered evidence. The court has previously dismissed as procedurally barred, and alternatively as barred on their merits, Mr. Springer's arguments based on challenges to the authority or jurisdiction of the United States Attorney or any Assistant (or any Acting or Special Assistant) United States Attorneys involved in this prosecution.  Doc. no. 537, p. 7. There is no need to re-examine this finding or for any further discovery on this frivolous issue.  The motion (doc. no. 572) is **DENIED**.

Dated this 9th day of July, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p126.wpd

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No.09-cr-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## **ORDER**

Mr. Springer has filed a "Motion for Release Pending Disposition of 2255 Proceeding," doc. no. 577, with a supporting affidavit, doc. no. 578. The motion states that it is brought pursuant to 28 U.S.C. § 1651, § 2241, § 2255, and the court's inherent power. Doc. no. 577, p. 6.

*28 U.S.C. § 1651.* Section 1651 grants the Supreme Court and federal courts the power to issue writs. Absent some other basis for relief, § 1651 is of no help to movant here.

*28 U.S.C. § 2241.* A petition brought under § 2241 attacks the execution of a sentence rather than its validity, and must be filed in the district where the prisoner is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Mr. Springer requests release "due to having served all the sentence of counts 1, 4, 5 and 6," and he makes various arguments as to why his sentence, as it is being imposed, is illegal and unconstitutional. Doc. no. 577, p. 30. His supporting affidavit states that "Based upon 60 month maximum and having to serve 87% equals 52 months and 6 days of the 60 months. I have served 50 months and 9 days minus 1-day equals 50 months 8-

days.  Based upon the errors shown in my motion I should be in a halfway house at present if my arguments are correct."  Doc. no. 578, p. 2.  The court finds that Mr. Springer's filings should primarily be construed as a petition attacking the calculation and execution of Mr. Springer's sentence, pursuant to § 2241.

As previously stated, a petition for relief under § 2241 must be filed in the district where the prisoner is confined.  Jurisdictional defects which arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631;  United States v. Tamayo, 162 Fed. Appx. 813, 815 (10th Cir. 2006), not published, cited here pursuant to the limitations stated in the Tenth Circuit Rules for citing unpublished decisions.  Accordingly, construed as a petition for relief under § 2241, this court has no jurisdiction over such a motion and his filings will be transferred to the custodial court.

*28 U.S.C. § 2255.*  As he cites § 2255, it appears Mr. Springer asserts that §2255 provides authority for his filings.  Mr. Springer has previously presented grounds for relief under § 2255.  Indeed, that action is currently pending before the undersigned.  All second or successive motions for relief under §2255 must be certified by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h).  That has not occurred here.  When a second or successive §2255 claim is filed in the district court without the required authorization from the circuit, the district court may transfer to the circuit if it determines it is in the interest of justice to do so, or the district court may dismiss the motion or petition for lack of jurisdiction.  United States v. Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Transfer to the circuit of any grounds for relief raised under §2255 is not in the interest of justice, and any such grounds are dismissed without prejudice for lack of jurisdiction.

-2-

_Inherent power._  No basis has been shown for the court to exercise any inherent power to grant the relief requested by Mr. Springer.

Rulings

To the extent that the filings at doc. nos. 577 and 578 challenge the calculation of and execution of Mr. Springer's sentence, those filings are construed as a petition for relief under 28 U.S.C. § 2241, over which this court has no jurisdiction as it is not the custodial court. The filings at doc. nos. 577 and 578 are **TRANSFERRED** to the United States District Court for the District of New Mexico, the federal judicial district in which the institution where Mr. Springer is in custody (FCI La Tuna, Anthony, New Mexico, 88021) is located.  The clerk is **DIRECTED** to effect the transfer. Any claims for relief brought under 28 U.S.C. § 2255 are **DISMISSED** without prejudice for lack of jurisdiction.

Dated this 15th day of July, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p127.wpd

-3-

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
       )
    Plaintiff/Respondent,    )
       )
vs.    )    Case No. 09-CR-0043-SPF
       )
LINDSEY KENT SPRINGER,    )
       )
    Defendant/Movant.    )

### ORDER
(re doc. no. 570)

Defendant/movant Lindsey Kent Springer seeks leave to amend his pending §2255 motion.  Doc. no. 570.  Moving under Rule 15, Fed. R. Civ. P., he asks permission to add two additional grounds for relief to the approximately seventy-six grounds for relief stated in his original § 2255 motion.[1]  The government has filed a response brief objecting to the proposed amendments.  Doc. no. 576.  The response brief argues that the motion should be stricken for non-compliance with various aspects of the local rules, and also because the proposed grounds would fail on their merits if the court were to reach the merits.  Mr. Springer has filed a reply, arguing that the rules cited by the government do not apply and that the proposed grounds are

---

[1]The proposed grounds relate to 1) whether 18 U.S.C. § 3584(a) prohibits the court from imposing consecutive terms of imprisonment, making the maximum term for which Mr. Springer could have been imprisoned five years; and 2) whether the "sentence imposed is multiplicitous and violates the Fifth Amendment's due process and double jeopardy clause exceeding the statutory maximum."  Doc. no. 570, pp. 5, 6.

meritorious.  Doc. no. 582.  Mr. Springer is a very experienced litigant.  He proceeds *pro se* and his pleadings are liberally construed.

Procedural Background

Mr. Springer's original motion for § 2255 relief was received by the court on March 11, 2013.  On March 15, 2013, the court established a briefing schedule tailored to these complex proceedings, dividing the briefing on Mr. Springer's seventy-six grounds for relief into two stages.  After the first-stage briefing was complete, the court entered a twelve-page ruling, on March 4, 2014, determining numerous issues.  Doc. no. 537. Mr. Springer then filed numerous motions, all of which (other than the instant motion to amend) have now been disposed of.  The only matters which remain to be determined at this point are the second-stage issues which survived the court's order of March 4, 2014, and the instant motion to amend which was received by the court on June 27, 2014.  The government and Mr. Springer have already filed briefs with regard to the surviving second-stage issues.  To date, many hundreds of pages of arguments and materials have been filed by Mr. Springer in these proceedings.

Discussion

A motion to amend § 2255 grounds for relief may be denied as untimely.  *See*, *e.g.*, United States v. Burbage, 280 Fed. Appx. 777 (10th Cir. 2008) (§ 2255 case in which movant sought to  amend after objections to magistrate judge's findings were due but before district court had accepted the magistrate judge's recommendations to dismiss the case; district court's second reason for denying the motion to amend, untimeliness, was adequate standing alone where district court stated that movant could not raise new claims at this late date, as they occurred to the movant); United States v. Johnson, 162 F.3d 1174 (10th Cir. 1998) (§ 2255 case in which district court

-2-

denied leave to amend filed seven months after original claim and two months after district court decided the case; motion offered no facts or law that could not have been offered earlier; court noted that untimeliness alone is a sufficient reason to deny leave to amend).[2]

A litigant cannot propose new claims whenever they occur to him.  All the more so here, due to circumstances unique to this case such as the following.

1.   This is complex litigation in which Mr. Springer has already raised approximately seventy-six grounds for relief.

2.  The court long ago organized the issues into a two-part briefing schedule and ruling schedule, which the proposed amendments, if allowed at this late date, would decimate.

3.  Mr. Springer's motion to amend was filed more than a year after he filed his original motion for § 2255 relief, and more than three months after the court entered a number of dispositive rulings on those grounds for relief in the court's first-stage ruling.

4.  Mr. Springer's motion suggests no reason why his proposed grounds for relief could not have been included in his original § 2255 motion.  Instead, his motion focuses only on the purported merits of the additional grounds for relief.[3]  He offers no explanation for his delay.

---

[2]Both of these decisions are unpublished and are cited in compliance with the Tenth Circuit's rules regarding citations to unpublished decisions.

[3]Although this order does not reach the merits of the proposed new grounds for relief, the court has reviewed the proposed grounds and finds nothing there to suggest the amendments should be permitted despite the motion's belatedness.

5.   These proceedings have reached the final stage.   The court has already entered a number of dispositive rulings.   Moreover, the briefing of the surviving grounds for relief was completed on June 20, 2014, when the court received Mr. Springer's brief on the merits of the surviving grounds.   Other than ruling on the instant motion, all that remains to be done is for the court to adjudicate the surviving grounds.

6.   The timing of the motion suggests the possibility of bad faith on Mr. Springer's part.

7.   Introducing new grounds for § 2255 relief at this stage would prejudice the United States by requiring it to respond to the proposed claims once the original claims were amended.

For all of these reasons, the court finds that the proposed amendment comes too late even measured by the liberal standards of Rule 15(a)(2), Fed. R. Civ. P.[4]  It will be denied as untimely.

Alternatively, the motion does not comply with LCvR9.2(c).   Mr. Springer argues that subsection (c) does not apply.   Rule 9.2, however, is entitled "Actions Brought by Incarcerated Persons."   Sections (a) and (b) of Rule 9.2 specifically address § 2255 proceedings.   Although section (c) does not refer to § 2255 motions, read in context, it is clear that section (c), which is entitled "Amended Pleadings," applies to § 2255 proceedings.   Section (c) provides that "Original proposed amended pleadings shall be signed and attached to any motion for leave to amend the pleading."

---

[4]The Tenth Circuit has applied Rule 15, Fed. R. Civ. P., to motions to amend § 2255 proceedings.  *See*, *e.g.*, United States v. Espinoza-Saenz, 235 F.3d 501, 503 (10th Cir. 2000) (applying Rule 15, Fed. R. Civ. P., to motion to amend § 2255 proceedings).  Rule 15(a)(2) provides that the court should freely give leave when justice so requires.  Justice does not require permitting the amendments proposed by Mr. Springer.

No such attachment was included with Mr. Springer's motion to amend.  Lack of compliance with the court's local rules is an alternative basis for denying the motion.

Ruling

Mr. Springer's motion to amend (doc. no. 570) is **DENIED**.

Dated this 30th day of July, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p128.wpd

-5-

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case Nos. 09-cr-0043-SPF and |
| | ) | 13-cv-0145-SPF-TLW |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**ORDER**

On March 11, 2013, Mr. Springer moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  Doc. no. 472, filed with doc. nos. 473-475.  In that motion, he stated approximately seventy-six separate grounds for relief.  On March 15, 2013, the court established a two-stage briefing schedule.   Doc. no. 478.  After briefing of the first-stage issues, the court entered an order on March 4, 2014, doc. no. 537, disposing of many of the seventy-six grounds for relief urged by Mr. Springer. The order dismissed all procedurally barred grounds for relief, and as an alternative basis for disposing of the jurisdictional grounds for relief it also found those grounds lacked merit.  The order also identified all grounds which survived for second-stage consideration.   Per the briefing schedule, the government then responded to Mr. Springer's arguments regarding the remaining grounds for relief.  Doc. no. 562.  Mr. Springer filed a reply brief.  Doc. no. 567.  Accordingly, the second-stage briefing is now complete.

Mr. Springer is an experienced litigant. He appears *pro se* and his pleadings are liberally construed.

<u>Remaining Grounds</u>

The following grounds for relief remain for consideration on their merits. (These are the surviving grounds as stated in the March 4 order, doc. no. 537, pp. 10-12, footnotes deleted.)

– Ground 49 to the extent that it challenges the Tenth Circuit's page limitation on Mr. Springer's appellate briefing.

– Ground 50 to the extent that it challenges the undersigned's refusal to permit an extension of the page limitation applicable to Mr. Springer's memorandum brief filed in support of his § 2255 motion.

– Ground 66 to the extent that it argues the cumulative effect of other meritorious grounds entitles Mr. Springer to relief under § 2255.

– Ground 73 to the extent that it challenges the one-year window of time within which to seek relief under § 2255 as "not enough time to ascertain all the jurisdictional, and non-jurisdictional grounds, that warrant relief."  Doc. no. 472, p. 83.

– To the extent that Mr. Springer asserts ineffective assistance of his appellate counsel, that particular aspect of each such ground survives. The parties do not always agree regarding in which grounds Mr. Springer alleges ineffective assistance of appellate counsel.  Therefore, to avoid any confusion at the second stage, the court finds that ineffective assistance of appellate counsel is alleged in only the following grounds: Grounds 1 - 14, 28-30, 32-37, 39, 41-44, 46, 48-49, 51, 53-67 and 75. The listed grounds include Mr. Springer's arguments that the Tenth Circuit should have appointed new appellate counsel after his counsel was suspended, and that the Tenth Circuit should have started the appellate process over at that point.

This order addresses each of these remaining grounds, leaving Ground 66 for last because it involves the cumulative effect of Mr. Springer's arguments.

<u>Ground 49</u>

The surviving aspect of Ground 49 contends that the Tenth Circuit's page limitation on Mr. Springer's appellate briefing supports relief under §2255.

Mr. Springer cites no authority which indicates that he may attack his sentence under § 2255 on a ground such as this, which does not directly challenge his trial, judgment or conviction. Moreover, appellate courts have stated that page limitations merely limit the manner in which a petitioner can present his arguments; they do not wholly prevent a petitioner from presenting those arguments. *See*, *e.g.*, <u>Mueller v. Angelone</u>, 181 F.3d 557, 582-83 (4th Cir. 1999). The Tenth Circuit has referred to page limitations on appellate briefs as a means by which to avoid unnecessarily complicating the task of appellate judges. *See*, <u>United States v. Patterson</u>, 713 F.3d 1237, 1250 (10th Cir. 2013), and cases cited there. Without page limitations, parties would be encouraged to include frivolous and duplicative arguments.

Additionally, Mr. Springer states that without the benefit of counsel, he is unable to say at this time what issues he would have raised on appeal but for the Tenth Circuit's enforcement of its page limitation. Doc. no. 472, p. 59. Mr. Springer has shown no prejudice as a result of the Tenth Circuit's page limitations on appellate briefing.

This ground for relief has no merit and is rejected as a basis for relief under §2255.

<u>Ground 50</u>

The surviving aspect of Ground 50 contends that the undersigned's refusal to permit an extension of the twenty-five-page limit applicable to Mr. Springer's

-3-

memorandum brief filed in support of his § 2255 motion, constitutes grounds for relief under § 2255.[1]

Mr. Springer cites no authority which indicates that he may attack his sentence under § 2255 on a ground such as this, which does not directly challenge his trial, judgment or conviction.  Moreover, despite Mr. Springer's complaint that his brief was not allowed to exceed twenty-five pages of text (the length permitted by the court's local rules), his § 2255 motion raised seventy-six grounds for relief.  Mr. springer also presented hundreds of pages of material in support of his § 2255 motion. Like page limits on appellate briefing, page limits on briefing filed with a district court are a necessary case management tool without which there would be no check on frivolous or duplicative arguments.  In its first-stage ruling the court held that numerous grounds raised by Mr. Springer were procedurally barred, and that all of his jurisdictional arguments were also frivolous.  If Mr. Springer had deleted such arguments, he would have had many more pages available to devote to other arguments.  Courts have stated that when a *pro se* party files pleadings which are consistently verbose and confusing, the imposition of a page limitation is a permissible and reasonable exercise of discretion.  Murphy v. Colorado Dept. of Corrections, 2008 WL 496307 at *2 (D. Colo. 2008).

Additionally, Mr. Springer's second-stage memorandum, doc. no. 567, pp. 30-31 (addressing Ground 50), does not identify any arguments which Mr. Springer would have made but for this court's enforcement of the page limit.  Mr. Springer has shown no prejudice as a result of the enforced page limit.

---

[1]As stated within Ground 50, doc. no. 472, p. 60 (facts portion), the undersigned denied Mr. Springer's motion to file an over-length brief in support of his § 2255 motion, on January 4, 2013. The order of denial is at doc. no. 471.

This ground for relief has no merit and is rejected as a basis for relief under §2255.

Ground 73

The surviving aspect of Ground 73 argues that the one-year window within which to seek relief under § 2255 does not allow enough time to ascertain all grounds that warrant relief, thereby entitling Mr. Springer to § 2255 relief.

In Miller v. Marr, 141 F.3d 976 (10th Cir. 1998), the Tenth Circuit found that as applied in that case, the one-year limitation on filing a habeas petition did not violate petitioner's rights under the Suspension Clause (U.S. Const. art. I, § 9 cl. 2, the Constitution's prohibition on suspending the writ). Id. at 977. The court stated that "Whether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy inadequate or ineffective to test the legality of detention." Id.

Mr. Springer filed a timely motion for § 2255 relief, including seventy-six grounds for relief. Mr. Springer identifies no grounds which he would have presented but for the one-year limit, and he presents no arguments which would support equitable tolling of the one-year period. It is Mr. Springer's burden to show that the one year period was inadequate or ineffective. Id. He has not carried that burden.

This ground has no merit and is rejected as a basis for relief under § 2255.

Grounds for Relief Based on Ineffective Assistance of Counsel

As stated in the court's order at the conclusion of the first stage, grounds for relief which assert that Mr. Springer had ineffective assistance of counsel on appeal survived to the second stage and are included within the following grounds: Grounds 1 - 14, 28-30, 32-37, 39, 41-44, 46, 48-49, 51, 53-67 and 75. As noted in the first-stage order, among these ineffective assistance grounds are complaints by Mr. Springer that the Tenth Circuit should have appointed new appellate counsel after his

-5-

counsel was suspended (due to conduct in another matter) from practicing before the Tenth Circuit, and that the Tenth Circuit should have started Mr. Springer's appellate proceedings over at that point.[2]

Mr. Springer contends his appellate counsel was ineffective for failure to raise grounds for relief which he now argues are meritorious and should have been asserted on appeal.[3]  To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  A court deciding an ineffective assistance claim need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  Strickland, 466 U.S. at 697.  In other words, the court may examine the Strickland requirements in any sequence, and a finding that either requirement is not met ends the discussion.

The court has carefully reviewed each ground for relief based on purported ineffective assistance of appellate counsel.  Having done so, the court concludes that all such grounds for relief fall into one or more of the following categories.

---

[2]Mr. Jerold W. Berringer represented Mr. Springer on appeal.  By order of September 2, 2011, the Tenth Circuit suspended Mr. Barringer from practicing before that court, for making frivolous arguments in a federal tax lien foreclosure appeal involving Mr. Springer.  See, suspension order, In re: Jerold W. Barringer, 2011 WL 10657459 (10th Cir. 2011).  The suspension occurred after Mr. Barringer had filed Mr. Springer's opening and reply briefs in the direct appeal which underlies this § 2255 matter, but before the Tenth Circuit affirmed the judgment and sentence in that direct appeal.

[3]In a few instances (see, e.g., Grounds 28, 29, 30, and 57, all of which involve the Paperwork Reduction Act and/or Form 1040), Mr. Springer claims not that his appellate counsel failed to raise issues, but that appellate counsel failed to "properly raise" issues.  Mr. Springer presumably makes this distinction because he recognizes that these grounds were, in fact, raised by his appellate counsel.  The Tenth Circuit found that the Paperwork Reduction Act and Form 1040 issues had been sufficiently raised in the appeal, and it addressed and rejected those issues in the direct appeal.  Grounds which were sufficiently raised, but rejected, in the direct appeal, merit no relief under §2255 for purported ineffective assistance of counsel during the appeal.

-6-

1.  They are grounds which come within the scope of issues which were sufficiently raised by appellate counsel in the direct appeal, which were addressed by the Tenth Circuit in that appeal, and which were rejected by the Tenth Circuit in the direct appeal.  *See*, Springer, 444 Fed. Appx. 256, 260 (identifying eight categories of arguments advanced by Mr. Springer on appeal; each of those eight sets of issues was addressed and rejected).[4]

2.  They are grounds which either expressly or by implication challenge the federal courts' jurisdiction over the underlying crimes.  Some of these types of jurisdictional grounds come within the scope of jurisdictional issues rejected on their merits by the Tenth Circuit in the direct appeal.  For example, in Springer, the Tenth Circuit discussed and rejected Mr. Springer's arguments regarding the "Delegation of IRS Collection and Enforcement Authority." *Id*. at 260-61.  Additionally, all of Mr. Springer's jurisdictional grounds for relief were rejected on their merits by the undersigned in the first-stage order.  That order stated that Mr. Springer's jurisdictional grounds for relief were so lacking in merit that "it would be a waste of the parties' and the courts' time and

---

[4]The Tenth Circuit stated as follows.  "Defendants' opening brief can be distilled to advance the following eight arguments: 1) defendants committed no crimes because there is no government entity outside of Washington, D.C. with the lawfully delegated power to collect taxes or enforce the internal revenue laws; 2) the Paperwork Reduction Act precludes imposition of all penalties arising from their convictions; 3) the district court erred in denying their motion to suppress; 4) the district court erroneously instructed the jury as to the definitions of "gift" and "income"; 5) the district court should have allowed defendants to subpoena employees of the Justice Department and the IRS; 6) defendants did not waive their right to counsel voluntarily, knowingly, and intelligently; 7) the district court did not properly calculate their attributable tax losses under the sentencing guidelines or properly apply their respective sentencing enhancements; and 8) Mr. Stilley's conspiracy conviction cannot be classified as a felony." Springer, 444 Fed. Appx. at 260.

resources to entertain these grounds further or to dignify them by according them further treatment." Doc. no. 537, p. 7.

3. They are grounds which arguably could be described as new grounds for relief not previously presented by Mr. Springer's appellate counsel, which Mr. Springer now contends his counsel should have raised on appeal. Having examined each ground which arguably falls into this category, the court has determined that each such ground lacks merit.[5]

As stated in n.5, *supra*, among the arguably new arguments raised by Mr. Springer (*i.e.* the third set of grounds identified above) are grounds which contend that after his counsel was suspended, the Tenth Circuit should have appointed new

---

[5]Arguments which are arguably new include the following. Mr. Springer contends the crimes he was indicted for did not match the crimes on which the jury was instructed. *See*, *e.g.*, Grounds 33, 34, 36, 43. For example, Mr. Springer contends he was indicted in counts two, three and four for evading required tax filings, whereas the jury was instructed regarding evading taxes. These counts, however, charge that Mr. Springer willfully attempted to evade and defeat the individual income <u>taxes due and owing</u> by him. These counts further allege that Mr. Springer attempted to evade and defeat <u>the taxes due</u> not only by failing to file tax returns as required by law, but also by committing various other affirmative acts of evasion. Accordingly, there is no merit to these grounds for relief. Mr. Springer also contends that due to various improprieties he has not yet had a proper trial, in violation of the Speedy Trial Act. *See*, *e.g.*, Grounds 64, 65. These arguments are also frivolous. Other arguably new but frivolous grounds for relief include contentions that appellate counsel failed to argue: that summary testimony by an agent regarding the amount of financial transactions violated Mr. Springer's rights, *see*, *e.g.* Ground 53; that the jury instruction about avoiding deadlock violated Mr. Springer's rights, *see*, *e.g.*, Ground 54; that Mr. Springer was selectively prosecuted, *see*, *e.g.* Ground 37; that Mr. Springer's sentence was ten times as long as the sentence given to Mr. McGinness of the HOW Foundation, *see*, *e.g.*, Ground 55; that Mr. Springer's counsel should have raised page limits arguments (rejected in this order), *see*, *e.g.*, Ground 49; and that Mr. Springer's sentence violates the Oklahoma Constitution and the United States Constitution because Mr. Springer has been imprisoned for a debt, *see*, *e.g.*, Ground 67. Mr. Springer also contends the Tenth Circuit should have started his appeal over after his appellate counsel was suspended from practicing. These "should have started over" types of arguments are new arguments, *see* grounds 59, 60 and 61, whose lack of merit is addressed next in the text of this order. Whether or not specifically addressed in this order, the court has considered all ineffective assistance grounds which could arguably be characterized as new arguments, and has concluded that all such arguments lack merit.

-8-

counsel for Mr. Springer and should have started the appellate proceedings over. *See*, *e.g.* Grounds 59, 60, 61.[6] In its first-stage order, the court characterized these grounds as "ineffective assistance" grounds because, in each of them, Mr. Springer states that they "evolved from Appellate Counsel and Court conduct during appeal process." The court also grouped these complaints with the "ineffective assistance" grounds because, by their nature, they obviously challenge the effectiveness of Mr. Springer's representation during the appeal. Whether considered as arguments presented by Mr. Springer under the rubric of ineffective assistance, or whether characterized in some other manner, the court now finds that these grounds lack merit for the reasons stated below.

Mr. Barringer was not suspended until after the briefing was complete on Mr. Springer's appeal. *See*, n.2, *supra*. In its detailed order affirming the judgment and conviction, the Tenth Circuit stated the panel had unanimously determined that oral argument would not materially assist the determination of the appeals before it. Springer, 444 Fed. Appx. 256, 259 at unnumbered footnote. This indicates the panel's conclusion that better-presented argument was not necessary for the panel to determine the issues. Mr. Springer has not identified any meritorious grounds which were not raised but which, if raised, would have led to a different result in his appeal if the Tenth Circuit had appointed new counsel or started his appeal over after Mr. Barringer was suspended.[7] Mr. Springer has shown no prejudice as a result of his

---

[6]Ground 60 includes an argument that Mr. Barringer had a conflict of interest with Mr. Springer due to Mr. Barringer's own tax problems involving failure to file tax returns for years 2001 and 2007. Failure to file tax returns does not create a conflict with Mr. Springer's positions or defenses.

[7]In Ground 59, Mr. Springer lists grounds which he contends should have been raised or more fully developed by Mr. Barringer. All of these grounds have been rejected for various reasons, under this order or the court's prior order at the first stage.

-9-

complaints regarding the manner in which the Tenth Circuit handled his appeal after Mr. Barringer was suspended.

Because all of Mr. Springer's ineffective assistance of appellate counsel arguments fall into one or more of the three categories identified earlier in this order, it is clear that all such arguments lack merit. There can be no prejudice as a result of counsel's failure to raise meritless arguments. United States v. Orange, 447 F.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance."). Thus, the prejudice requirement of Strickland is not met. Additionally, deficient performance of counsel, the other requirement under Strickland, cannot be premised on counsel's failure to make a patently meritless argument. All of the issues which Mr. Springer complains that his appellate counsel did not raise are patently meritless. Accordingly, neither prong of the Strickland test is met.

The court rejects Mr. Springer's ineffective assistance grounds as a basis for relief under § 2255.

### Ground 66

Ground 66 argues that the cumulative effect of all of Mr. Springer's grounds for relief entitles him to relief. This court has now found that none of the grounds for relief presented by Mr. Springer supports § 2255 relief. Mr. Springer's grounds also lack merit, considered together. *See*, Bunton v. Atherton, 613 F.3d 973, 990 (10th Cir. 2010) (cumulative error doctrine does not apply where court has not found the existence of two or more actual errors).

### Ruling On Second Stage Issues

All grounds for relief which survived the first stage to be considered at the second stage are **DENIED** on their merits. They are rejected on their merits as grounds for relief under §2255.

-10-

This order and the court's first-stage order dispose of all grounds for relief presented by Mr. Springer in these § 2255 proceedings.

Certificate of Appealability

A movant in a § 2255 matter is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits, ... [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Movant has not made the required showing and a certificate of appealability is **DENIED**.

Dated this 22nd day of August, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p129.wpd

-11-

119

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case Nos. 09-cr-0043-SPF and |
| | ) | 13-cv-0145-SPF-TLW |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## <u>JUDGMENT</u>

In accordance with the court's first-stage order entered on March 4, 2014, at doc. no. 537, and the court's second-stage order entered today at doc. no. 584, all grounds for relief presented by Lindsey Kent Springer in support of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 have been rejected. Judgment in these proceedings is entered in favor of the Plaintiff/Respondent, the United States of America, and against the Defendant/Movant, Lindsey Kent Springer.

Dated this 22nd day of August, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p130.wpd

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cr-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## <u>ORDER</u>

Mr. Springer has filed a "Motion for Order Finding Charles A. O'Reilly Is Not Authorized and Was Never Authorized to Represent the United States of America." Doc. no. 586.  As Mr. Springer's filing indicates, the court has previously found that Mr. Springer's attacks on Mr. O'Reilly's authority are frivolous.  Furthermore, Mr. Springer's motion for relief under 28 U.S.C. § 2255 has been ruled on and is closed. The motion is **DENIED**.

Dated this 26th day of August, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p131.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED

SEP 1 2 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Lindsey Kent Springer,

    Movant,

v.

    Case No. 13-CV-145
    (09-CR-043-SPF-N.D.OK.)

United States of America,

    Respondent.

NOTICE OF APPEAL

Lindsey Kent Springer ("Movant") files his Notice of Appeal of the Orders of Honorable United States District Judge for the Western District of Oklahoma, Stephen P. Friot, in the above captioned matter, and the Judgment entered August 22, 2014.  The orders to which Movant Appeals to the United States Court of Appeals for the Tenth Circuit are as follows:

1)  Minute Order dated March 11, 2013, assignment of Judge Friot, and assignment of Magistrate, along with civil case number, Doc. 476;

2)  Order establishing two-step procedure dated March 15, 2013, and directing First Step not to include any argument on any merits of any ground for relief, Doc. 478;

3)  Order explaining 2255 is motion in ongoing criminal case dated March 27, 2013, Doc. 480;

4)  Order reaffirming March 27, 2013, Order concluding 2255 is motion in ongoing criminal case dated April 9, 2013, Doc. 484;

5)  Order Striking Motion for Declaratory Judgment for not being authorized by Judge Friot to be filed in 2255 proceeding dated May 7, 2013, Doc. 492;

6)  Order denying in part and striking in part Motion for Clarification who United States Attorney was from June 28, 2009 to present dated May 15, 2013, Doc. 496;

7)  Order denying Judge Friot recuse due to bias and prejudice where Civil Rights violations raised in 2255 Motion/Application were as a direct result of Judge Friot switching the alleged offense in Counts 2, 3, and 4, from 26 U.S.C. § 7201's attempted evasion of assessment, to § 7201's offense of attempted evasion of payment; expanding or broadening Count 1's object to include Co-Defendant's Arkansas Tax Liabilities where no such referral from the Secretary of the Treasury was made regarding Co-Defendant's Arkansas Tax Liabilities due to the

1

IRS Taxes he may have been liable for; Judge Friot's instruction to
the Jury that he had "ruled" Form 1040 United States Individual
Income Tax Return did not and does not violate the Paperwork Reduct-
ion Act when the only ruling in the record was Judge Friot ruled
Form 1040 was not subject to the Paperwork Reduction Act where no
regulations were involved in the statutory obligation to file a Form
1040, and where such Jury Instruction rendered Movant's Good Faith
Defense subjectively unreasonable in violation of well established
Supreme Court and Tenth Circuit precedent; Judge Friot's allowing
shifting positions as to the theory behind Counts 2 and 4; Judge
Friot being fully aware of the June 3, 2005 IRS Institutional
Referral for Grand Jury Investigation but refusing to address the
unlawfulness of the September 15, 2005 Search Warrant, and its
September 16, 2005, execution, by IRS Agents who were under well
known prohibitions rendering the IRS post referral use of Title 26
enforcement authority to gather evidence or information for the
United States Attorney, his Assistants, and their Grand Jury,
unlawful, warranting determination of bad faith and all such evid-
and information so gathered required to be suppressed from the Jury
Trial, even warranting dismissal with prejudice; and for imposing
an order of restitution to the IRS and State of Oklahoma, having
neither stated Judge Friot's authority to do so, or having any such
authority to impose such restitution as a condition of imprisonment
and sentence; and among others dated June 21, 2013, <u>Doc. 510</u>;

8)   Order refusing to disqualify Charles A. O'Reilly based upon his lack
     of authority to represent the United States of America after David
     E. O'Meilia resigned on June 28, 2009 dated June 25, 2013, <u>Doc. 511</u>;

9)   Order denying issuance of Conditional Writ of Habeas Corpus releas-
     ing Movant due to the clear and indisputable evidence the convict-
     ion, Sentence, and Judgement, on all Six Counts, were obtained and
     entered in violation of Movant's Fifth and Sixth Amendment Rights
     involving the non-criminal conduct of failing to file Form 1040
     United States Individual Income Tax Returns, the switching of the
     Grand Jury's alleged § 7201 offense to attempted evasion of payment,
     expanding Count One to include Co-Defendant's Arkansas Federal In-
     come Tax Liability, and that the Judgment was invalid due to the
     government attorneys representing the party United States of America
     were unauthorized to do so and made false statements to obscure
     their lack of Article III, § 2 standing to prosecute Movant pursuant
     to 28 U.S.C. § 547(1) dated July 3, 2013, <u>Doc. 514</u>

10)  Order denying Movant leave to conduct discovery, to reply to Resp-
     ondent's Opposition to Movant's request for discovery, and denying
     Movant's request to strike the September 9, 2013, preliminary resp-
     onse Brief (Step-One's Response) filed by O'Reilly under United
     States Attorney Danny C. Williams, Sr.'s name, where O'Reilly was
     continuing to assert claims of authority to represent the United
     States of America that were untrue dated January 6, 2014, <u>Doc. 528</u>;

11)  Order clarifying to Movant <u>NOT</u> to address the merits of any ground
     raised in Movant's Step-One Reply to O'Reilly's September 9, 2013,
     Step-One Response Brief dated January 10, 2014, <u>Doc. 530</u>;

2

12) Order denying reconsideration of January 6, 2014, order denying Movant's Motion for Leave to Conduct Discovery, Motion for Leave to Reply to Respondent's Opposition to Movant's Motion, and Motion to Strike dated February 13, 2014, <u>Doc. 536</u>;

13) Order on Step-One denying as precluded all but four of seventy-six Grounds for Relief; denying on the merits all but four of seventy-six Grounds for relief; ordering 47 of the 72 Grounds for relief to move to the Step-Two "merits" phase under claims of ineffective assistance of counsel; deciding to address the merits with summary denials being either frivolous or without merit after instructing Movant not to address the merits of any of the seventy-six Grounds for relief in the Step-One briefing dated March 4, 2014, <u>Doc. 537</u>;

14) Order denying disqualification of Judge Friot by Judge Friot where Movant claimed Judge Friot was not Commissioned by the President to Hold an Article III, § 1 district judge office in the Northern Judicial District of Oklahoma; that former Chief Judge Robert H. Henry's December 30, 2008, purported letter of designation of all 14 Article III, § 1, and 28 U.S.C. § 133(a) district judges commissioned by the President to hold office within the Northern Judicial District of Oklahoma (3 such offices), Eastern Judicial District of Oklahoma (1 such office), and Western Judicial District of Oklahoma (6 such offices), and the 1 office authorized by Congress to hold such office in the Northern, Eastern, or Western Judicial Districts of Oklahoma, violated and exceeded 28 U.S.C. § 292(b); that § 292(b) violated Article II, § 2, Cl. 2 and Article III, § 1, and as applied, rendering § 292(b) unconstitutional; that Judge Friot's more than 5-years exceeded the 1-year term created by Judge Henry's letter and was not temporary dated March 5, 2014, <u>Doc.538</u>;

15) Order denying appointment of Sixth Amendment Counsel based upon all First Time Sixth Amendment violations of ineffective assistance of appellate counsel; denying reconsideration of the March 4, 2014, order; denying to identify Judge Friot's statutory authority to hold an Article III, § 1 and 28 U.S.C. § 133(a) district judge office in the Northern District of Oklahoma; Denying Motion For Leave to Proceed In Forma Pauperis regarding appointment of Counsel dated March 27, 2014, <u>Doc. 547</u>:

16) Order denying return of property seized by Magistrate issued search warrant seized by IRS on September 16, 2005, after June 3, 2005, IRS Institutional Referral for Grand Jury Investigation, including the remaining $ 2,000 outstanding; denying release of Rule 41(i) papers filed by Magistrate when September 15, 2005, search warrant was required to be filed with the Clerk of Court dated April 10, 2014, <u>Doc. 552</u>;

17) Order denying reconsideration of March 4, 2014, order dated April 28, 2014, Doc. 557;

18) Order granting Respondent's Motion Movant retrieve the Rule 41 seized evidence within a fixed time dated June 11, 2014, <u>Doc. 566</u>;

19) Order denying reconsideration on discovery after receiving from the executive Office of United States Attorneys, Department of Justice,

that there was no record of Charles A. O'Reilly every being app-
ointed as a "Special Assistant United States Attorney" by the
Attorney General, or anyone else and that there was no record of
O'Reilly's employment with the Department of Justice dated July 9,
2014, Doc. 575;

20)   Order transferring Movant's release requests where Movant has served
all the sentence of Counts 1,4,5, and 6, leaving only Counts 2 and 3
to be served, where those Counts are for conviction, sentence, and
judgment, based upon Judge Friot's switch of the § 7201 offense of
attempted evasion of assessment, to the § 7201 offense of attempted
evasion of payment, which are direct violations of the Fifth and
Sixth Amendments as held and directed to Judge
Friot in U.S. v. Farr, 536 F.3d 1174, 1179-85(10th Cir. 2008); that
running the sentence in Counts 1,2, and 3, consecutive to each other
violated 18 U.S.C. § 3584(a); that all of the offenses alleged in
Counts 2,3,4,5, and 6, are offenses within Count 1; that the offense
alleged in Counts 3,4,5, and 6, are offenses within Count 2; that
the offense alleged in Counts 4 and 6 are offenses within Count 3;
that cumulative punishment for the same offense violates the Fifth
Amendment Double Jeopardy Clause and is multiplicitous, to the
District of New Mexico, dated July 15, 2014, Doc. 579:

21)   Order denying leave to amend 2255 on issues that relate back to the
same set of opperative facts dated July 31, 2014, Doc. 583;

22)   Order dismissing all ineffective assistance of appellate counsel
claims on grounds the March 4, 2014, Order denied the merits of each
Ground that moved to Step-Two's "merits" phase, denied Judge Friot
switched the Grand Jury's alleged offense in Counts 2,3, and 4, in
a footnote, and denied the four remaining Grounds dated August 22,
2014, Doc. 584;

23)   Judgment dated August 22, 2014, Doc. 585

24)   Order denying as Frivolous and that case was closed on August 22,
2014, Movant's claims Charles A. O'Reilly's argument that he was
assigned by a "Deputy Assistant Attorney General," pursuant to 28
U.S.C. § 515(a) and 28 CFR § 0.13(a), was and is not lawful and
for Judge Friot find O'Reilly was never authorized under Article
III to represent the United States of America ever, dated August
26, 2014, Doc. 587:

Respectfully Submitted

Reg. # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

4

## CERTIFICATE OF SERVICE

I hereby certify that on September __7__, 2014, I mailed U.S. First Class the above Notice of Appeal to the Clerk of Court, 333 West Fourth St., Tulsa, Oklahoma 74103:

I further certify that all parties to the above proceeding are registered ECF users and shall receive service of the above Notice of Appeal through the Court's ECF system:

    Danny C. Williams, Sr.
    Charles A. O'Reilly
    Jeffrey A. Gallant

    Server _____

## DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1) under the laws of the United States of America that I deposited the above Notice of Appeal in the U.S. Mailbox located inside FSL La Tuna to the address above on September __7__, 2014.

    Declarant _____

5

No postmark

09-CR-43-SPF

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low - La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

"Legal Mail"

**RECEIVED**

SEP 1 2 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

⟨⟩02580-063⟨⟩
Clerk Of Court
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States