FILED

APR 18 2016

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      Plaintiff/Appellee,

v.

LINDSEY KENT SPRINGER,

      Defendant/Appellant.

Case No. 09-CR-043
10th Cir. No. 15-5109

DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

By:  Lindsey Kent Springer
     Reg. No. 02580-063
     Federal Satellite Camp
     P.O. Box 9000
     Seagoville, Texas 75159

Mail ___ No Cert. Svc ___ No Orig Sign
___ C/J ___ C/M ___ C/Ret'd ___ No Env
___ No Cpys ___ No Env/Cpys ___ O/J ___ O/MJ

## TABLE OF CONTENTS

Table of Authorities.....................................-ii-

I. Issues Raised on Appeal..................................1

II.  Criteria for Release...................................1

III.  Defendant's Claims are neither factually frivolous or frivolous as
      to an in-arguable legal positions....................2

IV.  Plaintiff's Lone Objection on Appeal in 15-5109.......5

V.  Without Woodward or O'Reilly there was no Live Case or Controversy.....7

VI.  The District Court had no Article III, § 2 Live case-or-controversy
     where no authorized representative representing the United States
     of America other than the fruadulent statements by lawyers hiding
     behind the presumption of regularity.................10

VII.  The Frauds upon the Court render the April 28, 2010 Judgment nonfinal
      and invalid being entered without Article III Judicial Power and
      subject matter jurisdiction.........................13

VIII.  The Three Statements made by the District Court......14

IX.  Northern District Rule Violations....................15

X.  Conclusion.............................................16

Certificate of Service....................................17

Declaration of Mailing....................................17

Addendum

March 23, 2016 Appellee Brief filed for United States of America........ADD. 1

TABLE OF AUTHORITIES

Already, LLC v. Nike, 133 S.Ct. 721, 726(2012)...............................12

Alexander v. Robertson, 882 F.2d 421, 424(9th Cir. 1989)....................14

American Fire & Casualty Co., v. Finn, 341 U.S. 6, 18(1951).................10

Arbaugh v. Y & T Corp. 546 U.S. 500, 514(2006)..............................8

Billingsley v. CIR, 868 F.2d 1081, 1084-85(9th Cir. 1989)...................13

Bond v. U.S., 131 S.Ct. 2355, 2361(2011)....................................11

Bulloch v. U.S., 763 F.2d 1115, 1121(10th Cir. 1985)(en banc)...............14

Cavic v. Pioneer Astro Indus. Inc., 825 F.2d 1421, 1425(10th Cir. 1987)......3

Chafin v. Chafin, 182 L.Ed 2d 1, 10(2013)..................................11

De Castro v. Board of Commissioners, 322 U.S. 451, 462-63(1944)...........6,7

Defuniso v. Odegaard, 416 U.S. 312, 316(1974)..............................12

FEC v. NRA Political Victory Fund, 513 U.S. 88, 99(1994)....................10

Gleason v. Jandrucko, 860 F.2d 556, 560(2nd Cir. 1988).....................14

H.K. Porter Co. Inc. v. Goodyear Tire, 536 F.2d 1115, 1119(6th Cir. 1976)...14

Friends of Earth v. Laidlaw En., 528 U.S. 167, 192(2000)...................14

Hazel Atlas Glass Co. v. Hartford Co.,  322 U.S. 238, 251(1944)............14

Kansas Judicial Review v. Stout, 562 F.3d 1240, 1245(10th Cir. 2009)........11

Kemmer v. CIR, 387 F.2d 689, 691(7th Cir. 1968)............................13

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377(1994)................10

Lewis v. Continental Bank, 494 U.S. 427, 477-78(1990)......................11

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560(1992)....................10

McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83(1936)....10,12

Morrison v. National Australia Bank LTD, 177 L.Ed 535, 547(2010)............8

Myers v. U.S., 292 U.S. 52, 71(1926).......................................9

National Archives v. Favish, 541 U.S. 157, 174(2004).......................7

Northern Laramie Range Alliance v. FERC, 733 F.3d 1030, 1034(10th Cir. 2013).12

North Carolina v. Rice, 404 U.S. 244, 246(1971)............................12

TABLE OF AUTHORITIES (cont'd)

Official English v. Arizona, 520 U.S. 43, 68(n.22)(1997)...................12

Opala v. Watt, 454 F.3d 1154, 1157(10th Cir. 2006)..........................13

Plotner v. A T & T Corp., 224 F.3d 1161, 1170(10th Cir. 2000)..............14

Renberg v. Paulk, 182 L.Ed 2d 593, 606(2012)................................8

Robinson v. Audi AKT, 56 F.3d 1259, 1265(10th Cir. 1995)...................13

Shurtleff v. U.S., 189 U.S. 311, 316(1903)................................6,7

Spencer v. Kemna, 523 U.S. 1, 7 (1998)......................................11

Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94-103(1998).........8,12

U.S. v. Armstrong, 517 U.S. 456, 464(1996)................................7,10

U.S. v. Batchhelder, 442 U.S. 114, 125(1979)................................10

U.S. v. Chemical Foundation, 272 U.S. 1, 14-15(1926).........................6

U.S. v. Cook, 997 F.2d 1312, 1320(10th Cir. 1993)...........................8

U.S. v. Cotton, 535 U.S. 625, 630(2002).....................................8

U.S. v. Hilario, 218 F.3d 19, 24(1st Cir. 2000).............................4

U.S. v. Navarro, 972 F. Supp. 2d 1296, 1305-08(E.D.Cal. 1997)............9,10

U.S. v. Providence Journal Co., 485 U.S. 693, 699-708(1988)..............9,10

U.S. v. Pickard, 676 F.3d 1214, 1218(n.2)(10th Cir. 2012)..................12

U.S. v. Quarles, 350 U.S. 11, 16(1955)......................................10

U.S. v. Seminole Nation, 321 F.3d 939, 943(10th Cir. 2002).................11

U.S. v. Singleton, 165 F.3d 1297, 1299-1300(10th Cir. 1999)(en banc).........9

U.S. v. Springer, 580 Fed. Appx. 655, 656-57(10th Cir. 2014)................6

U.S. v. Throckmorton, 98 U.S. 61, 64(1878)..................................13

U.S. v. Tony, 637 F.3d 1153, 1157(10th Cir. 2011)..........................8,9

U.S. v. Verdugo-Uriquidez, 494 U.S. 259, 270(1990)..........................10

U.S. v. Williams, 790 F.3d 1059, 1071(10th Cir. 2015)......................13

United Student Aid Funds, Inc., v. Espinoza, 176 L.Ed 2d 158, 169(2010).....13

Utah Wilderness Alliance v. Palma, 707 F.3d 1143, 1153(10th Cir. 2013)......13

TABLE OF AUTHORITIES (cont'd)

Wildearth Guardians v. Pub.Ser. Co., 690 F.3d 1174, 1182(10th Cir. 2012)...11

Willy v. Coastal Corp., 503 U.S. 131, 136-37(1991).........................10

STATUTES INVOLVED

5  U.S.C. § 3345(a)91)........................................................4

18 U.S.C. § 2255..........................................................2,4

         § 3143(b)(1)(A)...............................................1,16

         § 3143(b)(1)(B)...............................................1,2,16

28 U.S.C. § 515...........................................................5,15

         § 543..........................................................5,9,15

         § 544..........................................................3,4,9

         § 546(a)...........................................................1

         § 547(1)...........................................................9

REGULATIONS

28 CFR § 0.13(b)...........................................................5

RULES

Northern District of Oklahoma Criminal Local Rule 44.1(f).................15

                                      44.5(b)(18)..............15

                                      44.6(b)..................16

                                      44.6(d)..................16

                                      44.6(k)..................16

Federal Rules of Criminal Procedure Rule 7(c).............................8

Federal Rules of Appellate Procedure Rule 9(b)............................1

CONSTITUTION

Article II, § 2, Cl. 2.........................................2,4,5,6,9,15

Article III, § 2................................... 1,2,8,9,10,12,13,15,16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff/Appellee,

v.                                                      Case 09-CR-043
                                                        10th Cir. # 15-5109
LINDSEY KENT SPRINGER,

    Defendant/Appellant.

### DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Lindsey Kent Springer ("Defendant") moves this Court for an order releasing Defendant from the current custody of the Bureau of Prisons that is based upon the April 28, 2010 Judgment and Committment ordering Defendant to serve 180 months in Federal Prison pending the outcome of the Appeal in 15-5109.  This Motion is pursuant to 18 U.S.C. § 3134(b)(1)(A) and (B) and Federal Rules of Appellate Procedure 9(b).

I.                          ISSUE RAISED ON APPEAL

    Is the argument that various Frauds upon the Court that involve the Court's Article III, § 2 Judicial power and authority, without which the District Court's Article III, § 2 Judicial power and authority either never existed as a live case or controversy, or had become mooted after the case began, and where the lawyers representing the United States of America lacked standing and authority to do so, a frivolous argument?

II.                         CRITERIA FOR RELEASE

Under 18 U.S.C. § 3143(b)(1), release from detention pending appeal is authorized if the Court finds (A) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," and (B) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, or a lesser sentence.

    (A).  Section 3143(b)(1)(A).

Defendant has served 72 months in Federal Prison and recently was furloughed from FSL La Tuna to Federal Satellite Camp Seagoville, Texas, where Defendant

1

currently resides.  Defendant is not likely to flee and poses no danger to the safety of any other person or the community.

(B).  Section 3143(b)(1)(B).

Defendant's appeal in 15-5109 raises a question regarding the subject-matter jurisdiction and Article III, § 2 Judicial Power of the District Court to do anything but dismiss the case where Thomas Scott Woodward ("Woodward"), Kenneth P. Snoke ("Snoke"), and Charles A. O'Reilly ("O'Reilly"), lied to this Court, hiding behind the presumption of regularity that Woodward, Snoke, and O'Reilly, held the required Article II, § 2, Cl. 2 appointment to office of the United States, needed and necessary to be authorized in representing the United States of America in this Court, that each of them never received.

Defendant is mindful that this Court has repeatedly avoided addressing the merits of Defendant's claims of lack of Article III, § 2 Judicial power, authority, and subject-matter jurisdiction, in the determination Defendant's arguments are legally frivolous.  See Doc. 606, 612

III.  Defendant's claims are neither factually frivolous or frivolous as to an in arguable legal positions.

After this Court certified that Defendant's appeal of its October 20, 2015 order was frivolous, raising inarguable legal positions, Doc. 612, pg. 2, Defendant was ordered to file his opening brief in 15-5109 on or before January 13, 2016.

Defendant timely filed his opening brief docketed January 19, 2016, and Four lawyers, on January 21, 2016, moved to dismiss the appeal, which effectively stayed briefing by Tenth Circuit Rule, on the grounds that (1) Defendant's Motion, Doc. 604, was a Second Motion under 18 U.S.C. § 2255, (2) that Defendant had not complied with the May 1, 2007 filing restrictions in civil appeals, and (3) the appeal was frivolous under 28 U.S.C. § 1915.

After granting Defendant permission to file an overlength response to Plaintiff's Motion to Dismiss Defendant's response was filed rebutting the three

2

issues raised by Plaintiff's Motion to Dismiss.  On February 23, 2016, the Tenth Circuit reinstated the briefing schedule suspended by Plaintiff's Motion to Dismiss, and directed Plaintiff to file its Appellate Brief within 30 days.

Not happy with the February 23, 2016 order, on February 24, 2016, Plaintiff moved for a Motion's Panel to reconsider the holding of a ruling on Plaintiff's Motion until the merits panel decides the case.  Plaintiff reasserted the three issues for dismissal.

On February 26, 2016, a Motions Panel denied reconsideration of the February 23, 2016 order to hold the Motion to Dismiss for the merits Panel and ordered Plaintiff to file its brief with the Tenth Circuit by March 24, 2016, or give notice of the intention to raise no opposition.

On March 23, 2016, Plaintiff filed its brief with the Tenth Circuit reiterating its first two arguments in its Motion to Dismiss and for reconsideration, but abandoning its argument that Defendant's appeal is legally frivolous.

In its brief, Plaintiff made no objection to the factual basis of each of the 13 Frauds listed in Defendant's Motion, Doc. 604, 605, which includes that neither Woodward, Snoke, or O'Reily, held the appointments to office they declared they held in the record of this Court.

The clear evidence is that unitl May 25, 2010, Woodward had not properly taken the oath required by 28 U.S.C. § 544 to any of the offices he proclaimed to hold.  To be clear, "before taking office," each United States Attorney ("USA"), Assistant United States Attorney ("AUSA"), and Special Assistant United States Attorney ("SAUSA"), "shall take an oath to execute faithfully his duties." Id.

Issues not raised by a party in the District Court may not be raised for the first time on appeal (except as to Article III power and subject matter jurisdiction).  Cavic v. Pioneer Astro Indus. Inc., 825 F.2d 1421, 1425(10th Cir. 1987)

Woodward received NO Article II, § 2, Cl. 2 appointment by then Attorney

3

General Eric H. HOlder, Jr. ("Holder") after January 20, 2009 to the inferior office of AUSA for the Northern District of Oklahoma ("NDOK"), as Woodward had declared and having taken no oath under § 544.

Woodward never held the position of O'Meilia's First Assistant United States Attorney ("FAUSA") within 1 year of O'Meilia's June 28, 2009 resignation, nor at least 90 days prior to O'Meilia's resignation, as required to qualify under 5 U.S.C. § 3345(a)(1), as Woodward declared and had taken no oath under § 544. ("O'Meilia" refers to David E. O'Meilia)

Woodward did not qualify as "Acting United States Attorney" ("Acting USA") for the NDOK as of June 28, 2009, or for § 3345(a)(1)'s 210 day term, as Woodward, Williams, Snoke, O'Reilly, and Gallant declared.

Woodward never received an Article II, § 2, Cl. 2 appointment from Holder as the NDOK USA pursuant to 28 U.S.C. § 546(a) and (c)(2) on January 21, 2010, as Woodward, Snoke, and O'Reilly declared. See Doc. 292, pg.1(n.1).

As a result of never having received an appointment under § 546(a) and (c)(2), Judge Claire V. Eagan's May 24, 2010 order of appoitnment of Woodward was not authorized by law and influenced by the several Frauds listed above. See U.S. v. Hilario, 218 F.3d 19, 24(1st Cir. 2000)("Congress has placed the power to appoint interim United States Attorneys in the Attorney General and in the district court, successively." See 28 U.S.C. § 546)

After Williams was appointed in August 2012, Doc. 605, Exhibit 1, Woodward never received any Article II, § 2, Cl. 2 appointment by Holder to the inferior office of AUSA for the NDOK, as Woodward declared and had taken no oath of office under § 544.

Snoke did not receive any Article II, § 2, Cl. 2 appointment by Holder as an AUSA for the NDOK after January 20, 2009, as Snoke declared and had taken no oath of office under § 544.

Then there is O'Reilly.  O'Reilly, O'Meilia, Snoke, Jeffrey A. Gallant

("Gallant"), Woodward, and Danny C. Williams, Sr. ("Williams"), declared that O'Reilly was appointed by John A. Marrella ("Marrella"), who, as a "Deput Assist-ant Attorney General," tendered a December 23, 2008 letter naming O'Reilly under 28 U.S.C. § 515(a) and 28 CFR 0.13(b) to investigate and prosecute Defendant. Doc. 525, pg. 2 (throughout this case O'Reilly has been listed as a "Trial Attorney" and SAUSA). Compare Doc. 2 (indictment) with 104 (Bill of Particulars).

However, the Department of Justice, Tax Division, provided under the Free-dom of Information Act ("FOIA") that Marrella was never a Deputy Assistant Attorney General, Tax Division ("DAAG-TAX"), Doc. 605, Exhibit 5, and O'Reilly was never appointed pursuant to 28 U.S.C. §§ 515(a) or 543. Doc. 605, Exhibit 6, pg. 1.

On October 24, 2013, during the pendency of Defendant's § 2255 Motion, O'Reilly, Gallant, and Williams, also declared that O'Reilly received Article II, § 2, Cl. 2 appointments to the inferior office of SAUSA on January 5, 2009, January 4, 2010, January 4, 2011, January 10, 2012, and December 19, 2012. Doc. 525, pg. 2

Though O'Reilly, Gallant, and Williams declared these Five appointments were accomplished by letter, no such letters could be located by the Executive Office of United States Attorneys ("EOUSA") and Williams personally. See Doc. 605, Exhibit 2,3, and 28.  The search was conducted under FOIA three times.

Plaintiff conceded to each of these fraudulent lies, and that they hid behind the presumption of regularity, by failing to take any issue with any of the facts to which the 13 Fraud claims are based in their March 23, 2016 brief to the Tenth Circuit.

In two cases, 13-5113 and 14-5012, the Tenth Circuit has not found Defend-ants legal arguments frivolous.

IV.  Plaintiff's lone objection on Appeal in 15-5109.

Raised for the first time on appeal, after abandoning all that was declared

about Woodward, Snoke, and O'Reilly to this Court, Plaintiff argued:

"the Tax Division prosecutor in his case had been a Trial Attorney in the
Tax Division since 1993."

See Exhibit 1, pg. 12, which is a true and correct copy of Plaintiff's Appellate

Brief in 15-5109.

Plaintiff argued that records Defendant obtained from the Tax Division,

Doc. 605, Exhibit 6, pg. 4, showed that a 1993 Notification of Personnel Action

during Janet Reno's term as Attorney General under President Bill Clinton, showed

that O'Reilly had been listed as a "Trial Attorney" SINCE 1993.

As this Court is fully aware, that is not what Woodward, Snoke, O'Reilly,

Gallant, Williams, and O'Meilia, informed this Court throughout the District

Court proceedings. Doc. 2, 104, 137, 292, 525, pg. 2.

Furthermore, even if O'Reilly received an appointment under Article II, §

2, Cl. 2, in 1993, and no such office established by Congress was identified

by Plaintiff in their Appellate Brief, such a term under Janet Reno would have

expired when Janet Reno resigned in 2000.

First, "[t]he tenure of the Judicial oficers of the United States is pro-

vided for by the Constitution, but, with that exception, no civil officer has

held office by a life tenure since the foundation of the government." Shurtleff

v. U.S., 189 U.S. 311, 316(1903).

Second, when an "Act is silent as to their terms of office; they can

PRESUMABLY be appointed for any term not exceeding that of the officer appoint-

ing them." De Castro v. Board of Commissioners, 322 U.S. 451, 462-63(1944)

Even if the presumption of regularity, see U.S. v. Springer, 580 Fed.

Appx. 655, 656-57(10th Cir. 2014)(unpublished), were applicable, the presumption

that a term of the appointer clearly stops dead in its tracks the life time

tenure argument Plaintiff advances in their Appellee's brief.

Equally, the presumption of regularity is rebuttable, see U.S. v. Chemical

Foundation, 272 U.S. 1, 14-15(1926), and "clear evidence is usually required to

to displace" the presumption of regularity.  National Archives v. Favish, 541 U.S. 157, 174(2004) citing U.S. v. Armstrong, 517 U.S. 456, 464(1996).

Plaintiff argued in Springer, 580 Fed. Appx. 655, that of the three lawyers purporting to represent the authority of the United States of America, i.e. Woodward, Robert D. Metcalfe, and James C. Strong, only Strong had litigating authority to represent the United States of America in USA v. Springer, 08-CV-278 (N.D.Ok. 2008).

In the appeal at issue in this case, Plaintiff concedes again that of the three lawyers, i.e. Woodward, Snoke, and O'Reilly, that neither Woodward or Snoke had any litigating authority to represent the United States of America and O'Reilly did not have any of the appointments he declared to have received beginning December 23, 2008 through December 19, 2012, see Doc. 525, pg. 2, and that the only way O'Reilly had any litigating authority is if this Court were to find his pay as a Trial Attorney in 1993 renders him with a life time appointment as an officer of the United States.  See Doc. 605, Exhibit 6, pg. 4.

"In Shurtleff v. U.S., 189 U.S. 311, 316...this Court recognized and applied the STRONG presumption against the creation of a life tenure in a public office under the federal government." De Castro, 322 U.S. at 462  "To hold that [a 1993 Trial Attorney in the Tax Division] could be appointed for life would be inconsistent with the **RULE OF SHURTLEFF**..." Id.

O'Reilly can safely be presumed not to have received a life tenure appointment as a Trial Attorney in the Tax Division in 1993 and no Act of Congress says such an office exists.

V.  Without Woodward or O'Reilly there was no live case or controversy.

Congress has not placed any authority to prosecute criminal offenses within any Judicial District in the inferior office of AUSA.

7

The lies hidden by the presumption of regularity told by Woodward, Snoke, O'Reilly, Gallant, Williams, and O'Meilia, at various times since 2008, recently uncovered and exposed, leave the April 28, 2010 Judgment not final and entered without Article III, § 2 Judicial Power and without subject-matter jurisdiction.

"Subject-matter jurisdiction...'refers to a tribunals' power to hear a case." U.S. v. Cotton, 535 U.S. 625, 630(2002). Moreover, Article III district courts have an independent obligation to determine whether subject-matter juris-diction exits despite any possible statutory hurdles. Arbaugh v. Y & H Corp., 546 U.S. 500, 514(2006) "It presents an issue quite separate from the question whether allegations the Plaintiff makes entitle him to relief." Morrison v. National Australia Bank LTD, 177 L.Ed 535, 547(2010).

In U.S. v. Tony, 637 F.3d 1153, 1157(10th Cir. 2011), the Tenth Circuit, to Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94(1998), explained "[w]ithout jurisdiction the Court cannot proceed at all in any cause." "Juris-diction," the Tenth Circuit held, "is the power to declare the law, and when it ceases to exist, the only function remaining to the Court is that of announcing the fact and dismissing the cause." Tony, 637 F.3d at 1157

"Consequently, defects in subject-matter jurisdiction reqquire correction regardless of whether the error was raised in the district court." Id. at 1158 quoting Cotton, 535 U.S. at 630. The Starting Point is that "subject-matter jurisdiction can never be forfeited or waived." Id. Subject-matter jurisdict-ion "issues [which] are never waived and can be raised on collateral attack." Tony, 637 F.3d at 1157; U.S. v. Cook, 997 F.2d 1312, 1320(10th Cir. 1993)

In other words, subject-matter jurisdiction can be raised at any time. Any indictment "must be signed by an attorney for the government." See Rule 7(c) of the Federal Rules of Criminal Procedure. See also Rehberg v. Paulk, 182 L. Ed. 2d 593, 606(2012) It is true that a district court must have subject-

8

matter jurisdiction from 18 U.S.C. § 3231.  See Tony, 637 F.3d at 1158.  However, in criminal cases, the United States of America is always the Plaintiff and must be represented by a person authorized by the Constitution and Federal Law, i.e., with standing to represent the authority of the United States of America in Federal Article III Court.

The Tenth Circuit en banc held that "[O]nly officers of the Department of Justice or the United States Attorney can represent the United States in the prosecution of a criminal case.  U.S. v. Singleton, 165 F.3d 1297, 1299(10th Cir. 1999)(enbanc).  "[a] federal court cannot even assert [subject—matter] jurisdiction unless [the case] is filed and prosecuted by the United States Attorney or a <u>properly appointed assistant</u>." Id. at 1300 citing U.S. v. Providence Journal Co., 485 U.S. 693, 699-708(1988).

"Therefore," the Tenth Circuit held, "the government's sovereign authority is vested <u>solely</u> in the United States Attorney or his or her properly appointed assistants." Id. at 1300.  When properly appointed, there is no question that the USA, AUSA, and SAUSA, are offices of the United States under Article II, § 2, Cl. 2.  Myers v. U.S., 292 U.S. 52, 71(1926).  Under 28 U.S.C. § 544, entitled "Oath of Office," "Each United States attorney, assistant United States attorney, and attorney appointed under section 543 of [Title 28], <u>before taking office, shall take an oath to execute faithfully his duties.</u>"

28 U.S.C. § 547(1), cited in Singleton, 165 F.3d at 1300, and Providence Journal, Co., 485 U.S. at 704, authorizes a properly appointed United States Attorney to prosecute all offenses against the laws of the United States. "[o]nly the United States has standing to pursue an affront to its criminal laws." U.S. v. Navarro, 972 F.Supp. 2d 1296, 1305(E.D.Cal. 1997).  Where the prosecutor is not authorized  "the government has not appeared." Id. When "an unauthorized attorney purports to represent the United States, the United States is not a party within the meaning of Article III, and thus, once again, the [District]

9

Court is without jurisdiction." Id.    A "United States Attorney may authorize

the litigation, but he cannot authorize the pursuit of the litigation by an

attorney barred by an Act of Congress."  Id. at 1308

Not once, but twice, the Supreme Court has dismissed previously granted

Petitions for Writ of Certiorari for want of Article III Jurisdiction where

the lawyer purporting to represent the United States was not authorized to do

so.  See FEC v. NRA Political Victory Fund, 513 U.S. 88, 99(1994); Providence

Journal Co., 485 U.S. at 708.

VI.   The District Court had no Article III, § 2 live case-or-controversy where
      no authorized representative representing the United States of America
      other than the fraudulent statements by lawyers hiding behind the presump-
      tion of regularity.

The "United States is entirely a creature of the Constitution.  Its power

and authorities have no other source."  U.S. v. Verdugo-Urquidez, 494 U.S. 259,

270(1990).  A prosecutor's discretion is "subject to constitutional constraints."

U.S. v. Batchhelder, 442 U.S. 114, 125(1979); See also U.S. v. Armstrong, 517

U.S. 456, 464(1996).  Article III safeguards a defendant against oppressive

governmental practices.  U.S. v. Quarles, 350 U.S. 11, 16(1955).

All Federal Courts are Courts of limited jurisdiction and power.  Kokkonen

v. Guardian Life Ins. Co., 511 U.S. 375, 377(1994).  Federal Courts "possess

only the power authorized by Constitution and statutes." Id. citing Willy v.

Coastal Corp., 503 U.S. 131, 136-37(1991). This limited power "is not to be

expanded by judicial decree."  Kokkonen, 511 U.S. at 377; citing American Fire

& Casualty Co. v. Finn, 341 U.S. 6, 18(1951)

The presumption is that all cases are outside a Federal Court's limited

jurisdiction and Judicial Power and the burden is on the party asserting the

case is properly in Federal Court.  McNutt v. General Motors Acceptance Corp.,

298 U.S. 178, 182-83(1936).  Article III Standing is essential and unchanging

part of the case-or-controversy requirements of Article III Judicial Power.

Lujan v. Defenders  of Wildlife, 504 U.S. 555, 560(1992); see also Utah Wild-

erness Alliance v. Palma, 707 F.3d 1143, 1153(10th Cir. 2013).

"One who seeks to initiate or continue proceedings in federal court must demonstrate, among other requirements, both standing to obtain relief requested ...and, in addition, 'an ongoing interest in the dispute on the part of the opposing party that is sufficient to establish concrete adversness." Bond v. U.S., 131 S.Ct. 2355, 2361(2011).

A controversy "must exist during all stages of appellate review," and if the controversy ceases to exist, "the action is moot and this Court lacks jurisdiction to adjudicate the matter." U.S. v. Seminole Nation, 321 F.3d 939, 943(10th Cir. 2002). The "parties must continue to have a 'personal stake in the eutcome' of the lawsuit..." Lewis v. Continental Bank, 494 U.S. 427, 477-78(1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial, and appellate." Spencer v. Kemna, 523 U.S. 1, 7(1998).

"[i]f during the pendency of the case circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot..." Kansas Judicial Review v. Stout, 562 F.3d 1240, 1245(10th Cir. 2009).

"There is no case or controversy, and a suit becomes moot, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Chafin v. Chafin, 182 L.Ed 2d 1, 10(2013).

"It is not enough," the Supreme Court held, that a dispute was very much alive when suit was filed, and that the parties must "continue to have a personal stake" in the ultimate disposition of the lawsuit. Lewis, 494 U.S. at 477-78 "Mootness, like standing, is a jurisdictional doctrine originating in Article III's 'case' or 'controversy' language." Wildearth Guardians v. Pub. Serv. Co.,690 F.3d 1174, 1182(10th Cir. 2012). "Mootness usually results when a Plaintiff has standing at the beginning of a case, but due to intervening events, loses one of the elements of standing during litigation." Id. The Tenth Circuit has sometimes described mootness as "the doctrine of standing set in a time frame." Id. at 1183

quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68(n.22)(1997).

Courts are not licensed under mootness "to retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest..." Friends of Earth v. Laidlaw En., 528 U.S. 167, 192(2000). "Federal Courts are without power to decide questions that cannot affect the rights of the litigants in the case before them." Northern Carolina v. Rice, 404 U.S. 244, 246(1971). "[t]he inability of the federal judiciary 'to review moot cases derives from the require-ment of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Defunis v. Odegaard, 416 U.S. 312, 316(1974).

"Standing to maintain the suit, and hence, this Court's jurisdiction to entertain it...would normally be considered a threshhold question that must be resolved...before proceeding to the merits." Steel Co., 523 U.S. at 88-90  When jurisdiction under Article III ceases, the only remaining function of the Court is announcing that fact and dismissnig the case. Id. at 84

The "Plaintiff bears the burden of demonstrating standing [and] the defendant bears the burden of proving mootness." Wildearth Guardians, 690 F. 3d at 1183. In McNutt, 298 U.S. at 189, the Supreme Court said:

> "In the nature of things, the authorized inquiry is primarily directed to the one who claims the power of the Court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in Court...If this allegation of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."

"[t]hose who involve the power of a federal court" must "demonstrate standing ..." Already, LLC v. Nike, 133 S.Ct 721, 726(2012). Article III standing can-not be assumed.  U.S. v. Pickard, 676 F.3d 1214, 1218(n.2)(10th Cir. 2012) citing Steel Co., 523 U.S. at 103-04  The party invoking a federal court's Article III Judicial Power "must produce evidence on each element of standing." Northern Laramie Range Alliance v. FERC, 733 F.3d 1030, 1034(10th Cir. 2013)

"Standing is a threshhold question in every case..." Opala v. Watt, 454 F. 3d 1154, 1157(10th Cir.2006)

Clearly, Defendant's challenge to the lack of Article III, § 2 Judicial Power and subject—matter jurisdiction is well grounded in undisputed facts, is not frivolous argument or legally frivolous, and with controlling merit.

VII.   The Frauds upon the Court render the April 28, 2010 Judgment nonfinal
       and invalid being entered without Article III Judicial Power and subject-
       matter jurisdiction.

"One long recognized exception to the general rule of finality is where a judgment was based on a claim that the party obtaining the judgment knew it to be fraudulent."  Robinson v. Audi AKT, 56 F.3d 1259, 1265(10th Cir. 1995).

O'Meilia, Woodward, Snoke, O'Reilly, Gallant, and Williams, knew that the April 28, 2010 Judgment was fraudulently obtained at the various times they acted to obtain it or defend it.

A "decision produced by fraud on the Court is not in essence a decision at all and never becomes final." U.S. v. Williams, 790 F.3d 1059, 1071 (10th Cir. 2015) quoting Kemmer v. CIR, 387 F.2d 689, 691(7th Cir. 1968)  In addition, a decision by a Court that lacked jurisdiction over the proceedings is a decision entered in the absence of jurisdiction and "is not a decision at all and, there-fore, never becomes final." Simmons v. CIR, 1999 U.S. App. Lexis 15672(10th Cir.) citing Billingsly v. CIR, 868 F.2d 1081, 1084-85(9th Cir. 1989).

"Federal Courtws have long recognized fraud on the Court ·as an exception to the doctrine of finality of judgment." United Business Communications, ·Inc. v. Racal—Milgo, Inc., 591 F. Supp. 1172, 1183(D. Kansas, 1984)

Such Fraud is a "condition that renders a judgment unenforceable." United Student Aid Funds, Inc., v. Espinoza, 176 L.Ed 2d 158, 169(2010). "Fraud vitiates the most solemn contracts, documents, and even judgments." U.S. v. Throckmorton, 98 U.S. 61, 64(1878). One such type of fraud upon the Court is "where an attorney fraudulently or without authority assumes to represent a party..." Id. at 65-66

13

"No fraud is more odious than an attempt to subvert the administration of justice." Hazel-Atlas Glass Co. v. Hartford Co., 322 U.S. 238, 251(1944)(Roberts J. Dissenting).  In Hazel-Atlas, the Court found a fraud upon the Court that was "deliberately planned and carefully executed scheme to defraud...the Circuit Court of Appeals." Id.at 245-46. "Fraud upon the Court should...embrace only that specie of fraud which does, or attempts to, defile the Court itself, or is a fraud perpetrated by officers of the Court so that the Judicial machinery cannot perform in the usual manner."  Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989)

This type of fraud includes "misrepresentations directly affecting the judicial process." Plotner v. A T & T Corp., 224 F.3d 1161, 1170(10th Cir. 2000). Since lawyers are officers of the Court, their conduct, if dishonest, would constitute fraud upon the Court.  H.K. Porter Co., Inc., v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1119(6th Cir. 1976)

The type of undisputed frauds upon the Court committed by Woodward, Snoke, O'Reilly, Gallant, Williams, and O'Meilia, are frauds that go to the jurisdiction under Article III.  Bulloch v. U.S., 763 F.2d 1115, 1121(10th Cir. 1985)(en banc); see also Gleason v. Jandrucko, 860 F.2d 556, 560(2nd Cir. 1988)

VIII.  The Three Statements made by the District Court.

On Janaury 28, 2010, during the frauds upon the Court, the Court addressed Defendant's Motion for a New Trial and said:

"The Court rejects his arguments not only as untimely but also on the merits." Doc. 293, pg. 12-13

In its February 22, 2010 Order, during the frauds upon the Court, the Court addressed Defendant's Motion to Dismiss "that Thomas Scott Woodward was never authorized to act as United Statse Attorney in this case; that Mr. Snoke and Mr. O'Reilly also are not authorized to prosecute this action; and that the United States does not have standing to bring criminal charges under Article III." Doc.

14

312, pg. 2.

The Court explained Defendant appeared to argue that because Woodward was

sworn in as the appointed United States Attorney for the NDOK, See Doc. 292, pg.

1, n.1, this fact undercuts jurisdiction for the prosecution. Id.  During the time

of the Frauds, this Court held:

> "The appointment of a previously acting United States Attorney, as a United
> States Attorney , does not compromise the United States ability to prosec-
> ute this action."

Doc. 312, pg. 2.

After O'Reilly, Gallant, and Williams, declared on March 24, 2013 that

O'Reilly held numerous appointments under 28 U.S.C. § 515(a) and 543, which were

all part of the Frauds upon the Court, this Court, on March 4, 2014, held it would

not address:

> "challenges to the authority or jurisdiction of the United States Attorney
> or any assistant (or any Acting or Special Assistant) United States Attorney
> involved in the prosecution, including Mr. Springer's argument that without
> a properly appointed United States Attorney there ban be no properly appointed
> assistants."

Doc. 537, pg. 7

At not time has the District Curt considered the facts of the 13 Frauds

upon the Court and how without which it had not a scintilla of Article III, § 2

Judicial Power and authority to do anything but dismiss the case.

IX.  Northern District Rule violations.

Woodward, Snoke, O'Reilly, and Gallant, did not qualify as "Attorneys who

are...retained...[to] represent the United States.." See Local Criminal Rule

44.1(f).  Woodward, Snoke, O'Reilly, Gallant, Williams, and O'Meilia, clearly

made representations to the Court knowing them to be supported by no facts what-

soever in regard to having current unexpired appointments to Article II, § 2, Cl.

2 office of the United States in violation of Local Criminal Rule 44.5(b)(18)

Woodward, Snoke, O'Reilly, Gallant, Williams, and O'Meilia, clearly were not

candid with the Court involving their lack of authority to represent the United

15

States of America, had no integrity on this score, and failed to meet the "higher standard of conduct" in violation of Local Criminal Rule 44.6(b), (d), and (k). Clearly, Woodward, Snoke, O'Reilly, and Gallant, in this case, were not authorized by the Obama administration to practice in the Northern District of Oklahoma on behalf of the United States of America.

X.  Conclusion [1]

Defendant has presented clear and convincing evidence that he satisfies all of the factors set forth in 18 U.S.C. §§ 3143(b)(1)(A) and (B), including that Defendant is not required to serve any term of imprisonment that is rendered by a Court without Article III, § 2 Judicial Power and without subject-matter jurisdiction.  Defendant requests for his immediate release pending appeal in 15-5109 based upon the foregoing.

Respectfully Submitted,

Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

---

1.  Defendant did not address the argument that his Motion, Doc. 604, is a Second § 2255 Motion or that Defendant did not comply with the May 1, 2007 filing restrictions applicable to civil appeals, in this Motion for Release. This Court's October 20, 2015 Order denied Defendant's Motion finding it made a frivolous in-arguable argument. Doc. 606, 612. However, there is no question that Defendant's Motion, Doc. 604, is filed in the criminal case to which the fraudulent judgment was rendered and to which, due to such frauds, never became a final order (including for purposes of § 2255). The filing restrictions are between Defendant and the Chief Judge of the Tenth Circuit and are of no concern to this Court.  However, the October 20, 2015 order is appealed from a criminal matter and is not subject to the May 1, 2007 filing restrictions. Defendant did address these issues fully in 15-5109, including the appeal was not frivolous.

16

CERTIFICATE OF SERVICE

I hereby certify that on April /2, 2016, I mailed U.S. Postal First Class Postage Prepaid the above Motion for Release to the Clerk of Court, 333 W. Fourth St., Tulsa, Oklahoma 74103;

I further certify that the following are ECF registered users and shall receive service of the above Motion through the Court's ECF system:

United States of America
Danny S. Williams, Sr.
Jeffrey A. Gallant
Charles A. O'Reilly

_____
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on April /2, 2016, I deposited the above Motion in the U.S. Mailbox located inside Seagoville Camp Federal Prison addressed to the Clerk at the address listed above.

_____
Declarant

17

No. 15-5109

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LINDSEY KENT SPRINGER,

Defendant-Appellant

ON APPEAL FROM THE ORDER
OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
THE HON. STEPHEN P. FRIOT, PRESIDING
(No. 09-cr-43)

BRIEF FOR THE APPELLEE

CAROLINE D. CIRAOLO
*Acting Assistant Attorney General*

S. ROBERT LYONS                          (202) 514-5396
*Acting Chief, Criminal Appeals &*
*Tax Enforcement Policy Section*
GREGORY VICTOR DAVIS                      (202) 514-5396
ALEXANDER P. ROBBINS                      (202) 514-5396
*Attorneys*
*Tax Division*
*Department of Justice*
*Post Office Box 502*
*Washington, D.C. 20044*

*Of Counsel:*
DANNY C. WILLIAMS
*United States Attorney*

ADDENDUM 1

Oral Argument Not Requested

ii

# TABLE OF CONTENTS

Table of Contents ..................................................................................... ii

Table of Authorities................................................................................. iii

Statement of Related Cases ...................................................................... v

Statement of Jurisdiction......................................................................... 1

Statement of the Issue .............................................................................. 2

Statement of the Case .............................................................................. 3

Summary of Argument............................................................................. 4

Argument.................................................................................................. 5

    I.    Springer's Claim of Fraud on the Court is Barred by AEDPA ..................... 5

    II.  Springer's Claim is Barred by This Court's Filing Restrictions .................. 10

    III.  Springer's Fraud-on-the-Court Claim is Meritless ........................................ 11

Conclusion................................................................................................ 13

Statement Regarding Oral Argument...................................................... 13

Certificate of Compliance ........................................................................ 14

Statutory Addendum................................................................................ 15

Certificate of Service................................................................................ 17

Certificate of Digital Submission............................................................ 18

iii

## TABLE OF AUTHORITIES

Cases:

*Case v. Hatch,*
    731 F.3d 1015 (10th Cir. 2013)................................................................. 5
*In re Cline,*
    531 F.3d 1249 (10th Cir. 2008)..................................................... 7, 9, 10
*Davis v. Roberts,*
    425 F.3d 830 (10th Cir. 2005)................................................................ 10
*Felker v. Turpin,*
    518 U.S. 651 (1996) .............................................................................. 7
*Gonzalez v. Thaler,*
    132 S. Ct. 641 (2012) ........................................................................... 2
*Holt v. United States,*
    46 F.3d 1000 (10th Cir. 1995)................................................................ 5
*McCleskey v. Zant,*
    499 U.S. 467 (1991) .............................................................................. 7
*Slack v. McDaniel,*
    529 U.S. 473 (2000) ............................................................................ 10
*Springer v. IRS ex rel. United States,*
    231 Fed. App'x 793 (10th Cir. 2007)........................................ v, 4, 10, 11
*United States v. Baker,*
    718 F.3d 1204 (10th Cir. 2013)........................................... 2, 4, 6, 7
*United States v. Bergman,*
    746 F.3d 1128 (10th Cir. 2014)....................................................... 6, 11
*United States v. Buck,*
    281 F.3d 1336 (10th Cir. 2002)............................................................. 3
*United States v. Hahn,*
    359 F.3d 1315 (10th Cir. 2004).............................................................. 4
*United States v. Hayman,*
    342 U.S. 205 (1952) .............................................................................. 6
*United States v. Maravilla,*
    566 Fed. App'x 704 (10th Cir. 2014)..................................................... 9
*United States v. Nelson,*
    465 F.3d 1145 (10th Cir. 2006)......................................................... 2, 6
*United States v. Pearce,*
    146 F.3d 771 (10th Cir. 1998).............................................................. 2
*United States v. Springer,*
    444 Fed. App'x 256 (10th Cir. 2011)................................................. v, 3
*United States v. Springer,*
    580 Fed. App'x 655 (10th Cir. 2014)................................................ vi, 12
*United States v. Torres,*
    282 F.3d 1241 (10th Cir. 2002)............................................................. 6
*United States v. Torres,*
    569 F.3d 1277 (10th Cir. 2009)............................................................. 5

*United States v. Williams,*
 790 F.3d 1059 (10th Cir. 2015) .............................................................. 4, 7, 8, 9
*In re Weathersby,*
 717 F.3d 1108 (10th Cir. 2013) ........................................................................ 8

Statutes:

18 U.S.C. § 3231 ........................................................................................................ 1
28 U.S.C. § 292 ........................................................................................................ vi
28 U.S.C. § 1291 ........................................................................................................ 2
28 U.S.C. § 1651 ........................................................................................................ 2
28 U.S.C. § 2253 ............................................................................................... *passim*
28 U.S.C. § 2255 ............................................................................................... *passim*

Rules:

Fed. R. App. P. 4 ...................................................................................................... 1
Fed. R. App. P. 25 .................................................................................................. 18

Rule 11, Rules Governing Section 2255 Proceedings for the United States
 District Courts ...................................................................................................... 1

v

## STATEMENT OF RELATED CASES

Defendant-Appellant Springer is an "abusive litigant" subject to filing restrictions in this Court. *Springer v. IRS ex rel. United States*, 231 Fed. App'x 793, 801 (10th Cir. 2007). This Court's docket lists 75 appeals as "related." Below are the specific appeals most closely related to this one:

1. In case no. 10-5055, this Court decided Springer's initial, direct appeal from his criminal convictions and sentence. Springer's appeal was consolidated with a co-defendant's appeal (case no. 10-5057), as well as with two additional appeals (case nos. 10-5156 & 11-5053) that Springer filed while his original appeal was still pending. This Court disposed of all these appeals in a single, unpublished decision. *See United States v. Springer*, 444 Fed. App'x 256 (10th Cir. 2011).

2. In case no. 13-5113, this Court denied a petition for a writ of mandamus that Springer had filed, in which he argued that the government attorneys who prosecuted him lacked the authority to do so and that this Court should "order the district court to vacate his convictions . . . [as] entered without jurisdiction." Order (filed Sept. 18, 2013); *see also* Pet. for Writ of Mandamus (filed Aug. 29, 2013).

3. In case no. 14-5109 (coincidentally sharing its last four digits with this appeal, case no. 15-5109), this Court denied Springer's request for a certificate of appealability in his first § 2255 appeal, after the district court refused to grant him a certificate of appealability as to any one of the 76 issues that he raised in his motion to set aside his convictions and sentence. One of those issues was whether the district court lost jurisdiction over the case when the United States Attorney resigned. *See* Appellant's Combined Opening Brief and Application for a

Certificate of Appealability at 20-22 (filed Nov. 17, 2014). (*See also* Doc. 472 at 12 (initial § 2255 motion in the district court).)[1] This Court denied Springer a certificate of appealability as to any of his issues and dismissed his appeal. *See* Order Denying Certificate of Appealability (filed Feb. 25, 2015).

4. In a Fifth Circuit case, no. 14-50561, Springer appealed the denial of a habeas petition that he had filed in the district where he is incarcerated,[2] in which he argued that the district judge who presided over his trial was not properly designated under 28 U.S.C. § 292(b) to hold court in the Northern District of Oklahoma. The Fifth Circuit affirmed the district court's dismissal of the appeal as barred by 28 U.S.C. § 2255(e).[3]

5. In case no. 14-5012, this Court affirmed a district court's decision in one of Springer's civil tax cases, rejecting Springer's argument "that the government's attorneys lacked any authority to litigate the case." *United States v. Springer*, 580 Fed. App'x 655, 656 (10th Cir. 2014) (per curiam).

---

[1] "Doc." citations refer to a document in the district court's docket (as paginated by the district court), "Br." citations refer to a page in Springer's brief in this appeal, and "Resp." citations refer to a page in Springer's response in opposition to the government's motion to dismiss this appeal. Citations to pleadings in related appeals refer to a title and filing date.

[2] Springer's mailing address, until last week, was a P.O. Box in Anthony, New Mexico, but according to the district court's decision, *Springer v. Chapa*, No. 14-cv-115 (W.D. Tex.), he was physically incarcerated in Anthony, Texas.

[3] Section 2255(e) provides that a § 2255 motion, not a habeas petition, is the proper vehicle for collaterally attacking a federal conviction or sentence, unless a § 2255 motion would be "inadequate or ineffective."

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

No. 15-5109

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LINDSEY KENT SPRINGER,

Defendant-Appellant

---

ON APPEAL FROM THE ORDER
OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
THE HON. STEPHEN P. FRIOT, PRESIDING
(No. 09-cr-43)

---

BRIEF FOR THE APPELLEE

---

STATEMENT OF JURISDICTION

The district court had jurisdiction over Springer's criminal prosecution under 18 U.S.C. § 3231 and entered its final judgment on April 28, 2010.  (Doc. 337.)

Five-and-a-half years later, Springer moved the district court "to enjoin enforcement of the judgment . . . based upon said judgment being obtained and entered employing several frauds on the Court." (Doc. 604 at 7.)  The district court summarily denied this motion (Doc. 606) on October 20, 2015, and Springer timely appealed this order on November 2, 2015.  *See* Fed. R. App. P. 4(a); *see also* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

The district court would have had jurisdiction over Springer's "fraud on the court" motion under 28 U.S.C. §§ 1651(a) & 2255(a), and this Court would have jurisdiction under 28 U.S.C. §§ 1291 & 2253(a), but for the fact that Springer's claim is a second or successive § 2255 motion. Accordingly, under 28 U.S.C. § 2255(h), the district court lacked jurisdiction to entertain the motion. *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion"); *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) ("[i]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading") (quoting *Nelson*). This Court likewise lacks jurisdiction over Springer's appeal, because it is barred by 28 U.S.C. § 2253(c)(1), which requires a § 2255 movant to obtain a certificate of appealability. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 649 (2012) (explaining that this requirement is jurisdictional); *see also United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998).

## STATEMENT OF THE ISSUE

This is Springer's fifth appeal attacking the district court's April 2010 judgment in his criminal case and his second § 2255 appeal. In this appeal, Springer repeats an argument he previously made to this Court in a mandamus petition, in a civil tax appeal, and in his initial § 2255 appeal. Should this appeal be dismissed?

3

## STATEMENT OF THE CASE

Defendant-Appellant Lindsey Springer was sentenced to 15 years' imprisonment on April 28, 2010, for conspiring to defraud the United States, evading his taxes, and willfully failing to file tax returns. *See United States v. Springer*, 444 Fed. App'x 256 (10th Cir. 2011). As laid out above, he appealed — and then appealed twice more while that appeal was pending — and this Court affirmed his convictions and sentence in October 2011. *See id.* Springer then filed a motion under 28 U.S.C. § 2255. The district court denied Springer's claims and denied him a certificate of appealability; this Court likewise denied him a certificate of appealability, and it therefore dismissed his appeal. *See* 28 U.S.C. § 2253(c)(1).

Springer then moved the district court "to enjoin enforcement" of the original criminal judgment "based upon said judgment being obtained and entered employing several frauds on the Court." (Doc. 604 at 7.) He cast his motion as a "claim of fraud on the Court." (*Id.* (quoting, inter alia, *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002)).) The alleged "fraud" was that the government attorneys who prosecuted his case lacked "the authority to prosecute Defendant, after David E. O'Meilia . . . resigned as the Northern District of Oklahoma's United States Attorney," meaning (according to Springer) that the district court's "Article III, § 2 Judicial Power . . . ceased to exist upon O'Melia's resignation on June 28, 2009." (Doc. 604 at 7.) In support of his claim, Springer set forth various responses he received to FOIA requests. (*See, e.g., id.* at 12-17.)

The district court did not order the government to respond to Springer's motion and summarily denied it (Doc. 606), observing that a party is not entitled to make the same arguments over and over again:

> Mr. Springer argues that prosecutors lacked standing or authority to prosecute him on behalf of the United States of America, and that various frauds on the court in this regard led the court to exercise Article III, § 2 judicial power which had ceased to exist. Over the years, Mr. Springer has made similar arguments challenging the authority of prosecutors and the court, all of which have been rejected.

Springer now appeals to this Court, advancing the same argument. After Springer filed his brief, the government moved to dismiss Springer's appeal under Local Rule 27.3 on the grounds that the appeal (1) is statutorily barred under § 2255, (2) violates the filing restrictions this Court imposed on Springer in 2007, *see* 231 Fed. App'x at 801, and (3) is frivolous. The clerk's office effectively denied the government's motion by referring it to the merits panel and reinstating the briefing schedule. The government then moved this Court to reconsider the clerk's order, arguing that the case should be dismissed rather than submitted to a merits panel. *See United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). The government's motion was denied by a motions panel of this Court.

## SUMMARY OF ARGUMENT

This appeal should be dismissed. This Court, in *United States v. Williams*, 790 F.3d 1059 (10th Cir. 2015), specifically "rejected the possibility that alleging fraud on the court of conviction creates an exception to the procedural bars under § 2255(h)." *Id.* at 1072. Because Springer's claim constitutes a second attack on his conviction, it is barred by § 2255(h). *See Baker*, 718 F.3d at 1206. And

because his claim is barred, this Court should decline to issue him a certificate of appealability and dismiss his appeal for lack of jurisdiction under 28 U.S.C. § 2253(c)(1).

Alternatively, Springer's appeal should be dismissed because he has not complied with the filing restrictions imposed by this Court in 2007.

Finally, if this Court evaluates Springer's argument on the merits, it should affirm the decision of the district court because Springer has not established that the attorneys who prosecuted him lacked the authority to do so.

## ARGUMENT

This Court reviews jurisdictional and legal questions de novo. *Case v. Hatch*, 731 F.3d 1015, 1030 (10th Cir. 2013). Any underlying factual determination will be reviewed only for clear error. *United States v. Torres*, 569 F.3d 1277, 1281 (10th Cir. 2009); *see also Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("We review the district court's findings of jurisdictional facts for clear error.").

### I

### SPRINGER'S CLAIM OF FRAUD ON THE COURT IS BARRED BY AEDPA

Section 2255 of Title 28 allows a "prisoner in custody under sentence of a court established by Act of Congress" to "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A motion under § 2255 supplants the traditional post-conviction petition for a writ of habeas corpus, unless a § 2255 motion "is inadequate or ineffective to test the legality of [the prisoner's] detention," in which case a federal prisoner may still file a petition for a writ of habeas corpus. 28 U.S.C. § 2255(e); *United States v. Hayman*, 342 U.S. 205, 213-14 (1952); *see also United States v. Bergman*, 746 F.3d 1128, 1130 (10th Cir. 2014).

In 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress subjected habeas petitions and § 2255 motions to a number of statutory restrictions. Because Springer's claim of fraud on the court is, in substance, a collateral attack on his convictions and sentence, his claim is subject to these statutory restrictions. And under these restrictions, the district court had no jurisdiction to entertain Springer's motion, and this Court has no jurisdiction to hear this appeal.

1. Springer's fraud-on-the-court claim is, in substance, a motion under § 2255. "It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *see also United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) ("allow[ing] a petitioner to avoid" the statutory restrictions on § 2255 motions "by simply styling a petition under a different name would severely erode the procedural restraints imposed" by AEDPA). The question is not what a movant calls his motion, but whether he attacks his underlying criminal judgment. *See Nelson*, 465 F.3d at 1148; *Baker*, 718 F.3d at 1206. Springer does just that,

seeking "to enjoin enforcement of the judgment dated April 28, 2010 based upon said judgment being obtained and entered employing several frauds on the Court." (Doc. 604 at 7; *see also* Br. 51 ("Appellant requests this Court find that the April 28, 2010 Judgment was not final due to the several frauds.").) And this Court has squarly held that a "fraud on the court" claim falls within the limitations imposed by AEDPA. *See Williams*, 790 F.3d at 1072; *Baker*, 718 F.3d at 1206.

2. Springer's claim is also "second or successive." AEDPA codified — and further tightened — limits on successive habeas petitions and § 2255 motions, which had previously been part of a judicially created "abuse of the writ" doctrine. *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996); *see also McCleskey v. Zant*, 499 U.S. 467, 479, 483 (1991) (explaining that, "[a]t common law, res judicata did not attach to a court's denial of habeas relief," so the courts developed "abuse-of-the-writ principles [to] limit a petitioner's ability to file repetitive petitions"). One such statutory restriction is contained in § 2255(h), which prohibits a district court from entertaining a "second or successive motion" under § 2255 unless a panel of the court of appeals first certifies that the § 2255 motion is based on a narrow class of new evidence or narrow type of new legal rule. *See In re Cline*, 531 F.3d 1249, 1252-53 (10th Cir. 2008) ("prisoners must first obtain circuit-court authorization before filing a second or successive" § 2255 motion in district court). Specifically, a second or successive motion may be entertained by the district court only after a panel of the court of appeals certifies that it is based on either of the following:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Springer's current claim is "second or successive" because not only *could* his previous § 2255 motion have advanced the claim that his prosecution was unauthorized, his previous § 2255 motion actually *did* advance this claim — it was one of the 76 issues for which this Court denied him a certificate of appealability last year. *See United States v. Springer*, No. 14-5109, Order Denying Certificate of Appealability (filed Feb. 25, 2015); *id.*, Appellant's Combined Opening Brief Brief and Application for a Certificate of Appealability at 20-22 (filed Nov. 17, 2014). (*See also* Doc. 472 at 12, Motion under § 2255 ("Ground 2").)

Springer's contrary argument, raised for the first time in his response to the government's motion to dismiss this appeal (Resp. 18-20), is that his claim is not "second or successive" because the claim "did not ripen" until "after the conclusion of the previous" § 2255 proceeding. (Citing *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013).) Springer's basis for this "ripeness" argument appears to be that he had not yet received a response to one of his FOIA requests at the time his previous § 2255 appeal was dismissed (Resp. 19), but that is not what "ripeness" means — a claim becomes ripe when the factual basis for the claim exists, not when a party discovers new evidence to support it. *Williams*, 790 F.3d at 1068 ("*Weathersby* outlined a narrow exception to the bar on successive § 2255

motions for circumstances where a particular claim cannot be raised in a defendant's initial § 2255 motion. This occurs where the factual basis for a claim does not yet exist — not where it has simply not yet been discovered — at the time of a defendant's first motion." (internal citation omitted).) Springer's "ripeness" argument is meritless.

Accordingly, Springer's fraud-on-the-court claim was barred in the district court by § 2255(h), because Springer had not received the required certificate from this Court — nor could he have. His claim does not fall within either of the two exceptions in § 2255(h) — "(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Springer does not suggest that the second exception applies, and the first exception — which allows claims, established by "clear and convincing evidence," of "actual innocence," *Williams*, 790 F.3d at 1076 — does not apply to claims that a district court lacked jurisdiction over a case. *See Cline*, 531 F.3d at 1253 (claim "that the district court lacked jurisdiction" did not fall within § 2255(h)(1)); *United States v. Maravilla*, 566 Fed. App'x 704, 707-08 (10th Cir. 2014) (dismissing claims that an indictment was invalid because such claims, "even if proven, wouldn't bear on . . . actual factual innocence" but only "legal innocence"). The structure of § 2255 makes this clear: subsection (a) sets forth the broad range of § 2255 claims that are allowed, specifically mentioning claims that a sentencing

"court was without jurisdiction to impose [the] sentence," while subsection (h)(1) contains no mention of jurisdiction.[4]

3. Because Springer's fraud-on-the-court claim was barred in the district court, it is also barred in this Court under § 2253(c)(1). Springer has not received — and should not receive — a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("we may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar").[5]

## II

### SPRINGER'S CLAIM IS BARRED BY THIS COURT'S FILING RESTRICTIONS

Springer's fraud-on-the-court claim is also barred by the filing restrictions that this Court has imposed on him. *See Springer v. IRS ex rel. United States*, 231 Fed. App'x at 803. By order of this Court, "Springer is ENJOINED from proceeding in this court as a petitioner in an original proceeding or as an appellant

---

[4] There is no merit to Springer's argument (Resp. 16) that his claim falls within § 2255(h)(1) because he would never have been convicted "if no attorney" for the government had "showed up . . . to present a case for the Grand Jury to consider" or "present witnesses" at trial. Springer's reasoning would cram any prejudicial procedural error into the § 2255(h)(1) exception. Indeed, by this logic, subsection (h)(1) would swallow subsection (h)(2). This is not the law. *See Cline*, 531 F.3d at 1253.

[5] Springer is well aware of the COA requirement: in his first § 2255 appeal, case no. 14-5109, he filed a "Motion to Hold 28 U.S.C. § 2253(c)(1)(B) Not Applicable to this Appeal" (filed Oct. 6, 2014).

in a civil matter (except in these combined appeals) unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se." *Id.* Although it is not entirely clear whether a fraud-on-the-court claim or a § 2255 motion is civil in nature, *see Bergman*, 746 F.3d at 1130, this Court (through the clerk) imposed these filing restrictions on Springer in his prior § 2255 appeal, *see United States v. Springer*, Case No. 14-5109 (order filed Sept. 22, 2014), and he complied with them, *see id.* (order filed Oct. 6, 2014) (granting Springer's request to proceed pro se).

In this appeal, unlike the last one, Springer has made no attempt to comply with this Court's filing restrictions. Springer should not be able to avoid — as he has so far in this appeal — both the procedural hurdles of § 2255 and the filing restrictions imposed by this Court, simply by disguising his claim as something other than a collateral attack on his convictions and sentence.

III

SPRINGER'S FRAUD-ON-THE-COURT CLAIM<br>IS MERITLESS

Springer's argument appears to be that none of the prosecutors in his case had the authority to prosecute him and therefore the district court lacked Article III jurisdiction over his criminal case. This Court rejected that argument in Springer's last appeal, in case no. 14-5109, and should do so again.

There is no reason for this Court to revisit its determination that no certificate of appealability should issue. Springer's supposedly new evidence is irrelevant: the fact that Springer received a response to one of his FOIA requests

12

(Resp. 19) from someone who works for the Executive Office for United States Attorneys (EOUSA), stating that the prosecutors in Springer's case were "either no longer employees or were never employed by EOUSA" (Br. 12, 15), does not establish that the prosecutors did not work for the Department of Justice or that they were not authorized to prosecute Springer.  To the contrary, Springer admits that he received, through a FOIA request to the Tax Division, a document showing that the Tax Division prosecutor in his case had been a Trial Attorney in the Division since 1993.  (Br. 14.)  *Cf. Springer*, 580 Fed. App'x at 656 (trial attorney's authority to litigate a civil tax case was "not dependent on" the appointment of the acting United States Attorney).  Springer's arguments are facially meritless.

13

## CONCLUSION

Springer's appeal should be dismissed for lack of jurisdiction under 28 U.S.C. § 2253(c)(1).  To the extent Springer's pleadings can be construed as requesting a certificate of appealability, the request should be denied because the underlying claim is barred by § 2255(h).

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary to dispose of this appeal.

Respectfully submitted,

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

s/ Alexander P. Robbins
S. ROBERT LYONS          (202) 514-5396
  *Acting Chief, Criminal Appeals &*
  *Tax Enforcement Policy Section*
GREGORY VICTOR DAVIS      (202) 514-5396
ALEXANDER P. ROBBINS      (202) 514-5396
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*
DANNY C. WILLIAMS
  *United States Attorney*

DATED: March 23, 2016

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. Doc. App. P.

32(a)(7)(B) because it contains ~~???~~ 3173 words, excluding the parts of the brief

exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and has been prepared in a 14-point,

proportionally spaced typeface (Times New Roman) using Microsoft Word 2010.

s/ Alexander P. Robbins
ALEXANDER P. ROBBINS
*Attorney for the United States*

DATED: March 23, 2016

15

## STATUTORY ADDENDUM

*28 U.S.C. § 2253*:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

*28 U.S.C. § 2255*:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate

and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

(c) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

(d) An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

(e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(g) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

17

## CERTIFICATE OF SERVICE

On this date, I served a copy of this electronically filed brief on the pro se

defendant-appellant via U.S. mail, postage prepaid, at the following address:

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Camp—Seagoville
P.O. Box 9000
Seagoville, Texas 75159

s/ Alexander P. Robbins
ALEXANDER P. ROBBINS
 *Attorney for the United States*

DATED:  March 23, 2016

Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

"Legal Mail"

≪ 02580-063 ≫
Clerk Of Court,
Northern District of Okla
333 W 4TH ST
Tulsa, OK 74103
United States

RECEIVED

APR 18 2016

Phil Lombardi, Clerk
U.S. DISTRICT COURT

09-CR-43-SPF

Not post
Marked




