IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LINDSEY KENT SPRINGER,

    defendant.

Case No. 09-CR-043
(13-CV-145)

*FILED*

JAN 4 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

SPRINGER'S BRIEF IN LEGAL SUPPORT OF SPRINGER'S

APPLICATION TO SET ASIDE THE JUDGMENT ENTERED ON AUGUST 22, 2014

IN SPRINGER'S 28 U.S.C. § 2255 PROCEEDING BASED UPON

TEN FRAUDS UPON THE § 2255 COURT

By:  Lindsey Kent Springer
Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000
Seagoville, Texas 75159

- i -

## TABLE OF CONTENTS

1. Frauds upon the § 2255 Court that were intended to connive at defeating Springer's Jurisdictional claims in Ground One and Two of Springer's § 2255 Motion are properly before this § 2255 Court........1

2. The type of Frauds that go to a Court's Jurisdiction.................4

3. Presumption of Regularity that what attorneys purporting authorization to represent the United States of America say is rebuttable...........7

4. The persons Congress authorized to appear on behalf of the United States of America in Federal District Court must be appointed officers of the United States.......................................7

5. To be an "Officer of the United States" authorized with Constitutional and statutory standing to appear on behalf of the United States of America requires an appointment pursuant to Article II, § 2, Cl. 2 and the Federal Statute establishing that particular office...........9

   A. Two Types of Officers of the United States according to Article II, § 2, Cl. 2....................................................9

   B. The Appointments Clause limits who may make appointments to Offices of the United States and is a structural safeguard.......10

   C. Principal Officers of the United States appointments............11

   D. Inferior Officers of the United States appointments.............11

   E. Mere Federal Employees are not Officers of the United States.....12

   F. The term of office for a Principal and Inferior Offices.........12

6. The Appointments Clause Offices utilized by O'Reilly, Gallant, and Williams, in conniving at Springer's defeat involving Grounds One and Two of Springer's § 2255 Motion...............................13

   A. The Office of DAAGTD...........................................13

   B. Special Assistant to the Attorney General......................14

   C. Special Assistant United States Attorney.......................14

   D. Acting United States Attorney..................................15

   E. Special Assistant United States Attorney.......................16

   F. United States Attorney for 120 days............................16

   G. Assistant United States Attorney...............................17

- ii -

## TABLE OF CONTENTS (cont'd)

H.  The Office of United States Attorney, Assistant United States Attorney, and Special Assistant United States Attorney, requires an oath be taken before the person takes such office for which they have already been appointed................................17

7.  Impersonating Federal Officers is a Federal Crime....................17

8.  Bribery of witnesses by persons not authorized to represent the United States of America is a Federal Crime..........................18

- iii -

## TABLE OF AUTHORITIES

Alexander v. Robertson, 882 F.2d 421, 424(10th Cir. 1989)................5

Bandimere v. U.S. SEC, 844 F.3d 1168, 1170(10th Cir. 2016).......9,10,11,12

Buckly v. Valeo, 424 U.S. 1, 126-132(1976).....................9,10,11,12

Bullock v. U.S., 763 F.2d 1115, 1121(10th Cir. 1985)(en banc)...........2,6

Burnap v. U.S., 252 U.S. 512, 516(1920)................................12

Calderon v. Thompson, 523 U.S. 538, 557(1998)..........................2

Chafin v. Chafin, 182 L.Ed 2d 1, 10(2013)..............................7

Chambers v. Nasco, Inc., 501 U.S. 32, 44(1991)..........................3

Chisolm v. House, 160 F.2d 632, 643(10th Cir. 1947)......................5

Confiscation Cases, 7 Wall, 454, 456(1869)..............................8

De Castro v. Board of Comm., 322 U.S. 451, 462(1944)....................13

Diamond v. Charles, 476 U.S. 54, 64(1986)..............................7

Dickson v. U.S., 182 F.2d 131, 132(10th Cir. 1950).......................18

Douglas v. Workman, 560 F.3d 1156, 1193(10th Cir. 2009)................2,7

Doyle v. The Oklahoma Bar Assn., 998 F.2d 1559, 1567(1995)...............8

Edmonds v. U.S., 520 U.S. 651, 660(1997)............................10,11

Fairbanks v. U.S., 181 U.S. 283, 294-300(1901)..........................11

Freytag v. CIR, 501 U.S. 868, 878(1991)..............................10,13

Gonzalez v. Crosby, 545 U.S. 524, 532(2005).........................2,3,4

Hazel Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 244-251
(1944).........................................................1,2,3,6,7

In Re Pickard, 681 F.3d 1201, 1206(10th Cir. 2012).......................4

Kalaris v. Donuvan, 679 F.2d 376, 397(D.C. Cir. 1982)...................12

Lewis v. Continental Bank, 494 U.S. 472, 477-478(1990)...................7

Lewis v. New Mexico, 423 F.2d 1048, 1050(10th Cir. 1970)................4

Morrison v. Olson, 479 U.S. 654, 670(1988)..........................11,12

- iv -

TABLE OF AUTHORITIES (cont'd)

NLRB v. S.W. Gen., Inc.,137 S.Ct. 929, 935-935(2017)................11,15

Plotner v. A T & T Corp., 224 F.3d 1161, 1170(10th Cir. 2000)............5

Robinson v. Audi AKT., 56 F.2d 1259, 1265(10th Cir. 1995)................3

Sanders v. U.S., 373 U.S. 1, 14(1963)....................................4

Shurtleff v. U.S., 189 U.S. 311, 316(1903)..............................13

Spitznas v. Boone, 464 F.3d 1213, 1215-1216(10th Cir. 2006)..............3

Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94(1998)............6

S.W. General v. NLRB, 796 F.3d 67, 71(D.C. Cir. 2015)...................16

U.S. v. Braimah, 559 Fed. Appx. 698, 701(10th Cir. 2000)(unpublished)....17

U.S. v. Bridwell, 583 F.2d 1135, 1140(10th Cir. 1978)...................17

U.S. v. Buck, 281 F.3d 1336, 1341-1342(10th Cir. 2002).................1,2

U.S. v. Chemical Foundation, 272 U.S. 1, 14-15(1926)....................7

U.S. v. Cook, 997 F.2d 1312, 1320(10th Cir. 1993).......................6

U.S. v. Cotton, 535 U.S. 625, 630(2002).................................6

U.S. v. Germaine, 99 U.S. 508, 509-510(1879)............................9

U.S. v. Hawthorne, 449 F. Supp. 1048, 1056(S.D. Cal. 1978).............14

U.S. v. Hilario, 218 F.3d 19, 22(1st Cir. 2000)........................17

U.S. v. Milton, 421 F.2d 586, 587(10th Cir. 1970)......................18

U.S. v. Navarro, 959 F. Supp. 1273, 1277(E.D. Cal. 1997)................9

U.S. v. Navarro, 972 F. Supp. 1296, 1305(E.D. Cal. 1997)..............6,8

U.S. v. Neidlinger, 354 Fed. Appx. 357, 360(10th Cir. 2009)(unpublished).18

U.S. v. Nelson, 465 F.3d 1145, 1147(10th Cir. 2006)...................2,4

U.S. v. Providence Journal, Co., 485 U.S. 693, 708(1988)................9

U.S. Postal Services v. Gregory, 534 U.S. 1, 10(2001)...................7

U.S. v. Rose, 537 F. Supp. 2d 1172, 1176(D.New Mexico, 2008)...........17

U.S. v. Singleton, 165 f.3d 1297, 1299-1300(10th Cir. 1999)(en.b)..5,8,9,18

- v -

## TABLE OF AUTHORITIES (cont'd)

U.S. v. Smith, 331 U.S. 467, 476(n.4)(1947)...............................5

U.S. v. Springer, 580 Fed. Appx. 655, 657(10th Cir. 2014)(unpublished)....7

U.S. v. Standlot, 667 F.3d 1146, 1166(10th Cir. 2012)....................18

U.S. v. Throckmorton, 98 U.S. 61, 65-66(1878)..........................2,5

U.S. v. Tony, 637 F.3d 1137, 1157(10th Cir. 2011)........................6

U.S. v. Troutman, 814 F.2d 1428, 1436(n.7)(10th Cir. 1987)..............15

U.S. v. Williams, 790 F.3d 1059, 1069(10th Cir. 2015)....................3

U.S. v. Young, 541 F. Supp. 2d 1226, 1230(D. New Mexico, 2008)........15,17

Universal Oil Products co. v. Root Refining Co., 328 U.S. 575(1946).....2,5

## STATUTES INVOLVED

5  U.S.C. § 3345(a)(1)..................................................13,15

        § 3345(a)(2)....................................................15

        § 3345(b)(1)....................................................15

        § 3346..........................................................15

        § 3348(d)(1)....................................................16

        § 3348(d)(2)....................................................16

18 U.S.C. § 201(c)(2)...................................................18

        § 912...........................................................18

        § 3231...........................................................4

26 U.S.C. § 7801(a).....................................................4

28 U.S.C. § 503.........................................................14

        § 506...........................................................14

        § 515(a).......................................................13,14

        § 516............................................................8

        § 541(a).......................................................13,15

- vi -
STATUTES INVOLVED (cont'd)

28 U.S.C. § 541(b)................................................15

§ 541(c)................................................15

§ 542(a)..............................................13,17

§ 543(a)..............................................14,17

§ 544................................................16,17

§ 546(a)............................................13,16,17

§ 546(c)(2)............................................16

§ 547...................................................8

§ 2255..........................................1,2,3,4,6,13

REGULATIONS

28 CFR § 0.13(a)...............................................13,14

FEDERAL RULES OF CIVIL PROCEDURE

Rule 60(d)(3)...................................................1

CONSTITUTIONAL PROVISIONS

Article  II, § 2, Cl. 2("Appointments Clause")...................9,10,11,12

III..............................................6,13

III, § 2...........................................4

MISC.

Preserving United States Attorney Independence Act of 2007, P.L. 110-34, § 3, 121 Stat................................................17

Rule 12 of the Rules Governing § 2255 Proceedings.........................2

Rule 1(b)(1) of the Federal Rules of Criminal Procedures..................8

This Brief is filed in support of Springer's Application to set aside the Judgment entered on August 22, 2014 in Springer's 28 U.S.C. § 2255 proceeding based upon the Ten Frauds upon the § 2255 Court identified therein. The following are the Ten Frauds asserted in Lindsey Kent Springer's ("Springer") Application:

1) John A Marrella ("Marrella") never held the inferior office of Deputy Assistant Attorney General, Tax Division ("DAAGTD");

2) Charles A. O'Reilly ("O'Reilly") never received **a letter** dated December 23, 2008;

3) O'Reilly never received **a letter** dated January 5, 2009 from David E. O'Meilia ("O'Meilia");

4) There is no Federal Statute directing United States Attorneys ("USA") to appoint Special Assistant United States Attorneys ("SAUSA");

5) O'Reilly's term as SAUSA would never survived O'Meilia's June 28, 2009 resignation as the Northern District of Oklahoma's ("NDOK") USA nevertheless;

6) As of January 4, 2010, there was no USA for the NDOK;

7) Scott Woodward ("Woodward") never qualified as Acting USA upon the June 28, 2009 resignation of O'Meilia;

8) O'Reilly never received **a letter** dated January 4, 2010;

9) Woodward never received appointment dated January 21, 2010, as the NDOK USA for 120 day term;

10) Kenneth P. Snoke ("Snoke") held no appointment from June 28, 2009 to April 28, 2010 as an Assistant United States Attorney ("AUSA") for the NDOK.

See Application, pgs. 1-2.

1. <u>Frauds upon the § 2255 Court that were intended to connive at defeating Springer's Jurisdictional claims in Ground One and Two of Springer's § 2255 Motion are properly before this § 2255 Court.</u>

Rule 60(d)(3) of the Federal Rules of Civil Procedure ("FRCvP") permits a § 2255 Court to "set aside a judgment for fraud on the Court." <u>Hazel-Atlas Glass Co., v. Hartford Empire Co.</u>, 322 U.S. 238, 246(1944); see also <u>U.S. v.</u>

Buck, 281 F.3d 1336, 1341(10th Cir. 2002).  Rule 12 of the Rules Governing § 2255 Proceedings applies the FRCvP to such proceedings.  U.S. v. Nelson, 465 F.3d 1145, 1147(10th Cir. 2006).

An Application that seeks to correct an error in previously conducted § 2255 Proceedings of a "defect in the integrity of the federal habeas proceedings," Id., and quoting Gonzalez v. Crosby, 545 U.S. 524, 532(2005), "is not advancing a new claim and should not be characterized as a successive petition." Nelson, 465 F.3d at 1147; see also Douglas v. Workman, 560 F.3d 1156, 1193(10th Cir. 2009).

"[t]o invoke the inherent power of a Court to set aside its judgment if procured by fraud upon the Court," Buck, 281 F.3d at 1341, requires no "formal requirements." Id. at 1342. "There is no time limit for such proceedings, nor does the doctrine of laches apply." Id. citing Bulloch v. U.S., 763 F.2d 1115, 1121(10th Cir. 1985(en banc).

"It is beyond question that a federal court may investigate a question as to whether there was fraud in the procurement of a judgment." Id. citing Universal Oil Products Co., v. Root Refining Co., 328 U.S. 575(1946).

"**This is to be done in adversary proceedings...**" Bulloch, 763 F.2d at 1121, citing Hazel-Atlas Glass Co., 322 U.S. 238 and U.S. v. Throckmorton, 98 U.S. (8 Otto) 61 (1878).

"[f]raud on the Court calls into question the very legitimacy of a judgment." Douglas, 560 F.3d at 1193; see also Calderon v. Thompson, 523 U.S. 538, 557(1998)(citing Hazel Atlas Glass Co., 322 U.S. 238)

"Fraud on the habeas court is one example of such a defect." Gonzalez, 545 U.S. at 532(n.5).

"One long recognized exception to the general rule of finality is where a judgment was based on a claim that the party obtaining the judgment

2

knew it to be fraudulent." <u>Robinson v. Audi Akt.</u>, 56 F.2d 1259, 1265(10th Cir. 1995).

"Equitable relief against fraudulent judgments is not a statutory creation.  It is a judicially devised remedy fashioned to relieve hardships ...from...another Court made rule...that judgments should not be disturbed ..." <u>Hazel Atlas Glass Co.,</u> 322 U.S. at 248

Equitable powers are "exercised without an express authorization in a constitution, statute, or written rule of court." <u>U.S. v. Williams</u>, 790 F.3d 1059, 1069(10th Cir. 2015)

"From the beginning there has existed **alongside** the term rule a rule of equity to the effect that under certain circumstances, **one of which is after discovered fraud,** relief will be granted against judgments regardless of the term of their entry." <u>Hazel Atlas Glass Co.,</u> 322 U.S. at 244

The Supreme Court placed fraud upon the Court as a "universally recognized...injustice...deemed sufficiently gross to demand a departure from rigid adherence to" the rule of finality. Id.

The "historic power of equity to set aside fraudulent begotten judgments...is necessary to the **integrity of the Courts,** for tampering with the administration of justice in this manner...involves far more than an injury to a single litigant." <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 44 (1991)(citing <u>Hazel Atlas Glass Co.</u>, 322 U.S. at 44-48).

A Judgment "procured by fraud on the Court is not in essence a decision at all and never becomes final." <u>Williams</u>, 790 F.3d at 1071.

In <u>Spitznas v. Boone</u>, 464 F.3d 1213, 1215-1216(10th Cir. 2006), the first opinion influenced by the holding in <u>Gonzalez</u>, the Tenth Circuit was not saying that "a motion is an improper Rule 60....motion if success on the motion would ultimately lead to a claim for relief under § 2255." <u>In Re.</u>

Pickard, 681 F.3d 1201, 1206(10th Cir. 2012).

The Panel in Pickard asked this question:

"**What else could be the purpose of a 60...motion?**"

Id.

The Panel in Pickard answered their question:

"**The movant is always seeking in the end to obtain § 2255 relief.**"

Id.

The party in a true Rule 60 "motion is simply asserting that he did not get a fair shot in the original § 2255 proceeding because its **integrity** was marred by a flaw that must be repaired in further proceedings." Id. ("We cannot accept the proposition that the government has a free pass to deceive a habeas court into denying discovery just because it similarly deceived the trial court.")

In Nelson, the Tenth Circuit held Rule 60 applies to defects in the integrity of § 2255 proceedings and applied the Gonzalez analysis. 465 F.3d at 1147.

The "remedy under section 2255...is exactly commensurate with federal habeas corpus." Sanders v. U.S., 373 U.S. 1, 14(1963); see also Lewis v. New Mexico, 423 F.2d 1048, 1050(10th Cir. 1970).

This Court has jurisdiction to reach and decide the merits of the TEN Frauds on the § 2255 Court and should do so.

2.   The type of Frauds that go to a Court's Jurisdiction.

Springer raised in Ground One of his § 2255 Motion that the District Court was without jurisdiction under Article III, § 2 and both 18 U.S.C. § 3231 and 26 U.S.C. § 7801(a), absent a person specifically authorized to prosecute Springer from both the Attorney General and Secretary of the Treasury in the federal criminal case began on March 10, 2009. Doc. 472,

4

pg. 11.

Springer raised in Ground Two of his § 2255 Motion that the District Court lost trial jurisdiction upon the resignation of O'Meilia on June 28, 2009, leaving no one authorized to prosecute Springer. Doc. 472, pg. 12.

"Of course, the Federal Courts have power to investigate whether a Judgment was obtained by fraud and make whatever modifications is necessary at any time." U.S. v. Smith, 331 U.S. 467, 476 and n.4(1947)(citing Universal Oil, 328 U.S. at 575)

Frauds upon the Court "embraces...frauds which does, or attempts to, defile the Court itself, or is perpetrated **by officers of the Court** so that the judicial machinery cannot perform in the usual manner." Alexander v. Robertson, 882 F.2d 421, 424(10th Cir. 1989)

Such frauds include "misrepresentations directly affecting the judicial process." Plotner v. AT & T Corp., 224 F.3d 1161, 1170(10th Cir. 2000).

"Indeed, a federal court cannot **cannot even assert jurisdiction over a criminal case unless it is filed and prosecuted by the United States Attorney or a properly appointed assistant.**" U.S. v. Singleton, 165 F.3d 1297, 1300(10th Cir. 1999)(en banc).

One type of fraud on the Court is "where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat." Throckmorton, 98 U.S. at 65-66.

"A party to a judgment...may impeach such judgment...for inceptional or jurisdictional fraud, that is, fraud which goes to the very jurisdiction of the Court and prevents it from obtaining the requisite power or jurisdiction to entertain or decide the issues in controversy." Chisolm v. House, 160 F.2d 632, 643(10th Cir. 1947)

"Fraud on the court (**other than fraud as to jurisdiction**)...is...fraud

5

...where...a member is corrupted..." Bulloch, 763 F.2d at 1121.

When "an unauthorized attorney purports to represent the United States, the United States is not a party within the meaning of Article III, and... the Court is without jurisdiction." U.S. v. Navarro, 972 F. Supp. 2d 1296, 1305(E.D. Cal. 1997).

Frauds upon the Court vitiates that Court's Judgment. Throckmorton, 98 U.S. at 64.

Subject matter jurisdiction "'refers to a tribunals' power to hear a case." U.S. v. Cotton, 535 U.S. 625, 630(2002).

Without jurisdiction the Court cannot proceed at all in any cause. U.S. v. Tony, 637 F.3d 1137, 1157(10th Cir. 2011)(citing Steel Co. v. Citizens For Better Env't, 523 U.S. 83, 94(1998).

"Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the Court is that of announcing the fact and dismissing the cause." Id.

The issues raised by Springer in Ground One and Two of his § 2255 Motion, that the Ten Frauds committed during that § 2255 proceeding by O'Reilly, Jeffrey A. Gallant ("Gallant"), and Danny C. Williams, Sr. ("Williams") were designed to defeat, "are never waived and can be raised on collateral attack." Tony, 637 F.3d at 1157(citing U.S. v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993)).

Subject matter jurisdiction "can never be forfeited or waived." Cotton, 535 U.S. at 630.

"Only the United States has standing to pursue an affront of its criminal laws." Navarro, 972 F. Supp. 2d at 1305.

"No fraud is more odious," Justice Roberts said in dissent in Hazel Atlas, "than an attempt to subvert the administration of justice." 322 U.S. at 251.

6

"There is no case or controversy, and a suit becomes moot, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Chafin v. Chafin, 182 L.Ed 2d 1, 10 (2013).

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial, and appellate." Spencer v. Kemna, 523 U.S. 1, 7(1998).

The "parties must continue to have a 'personal stake in the outcome' of the lawsuit..." Lewis v. Continental Bank, 494 U.S. 472, 477-478(1990)

3. Presumption of Regularity that what attorneys purporting authorization to represent the United States of America say is rebuttable.

The "presumption of regularity attaches to the actions of Government agencies." U.S. Postal Services v. Gregory, 534 U.S. 1, 10(2001); see also U.S. v. Springer, 580 Fed. Appx. 655, 657(10th Cir. 2014)(unpublished).

This presumption is rebuttable by clear evidence to the contrary. U.S. v. Chemical Foundation, 272 U.S. 1, 14-15(1926); see also Springer, 580 Fed. Appx. at 657.

4. The persons Congress authorized to appear on behalf of the United States of America in Federal District Court must be appointed officers of the United States.

"Truth needs no disquise." Hazel Atlas Glass Co., 322 U.S. at 247.

"Prosecutors are subject to constraints and responsibilities that don't apply to other lawyers." Douglas, 560 F.3d at 1194.

Lawyers representing the federal government in criminal cases are to serve truth and justice first. Id.

On the other hand, "a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another." Diamond v. v. Charles, 476 U.S. 54, 64(1986); Doyle v. The Oklahoma Bar Assn., 998

F.2d 1559, 1567(1995).

"The Prosecutor functioning within the **scope of his or her office**, is not simply a lawyer advocating the government's perspective of the case." Singleton, 165 F.3d at 1299.

"Indeed, the prosecutor's function is far more **significant**." Id.

The term "significant" and phrase "his or her office" are paramount to the Ten Frauds at issue in Springer's Application filed simultaneously herewith.

This is because "[O]nly **officers** of the Department of Justice or the United States Attorney can represent the United States in the prosecution of a criminal case. 28 U.S.C. §§ 516, 547(1994)." Singleton, 165 F.3d at 1300.

Federal Rules of Criminal Procedures ("FRCrP") Rule 1(b)(1) defines the phrase "Attorney for the government" to mean (A) the Attorney General ("AG") or an authorized assistant; and (B) a United States Attorney ("USA") or an authorized assistant.

"Therefore, the government's sovereign authority to prosecute and conduct a prosecution is **vested solely** in the United States Attorney and **his or her properly appointed assistants**." Singleton, 165 F.3d at 1300.

The Tenth Circuit thus inferred that "in criminal cases that an Assistant United States Attorney, acting **within the scope of authority conferred upon that office**, is the alter ego of the United States exercising its sovereign power of prosecution." Id.

A "United States Attorney may authorize litigation but he cannot authorize the pursuit of that litigation by **an attorney barred by an Act of Congress**." Navarro, 972 F. Supp. 2d at 1305.

The settled rule is that all federal criminal cases brought in a federal District Court must be represented by the United States Attorney or

8

a designated assistant. Confiscation Cases, 7 Wall, 454, 456(1869).

Congress has limited those who are authorized to appear on behalf of the United States of America and a "criminal case prosecuted by an unauthorized attorney is non cognizable." U.S. v. Navarro, 959 F. Supp. 1273, 1277 (E.D.Cal. 1997)(reversed on other grounds)(cited in Singleton, 165 F.3d at 1299-1300).

"Of course, it **cannot be otherwise because the government functions only through its officers and agents.**" Singleton, 165 F.3d at 1300.

At all times there must be "a proper representative of the government" participating in the case and controversy. U.S. v. Providence Journal Co., 485 U.S. 693, 708(1988)(cited in Singleton, 165 F.3d at 1300).

5.  To be an "Officer of the United States" authorized with Constitutional and Statutory standing to appear on behalf of the United States of America requires an appointment pursuant to Article II, § 2, Cl. 2 and the Federel Statute establishing that particular office.

    A.  Two Types of Officers of the United States according to Article II, § 2, Cl. 2.

Article II, § 2, Cl. 2 ("Appointments Clause") authorizes Congress to establish by law Two classes of Officers of the United States. U.S. v. Germaine, 99 U.S. 508, 509-510(1979).

The Two classes are referred to as "principal and inferior officers." Bandimere v. U.S. SEC, 844 F.3d 1168, 1170(10th Cir. 2016); see also page 1172(explaining Two modes of appointment).

"All persons who can be said to hold an office under the Government about to be established under the Constitution were intended to be included within one or the other of those modes of appointment." Germaine, 99 U.S. at 510.

"No class or type of officer is excluded because of its special function." Buckley v. Valeo, 424 U.S. 1, 132(1976).

B. <u>The Appointments Clause limits who may make appointments to offices</u>
<u>of the United States and is a structural safeguard.</u>

"Despite Congress' authority to create offices and to provide for the
method of appointment to those offices, 'Congress' power...is inevitably
bounded by the express language of Article II, Cl. 2, and unless the method
it provides comports with the latter, the holders of those offices **will not**
**be 'officers of the United States.'"** <u>Freytag v. CIR</u>, 501 U.S. 868, 878
(1991).

"[a]ny appointee exercising significant authority pursuant to the laws
of the United States is an 'officer of the United States,' and **must**, there-
fore, be appointed in the manner prescribed by § 2, Cl. 2 of [Article II]."
<u>Buckley</u>, 424 U.S. at 126; see also <u>Bandimere</u>, 844 F.3d at 1173.

By limiting the Appointments Clause, "those who wielded it were account-
able to political force and the will of the people." <u>Freytag</u>, 501 U.S. at
884; <u>Bandimere</u>, 844 F.3d at 1173.

"The Appointments Clause prevents Congress from dispensing power too
freely, it limits the universe of eligible recipients of the power to
appoint." <u>Freytag</u>, 501 U.S. at 880.

The Appointments Clause "forbids Congress to grant the appointment
power to inappropriate members of the Executive Branch," Id., and "it pre-
vents the diffusion of that power by restricting it to specific public
officials." <u>Bandimere</u>, 844 F.3d at 1172-1173.

"The Appointments Clause also promotes public accountability by
identifying the public officials who appoint officers." <u>Bandimere</u>, 844
F.3d at 1168(citing <u>Edmonds v. U.S.</u>, 520 U.S. 651, 660(1997)).

The principle is well settled that "what cannot be done directly
because of **constitutional restrictions** cannot be accomplished indirectly

10

by legislation which accomplishes the same result." <u>Fairbanks v. U.S.,</u>
181 U.S. 283, 294(1901).

In otherwords, "Constitutional provisions, whether operating by way of
grant of limitation, are to be enforced according to their letter and spirit
and cannot be **evaded** by any legislation which, though not in terms trespass-
ing on the letter, yet in substance and effect destroy the grant or limit-
ation." Id. at 300.

"The structural interests protected by the Appointments Clause are not
those of any one branch of Government but of the entire Republic." <u>Freytag,</u>
501 U.S. at 880

"Neither Congress nor the Executive can agree to waive this structural
protections." Id.

C.  <u>Principal Officers of the United States appointments</u>.

The Appointments Clause reads in relevant part:

"[The President] shall nominate, and by and with the Advice and Consent
of the Senate, shall appoint...all other Officers of the United States
whose appointments are not herein otherwise provided for, and **which
shall be established by Law**; but the Congress may by Law vest the
Appointment of such inferior Officers, as they think proper, in the
President alone, in the Courts of Law, or in the Heads of Departments.
U.S. Const. art. II, § 2, Cl. 2."

<u>Bandimere</u>, 844 F.3d at 1172.

Principal, or non-inferior officers, are selected by the President with
the advice and consent of the Senate. <u>Edmonds</u>, 520 U.S. at 660; <u>Morrison v.
Olson</u>, 479 U.S. 654, 670(1988)(citing <u>Buckley</u>, 424 U.S. at 126); and see
<u>Bandimere</u>, 844 F.3d at 1172.

The Senate's "advice and consent power is a critical 'structural safe-
guard [] of the Constitutional scheme." <u>NLRB v. S. W. Gen., Inc.</u>, 137 S.Ct.
929, 935-936(2017).

D.  <u>Inferior Officers of the United States appointments</u>.

11

"Inferior officers Congress may allow to be appointed by the President alone, by heads of departments, or by the Judiciary." Morrison, 487 U.S. at 670(citing Buckley, 424 U.S. at 132).

"Thus, the Constitution limits Congressional discretion to vest power to appoint 'inferior officers,' to three sources; 'The President alone,' 'The Heads of Departments,' and the 'Courts of Law.'" Freytag, 501 U.S. at 878; see also Bandimere, 844 F.3d at 1172.

In the "absence of a Congressional statute to the contrary, inferior officers...serve...at the discretion of their Appointing Officers." Kalaris v. Donuvan, 679 F.2d 376, 397(D.C. Cir. 1982)

The term "inferior officer" "connotes a relationship with some higher ranking officer or officers below the President: Whether one is an 'inferior' officer depends on whether he has a superior." Bandimere, 844 F.3d at 1173 (quoting Edmonds, 520 U.S. at 662).

E.   Mere Federal Employees are not Officers of the United States.

In Bandimere, 844 F.3d at 1170, the holding was prefaced on the fact that the:

> "Executive branch [is] made up of more than 4 million people, most of them employees...some of them, are 'officers of the United States,' including principal and inferior officers, who must be appointed under the Appointments Clause.  U.S. Const. Art. II, § 2, Cl. 2."

"Officers of the United States" does not include all employees of the United States," but...[E]mployees are lessor functionaries subordinate to officers of the United States." Buckley, 424 U.S. at 126 and n. 162.

Whether incumbent is an officer of the United States, or mere employee, is determined by whether Congress established the office by law. Burnap v. U.S., 252 U.S. 512, 516(1920)

F.   The term of office for Principal and Inferior Offices.

"When a statute creates an office for which it assigns specific duties, those duties outline the attributes of the office." Freytag, 501 U.S. at 878.

When an "Act is silent as to their term of office, they can presumably be appointed for any term not exceeding that of the officer appointing them." De Castro v. Board of Comm., 322 U.S. 451, 462(1944).

And to be sure, with the exception of Article III Federal Judges, "no civil officer has held office by a life tenure since the foundation of the Government." Shurtleff v. U.S., 189 U.S. 311, 316(1903).

6.   The Appointment Clause Offices utilized by O'Reilly, Gallant, and Williams, in conniving at Springer's defeat involving Grounds One and Two of Springer's § 2255 Motion.

The Appointments Clause Offices at issue in Springer's Application, utilized by O'Reilly, Gallant, and Williams, in perpetrating their Ten Frauds upon the § 2255 Court that involving its Constitutional and Statutory Jurisdiction, are as follows:

(A)   Marrella appointed to the office of DAAGTD as of December 23, 2008;

(B)   O'Reilly received authorization and appointment pursuant to 28 U.S.C. § 515(a) and 28 CFR § 0.13(a) on December 23, 2008;

(C)   O'Reilly was appointed as a SAUSA for the NDOK for 1-year beginning January 5, 2009 by NDOK USA, appointed pursuant to 28 U.S.C. § 541;

(D)   Woodward qualified as the NDOK Acting USA, as of June 28, 2009 until January 21, 2010 pursuant to 5 U.S.C. § 3345(a)(1);

(E)   O'Reilly was appointed to another 1-year term for the NDOK as a SAUSA on January 4, 2010, by NDOK USA;

(F)   Woodward received appointment by Attorney General on January 21, 2010, as the NDOK USA for 120 days, pursuant to 28 U.S.C. § 546(a);

(G)   Snoke continued as an AUSA, pursuant to 28 U.S.C. § 542(a), after O'Meilia resigned on June 28, 2009 until resigning in July, 2010;

A.   The Office of DAAGTD.

The Office of DAAGTD is established by the Attorney General pursuant to

13

the Attorney General's general delegation authority at 28 U.S.C. §§ 509 and 510.

B.   Special Assistant to the Attorney General.

28 U.S.C. § 515(a) authorizes the Attorney General "or any other officer of the Department of Justice, or any attorney specially **appointed** by the Attorney General **under law,** may, when **specifically directed by the Attorney General, conduct any kind of legal proceedings,** civil or criminal...which United States attorneys are authorized by law to conduct..."

The Attorney General has delegated his authority under 28 U.S.C. § 515(a), to "Each Assistant Attorney General (**officers** under 28 U.S.C. § 506) and Deputy Assistant Attorney General (**non-officer employees**)" at 28 CFR § 0.13(a) to "designate **Department attorneys** to conduct any legal proceeding, civil or criminal...which United States attorneys are authorized by law to conduct..."

However, the only reference to any officer of the United States in 28 U.S.C. § 515(a), other than the Attorney General and Officers of the Department of Justice, is in these words:

"or any attorney specially appointed by the Attorney General **under law.**"

In a lengthy thought out opinion in U.S. v. Hawthorne, 449 F. Supp. 1048, 1056(S.D. Cal. 1978), the District Court compared 28 U.S.C. § 515(a) with 28 U.S.C. § 543(a), and found that § 543 is not subject to § 515(a) being that § 543 provides "an independent basis for the appointment of attorneys to assist United States Attorneys" where § 515 refers to "any attorney specially appointed by the Attorney General **under law.**"

C.   Special Assistant United States Attorney.

28 U.S.C. § 543(a) authorizes the Attorney General, as Head of the Department of Justice under 28 U.S.C. § 503, to "appoint attorneys to assist

14

United States attorneys when the public interest so requires..." <u>U.S. v.</u>
<u>Troutman</u>, 814 F.2d 1428, 1436(n.7)(10th Cir. 1987)

Section 543 provides no term of office for such properly appointed officer.

D.  <u>Acting United States Attorney</u>.

Congress authorizes at 5 U.S.C. § 3345(a), the vacant office of a Presidential appointed, Senate confirmed ("PAS"), Executive Agency, for three different methods to temporarily fill the vacancy for a 210 day term. see § 3346.

The Office of United States Attorney for each Judicial District is established at 28 U.S.C. § 541(a), reading in relevant part:

> "The President shall appoint by and with the advice and consent of the Senate, a United States attorney for each judicial district."

Each United States attorney under § 541 is given a 4-year term and can be removed at any time by the President for any reason. see §§ 541(b), (c). See <u>U.S. v. Young</u>, 541 F. Supp. 2d 1226, 1230(D.N. Mexico, 2008)

O'Meilia resigned on June 28, 2009, opening the door for the possibility that the § 541 office could be termporarily filled by one of three persons. <u>NLRB</u>, 137 S.Ct. at 936.

5 U.S.C. § 3345(a)(1) authorizes an individual to "Act" as a PAS Officer if, and only if, (1) he or she  was the outgoing PAS officer's "first assistant"for 90 days or more of the last year of the outgoing PAS Officer's  tenure, see §§ 3345(a)(1) and (b)(1); (2) he or she is directed by the President to Act as the PAS Officer and for whom holds a current appointment to a PAS Office, §  3345(a)(2); and (3) he or she is directed by the President to Act in the PAS Office and currently qualifies as an employee at a GS-15 level or higher. Id.

The Federal Vacancies Reform Act ("FVRA") ensures compliance by providing that, in general, "any function or duty of a vacant office" performed by a person not properly serving under the statute "shall have no force or effect." NLRB, 137 S.Ct. at 937; see also S.W. Gen. v. NLRB, 796 F.3d 67, 71(D.C. Cir. 2015)("Actions taken by persons serving in violation of the [FVRA][are] void ab initio. see id. § 3348(d)(1)-(2).")

In order for Woodward to qualify as the NDOK Acting USA, on June 28, 2009, Woodward would need (1) an appointment as a NDOK AUSA that survives O'Meilia's resignation, (2) a designation being O'Meilia's "First Assistant" for at least 90 days of the last year of O'Meilia's tenure as the NDOK USA, which must be dated before March 25, 2009, and (3) an oath signed pursuant to 28 U.S.C. § 544.

E.    Special Assistant United States Attorney.

This second office of SAUSA that O'Reilly, Gallant, and Williams declared O'Reilly received on January 4, 2010, Doc. 525, pg. 2, was purportedly made by the "United States Attorney" in office as of that date.

The only person O'Reilly, Snoke, and Woodward, presented as the NDOK USA was Woodward as "Acting USA" during the January 4, 2010 date.

Springer can locate no statute that authorizes an otherwise qualified Acting USA to make Appointment Clause appointments to an inferior office of SAUSA.

F.    United States Attorney for 120 days.

28 U.S.C. § 546(a) allows the Attorney General, as Head of the Department of Justice, to "appoint a United States attorney for the district in which the office of United States attorney is vacant" for upto 120 days. see § 546(c)(2).

"Congress has divided the responsibility for making such interim appoi-

16

ntments between the Attorney General and the district court." <u>Young</u>, 541 F. Supp. 2d at 1230.

"After [a § 546(a)] appointment expires, the district court for such district may appoint a United States Attorney to serve until the vacancy is filled." <u>U.S. v. Rose</u>, 537 F. Supp. 2d 1172, 1176(D.New Mexico, 2008).

"Only when the executive branch defaults, then, does the district court have the authority to appoint a prosecutor." <u>Rose</u>, 537 F. Supp. 2d at 1176.  See also Preserving United States Attorney Independence Act of 2007, P.L. 110-34, § 3, 121 Stat.

G.   <u>Assistant United States Attorney</u>.

Congress has authorized the Attorney General to appoint AUSAs in any district where the public so requires.  28 U.S.C. § 542(a). See <u>U.S. v. Braimah</u>, 559 Fed. Appx. 698, 701(10th Cir. 2014)(unpublished)(citing to <u>U.S. v. Hilario</u>, 218 F.3d 19, 22(1st Cir. 2000))(AUSAs "are appointed directly by the Attorney General"); see also <u>U.S. v. Bridwell</u>, 583 F.2d 1135, 1140(10th Cir. 1978)(AUSAs "appointed only by the Attorney General")

Section 542 provides no term of office for such properly appointed officer.

H.   <u>The Office of United States Attorney, Assistant United States Attorney, and Special Assistant United States Attorney, require an oath be taken before such person takes such office for which they have been appointed</u>.

Congress mandates that each "United States attorney, assistant United States attorney, and attorney appointed under section 543 of this title, **before taking office**, shall take an oath to execute faithfully his duties." 28 U.S.C. § 544.

7.   <u>Impersonating Federal Office is a Federal Crime</u>.

Impersonating an officer under the Appointments Clause is a Federal

crime and prohibited by Congress at 18 U.S.c. § 912.  See U.S. v. Standlof, 667 F.3d 1146, 1166(10th Cir. 2012)("Congress has made it a crime to falsely purport to speak on behalf the government.  For example, it is illegal to falsely claim to be a Federal Officer, 18 U.S.C. § 912.")

There are 2 elements to a violation of 18 U.S.C. § 912; (1) false representation of being an officer and (2) some overt act. Dickson v. U.S., 182 F.2d 131, 132(10th Cir. 1950); see also U.S. v. Neidlinger, 354 Fed. Appx. 357, 360(10th Cir. 2009)(unpublished)

Section 912 states Two distinct offenses and the first is when a person assumes and pretends "to be an officer or employee of the United States and acting as such." U.S. v. Milton, 421 F.2d 586, 587(10th Cir. 1970)

8.  Bribery of Witnesses by person not authorized to represent the United States of America is a Federal Crime.

When a person pretends to be appointed as an officer of the United States, with statutory authority to prosecute for federal crimes, and obtains and presents testimony of persons whom they offered a promise of leniency in exchange for such testimony in a federal trial, such acts are federal crimes under 18 U.S.C. § 201(c)(2).  Singleton, 165 F.3d at 1298-1301.

CONCLUSION

This Court, for the reasons and evidence presented and shown in Springer's Application accompanying this Brief in Legal Support, should grant the relief Springer requests in his well supported Application based upon the legal authorities herein.

Respectfully Submitted,

Reg. # 02580-063
Federal Satellite Camp
P.O. Box 9000, Seagoville, TX 75159

CERTIFICATE OF SERVICE

I hereby certify that on December 28 , 2017 I mailed the above brief

to the Clerk of Court, 333 West Fourth Street, Tulsa, Oklahoma 74103, by

First Class Mail, Postage Prepaid;

I further certify that the persons representing the United States of

America will receive service through the Court's ECF system as follows:

United States Attorney for the Northern District of Oklahoma
Jeffrey A. Gallant
Charles A. O'Reilly

Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1),

under the laws of the United States of America, that I placed the above

brief in the U.S. Mailbox located inside Seagoville Federal Prison Camp

to the address for the Clerk listed above. On December 28, 2017.

Declarant

19