## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff/Respondent** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-CR-0043-SPF** |
| | ) | |
| **LINDSEY KENT SPRINGER** | ) | |
| | ) | |
| **Defendant/Movant.** | ) | |

## UNITED STATES' MOTION TO DISMISS
## LINDSEY KENT SPRINGER'S MOTION FOR RELIEF UNDER
## <u>TITLE 28, UNITED STATES CODE SECTION 2255 (DOC. NOS. 625 – 627)</u>

The United States of America, by and through its attorneys, R. Trent Shores,

United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant,

Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant United States

Attorney, hereby moves to dismiss Mr. Springer's Application to Set Aside the

Judgment Entered on August 22, 2014 in Springer's 28 U.S.C § 2255 Proceeding

Based Upon Ten Frauds Upon the § 2255 Court. Mr. Springer's latest filing

represents a successive motion for relief which, as this Court previously stated,

"must be certified by a panel of the appropriate court of appeals. 28 U.S.C.

§ 2255(h)." Doc. No. 579 (Order dated July 15, 2014). The Court should dismiss the

motion because the moving party, Mr. Springer, has not obtained an order from the

appropriate court of appeals authorizing the district court to consider the motion,

thereby depriving this Court of jurisdiction.  The Court could also dismiss the

instant pleading for being filed beyond the one-year period of limitation, and for violating the page limitation imposed by local rule 47.7. While Mr. Springer's application (Doc. No. 625) standing alone consists of only twenty four pages, excluding the table of contents, the accompanying brief in legal support consists of eighteen additional pages, thereby exceeding the twenty-five page restriction on briefs.

## BACKGROUND

The United States incorporates herein by reference the Background section contained in its April 30, 2014 Response in Opposition to Lindsey Kent Springer's Motion for Relief Under 28 U.S.C. § 2255 (Doc. Nos. 472 - 475). Doc. No. 562.

Subsequent to the District Court's August 22, 2014 judgment rejecting all grounds for relief presented by Mr. Springer's motion, Mr. Springer filed a notice of appeal on September 12, 2014. Doc. No. 588. On February 25, 2015, in denying Mr. Springer's attempt to seek a certificate of appealability of the district court's dismissal of the Section 2255 habeas petition, the Tenth Circuit stated:

> We have thoroughly reviewed the appellate record and Appellant's filings on appeal, as well as the applicable legal standards. Having done so, we conclude that reasonable jurists would not debate the correctness of the district court's comprehensive orders disposing of this case. We accordingly DENY Appellant's request for a certificate of appealability and DISMISS the appeal. We DENY Appellant's motion to proceed in forma pauperis on appeal. All other pending motions are likewise DENIED.

By order dated November 29, 2017, this Court dismissed Mr. Springer's October 13, 2015 Motion to Enjoin (doc. no. 604), treating the motion as "a second or

successive petition for habeas relief under 28 U.S.C. § 2255.[1] In Mr. Springer's

instant pleadings, he again asks the Court to set aside its Judgment once again

asserting that the United States has committed frauds upon the Court.[2]

## DISCUSSION

A prisoner claiming the right to be released under Section 2255 of Title 28

has a one-year period of limitation to file such a motion. The limitation period runs

from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). This Court entered judgment against Mr. Springer by order

dated April 28, 2010. Doc. No. 337. The United States has not prevented

Mr. Springer from making a motion and the Supreme Court has recognized no

---

[1]     Mr. Springer has also sought relief pursuant to Title 28, United States Code Section 2241 in the Western District of Texas. That district court, as well as the Fifth Circuit Court of Appeals, treated this as a successive motion under Section 2255, and found that Mr. Springer failed to establish that "the remedies provided under § 2255 are 'inadequate or ineffective to test the legality of his detention.'" *Springer v. Chapa*, 608 Fed.Appx. 258 (Mem) (5th Cir. 2015),

[2]     Mr. Springer has repeatedly asserted that the attorneys representing the United States lacked authority, and the Court has repeatedly found Mr. Springer's "attacks" to be frivolous. See Doc. Nos. 572, 587 and 612.

newly recognized right relating to Mr. Springer's latest application Finally, the latest date referenced in Mr. Springer's pleadings, Doc. Nos. 625, 626 and 627, appears to be in March 16, 2016. Mr. Springer mailed his application to the Court on December 28, 2017, and the Court filed the pleadings on January 4, 2018. Therefore, Mr. Springer's application is time-barred.

Title 28, United States Code Section 2255(e) provides that a defendant who has already filed an unsuccessful Section 2255 motion may not file a second motion "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." In exceptional circumstances, a federal prisoner may proceed under Title 28, United States Code Section 2241 if he can establish that the remedy provided by Section 2255 is inadequate or ineffective. *Cleaver v. Maye*, 773 F.3d 230 (10th Cir. 2014). The Tenth Circuit has explained that the circumstances under which the savings clause might apply are "extremely limited," and it is the prisoner's burden to show that the remedy provided by Section 2255 is inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2013). Mr. Springer has not, and cannot, satisfy this requirement.

## CONCLUSION

Based upon the foregoing, the United States respectfully requests that this Court dismiss Mr. Springer's successive motion for relief under Section 2255 because the Court lacks jurisdiction.

DATED:

Respectfully submitted,

R. TRENT SHORES
UNITED STATES ATTORNEY

*/s/ Charles A. O'Reilly*
CHARLES A. O'REILLY
California Bar # 160980
Special Assistant United States Attorney
JEFFREY A. GALLANT
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

- 5 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of January, 2018, I electronically

transmitted the foregoing document to the Clerk of Court using the ECF System for

filing, and also served the foregoing document by United States Postal mail to:

> Lindsey Kent Springer
> Defendant
> FCI Seagoville
> Federal Correctional Institution
> P.O. Box 9000
> Seagoville, TX 75159
> Inmate Number 02580-063.


> *  /s/ Charles A. O'Reilly*
> Charles A. O'Reilly
> Special Assistant United States Attorney