IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| -vs- | ) Case No. 09-cr-0043-SPF |
| | ) |
| LINDSEY KENT SPRINGER, | ) |
| | ) |
| Defendant/Movant. | ) |

## ORDER

The Government's Motion to Dismiss

*(Doc. no. 629)*

Lindsey Kent Springer, movant in this matter brought under 28 U.S.C. §2255, has filed a document entitled "Springer's Application to Set Aside the Judgment Entered on August 22, 2014, in Springer's 28 U.S.C. § 2255 Proceeding Based Upon Ten Frauds upon the § 2255 Court." Doc. no. 625. Mr. Springer's moving brief, and his declaration, were also filed in support of his application. Doc. nos. 626, 627.

The merits of Mr. Springer's application are not before the court today. What is before the court at this stage, is the government's motion to dismiss Mr. Springer's application. Doc. no. 629.

The government moves to dismiss Mr. Springer's application on the ground that it is a second or successive motion under § 2255, for which Mr. Springer has not obtained authorization from the court of appeals. The government also argues that the application, construed as a § 2255 motion, is barred by limitations. In

addition, the government moves to dismiss Mr. Springer's application on the ground that it does not comply with the court's rules regarding page limitations.

Mr. Springer responded to the government's motion in a brief which is entitled a "reply." Doc. no. 632, "Springer's Reply to O'Reilly's Response to Springer's Motion Pursuant to FRCvP Rule 60(d)(3) and Hazel-Atlas Glass Co."

The government filed a sur-reply brief. Doc. no. 634.

## *Discussion*

Mr. Springer contends his application should not be dismissed because it is not a successive § 2255 motion, but is, instead, a true Rule 60(d)(3) motion. In that regard, Mr. Springer argues that his application (*i.e.* his Rule 60(d)(3) motion) asks the court to set aside the judgment which the court entered on Mr. Springer's original § 2255 motion. He contends the application asks the court to set aside that judgment on the ground that "ten frauds" were committed by the government in various declarations the government made which were pertinent to the original § 2255 motion.

The government counters that Mr. Springer's fraud allegations extend beyond the judgment on the § 2255 motion. The government argues that, "In those cases in which the allegations of fraud extend beyond just the Section 2255 proceedings, the motion is to be treated as a second or successive habeas petition." Doc. no. 634, p. 5 of 6. The government then states that "Each of Mr. Springer's ten allegations of fraud upon the Section 2255 Court are 'effectively indistinguishable from alleging that [he] is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.*, quoting Berryhill v. Evans, 466 F.3d 934, 937-38 (10th Cir. 2006), which, in turn, quotes Gonzalez v. Crosby, 545 U.S. 524 (2005), and Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006). In other words, the government argues that Mr. Springer's

application does not raise allegations of a defect only with respect to the § 2255 proceedings, but that the application also attacks the validity of the underlying conviction. Doc. no. 634, p. 3. To illustrate, the government cites allegations in the application which relate to events that predate the United States' response to Mr. Springer's § 2255 motion. *See*, *id.* at p. 4.

Review of Mr. Springer's application shows that some early events are referenced in an effort to show that declarations by the government, which were made during the course of the § 2255 proceedings, were misrepresentations as shown by earlier events. As stated in the portion of the application that addresses the ten alleged frauds in the greatest detail, the application alleges that the government, on October 24, 2013, in a filing pertinent to the original § 2255 proceeding,[1] made fraudulent declarations.[2] *Id.* Thus, while Mr. Springer's application references events that occurred prior to the filing of Mr. Springer's original § 2255 motion and prior to the government's response to that original § 2255 motion, the alleged frauds which form the basis of the current application relate to declarations made in the course of the § 2255 briefing.

In re Pickard, 681 F.3d 1201 (10th Cir. 2012), provides guidance with respect to whether an application such as Mr. Springer's is a successive § 2255 motion or a true Rule 60(d) motion. As stated in Pickard, whether a post-judgment pleading should be construed as a successive petition depends on whether the pleading: 1)

---

[1] The October 24, 2013 filing (doc. no. 525), which Mr. Springer repeatedly alleges included fraudulent declarations, was filed by the government in opposition to Mr. Springer's motion to strike the government's response to Mr. Springer's § 2255 motion.

[2] *See, e.g.,* doc. no. 625, pp. 15-27 ((1), ¶ 41: "On October 24, 2013, O'Reilly, Gallant, and Williams declared that, as of December 23, 2008,…"; (2), ¶ 49 "On October 24, 2013, O'Reilly, Gallant, and Williams declared that, as of December 23, 2008….", emphasis added).

seeks relief from the conviction or sentence, or 2) seeks to correct an error in the previously conducted habeas proceeding. *Id.* at 1204-05 (quoting Gonzales). Pickard makes clear that the fact that Mr. Springer's application would ultimately lead to relief under § 2255 is not enough to make his application a successive motion as opposed to a true Rule 60(b) [now a 60(d)] motion, because the movant is always seeking, in the end, to obtain § 2255 relief. *Id.* at 1206. Pickard states: "The movant in a true Rule 60(b) motion is simply asserting that he did not get a fair shot in the original § 2255 proceeding because its integrity was marred by a flaw that must be repaired in further proceedings." *Id.*

Mr. Springer is seeking a fair shot in this original § 2255 proceeding, based on allegations that fraud on the court occurred in the original § 2255 proceeding. Applying Pickard, the court rejects the government's argument that the application is a successive motion for relief under § 2255 and finds that the application is a true Rule 60(d)(3) motion. The court also rejects the government's argument that the application should be dismissed because it is precluded by the limitation period applicable to § 2255 motions, an argument which does not apply to a Rule 60(d)(3) motion. Finally, the court rejects the government's argument that the application should be dismissed because it fails to comply with rules regarding page limitations.

*Conclusion*

The government's motion to dismiss is **DENIED**.

The court **SETS** the following briefing schedule on Mr. Springer's application, which is construed as a Rule 60(d)(3) motion challenging the judgment entered on August 22, 2014 in Mr. Springer's original § 2255 proceeding. The government's response brief is **DUE** within thirty days of the date of this order. Any

reply brief which Mr. Springer wishes to file is **DUE** within twenty-one days of the filing of the government's response brief.

DATED this 21st day of February, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p145.docx