IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff/Respondent | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**UNITED STATES' MOTION IN OPPOSITION TO LINDSEY KENT SPRINGER'S APPLICATION TO SET ASIDE THE JUDGEMENT ENTERED ON AUGUST 22, 2014 IN SPRINGER'S 28 U.S.C. § 2255 PROCEEDING BASED UPON TEN FRAUDS UPON THE § 2255 COURT
(DOC. 625, 626 and 627)**

The United States of America, by and through its attorneys, R. Trent Shores, United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant, Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby moves to dismiss Mr. Springer's Application to Set Aside the Judgment Entered on August 22, 2014 in Springer's 28 U.S.C § 2255 Proceeding Based Upon Ten Frauds Upon the § 2255 Court. Mr. Springer's latest salvo demonstrates his desire to waste the Court's and government's time and resources by making frivolous claims for relief to which he is not entitled.

## BACKGROUND

The United States incorporates herein by reference the Background section contained in its April 30, 2014 Response in Opposition to Lindsey Kent Springer's Motion for Relief Under 28 U.S.C. § 2255 (Doc. Nos. 472 - 475). Doc. No. 562.

Subsequent to the District Court's August 22, 2014 judgment rejecting all grounds for relief presented by Mr. Springer's motion, Mr. Springer filed a notice of appeal on September 12, 2014. Doc. No. 588. On February 25, 2015, in denying Mr. Springer's attempt to seek a certificate of appealability of the district court's dismissal of the Section 2255 habeas petition, the Tenth Circuit stated:

> We have thoroughly reviewed the appellate record and Appellant's filings on appeal, as well as the applicable legal standards. Having done so, we conclude that reasonable jurists would not debate the correctness of the district court's comprehensive orders disposing of this case. We accordingly DENY Appellant's request for a certificate of appealability and DISMISS the appeal. We DENY Appellant's motion to proceed in forma pauperis on appeal. All other pending motions are likewise DENIED.

By order dated November 29, 2017, this Court dismissed Mr. Springer's October 13, 2015 Motion to Enjoin (Doc. No. 604), treating the motion as "a second or successive petition for habeas relief under 28 U.S.C. § 2255.[1] In Mr. Springer's

---

[1]    Mr. Springer has also sought relief pursuant to Title 28, United States Code Section 2241 in the Western District of Texas. That district court, as well as the Fifth Circuit Court of Appeals, treated this as a successive motion under Section 2255, and found that Mr. Springer failed to establish that "the remedies provided under § 2255 are 'inadequate or ineffective to test the legality of his detention.'" *Springer v. Chapa*, 608 Fed.Appx. 258 (Mem) (5th Cir. 2015).

instant pleadings, he again asks the Court to set aside its Judgment once again asserting that the United States has committed frauds upon the Court.[2]

On January 4, 2018, Mr. Springer filed his 31-page application, accompanied by a 26 page brief and six-page declaration. Doc. Nos. 625, 626 and 627.

## DISCUSSION

Mr. Springer's most recent attempt to undo his conviction, with the exception of a Petition for Writ of Certiorari currently before the United States Supreme Court (see Doc. No. 639), alleges the following "Ten Frauds upon the § 2255 Court":

(1) Mr. Marella never held the inferior office of DAAGTD;

(2) O'Reilly never received a letter dated December 23, 2008 that shows O'Reilly received authorization to prosecute Springer pursuant to 28 U.S.C. § 515(a) and 28 CFR §0.13(a);

(3) O'Reilly never received a letter dated January 5, 2009 that appointed O'Reilly to the Appointments Clause Inferior Office of SAUSA for the NDOK, for a 1-year term, by 0'Meilia;

(4) Congress has not enacted any Federal Statute that directs USA's the Constitutional authority to appoint SAUSAs in their district;

(5) The term of office of an SAUSA is fixed by the term of the appointing officer terminating O'Reilly's purported term upon the resignation of his appointing officer

(6) There was no USA for the NDOK, as of January 4, 2010, who then extended O'Reilly's purported January 5, 2009 appointment from O'Meilia, for a 1-year term;

(7) Woodward never qualified for the Appointments Clause office of Acting USA for the NDOK beginning June 28, 2009 through January 21, 2010 pursuant to 28 U.S.C. §542 and 5 U.S.C. §3345(a) (1);

---

[2] Mr. Springer has repeatedly asserted that the attorneys representing the United States lacked authority, and the Court has repeatedly found Mr. Springer's "attacks" to be frivolous. See Doc. Nos. 572, 587 and 612.

(8)  O'Reilly never received a letter dated January 4, 2010, explaining his purported appointment as an SAUSA for the NDOK;

(9)  Woodward never received any appointment from the AG on January 21, 2010, pursuant to 28 U.S.C. §546(a), as the NDOK USA for 120 day term; and

(10) Snoke did not hold appointment as a NDOK AUSA between June 28, 2009 through April 28, 2010.

In support of his motion, Mr. Springer asserts that in response to FOIA requests, he received various representations from EOUSA indicating that they were unable to find records responsive to his FOIA requests. These responses included the following answer to Mr. Springer's inquiry regarding records related to Assistant U.S. Attorney Kenneth Snoke: "Please note. There was [sic] no records located for . . . Kenneth Snoke because they are either no longer employees or were never employed by EOUSA." Defendant/Movant Exhibit 17. The FOIA response is accurate, given that Mr. Snoke retired from government service in 2010[3] – he is no longer an employee of the government, which was part of the response to which Mr. Springer cites. Mr. Springer also cites to his Exhibit 21, asserting that EOUSA responded that "SAUSA Charles A. O'Reilly in (sic) no longer an employee. Therefore, his official personnel file is no longer maintained." Mr. Springer misstates EOUSA's response, which actually provides that "A search for records located in EOUSA - Personnel has revealed no responsive records regarding the above subject. **It appears** that SAUSA Charles A. O'Reilly in no longer an employee." Defendant/Movant Exhibit 21 (emphasis added). EOUSA would not have

---

[3] Harper, David, "Prosecutor shaped white-collar fraud law," Tulsa World, June 6, 2010. Exhibit 1.

the undersigned's personnel records because the undersigned works for the Department of Justice, Tax Division, which is not under the auspices of EOUSA. Each of Mr. Springer's allegations are both false and irrelevant to Mr. Springer's continued incarceration.

With respect to the ten specific allegations of fraud made by Mr. Springer, John A. Marrella, in his capacity of Deputy Assistant Attorney General, appointed Charles A. O'Reilly to the investigation and prosecution of Lindsey Kent Springer and Oscar Amos Stilley in the Northern District of Oklahoma by letter dated December 23, 2008. Exhibit 2.

By letter dated January 5, 2009, United States Attorney David E. O'Meilia appointed Charles A. O'Reilly to be a Special Assistant United States Attorney for the Northern District of Oklahoma pursuant to Title 28, United States Code Section 543. Exhibit 3. Section 510 of Title 28 authorizes the Attorney General to delegate appointment powers under Section 543, as "Congress expressly gave the Attorney general permission to delegate 'any' of his functions." *United States v. Plesinski*, 912 F.2d 1003, 1037 (9th Cir. 1990). Furthermore, Trial Attorneys of the Department of Justice are authorized to represent the United States in any kind of legal proceeding, including grand jury proceedings, in any judicial district. Title 28, United States Code Section 515(a) and Title 28, Code of Federal Regulations Section 0.13(a).

Section 543 of Title 28 provides that "[t]he Attorney General may appoint attorneys to assist United States attorneys when the public interest so requires

. . ..." Nothing in the statute provides that the resignation of the officer making the appointment terminates the appointment. The United States Attorney for the Northern District of Oklahoma has renewed the appointment of Charles A. O'Reilly each year following the initial appointment on January 5, 2009. Also, as indicated above, Trial Attorneys of the Department of Justice are authorized to represent the United States whether or not they have been appointed to be a Special Assistant United States Attorney.

Acting United States Attorney Thomas Scott Woodward signed Mr. O'Reilly's initial extension appointment on January 4, 2010. Exhibit 4. Contrary to Mr. Springer's frivolous assertion, Mr. Woodward qualified for and served as the Acting United States Attorney, and later United States Attorney, from David O'Meilia's resignation on June 28, 2009, until Danny C. Williams, Sr.'s appointment on August 7, 2012.

Mr. Springer's assertion that United States Danny C. Williams, Sr., Assistant U.S. Attorney Jeffery A. Gallant and the undersigned "fraudulently lied" to this Court regarding their and others' authorization to represent the United States is, as this Court has previously noted in similar contexts, "frivolous." By order dated March 14, 2014, this Court dismissed as procedurally barred Mr. Springer's jurisdictional arguments, including his "[c]hallenges to the authority or jurisdiction of the United States Attorney or any Assistant (or any Acting or Special Assistant) United States Attorneys involved in this prosecution including

Mr. Springer's arguments that without a properly appointed United States Attorney there can be no properly appointed assistants. Doc. 537.

## CONCLUSION

Based upon the foregoing, and the positions articulated in the United States' prior submissions in response to Mr.Springer's allegations of fraud upon the Court with respect to his Section 2255 motion, the United States respectfully requests that this Court deny Mr. Springer's Application to Set Aside the Judgment Entered on August 22, 2014 in Springer's 28 U.S.C § 2255 Proceedings Based upon Ten Frauds Upon the § 2255 Court.

DATED: April 10, 2018

                                          Respectfully submitted,

                                          R. TRENT SHORES
                                          UNITED STATES ATTORNEY

                                          */s/ Charles A. O'Reilly*
                                          CHARLES A. O'REILLY
                                          California Bar # 160980
                                          Special Assistant United States Attorney

                                          JEFFREY A. GALLANT
                                          Assistant United States Attorney
                                          110 West Seventh Street, Suite 300
                                          Tulsa, Oklahoma 74119
                                          (918) 382-2700

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and also served the foregoing document by United States Postal mail to:

Lindsey Kent Springer
Defendant
FCI Seagoville
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159
Inmate Number 02580-063.

                       */s/ Charles A. O'Reilly*
                       Charles A. O'Reilly
                       Special Assistant United States Attorney