# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case No. 09-CR-0043-SPF |
| ) | (Civil Action No. 13-CV-0145-SPF) |
| LINDSEY KENT SPRINGER, ) | |
| ) | |
|    Defendant/Movant ) | |

## ORDER

Mr. Springer moves the court to set aside the judgment entered on August 22, 2014 in Mr. Springer's 28 U.S.C. § 2255 proceeding, contending attorneys in those proceedings committed fraud on the court when they made certain misrepresentations to this court about matters related to the authority of certain attorneys who represented the United States in Mr. Springer's underlying criminal prosecution. Doc. nos. 625 (motion), 626 (brief), 627 (affidavit, including 26 exhibits). This court has previously concluded that Mr. Springer's motion is a true Rule 60(d)(3), Fed. R. Civ. P., motion, and not a successive § 2255 motion. Doc. no. 635. Following that ruling, the United States filed a response brief, opposing relief. Doc. no. 641. Mr. Springer filed a reply brief. Doc. no. 642.

Mr. Springer asserts ten frauds on the court which he contends occurred during the § 2255 proceedings.[1] The court has previously rejected similar challenges

---

1 Mr. Springer alleges that the following grounds for fraud on the court. (1) Mr. Marella never held the inferior office of DAAGTD. (2) O'Reilly never received a letter dated December 23, 2008 that shows O'Reilly received authorization to prosecute Springer pursuant to 28 U.S.C. § 515(a) and 28 CFR §0.13(a). (3) O'Reilly never received a letter dated January 5, 2009 that appointed O'Reilly to the Appointments Clause Inferior Office of SAUSA for the NDOK, for a 1-year term, by O'Meilia. (4) Congress has not enacted any Federal Statute that directs USA's the Constitutional authority to appoint SAUSAs in their district. (5) The term of office of an SAUSA is fixed by the term of the appointing officer terminating O'Reilly's purported term upon the resignation of his

by Mr. Springer which, like these alleged frauds, related to the authority of attorneys involved in his criminal prosecution.[2] What is different here, is that Mr. Springer contends the government made various misrepresentations on this topic, to the court, during proceedings in Mr. Springer's § 2255 motion. Accordingly, Mr. Springer moves under Rule 60(d)(3), contending he did not get a fair shot in the § 2255 proceedings. He asks the court to vacate its August 22, 2014 judgment and give him another try at § 2255 relief.

Mr. Springer has submitted a motion and brief, as well as a lengthy declaration with numerous documents attached. The documents include, but are not limited to, various responses to Freedom of Information Act requests. The government's response brief explains why certain of the FOIA responses are not material, and goes on to submit its own documents.

Fraud on the court holds the movant to a demanding standard of proof. United States v. Baker, 718 F.3d 1204, 1207 (10th Cir. 2013).   Here, the government

---

appointing officer. (6) There was no USA for the NDOK, as of January 4, 2010, who then extended O'Reilly's purported January 5, 2009 appointment from O'Meilia, for a 1-year term. (7) Woodward never qualified for the Appointments Clause office of Acting USA for the NDOK beginning June 28, 2009 through January 21, 2010 pursuant to 28 U.S.C. §542 and 5 U.S.C. §3345(a)(1). (8) O'Reilly never received a letter dated January 4, 2010, explaining his purported appointment as an SAUSA for the NDOK. (9) Woodward never received any appointment from the AG on January 21, 2010, pursuant to 28 U.S.C. §546(a), as the NDOK USA for 120 day term. (10) Snoke did not hold appointment as a NDOK AUSA between June 28, 2009 through April 28, 2010.

2 For example, Mr. Springer included arguments about certain government attorneys' lack of authority to prosecute Mr. Springer on behalf of the United States, in the grounds for relief asserted in his § 2255 petition. These types of arguments, which constituted a challenge to the court's jurisdiction, were dismissed by this court on procedural grounds. Alternatively, they were also denied on their merits as frivolous arguments so lacking in merit that this court found it would be a waste of time to further entertain them. Order at doc. no. 537, pp. 6-7; with judgment of August 22, 2014 (the judgment challenged in the current Rule 60(d)(3) motion) at doc. no. 585. Mr. Springer appealed this court's disposition of his § 2255 petition, including issues related to Charles A. O'Reilly's purported lack of authority to represent the United States in Mr. Springer's criminal case. Doc. no. 588. The court of appeals denied Mr. Springer's attempt to seek a certificate of appealability, stating that "reasonable jurists would not debate the correctness of the district court's comprehensive orders disposing of this case." Doc. no. 599, p. 2 of 5.

has submitted correspondence (on Department of Justice letterhead) which addresses Charles A. O'Reilly's authorization to represent the United States, in the United States District Court for the Northern District of Oklahoma, during the years in question.  *See*, doc. no. 641-1 at p. 4 of 9 (December 23, 2008 letter to Mr. O'Reilly from John A. Marrella, Deputy Assistant Attorney General); at p. 6 of 9 (January 5, 2009 letter to Mr. O'Reilly from David E. O'Meilia, United States Attorney); and at p. 9 of 9 (January 4, 2010 letter to Mr. O'Reilly from Thomas Scott Woodward, Acting United States Attorney). The United States also cites various statutes (and one federal regulation) regarding appointment powers, and the authority of trial attorneys of the Department of Justice to represent the United States in federal legal proceedings. The United States relies on these documents and laws to show that prosecutors committed no frauds upon the court during Mr. Springer's § 2255 proceedings, and that the lawyers who represented the government in the underlying criminal case had the authority to do so.

  The court has carefully reviewed both parties' documentation, along with the record as a whole and the legal authorities cited in the parties' briefs.  Having done so, the court finds this matter can be determined based upon the record currently before it, and that there is no need for an evidentiary hearing. To the extent that Mr. Springer's briefs request additional discovery and appointment of counsel, those requests are  denied.  Additional discovery is not necessary, and Mr. Springer is an experienced and capable *pro se* litigant.

  On the merits of the motion, the court finds and concludes that Mr. Springer has not carried his demanding burden.  He has not shown that fraud on the court occurred during his § 2255 proceedings, and his motion seeking relief from this court's August 22, 2014 judgment is **DENIED**.

  The remaining issue is whether a certificate of appealability should be addressed by this court. Rule 11 of the Rules Governing Section 2255 Proceedings

states that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Other district courts have addressed a certificate of appealability when a defendant moves on grounds of fraud on the court, seeking relief from a judgment which denied relief under § 2255.[3] Accordingly, this court will address the certificate of appealability.

A movant in a § 2255 matter is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).  This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal.  See, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'").  Mr. Springer has not made the requisite showing and a certificate of appealability is **DENIED**.

Dated this 22nd day of June, 2018.

_/s/ SP Friot_
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p148.docx

---

[3] See, e.g., United States v. Espinal, 2010 WL 23168 (S.D. N.Y. 2010) (defendant moved for relief from the court's judgment denying his motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255, contending that judgment was procured by fraud on the court; a certificate of appealability was denied by the district court).