# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff/Respondent** ) | |
| ) | |
| **vs.** ) | **Case No. 09-CR-0043-SPF** |
| ) | |
| **LINDSEY KENT SPRINGER** ) | |
| ) | |
| **Defendant/Movant.** ) | |

## UNITED STATES' CONSOLIDATED RESPONSE IN OPPOSITION TO LINDSEY KENT SPRINGER'S MULTIPLE FRIVOLOUS MOTIONS (DOCS. 647, 649 and 653)

The United States of America, by and through its attorneys, R. Trent Shores, United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant, Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Mr. Springer's three motions docketed at numbers 647, 649 and 653, by which he seeks to have the Court reconsider its order and judgment dated June 22, 2018. Mr. Springer's most recent pleadings repeat his oft-raised frivolous claims for relief to which he is not entitled, and appear to confirm this Court's observation during sentencing that "[i]ncarceration and possibly supervised release will essentially be an interruption, albeit a lengthy interruption, in your criminal way of life." Transcript of Sentencing at 57, *United States v. Springer et al.*, No. CR-09-043-SPF (N.D. Okla. April 23, 2010).

"A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). But such motions "are regarded with disfavor . . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Group Life Ins. Plan*, 727 F.Supp.2d 1076, 1077 (D. Colo. 2010) (quoting Servants of Paraclete, 204 F.3d at 1012). Here, the Court has not misapprehended the facts, the controlling law, nor the party's position. Mr. Springer simply refuses to accept "that reasonable jurists would not debate the correctness of the district court's comprehensive orders disposing of this case." Doc. No. 599 (Tenth Circuit Order Denying Certificate of Appealability dated February 25, 2015).

With respect to Mr. Springer's other demands, for the reasons stated herein, as well as the record in this case, the Court should deny Mr. Springer's Motion for Reconsideration of Order and Judgment dated June 22, 2018, his Motion to Set Aside Order and Judgment dated June 22, 2018, and his most recent Motion to Determine Specifically the Constitutional Validity of the Appointment to Office of Charles A. O'Reilly, Jeffrey A. Gallant and R. Trent Shores (Doc. Nos. 647, 649 and 653). Mr. Springer previously challenged the authority of the prosecution team, and this Court appropriately rejected his challenge as "frivolous." See Doc. 537.

## BACKGROUND

The United States incorporates herein by reference the Background sections contained in its April 30, 2014 Response in Opposition to Lindsey Kent Springer's

Motion for Relief under 28 U.S.C. § 2255, and its April 10, 2018 Motion in Opposition to Lindsey Kent Springer's Application to Set Aside the Judgement. Doc. Nos. 562 and 641.

On July 5, 2018, Mr. Springer filed his 26-page Motion for Reconsideration of Order and Judgment. Doc. No. 647. On July 10, 2018, the Court ordered that "[t]he government's response to the seven arguments made in Mr. Springer's motion for reconsideration (doc. no. 647) is **DUE** August 21, 2018." Doc. No. 648. Subsequently, on July 12, 2018, Mr. Springer filed a nine-page document entitled Motion to Set Aside Order and Judgment Dated June 22, 2018 for Fraud Upon the Court. Doc. No. 649. The Court also directed the United States to respond to this motion by August 21, 2018. Doc. No. 650. Most recently, on August 1, 2018, Mr. Springer filed a six page motion contesting the "Constitutional Validity" of the appointments of the prosecutors and United States Attorney. By these filings, Mr. Springer attempts to relitigate his assertion that the undersigned and others are not, and were not, authorized to represent the United States with respect to this litigation.

## DISCUSSION

1.  The Facts In Dispute Warrant Neither Discovery Nor an Evidentiary Hearing (Arguments 1 and 2), and Mr. Springer Fails to Establish Cause to Set aside the Order and Judgment dated June 22, 2018

Mr. Springer asserts that he "has never had any discovery." Doc. No. 647 at 2, and through his "instant application also seeks reconsideration of several orders including the Court's Order denying discovery 'on appointments to office of Woodward, O'Reilly, Gallant, and Snoke . . . .' Doc. 625, p. 23 (citing Docs. 524 and 528)." Contrary to Mr. Springer's assertion, the government provided

voluminous discovery in this case, and, as Mr. Springer admits, the Court has already considered and rejected his frivolous assertions regarding the undersigned's authority to represent the United States. See Doc. No. 528, Court Order dated January 6, 2014. Mr. Springer simply refuses to accept the Court's answer.

The government previously provided documentation establishing the undersigned's authority to represent the United States in the Northern District of Oklahoma in response to Mr. Springer's motion alleging "Ten Frauds upon the § 2255 Court" (Doc. No. 641). See Doc. No. 641-2 (letter from John A. Marrella, Deputy Assistant Attorney General appointing Charles A. O'Reilly to the investigation and prosecution); Doc. No. 641-3 (letter from United States Attorney David E. O'Meilia appointing Charles A. O'Reilly to be a Special Assistant United States Attorney); Doc. No. 641-4 (extension appointment signed by Acting United States Attorney Thomas Scott Woodward).

Mr. Springer supports his July 12, 2018 Motion to Set Aside Order and Judgement (Doc. No. 649) with pleadings from *Michael Quiel v. United States,* 16-cv-1535-JAT, 11-cr-2385-PHX-JAT (D.AZ), in which a federal court in Arizona recently ordered the United States to "provide evidence that at least one attorney participating in the underlying criminal matter was a proper representative of the United States." *Id.* Doc. No. 34. However, the question of whether the undersigned was authorized to represent the United States has already been decided in this case. By its order dated August 26, 2014, this Court stated, "[a]s Mr. Springer's filing [Doc. No. 586] indicates, the court has previously found that Mr. Springer's

attacks on Mr. O'Reilly's authority are frivolous. Furthermore, Mr. Springer's motion for relief under 28 U.S.C. § 2255 has been ruled on and is closed." Doc. No. 587.

2. The Court is Under No Obligation to Make Additional Findings of Fact and Law (Arguments 3 and 4)

Mr. Springer has had his day in Court and then some. The Court has no obligation to, and should not, entertain Mr. Springer's continued reassertions regarding the alleged invalidity of his conviction and sentence. He has exhausted his appeals, and the Court should decline to entertain further frivolous filings absent Mr. Springer establishing that "a fundamental miscarriage of justice would result from a failure to entertain the claim." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991).

3. Mr. Springer Is Not Entitled to Appointed Counsel (Argument 5)

The right to appointed counsel only extends to the first appeal as right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1990). "The decision to appoint counsel is left to the sound discretion of the district court." *Enberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). This Court previously exercised its discretion and determined that "Mr. Springer is an experienced and capable pro se litigant." Doc. No. 645. Mr. Springer contends that this is an inappropriate standard. Doc. No. 647 at 19. However, this is a legitimate factor in determining if the defendant requires counsel post-conviction. *See United States v. Baker*, 586 F. App'x 458, 460 (10th Cir. 2014) (denying the request for appointed counsel where defendant had "filed numerous pro se motions, and although none [had] been granted, none were rejected on the

basis of being incomprehensible or not adequately stated"). Mr. Springer also argues that he requires counsel because his claims involve fraud. Doc. No. 647 at 24. However, a court may decline to appoint counsel "when the merits do not appear colorable." *Baker*, 586 F. App'x at 460 (citing numerous cases). However, "a defendant is entitled to counsel when an evidentiary hearing is required in a § 2255 proceeding." *Id.,* citing *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir.1994).

4. The Certificate of Appealability Standard Applies and the Court Correctly Found that Mr. Springer Failed to Make the Requisite Showing for a Certificate of Appealability (Arguments 6 and 7)

Mr. Springer's most recent attempt to relitigate his conviction alleges seven bases for reconsideration, each of which insults the reader's intelligence. Mr. Springer requests the Court: "allow discovery on all facts in dispute . . . and hold an evidentiary hearing to resolve each fact in dispute." That already occurred during his trial. He further asks the Court to "make findings of facts [and law] on each of the Ten Fraud Claims at issue in Springer's Rule 60(d)(3) application." Mr. Springer is not entitled to ask this of the Court, nor should the Court countenance his presumption in making such a request.

5. Mr. Springer's Motion to Determine Constitutional Validity of Appointment to Office Has Previously Been Litigated and Is Untimely

"'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Lucia v. S.E.C.*, 138 S.Ct. 2044, 2055 (2018), *quoting Ryder v. United States*, 515 U.S. 177, 182–183, (1995). As noted above, Mr. Springer previously made challenges to the validity of the appointments of the prosecutors. His challenges were considered by

this Court and found to be frivolous. Mr. Springer's repeat of this challenge, now more than eight years after his conviction and commitment, more than six and one-half years after the Tenth Circuit affirmed his conviction and sentence, and more than four years after this Court denied Mr. Springer's first motion pursuant to Title 28, United States Code Section 2255, is untimely.

## CONCLUSION

Mr. Springer's most recent filings in challenging the prosecution team are not only untimely, but have been considered and rejected by the Court as frivolous on earlier occasions. Based upon the foregoing, and the positions articulated in the United States' prior submissions in response to Mr. Springer's allegations, the United States respectfully requests that this Court deny Mr. Springer's motions in documents 647, 649 and 653.

DATED:        August 2, 2018

Respectfully submitted,

R. TRENT SHORES
UNITED STATES ATTORNEY

    /s/ Charles A. O'Reilly
CHARLES A. O'REILLY
California Bar # 160980
Special Assistant United States Attorney
JEFFREY A. GALLANT
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of August 2018, I electronically

transmitted the foregoing document to the Clerk of Court using the ECF System for

filing, and also served the foregoing document by United States Postal mail to:

Lindsey Kent Springer
Defendant
FCI Seagoville
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159
Inmate Number 02580-063.


_/s/ Charles A. O'Reilly_
Charles A. O'Reilly
Special Assistant United States Attorney

- 8 -