IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 09-CR-43-SPF |
| LINDSEY KENT SPRINGER, | |
| Defendant. | |

## UNITED STATES RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE UNDER THE FIRST STEP ACT (DOCS. 669 and 671)

The United States of America, by and through its attorneys, R. Trent Shores, United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant, Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant U.S. Attorney, hereby responds in Opposition to Mr. Springer's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Errata Sheet (Doc. Nos. 669 and 671). The Court should deny Mr. Springer's motion because he is not eligible for relief under the First Step Act.

### Relevant Background

1. **This Court sentenced Springer to 15 years in prison for tax crimes.**

In 2009, a grand jury indicted Mr. Springer and a co-defendant, charging each with conspiracy to defraud the United States and tax evasion.

(Doc. 2). After a jury convicted Mr. Springer and his co-defendant, this Court sentenced each of them to fifteen years imprisonment. (Docs. 337 and 338). In sentencing the defendants, the Court observed that "I don't think that there is any real possibility that either one of these defendants will change their ways as a result of incarceration. Incarceration and possibly supervised release will essentially be an interruption, albeit a lengthy interruption, in your criminal way of life." The Court also stated that it had "tried to find even a thin strand of truth or integrity to your conduct or your way of life. It is not there. Not even a speck. There is not even a plausible basis upon which you might have deluded yourself into thinking that you are anything but complete frauds and predators." (Transcript of Sentencing Hearing, Doc. 403, p. 57 lines 12 to 17 and p. 58 lines 4 to 9).

Mr. Springer appealed his convictions and sentence, and the Tenth Circuit affirmed. *United States v. Springer*, 444 F.App'x 256 (10th Cir. 2011). While his direct appeal was pending, Mr. Springer filed two more appeals, which the Tenth Circuit summarily rejected. *Id.* at 266-67.

### 2. Springer has filed numerous challenges to his conviction and conditions of confinement, as well as many civil lawsuits.

In 2013, Mr. Springer filed a § 2255 motion alleging 76 grounds for relief. This Court dismissed many of the grounds as procedurally barred, and

denied the remaining grounds on their merits. (Docs. 537 and 585). Mr. Springer sought to appeal, but the Tenth Circuit denied him a certificate of appealability and dismissed his appeal. (Doc. 599). Mr. Springer also sought to set aside the district court's judgment based on alleged fraud on the court, but this Court concluded that he had shown no such fraud, and denied his motion. (Doc. 645).

Mr. Springer has accumulated "a long history of filing meritless federal actions and appeals pro se," and has repeatedly been sanctioned by courts for frivolous filings. *Springer v. I.R.S. ex rel. U.S.*, 231 F.App'x 793, 802 (10th Cir. 2007) (listing frivolous, sanctioned, and dismissed cases). Based on Mr. Springer's "abusive pattern of filing frivolous or malicious actions and appeals pro se," the Tenth Circuit restricted his access to the courts, requiring him to follow several steps to obtain permission to proceed pro se. *Id*. at 803. The filing restrictions have not made Mr. Springer a less prolific litigant: at the time of a 2015 appeal, the Tenth Circuit's docket listed 75 related appeals, including a Fifth Circuit appeal of a habeas petition filed in his district of incarceration. See Tenth Cir. Case No. 15-5109, Gov't Opening Br. at 5; *Springer v. Chapa*, 608 F.App'x 258 (5th Cir. 2015) (*unpublished*).

3. **Among Mr. Springer's lawsuits is an asbestos-related habeas claim recently dismissed by the Northern District of Texas.**

In his most recent motion in the Northern District of Texas, Mr. Springer raised claims challenging the conditions of his confinement in Seagoville, Texas. *Springer v. Underwood*, 2019 WL 3307220 (N.D.Tex. June 2019). Specifically, Mr. Springer alleged that he was being exposed to "cancer causing asbestos and breath-taking mold." *Id.* A United States Magistrate Judge recommended that Mr. Springer's motion be dismissed, noting that although he characterized his lawsuit as a habeas action, "his allegations – that exposure to asbestos and mold while incarcerated violated the Eighth Amendment – must be pursued under *Bivens*" *v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See Springer v. Underwood*, 2019 WL 3307220 at *2). The magistrate judge noted that the fact that Mr. Springer sought a reduction in his sentence as relief did not "convert his civil claims to habeas claims." Over Mr. Springer's objection, the district court adopted the magistrate judge's recommendation, and dismissed Mr. Springer's action. (*Springer v. Underwood*, 2019 WL 336130 (N.D.Tex. July 2019)). On August 30, 2019, Mr. Springer filed an appeal from that decision to the Fifth Circuit; that appeal is pending.

4.  **Mr. Springer now seeks relief from his sentence under the First Step Act of 2018.**

Mr. Springer has now filed a motion before this Court, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), pursuant to recent amendments to that section under the First Step Act of 2018. (Docs. 669 and 671). Specifically, Mr. Springer asserts that he is entitled to compassionate release because his "exposure to Cancer Causing Asbestos and Breath-Taking Mold" constitute extraordinary and compelling reasons under 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. As explained below, Mr. Springer does not meet the prerequisites for filing such a motion, let alone demonstrate extraordinary and compelling reasons warranting his immediate release.

## Argument and Authorities

I.  **The First Step Act permits sentence reductions only for "extraordinary and compelling reasons."**

The First Step Act took effect December 21, 2018, adopting a variety of criminal justice reforms, including a change to the Compassionate Release provision in 18 U.S.C. § 3582 (c)(1)(A). First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Previously, that statute identified an exception to the general rule that sentences may not be modified once imposed. It had allowed a district court to modify a defendant's sentence if,

after the Director of the Bureau of Prisons filed a motion seeking a modification, the court considered the § 3553(a) factors, and found either (i) "extraordinary and compelling reasons" or (ii) that an elderly defendant had served at least 30 years of a mandatory life term under § 3559(c) and did not pose a danger to the community, and that the reduction was "consistent with applicable policy statements issued by the Sentencing Commission."

The First Step Act provides an avenue for seeking compassionate relief under 18 U.S.C. § 3582(c)(1)(A) when the Director of the Bureau of Prisons had failed to do so. The amended statute states:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that --
>> (1) in any case --
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>>> (i) extraordinary and compelling reasons warrant such a reduction; or

- 6 -

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## II. Mr. Springer has failed to exhaust his administrative rights by asking BOP to file a compassionate release motion, or to appeal its failure to do so.

In permitting inmates to file their own compassionate release motions under § 3582(c)(1)(A), the First Step Act "did not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." *See, e.g., United States v. Guzman*, 2019 WL 3892416 at *2 (E.D.Ky Aug. 19, 2019); *United States v. Telfair*, 2019 WL 4200440 at *2 (D.N.J Sept. 4, 2019) (*unpublished*). Specifically, § 3582(c)(1)(A) now provides that district courts may reduce a defendant's sentence "upon motion of the defendant **after the defendant has fully exhausted all administrative rights** to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." Id. (emphasis added). The movant bears the burden of

proving that that he has satisfied the procedural prerequisites for judicial review. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

Here, Mr. Springer does not allege or even suggest that he has asked the Bureau of Prisons to file a compassionate release motion on his behalf in the first instance, let alone exhausted his administrative rights to appeal its failure to bring such a motion. Instead, he attaches 100 pages of exhibits containing multiple copies of his "Request for Administrative Remedy," his Regional Administrative Remedy Appeal," his "Central Office Administrative Remedy Appeal," and associated documents. Notably, in his initial complaint, Mr. Springer sets for the remedy he sought through that process: "(1) $2,000,000 for violating 8th Amendment, (2) $2,000,000 for loss of capacity of life in the future, pain, and mental anguish, (3) medical/dental coverage for life, (4) 93.3 months credit since 4/2017)." (Doc. 669 at 31). Nowhere in his administrative remedy proceedings does Mr. Springer mention compassionate release, § 3582(c)(1)(A), or the First Step Act. Thus, none of the attachments demonstrates that he has requested that the Bureau

of Prisons file a motion for compassionate release on his behalf, that they have failed to do so, or that he has exhausted his administrative remedies by appealing any failure to do so. Therefore, Mr. Springer's motion for compassionate release does not meet the initial requirements of § 3582(c)(1)(A), and should be denied for that reason alone.

### III. A reduction in Mr. Springer's sentence would inconsistent with the Sentencing Commission's applicable policy statements.

#### A. *The First Step Act did not change the standards for compassionate sentence reductions.*

Although the First Step Act amended § 3582(c)(1)(A) to permit inmates to file their own motions seeking compassionate release, it did not alter the requirements for granting such a motion. Significantly, in order to grant compassionate release motions, courts must still find either that an inmate is over 70 and meets the other requirements of § 3582(c)(1)(A)(ii), or that "extraordinary and compelling reasons warrant such a reduction," **and** that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission is authorized by 28 U.S.C § 994(a)(2) to develop general policy statements, and more specifically, by 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied, and a list of specific examples."

The Sentencing Commission set forth its relevant policy statement in U.S.S.G. § 1B1.13, which largely mirrors the statutory text of § 3582(c)(1)(A), with one notable difference: § 1B1.13 requires that before reducing a defendant's term of imprisonment, the court determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). In addition, Application Note 1 to the policy statement lists four types of circumstances that provide "extraordinary and compelling reasons" for reducing a defendant's sentence:

> (A) **Medical Condition of the Defendant** (the defendant suffers from (i) a terminal illness or (ii) from a serious physical or medical condition, functional or cognitive impairment, or deteriorating health because of aging that "substantially diminishes" the defendant's ability to provide self-care);
>
> (B) **Age of the Defendant** (the defendant is over 65, suffering a serious deterioration in health, and has served 10 years or 75% of his sentence);
>
> (C) **Family Circumstances** (caregiver of defendant's minor children has died or been incapacitated, or defendant's spouse has been incapacitated and defendant would be the only available caregiver); or
>
> (D) **Other Reasons** ("As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).").

*See* U.S.S.G. § 1B1.13, Application Note 1. In contrast, Application Note 3

- 10 -

explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for the purposes of this policy statement." *See* U.S.S.G. § 1B1.13, Application Note 3.

### B. Mr. Springer's circumstances do not qualify as "extraordinary or compelling reasons" warranting a reduction.

Here, Mr. Springer seeks a reduction of his sentence to time served, solely based upon his alleged exposure to asbestos and mold. His allegations, however, do meet either the requirements of § 3582(c)(2)(A)(ii) or any of the circumstances set forth as "extraordinary and compelling reasons" in the relevant policy statement. At 54 years old, Mr. Springer does not satisfy the age component of either § 3582(c)(2)(A)(ii) or Application Note 1(B). Mr. Springer has not shown that he is suffering from a terminal illness, a serious physical or medical condition, or a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health that substantially diminishes his ability to provide self-care in a correctional facility. Thus, his circumstances are not extraordinary and compelling under Application Note 1(A). Finally, Mr. Springer does not show any of the Family Circumstances listed in Application Note 1(C). Accordingly, Mr. Springer fails to show extraordinary or compelling reasons under any of the specific circumstances set forth in the Sentencing Commission's policy

statement.

Thus, Application Note 1(D) of the policy statement, titled "**Other Reasons**," provides the only remaining basis for finding "extraordinary and compelling reasons" warranting a sentence reduction for Mr. Springer. Application Note 1(D) provides that extraordinary and compelling reasons exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, Application Note 1(D) (emphasis added). Because § 3582(c)(1)(A) requires that a reduction be "consistent with applicable policy statements issued by the Sentencing Commission," this Court may not reduce Mr. Springer's sentence based on circumstances that are not "extraordinary and compelling."

Here, the circumstances set forth in Mr. Springer's motion do not constitute "extraordinary and compelling reasons" for compassionate release As BOP officials have repeatedly explained, although asbestos was present in the Seagoville warehouse, "the asbestos was determined to be non-friable," and air samples taken by two independent licensed contractors were "negative for airborne asbestos." (Exh. 1- Response to Request for

Administrative Remedy dated December 26, 2018). Thus, applying OSHA's asbestos exposure guidelines, Warden Underwood "determined that no exposure has taken place," and denied Mr. Springer the administrative relief he sought. (*Id.*). In response to his appeal, a BOP Regional Director further explained that the "black mastic" found in the warehouse was 5% Chrysotile, but due to its composition, "the only way for such material to become airborne would be by using an aggressive method such as grinding, drilling, or sanding," none of which were used. (Exh. 2 Regional Administrative Remedy Appeal No. 962199-R2 - Part B – Response dated February 22, 2019). Thus, BOP has explicitly rejected the premise underlying Mr. Springer's compassionate release motion: contrary to his assertions, he has not been exposed to asbestos.

As the Tenth Circuit has recognized, "'[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so,' so 'a district court does not have inherent power to resentence defendants at any time.'" *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005), quoting *United States v. Blackwell*, 81 F.3d 945, 947, 949 (10th Cir.1996). For the reasons set forth above, Mr. Springer fails to qualify for a compassionate release sentence

reduction under § 3582(c)(1)(A). His alleged exposure to asbestos and mold, does not constitute an extraordinary and compelling reason to reduce his sentence under the Sentencing Commission's policy statement in § 1B1.13, and cannot provide the Court with jurisdiction to do so. Therefore, the Court must deny Mr. Springer's motion.

## Conclusion

For the reasons set forth above, the government respectfully requests that this Court deny Mr. Springer's motion for compassionate release.

Respectfully submitted,

R. TRENT SHORES
United States Attorney

JEFFREY GALLANT
Assistant U.S. Attorney

CHARLES A. O'REILLY
Special Assistant U.S. Attorney

**Certificate of Service**

I certify that on October 29, 2019, I electronically transmitted the foregoing to the Clerk of the Court using the ECF System for filing and that, a true and correct copy of the foregoing was served by first-class mail, postage prepaid, to the following who is not an ECF registrant.

Lindsey Kent Springer
Reg. #02580-063
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189
Defendant, Pro Se

CHARLES A. O'REILLY
Special Assistant U.S. Attorney

Attachments:
Exhibit 1
Exhibit 2