

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

NOV 18 2019

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 09-CR-043

LINDSEY KENT SPRINGER,

    Defendant.

MOTION TO STRIKE OR INVALIDATE
RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE UNDER THE FIRST STEP ACT

By:  Lindsey Kent Springer
Reg. # 02580-063
Federal Transfer Center
P.O. Box 889801
Oklahoma City, Oklahoma 73189

___ Mail   ___ No Cert Svc   ___ No Orig Sign

___ C/J   ___ C/MJ   ___ C/Ret'd   ___ No Env

___ No Cpys   ___ No Env/Cpys   ___ O/J   ___ O/MJ

TABLE OF CONTENTS

Table of Authorities.......................................-ii-
Background.................................................2
Argument with these Facts.................................9

    1. O'Reilly has no current appointment as an SAUSA for the NDOK, has
       taken no oath of office for an SAUSA in the NDOK since his expired
       on January 5, 2010, or January 5, 2015, and has never received a
       commission from the President to the office of SAUSA for the NDOK....9

       (a) O'Reilly has never been commissioned by any President to the
          Office of SAUSA for the NDOK.....................................9

       (b) O'Reilly has never been commissioned by any President to the
          Office of Trial Attorney for the Tax Division...................10

       (c) O'Reilly's January 5, 2009 oath of office expired on January 5,
          2012, or again on January 5, 2015, and he never took an oath
          of office as a Trial Attorney for the Tax Division.............10

       (d) O'Reilly's January 5, 2009 appointment expired on January 5,
          2012, or again on January 5, 2015, when his January 5, 2009
          appointment was not extended under the conditions of the app-
          ointment and the January 4, 2011 extension by Woodward, or the
          January 3, 2014 extension by Williams..........................12

       (e) O'Reilly's January 3, 2018 letter from Shores, or his March
          26, 2018 revised extension letter from Shores, are invalid
          and void where O'Reilly had no January 5, 2009 appointment to
          to extend due to the extension expiring on January 5, 2012,
          and again on January 5, 2015...................................13

       (f) The October 29, 2019 filing by O'Reilly should be struck and
          invalidated as unauthorized by law and the Constitution........14

Conclusion................................................16
Certificate of Service....................................17
Declaration of Mailing....................................17

TABLE OF AUTHORITIES

Bandimere v. SEC, 844 F.3d 1168, 1172–73(10th Cir. 2016)..................15,16
Buckley v. Valeo, 424 U.S. 1, 126(n.162)(1976)...............................15
DOT v. Ass'n ov Am. RR, 135 S.Ct. 1225, 1235(2015).....................9,10,15
Freytag v. CIR, 501 U.S. 868, 883(1991)...................................15,16
In Re United States of Attorneys and Clerks, 07–MC–00005–CVE, (NDOK)
.........................................................1,3,4,5,6,8,12
Marbury v. Madison, 1 Cranch 137, 156–57(1803)............................9,10
U.S. v. ICC, 337 U.S. 426, 430(1949)........................................14
U.S. v. Providence Journal Co., 485 U.S. 693, 699–708(1988).................14
U.S. v. Singleton, 165 F.3d 1297, 1299–1300(10th Cir. 1999)(en banc)........14

STATUTES INVOLVED

5  U.S.C. § 3331............................................................10
28 U.S.C. § 515...........................................................3,8
          § 543............................................................14
          § 544............................................................10
          § 2255............................................................3

REGULATIONS INVOLVED

5  CFR § 213.2103(d)........................................................8
28 CFR § 0.13(a)............................................................3

CONSTITUTIONAL PROVISION INVOLVED

Article II, § 2, Cl. 2.....................................................15
           § 3.........................................................10,15
        VI, Cl. 3..........................................................15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Case No. 09-CR-043-F

LINDSEY KENT SPRINGER,

    Defendant.

MOTION TO STRIKE OR INVALIDATE
RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE UNDER THE FIRST STEP ACT

Lindsey Kent Springer ("Springer") moves this Court for an Order striking or invalidating as not being signed by a person authorized to speak on behalf of the United States of America in this matter. Charles A. O'Reilly's January 4, 2011 extension ("O'Reilly") from Thomas Scott Woodward, as the United States Attorney for the Northern District of Oklahoma ("USAO-NDOK"), to the inferior office of the United States in the Title of Special Assistant United States Attorney ("SAUSA"), clearly says the extension is "not to exceed January 5, 2012." See Exhibit 19 ("Your appointment...is hereby extended effective the date of this letter, not to exceed January 5, 2012. This extension is subject to the conditions set forth in the original appointment letter."). As Springer recently discovered in the Case of In Re United States Attorneys and Clerks, 07-MC-00005-CVE, Docket Entry # 125 is a letter dated January 10, 2012, 5-days after the January 4, 2011 extension expired. See Exhibit 20 ("January 10, 2012"). On April 10, 2018, without explaining where O'Reilly's January 5, 2009 appointment letter could be located for public access, O'Reilly provided this Court with a copy of a January 5, 2009 appointment letter from David E. O'Meilia ("O'Meilia") naming O'Reilly as an SAUSA to the NDOK which that original appointment, as a condition of the appointment, "expires on January 5, 2010, unless extended." See Exhibit 21, p.1.

1

BACKGROUND

O'Reilly has represented to this Court that he is and has always been a properly appointed SAUSA for the NDOK since at least January 5, 2009. He signed the Court Ordered response to Springer's Motion for Release under the First Step Act dated October 29, 2019.

On July 29, 2015, in response to Springer's Freedom of Information Act ("FOIA") request naming O'Reilly, the Executive Office for United States Attorneys ("EOUSA") located an Appointment Affidavit (herein-after referred to as "Oath of Office") dated January 5, 2009 with O'Reilly's name on it and stating the "position to which appointed" was the inferior office of SAUSA for the "USAO/ND-OK" with "his place of employment" as "Tulsa, Oklahoma." See Exhibit 22, p. 2. This was after more than a year had passed without EOUSA, and searching the USAO-NDOK for any records of appointment for O'Reilly to the office of SAUSA, being able to locate any record whatsoever naming O'Reilly to such a position. See Exhibit 23, p.4("Initially, I was unable to locate any information related to...Charles A. O'Reilly...The absence of information in the eOPF and GAL indicated to me that the individuals were not **employed** by the USAO/NDOK at the time of the search."). These words were declared under the Penalty of Perjury by Linda M. Richardson ("Richardson") as an employee of the Department of Justice and EOUSA. Id. Ms. Richardson declared she located O'Reilly's Oath of Office naming O'Reilly dated January 5, 2009 on July 23, 2015 after contacting the "USAO/NDOK staff." Id.

Ms. Richardson declared she was told by someone in the USAO/NDOK that, at that time, O'Reilly "was appointed by the U.S. Attorney for the NDOK for a limited purpose not to exceed January 5, 2016." Id. Ms. Richardson refers to the location of O'Reilly's January 5, 2009 Oath as in the "SAUSA Program." Id.

On April 10, 2018, in response to Springer's Application to set aside

2

the Judgment entered August 22, 2014, in Springer's proceedings under 28

U.S.C. § 2255, O'Reilly provided Three records and argument as to where such

records of his appointment would **not** be found.  The first record O'Reilly

provided is a letter dated December 23, 2008 by Ronald A. Cimino ("RAC")

authorizing O'Reilly to conduct "Tax Division...business" anywhere within the

United States of America under 28 U.S.C. § 515(a) and 28 CFR § 0.13(a).  See

Exhibit 24, p.12.  The second record O'Reilly provided to Springer and this

Court on April 10, 2018 is a letter signed by O'Meilia dated January 5, 2009

naming O'Reilly to the inferior office of SAUSA for the NDOK for a 1-year term

not to exceed January 5, 2010. See Exhibit 24, p.14. This letter is the same

as Exhibit 21 attached herein but without the docket heading from 07-MC-00005-

CVE. Again, the terms of the appointment has a condition that the appointment

expires on January 5, 2010 "unless extended."  O'Meilia's January 5, 2009

appointment letter also references that O'Reilly has an "existing appointment"

and directed O'Reilly to "return to Personnel Staff within 14 days the enclosed

Appointment Affidavit containing **the oath of office.**" See Exhibit 21, p.2; and

also Exhibit 24, p.15.  The third letter provided by O'Reilly on April 10,

2018, is a letter dated January 4, 2010 signed by Woodward as "Acting" United

States Attorney ("USA") clearly extending the January 5, 2009 term for O'Reilly

as an SAUSA for the NDOK through January 5, 2011. See Exhibit 24, p.17. The

January 4, 2010 letter, with the docket information at the top is also prov-

ided herein as Exhibit 25(in 07-MC-00005-CVE, Doc. 74)(O'Reilly's version

provided on April 10, 2018 leaves that tid bit of information off his letters).

It must not be forgotten why were are here from the words of O'Reilly

on October 24, 2013 during Springer's § 2255 proceedings:

"By letter dated January 5, 2009, United States Attorney David E. O'Meilia
**appointed** the undersigned [that is O'Reilly] as a Special Assistant United
States Attorney for the Northern District of Oklahoma. The **United States**

**Attorneys** [this phrase was misleading because, as O'Reilly later admits on April 10, 2018, Woodward was "Acting" USA and then Woodward was USA until Danny C. Williams, Sr. was appointed in August, 2012] for the Northern District of Oklahoma [again, only Woodward until Williams] have extended the undersigned's appoitment as a Special Assistant United States Attorney by letter dated January 4, 2010, January 4, 2011, January 10, 2012, and most recently by United States Attorney Danny C. Williams, Sr. in a letter dated December 19, 2012. Mr. Springer's rhetoric does not change the fact that the undersigned has been and remains authorized to represent the United States of America."

See Exhibit 26, p.2. (Doc. 524 in 09-CR-043).

On or about July 9, 2019, it was discovered and then made known to Springer shortly thereafter, of In Re United States Attorneys and Clerks, 07-MC-00005-CVE, and that the various records Springer has been seeking since 2009 to present were filed therein involving some of O'Reilly's letters appointing and extending his January 5, 2009 appointment from O'Meilia. See Exhibit 27 (is the complete docket as of July 9, 2019 in 07-MC-00005-CVE).

This docket provides some revelations that O'Reilly was trying to hide from Springer and this Court. First, the January 5, 2009 letter was not docketed until January 16, 2009, the day after Springer met with O'Reilly in the USAO in Tulsa and became part of the charges against Springer in Count One. That is material because Springer requested to see O'Reilly's authorization to be in the NDOK prior to the tape recording of that interview beginning. O'Reilly was prevented from asking any questions because he could not provide any record of his appointment to Springer or anyone else in that room. This is why Special Agent Brian Shern is the only person asking questions during that interview. See Exhibit 27, p.4(showing the January 5, 2009 letter docketed on January 16, 2009, Doc. 44).

This Court denied Springer's Motion to Dismiss on February 22, 2010. See Doc. 312(Denying Springer's Motion to Dismiss on the appointments issues). This

4

same day, February 22, 2010, is the day David Derrington ("Derrington") filed Woodward's January 4, 2010 extension letter to O'Reilly as an SAUSA. See Exhibit 27, p. 5(Doc. 74 in 07-MC-00005-CVE). This docketing of the January 4, 2010 extension letter was 49 days after it was facially issued(if it was). Compare Exhibit 24, p.6("Acting United States Attorney Thomas Scott Woodward signed O'Reilly's initial extension appointment on January 4, 2010.")

Even more revealing is the March 5, 2010 docketing in 07-MC-00005-CVE of Woodward's Oath of Office as an Assistant United States Attorney signed on September 23, 1990.  Yep, 1990. See Exhibit 27, p.5(Doc. 76 in 07-MC-00005-CVE). See also Exhibit 28(Woodward's docketed 1990 oath of office). So, Woodward and O'Reilly get this Court's February 22, 2010 order, Docket 312 in 09-CR-043, and only then does the January 4, 2010 extension by Woodward and Woodward's Oath of office as an AUSA appear in 07-MC-00005-CVE.  That is not coincidence.  Thirteen days after this Court decided Woodward was authorized as Acting USA, and then USA, Woodward had the 1990 Oath filed in 07-MC-00005-CVE.  This simply cannot be made up. See Exhibit 29, p. 1(n.1)("On January 21, 2010, Thomas Scott Woodward was sworn in as the Attorney General's appointed United States Attorney for the Northern District of Oklahoma.")(Doc. 292, p. 1, n.1, in 09-CR-043). Compare Exhibit 30, p.2("On January 25, 2010, the Attorney General appointed Woodward as United States Attorney under 28 U.S.C. § 546(a).").

The docket in 07-MC-00005-CVE reveals that Derrington docketed another extension letter naming O'Reilly, by Woodward as USA for the NDOK, on January 28, 2011. See Exhibit 27, p.7(Doc. 103).  Docket 103 in 07-MC-00005-CVE is the January 4, 2011 extension letter attached herein as Exhibit 19. It is this extension letter that shows O'Reilly's appointment as an SAUSA for the NDOK terminated on January 5, 2012 unless extended.

On January 10, 2012, Joseph Wilson ("Wilson") dockets in 07-MC-00005-CVE a letter dated January 10, 2012 by Woodward purporting to extend O'Reilly's January 5, 2009 appointment for another year. See Exhibit 27, p.8(Doc. 125). See also Exhibit 20(the January 10, 2012 letter). However, the January 4, 2011 extension says it expires on January 5, 2012("Your appointment...is hereby extended effective the date of this letter, not to exceed January 5, 2012.").

Remember on October 24, 2013 that O'Reilly listed Williams as a person who extended his January 5, 2009 appointment on December 19, 2012. See Exhibit 26, p.2. Well, that letter does not get docketed in 07-MC-00005-CVE until December 28, 2012. See Exhibit 27, p.9(Doc. 153).

On January 3, 2014, Williams signs a letter of extension for O'Reilly as an SAUSA for the NDOK and is docketed on the same day by Wilson in 07-MC-00005-CVE. See Exhibit 27, p. 10(Doc. 186). The January 3, 2014 extension letter is attached herein at Exhibit 31. The January 3, 2014 letter from Williams says the extension is not to exceed "January 5, 2015" and "is subject to the conditions set forth in the original appointment letter." Id.  The docket reflects in 07-MC-00005-CVE that O'Reilly received no such extension letter on or before January 5, 2015. See Exhibit 27, p.13-14.

However, Ms. Richardson declared under the penalty of perjury on July 30, 2015, that O'Reilly "was appointed by the U.S. Attorney for the NDOK for a limited purpose not to exceed January 5, 2016." See Exhibit 23, p.4. What is even more interesting is that neither Ms. Richardson nor EOUSA were made aware by the USAO/NDOK of 07-MC-00005-CVE or the records filed therein relevant to appointments to office.

Then, on January 12, 2016, Wilson dockets in 07-MC-00005-CVE a letter extending until January 5, 2017, O'Reilly's SAUSA appointment(that was expired on January 5, 2012, or January 5, 2015). See Exhibit 27, p. 15(Doc. 290). The

January 5, 2016 extension letter by Williams is actually docketed on January 12, 2016 and is attached herein as Exhibit 32. This extension, without addressing that the January 3, 2014 extension, good through January 5, 2015, had expired. Again, this letter reads "You appointment...is hereby extended effective the date of this letter, not to exceed January 5, 2017." Id.

On December 21, 2016, Williams again extended O'Reilly's expired term until January 5, 2018. See Exhibit 27, p.17(Doc. 343). The December 21, 2016 extension letter by Williams is attached herein as Exhibit 33. This letter extends O'Reilly's January 5, 2009 appointment ("Your appointment...is hereby extended effective the date of this letter, not to exceed January 5, 2018") until January 5, 2018 and is subject to the same "conditions set forth in the original appointment letter." Id.

On January 3, 2018, R. Trent Shores ("Shores") issues another letter extending O'Reilly's January 5, 2009 appointment for 2-years, not 1, and is to expire on or before January 5, 2020. See Exhibit 27, p.19(Doc. 391). This letter was docketed in 07-MC-00005-CVE on January 3, 2018 by Wilson. The January 3, 2018 extension letter by Shores is attached herein as Exhibit 34.

On March 26, 2018, Shores issued another extension letter for O'Reilly extending the January 5, 2009 appointment "not to exceed January 2, 2020." See Exhibit 27, p.20(Doc. 423). This letter was docketed in 07-MC-00005-CVE on April 2, 2018 and is attached herein as Exhibit 35. If there is any doubt that all of the extensions are referring back to the January 5, 2009 appointment letter by O'Meilia, Shores' March 26, 2018 letter clearly says "[T]his extension is subject to the conditions set forth in the original appointment letter under 28 U.S.C. § 543 dated January 5, 2009." Id. This letter was docketed 8 days before O'Reilly filed his response regarding Springer's Application for Fraud on the Court in 09-CR-043(Doc. 641).

In a letter dated July 21, 2015, and just 3 days before Ms. Richardson located in the USAO-NDOK the January 5, 2009 oath of office for O'Reilly as a SAUSA for the NDOK, the Tax Division's Carmen Banerjee wrote to Springer in response to Springer's FOIA request naming O'Reilly seeking appointment records between 2008 through 2015 and reported she could only locate two records with O'Reilly's name.  Ms. Banerjee provided an oath of office O'Reilly signed on November 15, 1992 as a "Law Clerk," and a Notification of Personnel Action naming O'Reilly as a Trial Attorney under 5 CFR 213. 2103(d).  See Exhibit 36

O'Reilly's Law Clerk oath of office states his employment is in Washington, D.C., See Exhibit 36, p.3. O'Reilly has never taken an oath of office as a Trial Attorney in the Tax Division.

O'Reilly declared to this Court in his April 10, 2018 filing that the reason his appointment letters were not accessable by EOUSA or the United States Attorneys for which it covers, was that:

> "EOUSA would not have [O'Reilly's] personnel records because [O'Reilly] works for the Department of Justice, Tax Division, which is not under the auspices of EOUSA."

See Exhibit 24, p.4-5(Doc. 641 in 09-CR-043)

O'Reilly's January 5, 2009 oath of office, found in some secret place by Ms. Richardson on July 23, 2015, just 2 days after Ms. Banerjee reported to Springer only the November 15, 1992 oath of office as a Law Clerk, has never been filed in 07-MC-00005-CVE, either with the January 5, 2009 appoint-ment letter from O'Meilia (which required it be taken), or indpendently as Woodward filed on March 5, 2010 his September 23, 1990 oath of office as an AUSA for the NDOK in 07-MC-00005-CVE. The docket in 07-MC-00005-CVE also shows all 28 U.S.C. § 515 letters are required to be filed therein but not O'Reilly's December 23, 2008 letter from Mr. Cimino.

Again, O'Reilly January 5, 2009 oath of office declares O'Reilly is an

employee in Tulsa, Oklahoma. See Exhibit 17, p.3.

After EOUSA provided the January 5, 2009 oath of office, and after
O'Reilly provided the January 5, 2009 and January 4, 2010 letters naming him
as an SAUSA in the NDOK, and then extended, Springer sent another FOIA to
EOUSA asking for appointment records naming O'Reilly and on September 6, 2018,
EOUSA again informed Springer they have no access to any such records refering
Springer to Ms. Banerjee in the Tax Division. See Exhibit 37.

On October 29, 2019, O'Reilly filed response opposing Springer's request
for release under the First Step Act signing as a current and properly app-
ointed SAUSA for the NDOK.

ARGUMENT WITH THESE FACTS

1.   O'Reilly has no current appointment as an SAUSA for the NDOK, has taken
     no oath of office for an SAUSA in the NDOK since his expired on January
     5, 2012, or January 5, 2015, and has never received a commission from
     the President to the office of SAUSA for the NDOK.

O'Reilly has no political accountability. He is not appointed to office
by anyone who has such accountability or even may know he is acting as an
officer of the United States.

O'Reilly's current appointment extension by Shores, dated January 3, 2018,
or March 26, 2018, is invalid, unlawful, and unconstitutional, and O'Reilly
has no Presidential Commission to the office for which he claims to hold app-
ointment, and has no current oath of office for the office of SAUSA in the
NDOK he currently represents to this Court he holds.

   (a)   O'Reilly has never been commissioned by any President to the office
         of SAUSA for the NDOK.

The Constitution at Article II, § 3, requires the President commission
all officers of the United States, including O'Reilly (if he is appointed).
See Marbury v. Madison, 1 Cranch 137, 156–57(1803); See also DOT v. Ass'n
of Am. RR, 135 S.Ct. 1225, 1235(2015)(Justice Alito Concurring)(a Commission

9

is not a "mere wall ornament" and that explaining the commission sets apart a person from "ordinary citizens").

O'Reilly has never received any commission from President Trump, or any other President, to the office of SAUSA for the NDOK.

    (b) <u>O'Reilly has never been commissioned by any President to the office of Trial Attorney for the Tax Division.</u>

The same Constitution at Article II, § 3, requires the President to commission all officers of the United States, including O'Reilly as a Trial Attorney in the Tax Division. <u>Marbury</u>, supra; <u>DOT</u>, supra.

O'Reilly has never received any commission from President Trump, or any other President, to the office of Trial Attorney for the Tax Division.

    (c) <u>O'Reilly's January 5, 2009 oath of office expired on January 5, 2012, or again on January 5, 2015, and he never took an oath of office as a Trial Attorney for the Tax Division.</u>

O'Reilly's January 5, 2009 oath of office, required as a condition of his January 5, 2009 appointment, was required by Article VI, Cl. 3 of the Constitution, and 28 U.S.C. § 544. The docket in 07-MC-00005-CVE shows the January 5, 2009 oath of office naming O'Reilly was never filed with the January 5, 2009 appointment letter, or at any time after its filing on January 16, 2009. The oath is a requirement of appointment to office. See <u>Marbury</u>, supra; <u>DOT</u>, supra(the "oath and commission" are not "mere wall ornaments" and are required by those "who exercise the power of Government and set apart from ordinary citizens.")(Alito, J., concurring).

28 U.S.C. § 544 requires all SAUSAs to take the oath of office before taking office as an SAUSA. To the extent there is any claim of overlap, 5 U.S.C. § 2903 requires all excepted service attorneys, protected from removal by the Merits System Protection Board, to take the oath of office in terms described in 5 U.S.C. § 3331.

Measuring O'Reilly's appointment as an SAUSA, as has O'Meilia, Woodward, Williams, Shores, and O'Reilly, on January 5, 2009, the terms of that appointment require the appointment expire unless extended by the date of expiration. See Exhibit 21 ("The appointment expires on January 5, 2010, unless extended."); See Exhibit 25 ("Your appointment....is hereby extended effective the date of this letter[dated January 4, 2010], **not to exceed January 5, 2011.**"); See Exhibit 19 ("Your appointment.....is hereby extended effective the date of this letter, **not to exceed January 5, 2012.**").

Though the January 4, 2011 extension, Exhibit 19, continues the language measuring the extension from "the date of this letter," the January 10, 2012 letter by Woodward to O'Reilly does not reference its measuring date from the date of the January 10, 2012 letter.  See Exhibit 20 ("Your appointment is hereby extended. This extension is subject to the conditions set forth in the original appointment letter.  You will serve under this appointment for an additional period **not to exceed January 5, 2013, unless extended.**").

As this Court can see, the January 10, 2012 letter from Woodward is in terms different than all other letters and never references the "date of this letter" and for good reason.  January 10, 2012 was 5 days outside of the January 5, 2012 date set by Woodward on January 4, 2011.

On January 10, 2012, O'Reilly had no appointment originating on January 5, 2009 that was extendable.  The January 5, 2009 appointment, as extended by letter dated January 4, 2010, and January 4, 2011, expired on January 5, 2012.

As a result, O'Reilly's oath of office, if even valid at all, would have expired when his January 5, 2009 appointment expired on January 5, 2012.

Equally compelling is that at no time has O'Reilly ever taken any oath of office as a Trial Attorney for the Tax Division.

Additionally, even if O'Reilly's oath dated Janaury 5, 2009 survived

11

January 5, 2012, and it did not, O'Reilly's January 3, 2014 purported extension clearly says it expires on January 5, 2015.  O'Reilly received no extension on or before January 5, 2015.

O'Reilly never took an oath as a Trial Attorney, most likely did not take any oath on or near the January 5, 2009 appointment letter date as it was never filed in 07-MC-00005-CVE with the appointment letter or later, and even if the oath was somehow acceptable, it would have expired on January 5, 2012, and again on January 5, 2015, when O'Reilly's January 5, 2009 appointment was not extended by the clearly marked expiration date.

(d) <u>O'Reilly's January 5, 2009 appointment expired on January 5, 2012, or again on January 5, 2015, when his January 5, 2009 appointment was not extended under the conditions of the appointment and the January 4, 2011 extension by Woodward, or the January 3, 2014 extension by Williams.</u>

O'Reilly's January 5, 2009 appointment clearly expired on January 5, 2010 "unless extended." See <u>Exhibit 17.</u> Clearly, Woodward extended that appointment term for 1-year on January 4, 2010. See <u>Exhibit 18.</u> In turn, Woodward extended O'Reilly's term on January 4, 2011. See <u>Exhibit 19.</u> Woodward set a self imposed expiration date of the extended appointment of January 5, 2012. Id.

Woodward clearly knew the appointment had expired under his conditions, and so did O'Reilly, and that is why O'Reilly has resisted Springer in obtaining his appointment records. There is no better evidence than Woodward's reworking the language of the January 10, 2012 letter without mentioning the phrase "date of this letter." See <u>Exhibit 20.</u>

This renders O'Reilly's January 5, 2009 appointment by O'Meilia "expired" on January 5, 2012.

Then there is the January 3, 2014 extension letter by Williams which fixes another expiration date, although completely erroneous, of January 5, 2015. See <u>Exhibit 31.</u>  The next extension letter filed by Williams in 07-MC-00005-CVE is

dated January 5, 2016.  See Exhibit 32. Obviously, like January 10, 2012

falling after January 5, 2012, January 5, 2016 is one year after January 5,

2015, imposed by Williams in his January 3, 2014 extension letter.

Even if O'Reilly's appointment on January 5, 2009 survives the "condit-

ion" that "[Y]ou will report to an act under the direction of David E. O'Mei-

lia with regard to any matters handled," See Exhibit 17, p.1, which was

impossible after June 28, 2009 when O'Meilia resigned, See Exhibit 24, p.6,

and even if he needs no oath of office or Presidential Commission, his Jan-

uary 4, 2011 one year extension expired on January 5, 2012 when the January

5, 2009 appointment was not extended for another year within the time set by

Woodward.

And if somehow O'Reilly's not-extended on January 5, 2012 appointment

survives that expiration, Williams' January 3, 2014 set the extended term to

expire on January 5, 2015, which was not extended on or before that date.

(e)  O'Reilly's January 3, 2018 letter from Shores, or his March 26,
     2018 revised extension letter from Shores, are invalid and void
     where O'Reilly had no January 5, 2009 appointment to extend due
     to the extension expiring on January 5, 2012, and again on January
     5, 2015.

On January 3, 2018, Shores purports to extend O'Reilly's January 5, 2009

appointment from O'Meilia when there was no unexpired appointment subject to

extension.  As explained above, O'Reilly did not receive an extension on or

before January 5, 2012, and again on January 5, 2015.  In both instances, the

January 5, 2009 appointment expired rendering it no longer extendable accord-

ing to the conditions of the January 5, 2009 appointment letter.

Shores' January 3, 2018 letter clearly intends to extend the January 5,

2009 expired appointment through January 5, 2020 and is not a new appointment.

See Exhibit 34("Your appointment...is hereby extended effective the date of

this letter, not to exceed January 5, 2020. This extension is subject to the

13

conditions set forth in the original appointment letter.")

The March 26, 2018 revised letter to O'Reilly, from Shores, expands the intention of the extension.  See Exhibit 35("You appointment....is hereby extended effective January 3, 2018, not to exceed January 2, 2020. This extension is subject to the conditions set forth in the original appointment letter under 28 U.S.C. § 543 dated January 5, 2009.")

But there was no unexpired January 5, 2009 appointment under § 543 that remained subject to extension after January 5, 2012, and again on January 5, 2015.  This renders O'Reilly's current appointment extension unlawful, void, and invalid.

O'Reilly currently, and since at least January 5, 2012, and again on January 5, 2015, has not held a valid appointment under 28 U.S.C. § 543.

(f)  The October 29, 2019 filing by O'Reilly should be struck and invalidated as unauthorized by law and the Constitution.

Federal Rules of Criminal Procedures ("FRCrP") Rule 1(b) defines an attorney for the government as the United States Attorney personally or an "authorized assistant."  In a criminal case like this one, the government must be represented by a "properly appointed assistant." U.S. v. Singleton, 165 F.3d 1297, 1299-1300(10th Cir. 199)(en banc)(citing U.S. v. Providence Journal Co., 485 U.S. 693, 699-708(1988))

O'Reilly is not a properly appointed or authorized attorney for the government and this Court should strike from the record his October 29, 2019 response.

The Supreme Court has explained the Court's Constitutional duty to "look behind the names that symbolize the parties to determine whether a justiciable case or controversy is presented." Providence Journal Co., 485 U.S. at 708(n.11). (quoting U.S. v. ICC, 337 U.S. 426, 430(1949)).

14

The appointment is required by Article II, § 2, Cl.2. The Presidential Commission is required by Article II, § 3.  The oath is required by Article VI, Cl. 3. See DOT, 135 S.Ct. at 1235.  "Officers of the United States" does not include all employees of the United States. Buckley v. Valeo, 424 U.S. 1, 126 (n.162)(1976).  "All officers of the United States are to be appointed in accordance with the clause...No class or type of officer is excluded because of its special function." Id. at 132

All officers "must, therefore, be appointed in the manner prescribed by § 2, Cl. 2 of [Article II[." Id. at 126.  "[u]nless the method [Congress] provides comports with [the Constitution], the holders of those offices will not be "officers of the United States." Freytag v. CIR, 501 U.S. 868, 883(1991).

The Constitution forbids "Congress to grant the appointment power to inappropriate members of the Executive branch," Freytag, 501 U.S. at 886, and "restricts it to specific public officials." Bandimere v. SEC, 844 F.3d 1168, 1172-73(10th Cir. 2016).  The "structural interests protected by the Appointments Clause are not those of any one branch of Government but of the entire Republic." Freytag, 501 U.S. at 880; Bandimere, 844 F.3d at 1186.

"Neither Congress nor the Executive can agree to waive this structural Protection."  Id.(cting Freytag, 501 U.S. at 880. The Constitutional duties are non-delegatable.

It must always be remembered that "manipulation of official appointments" has "long been one of the American revolutionary generations greatest grievances against executive power" because "the power of appointment of office was deemed 'the most insidious and powerful weapons of Eighteenth century despotism.'" Freytag, 501 U.S. at 883(quoting Buckley, 424 U.S. at 143).

"Those who framed our Constitution addressed these concerns by carefully husbanding the appointment power to limit its diffusion." Freytag, 501 U.S.

at 883.  "[t]he framers' determination to limit the distribution of the pow-er of appointment" was clear. Id. at 884.  The point of limiting the appoint-ment power was to "ensure that those who wielded it was accountable to polit-ical force and the will of the people." Id. See also Bandimere, 844 F.3d at 1173.  The "Appointments Clause embodies both separation of powers and checks and balances." Id. at 1172.

"The Appointments Clause also promotes public accountability by identify-ing the public officials who appoint officers." Id.

Without O'Reilly being properly appointed to the office of SAUSA, he is prohibited by Congress from representing the United States of America in these First Step Act proceedings within this Criminal Case.

This Court should enter an order finding O'Reilly is not properly appoi-nted to the office of SAUSA for the NDOK and is not authorized to file or sign anything for the party United States of America in this case.  He has no Pres-idential Commission nor has he taken an oath of office to support and defend the Constitution of these United States of America.

CONCLUSION

Based upon the above and the evidence attached herein, along with this Court's memory of these proceedings, Springer respectfully requests this Court to strike O'Reilly's October 29, 2019 filing in these proceedings as invalid and void for not being signed by a person authorized to represent the United States of America.

Respectfully Submitted,

Reg. # 02580-063
Federal Transfer Center
P.O. Box 889801
Oklahoma City, Oklahoma 73189

CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, I sent by U.S. Mail, First Class, Postage Prepaid, the above Motion and Exhibits to the Clerk of Court at 333 West Fourth Street, Tulsa, Oklahom 74103;

I further certify that the following person is a registered ECF user and shall receive service of the above Motion through the Court's ECF system:

Charles A. O'Reilly

_____
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on November 13, 2019, I deposited the above Motion and Exhibits with Prison Officials at the Federal Transfer Center placed in the U.S. Mailbox located therein addressed to the Clerk of Court at the address listed above.

_____
Declarant

17

E X H I B I T

19



**U.S. Department of Justice**

# THOMAS SCOTT WOODWARD
*United States Attorney*
*Northern District of Oklahoma*

*110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119*

*(918) 382-2700
Fax (918) 560-7938*

January 4, 2011

Charles A. O'Reilly, Trial Attorney
Department of Justice, Tax Division
601 D Street, N.W., Suite 7032
Washington, DC 20530

RE:   SAUSA Extension Paperwork

Dear Mr. O'Reilly:

Your appointment as a Special Assistant United States Attorney for the Northern District of Oklahoma is hereby extended effective the date of this letter, not to exceed January 5, 2012. This extension is subject to the conditions set forth in the original appointment letter. You will continue to serve without compensation. No additional appointment papers are necessary.

Sincerely,

Thomas Scott Woodward
United States Attorney

E X H I B I T

20



**U.S. Department of Justice**

**THOMAS SCOTT WOODWARD**
*United States Attorney*
*Northern District of Oklahoma*

*110 West Seventh Street, Suite 300*          *(918) 382-2700*
*Tulsa, Oklahoma 74119*                       *Fax (918) 560-7938*

January 10, 2012

Charles A. O'Reilly
Department of Justice
Tax Division
601 D Street, N.W., Suite 7032
Washington, DC 20530

Dear Mr. O'Reilly:

Your appointment as a Special Assistant United States Attorney for the Northern District of Oklahoma is hereby extended. This extension is subject to the conditions set forth in the original appointment letter. You will serve under this appointment for an additional period not to exceed January 5, 2013, unless extended. You will continue to serve without compensation other than that which you are now receiving under your existing appointment.. No additional appointment papers are necessary.

Sincerely,

THOMAS SCOTT WOODWARD
UNITED STATES ATTORNEY

E X H I B I T

21



**U.S. Department of Justice**

**DAVID E. O'MEILIA**
*United States Attorney*
*Northern District of Oklahoma*

---

*110 West Seventh Street, Suite 300*          *(918) 382-2700*
*Tulsa, Oklahoma 74119*                       *Fax (918) 560-7938*

January 5, 2009

Charles A. O'Reilly, Trial Attorney
Department of Justice, Tax Division
601 D Street, N.W., Suite 7032
Washington, DC 20530

    RE:   SAUSA Appointment Paperwork

Dear Mr. O'Reilly:

    Pursuant to 28 U.S.C. § 543, effective the date of this letter you are hereby appointed as a Special Assistant United States Attorney for the Northern District of Oklahoma, subject to the following conditions:

1. You are appointed to assist the Office with a DOJ Tax Investigation.

2. The appointment expires on January 5, 2010 unless extended.

3. You will report to and act under the direction of David E. O'Meilia with regard to any matters handled.

4. You understand and agree to serve without compensation other than that which you are now receiving under your existing appointment.

5. This appointment may be terminated at any time without cause or notice.

January 5, 2009
Page 2

6. You must execute and return to the Personnel Staff within 14 days the enclosed Appointment Affidavit containing the oath of office, Statement of Appointment Conditions, and a signed copy of this letter. Your signature in the space provided below acknowledges your agreement to the terms and conditions of this appointment.

Sincerely,

DAVID E. O'MEILIA
UNITED STATES ATTORNEY

Enclosures

The foregoing terms and conditions are hereby agreed to and accepted:

Charles A. O'Reilly

5 January 2009
Date

E X H I B I T

22

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W.*
*Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*

(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)

July 29, 2015

Lindsey Springer
#02580-063
FSL, P.O. Box 6000

Anthony, New Mexico  88021

      Re: Request Number: <u>FOIA-2015-01085</u>
      Date of Receipt: <u>January 9, 2015</u>
      Subject of Request: <u>AUSA Appointments - USAO Northern District of Oklahoma</u>
IN LITIGATION

Dear Ms. Springer:

      Your request for records under the Freedom of Information Act was received some months ago.

      This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official record keeper for all records located in this office and the various United States Attorney's offices. One page is being released in part pursuant to exemption b(6) of the Freedom of Information Act.

      Sincerely,

      Susan B. Gerson
      Assistant Director

Enclosure(s)

Form No. 0021B – 4/11

# APPOINTMENT AFFIDAVITS

SPECIAL ASSISTANT UNITED STATES ATTORNEY
*(Position to which Appointed)*

01/05/2009
*(Date Appointed)*

DEPT. OF JUSTICE
*(Department or Agency)*

USAO/ND-OK
*(Bureau or Division)*

TULSA, OKLAHOMA
*(Place of Employment)*

I,  CHARLES ANTHONY O'REILLY , do solemnly swear (or affirm) that--

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter.  So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

**(B)(6)**

*(Signature of Appointee)*

Subscribed and sworn (or affirmed) before me this 5th day of JANUARY , 2009

at  TULSA
*(City)*

OKLAHOMA
*(State)*

*(Signature of Officer)*

(SEAL)

Commission expires_____
*(If by a Notary Public, the date of his/her Commission should be shown)*

Administrative Services Specialist
*(Title)*

Note - If the appointee objects to the form of the oath on religious grounds, certain modifications may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable

EXPLANATION OF EXEMPTIONS

**FOIA: TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)       (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)       related solely to the internal personnel rules and practices of an agency;

(b)(3)       specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)       trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)       inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)       personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)       records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)       contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)       geological and geophysical information and data, including maps, concerning wells.

**PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)       information complied in reasonable anticipation of a civil action proceeding;

(j)(2)       material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)       information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)       investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)       material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)       required by statute to be maintained and used solely as statistical records;

(k)(5)       investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)       testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)       material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

E X H I B I T

23

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

(1) LINDSEY KENT SPRINGER,      )
                                    )
      Plaintiff,               )
                                    )
vs.                              )    Case No. 15-CV-142-JED-FHM
                                    )
(1) UNITED STATES ATTORNEY FOR    )
    THE NORTHERN DISTRICT OF      )
    OKLAHOMA, Danny C. Williams, Sr.,  )
    Officially;                 )
(2) UNITED STATES DEP'T OF JUSTICE,  )
    Eric D. Holder, Jr., Officially;     )
(3) EXECUTIVE OFFICE OF UNITED    )
    STATES ATTORNEYS, Susan B.      )
    Gerson, Officially;           )
(4) OFFICE OF INFORMATION POLICY,  )
    Sean R. O'Neill, Officially;      )
(5) DIVISION COUNSEL FOR FOIA AND  )
    PA MATTERS, Carmen M. Banerjee,  )
    Officially,                )
                                    )
      Defendants.           )

## DECLARATION OF LINDA M. RICHARDSON

I,     Linda M. Richardson, declare as follows:

1.    I am currently an Administrative Services Assistant for the Department of Justice,

Executive Office of U.S. Attorneys.

2.    In this capacity, I serve as a liaison to the FOIA/PA staff for the Executive Office

for United States Attorneys ("EOUSA") located in Washington, D.C. EOUSA FOIA/PA staff,

in accordance with 28 C.F.R. § 16.3, processes and responds to FOIA/PA requests for all 94

United States Attorney's Offices ("USAO").

3.    My duties include receiving and reviewing requests made pursuant to FOIA, 5

U.S.C. § 552, and the PA, 5 U.S.C. § 552a, for records maintained by or located in the Electronic

Exhibit 2

Official Personnel Folders (eOPF) system. I am also responsible for conducting searches for records located in Personnel that are responsive to FOIA/PA requests.

4. The statements I make in this declaration are made on the basis of my personal knowledge, review of the official files and records of the EOUSA, and knowledge acquired by me through the performance of my official duties.

5. I am familiar with the procedures followed by EOUSA in conducting searches for records responsive to FOIA/PA requests. Also, I am familiar with the FOIA requests submitted by plaintiff, Lindsey Kent Spencer, (hereinafter referred to as "plaintiff") that were assigned FOIA Request Nos. 2015-01085, 2014-00473, and 2014-00169.

6. The purpose of this declaration is to provide the Court with information regarding my efforts to respond to plaintiff's FOIA requests. This declaration consists of: (1) relevant correspondence related to plaintiff's FOIA request; and (2) an explanation of the search for records responsive to the plaintiff's request.

## I.  CORRESPONDENCE

7. On January 9, 2015, I received by email from EOUSA a copy of FOIA Request No. 2015-01085 dated December 31, 2014 and January 2, 2015. Plaintiff sought to obtain information or documentation related to six individuals - Kenneth P. Snoke, Robert D. Metcalfe, Jeffrey A. Gallant, Charles A. O'Reilly, James C. Strong, and Thomas Scott Woodward. Specifically, plaintiff wanted information showing the authorization for the above-named individuals to represent the United States of America during various periods ranging from January 1, 2007, to January 1, 2015. I respectfully refer the Court to the documents for a true and accurate statement of the FOIA request contents.

2

Exhibit 2

8. On April 23, 2014, I received by email from EOUSA a copy of FOIA Request No. 2014-00473 dated October 9, 2013. Plaintiff sought to obtain information and any documents that pertain to the appointment of Charles A. O'Reilly as a "Special Assistant United States Attorney" during the period between June 1, 2009, and September 10, 2013. I respectfully refer the Court to the documents for a true and accurate statement of the FOIA request contents.

9. On February 4, 2014, I received by email from EOUSA a copy of FOIA Request No. 2014-00169 dated October 9, 2013. Plaintiff sought to obtain "information and any documents pertaining to the appointment of Thomas Scott Woodward as the United States Attorney for the Northern Judicial District of Oklahoma." I respectfully refer the Court to the documents for a true and accurate statement of the FOIA request contents.

## II. ADEQUACY OF THE SEARCH

10. In order to determine whether responsive records existed for the individuals identified in FOIA Request Nos. 2015-01085, 2014-00473, and 2014-00169, I conducted a search of the eOPF. The eOPF provides electronic, web-enabled access for all Federal agency personnel to view and manage employment documents. eOPF includes security measures that ensure the integrity of the system and employee documents in the system.

11. Additionally, I conducted a search of DOJ's Microsoft Outlook Office, Global Address Book, Global Address Listings (GAL). GAL is a database within the Microsoft Exchange Server account that contains the names and email addresses, among other things, of every employee within DOJ.

12. The searches produced records that consist of the following:

   a. Appointment Affidavits of Thomas Scott Woodward dated May 25, 2010

   b. Appointment Affidavits of Jeffrey A. Gallant dated November 17, 2006

3

Exhibit 2

13.    Initially I was unable to locate any information related to Kenneth P. Snoke, Robert D. Metcalfe, Charles A. O'Reilly, and James C. Strong.  The absence of information in the eOPF and GAL indicated to me that the individuals were not employed by the USAO/NDOK at the time of the search.

14.    On July 23, 2015, my office contacted USAO/NDOK staff to determine whether Appointment Affidavits existed for Mr. O'Reilly or any of the other individuals for whom I was unable to locate information.  After searching the records, a staff member from the SAUSA Program located a copy of Mr. O'Reilly's Appointment Affidavits.  Apparently, Mr. O'Reilly was appointed by the U.S. Attorney for NDOK for a limited purpose not to exceed January 5, 2016.  I received a copy of Mr. O'Reilly's Appointment Affidavits from USAO/NDOK on July 23, 2015 and immediately forwarded a copy to EOUSA/FOIA staff.

15.    As previously stated, EOUSA FOIA/PA staff located in Washington, D.C. review, process and make determinations on all requests for access to records located in the 94 United States Attorney's offices in accordance with FOIA, PA and the United States Department of Justice's regulations.  *See* 28 C.F.R. §§ 16.3 *et seq.* and 16.40 *et seq.*

16.    In accordance with that procedure, on February 4, 2014, I electronically scanned the records that had been located at that time into the EOUSA FOIA/PA database system for review by EOUSA FOIA/PA staff.

17.    All systems of records located within eOPF that were likely to contain records responsive to plaintiff's requests have been searched.  The searches were reasonably calculated to uncover all records responsive to plaintiff's requests.

18.    I am not aware of any other locations within EOUSA where any other records that might be responsive to plaintiff's requests are likely to be located.  Furthermore, I am not aware

4

Exhibit 2

of any other method or means by which a further search could be conducted that would likely uncover additional responsive records.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 30th day of July, 2015.

Linda M. Richardson
Administrative Services Assistant
United States Department of Justice
Executive Office for United States Attorneys

5

Exhibit 2

E X H I B I T

24

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff/Respondent | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY KENT SPRINGER | ) | |
| | ) | |
| Defendant/Movant. | ) | |

UNITED STATES' MOTION IN OPPOSITION TO LINDSEY KENT
SPRINGER'S APPLICATION TO SET ASIDE THE JUDGEMENT ENTERED
ON AUGUST 22, 2014 IN SPRINGER'S 28 U.S.C. § 2255 PROCEEDING
BASED UPON TEN FRAUDS UPON THE § 2255 COURT
(DOC. 625, 626 and 627)

The United States of America, by and through its attorneys, R. Trent Shores,

United States Attorney for the Northern District of Oklahoma, Jeffrey Gallant,

Assistant U.S. Attorney, and Charles A. O'Reilly, Special Assistant United States

Attorney, hereby moves to dismiss Mr. Springer's Application to Set Aside the

Judgment Entered on August 22, 2014 in Springer's 28 U.S.C § 2255 Proceeding

Based Upon Ten Frauds Upon the § 2255 Court. Mr. Springer's latest salvo

demonstrates his desire to waste the Court's and government's time and resources

by making frivolous claims for relief to which he is not entitled.

BACKGROUND

The United States incorporates herein by reference the Background section contained in its April 30, 2014 Response in Opposition to Lindsey Kent Springer's Motion for Relief Under 28 U.S.C. § 2255 (Doc. Nos. 472 - 475). Doc. No. 562.

Subsequent to the District Court's August 22, 2014 judgment rejecting all grounds for relief presented by Mr. Springer's motion, Mr. Springer filed a notice of appeal on September 12, 2014. Doc. No. 588. On February 25, 2015, in denying Mr. Springer's attempt to seek a certificate of appealability of the district court's dismissal of the Section 2255 habeas petition, the Tenth Circuit stated:

> We have thoroughly reviewed the appellate record and Appellant's filings on appeal, as well as the applicable legal standards. Having done so, we conclude that reasonable jurists would not debate the correctness of the district court's comprehensive orders disposing of this case. We accordingly DENY Appellant's request for a certificate of appealability and DISMISS the appeal. We DENY Appellant's motion to proceed in forma pauperis on appeal. All other pending motions are likewise DENIED.

By order dated November 29, 2017, this Court dismissed Mr. Springer's October 13, 2015 Motion to Enjoin (Doc. No. 604), treating the motion as "a second or successive petition for habeas relief under 28 U.S.C. § 2255.[1] In Mr. Springer's

---

[1]      Mr. Springer has also sought relief pursuant to Title 28, United States Code Section 2241 in the Western District of Texas. That district court, as well as the Fifth Circuit Court of Appeals, treated this as a successive motion under Section 2255, and found that Mr. Springer failed to establish that "the remedies provided under § 2255 are 'inadequate or ineffective to test the legality of his detention.'" *Springer v. Chapa*, 608 Fed.Appx. 258 (Mem) (5th Cir. 2015).

instant pleadings, he again asks the Court to set aside its Judgment once again asserting that the United States has committed frauds upon the Court.[2]

On January 4, 2018, Mr. Springer filed his 31-page application, accompanied by a 26 page brief and six-page declaration. Doc. Nos. 625, 626 and 627.

## DISCUSSION

Mr. Springer's most recent attempt to undo his conviction, with the exception of a Petition for Writ of Certiorari currently before the United States Supreme Court (see Doc. No. 639), alleges the following "Ten Frauds upon the § 2255 Court":

(1)  Mr. Marella never held the inferior office of DAAGTD;

(2)  O'Reilly never received a letter dated December 23, 2008 that shows O'Reilly received authorization to prosecute Springer pursuant to 28 U.S.C. § 515(a) and 28 CFR §0.13(a);

(3)  O'Reilly never received a letter dated January 5, 2009 that appointed O'Reilly to the Appointments Clause Inferior Office of SAUSA for the NDOK, for a 1-year term, by O'Meilia;

(4)  Congress has not enacted any Federal Statute that directs USA's the Constitutional authority to appoint SAUSAs in their district;

(5)  The term of office of an SAUSA is fixed by the term of the appointing officer terminating O'Reilly's purported term upon the resignation of his appointing officer

(6)  There was no USA for the NDOK, as of January 4, 2010, who then extended O'Reilly's purported January 5, 2009 appointment from O'Meilia, for a 1-year term;

(7)  Woodward never qualified for the Appointments Clause office of Acting USA for the NDOK beginning June 28, 2009 through January 21, 2010 pursuant to 28 U.S.C. §542 and 5 U.S.C. §3345(a) (1);

---

[2]  Mr. Springer has repeatedly asserted that the attorneys representing the United States lacked authority, and the Court has repeatedly found Mr. Springer's "attacks" to be frivolous. See Doc. Nos. 572, 587 and 612.

(8)     O'Reilly never received a letter dated January 4, 2010, explaining his purported appointment as an SAUSA for the NDOK;

(9)     Woodward never received any appointment from the AG on January 21, 2010, pursuant to 28 U.S.C. §546(a), as the NDOK USA for 120 day term; and

(10)    Snoke did not hold appointment as a NDOK AUSA between June 28, 2009 through April 28, 2010.

In support of his motion, Mr. Springer asserts that in response to FOIA requests, he received various representations from EOUSA indicating that they were unable to find records responsive to his FOIA requests. These responses included the following answer to Mr. Springer's inquiry regarding records related to Assistant U.S. Attorney Kenneth Snoke: "Please note. There was [sic] no records located for . . . Kenneth Snoke because they are either no longer employees or were never employed by EOUSA." Defendant/Movant Exhibit 17. The FOIA response is accurate, given that Mr. Snoke retired from government service in 2010[3] – he is no longer an employee of the government, which was part of the response to which Mr. Springer cites. Mr. Springer also cites to his Exhibit 21, asserting that EOUSA responded that "SAUSA Charles A. O'Reilly in (sic) no longer an employee. Therefore, his official personnel file is no longer maintained." Mr. Springer misstates EOUSA's response, which actually provides that "A search for records located in EOUSA - Personnel has revealed no responsive records regarding the above subject. **It appears** that SAUSA Charles A. O'Reilly in no longer an employee." Defendant/Movant Exhibit 21 (emphasis added). EOUSA would not have

---

[3]     Harper, David, "Prosecutor shaped white-collar fraud law," Tulsa World, June 6, 2010. Exhibit 1.

the undersigned's personnel records because the undersigned works for the Department of Justice, Tax Division, which is not under the auspices of EOUSA. Each of Mr. Springer's allegations are both false and irrelevant to Mr. Springer's continued incarceration.

With respect to the ten specific allegations of fraud made by Mr. Springer, John A. Marrella, in his capacity of Deputy Assistant Attorney General, appointed Charles A. O'Reilly to the investigation and prosecution of Lindsey Kent Springer and Oscar Amos Stilley in the Northern District of Oklahoma by letter dated December 23, 2008. Exhibit 2.

By letter dated January 5, 2009, United States Attorney David E. O'Meilia appointed Charles A. O'Reilly to be a Special Assistant United States Attorney for the Northern District of Oklahoma pursuant to Title 28, United States Code Section 543. Exhibit 3. Section 510 of Title 28 authorizes the Attorney General to delegate appointment powers under Section 543, as "Congress expressly gave the Attorney general permission to delegate 'any' of his functions." *United States v. Plesinski*, 912 F.2d 1003, 1037 (9th Cir. 1990). Furthermore, Trial Attorneys of the Department of Justice are authorized to represent the United States in any kind of legal proceeding, including grand jury proceedings, in any judicial district. Title 28, United States Code Section 515(a) and Title 28, Code of Federal Regulations Section 0.13(a).

Section 543 of Title 28 provides that "[t]he Attorney General may appoint attorneys to assist United States attorneys when the public interest so requires

- 5 -

. . . ." Nothing in the statute provides that the resignation of the officer making the appointment terminates the appointment. The United States Attorney for the Northern District of Oklahoma has renewed the appointment of Charles A. O'Reilly each year following the initial appointment on January 5, 2009. Also, as indicated above, Trial Attorneys of the Department of Justice are authorized to represent the United States whether or not they have been appointed to be a Special Assistant United States Attorney.

Acting United States Attorney Thomas Scott Woodward signed Mr. O'Reilly's initial extension appointment on January 4, 2010. Exhibit 4. Contrary to Mr. Springer's frivolous assertion, Mr. Woodward qualified for and served as the Acting United States Attorney, and later United States Attorney, from David O'Meilia's resignation on June 28, 2009, until Danny C. Williams, Sr.'s appointment on August 7, 2012.

Mr. Springer's assertion that United States Danny C. Williams, Sr., Assistant U.S. Attorney Jeffery A. Gallant and the undersigned "fraudulently lied" to this Court regarding their and others' authorization to represent the United States is, as this Court has previously noted in similar contexts, "frivolous." By order dated March 14, 2014, this Court dismissed as procedurally barred Mr. Springer's jurisdictional arguments, including his "[c]hallenges to the authority or jurisdiction of the United States Attorney or any Assistant (or any Acting or Special Assistant) United States Attorneys involved in this prosecution including

Mr. Springer's arguments that without a properly appointed United States Attorney there can be no properly appointed assistants. Doc. 537.

## CONCLUSION

Based upon the foregoing, and the positions articulated in the United States' prior submissions in response to Mr.Springer's allegations of fraud upon the Court with respect to his Section 2255 motion, the United States respectfully requests that this Court deny Mr. Springer's Application to Set Aside the Judgment Entered on August 22, 2014 in Springer's 28 U.S.C § 2255 Proceedings Based upon Ten Frauds Upon the § 2255 Court.

DATED:      April 10, 2018

Respectfully submitted,

R. TRENT SHORES
UNITED STATES ATTORNEY

    /s/ Charles A. O'Reilly
CHARLES A. O'REILLY
California Bar # 160980
Special Assistant United States Attorney
JEFFREY A. GALLANT
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of April 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and also served the foregoing document by United States Postal mail to:

Lindsey Kent Springer
Defendant
FCI Seagoville
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159
Inmate Number 02580-063.

_/s/ Charles A. O'Reilly_
Charles A. O'Reilly
Special Assistant United States Attorney

- 8 -

1

## Bartlett to discuss budget

Mayor Dewey Bartlett will discuss the city of Tulsa's pending budget proposal at the Tulsa Press Club Page One Luncheon on June 21.

A former city councilor and current president and CEO of Keener Oil and Gas Co., he was sworn in as Tulsa's 39th mayor in December.

Bartlett's proposed budget of $555.3 million includes fee increases to generate funds that would allow the city to restore services that have been reduced or eliminated. The City Council must approve a budget before the city begins a new fiscal year on July 1.

The luncheon presentation begins at noon in the Tulsa Press Club inside the Atlas Life Building, 415 S. Boston Ave. Luncheon cost is $15 for members and $20 for nonmembers.

Tickets are available at the Tulsa Press Club, 561-7737, or e-mail mail@tulsa pressclub.com.

— WORLD STAFF REPORTS

### POLITICAL NOTEBOOK

34 seeks re-election: Tim Harris has announced that he will seek a fourth four-year term as Tulsa County district attorney.

Harris, a Republican, indicated that he plans to file formally as a candidate for re-election on Monday.

"Prosecuting crime is my passion," Harris said.

"I will continue to provide public safety through the firm and fair prosecution of criminals," he said. "Tulsa County deserves a proven prosecutor to address the challenges we face, and that is why I am running for re-election."

Legislative candidates: Those recently declaring themselves candidates for area legislative offices include:

• House District 23 incumbent Seneca Scott, a Democrat. Scott won the vacant north Tulsa seat two years ago.

• House District 73 incumbent Jabar Shumate, a Democrat. Shumate has held the north Tulsa seat since 2004.

• Dewey City Manager Nick Brown, a Democrat seeking the House District 10 seat now held by Republican Steve Martin. The mostly rural district includes all of Nowata County and portions of Washington and Osage counties.

Republican Assembly speaker: Corporation Commissioner Dana Murphy and Labor Commissioner candidate Mark Costello will be featured speakers during the Tulsa Republican Assembly meeting at 2 p.m. Tuesday at Furr's Buffet in The Farm Shopping Center.

— WORLD STAFF REPORTS

## Man's body found in river

LUTHER (AP) — Crews recovered the body of a man who jumped into the Deep Fork River in Oklahoma County and didn't resurface.

Luther Fire Chief Brian Martin said Saturday that an Oklahoma City water rescue team found Michael Flach, 28, about 11:15 a.m. near the area where he jumped into the river.

Martin said officials began looking for Flach on Friday, and crews returned about 8 a.m. Saturday.

# Prosecutor shaped white-collar fraud law

BY DAVID HARPER
World Staff Writer



There will be a void at the U.S. Attorney's Office in Tulsa on Monday.

Kenneth Snoke will no longer be working there. Snoke retired last week after 35 years as a federal prosecutor in the Northern District of Oklahoma.

"It's time now," the 68-year-old Snoke said while taking a break from packing up boxes full of memories. "I've planned this for a while."

Though his colleagues knew this day was coming, it doesn't make the departure any easier for them.

"It's mind-boggling how prolific he was as a prosecutor," acting U.S. Attorney Scott Woodward said. "It's staggering to say the least."

Woodward and Snoke has an "encyclopedic recollection of the law" and expressed the belief that Snoke has been involved in more cases that have shaped white-collar fraud law than anyone else in this federal circuit.

Assistant U.S. Attorney Kevin Leitch, who has worked with Snoke for nearly 20 years, said Snoke has "prosecuted every sort of crime I can imagine."

A lot of that versatility was born of necessity. Snoke said that when he first arrived in Tulsa in 1975, he was one of three assistants who handled criminal cases — compared with about 25 now.

A lot of people live their whole lives without getting to do what they really want. Snoke has spent his whole professional life doing exactly what he wanted to do.

A Los Angeles native and Navy veteran, Snoke decided at an early age he would like to be a federal prosecutor. After marrying his wife, Georgia, and moving to Tulsa, he graduated in 1970 from the University of Tulsa law school.

During his last year in law school, he interned in the Tulsa U.S. Attorney's office, helping with research and drafting search warrants.

In February 1971, he became an assistant U.S. attorney in Los Angeles. After a little more than four years, he received word from the people he had impressed in a law student that there was an opening in the Tulsa office. He recalled that he "buddied up" with Georgia and they decided that Tulsa would be a good place to raise their daughters, who were born in California.

In Tulsa, Snoke prosecuted a full array of federal crimes and became the chief of the office's criminal division from 1981 until 2001, when he shifted to the role of senior litigation counsel.

Leitch, who was deputy criminal chief under Snoke from 1997 until 2001, said one of Snoke's impressive traits is that he has continued to study the legal trends in all aspects of the law.

In recent years, Snoke has focused mostly on so-called "white-collar" cases. It's a category that can incorporate everything from multi-

million-dollar fraud and tax prosecutions to something as routine as a stolen asset case.

U.S. Postal Inspector Al Chapa said that no matter the scope of the case, Snoke brought the same intensity and concentration as he learned about the underlying facts.

"He listens to you like it's the first case he's ever worked on," Chapa said before Snoke's final day on the job.

Assistant U.S. Attorney Jeff Gallant said: "He brings such a joy to his work, even after doing it for almost 40 years. It was a pleasure and honor to work with someone like him. I learned from him every time I talked to him."

When told of such compliments about his attitude, Snoke said: "That's what we're supposed to do."

Woodward said that Snoke has kept the same drive even as his retirement approached.

"A lot of people slow down," Woodward said. "If anything, he has accelerated in the past few years."

By his estimation, Snoke has handled more than 100 trials — a remarkable number

in a federal system where a large number of cases result in guilty pleas.

Woodward, a veteran of many trials himself, acknowledged that Snoke's approach in the courtroom may have been a little "unconventional" but was extremely effective.

The story of Snoke searching for an exhibit until a judge told him, "Mr. Snoke, would you please come out from under that table and continue your examination of this witness," is the stuff of courthouse legend.

As he fades into the sunset, the question will be where Snoke will be to see the rain slip below the horizon.

He and Georgia have traveled all over the world. Name a place — Antarctica, for example — and chances are they have been there. Retirement will allow them more time to visit, but he has no plans to do anything in the world of criminal law. "It's time to move on," he said.

David Harper 583-4359
david.harper@tulsaworld.com





Get Everything for Your Backyard Pool or Spa Here
Open 7 days a week
Inground Pools Starting @ $24,999
Backyard Pools & Spas
4404 S. 100th East Pl.
794-7771



SUPER SUMMER SALE
For a limited time EVERY FOUR SEASONS SUNROOM IS 25% - 35% OFF!
Oklahoma's Largest Sunroom Builder
FOUR SEASONS SUNROOMS
We'll make you feel right at home
250-7301

NEW! Hearing Instruments with High Definition Sound
Call today for a RISK FREE trial!
clear2one
838-1000

FOOT PAIN?
Just What The Doctor Ordered!
$20 off
We've helped thousands & we can help you!
8222 E 103rd St #132
(103rd & Memorial)
918-369-4848
FOOT SOLUTIONS




MEMORIAL DAY LEFT OVER SALE
HD TV Headquarters
Sony
FINAL WEEKEND FOR FREE 3D GLASSES
Lowest Prices Guaranteed!
MAJOR CLOSEOUT SALE
Sony 40" 1080p 120HZ Sound bar NOW $799
Sony 40" 1080p NOW $629
Sharp 32" HDTV-LCD NOW $399
Pioneer 60" 1080p KURO NOW $2499
Pioneer 50" PLASMA WAS $2799 NOW $1499
Panasonic 50" PLASMA WAS $1099 NOW $799
Sharp 52" 1080p Built in BluRay LCD NOW $989
Mitsubishi 60" DLP 1080p 6 color NOW $788
LG 55" LED 1080p 240Hz Wireless NOW $1699
Samsung 52" LCD HDTV NOW $1299
Sony DVD Player NOW $39
YAMAHA HOME THEATER 5.1 Surround Sound NOW $349
EXPLORE TULSA
Video Revolution
VIDEO REVOLUTION
496-0686



THURSDAY MATINEE ADDED AT 1PM!
THE WIZARD OF OZ
THE SPECTACULAR NEW NATIONAL TOUR
June 15-20 Tulsa Performing Arts Center
Tickets 596-7111 • MyTicketOffice.com

2



**U. S. Department of Justice**

Tax Division

---

Deputy Assistant Attorney General

Washington, D.C. 20530

December 23, 2008

Charles A. O'Reilly, Esquire
Trial Attorney
U.S. Department of Justice
Tax Division
Western Criminal Enforcement Section
Washington, D.C. 20530

Dear Mr. O'Reilly:

As an attorney for the United States who is employed full time by the Department of Justice and assigned to the Tax Division, you are hereby authorized to represent the United States in any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before United States Magistrate Judges, in the Northern District of Oklahoma or in any other judicial district. You are authorized by the Tax Division to conduct such business on behalf of the United States that United States Attorneys are authorized to conduct, including such matters as filing an information, presenting an indictment, and entering into a plea agreement. This authority is granted pursuant to 28 U.S.C. § 515(a) and 28 CFR § 0.13(a).

You may file a copy of this letter with the Clerk of the District Court as evidence of your authorization to represent the United States.

Sincerely,

JOHN A. MARRELLA
Deputy Assistant Attorney General

cc:   NATHAN J. HOCHMAN
      Assistant Attorney General
      Tax Division

3



U.S. Department of Justice

**DAVID E. O'MEILIA**
*United States Attorney*
*Northern District of Oklahoma*

---

*110 West Seventh Street, Suite 300*          *(918) 382-2700*
*Tulsa, Oklahoma 74119*                       *Fax (918) 560-7938*

January 5, 2009

Charles A. O'Reilly, Trial Attorney
Department of Justice, Tax Division
601 D Street, N.W., Suite 7032
Washington, DC 20530

      RE:   SAUSA Appointment Paperwork

Dear Mr. O'Reilly:

      Pursuant to 28 U.S.C. § 543, effective the date of this letter you are hereby appointed as a Special Assistant United States Attorney for the Northern District of Oklahoma, subject to the following conditions:

1. You are appointed to assist the Office with a DOJ Tax Investigation.

2. The appointment expires on January 5, 2010 unless extended.

3. You will report to and act under the direction of David E. O'Meilia with regard to any matters handled.

4. You understand and agree to serve without compensation other than that which you are now receiving under your existing appointment.

5. This appointment may be terminated at any time without cause or notice.

January 5, 2009
Page 2

6. You must execute and return to the Personnel Staff within 14 days the enclosed Appointment Affidavit containing the oath of office, Statement of Appointment Conditions, and a signed copy of this letter. Your signature in the space provided below acknowledges your agreement to the terms and conditions of this appointment.

Sincerely,

DAVID E. O'MEILIA
UNITED STATES ATTORNEY

Enclosures

The foregoing terms and conditions are hereby agreed to and accepted:

_____
Charles A. O'Reilly

5 January 2009
Date

4



U.S. Department of Justice

**THOMAS SCOTT WOODWARD**
*Acting United States Attorney*
*Northern District of Oklahoma*

110 West Seventh Street, Suite 300          (918) 382-2700
Tulsa, Oklahoma 74119                        Fax (918) 560-7938

January 4, 2010

Charles A. O'Reilly, Trial Attorney
Department of Justice, Tax Division
601 D Street, N.W., Suite 7032
Washington, DC 20530

RE:   SAUSA Extension Paperwork

Dear Mr. O'Reilly:

Your appointment as a Special Assistant United States Attorney for the Northern District of Oklahoma is hereby extended effective the date of this letter, not to exceed January 5, 2011. This extension is subject to the conditions set forth in the original appointment letter. You will continue to serve without compensation. No additional appointment papers are necessary.

Sincerely,

Thomas Scott Woodward
Acting United States Attorney

E X H I B I T

25



**U.S. Department of Justice**

## THOMAS SCOTT WOODWARD
*Acting United States Attorney*
*Northern District of Oklahoma*

*110 West Seventh Street, Suite 300*          *(918) 382-2700*
*Tulsa, Oklahoma 74119*                       *Fax (918) 560-7938*

January 4, 2010

Charles A. O'Reilly, Trial Attorney
Department of Justice, Tax Division
601 D Street, N.W., Suite 7032
Washington, DC 20530

     RE:    SAUSA Extension Paperwork

Dear Mr. O'Reilly:

    Your appointment as a Special Assistant United States Attorney for the Northern District of Oklahoma is hereby extended effective the date of this letter, not to exceed January 5, 2011. This extension is subject to the conditions set forth in the original appointment letter. You will continue to serve without compensation. No additional appointment papers are necessary.

           Sincerely,

           Thomas Scott Woodward
           Acting United States Attorney

E X H I B I T

26

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff/Respondent )
                             )
        v.                   )        Case No.     09-CR-043-SPF
                             )
LINDSEY KENT SPRINGER,       )
                             )
        Defendant/Movant.    )

## UNITED STATES' RESPONSE IN OPPOSITION TO MR. SPRINGER'S MOTION TO STRIKE (DOCKET NUMBER 522)

The United States of America, by and through its attorneys, Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, and Jeffrey Gallant, Assistant United States Attorney, and Charles A. O'Reilly, Special Assistant United States Attorney, hereby responds in opposition to Mr. Springer's fifteen-page Motion to Strike (Doc. No. 522). The pleading Mr. Springer seeks to have stricken, the United States' Preliminary Response Regarding Lindsey Springer's Motion for Relief Under 28 U.S.C. §2255 (Doc. Nos. 472 - 475) Concisely Listing Those Grounds For Relief That Should Be Stricken or Dismissed, is signed by an authorized representative of the United

6

States and complies with the Court's March 15, 2013 Order directing the United States to file a preliminary response (Doc. No. 478).

With respect to the above-capitioned case, the undersigned represented the United States of America during the grand jury investigation, at trial, and during Mr. Springer's appeal from his conviction. Pursuant to Title 28, United States Code Section 515(a) and Title 28, Code of Federal Regulations Section 0.13(a), Deputy Assistant Attorney General John A. Marrella of the United States Department of Justice, Tax Division authorized the undersigned to represent the United States with respect to this investigation and prosecution by letter dated December 23, 2008.

By letter dated January 5, 2009, United States Attorney David E. O'Meilia appointed the undersigned as a Special Assistant United States Attorney for the Northern District of Oklahoma. The United States Attorneys for the Northern District of Oklahoma have extended the undersigned's appointment as a Special Assistant United States Attorney by letters dated January 4, 2010, January 4, 2011, January 10, 2012, and most recently by United States Attorney Danny C. Williams, Sr. in a letter dated December 19, 2012. Mr. Springer's rhetoric does not change the fact that the undersigned has been and remains authorized to represent the United States of America.

Mr. Springer's claim that the Government's Preliminary Response (Doc. No. 518) does not comply with the Court's March 15, 2013 Order (Doc. No. 478) is simply wrong. Mr. Springer states "First, Doc 518 is clearly not signed by an authorized representative